**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim-Plaintiff. | Civil Action No. 1:14-cv-00857-CRC <br><br> **PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF** |

Plaintiffs/Counterclaim-Defendants, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Education Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), as and for their Reply and Affirmative Defenses to the Counterclaim for Declaratory Relief of Defendant/Counterclaim-Plaintiff, Public.Resource.Org, Inc. ("Public Resource" or "Defendant"), responds as follows:

**Definitions**

A.      As used herein, the term "1999 Standards" shall mean the 1999 edition of the *Standards for Educational and Psychological Testing*.

B.      As used herein, the term "1985 Standards" shall mean the 1985 edition of the *Standards for Educational and Psychological Testing*.

**Responses to Counterclaim**

**Introduction**

1.      Plaintiffs admit that Public Resource has posted numerous copyrighted standards

and codes on websites under its dominion and control.  Plaintiffs otherwise lack information sufficient to form a belief as to the remaining allegations contained in paragraph 1 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

2.      Plaintiffs generally admit that federal, state and local governments within the United States promulgate regulations.  Plaintiffs otherwise do not understand what Public Resource means by the term "fundamental component," and therefore deny the remaining allegations contained in paragraph 2 of Public Resource's Counterclaim, leaving Defendant to its proofs.

3.      Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 3 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

4.      Plaintiffs deny the allegations contained in paragraph 4 of Public Resource's Counterclaim.

5.      Plaintiffs admit that the Code of Federal Regulations cited by Public Resource in paragraph 5 of Public Resource's Counterclaim state that the 1999 Standards are incorporated by reference within those Code provisions.  Plaintiffs otherwise deny the allegations contained in paragraph 5 of Public Resource's Counterclaim.

6.      Plaintiffs admit that the state code or rule provisions cited by Public Resource in paragraph 6 of Public Resource's Counterclaim state that the 1999 Standards are incorporated by reference within those code provisions.  Plaintiffs otherwise deny the allegations contained in paragraph 5 of Public Resource's Counterclaim.

7.      Plaintiffs admit the allegations contained in paragraph 7 of Public Resource's Counterclaim.

8.     Plaintiffs admit that they own the copyright in the 1999 Standards.  Plaintiffs otherwise do not understand what Public Resource means by the term "privileged relationship," and therefore deny the remaining allegations contained in paragraph 8 of Public Resource's Counterclaim, leaving Defendant to its proofs.

9.     Plaintiffs admit that they own the copyright in the 1999 Standards.  Plaintiffs otherwise do not understand what Public Resource means by the term "privileged relationship," and therefore deny the remaining allegations contained in paragraph 9 of Public Resource's Counterclaim, leaving Defendant to its proofs.

10.     Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Plaintiffs otherwise do not understand what Public Resource means by the term "lawful opportunity," and therefore deny the remaining allegations contained in paragraph 10 of Public Resource's Counterclaim, leaving Defendant to its proofs.

11.     Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Plaintiffs otherwise do not understand what Public Resource means by the term "lawful opportunity," and therefore deny the remaining allegations contained in paragraph 11 of Public Resource's Counterclaim, leaving Defendant to its proofs.

12.     Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Plaintiffs otherwise do not understand what Public Resource means by the term "lawful opportunity," and therefore deny the remaining allegations contained in paragraph 12 of Public Resource's Counterclaim, leaving Defendant to its proofs.

13.     Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Plaintiffs otherwise do not understand what Public Resource means by the terms "lawful opportunity," "certain activities," and "gatekeepers," and therefore deny the remaining allegations contained in paragraph 13 of Public Resource's Counterclaim, leaving Defendant to its proofs.

14.     Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*. – including the right to set the conditions under which the public may use the 1999 Standards consistent with the rights afforded by the U.S. Copyright Act.  Plaintiffs otherwise do not understand what Public Resource means by the terms "have access" and "gain certain rights," and therefore deny the remaining allegations contained in paragraph 14 of Public Resource's Counterclaim, leaving Defendant to its proofs.

