**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant. | Civil Action No. 1:14-cv-00857-CRC <br><br> **PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL** |

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), respectfully move this Court to strike Defendant's jury demand. The grounds for this Motion are set forth in the Memorandum of Points and Authorities submitted herewith.

Prior to the filing of this motion, pursuant to LCvR7(m), on July 22, 2014, Plaintiffs' undersigned counsel conferred with Defendant's counsel, Mitch Stoltz, via telephone and e-mail in a good faith effort to determine whether there would be any opposition to the relief sought by Plaintiffs. Defendants will be opposing this motion.

-2-

        Respectfully submitted,

        OBLON, SPIVAK, McCLELLAND,
         MAIER & NEUSTADT, LLP

Dated: <u>August 21, 2014</u>    By:    <u>*/s/ Jonathan Hudis*</u>
        Jonathan Hudis (DC Bar # 418872)
        Kathleen Cooney-Porter (DC Bar # 434526)
        OBLON, SPIVAK, McCLELLAND,
         MAIER & NEUSTADT, LLP
        1940 Duke Street
        Alexandria, VA 22314
        Tel. (703) 413-3000
        Fax (703) 413-2220
        E-Mail jhudis@oblon.com
        E-Mail kcooney-porter@oblon.com

        Attorneys for Plaintiffs

        AMERICAN EDUCATIONAL RESEARCH
         ASSOCIATION, INC.
        AMERICAN PSYCHOLOGICAL
         ASSOCIATION, INC.
        NATIONAL COUNCIL ON
         MEASUREMENT IN EDUCATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, **PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL, and a [PROPOSED] ORDER** were filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.,

                                        */s/ Jonathan Hudis*
                                        Jonathan Hudis

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant. | Civil Action No. 1:14-cv-00857-CRC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL** |

Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
 ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
 ASSOCIATION, INC.
NATIONAL COUNCIL ON
 MEASUREMENT IN EDUCATION, INC.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

I.   BECAUSE NONE OF THE PARTIES SEEK AN AWARD OF MONEY DAMAGES,
     THERE IS NO RIGHT TO A JURY TRIAL ................................................................... 2

CONCLUSION .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Arakawa v. Reagan*, 666 F. Supp. 254 (D.D.C. 1987)..........................................................................2

*Chauffers, Teamsters & Helpers v. Terry*, 494 U.S. 558 (1989) .......................................................2

*Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735 (D.C. Cir. 1995) ...................................................2

*\*Feltner v. Columbia Pictures TV*, 523 U.S. 340 (1998) ...................................................................2

*In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005) ............................................................3

*James v. Pa. Gen. Ins. Co.*, 349 F.2d 228 (D.C. Cir. 1965).................................................................4

*KAO Corp. v. Unilever United States, Inc.*, No. 01-CV-680,
    2003 U.S. Dist. LEXIS 6677 (D. Del. Apr. 17, 2003).........................................................4

*\*Luria v. United States*, 231 U.S. 9 (1913)............................................................................................2

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*,
    299 F.3d 643 (7th Cir. 2002) ................................................................................................3

*\*Parsons v. Bedford*, 28 U.S. 433 (1830)..............................................................................................2

*Resolution Trust Corp. v. Marshall*, 939 F.2d 274 (5th Cir. 1991) ....................................................4

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1983) .........................................4

*Taylor Corp. v. Four Seasons Greeting, LLC*, 403 F.3d 958 (8th Cir. 2005)..............................3, 4

*Tegal Corp. v. Tokyo Elec. Corp.*, 257 F.3d 1331 (Fed. Cir. 2001) ...................................................3

*\*Woodell v. Int'l Bhd. Of Elec. Workers*, 502 U.S. 93 (1991).......................................................2, 3

**Treatises**

MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT (2014) ...................................3

**Other Authorities**

U.S. CONST. amend. VII ........................................................................................................................2

**PRELIMINARY STATEMENT**

Plaintiffs, the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education ("NCME") (collectively, "Plaintiffs"), submit this Memorandum of Points and Authorities in support of Plaintiffs' Motion to Strike Defendant's Jury Demand.

There is no right to a jury trial in this case. Plaintiffs request only equitable, injunctive, relief in their Complaint, and accordingly, did not request a jury trial. Defendant, in its counterclaim for declaratory relief and answer to Plaintiffs' Complaint, requested a jury trial. However, as none of the parties seek money damages in this case, Plaintiffs respectfully request that Defendant's Jury Demand be stricken.

**STATEMENT OF FACTS**

On May 23, 2014, Plaintiffs filed their Complaint (D.I. 1) alleging Defendant's copyright infringement and contributory copyright infringement of Plaintiffs' work entitled "Standards for Educational and Psychological Testing" (the "Standards"). Plaintiffs' Complaint does not seek relief in the form of money damages.

On July 14, 2014, Defendant filed its answer and a counterclaim seeking declaratory relief and requesting a jury trial (D.I. 12). However, Defendant's request for relief does not include a claim for money damages. Defendant seeks only a declaration that it is not liable for copyright infringement or contributory copyright infringement, and an order enjoining Plaintiffs from asserting copyright claims against Defendant in connection with the reproduction or posting of the Standards.

1

**ARGUMENT**

I.     BECAUSE NONE OF THE PARTIES SEEK AN AWARD OF MONEY DAMAGES, THERE IS NO RIGHT TO A JURY TRIAL

There is no right to a trial by jury in cases where only equitable remedies are sought. *Luria v. United States*, 231 U.S. 9, 28 (1913); *see also Parsons v. Bedford*, 28 U.S. 433, 446-47 (1830); *Arakawa v. Reagan*, 666 F. Supp. 254, 259 n. 9 (D.D.C. 1987) (striking plaintiff's request for a jury trial where only equitable claims remained). The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII.

Courts have interpreted "'[s]uits at common law' to refer 'not merely [to] suits, which the *common* law recognized among its old and settled proceedings, but [to] suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *See Feltner v. Columbia Pictures TV*, 523 U.S. 340, 347-48 (1998) (quoting *Parsons*, 28 U.S. at 447) (finding that a request for an award of statutory damages in a copyright infringement action provided the right to a jury trial).

To determine whether an action will resolve legal (as opposed to purely equitable) rights, courts "examine both the nature of the issues involved and the remedy sought." *See Woodell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 97 (1991). "'First, [courts] compare the statutory action to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [courts] examine the remedy sought and determine whether it is legal or equitable in nature.'" *Id*. (citing *Chauffers, Teamsters & Helpers v. Terry*, 494 U.S. 558, 565 (1989)); *see also Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 745 (D.C. Cir. 1995) (using the Supreme Court's two-step inquiry to determine whether plaintiff had a right to a jury

trial). When conducting this analysis, the second inquiry, the nature of the remedy sought, is more important. *See Woodell*, 502 U.S. at 97.

The first prong's historical inquiry is not necessary where, as here, Plaintiffs' suit seeks only equitable relief. Rather, the historical inquiry is used "to determine whether a modern *legal* right has a sufficient analogy to a right enforced by common law courts in the eighteenth century to be enforceable by 'a suit at common law' within the meaning of the Seventh Amendment." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002). However, "[a] suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case." *Id*. at 648. Additionally, the historical inquiry is "not about unsettling the principle that there is no right to a jury trial when the plaintiff is seeking only equitable relief" as "that principle is firm." *Id*. at 649.

In intellectual property actions in particular, there is no right to a jury trial where a plaintiff seeks only equitable relief. *See e.g. Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 969 (8th Cir. 2005) (concluding that the defendant was not entitled to a jury trial where the plaintiff sought a permanent injunction based on copyright infringement); *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) (noting that "if the patentee seeks only equitable relief, the accused infringer has no right to a jury trial"); *Tegal Corp. v. Tokyo Elec. Corp.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001) ("[A] defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction."); 3-12 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.10[A] (2014) ("It is reasonably clear . . . that a plaintiff seeking only remedies determined by the judge—*e.g.*, injection, seizure, fees, and declaratory

3

relief—is not entitled to a trial by jury. That conclusion applies to the copyright sphere as to all others.").

In cases involving claims for declaratory relief, the right to a jury trial depends "on whether the action is simply the counterpart of a suit in equity—that is, whether an action in equity could be maintained if the declaratory judgment were unavailable—or whether the action is merely an inverted lawsuit." *James v. Pa. Gen. Ins. Co.*, 349 F.2d 228, 230 (D.C. Cir. 1965). Moreover, "an alleged infringer has no entitlement to a trial by jury by virtue of pleading counterclaims . . . which are equitable in nature with no attendant right to damages." *KAO Corp. v. Unilever United States, Inc.*, No. 01-CV-680, 2003 U.S. Dist. LEXIS 6677, at *9 (D. Del. Apr. 17, 2003), *aff'd*, 441 F.3d 963 (Fed. Cir. 2006).[1] Accordingly, as Defendant's declaratory relief counterclaim is simply the inverse of Plaintiffs' copyright infringement claims and requests only equitable relief, Defendant has no right to a jury trial.

Moreover, the mere fact that Plaintiffs seek an award of attorneys' fees and costs does not provide Defendant a right to a jury trial. *Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991) ("Since there is no common law right to recover attorneys fees, the Seventh Amendment does not guarantee a trial by jury to determine the amount of reasonable attorneys fees.").

Here, neither party requests an award of money damages. All parties seek only equitable relief. As this action is entirely equitable in nature, Defendant does not have a right to a trial by jury. Additionally, as Plaintiffs chose to seek only equitable remedies, Defendant's counterclaim

---

[1] While *KAO Corp.* was directed to allegations of patent infringement, Courts have recognized that there is "a historic kinship between patent law and copyright law." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 (1983); *see also Taylor*, 403 F.3d at 969 (applying the Federal Circuit's decision in *Tegal* to the copyright action). Therefore, *KAO Corp.* should apply to the copyright and contributory copyright infringement claims that are the subject of the present action.

does not give rise to the right to a jury trial.  Defendant's request for a jury trial therefore should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's jury demand be stricken.

                                               Respectfully submitted,

                                               OBLON, SPIVAK, McCLELLAND,
                                                MAIER & NEUSTADT,LLP

Dated: August 21, 2014    By:    */s/ Jonathan Hudis*
                                                Jonathan Hudis (DC Bar # 418872)
                                                Kathleen Cooney-Porter (DC Bar # 434526)
                                                OBLON, SPIVAK, McCLELLAND,
                                                 MAIER & NEUSTADT, LLP
                                                1940 Duke Street
                                                Alexandria, VA 22314
                                                Tel. (703) 413-3000
                                                Fax (703) 413-2220
                                                E-Mail jhudis@oblon.com
                                                E-Mail kcooney-porter@oblon.com

                                                Attorneys for Plaintiffs

                                                AMERICAN EDUCATIONAL RESEARCH
                                                 ASSOCIATION, INC.
                                                AMERICAN PSYCHOLOGICAL
                                                 ASSOCIATION, INC.
                                                NATIONAL COUNCIL ON
                                                 MEASUREMENT IN EDUCATION, INC.