IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.;<br><br>Plaintiffs-Counterdefendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant-Counterclaimant. | Civil Action No. 1:14-cv-00857-CRC<br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE JURY DEMAND**<br><br>Action Filed:   May 23, 2014 |

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") has a Seventh Amendment right to a jury trial on its declaratory judgment claims. Accordingly, Public Resource opposes Plaintiff-Counterdefendants' motion to strike the jury demand, and requests oral argument.

Plaintiff-Counterdefendants have asked for injunctive relief as well as attorney fees and costs, which they assert are equitable remedies. Public Resource, in turn, has requested declaratory relief. Specifically, Public Resource seeks a declaration that Public Resource is not liable for copyright infringement for copying, publishing, and reformatting the testing standard in which Plaintiff-Counterdefendants claims rights because that standard has been incorporated into U.S. law. Such a declaration would affect Plaintiff-Counterdefendants' right to *any* remedy, legal or equitable. As a result, Public Resource has a right to a jury trial in this case, regardless of how Plaintiff-Counterdefendants have pled their affirmative claims.

The issue here is whether putative copyright holders can defeat the Seventh Amendment rights of a party accused of infringement where that party seeks declaratory relief but the

1

putative rightsholders seek only equitable relief. Precedent provides an answer: given the importance of the right to a jury trial, when one party brings a legal claim and requests a jury, the other party may not thwart that request by bringing only equitable claims. *See, e.g.*, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959); *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 449 (9th Cir. 1939).

Public Resource's declaratory judgment claim is a legal claim. Not only does it depend on questions of fact, but, assuming *arguendo* the facts as pled in the Complaint, Plaintiff-Counterdefendants could also have requested damages, making Public Resource's related declaratory judgment claim a legal one. In addition, though Plaintiff-Counterdefendants' claims for injunctive relief and Public Resource's declaratory judgment claims share some issues of fact and law, the claims are not inverses of one another. Given the existence of an actual controversy, Public Resource's claims may well survive even if Plaintiff-Counterdefendants' claims are dismissed. Because the counterclaims stand on their own, Plaintiff-Counterdefendants' artful pleading cannot deprive Public Resource of its right to a jury trial. The Court should deny Plaintiff-Counterdefendants' motion to strike the jury demand.

## ARGUMENT

The right to a jury trial is one of paramount importance. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres*, 359 U.S. at 501 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

I.  **Public Resource's Declaratory Judgment Claims Are Legal Claims Entitled To Jury Trial.**

The type of claim that would have arisen if the parties' positions were reversed determines the character of a declaratory judgment claim. *Pac. Indem. Co.*, 107 F.2d at 448. Specifically, a declaratory judgment claim is considered legal if, had "the defendant [become] the plaintiff, and vice versa, the issues [were] ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury." *Id.*; *see also James v. Pa. Gen. Ins. Co.*, 349 F.2d 228, 230 (D.C. Cir. 1965); *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 223 (3d Cir. 2009). Here, Plaintiff-Counterdefendants' purported authorship and ownership of the standard at issue, Public Resource's fair use defense, and other foundational issues depend on "[q]uestions of historical fact" that are ordinarily heard by a jury. *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 (2d Cir. 1998), *amended by* 169 F.3d 782 (2d Cir. 1998); *see also Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560, (1985) ("Fair use is a mixed question of law and fact."). In such circumstances, "there is an absolute right to a jury trial" for the declaratory judgment claim. *Pac. Indem. Co.*, 107 F.2d at 448.

Furthermore, contrary to what Plantiff-Counterdefendants assert, Public Resource's claims are not direct inverses of Plaintiff-Counterdefendants' claims. While Plaintiff-Counterdefendants cite to *James v. Pennsylvania General Insurance Co.* for the holding that the nature of a claim depends on "whether the action is simply the counterpart of a suit in equity," 349 F.2d 228, 230 (D.C. Cir. 1965), they misconstrue it. Mem. in support of Motion to Strike Jury Demand 4. The "counterpart" of a declaratory judgment claim is not the opposing party's claims. It is, rather, the equivalent claim that would have been brought before the merger of law and equity. *Id.* at 231 (comparing declaratory judgment claim to the equivalent claim that could be maintained "at common law"). Likewise, the "counterpart" of Public Resource's declaratory

judgment claim is not Plaintiff-Counterdefendants' claim. It is the claim that would have been brought pre-merger. As noted above, this action—which relies on questions of fact and potentially involved money damages—would have gone to a court of law.

At the same time, the nature of Plaintiff-Counterdefendants' claim bolsters the legal character of Public Resource's declaratory judgment claim: where, as here, plaintiffs *could have sought* damages, the defendant's declaratory judgment claim is a legal one. For example, in *Sanofi-Synthelabo v. Apotex, Inc.*, the court held that a jury trial is available for a declaratory judgment claim on non-infringement where the purported patent holder "could choose either to pursue a legal or equitable remedy." No. 02 CIV.2255 (RWS), 2002 WL 1917871, at *4 (S.D.N.Y. Aug. 20, 2002). Although the patent holder chose not to seek damages, the availability of a damages claim made the alleged infringer's declaratory judgment request a legal claim, to which a jury right attached. Conversely, where "there exists no possibility that damages could be awarded" to a patent holder (because the alleged infringement had not yet commenced), a court held the alleged infringer's declaratory judgment claim to be equitable. *Shubin v. U.S. Dist. Court for S. Dist. of Cal., Cent. Div.*, 313 F.2d 250, 251 (9th Cir. 1963). Here, assuming *arguendo* the allegations in their complaint, Plaintiff-Counterdefendants could have sought money damages. *See* Complaint  (ECF No. 1) ¶ 132. As a result, Public Resource's counterclaims for declaratory judgment of non-infringement must be characterized as legal. *See Sanofi-Synthelabo*, 2002 WL 1917871, at *4.[1]

---

[1] Plaintiffs cite *In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005) for the proposition that a rightsholder can deny an alleged infringer the right to a jury trial on a claim for declaratory relief. That opinion, which is not binding on this Court, "is directly contrary to English and succeeding American precedent applying Seventh Amendment principles," and should not be followed here. *Id.* at 1296 (Newman, J, dissenting).

## II. Plaintiff-Counterdefendants' Pleading Should Not Deprive Public Resource of its Seventh Amendment Right.

Where, as here, one party's claims give rise to a Seventh Amendment right to jury trial, an opposing party cannot frustrate that right by artful pleading of its own claims. This is because "the right to jury trial is a constitutional one . . . while no similar requirement protects trials by the court." *Beacon Theaters*, 359 U.S. at 510.

The order of claims cannot determine the right to a jury trial. In *Beacon Theaters*, Fox sued Beacon Theaters, which had accused Fox of violating the Sherman Antitrust Act. Fox sought a declaration that its practices were lawful and requested an injunction against further lawsuits. Beacon Theaters counterclaimed for damages and demanded a jury trial. *Id.* at 503. In affirming a petition for mandamus to require a jury trial, the Supreme Court held that "if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first." *Id.* at 504; *see also Pac. Indem. Co.*, 107 F.2d at 449 ("[P]laintiff, by first bringing suit and thus inverting the parties, could not deprive defendant of his right to a jury. . . . [W]hile the legislature had the power to grant the plaintiff the privilege of himself commencing the suit, it had not the power to give him, and we think did not intend to give him, the privilege of thus depriving defendant of his constitutional right."); *In re Envtl. Ins. Declaratory Judgment Actions*, 149 N.J. 278, 303 (1997) ("By 'beating the plaintiff into court,' the insurer cannot deprive that person of a right to jury trial.").

Moreover, once Plaintiff-Counterdefendants sued, Public Resource had no choice but to bring its declaratory relief claims in the same case. Fed. R. Civ. P. 13(a)(1). Because the two claims must co-exist in one lawsuit, the presence of Plaintiff-Counterdefendants' equitable claims should not alter the character of Public Resource's legal claims.

Finally, if Plaintiff-Counderdefendants' claims are dismissed, Public Resource's claims may well survive, further minimizing the role that Plaintiff-Counterdefendants' pleading should play in determining Public Resource's Seventh Amendment right. The two claims are not mirror images of one another: Unlike Public Resource's claims, Plaintiff-Counterdefendants' claims require a showing of irreparable harm to them, an absence of substantial harm to Public Resource, and that the public interest favors an injunction. *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). If Plaintiff-Counterdefendants' claims are dismissed, they can have no effect on Public Resource's right to a jury trial on its remaining claims. *See In re Evangelist,* 760 F.2d 27, 32 (1st Cir. 1985); *Hildebrand v. Board of Trustees,* 607 F.2d 705, 710 (6th Cir. 1979).

**III.    To Protect Public Resource's Seventh Amendment Right with Respect to its Counterclaims, a Jury Must Try the Issues Of Copyright Validity And Alleged Infringement.**

This case involves both Plaintiff-Counterdefendants' claims for injunction and Public Resource's requests for declaratory relief. The two share certain foundational questions of fact and law, including whether Plaintiff-Counterdefendants hold a valid copyright, whether Plaintiff-Counterdefendants knew of, encouraged, or acquiesced in the incorporation of the testing standard into law, and the facts establishing Public Resource's fair use defense. Public Resource has a Seventh Amendment right to jury trial on all aspects of its declaratory judgment claims, including these determinations. *See Beacon Theatres*, 359 U.S. at 506. Because a bench trial on these issues with respect to Plaintiff-Counterdefendants' infringement claims could determine the outcome of Public Resource's counterclaims by collateral estoppel, the Court should submit

these issues to the jury. *Id.*[2] With respect to Plaintiff-Counterdefendants' claims, the jury's determination can be treated as advisory. *See Dawson v. Contractors Transp. Corp.*, 467 F.2d 727, 730 (D.C. Cir. 1972); *Nat'l Ass'n For Advancement of Colored People (NAACP) v. Acusport Corp.*, 226 F. Supp. 2d 391 (E.D.N.Y. 2002); Fleming James, Jr., *Right to A Jury Trial in Civil Actions*, 72 YALE L.J. 655, 664 (1963) ("There is no reason, apart from history, why sharply disputed issues of fact in [an equitable claim] should not be tried to a jury if that mode of trial is thought preferable.").

## CONCLUSION

For the foregoing reasons, Public Resource is entitled to a jury trial, and the Court should deny Plaintiff-Counterdefendants' motion.

Dated:  September 8, 2014                     Respectfully submitted,

/s/ Mitchell L. Stoltz
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

---

[2] Although Plaintiff-Counterdefendants are not entitled to any remedy in this case, the scope of any hypothetical injunction following a jury's determination of the facts would be determined by the Court. *See Educational Testing Servs. v. Katzman*, 670 F. Supp. 1237 n.2 (D.N.J. 1987); 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.10[A] (2014).

Andrew P. Bridges (admitted)
abridges@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.