**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/Counterclaimant. | Civil Action No. 1:14-cv-00857-CRC<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANT'S JURY DEMAND** |

Plaintiffs/Counterclaim Defendants, the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education ("NCME") (collectively, "Plaintiffs"), submit this Reply Memorandum in further support of their Motion to Strike Defendant/Counterclaimant Public.Resource.Org, Inc.'s ("Defendant's") Jury Demand.

**PRELIMINARY STATEMENT**

All parties in this case only seek equitable relief. Plaintiffs' Complaint solely requests injunctive relief (D.I. 1). Defendant's counterclaim seeks only a declaration that it is not liable for copyright infringement or contributory copyright infringement (D.I. 12). In its opposition brief to Plaintiffs' motion, Defendant readily and repeatedly acknowledges that the parties seek only equitable relief. Opp. at 2, 4, 5 and 6. Under these circumstances, there is no right to a jury trial.

Defendant nonetheless contends that its counterclaim is legal in nature, thus entitling Defendant to demand a jury trial. Defendant's arguments in opposition, however, are couched as

hypotheticals, are not based on the facts of this case, and mischaracterize applicable case law and legal principles.  As Defendant has no right to a jury trial, Plaintiffs respectfully request that their Motion be granted and that Defendant's Jury Demand be stricken.

**ARGUMENT**

I. DEFENDANT'S DECLARATORY JUDGMENT COUNTERCLAIM IS NOT A LEGAL CLAIM

This is a simple copyright infringement action.  Defendant, however, relies on insurance and patent cases that discuss the right to a jury trial in the context of a declaratory judgment claim.  Defendant asserts that these cases stand for the principle that the legal or equitable nature of a declaratory judgment claim is determined by looking at whether Plaintiffs *could have sought legal remedies*.  Opp. at 4.  Defendant then argues that, because Plaintiffs *could have sought damages,* Defendant's declaratory judgment claim is legal in nature.  Opp. at 4.  Defendant, however, misapplies and mischaracterizes the cases it relies upon to support this proposition.  Accordingly, Defendant's hypothetical arguments are unpersuasive.

Defendant relies on *Pacific Indemnity Co. v. McDonald*, 107 F.2d 446 (9th Cir. 1939) to argue that its counterclaim is legal in nature.  This, says Defendant, is because the character of a declaratory judgment claim is determined based on the "[t]he type of claim that *would have arisen* if the parties' positions were reversed." Opp. at 3 (emphasis added).

In *Pacific Indemnity*, an insurance company sought a declaration that it was not liable for injuries caused in a car accident by its insured, McDonald.  Brune was the injured passenger in McDonald's car.  The insurance company brought its declaratory judgment action against McDonald and Brune, asserting that they had colluded to falsify the cause of the accident and thereby defraud the insurer.  *Pac. Indem.*, 107 F.2d at 447.  In her answer, Brune demanded a jury trial, which the trial court denied in view of an objection raised by the insurer.  *Id*.  On

appeal, the Ninth Circuit held that Brune had a right to a jury trial because, had she brought her claim against the insurance company for payment on the liability policy, her suit for money damages would have been tried at law. *Id*. at 448. Before this Court, however, all parties' claims sound in equity. Defendant's reliance on *Pacific Indemnity*, therefore, is misplaced.

Defendant also improperly cites another insurance case, *James v. Pennsylvania General Insurance Co.*, 349 F.2d 228 (D.C. Cir. 1965). Defendant relies on this case in asserting that the "counterpart" of a declaratory judgment claim is "the equivalent claim that would have been brought before the merger of law and equity" and that because the present action could have "potentially involved money damages," Defendant's counterclaim is legal and not the counterpart of a suit in equity. Opp. at 3-4.

The D.C. Circuit in *James* assessed whether the insured, James, had a right to a jury trial where the insurance company's action sought a declaration that it was not liable for payment on the insurance policy. *James*, 349 F.2d at 230. The D.C. Circuit found that James *might* have had a right to a jury trial because, 1) had he filed first, his case would have been a legal action to recover on the automobile liability insurance policy, and 2) the insurance company would have been able to adequately present its defense that James had fraudulently renewed the liability policy. *Id*. at 231-32.

Neither *Pacific Indemnity* nor *James* is relevant to the present action. Here, Plaintiffs initiated their action seeking only injunctive relief. Defendant's counterclaim seeks only declaratory relief. Unlike in *Pacific Indemnity* and *James*, Plaintiffs could have asserted, and did assert, their copyright infringement and contributory infringement claims against Defendant seeking only equitable relief. Accordingly, Defendant's counterclaim is a counterpart of Plaintiffs' suit sounding in equity – for which no right to a jury trial is afforded.

Defendant also mischaracterizes a patent case, *Sanofi-Syntehlabo v. Apotex, Inc.*, No. 02-cv-2255, 2002 U.S. Dist. LEXIS 15345 (S.D.N.Y. Aug. 20, 2002), which it claims stands for the proposition that "a jury trial is available for a declaratory judgment claim on non-infringement where the purported patent holder could choose either to pursue a legal or equitable remedy." Opp. at 4 (internal quotation omitted). In *Sanofi*, the alleged infringer, Apotex, had not yet sold its allegedly infringing product; but rather had only notified the FDA of its intention to do so. *Id.* at *3-4. Thus, the patent owner, Sanofi, could not assert a claim for money damages. *Id*. at *20. Rather, Sanofi had no choice but to seek only an injunction, an equitable remedy, and therefore had no right to a jury trial. *Id*.

*Sanofi* does not stand for the principle that there is a right to a jury trial whenever a patent holder can choose between bringing a claim at law or in equity. The court in *Sanofi* acknowledged that, while a patent owner can typically choose whether to pursue legal or equitable remedies, there is no right to a jury trial if the patent owner seeks only equitable remedies. *Id*. at *11 (discussing the Federal Circuit's reasoning in *In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995), *vacated sub nom. Am. Airlines, Inc. v. Lockwood*, 515 U.S. 1182 (1995) that the patent holder's choice of remedy was the deciding factor in whether a jury trial is available).

Defendant's opposition brief, Opp. at 4, also asserts that "[a]lthough the patent holder chose not to seek damages, the availability of a damages claim made the alleged infringer's declaratory judgment request a legal claim, to which a jury right attached." Defendant provides no support for this statement. While Defendant's statement follows its discussion of *Sanofi*, the court's analysis in *Sanofi* revolved around the fact that a damages claim was not available. *Sanofi* clearly does not support Defendant's statement. Thus, Defendant misconstrues the facts and holding of *Sanofi* in order to support its arguments.

Defendant's opposition brief, Opp. at 3, further contends that the issues of copyright ownership and fair use give rise to a jury trial. Defendant, however, mischaracterizes the two cases it relies on for this argument, both of which are irrelevant to the present facts. Neither *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106 (2d Cir. 1998) nor *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985) supports Defendant's proposition that it has a right to a jury trial because the issues in this case "depend on questions of historical fact that are ordinarily heard by a jury." Opp. at 3 (internal citations omitted).

In *Langman Fabrics*, the court determined whether, under the work-for-hire doctrine, the plaintiff Langman Fabrics was the copyright owner of the fabric design which formed the basis for the lawsuit. *Langman Fabrics*, 160 F.3d at 111. *Langman Fabrics* did not involve any claims or counterclaims for declaratory relief, and at no point in its opinion did the Second Circuit state that copyright ownership is a legal issue which would support the right to a jury demand. In fact, at least one court has held that the issue of copyright ownership does not give rise to a jury trial when the parties seek only equitable remedies. *Taylor Corp. v. Four Season Greetings, LLC*, 403 F.3d 958, 968-69 (8th Cir. 2005) (holding that there was no right to a jury during either the liability or ownership phase of a copyright infringement trial, where the copyright holder sought only a permanent injunction).

Similarly, *Harper & Row Publishers* did not involve a declaratory judgment counterclaim and in its opinion the Supreme Court did not address the issue of the right to a jury trial.[1] *Harper & Row Publishers*, 471 U.S. at 541-42, 560 (determining whether verbatim copying from a public figure's manuscript constituted fair use). Neither *Langman Fabrics* nor *Harper & Row*

[1] In prior proceedings, the district court judge found that the use of the copyrighted material constituted copyright infringement after a six-day bench trial. *Harper & Row Publishers*, 471 U.S. at 560.

*Publishers* supports the proposition that issues of copyright ownership and fair use are legal in nature, giving rise to the right of a jury trial.

Further, Defendant raises the issues of copyright ownership and fair use as affirmative defenses. Affirmative defenses, however, do not give an accused infringer the right to a jury trial where the intellectual property owner seeks only equitable relief. *Tegal Corp. v. Tokyo Elec. Am., Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001) (stating that where the only remedy sought by the patent owner is an injunction, the accused infringer has no right to a jury trial if all it asserts is affirmative defenses and no counterclaims).

The cases Defendant relies upon fail to support its argument that its counterclaim for declaratory judgment of non-infringement is legal in nature and thus provides Defendant with the right to a jury trial. Plaintiffs, asserting claims for copyright infringement and contributory infringement, seek only equitable relief. Defendant, therefore, has no right to a jury trial.

## II. DEFENDANT HAS NO RIGHT TO A JURY TRIAL BECAUSE OF THE EQUITABLE NATURE OF THE PARTIES' CLAIMS, NOT BECAUSE OF THE FILING ORDER OF THE PARTIES' CLAIMS

Plaintiffs rely on the equitable nature of their claims and Defendant's counterclaim, not on the filing order of the parties' claims, to support their argument that Defendant does not have a right to a jury trial. In Defendant's opposition brief, Opp. at 5, it urges that the party who sues first cannot deprive the opposing party of its right to a jury trial, a general proposition with which Plaintiffs do not disagree. However, none of the cases Defendant cites are relevant to the present dispute. Plaintiffs' Motion to Strike Defendant's Jury Demand is not based on the order in which the parties' claims were filed.

For example, Defendant relies on *Beacon Theatres v. Westover*, 359 U.S. 500 (1959), an antitrust case, to support its filing order argument. The court in *Beacon Theatres* held that a

defendant who asserted legal counterclaims against the plaintiff who initiated the declaratory judgment action had a right to a jury trial. *Beacon Theatres*, 359 U.S. at 504. *Beacon Theatres* does not apply here, however, because it was the legal nature of the defendant's counterclaims, which included a request for treble damages under the antitrust laws, which gave the defendant the right to a jury trial. In the present action, on the other hand, Defendant's counterclaim is not legal in nature. Defendant requests only declaratory relief. None of the parties request monetary damages.

Similarly, Defendant cites *Pacific Indemnity*, *supra.*, 107 F.2d at 449, Opp. at 5, to support its filing order argument. However, as discussed above, *Pacific Indemnity* is not instructive here because Plaintiffs had the option to, and did, seek only equitable relief in asserting their copyright infringement and contributory copyright infringement claims.

It is not, as Defendant contends, Opp. at 5, Plaintiffs' "artful pleading" or the fact that Plaintiffs initiated this action before Defendant filed its declaratory judgment counterclaim which precludes Defendant from demanding a jury trial.[2] Rather, Defendant has no right to a jury trial because all parties to this action seek only equitable relief. As no party asserts a legal claim and the only remedies sought are equitable in nature, there is no right to a jury trial. *Luria v. United States*, 231 U.S. 9, 27-28 (1913); *see also Parsons v. Bedford*, 28 U.S. 433, 446-47 (1830).

//

//

//

[2] Even if the parties' roles were reversed, there would be no right to a jury trial. If Defendant had filed its declaratory judgment claim first and both parties requested the same relief as in the present case, there still would be no legal claims. As all of the claims would be equitable in nature, there would be no right to a jury trial.

**CONCLUSION**

Plaintiffs seek only equitable relief in this case. Defendant's counterclaim seeks only declaratory relief. No party requests money damages. As the relief sought in this action is entirely equitable in nature, there is no right to a jury trial. Plaintiffs therefore respectfully request that Defendant's Jury Demand be stricken.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT,LLP

Dated: September 18, 2014

By: */s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
ASSOCIATION, INC.
NATIONAL COUNCIL ON
MEASUREMENT IN EDUCATION, INC.

{431384US, 10929803_1.DOCX}

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2014, **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANT'S JURY DEMAND** was filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis