**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | ) ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) |
| v. | ) ) |
| PUBLIC.RESOURCE.ORG, INC., | ) ) |
| Defendant/Counterclaimant. | ) ) ) |

Civil Action No. 1:14-cv-00857-TSC

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY, PRIVILEGE LOG, AND FURTHER INITIAL DISCLOSURES**

**ORAL ARGUMENT REQUESTED**

Plaintiffs/Counterclaim Defendants, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), respectfully move for an Order pursuant to Fed. R. Civ. P. 37(a)(3)(A) and (B), compelling Defendant/Counterclaimant, Public.Resource.Org, Inc. ("Public Resource"), to:

- Supplement its responses to Plaintiffs' Interrogatories Nos. 5–8;

- Produce materials identified in its responses to Plaintiffs' Interrogatories Nos. 1, 3, and 5–7;

- Supplement its responses to Plaintiffs' Production Requests Nos. 6–7, and 9;

- Produce materials responsive to Plaintiffs' Production Requests Nos. 1–9;

- Produce a privilege log specifically identifying materials being withheld on privilege grounds, and the reasons therefor;

- Supplement its responses to Plaintiffs' Admission Requests Nos. 3, 6, 7, and 8;

- Supplement its Initial Disclosures required under Fed. R. Civ. P. 26(a)(1)(a)(ii).

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL</u>

Plaintiffs served their First Set of Interrogatories, First Production Requests, and First Admission Requests (collectively, "Plaintiffs' Discovery Requests") on Public Resource on October 1, 2014.  (Hudis Decl., ¶¶ 4–6, Exhs. A–C).  Public Resource served its Interrogatory Responses, Production Responses (but no documents) and Admission Responses (collectively, "Public Resource's Discovery Responses") on November 3, 2014 (Hudis Decl., ¶¶ 7–9, Exhs. D-F).

Despite the passage of nearly two and half months and repeated follow-up efforts, Public Resource has not produced a single document or committed to a firm date by which any responsive materials will be produced.  Public Resource also has not expressed a firm commitment to supplement the identified deficiencies in Public Resource's Discovery Responses, or to cure the noted infirmities in Public Resource's Initial Disclosures, by a date-certain.  Plaintiffs are thus left with no option but to seek the assistance of this Court.

**Good Faith Efforts to Resolve Discovery**
**<u>Disputes Prior to the Filing of this Motion</u>**

Prior to filing this motion, pursuant to LCvR7(m), Plaintiffs made numerous good faith efforts to resolve the deficiencies in Public Resource's Discovery Responses.  On November 10, 2014, one week after receiving Public Resource's Discovery Responses, Plaintiffs sent a letter to Public Resource concerning insufficiencies in the Responses (Hudis Decl., ¶ 11, Exh. H).  Public Resource responded on November 13, 2014 (Hudis Decl., ¶ 12, Exh. I).  On November 14, 2014, Plaintiffs sent a reply to Public Resource identifying outstanding discovery issues remaining unresolved  (Hudis Decl., ¶ 13, Exh. J).

On November 14, 2014, Public Resource served its Initial Disclosures (Hudis Decl., ¶ 10, Exh. G).  On November 18, 2014, Plaintiffs wrote to Public Resource identifying the

insufficiencies with Defendant's Initial Disclosures (Hudis Decl., ¶ 14, Exh. K).   Public Resource replied to Plaintiffs November 14th and November 18th letters on November 19, 2014 (Hudis Decl., ¶ 15, Exh. L)  The parties held a telephone conference the following day to discuss the disputed issues regarding the identified deficiencies in Public Resource's Discovery Responses and Public Resource's Initial Disclosures.

During the parties' November 20, 2014 teleconference, Plaintiffs' undersigned counsel conferred with Public Resource's counsel, Andrew Bridges, in a good faith effort to determine whether there would be opposition to the relief sought by Plaintiffs.   Areas of disagreement remain, and thus Public Resource will be opposing this motion.

On November 21, 2014, Plaintiffs sent Public Resource a letter summarizing Plaintiffs' understanding of the outstanding discovery following the parties November 20th telephone conference (Hudis Decl., ¶ 17, Exh. M).  Public Resource responded to this letter on November 24, 2014, acknowledging the parties' disagreement as to some of the discovery disputes and agreeing to "provide amended written discovery responses" if the parties came to a firm agreement on definitions for the terms "accessed," "viewed," and "downloaded" (discussed below), which were previously in dispute (Hudis Decl., ¶ 18, Exh. N).  Plaintiffs promptly responded on November 25, 2014, agreeing to Public Resource's proposed definitions of "accessed," "viewed," and "downloaded" (Hudis Decl., ¶ 19, Exh. O.).  However, the parties' dispute regarding the definition of the term "published" remains unresolved.

As of the filing of this motion, Public Resource has not supplemented any of its Discovery Responses or Initial Disclosures, or produced any responsive materials.

## FACTUAL BACKGROUND

Plaintiffs allege that Public Resource has infringed upon and has contributed to the infringement of their copyrighted work, the 1999 edition of the "Standards for Educational and

Psychological Testing" (the "Standards").  Without permission, Public Resource created a digital reproduction of the Standards in its entirety, posted the digital copy of the Standards on Public Resource's public website, and also posted the Standards on the website of the Internet Archive a/k/a Archive.org, thus encouraging others to copy, distribute, and create derivative works from the Standards.  Plaintiffs seek injunctive relief, costs and attorneys' fees under the Copyright Act, 17 U.S.C. §§ 106, 502 and 505.  Public Resource denies that Plaintiffs hold copyright in the Standards, because governments allegedly have incorporated the Standards into law.  Public Resource also asserts affirmative defenses to Plaintiffs' claims, and asserts a counterclaim for declaratory relief of non-infringement.

## ARGUMENT

I.   **PUBLIC RESOURCE'S GENERAL DISCOVERY OBJECTIONS ARE IMPROPER, AND SHOULD THEREFORE RESULT IN A WAIVER OF THOSE OBJECTIONS**

Preceding each of Public Resource's Discovery Responses are several pages of so-called "General Objections."  These asserted "General Objections" are non-specific, in that they do not uniquely reference the specific discovery requests, or portions thereof, which Public Resource believes are problematic.  The "General Objections" are then "incorporated by reference," in scattershot fashion, into each and every discovery request without identifying the specific infirmity(ies) of the discovery request(s).  Plaintiffs informed Public Resource that its General Objections were improper in multiple items of correspondence (Hudis Decl., ¶¶ 11, 13, 17, Exhs. H, J, M).  Public Resource, however, asserts that its General Objections are appropriate (Hudis Decl., ¶ 15, Exh. L).

Courts "will not consider 'boilerplate' objections like this."  *Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002).  "General objections are not useful to the court ruling on a discovery motion.  Nor does a general objection fulfill [a party's] … burden to explain its objections."

*Chubb Integrated Sys. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984).  "[T]he party resisting discovery must explain and support its objections."  *In re Vitamins Antitrust Litig.*, No. 99-197, 2002 U.S. Dist. LEXIS 25813, at *27 (D.D.C. Aug. 6, 2002).

"[S]tandard, boilerplate 'general objections' … which include[] blanket objections … do not comply with [the Federal Rules of Civil Procedure] and courts disfavor them."  *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998), *aff'd in part, rev'd in part and remanded on other gnds.*, 351 F.3d 1166 (D.C. Cir. 2003).  In short, discovery objections must be asserted with specificity as to each discovery question posed, and the failure to do so results in a waiver of the objections.  *Id.*, at 191.

Therefore, unless Public Resource asserted an objection or objections specifically identifying the alleged drawback(s) of each discovery request, Plaintiffs' respectfully request that the Court find Public Resource's so-called General Objections to have been waived.

## II.     SPECIFIC DISCOVERY REQUESTS TO WHICH PUBLIC RESOURCE SHOULD BE DIRECTED TO RESPOND

### A.     Public Resource Should Be Directed to Supplement Its Response to Plaintiffs' Interrogatory No. 5

INTERROGATORY NO. 5 (Emphasis Added):

> Identify and describe, by month and year starting from the date that the 1999 Standards were first posted on or published to a Public Resource Website or Public Resource Websites, the number of visitors who **viewed and/or accessed** the 1999 Standards on that website or those websites.

(Hudis Decl., ¶ 4, Exh. A.)

RESPONSE TO INTERROGATORY NO. 5 (Emphasis Added):

> Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  **Public Resource objects to this interrogatory and to the term "viewed and/or**

> **accessed" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed."** Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.
>
> Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that exist within its possession, custody, and control from which the response to this interrogatory may be derived.

(Hudis Decl., ¶ 7, Exh. D).

On November 10, 2014, Plaintiffs wrote to Public Resource concerning its splitting of hairs over the terms "viewed" and "accessed," which are common terms found in dictionaries and also regularly used to describe an Internet user's interaction with a website or web page. (Hudis Decl., ¶ 11, Exh. H). After a telephone conference on November 20, 2014 (Hudis Decl., ¶ 16), Plaintiffs believed the parties were in agreement that the terms "viewed" and "accessed" were being used synonymously in Interrogatory No. 5 and that Public Resource would consider modifying its response. Plaintiffs wrote to Public Resource confirming this agreement. (Hudis Decl., ¶ 17, Exh. M).

In response, Public Resource provided specific definitions of the terms "accessed" and "viewed," and suggested that "the parties agree to read Interrogatory No. 5 as 'viewed *or* accessed'" (Hudis Decl., ¶ 18, Exh. N). Public Resource also noted that if the parties came "to a firm agreement on the definitions of [the terms viewed and accessed], Public Resource [could] provide amended written discovery responses based on these definitions in the next couple of weeks" (Hudis Decl., ¶ 18, Exh. N). Plaintiffs agreed to the proposed definitions by letter the next day, November 25, 2014 (Hudis Decl., ¶ 19, Exh. O).

As of the filing of this motion, more than "a couple of weeks" have passed, and Public Resource has not provided a supplemental response to Interrogatory No. 5. Public Resource therefore should be directed to supplement its response to Interrogatory No. 5.

**B.      Public Resource Should be Directed to Supplement Its Responses to Discovery Requests Including the Word "Downloaded" or "Downloading"**

Public Resource objected to the term "downloaded" as being "vague and ambiguous" in its responses to Plaintiffs' Interrogatory No. 6 and Admission Request No. 6. Public Resource objected to the term "downloading" as being "vague and ambiguous" in its responses to Plaintiffs' Interrogatory No. 7 and Admission Requests Nos. 7–8.

INTERROGATORY NO. 6 (Emphasis Added):

> Identify the number of times the 1999 Standards were **downloaded** from a Public Resource Website or Public Resources Websites, and identify the particular Public Resource Website(s) from which the 1999 Standards were downloaded.

(Hudis Decl., ¶ 4, Exh. A).

RESPONSE TO INTERROGATORY NO. 6 (Emphasis Added):

> Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. **Public Resource objects to this interrogatory and to the term "downloaded" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "downloaded" means "viewed."** Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.
>
> Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that exist within its possession, custody, and control from which the response to this interrogatory may be derived.

(Hudis Decl., ¶ 7, Exh. D).

INTERROGATORY NO. 7 (Emphasis Added):

Identify and describe all instances of which you are aware in which a third party, after **downloading** the 1999 Standards from a Public Resource Website, posted the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

(Hudis Decl., ¶ 4, Exh. A).

RESPONSE TO INTERROGATORY NO. 7 (Emphasis Added):

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  **Public Resource objects to this interrogatory and to the term "downloading" as vague and ambiguous.**  Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, Public Resource responds that it is not aware of any information responsive to this interrogatory.  Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

(Hudis Decl., ¶ 7, Exh. D).

REQUEST FOR ADMISSION NO. 6 (Emphasis Added):

Admit that visitors to a Public Resource Website have **downloaded** the 1999 Standards from that website.

(Hudis Decl., ¶ 6, Exh. C).

RESPONSE TO REQUEST FOR ADMISSION NO. 6 (EMPHASIS ADDED):

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge.  **Public Resource objects to this request and to the term "downloaded" as vague and ambiguous.**  To the extent Plaintiffs use

"download" to mean intentionally saved as a file on a visitor's computer, Public Resource lacks knowledge as to whether visitors (other than counsel and the parties for the purposes of this litigation) engaged in such conduct.

Subject to and without waiving the foregoing objections, Public Resource admits that visitors to Public Resource's website have accessed the 1999 Standard.

(Hudis Decl., ¶ 9, Exh. F).

REQUEST FOR ADMISSION NO. 7 (Emphasis Added):

Admit that Public Resource is aware that third parties, after **downloading** the 1999 Standards from a Public Resource Website, have posted the 1999 Standards online to one or more websites other than a Public Resource Website.

(Hudis Decl., ¶ 6, Exh. C).

RESPONSE TO REQUEST FOR ADMISSION NO. 7 (Emphasis Added):

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge.  **Public Resource objects to this request and to the term "downloading" as vague and ambiguous.**

Subject to and without waiving the foregoing objections, Public Resource denies the request.

(Hudis Decl., ¶ 9, Exh. F).

REQUEST FOR ADMISSION NO. 8 (Emphasis Added):

Admit that Public Resource is aware that third parties, after **downloading** the 1999 Standards from a Public Resource Website, have published the 1999 Standards online on one or more websites other than a Public Resource Website.

(Hudis Decl., ¶ 6, Exh. C).

RESPONSE TO REQUEST FOR ADMISSION NO. 8 (Emphasis Added):

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this request because it is argumentative. Public Resource objects to this request as outside the scope of discovery to

the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. **Public Resource objects to this request and to the term "downloading" as vague and ambiguous.** Subject to and without waiving the foregoing objections, Public Resource denies the request.

(Hudis Decl., ¶ 9, Exh. F).

Public Resource's objections to the terms "downloaded" and "downloading," common terms used to describe the act of copying data and/or data files from one computer system to another, typically over the Internet, are unreasonable. Plaintiffs expressed this to Public Resource in their correspondence of November 10, 2014 (Hudis Decl., ¶ 11, Exh. H) and November 14, 2014 (Hudis Decl., ¶ 13, Exh. J), to which Public Resource responded on November 13, 2014 (Hudis Decl., ¶ 12, Exh. I) and November 19, 2014 (Hudis Decl., ¶ 14, Exh. L), respectively. However, no resolution was achieved.

The parties again discussed this issue during their November 20, 2014 telephone conference, after which Plaintiffs believed the parties were in agreement as to the definition of "download" (Hudis Decl., ¶ 16). Plaintiffs sent Public Resource a letter confirming the parties' agreement (Hudis Decl., ¶ 17, Exh. M). In a response letter dated November 24, 2014, Public Resource provided a specific definition of the term "downloaded" and noted that "[i]f the [parties] can come to a firm agreement on the definitions of [the term download], Public Resource can provide amended written discovery responses based on [this] definition[] in the next couple of weeks" (Hudis Decl., ¶ 18, Exh. N). Plaintiffs agreed to the proposed definition by letter the next day, on November 25, 2014 (Hudis Decl., ¶ 19, Exh. O).

As of the filing of this motion, more than "a couple of weeks" have passed and Public Resource has not provided a supplemental response to Interrogatories Nos. 6–7 or Admission Requests Nos. 6–8. Accordingly, Public Resource should be directed to supplement its responses to Interrogatories Nos. 6 and 7 and Admission Requests Nos. 6–8.

**C.     Public Resource Should be Directed to Supplement Its Response to Request for Admission No. 3**

REQUEST FOR ADMISSION NO. 2 (Emphasis Added):

Admit that Public Resource **posted** the 1999 Standards, in their entirety, to a Public Resource website.

(Hudis Decl., ¶ 6, Exh. C.)

RESPONSE TO REQUEST FOR ADMISSION NO. 2 (Emphasis Added):

Public Resource incorporates its general objections as if fully set forth here.

Subject to and without waiving the foregoing objections, **Public Resource admits that it posted the 1999 Standard in its entirety to a Public Resource website** upon learning that the 1999 Standard had been incorporated by reference into law in its entirety.  Public Resource denies the remainder of the request.

(Hudis Decl., ¶ 9, Exh. F.)

REQUEST FOR ADMISSION NO. 3 (Emphasis Added):

Admit that Public Resource **published** the 1999 Standards, in their entirety, on a Public Resource Website.

(Hudis Decl., ¶ 6, Exh. C.)

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Public Resource incorporates its general objections as if fully set forth here.  Public Resource denies the request.

(Hudis Decl., ¶ 9, Exh. F.)

On November 10, 2014, Plaintiffs wrote to Public Resource requesting that it supplement the response to Plaintiffs' Admission Request No. 3.  (Hudis Decl., ¶ 11, Exh. H.)  Plaintiffs noted the only difference between Admission Request No. 2, to which Public Resource admitted, and Admission Request No. 3 is the use of "posted" in the former versus "published" in the latter.  (Hudis Decl., ¶ 11, Exh. H).

In its reply of November 13, 2014, Public Resource stated that "'[t]o publish' has a specific legal meaning under copyright law[,]" that "Public Resource need not provide a legal analysis of the term 'publication,' and thus it refused to provide a further response to Plaintiffs' Request for Admission No. 3 (Hudis Decl., ¶ 12, Exh. I).   Plaintiffs requested that Public Resource reconsider its position in their letters to Public Resource on November 14, 2014 and November 21, 2014, and in the parties' November 20, 2014 telephone conference.  (Hudis Decl. ¶¶ 13, 16, 17, Exhs. J, M).  The parties, however, remain in disagreement regarding the meaning of the term "publish."

If Plaintiffs wanted to limit the term "publish" to the copyright definition they would have done so.  Nonetheless, 17 U.S.C. § 101 defines "publication" as "the **distribution of copies** or phonorecords **of a work to the public** by sale or other transfer of ownership, or by rental, lease, or lending" (Emphasis Added).  This definition is nearly identical to that contained in the Merriam-Webster dictionary, which defines "publish" as "to disseminate to the public" (Hudis Decl., ¶ 21, Exh. Q)  Both of these definitions encompass posting information on a publicly available website.  Plaintiffs additionally note that Carl Malamud, Public Resource's President and CEO, acknowledged Public Resource's "publication" of the Standards in a December 19, 2013 letter to John Neikirk, Director of Publications for Plaintiff AERA  (Hudis Decl., ¶ 20, Exh. P).

Further, the Merriam-Webster dictionary includes "to publish" as a definition of the verb "post" (Hudis Decl., ¶ 22, Exh. R).  As discussed above, in Admission Request No. 2, Public Resource admitted "that it posted the 1999 Standard in its entirety to a Public Resource website." (Hudis Decl., ¶ 9, Exh. F, Emphasis Added).  As the term "publish" recited in Admission Request No. 3 is not limited to the copyright definition, and is nearly identical to "post" in

meaning, Plaintiffs request that Public Resource be directed to supplement its response to Admission Request No. 3.

### D. Public Resource Should be Directed to Supplement Its Responses Regarding the Factual and Legal Bases of Its Affirmative and Other Defenses

Interrogatory No. 8 and Production Request No. 9 relate to the factual and legal basis of each Affirmative and Other Defenses to Plaintiffs' Complaint asserted in Public Resource's Counterclaim and Answer.

INTERROGATORY NO. 8:

> State the factual and legal basis of each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

(Hudis Decl., ¶ 4, Exh. A).

RESPONSE TO INTERROGATORY NO. 8:

> Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory to the extent it seeks disclosure of information that falls under the work product doctrine. Public Resource objects to this interrogatory because it is argumentative. Public Resource objects to this interrogatory because it seeks information that is publicly available, already known, or equally available to Plaintiffs. Public Resource objects to this interrogatory as it seeks "factual and legal basis" at an early stage of the litigation.

(Hudis Decl., ¶ 7, Exh. D).

REQUEST FOR PRODUCTION NO. 9:

> Produce those documents, things and/or items of ESI supporting and/or disputing each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

(Hudis Decl., ¶ 5, Exh. B).

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9:</u>

> Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive, and unduly burdensome. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects that the request is compound, complex, and unintelligible. Public Resource objects to this request as unreasonably duplicative of each and every other request.

> Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request, except to the extent such documents are responsive to other requests.

(Hudis Decl., ¶ 8, Exh. E).

There simply is no reason, and none of Public Resources asserted objections justify, why Defendant refuses to answer Interrogatory No. 8 or respond to Production Request No. 9. Plaintiffs' multiple letters to Public Resource made this point clear (Hudis Decl., ¶¶ 11, 13, 17, Exhs. H, J, M). Public Resource, however, refuses to respond to Plaintiffs' Interrogatory No. 8 or Production Request No. 9  (Hudis Decl., ¶¶ 12, 15, Exhs. I, L).

When Public Resource filed its Answer, Counterclaim, and Affirmative Defenses to Plaintiffs' Complaint, it was required to have a good faith basis under Fed. R. Civ. P. 11 for asserting each Affirmative and Other Defense contained therein. Accordingly, Public Resource should be directed to respond to Plaintiffs' Interrogatory No. 8 and Production Request No. 9 – providing support for the assertion of Defendant's asserted Affirmative and other Defenses.

### E.     Public Resource Should Be Directed to Supplement its Responses to Production Requests Nos. 6 and 7 and Produce the Identified Documents

Public Resource's responses to Production Requests Nos. 6 and 7 are unintelligible.

REQUEST FOR PRODUCTION NO. 6 (Emphasis Added):

> Produce those documents, things and/or items of ESI showing the number of times the 1999 Standards were downloaded from a Public Resource Website.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 6 (Emphasis Added):

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it.  Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.
>
> Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999 Standard was downloaded from the Public.Resource.Org website.  **Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total downloads from the Internet Archive are likewise not visible either.**

(Hudis Decl., ¶ 8, Exh. E).

REQUEST FOR PRODUCTION NO. 7:

> Produce those documents, things and/or items of ESI showing the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 7 (Emphasis Added):

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it.  Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

> Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999 Standard was viewed on or accessed from the Public.Resource.Org website.  **Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total views from the Internet Archive are likewise not visible either.**

(Hudis Decl., ¶ 8, Exh. E.)

In their correspondence of November 10, 2014 and November 14, 2014, Plaintiffs informed Public Resource that its responses to Production Requests Nos. 6 and 7 were unintelligible (Hudis Decl., ¶¶ 11, 13, Exhs. H, J).  After the parties' telephone conference of November 20, 2014, Plaintiffs understood that Public Resource would consider modifying or supplementing its responses to these production requests (Hudis Decl., ¶ 17, Exh. M).

As of the filing of this motion, Public Resource has not provided supplemental responses to Production Requests Nos. 6 or 7.  Additionally, Public Resource has not produced the report identified in its responses to Production Requests Nos. 6 and 7.  Accordingly, Public Resource should be directed to i) supplement its responses to Production Requests Nos. 6 and 7, and ii) produce the report identified in its responses to Production Requests Nos. 6 and 7.

F.    **Public Resource Should Be Directed to Produce All Documents Identified In Its Responses to Production Requests 1, 3–5, and 8**

REQUEST FOR PRODUCTION NO. 1:

> Produce each document, thing and/or item of ESI that is identified in Public Resource's answers to Plaintiffs' First Set of Interrogatories.

(Hudis Decl., ¶ 5, Exh. B.)

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to this request as unreasonably duplicative of other requests.

> Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to interrogatories in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

(Hudis Decl., ¶ 8, Exh. E).

Expressly or by implication, Public Resource identified potentially responsive documents in responding to Plaintiffs' Interrogatories Nos. 1-3, 5-7 (Hudis Decl., ¶ 7, Exh. D).

REQUEST FOR PRODUCTION NO. 3:

> Produce those documents, things and/or items of ESI regarding Public Resource obtaining a printed version or versions of the 1999 Standards.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other

applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource obtaining a printed version or versions of the 1999 Standard, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

(Hudis Decl., ¶ 8, Exh. E).

REQUEST FOR PRODUCTION NO. 4:

Produce those documents, things and/or items of ESI regarding Public Resource digitizing or converting a paper version of the 1999 Standards to digital format.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects to this request as unreasonably duplicative of other requests. Public Resource objects that the request is compound, complex, and unintelligible.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource digitizing or converting a paper version of the 1999 Standard to digital format, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

(Hudis Decl., ¶ 8, Exh. E).

REQUEST FOR PRODUCTION NO. 5:

Produce those documents, things and/or items of ESI regarding Public
Resource posting or publishing the 1999 Standards to a Public Resource
Website.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Public Resource incorporates here each of the General Objections.  Public
Resource objects to the request as overbroad and unduly burdensome,
including to the extent it is not limited to a reasonable time period or
scope.   Public Resource objects to the request it seeks information
protected by the attorney-client privilege, attorney work product doctrine,
or any other applicable privileges or protections.  Public Resource objects
to the request as oppressive and unduly burdensome to the extent that it
seeks documents that are equally available to Plaintiffs from public
sources, including but not limited the Public Resource Website and the
Internet Archive Website.  Public Resource objects to the request to the
extent it purports to require production of documents not in Public
Resource's possession, custody, or control.

Subject to, and without waiving, the foregoing objections, Public Resource
responds as follows: Public Resource will produce responsive, non-
privileged documents that refer to Public Resource posting or publishing
the 1999 Standard to a Public Resource Website, including the archived
version of the Public Resource Website available on the Internet Archive
Website, to the extent such documents exist and can be located after a
reasonable search for documents in Public Resource's possession, custody,
or control.

(Hudis Decl., ¶ 8, Exh. E).

REQUEST FOR PRODUCTION NO. 8:

Produce those documents, things and/or items of ESI regarding any
instance of which you are aware in which a third party, after **downloading**
the 1999 Standards from a Public Resource Website, posted or published
the 1999 Standards online to a website other than a Public Resource
Website, made further reproductions of the 1999 Standards, or created
derivative works based on the 1999 Standards.

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections.  Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the request to the extent that it assumes facts or legal conclusions not yet adjudicated.

> Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to instances in which a third party, after downloading the 1999 Standard from a Public Resource Website, posted or published the 1999 Standard elsewhere online or created a derivative work, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

(Hudis Decl., ¶ 8, Exh. E).

Plaintiffs served their Discovery Requests on Public Resource on October 1, 2014. (Hudis Decl., ¶¶ 4–6, Exhs. A–C.)  Despite the passage of nearly two and half months and repeated follow-up efforts, however, Public Resource has not produced a single document or committed to a date by which documents will be produced.  Public Resource has not provided any justification regarding its failure to produce the documents identified in response to Production Request Nos. 1, 3–5, and 8.

Instead, Public Resource simply states that it will produce documents on "a rolling basis as it identifies responsive and nonprivileged documents" (Hudis Decl., ¶¶ 12, 15, Exhs. I, L). Public Resource to date has not provided any discovery documents, and Plaintiffs have no idea when responsive materials will be produced.  Additionally, the March 15, 2015 close of fact discovery is rapidly approaching (Hudis Decl., ¶ 3.)  Accordingly, Plaintiffs request that Public

Resource be directed to produce the documents identified in response to Production Request

Nos. 1, 3–5, and 8 by a date-certain.

**III.      PUBLIC RESOURCE SHOULD BE DIRECTED TO SUPPLEMENT ITS INITIAL DISCLOSURES REQUIRED UNDER FED. R. CIV. P. 26(a)(1)(A)(ii) AND PRODUCE DOCUMENTS IDENTIFIED IN ITS INITIAL DISCLOSURES**

Public Resource identified in its Initial Disclosures the following categories of documents

that it may use to support its claims or defenses:

1.      Requests for Information and Notices of Proposed Rulemaking by the Office of Management and Budget and the Office of the Federal Register regarding incorporation by reference, communications with the Office of the Federal Register and the National Archives and Records on the question of incorporation by reference, communications and prepared statements for Pipeline and Hazardous Safety Administration workshop regarding incorporation by reference;

2.      Documents reporting on or memorializing the standard development and/or lobbying activities of Plaintiff Organizations;

3.      Documents relating to Public Resource's income and finances;

4.      Document relating to Public Resource's processes for posting standards that various jurisdictions have incorporated into law; and

5.      Documents relating to Public Resource's fair use of the 1999 Standard.

(Hudis Decl., ¶ 10, Exh. G).

Public Resource's categories of documents are unduly broad, lack specificity and

undermine the purpose of Fed. R. Civ. P. 26(a)(1).   The purpose of the initial disclosure

requirement is to "accelerate the exchange of basic information about the case and to eliminate

the paper work involved in requesting such information."   Fed. R. Civ. P. 26 Advisory

Committee's Note (1993), cited and discussed by, *United States ex rel. Hunt v. Merck-Medco

Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D. Pa. 2004).   The disclosure requirements should

be applied with common sense, "to help focus the attention on the 'discovery that is needed, and

facilitate preparation for trial or settlement.'"   *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F.

App'x 873, 877 (7th Cir. 2011) (quoting the Fed. R. Civ. P. 26 Advisory Committee's Note (1993)).

The Advisory Committee Notes to the 1993 Federal Rules of Civil Procedure amendments specifically comment on the formerly-numbered Fed. R. Civ. P. 26(a)(1)(B) initial disclosure requirement (now codified at Fed. R. Civ. P. 26(a)(1)(A)(ii)).   The Advisory Committee Notes explain that while "an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records . . . sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests."   Fed. R. Civ. P. 26 Advisory Committee's Note (1993).

Public Resource's Initial Disclosures fail to accelerate the exchange of basic information about this case and eliminate the paper work involved in requesting basic information.   Public Resource's identification of potentially relevant documents consists of broad categories of documents that are not specifically tailored to the facts of this case.   This is evidenced, for example, by Public Resource's inclusion of "communications and prepared statements for Pipeline and Hazardous Materials Safety Administration workshop" as a category of documents that Public Resource may rely upon to support its claims or defenses.

Public Resource's broad categories of documents do not provide Plaintiffs with any useful information that would aid in the drafting of discovery requests.   Further, if Plaintiffs served document requests tailored to Public Resource's above-identified categories, Public Resource would likely object to the wording as being overly broad and unduly burdensome.

Plaintiffs requested, by letter dated November 18, 2014, that Public Resource supplement its Initial Disclosures to provide a more specific listing of categories of documents that Public Resource may rely on in this action (Hudis Decl., ¶ 14, Exh. K).  In its response, Public Resource disagreed with Plaintiffs' characterization of Public Resource's Initial Disclosures (Hudis Decl., ¶ 15, Exh. L).   The parties discussed Public Resource's Initial Disclosures during their November 20, 2014 telephone conference.  Unfortunately, the parties did not reach an agreement on the adequacy of Public Resource's Initial Disclosures.

Plaintiffs also note that their Production Request No. 2 requires Public Resource to:

REQUEST FOR PRODUCTION NO. 2:

> Produce each document, thing and/or item of ESI that is identified in Public Resource's Mandatory Disclosures pursuant to Fed.R.Civ.P.26(a)(1).

(Hudis Decl., ¶ 5, Exh. B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

> Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to this request as unreasonably duplicative of other requests.

> Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to Rule 26(a) initial disclosures in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

(Hudis Decl., ¶ 8, Exh. E).

As of the filing of this motion, no responsive documents have been produced. Accordingly, Plaintiffs request that Public Resource be directed to amend its Initial Disclosures and produce the materials identified in response to Production Request No. 2.

## IV.   PUBLIC RESOURCE SHOULD BE ORDERED TO PRODUCE A PRIVILEGE LOG

In its responses to Plaintiffs' Interrogatories and Production Requests, Public Resource, in a rather vague and unclear fashion, appears to have asserted unspecified "privilege(s)" as grounds for incomplete answers to Plaintiffs' Interrogatories Nos. 5-7, and withholding unspecified documents in responding to Plaintiffs' Production Requests Nos. 1-8.  Plaintiffs brought the requirement of a privilege log to the attention of Public Resource's counsel in its correspondence of November 10, 2014 (Hudis Decl., ¶ 11, Exh. H).  In its response, Public Resource stated that it "plans on producing a privilege log as it identifies privileged documents" (Hudis Decl., ¶ 12, Exh. I.)  Public Resource also proposed, and Plaintiffs agreed to, omitting from the parties' respective privilege logs any communications the parties have had with counsel of record commencing after the filing of Plaintiff's Complaint (Hudis Decl., ¶¶ 12, 13 Exhs. I, J). As of the filing of this motion, however, Public Resource has yet to produce a privilege log.

"A general objection to a request for production of documents on the basis of privilege is insufficient.  (citations omitted).  There must be a description of the documents tailored to that assertion."  *Dage v. Leavitt*, No. 04-0221, 2005 U.S. Dist. LEXIS 17958, at *6-*7 (D.D.C. Aug. 18, 2005).  "This is best accomplished in the production of a privilege log."  *Id*., at *7.  "[A] 'privilege log' … has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts; [and] the general objection that, for example, a request for production of documents calls for the production of documents which are privileged is condemned as insufficient."  *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999).

Providing such a log also is a means of compliance with Fed. R. Civ. P. 26(b)(5). *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10-11 (D.D.C. 2005), and a failure to do so can result in a waiver of the various privileges as grounds for non-production. *Dage v. Leavitt*, 2005 U.S. Dist. LEXIS 17958, at *8.

Public Resource has not produced any privilege log or provided Plaintiffs with a firm date by which it would produce such a log. Accordingly, Plaintiffs respectfully request that the Court direct Public Resource to produce a privilege log specifically identifying materials being withheld on privilege grounds, and the reasons therefor.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT,LLP

Dated:   December 12, 2014      By:   */s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
 ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
 ASSOCIATION, INC.
NATIONAL COUNCIL ON
 MEASUREMENT IN EDUCATION, INC.

JH/KCP/KDC/kdc {431184US, 11377934_1.DOCX}

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 12, 2014, **PLAINTIFFS' MOTION TO COMPEL DISCOVERY, PRIVILEGE LOG, AND FURTHER INITIAL DISCLOSURES, HUDIS DECLARATION** in support, and a **PROPOSED ORDER** were filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
corynne@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis