# EXHIBIT I

Case No. 1:14-cv-00857-TSC

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

November 13, 2014

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

**VIA E-MAIL**

Jonathan Hudis
Kathleen Cooney-Porter
OBLON SPIVAK McCLELLAND MAIER &
NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
jhudis@oblon.com
kcooney-porter@oblon.com

    Re:    *American Education Research Association, Inc., et al. v. Public.Resource.Org, Inc.*, Case No.: 1:14-cv-00857-TSC (D.D.C.)

Dear Jonathan and Kathleen:

I respond to your letter of November 10, 2014.

### 1. Public Resource's Privilege Objections

Public Resource plans on producing a privilege log as it identifies privileged documents. For efficiency, Public Resource proposes that both parties omit from the privilege logs any communications with counsel of record from after the filing of the complaint. Please let us know if Plaintiffs agree to this proposal.

### 2. Public Resource's Responses to Interrogatories 1, 5, 6, and Requests for Production 1, 2, 3, 4, 5, 6, and 7

Public Resource plans on producing documents on a rolling basis as it identifies responsive and nonprivileged documents. If Plaintiffs would like us to prioritize production of particular documents, such as the invoice, we can discuss specifics on our call.

### 3. Public Resource's Responses to Interrogatory 7 and Request for Production 8

Public Resource is currently unaware of any responsive documents, but Public Resource will produce nonprivileged responsive documents if it locates any.

### 4. Public Resource's Responses to Interrogatory 8 and Request for Production 9

Jonathan Hudis
Kathleen Cooney Porter
November 13, 2014
Page 2

Public Resource reiterates its objections to these requests, and it believes no further response is necessary at this stage of the litigation.

### 5. **Difference between "post" and "publish"**

Plaintiffs appear to take the position that "posting" has an identical meaning to "publishing." Public Resource disagrees. "To publish" has a specific legal meaning under copyright law. Section 101 of Title 17 defines "publication" as "the distribution of copies or phone records of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," or an offer to make such a distribution. Public Resource need not provide a legal analysis of the term "publication," and thus it will not provide further responses to Requests for Admission 2 and 3.

### 6. **Difference between "viewed" and "downloaded"**

Plaintiffs contend that Public Resource wrongly treats "viewed" and "downloaded" as equivalent. In your letter, you provided a definition for the term "download" ("the act of copying data and/or data files from one computer system to another, typically over the Internet") which was not in the written discovery requests. This definition does not elucidate the difference between "viewed" and "downloaded," as we assumed the requests' use of "viewed" referred to electronic access (as opposed to viewing in person a physical copy).

Technologically, there is no difference between your definition of "downloaded" and "accessed electronically." To the extent that Plaintiffs are seeking a count of instances where a third party purposefully saved the 1999 standards onto its machine for future access, for example, by selecting "Save As" in a web browser—perhaps a more common definition of "download"—Public Resource does not have access to, or the ability to determine, this type of information. Public Resource has access to a record of how many times a particular URL was accessed covering a time period from before this litigation began until Public Resource replaced the document at issue at Plaintiffs' request, but it has no further information on what third parties did (or did not do) with the file after the access.

We can discuss these matters further in a telephone conference on Thursday, November 20, at 11 am Eastern Time. Please confirm that you are available then.

        Yours very truly,

        FENWICK & WEST LLP

        *s/ Andrew P. Bridges*

        Andrew P. Bridges

APB:mra
5497523.4