# EXHIBIT J

Case No. 1:14-cv-00857-TSC



November 14, 2014
**Via E-Mail**

JONATHAN HUDIS
(703) 412-7047
JHUDIS@OBLON.COM

KATHLEEN COONEY-PORTER
(703) 413-3000
KCOONEY-PORTER@OBLON.COM
*BAR OTHER THAN VIRGINIA

Andrew P. Bridges, Esq.  
Kathleen Lu, Esq.  
FENWICK & WEST LLP  
555 California Street, 112th Fl.  
San Francisco, CA 94104  

Mitchell L. Stoltz, Esq.  
Corynne McSherry, Esq.  
ELECTRONIC FRONTIER  
 FOUNDATION  
815 Eddy Street  
San Francisco, CA 94109  

David Halperin, Esq.  
1530 P Street NW  
Washington, DC 20005  

Re: *American Education Research Association, Inc. et al. v. Public.Resource.Org, Inc.*
Civil Action No.: 1:14-cv-00857-TSC
Our Ref: 431384US-332060-332060-69-L DMS

Counsel:

We respond to your letter of November 13, 2014.

As an initial matter, we note that Public Resource did not address our comments regarding Defendant's non-specific "General Objections," which are "incorporated by reference" into each of Public Resource's interrogatory answers. We take this as a concession that all of Public Resource's objections which do not specifically address the alleged drawback(s) of each discovery request are waived.

### 1. Public Resource's Privilege Objections

We agree with your proposal that the parties omit from their respective privilege logs any communications with counsel of record commencing with the filing of the Complaint. Accordingly, please provide us with Public Resource's privilege log of withheld documents by close of business on Friday, November 21, 2014.

### 2. Public Resource's Responses to Interrogatories 1, 5, 6, and Requests for Production 1, 2, 3, 4, 5, 6, and 7

We do not agree with Public Resource's plan of producing documents on "a rolling basis". As of today, Public Resource has had over six weeks to search for and produce responsive documents. We request, therefore, that Public Resource produce responsive, non-privileged documents by the close of business on Friday, November 21, 2014.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 2

### 3. Public Resource's Responses to Interrogatory 7 and Request for Production 8

We note that Public Resource is currently unaware of any information or documents responsive to these discovery requests, but will produce non-privileged responsive documents if any are located.

### 4. Public Resource's Responses to Interrogatory 8 and Request for Production 9

We reiterate that there is no justifiable reason for Public Resource's refusal to answer Interrogatory No. 8 or respond to Production Request No. 9.  As stated in our letter of November 10, 2014, if Public Resource continues its refusal to answer Interrogatory No. 8 and/or respond to Production Request No. 9, Plaintiffs' request for relief will include an Order dismissing Public Resource's Affirmative and Other Defenses.

### 5. Difference between "post" and "publish" (Admission Request No. 3)

While Section 101 of Title 17 provides a definition of "publication," if Plaintiffs wanted to limit the term "publish" to the copyright law definition we would have defined it as such in Plaintiffs' discovery requests.  The word "publish" also is defined by the Merriam-Webster dictionary to mean "to make generally known," and "to disseminate to the public."  Public Resource has not provided an acceptable explanation as to why it admitted to Plaintiffs' Admission Request No. 2, yet denied Admission Request No. 3.  Accordingly, a further response to Admission Request No. 3 is required.

### 6. Difference between "viewed" and "downloaded" (Admission Requests No. 6-8)

Public Resource continues to quibble with the terms "viewed" and "accessed."  As stated in our letter of November 10, 2014, the term "download" refers to "the act of copying data and/or data files from one computer system to another, typically over the Internet."  The term "viewed", however, refers to the "act of seeing or examining," which in this case relates to seeing the 1999 Standards on Public Resource's website.  While "downloading" requires that data and/or data files be transferred from one computer system to another, "viewing" only requires seeing the data and or data files.  The terms are not equivalent.

Public Resource contends it does not have access to information reflecting the number of times the 1999 Standards were downloaded from its site.  This information, however, should be attainable from Public Resource's Internet Service Provider ("ISP").  As this information falls within Public Resource's custody or control, Plaintiffs request that Public Resource provide this information in supplemental discovery responses.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 3

### 7. Other Outstanding Items

#### a. Public Resource's Responses to Production Requests No. 6 and 7

In our letter of November 10, 2014, we noted that Public Resource's responses to Production Requests No. 6 and No. 7 were unintelligible. Please provide supplemental responses to these Requests.

#### b. Public Resource's Response to Admission Request No. 1

Also in our letter of November 10, 2014 we reminded Public Resource that copies of the copyright registrations referenced in Admission Request No. 1 were attached to the Complaint. We additionally noted that abstract information relative to these copyright registrations is of public record on the Copyright Office's website at http://www.copyright.gov. It therefore remains unreasonable for Public Resource to assert that "it lacks information or belief as to the issuance of copyright registrations to parties other than itself sufficient to admit or deny…." A further response to Admission Request No. 1 is required.

We are available to discuss these matters with you during a telephone conference on **Thursday, November 20, 2014 at 11 a.m. Eastern Time**.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, L.L.P.

*/s/ Jonathan Hudis*
Jonathan Hudis

*/s/ Kathleen Cooney-Porter*
Kathleen Cooney-Porter

JH/jh {11247309_1.DOCX}

cc:   American Educational Research Association, Inc.
      American Psychological Association, Inc.
      National Council on Measurement in Education, Inc.
      Katherine D. Cappaert, Esq.