# EXHIBIT M

Case No. 1:14-cv-00857-TSC



November 21, 2014
**Via E-Mail**

ATTORNEYS AT LAW

JONATHAN HUDIS
(703) 412-7047
JHUDIS@OBLON.COM

KATHLEEN COONEY-PORTER
(703) 413-3000
KCOONEY-PORTER@OBLON.COM
*BAR OTHER THAN VIRGINIA

Andrew P. Bridges, Esq.
FENWICK & WEST LLP
555 California Street, 112th Fl.
San Francisco, CA 94104

Re:   *American Education Research Association, Inc. et al. v.*
      *Public.Resource.Org, Inc.*
      Civil Action No.: 1:14-cv-00857-TSC
      Our Ref: 431384US-332060-332060-69-L DMS

Dear Andrew:

This letter serves to memorialize our conversation from yesterday, regarding outstanding discovery issues related to Public Resource's: 1) Interrogatory Answers, 2) Responses to Production Requests, 3) Responses to Admissions Requests, and 4) Initial Disclosures.  If you disagree with any item summarized below, please reply via e-mail by November 25, 2014.

### 1.  Public Resource's General Objections

It is Plaintiffs' position that, unless Public Resource asserted an objection or objections specifically addressing the alleged drawback(s) of each discovery request propounded by Plaintiffs, Public Resource's objections were waived.  Public Resource contends that it has not waived any general objections to date and does not plan on doing so.

### 2.  Public Resource's Privilege Objections

The parties agree that privilege logs served in this action may omit any references to communications had between any party and its counsel since the filing of the Complaint. Plaintiffs asked for a date-certain by which Public Resource will produce a log of specifically identified documents and other materials that are being withheld on various privilege grounds, and the reasons therefor.  Public Resource does not agree to produce a privilege log by any promised due-date, but rather plans to provide privilege logs as Defendant produces its documents on a rolling basis.



Andrew P. Bridges, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 2

**3. Public Resource's Interrogatory Answers 1, 5 and 6, and Responses to Production Requests Nos. 1 through 7**

It is Plaintiffs' position that the production of documents identified in Public Resource's Interrogatory Answers 1, 5 and 6, as well as documents responsive to Production Requests Nos. 1 through 7, is well overdue. Public Resource does not agree to produce its discovery documents by a date-certain, but rather plans to produce such materials on a rolling basis.

**4. Public Resource's Interrogatory Answer No. 5**

The parties reached an understanding that the terms "viewed" and "accessed" are being used synonymously in Interrogatory No. 5. On this basis, Public Resource will consider modifying its answer to Interrogatory No. 5. We were not provided a date-certain by which Public Resource will modify its answer to this Interrogatory, if at all.

**5. Public Resource's Interrogatory Answers 6 and 7, and Response to Production Request No. 8**

The parties reached an understanding regarding the definitions of "viewed" (which refers to the "act of seeing or examining") and "downloaded" or "downloading" (which refers to the act of copying data and/or data files from one computer system to another, typically over the Internet) as used in Plaintiffs' discovery requests. On this basis, Public Resource will consider modifying its answers to Interrogatory Nos. 6 and 7, and its response to Production Request No. 8. We were not provided a date-certain by which Public Resource will modify these interrogatory answers or its response to this production request, if at all.

**6. Public Resource's Responses to Production Request Nos. 6 and 7**

The parties agreed that Public Resource's responses to Production Requests Nos. 6 and 7 were unclear. Public Resource will consider modifying or supplementing its responses to these Production Requests. We were not provided a date-certain by which Public Resource will modify these responses, if at all.

**7. Public Resource's Interrogatory Answer No. 8 and Response to Production Request No. 9**

The parties were unable to agree on these discovery requests. Plaintiffs stand by their belief that Public Resource's refusal to respond is not justifiable. Public Resource stands by its belief that it is justified in refusing to answer Interrogatory No. 8 and refusing respond to Production Request No. 9.



Andrew P. Bridges, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 3

**8.** **Public Resource's Response to Admission Request No. 1**

Public Resource stands by its response to Plaintiffs' Admission Request No. 1.  Plaintiffs will consider Public Resource's position as discussed during our telephone conference.

**9.** **Public Resource's Response to Admission Request No. 3**

Public Resource stands by its denial of Admission Request No. 3 on the grounds that the term "publish," in the context of this copyright infringement action, has only one meaning – and that is the definition provided by the U.S. Copyright Act.  The parties did not come to a resolution of this issue.

Plaintiffs request, one final time, that Public Resource reconsider its position regarding Admission Request No. 3 and the definition of the term "publish," in view of the following:

> I am in receipt of your communication of December 16 regarding the *publication* of the AERA publication, "Standard for Educational and Psychological Testing" (1999) at htpps://law.resource.org/pub/us/cfr/ibr/001/aera.standards.1999.pdf.  We are responsible for uploading this document. (emphasis added).

Letter from C. Malamud to J. Neikirk, December 19, 2013, p. 1.

**10.** **Public Resource's Responses to   Admission Request No. 6 and Production Request No. 6**

Public Resource acknowledges that, as they currently stand, Defendant's responses to Admission Request No. 6 and Production Request No. 6 are inconsistent.  Public Resource will consider modifying or supplementing its responses to Admission Request No. 6 and/or Production Request No. 6 to address this inconsistency, and in view of the parties' understanding of the term "downloaded" as used in these discovery requests.  We were not provided a date-certain by which Public Resource will modify these discovery responses, if at all.



Andrew P. Bridges, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 4

**11. <u>Public Resource's Initial Disclosures and Response to Production Request No. 2</u>**

The parties were unable to agree on the adequacy of Public Resource's Initial Disclosures.  Public Resource stands by its position that the identification of document categories in its Initial Disclosures is satisfactory.  Plaintiffs maintain that Public Resource's identified document categories are vague and ambiguous.  Public Resource further does not agree to a date-certain by which it will produce the documents identified in its Initial Disclosures (*see* Production Request No. 2), but rather will produce these materials on a rolling basis.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, L.L.P.

Jonathan Hudis

Kathleen Cooney-Porter

JH/jh {11281388_1.DOCX }

cc:     American Educational Research Association, Inc.
        American Psychological Association, Inc.
        National Council on Measurement in Education, Inc.
        Katherine D. Cappaert, Esq.
        Counsel of Record