# EXHIBIT N

Case No. 1:14-cv-00857-TSC

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

November 24, 2014

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

**VIA E-MAIL**

Jonathan Hudis
Kathleen Cooney-Porter
OBLON SPIVAK McCLELLAND MAIER &
NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
jhudis@oblon.com
kcooney-porter@oblon.com

Re:   *American Education Research Association, Inc., et al. v. Public.Resource.Org, Inc.*, Case No.: 1:14-cv-00857-TSC (D.D.C.)

Dear Jonathan and Kathleen:

Based on your letter, it appears there is still some confusion on the definitions of "accessed," "viewed," and "downloaded," especially since your letter's definition of "download" differs from what Jonathan said on our phone call. While we want to come to an agreement on these terms, we do not think it would be productive to have definitions that are too vague or that are technically inaccurate. We therefore propose the following definitions, which we believe also map colloquial use:

- "Accessed" means to digitally retrieve or open an electronic file or data.

- "View(ed)" means the act of seeing or examining. (Given that it is possible to access a file without reading it, we suggest that "viewed" not be considered synonymous with "accessed," but rather a subset. We suggest the parties agree to read Interrogatory No. 5 as "viewed *or* accessed")

- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Jonathan Hudis
Kathleen Cooney-Porter
November 24, 2014
Page 2

      If we can come to a firm agreement on definitions for these terms, Public Resource can provide amended written discovery responses based on these definitions in the next couple of weeks.

      As to the definition of "publication," in a *copyright* case, the *Copyright Act*'s definition properly governs legal documents, regardless of what colloquial uses may exist, and any other definition would be misleading and confusing. We do not understand your insistence on this point given that both parties agree that the term "post" applies in this case and Plaintiffs already propounded a Request for Admission using the term "post," to which Public Resource responded.

                                          Yours very truly,

                                          FENWICK & WEST LLP

                                          *s/ Andrew P. Bridges*

                                          Andrew P. Bridges

APB:cr

B9620/00404/SF/5498542.1