# EXHIBIT A

Case No. 1:14-cv-00857-TSC-DAR

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant. | Civil Action No. 1:14-cv-00857-CRC <br><br> **PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), serve these Interrogatories under Fed. R. Civ. P. 33, to be answered separately and fully in writing under oath by an officer or agent of Defendant, Public.Resource.Org, Inc. ("Public Resource"), and served upon counsel for Plaintiffs at the offices of OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, LLP, 1940 Duke Street, Alexandria, Virginia 22314. Each separately numbered or lettered sub-part of each Interrogatory requires a separate answer thereto. Public Resource's attention is further drawn to its continuing duty to supplement its answers to these Interrogatories in accordance with Fed. R. Civ. P. 26(e).

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise advised, all of Plaintiffs' Interrogatories and Requests (for Production of Documents, Things, and Electronically Stored Information, and for Admissions), whether presently or subsequently propounded, are subject to definitions set forth below:

- 2 -

A. The term "Public Resource" refers to Public.Resource.Org, Inc., its parent company, subsidiaries, affiliates, and any persons who are, or at any time to which these Interrogatories or Requests relate were, controlled by or otherwise acting on behalf of the foregoing, the present or former officers, directors, partners, employees, agents, and representatives of any of the foregoing.

B. The term "AERA" refers to American Educational Research Association, Inc.

C. The term "APA" refers to American Psychological Association, Inc.

D. The term "NCME" refers to National Council on Measurement in Education, Inc.

E. The term "Public Resource Website" refers to any website owned, controlled or operated by Public Resource, including the website whose homepage is located at law.resource.org, the website whose homepage is located at house.resource.org, the website whose homepage is located at bulk.resource.org, and the website whose homepage is located at public.resource.org.

F. The term "document" shall be construed in its broadest permissible sense, and shall include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form in the possession, custody, or control of Public Resource. Each comment, or addition to, or deletion from, a document shall constitute a separate document.

G. The term "electronically stored information" or "ESI" shall be construed in its broadest permissible sense, and shall include any and all means of conveying, storing, or memorializing information that has been created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

H. The term "thing" shall be construed in its broadest permissible sense, and shall include any inanimate material object that is capable of conveying, storing, or memorializing

information, that is not or cannot be specifically designated or precisely described as a document or item of ESI.

I.  Wherever Public Resource is requested to "identify" or state the identity of a document, thing or item of ESI, please state the following information:

1. its date;

2. its title and/or all identifying numbers or other identifying or categorizing designations, and if not apparent in the title, a brief description of the general nature and subject matter;

3. the name, title, and address of each author, signatory, or preparer;

4. the name, title, and address of each addressee and each other person receiving a copy thereof;

5. its present location and the name and address of its present custodian;

6. if the document is not an original, the name and address of the original custodian; and

7. any other designation necessary to sufficiently identify the document, thing, or item of ESI so that a copy thereof may be ordered or obtained from the custodian thereof.

J.  If Public Resource refuses to identify and/or produce any document, thing, item of ESI, or item of information based upon a claim of confidentiality, privilege, work product immunity, or some other rule or doctrine, Public Resource shall, in log form: (i) identify each document, thing, item of ESI, or item of information by its author, intended recipient, the date of the document, and its general subject matter, (ii) identify the basis for non-disclosure being claimed and whether it is being asserted in connection with a claim or defense governed by state

law, (iii) set forth the non-disclosure rule or doctrine being invoked, and (iv) as to the document, thing, item of ESI, or item requested, set forth whether (a) any responsive materials exist, or (b) any related oral communications that took place.

K. The term "person" or "persons" refers to natural persons, corporations, and any other form of business entity including, without limitation, partnerships, firms, ventures and associations and shall include divisions, departments, subsidiaries, directors, officers, owners, members, employees, agents, attorneys, or anyone else acting on the person's or entity's behalf.

L. Wherever Public Resource is requested to "identify" or to state the identity of a natural person, please state, as to such person, the following information:

1. name;

2. present or last known residence, address, and telephone number;

3. present or last known business title and business address and telephone number;

4. business title and business address during the time period to which the interrogatory or request relates;

5. whether there is or ever has been an employer/employee relationship, principal/agent relationship, or licensor/licensee or other relationship between such person and Public Resource and, if so, the nature of the relationship and the dates during which it existed.

M. Wherever Public Resource is requested to "identify" or state the identity of a person other than a natural person, please state the following concerning such entity:

1. its full, legal name;

2. its form of organization;

- 4 -

- 5 -

      3.     its address and principal place of business; and

      4.     whether there is or has ever been an employer/employee relationship, principal/agent relationship, or licensor/licensee or other relationship between such person and Public Resource and, if so, the nature of the relationship and the dates during which it existed.

    N.     The term "the 1999 Standards" shall mean the *Standards for Educational and Psychological Testing* (1999 ed.).

    O.     The term "communication" shall mean the exchange of thoughts, messages, or information in written form, whether by transmission of a document, thing, or item of ESI.

    P.     The term "digitize" shall mean the conversion of a document in print form to a digital form that can be processed by a computer.

    Q.     The term "regarding" means relating or referring to, incorporating, comprising, touching upon, applicable to, indicating, evidencing, affirming, denying, concerning, relevant to, or likely to lead to admissible evidence.

    R.     The term "each" includes "each" and "every."

    S.     The term "and/or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information which would be responsive under a conjunctive reading in addition to all information which would be responsive under a disjunctive reading.

## **INTERROGATORIES**

<u>INTERROGATORY NO. 1.</u>

Identify and describe how Public Resource obtained any printed version or versions of the 1999 Standards.

INTERROGATORY NO. 2.

Identify when the 1999 Standards were first and last posted or published to a Public Resource Website, and identify the particular Public Resource Website(s) to which the 1999 Standards were posted or published.

INTERROGATORY NO. 3.

Identify and describe the process Public Resource used to digitize or convert to digital format the 1999 Standards from paper format, including any quality control measures Public Resource used to prevent the content of the 1999 Standards from being altered.

INTERROGATORY NO. 4

Identify all persons who and companies that participated on Public Resource's behalf (including Public Resource itself) in digitizing or converting a paper version of the 1999 Standards to digital format, and describe the nature of each person's and/or company's participation.

INTERROGATORY NO. 5.

Identify and describe, by month and year starting from the date that the 1999 Standards were first posted on or published to a Public Resource Website or Public Resource Websites, the number of visitors who viewed and/or accessed the 1999 Standards on that website or those websites.

INTERROGATORY NO. 6.

Identify the number of times the 1999 Standards were downloaded from a Public Resource Website or Public Resource Websites, and identify the particular Public Resource Website(s) from which the 1999 Standards were downloaded.

INTERROGATORY NO. 7.

Identify and describe all instances of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

INTERROGATORY NO. 8.

State the factual and legal basis of each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

                                Respectfully submitted,

                                OBLON, SPIVAK, McCLELLAND,
                                 MAIER & NEUSTADT,LLP

Dated: October 1, 2014            */s/ Jonathan Hudis*
{431834US; 11005724_1.DOCX}       Jonathan Hudis (DC Bar # 418872)
                                      Kathleen Cooney-Porter (DC Bar # 434526)
                                      1940 Duke Street
                                      Alexandria, VA 22314
                                      Tel. (703) 413-3000
                                      Fax (703) 413-2220
                                      E-Mail jhudis@oblon.com
                                      E-Mail kcooney-porter@oblon.com

                                      Attorneys for Plaintiffs

                                      AMERICAN EDUCATIONAL RESEARCH
                                       ASSOCIATION, INC.
                                      AMERICAN PSYCHOLOGICAL
                                       ASSOCIATION, INC.
                                      NATIONAL COUNCIL ON
                                       MEASUREMENT IN EDUCATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served on counsel for Defendant, this 1st day of October by sending same via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis