# EXHIBIT B

Case No. 1:14-cv-00857-TSC-DAR

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) PUBLIC.RESOURCE.ORG, INC., ) ) Defendant. ) ) | Civil Action No. 1:14-cv-00857-CRC **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, THINGS, AND ELECTRONICALLY STORED INFORMATION** |

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), hereby request, pursuant to Fed. R. Civ. P. 34, that Defendant, Public.Resource.Org, Inc. ("Public Resource"), produce each document, thing, and item of electronically stored information ("ESI") listed below for inspection and copying, and that said production be made accompanying Public Resource's service of its responses to these Requests upon counsel for Plaintiffs at the offices of OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, LLP, 1940 Duke Street, Alexandria, Virginia 22314.

**DEFINITIONS AND INSTRUCTIONS**

A. The Definitions and Instructions contained in Plaintiffs' First Set of Interrogatories are incorporated herein by reference.

B. With respect to each document, thing, and/or item of ESI requested below for which a claim of privilege, work product, confidentiality, or other rule or doctrine of non-disclosure is asserted, specify (in log form): (i) the nature of the document, thing, and/or item of

ESI, (ii) the identity (by name, address, title, and business affiliation) of the author(s) thereof, (iii) the addressee(s) and all recipients thereof, (iv) the general subject matter to which the document, thing, and/or item of ESI relates, and its date, (v) the basis for non-disclosure being claimed and whether it is being asserted in connection with a claim or defense governed by state law, (vi) the non-disclosure rule or doctrine being invoked, and (vii) as to the document, thing, or item of ESI requested, whether any responsive materials exist.

C. Public Resource shall separately identify the Request by number pursuant to which document, thing, and/or item of ESI is produced.

**REQUESTS**

PRODUCTION REQUEST NO. 1.

Produce each document, thing and/or item of ESI that is identified in Public Resource's answers to Plaintiffs' First Set of Interrogatories.

PRODUCTION REQUEST NO. 2.

Produce each document, thing and/or item of ESI that is identified in Public Resource's Mandatory Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

PRODUCTION REQUEST NO. 3.

Produce those documents, things and/or items of ESI regarding Public Resource obtaining a printed version or versions of the 1999 Standards.

PRODUCTION REQUEST NO. 4.

Produce those documents, things and/or items of ESI regarding Public Resource digitizing or converting a paper version of the 1999 Standards to digital format.

PRODUCTION REQUEST NO. 5.

Produce those documents, things and/or items of ESI regarding Public Resource posting or publishing the 1999 Standards to a Public Resource Website.

PRODUCTION REQUEST NO. 6.

Produce those documents, things and/or items of ESI showing the number of times the 1999 Standards were downloaded from a Public Resource Website.

PRODUCTION REQUEST NO. 7.

Produce those documents, things and/or items of ESI showing the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website.

PRODUCTION REQUEST NO. 8.

Produce those documents, things and/or items of ESI regarding any instance of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted or published the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

PRODUCTION REQUEST NO. 9.

Produce those documents, things and/or items of ESI supporting and/or disputing each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

- 4 -

    Respectfully submitted,

    OBLON, SPIVAK, McCLELLAND,
     MAIER & NEUSTADT, LLP

Dated: October 1, 2014

{431384US; 11005801_1.DOCX}

*/s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
 ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
 ASSOCIATION, INC.
NATIONAL COUNCIL ON
 MEASUREMENT IN EDUCATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, THINGS, AND ELECTRONICALLY STORED INFORMATION** was served on counsel for Defendant, this 1st day of October, 2014 by sending same via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

                                                  */s/ Jonathan Hudis*
                                                  Jonathan Hudis