# EXHIBIT F

Case No. 1:14-cv-00857-TSC-DAR

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 1:14-cv-00857-CRC <br><br> **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS, SET ONE (NOS. 1-8)** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of Civil Procedure of this Court, Defendant Public.Resource.Org, Inc. ("Public Resource") hereby responds to Plaintiff's American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc., Requests for Admissions, Set One (Nos. 1-8).

**GENERAL OBJECTIONS**

1.      Public Resource objects to the requests to the extent that they are overly broad, unduly burdensome, oppressive, or to the extent they are inconsistent with, or purport to impose obligations on Public Resource beyond those set forth by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law, particularly to the extent that compliance would force Public Resource to incur a substantial expense that outweighs any likely benefit of the discovery. Public Resource's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiffs seek to impose.

2. Public Resource objects to the requests to the extent that they seek information that is neither relevant to this Action nor reasonably calculated to lead to the discovery of admissible evidence. Public Resource objects to the requests to the extent that they seek information that is not in Public Resource's possession, custody or control. Public Resource objects to the requests to the extent that they seek to impose obligations on Public Resource that are unduly burdensome, especially to the extent that the requested information is publicly available or burdensome to search for or obtain.

3. Public Resource objects to the requests to the extent that they seek information that falls under the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privileges or protections. Public Resource will not provide such information, and any inadvertent production is not a waiver of any applicable privilege or protection.

4. Public Resource objects to the requests, and each and every instruction and definition, to the extent that Plaintiffs seek information outside a relevant and reasonable period of time.

5. Public Resource objects to the requests to the extent they are argumentative.

6. Public Resource objects to the definition of "Public Resource" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent that it purports to include any affiliates or other persons when such persons are acting outside of a capacity of representing Public Resource.

7. Public Resource objects to the term "Public Resource Website" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent it fails to identify which websites Plaintiffs consider "owned, controlled or operated" by Public Resource, other than law.resource.org, public.resource.org, house.resource.org, and bulk.resource.org.

8. Public Resource objects to the extent the requests are premature. It reserves the right to amend or supplement its responses as the Action proceeds.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the United States Copyright Office issued U.S. Copyright Registration Nos. TX 5-100-196 and TX 6-484-609 for the work entitled *Standards for Educational and Psychological Testing*, published in 1999 (the "1999 Standards").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request because it seeks information that is publicly available, already known, or equally available to Plaintiffs. Public Resource objects to this request as overly broad and unduly burdensome to the extent it seeks information about entities other than Public Resource. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of the United States Copyright Office that is not within Public Resource's knowledge.

Subject to and without waiving the foregoing objections, Public Resource responds that it lacks information or belief as to the issuance of copyright registrations to parties other than itself sufficient to admit or deny, and therefore denies the request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Public Resource posted the 1999 Standards, in their entirety, to a Public Resource website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Public Resource incorporates its general objections as if fully set forth here.

Subject to and without waiving the foregoing objections, Public Resource admits that it posted the 1999 Standard in its entirety to a Public Resource website upon learning that the 1999 Standard had been incorporated by reference into law in its entirety. Public Resource denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Public Resource published the 1999 Standards, in their entirety, on a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource denies the request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that none of the Plaintiffs authorized Public Resource to post the 1999 Standards to a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Public Resource incorporates its general objections as if fully set forth here.

Subject to and without waiving the foregoing objections, Public Resource admits that Plaintiffs have not furnished to Public Resource any express authorization to post the 1999 Standard to a Public Resource Website. Public Resource denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the Plaintiffs authorized Public Resource to publish the 1999 Standards on a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Public Resource incorporates its general objections as if fully set forth here.Subject to and without waiving the foregoing objections, Public Resource admits that Plaintiffs have not furnished to Public Resource any express authorization to publish the 1999 Standard on a Public Resource Website. Public Resource denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that visitors to a Public Resource Website have downloaded the 1999 Standards from that website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request as outside the scope of discovery to the extent it calls for

4

information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloaded" as vague and ambiguous. To the extent Plaintiffs use "download" to mean intentionally saved as a file on a visitor's computer, Public Resource lacks knowledge as to whether visitors (other than counsel and the parties for the purposes of this litigation) engaged in such conduct.

Subject to and without waiving the foregoing objections, Public Resource admits that visitors to Public Resource's website have accessed the 1999 Standard.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Public Resource is aware that third parties, after downloading the 1999 Standards from a Public Resource Website, have posted the 1999 Standards online to one or more websites other than a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloading" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Public Resource denies the request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Public Resource is aware that third parties, after downloading the 1999 Standards from a Public Resource Website, have published the 1999 Standards online on one or more websites other than a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request because it is argumentative. Public Resource objects to this

request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloading" as vague and ambiguous. Subject to and without waiving the foregoing objections, Public Resource denies the request.

Date: November 3, 2014                    Respectfully submitted,

FENWICK & WEST LLP


*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
PUBLIC.RESOURCE.ORG, INC.

The undersigned declares as follows:

I am a citizen of the United States and employed in San Francisco County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94014.

On the date set forth below, I served a copy of the following document(s):

**DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS, SET ONE (NOS. 1-8)**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

- ☑ **BY E-MAIL:** by causing to be transmitted via e-mail the documents listed above to the addressees at the e-mail addresses listed above.

- ☑ **BY US MAIL:** by placing the documents listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

> Jonathan Hudis
> Kathleen Cooney-Porter
> OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, LLP
> 1940 Duke Street
> Alexandria, VA 22314
> jhudis@oblon.com
> kcooney-porter@oblon.com
>
> *Counsel for American Educational Research*
>   *Association, Inc.*
> *American Psychological Association, Inc.*
> *National Council on Measurement in Education, Inc.*

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: November 3, 2014             */s/ Mary Ann Rubalcaba*
                                   Mary Ann Rubalcaba

5496837.1