# EXHIBIT H

Case No. 1:14-cv-00857-TSC -DAR



November 10, 2014
**Via E-Mail**

JONATHAN HUDIS
(703) 412-7047
JHUDIS@OBLON.COM

KATHLEEN COONEY-PORTER
(703) 413-3000
KCOONEY-PORTER@OBLON.COM
*BAR OTHER THAN VIRGINIA

| | | |
|---|---|---|
| Andrew P. Bridges, Esq. | Mitchell L. Stoltz, Esq. | |
| Kathleen Lu, Esq. | Corynne McSherry, Esq. | David Halperin, Esq. |
| FENWICK & WEST LLP | ELECTRONIC FRONTIER | 1530 P Street NW |
| 555 California Street, 112th Fl. | FOUNDATION | Washington, DC 20005 |
| San Francisco, CA 94104 | 815 Eddy Street | |
| | San Francisco, CA 94109 | |

Re: *American Education Research Association, Inc. et al. v. Public.Resource.Org, Inc.*
Civil Action No.: 1:14-cv-00857-TSC
Our Ref: 431384US-332060-332060-69-L DMS

Counsel:

Pursuant to LCivR 7(m), we wish to schedule a telephone conference to discuss the discovery matters noted below. The purpose of the phone call is to hopefully narrow the areas of disagreement before bringing these matters to the Court's attention for resolution.

*Public Resource's Purported*
*General Discovery Objections*

Preceding each of Public Resource's interrogatory answers, responses to production requests and responses to admissions' requests are several pages of so-called "General Objections." These asserted General Objections are non-specific, in that they do not uniquely reference the specific discovery requests, or portions thereof, which Public Resource believes are problematic. The General Objections are then "incorporated by reference," in scattershot fashion, into each and every discovery request without identifying the specific infirmity(ies) of the discovery request(s).

Courts "will not consider 'boilerplate' objections like this." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002). "General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] … burden to explain its objections." *Chubb Integrated Sys. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59 (D.D.C. 1984). "[T]he party resisting discovery must explain and support its objections." *In re Vitamins Antitrust Litig.*, No. 99-197, 2002 U.S. Dist. LEXIS 25813, at *27 (D.D.C. Aug. 6, 2002).



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 2

"[Standard, boilerplate 'general objections' … which include[] blanket objections … do not comply with [the Federal Rules of Civil Procedure] and courts disfavor them." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). In short, discovery objections must be asserted with specificity as to each discovery question posed, and the failure to do so results in a waiver of the objections. *Id.*, at 191. Therefore, unless Public Resource asserted an objection or objections specifically addressing the alleged drawback(s) of each discovery request, Public Resource's objections are waived.

*Public Resource's*
*Asserted Privilege Objections*

Public Resource, in a rather vague and unclear fashion, appears to have asserted unspecified "privilege(s)" as grounds for incomplete answers to Plaintiffs' Interrogatories Nos. 5-7, and withholding unspecified documents in responding to Plaintiffs' Production Requests Nos. 1-8.

"A general objection to a request for production of documents on the basis of privilege is insufficient. (citations omitted). There must be a description of the documents tailored to that assertion." *Dage v. Leavitt*, No. 04-0221, 2005 U.S. Dist. LEXIS 17958, at *6-*7 (D.D.C. Aug. 18, 2005). "This is best accomplished in the production of a privilege log." *Id.*, at *7. "[A] 'privilege log' … has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts; [and] the general objection that, for example, a request for production of documents calls for the production of documents which are privileged is condemned as insufficient." *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999). Providing such a log also is a means of compliance with Fed. R. Civ. P. 26(b)(5). *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10-11 (D.D.C. 2005), and a failure to do so can result in a waiver of the various privileges as grounds for non-production. *Dage v. Leavitt*, 2005 U.S. Dist. LEXIS 17958, at *8.

Kindly advise when Public Resource will produce a log of specifically identified documents and other materials that are being withheld on various privilege grounds, and the reasons therefor.

*Specific Discovery Requests to Which*
*Public Resource has not Completely Responded*

**INTERROGATORY NO. 1:**

Identify and describe how Public Resource obtained any printed version or versions of the 1999 Standards.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 3

**RESPONSE TO INTERROGATORY NO. 1:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.

Subject to and without waiving the foregoing objections, Public Resource responds as follows:

Public Resource purchased a printed copy from "thebookgrove," a used book seller, on May 17, 2012. Pursuant to Federal Rule of Civil Procedure 33(d), Public Resource will produce the invoice or invoices for such orders that are in its custody, possession, or control. Public Resource believes that to the extent details such as dates, payment amounts, and product names are available, they may be derived from this invoice or invoices.

**REQUEST FOR PRODUCTION NO. 3:**

Produce those documents, things and/or items of ESI regarding Public Resource obtaining a printed version or versions of the 1999 Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource obtaining a printed version or versions of the 1999 Standard, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

Kindly advise when Public Resource will produce the invoice or invoices it identified in responding to Interrogatory No. 1 and Production Request No. 3.

**INTERROGATORY NO. 5:**

Identify and describe, by month and year starting from the date that the 1999 Standards were first posted on or published to a Public Resource Website or Public Resource Websites, the number of visitors who viewed and/or accessed the 1999 Standards on that website or those websites.



**RESPONSE TO INTERROGATORY NO. 5:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "viewed and/or accessed" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed." Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that exist within its possession, custody, and control from which the response to this interrogatory may be derived.

Public Resource quibbles with the terms "viewed" and "accessed," common terms found in dictionaries and also regularly used to describe an Internet user's interaction with a website or web page. Additionally, contrary to Public Resource's objection, Interrogatory No. 5 is limited to a relevant and reasonable time period. Kindly provide a supplemental response to Interrogatory No. 5, and advise when Public Resource will produce the documents it identified in responding to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify the number of times the 1999 Standards were downloaded from a Public Resource Website or Public Resources Websites, and identify the particular Public Resource Website(s) from which the 1999 Standards were downloaded.

**RESPONSE TO INTERROGATORY NO. 6:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "downloaded" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "downloaded" means "viewed." Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that exist



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 5

within its possession, custody, and control from which the response to this interrogatory may be derived.

**REQUEST FOR PRODUCTION NO. 6:**

Produce those documents, things and/or items of ESI showing the number of times the 1999 Standards were downloaded from a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999 Standard was downloaded from the Public.Resource.Org website. Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total downloads from the Internet Archive are likewise not visible either.

In its response to Interrogatory No. 6, Public Resource unreasonably objects to the term "download", a common term used to describe the act of copying data and/or data files from one computer system to another, typically over the Internet. Plaintiffs did not use "download" to mean the equivalent of "viewed." Otherwise, the Interrogatory would have said so. Additionally, contrary to Public Resource's objection, Interrogatory No. 6 is limited to a relevant and reasonable time period. If Public Resource did not provide a complete answer to Interrogatory No. 6 in view of the unreasonable objection to use of the term "download," then kindly provide a supplemental response to Interrogatory No. 6; and in any event please advise when Public Resource will produce the documents it identified in responding to this Interrogatory.

Public Resource's response to Production Request No. 6 is unintelligible. A supplemental response is required; and in any event, kindly advise when Public Resource will produce the report it identified in responding to this Production Request.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 6

**INTERROGATORY NO. 7:**

Identify and describe all instances of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

**RESPONSE TO INTERROGATORY NO. 7:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "downloading" as vague and ambiguous. Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, Public Resource responds that it is not aware of any information responsive to this interrogatory. Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

**REQUEST FOR PRODUCTION NO. 8:**

Produce those documents, things and/or items of ESI regarding any instance of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted or published the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request to the extent that it assumes facts or legal conclusions not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to instances in which a third party, after downloading the 1999 Standard from a Public Resource Website, posted or published the 1999 Standard elsewhere online or created a derivative work, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 7

Public Resource unreasonably objects to the term "downloading", a common term used to describe the act of copying data and/or data files from one computer system to another, typically over the Internet. Additionally, contrary to Public Resource's objection, Interrogatory No. 7 is limited to a relevant and reasonable time period. If Public Resource did not provide a complete answer to Interrogatory No. 7 in view of the unreasonable objection to use of the term "downloading," then kindly provide a supplemental response to Interrogatory No. 7. Additionally, Public Resource's response to this Interrogatory is ambiguous as to whether it is or is not in possession of documents from which an answer to the Interrogatory may be derived. A clearer supplemental response is required.

It also is unclear whether or not Public Resource is in possession of documents or other materials responsive to Production Request No. 8. Kindly advise when Public Resource will produce the items responsive to this Production Request, or confirm in writing that Public Resource has no such documents.

**INTERROGATORY NO. 8:**

State the factual and legal basis of each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

**RESPONSE TO INTERROGATORY NO. 8:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory to the extent it seeks disclosure of information that falls under the work product doctrine. Public Resource objects to this interrogatory because it is argumentative. Public Resource objects to this interrogatory because it seeks information that is publicly available, already known, or equally available to Plaintiffs. Public Resource objects to this interrogatory as it seeks "factual and legal basis" at an early stage of the litigation.

**REQUEST FOR PRODUCTION NO. 9:**

Produce those documents, things and/or items of ESI supporting and/or disputing each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive, and unduly burdensome. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 8

work product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects that the request is compound, complex, and unintelligible. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request, except to the extent such documents are responsive to other requests.

There simply is no reason, and none of Public Resources asserted objections justify, why Public Resource refuses to answer Interrogatory No. 8 or respond to Production Request No. 9. When Public Resource filed its Answer, Counterclaim and Affirmative Defenses to Plaintiffs' Complaint, it was required to have a good faith basis under Fed. R. Civ. P. 11 for asserting each Affirmative and Other Defenses contained therein. If Public Resource continues its refusal to answer Interrogatory No. 8 and/or respond to Production Request No. 9, Plaintiffs' request for relief will include an Order dismissing Public Resource's Affirmative and Other Defenses.

**REQUEST FOR PRODUCTION NO. 1:**

Produce each document, thing and/or item of ESI that is identified in Public Resource's answers to Plaintiffs' First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to interrogatories in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 9

Expressly or by implication, Public Resource identified potentially responsive documents in responding to Plaintiffs' Interrogatories Nos. 1-3, 5 and 6. Kindly advise when these documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

Produce each document, thing and/or item of ESI that is identified in Public Resource's Mandatory Disclosures pursuant to Fed.R.Civ.P.26(a)( 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to Rule 26(a) initial disclosures in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

Kindly advise when we can expect to receive the documents and other materials identified in Public Resource's mandatory disclosures.

**REQUEST FOR PRODUCTION NO. 4:**

Produce those documents, things and/or items of ESI regarding Public Resource digitizing or converting a paper version of the 1999 Standards to digital format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects to this request as unreasonably duplicative of other requests. Public Resource objects that the request is compound, complex, and unintelligible.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 10

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource digitizing or converting a paper version of the 1999 Standard to digital format, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

Kindly advise when we can expect to receive the documents and other materials referred to in Public Resource's response to Production Request No. 4.

**REQUEST FOR PRODUCTION NO. 5:**

Produce those documents, things and/or items of ESI regarding Public Resource posting or publishing the 1999 Standards to a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects to the request it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public sources, including but not limited the Public Resource Website and the Internet Archive Website. Public Resource objects to the request to the extent it purports to require production of documents not in Public Resource's possession, custody, or control.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource posting or publishing the 1999 Standard to a Public Resource Website, including the archived version of the Public Resource Website available on the Internet Archive Website, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

Kindly advise when we can expect to receive the website materials referred to in Public Resource's response to Production Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

Produce those documents, things and/or items of ESI showing the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource



objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999 Standard was viewed on or accessed from the Public.Resource.Org website. Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total views from the Internet Archive are likewise not visible either.

Public Resource's response to Production Request No. 7 is unintelligible. A supplemental response is required; and in any event, kindly advise when Public Resource will produce the report it identified in responding to this Production Request.

**REQUEST FOR ADMISSION NO. 1:**

Admit that the United States Copyright Office issued U.S. Copyright Registration Nos. TX 5-100-196 and TX 6-484-609 for the work entitled *Standards for Educational and Psychological Testing,* published in 1999 (the "1999 Standards").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request because it seeks information that is publicly available, already known, or equally available to Plaintiffs. Public Resource objects to this request as overly broad and unduly burdensome to the extent it seeks information about entities other than Public Resource. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of the United States Copyright Office that is not within Public Resource's knowledge.

Subject to and without waiving the foregoing objections, Public Resource responds that it lacks information or belief as to the issuance of copyright registrations to parties other than itself sufficient to admit or deny, and therefore denies the request.

Copies of the copyright registrations referenced in Admission Request No. 1 were attached to the Complaint. Abstract information relative to these copyright registrations also is of public record on the Copyright Office's website at http://www.copyright.gov. It therefore is unreasonable for Public Resource to assert that "it lacks information or belief as to the issuance of copyright registrations to parties other than itself sufficient to admit or deny…." A further response to Admission Request No. 1 is required.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 12

**REQUEST FOR ADMISSION NO. 3:**

Admit that Public Resource published the 1999 Standards, in their entirety, on a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource denies the request.

The only difference between Admission Requests Nos. 2 and 3 is the use of "posted" in the former versus "published" in the latter. Unless Public Resource can provide an acceptable explanation why it admitted to Plaintiffs' Admission Request No. 2, yet denied Admission Request No. 3, a further response to Admission Request No. 3 is required. In this regard, we refer you to Public Resource's responses to Admission Requests Nos. 4 and 5, in which Public Resource was fully capable of understanding the definitions of "post" and "publish."

**REQUEST FOR ADMISSION NO. 6:**

Admit that visitors to a Public Resource Website have downloaded the 1999 Standards from that website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloaded" as vague and ambiguous. To the extent Plaintiffs use "download" to mean intentionally saved as a file on a visitor's computer, Public Resource lacks knowledge as to whether visitors (other than counsel and the parties for the purposes of this litigation) engaged in such conduct.

Subject to and without waiving the foregoing objections, Public Resource admits that visitors to Public Resource's website have accessed the 1999 Standard.

Public Resource unreasonably objects to the term "downloaded", a common term used to describe the act of copying data and/or data files from one computer system to another, typically over the Internet. Public Resource avoided responding to Admission Request No. 6 as posed, in view of the unreasonable objection to use of the term "downloaded." Kindly provide a supplemental response to Admission Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Public Resource is aware that third parties, after downloading the 1999 Standards from a Public Resource Website, have posted the 1999 Standards online to one or more websites other than a Public Resource Website.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 13

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloading" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Public Resource denies the request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Public Resource is aware that third parties, after downloading the 1999 Standards from a Public Resource Website, have published the 1999 Standards online on one or more websites other than a Public Resource Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request because it is argumentative. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. Public Resource objects to this request and to the term "downloading" as vague and ambiguous. Subject to and without waiving the foregoing objections, Public Resource denies the request.

Public Resource unreasonably objects to the term "downloading", a common term used to describe the act of copying data and/or data files from one computer system to another, typically over the Internet. We also find incredulous Public Resource's claim that it is unaware of the actions of visitors to Public Resource's website, in view of Defendant's responses to Production Requests Nos. 5-6 indicating that it has (and will produce) "reports" indicating as such. We also fail to understand Public Resource's denial of Admission Requests Nos. 7 and 8, in view of the activities of the Internet Archive discussed in the Complaint, of which Public Resource clearly is aware. Further responses to Admission Requests Nos. 7 and 8 are required.



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 14

     Kindly advise when you are available later this week to discuss the discovery matters raised in this letter.

                Very truly yours,

                OBLON, SPIVAK, McCLELLAND,
                MAIER & NEUSTADT, L.L.P.

                Jonathan Hudis

                Kathleen Cooney-Porter

JH/jh {11216077_1.DOCX }

cc:    American Educational Research Association, Inc.
       American Psychological Association, Inc.
       National Council on Measurement in Education, Inc.
       Katherine D. Cappaert, Esq.