15.     The allegations contained in paragraph 15 of Public Resource's Counterclaim are legal conclusions to which no response is required.  Plaintiffs otherwise do not understand what Public Resource means by the term "content of law" and therefore deny the remaining allegations contained in paragraph 15 of Public Resource's Counterclaim, leaving Defendant to its proofs.  By way of further answer, Plaintiffs provide the public with access to the 1999 Standards, such that no action by Public Resource is required to provide the public with access to the 1999 Standards.

16.     The allegations contained in paragraph 16 of Public Resource's Counterclaim are legal conclusions to which no response is required.  Plaintiffs otherwise do not understand what Public Resource means by the term "content of law" and therefore deny the remaining

allegations contained in paragraph 16 of Public Resource's Counterclaim, leaving Defendant to its proofs. By way of further answer, Plaintiffs provide the public with access to the 1999 Standards, such that no action by Public Resource is required to provide the public with access to the 1999 Standards.

17. The allegations contained in paragraph 17 of Public Resource's Counterclaim are legal conclusions to which no response is required.  By way of further answer, Plaintiffs admit that, as owner of the copyright in the 1999 Standards, they are endowed with the benefits and privileges of copyright protection to that work under the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq*.

18. Plaintiffs admit the allegations contained in paragraph 18 of Public Resource's Counterclaim.

19. Plaintiffs admit that U.S. copyright law gives Plaintiffs the power to determine the conditions under which Public Resource and others may access, reproduce, publish, translate, reformat or annotate the Standards, or enable others to do so.  Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 19 of Public Resource's Counterclaim.

### Parties

20. Upon information and belief, Plaintiffs admit the allegations contained in paragraph 20 of Public Resource's Counterclaim.

21. Plaintiffs admit the allegations contained in paragraph 21 of Public Resource's Counterclaim.

22. Plaintiffs admit the allegations contained in paragraph 22 of Public Resource's Counterclaim.

23. Plaintiffs admit the allegations contained in paragraph 23 of Public Resource's

Counterclaim.

**Jurisdiction and Venue**

24.     Plaintiffs admit that Public Resource's Counterclaim purports to seek declaratory relief pursuant to 28 U.S.C. § 2201 and 17 U.S.C. §§ 101 *et seq.*, and admits that the Court has subject matter jurisdiction over the Counterclaim.   Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 24 of Public Resource's Counterclaim.

25.     Plaintiffs admit that AERA and APA maintain offices in Washington, D.C., that all of the Plaintiffs transact business in this District, and that the Court has personal jurisdiction over each of the Plaintiffs.   Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 25 of Public Resource's Counterclaim.

26.     Plaintiffs admit that they have submitted to the Court's jurisdiction over each of them for purposes of this case by filing their Complaint against Public Resource in this Court. Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 26 of Public Resource's Counterclaim.

27.     Plaintiffs admit that venue is proper in this Court, that AERA and APA maintain offices in Washington, D.C., and that Plaintiffs filed their Complaint against Public Resource in this Court.   Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 27 of Public Resource's Counterclaim.

**Facts**

**I.     Public Resource's Operations**

28.     Plaintiffs admit that Public Resource is a California not-for-profit corporation. Plaintiffs otherwise lack information sufficient to form a belief as to the allegations contained in paragraph 28 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to

its proofs.

29.     Plaintiffs lack information sufficient to form a belief as to the allegations concerning Public Resource contained in paragraph 29 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.  Plaintiffs otherwise admit the allegations contained in paragraph 29 of Public Resource's Counterclaim.

30.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 30 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

31.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 31 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

32.     Plaintiffs admit the allegations contained in paragraph 32 of Public Resource's Counterclaim.

33.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 33 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

34.     Plaintiffs do not understand what Public Resource means by the term "hosts standards" and therefore deny the allegations contained in paragraph 34 of Public Resource's Counterclaim, leaving Defendant to its proofs.

35.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 35 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

36.     Plaintiffs lack information sufficient to form a belief as to the allegations

contained in paragraph 36 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

37.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 37 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

38.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 38 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

39.     Plaintiffs deny the allegations contained in paragraph 39 of Public Resource's Counterclaim.

40.     Plaintiffs deny the allegations contained in paragraph 40 of Public Resource's Counterclaim.

41.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 41 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

42.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 42 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

43.     Plaintiffs admit the allegations contained in paragraph 43 of Public Resource's Counterclaim.

44.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 44 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

II.   **Plaintiffs' Operations**

45.   Plaintiffs admit the allegations contained in paragraph 45 of Public Resource's Counterclaim.

46.   Plaintiffs admit the allegations contained in paragraph 46 of Public Resource's Counterclaim.

47.   Plaintiffs admit the allegations contained in paragraph 47 of Public Resource's Counterclaim.

48.   Plaintiffs admit that their development of the 1999 Standards reduces duplication of effort for test writers.   Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 48 of Public Resource's Counterclaim.

49.   Plaintiffs admit the allegations contained in paragraph 49 of Public Resource's Counterclaim.

50.   Plaintiffs admit the allegations contained in paragraph 50 of Public Resource's Counterclaim.

51.   Plaintiffs admit the allegations contained in paragraph 51 of Public Resource's Counterclaim.

52.   Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 52 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

53.   Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 52 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

54.   Plaintiffs admit that they update the *Standards for Educational and Psychological*

*Testing* periodically.  Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 54 of Public Resource's Counterclaim.

55.     Plaintiffs admit that Public Resource published the entirety of the 1999 Standards to Public Resource's https://law.resource.org website.  Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 55 of Public Resource's Counterclaim.

56.     Plaintiffs admit that the U.S. Department of Education has referenced the 1999 Standards in Title 34 of the U.S. Code of Federal Regulations.  Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 56 of Public Resource's Counterclaim.

57.     Plaintiffs admit the allegations contained in paragraph 57 of Public Resource's Counterclaim.

58.     Plaintiffs do not understand what Public Resource means by the phrase "is not incorporated into federal regulations," and therefore deny the allegations contained in paragraph 58 of Public Resource's Counterclaim, leaving Defendant to its proofs.

59.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 59 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

60.     Plaintiffs deny the allegations contained in paragraph 60 of Public Resource's Counterclaim.

61.     Plaintiffs admit the allegations contained in paragraph 61 of Public Resource's Counterclaim.

62.     Plaintiffs admit the allegations contained in paragraph 62 of Public Resource's Counterclaim.

63.     Plaintiffs admit the allegations contained in paragraph 63 of Public Resource's

Counterclaim.

64.     Plaintiff AERA admits the allegations contained in paragraph 64 of Public Resource's Counterclaim.

65.     Plaintiff APA admits the allegations contained in paragraph 65 of Public Resource's Counterclaim.

66.     Plaintiff NCME admits the allegations contained in paragraph 66 of Public Resource's Counterclaim.

67.     Plaintiffs admit that the Federal Register Notice cited by Public Resource in paragraph 67 of Public Resource's Counterclaim state that the 1985 Standards, as amended June 2, 1989, were incorporated by reference into certain Sections of the Code of Federal Regulations. Plaintiffs otherwise deny the allegations contained in paragraph 67 of Public Resource's Counterclaim.

68.     Plaintiffs deny the allegations contained in paragraph 68 of Public Resource's Counterclaim.

69.     Plaintiff AERA admits that it was aware, prior to the filing of this action, that the 1999 Standards were referenced by the U.S. Department of Education in Title 34 of the U.S. Code of Federal Regulations.   Except as specifically admitted, Plaintiff AERA denies the allegations contained in paragraph 69 of Public Resource's Counterclaim.

70.     Plaintiff APA admits that it was aware, prior to the filing of this action, that the 1999 Standards were referenced by the U.S. Department of Education in Title 34 of the U.S. Code of Federal Regulations.   Except as specifically admitted, Plaintiff APA denies the allegations contained in paragraph 70 of Public Resource's Counterclaim.

71.     Plaintiff NCME admits that it was aware, prior to the filing of this action, that the

1999 Standards were referenced by the U.S. Department of Education in Title 34 of the U.S. Code of Federal Regulations.   Except as specifically admitted, Plaintiff NCME denies the allegations contained in paragraph 69 of Public Resource's Counterclaim.

72.    Plaintiff AERA admits the allegations contained in paragraph 72 of Public Resource's Counterclaim, but denies that making such a request of any U.S. Government entity is an obligation of AERA in maintaining the enforceability of the copyright in the 1999 Standards.

73.    Plaintiff APA admits the allegations contained in paragraph 73 of Public Resource's Counterclaim, but denies that making such a request of any U.S. Government entity is an obligation of APA in maintaining the enforceability of the copyright in the 1999 Standards.

74.    Plaintiff NCME admits the allegations contained in paragraph 74 of Public Resource's Counterclaim, but denies that making such a request of any U.S. Government entity is an obligation of NCME in maintaining the enforceability of the copyright in the 1999 Standards.

75.    Plaintiff AERA admits that it never requested any U.S. Government entity for compensation if and when the Standards were referenced or mentioned in governmental regulations, but denies that making such a request of any U.S. Government entity is an obligation of AERA in maintaining the enforceability of the copyright in the 1999 Standards.   Plaintiff AERA otherwise the allegations contained in paragraph 75 of Public Resource's Counterclaim.

76.    Plaintiff APA admits that it never requested any U.S. Government entity for compensation if and when the Standards were referenced or mentioned in governmental regulations, but denies that making such a request of any U.S. Government entity is an obligation of APA in maintaining the enforceability of the copyright in the 1999 Standards.   Plaintiff APA

otherwise the allegations contained in paragraph 76 of Public Resource's Counterclaim.

77.     Plaintiff NCME admits that it never requested any U.S. Government entity for compensation if and when the Standards were referenced or mentioned in governmental regulations, but denies that making such a request of any U.S. Government entity is an obligation of NCME in maintaining the enforceability of the copyright in the 1999 Standards.  Plaintiff NCME otherwise the allegations contained in paragraph 77 of Public Resource's Counterclaim.

78.     Plaintiff AERA admits that it never protested to any U.S. Government entity if and when the Standards were referenced or mentioned in governmental regulations.  Plaintiff AERA does not understand what Public Resource means by the phrase "incorporation of any edition … into regulations," and therefore denies the allegations contained in paragraph 78 of Public Resource's Counterclaim as stated, leaving Defendant to its proofs.  Plaintiff AERA generally denies that making a protest to any U.S. Government entity is an obligation of AERA in maintaining the enforceability of the copyright in the 1999 Standards.

79.     Plaintiff APA admits that it never protested to any U.S. Government entity if and when the Standards were referenced or mentioned in governmental regulations.  Plaintiff APA does not understand what Public Resource means by the phrase "incorporation of any edition … into regulations," and therefore denies the allegations contained in paragraph 79 of Public Resource's Counterclaim as stated, leaving Defendant to its proofs.  Plaintiff APA generally denies that making a protest to any U.S. Government entity is an obligation of APA in maintaining the enforceability of the copyright in the 1999 Standards.

80.     Plaintiff NCME admits that it never protested to any U.S. Government entity if and when the Standards were referenced or mentioned in governmental regulations.  Plaintiff NCME does not understand what Public Resource means by the phrase "incorporation of any

edition … into regulations," and therefore denies the allegations contained in paragraph 80 of Public Resource's Counterclaim as stated, leaving Defendant to its proofs. Plaintiff NCME generally denies that making a protest to any U.S. Government entity is an obligation of NCME in maintaining the enforceability of the copyright in the 1999 Standards.

81.     Plaintiffs admit that, at one time, the website located at http://www.teststandards.org contained an article authored by Wayne Camara which stated that the *Standards for Educational and Psychological Testing* have been "referenced in law and cited in Supreme Court and other judicial decisions lending additional authority to the document." However, the teststandards.org website was recently updated and no longer contains the Camara article containing the quoted text in question.

## III.     Standards that the Law (Allegedly) Incorporates

82.     The allegations contained in paragraph 82 of Public Resource's Counterclaim are legal conclusions to which no response is required.

83.     Plaintiffs admit that, at 69 Fed. Reg. 39913 at 39914, col. 1 (July 1, 2004), it states: "[t]o the greatest possible degree, the principles and guidelines developed under this goal must be compatible extensions of the Standards for Educational and Psychological Testing." Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 83 of Public Resource's Counterclaim.

84.     Plaintiffs deny the allegations contained in paragraph 84 of Public Resource's Counterclaim. By way of further answer, the section of the Minn. Admin Rules cited by Public Resource was repealed.

85.     Plaintiffs do not understand what Public Resource means by the phrase "[o]ther regulations, funding opportunities, and Requests for Proposals" and therefore deny the

allegations contained in paragraph 85 of Public Resource's Counterclaim, leaving Defendant to its proofs.

86.      Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 86 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

87.      Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 87 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

88.      Plaintiffs admit that public comments often are solicited during the process of drafting and adopting statutes and regulations. Plaintiffs otherwise lack information sufficient to form a belief as to the allegations contained in paragraph 88 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

89.      Plaintiffs do not understand what Public Resource means by "incorporation of a standard into law," and therefore deny the allegations contained in paragraph 89 of Public Resource's Counterclaim, leaving Defendant to its proofs.

90.      Plaintiffs do not understand what Public Resource means by "the incorporation of a standard," and therefore deny the allegations contained in paragraph 90 of Public Resource's Counterclaim, leaving Defendant to its proofs.

91.      Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 91 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

92.      Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 92 of Public Resource's Counterclaim, and therefore deny same leaving

Defendant to its proofs.

93.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 93 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.  Plaintiffs cannot purport to answer Public Resource's allegations on behalf of the general public or which relate to some amorphous reference to unknown "laws and regulations."

94.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 94 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.  Plaintiffs cannot purport to answer Public Resource's allegations on behalf of the general public regarding their interest in bias (or lack thereof) in standardized testing.

95.    Plaintiffs deny the allegations contained in paragraph 95 of Public Resource's Counterclaim.  By way of further answer, Plaintiffs provide the public with access to the 1999 Standards in other ways not mentioned by Public Resource in paragraph 95.

96.    Plaintiffs admit the allegations contained in paragraph 96 of Public Resource's Counterclaim.

97.    Plaintiffs do not understand what Public Resource means by the phrase "provides access to the contents," and therefore deny the allegations contained in paragraph 97 of Public Resource's Counterclaim leaving Defendant to its proofs. By way of further answer, the unauthorized version of the 1999 Standards published to Public Resource's website was not in electronically searchable format.

98.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 98 of Public Resource's Counterclaim, and therefore deny same leaving

Defendant to its proofs.

99.     Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 99 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

100.     Plaintiffs admit that, in 47 Fed. Reg. 34108 (Aug. 6, 1982), Sec. 51.1(c)(2), it states: incorporation by reference "[i]s not intended to detract from the legal or practical attributes of the system established by the Federal Register Act, the Administrative Procedure Act, the regulations of the Administrative Committee of the Federal Register, and the acts which require publication in the Federal Register."  Except as specifically admitted, Plaintiffs deny the allegations contained in paragraph 100 of Public Resource's Counterclaim.

101.     Plaintiffs do not understand what Public Resource means by the phrase "charges fees for access," and therefore deny the allegations contained in paragraph 101 of Public Resource's Counterclaim, leaving Defendant to its proofs.  By way of further answer, as publisher of record, Plaintiff AERA sells printed copies of the 1999 Standards at retail prices ranging from $35.95 to $49.95 per copy, and distributes the net income from these sales to the three copyright owner organizations (i.e., AERA, APA and NCME).

102.     Plaintiff AERA does not understand what Public Resource means by the phrase "charges fees for access," and therefore deny the allegations contained in paragraph 102 of Public Resource's Counterclaim, leaving Defendant to its proofs.  By way of further answer, as publisher of record, Plaintiff AERA sells printed copies of the 1999 Standards at retail prices ranging from $35.95 to $49.95 per copy, and distributes the net income from these sales to the three copyright owner organizations (i.e., AERA, APA and NCME).

103.     Plaintiffs admit that, Amazon.com is a re-seller and renter of printed copies of the

1999 Standards, for which Amazon.com sets its own prices. Plaintiffs otherwise lack information sufficient to form a belief as to the allegations contained in paragraph 103 of Public Resource's Counterclaim, leaving Defendant to its proofs.

104.    Plaintiffs deny the allegations contained in paragraph 104 of Public Resource's Counterclaim.

105.    Plaintiffs deny the allegations contained in paragraph 105 of Public Resource's Counterclaim.

106.    Plaintiffs deny the allegations contained in paragraph 106 of Public Resource's Counterclaim.

107.    Plaintiffs deny the allegations contained in paragraph 107 of Public Resource's Counterclaim.

108.    Plaintiffs deny the allegations contained in paragraph 108 of Public Resource's Counterclaim.

109.    Plaintiffs deny the allegations contained in paragraph 109 of Public Resource's Counterclaim.

110.    Plaintiffs deny the allegations contained in paragraph 110 of Public Resource's Counterclaim.

111.    Plaintiffs deny the allegations contained in paragraph 111 of Public Resource's Counterclaim.

112.    Plaintiffs deny the allegations contained in paragraph 112 of Public Resource's Counterclaim.

113.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 113 of Public Resource's Counterclaim, and therefore deny same leaving

Defendant to its proofs.

114.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 114 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

115.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 115 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

## COUNT I

**[Declaratory Relief Pursuant to 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act) and Title 17 U.S.C. (Copyright Act of 1976)]**

116.    Plaintiffs repeat and reallege paragraphs 1 through 115 above.

117.    The allegations contained in paragraph 117 of Public Resource's Counterclaim are legal conclusions to which no response is required.

118.    The allegations contained in paragraph 118 of Public Resource's Counterclaim are legal conclusions to which no response is required.  By way of a further answer, no action by Public Resource is necessary to provide the public with the ability to read the 1999 Standards.

119.    The allegations contained in paragraph 119 of Public Resource's Counterclaim are legal conclusions to which no response is required.

120.    The allegations contained in paragraph 120 of Public Resource's Counterclaim are legal conclusions to which no response is required.

121.    The allegations contained in paragraph 121 of Public Resource's Counterclaim are legal conclusions to which no response is required.

122.    The allegations contained in paragraph 122 of Public Resource's Counterclaim are legal conclusions to which no response is required.  By way of a further answer, Plaintiffs

state that OMB Circular A-119 and the October 2, 2013 report of the Office of the Federal Register, National Archives and Records make clear that copyrighted documents do not lose their status and protectable intellectual property through the government action of incorporation by reference.

123.    The allegations contained in paragraph 123 of Public Resource's Counterclaim are legal conclusions to which no response is required.  By way of a further answer, Plaintiffs state that they own the copyright in the 1999 Standards.  Plaintiffs do not lose their copyright protection in the 1999 Standards as a result of incorporation by reference by the government.

124.    The allegations contained in paragraph 124 of Public Resource's Counterclaim are legal conclusions to which no response is required.

125.    The allegations contained in paragraph 125 of Public Resource's Counterclaim are legal conclusions to which no response is required.

126.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 126 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

127.    The allegations contained in the first sentence of paragraph 127 of Public Resource's Counterclaim are legal conclusions to which no response is required.  Plaintiffs admit the allegations contained in the second sentence of paragraph 127 of Public Resource's Counterclaim.  The allegations contained in the third sentence of paragraph 127 of Public Resource's Counterclaim are legal conclusions to which no response is required.  Plaintiffs deny the allegations contained in the fourth sentence of paragraph 127 of Public Resource's Counterclaim.

128.    Plaintiffs deny the allegations contained in paragraph 128 of Public Resource's

Counterclaim.

129.    Plaintiffs deny the allegations contained in paragraph 129 of Public Resource's Counterclaim.

130.    Plaintiffs admit the allegations contained in paragraph 130 of Public Resource's Counterclaim, except deny that Public Resource posted Plaintiffs' 1999 Standard to Defendant's website in a searchable format.

131.    Plaintiffs deny the allegations contained in paragraph 131 of Public Resource's Counterclaim.

132.    Plaintiffs lack information sufficient to form a belief as to the allegations contained in paragraph 132 of Public Resource's Counterclaim, and therefore deny same leaving Defendant to its proofs.

133.    Plaintiffs do not understand what Public Resource means by the term "incorporate into," and therefore deny the allegations contained in paragraph 133 of Public Resource's Counterclaim, leaving Defendant to its proofs.  By way of a further answer, Plaintiffs cannot purport to answer Public Resource's allegations on behalf of what some government(s) or government entity(ies) may or may not do in the future with other versions of the *Standards for Educational and Psychological Testing*.

134.    The allegations contained in the paragraph 134 of Public Resource's Counterclaim are legal conclusions to which no response is required.  By way of a further answer, Plaintiffs do not understand what Public Resource means by the term "incorporated standards," and therefore deny the allegations contained in paragraph 134 of Public Resource's Counterclaim, leaving Defendant to its proofs.

135.    The allegations contained in the paragraph 135 of Public Resource's

Counterclaim are legal conclusions to which no response is required.

136.    Plaintiffs admit the allegations contained in paragraph 136 of Public Resource's Counterclaim.

137.    Plaintiffs deny the allegations contained in paragraph 137 of Public Resource's Counterclaim.

### Affirmative Defenses to Counterclaim

### First Affirmative Defense

138.    Public Resource's counterclaim is barred in whole or in part for failure to state a claim for which relief may be granted.

### Second Affirmative Defense

139.    Public Resource's counterclaim is unnecessary in light of Defendant's denial of liability for Plaintiffs' claim.

### Third Affirmative Defense

140.    Public Resource's counterclaim is redundant of Defendant's affirmative defenses to Plaintiffs' claim.

### Fourth Affirmative Defense

141.    The "unclean hands doctrine" derives from the equitable maxim that "he who comes into equity must come with clean hands."

142.    The unclean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."

143.    The unclean hands doctrine requires that "one seeking relief must have acted fairly and without fraud or deceit as to the controversy at issue."

144.    "Any willful act concerning the cause of action which rightfully can be said to

transgress equitable standards of conduct is sufficient cause for invocation of the [unclean hands] maxim …"

145.    Public Resource willfully published the 1999 Standards to Public Resource's https://law.resource.org website, without legal justification or permission from Plaintiffs to do so.

146.    Public Resource's willful, bad faith infringement and contributory infringement of Plaintiffs' work, the 1999 Standards, transgressed equitable standards of conduct.   Public Resource further acted unfairly and with fraud and deceit as to the controversy presently before the Court.

147.    Public Resource's counterclaim for declaratory relief is therefore barred by the doctrine of unclean hands.

## Fifth Affirmative Defense

148.    Public Resource's counterclaim is inapplicable, in view of Defendant's admission of infringement (*see* ¶ 127 of Defendant's counterclaim).

## Sixth Affirmative Defense

149.    The relief requested in Public Resource's counterclaim is contrary to the public policy of affording adequate and appropriate protection to works that are subject to copyright.

//

//

//

//

//

//

### Seventh Affirmative Defense

150.    Public Resource's counterclaim is not the proper subject of a trial before a jury.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT,LLP

*/s/ Jonathan Hudis*

Dated:   August 21, 2014       By:     Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
 ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
 ASSOCIATION, INC.
NATIONAL COUNCIL ON
 MEASUREMENT IN EDUCATION, INC.

{431384US; 10743116_1.DOCX}

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, the foregoing **PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF** was filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis