# EXHIBIT K

Case No. 1:14-cv-00857-TSC -DAR



November 18, 2014
**Via E-Mail**

ATTORNEYS AT LAW

JONATHAN HUDIS
(703) 412-7047
JHUDIS@OBLON.COM

KATHLEEN COONEY-PORTER
(703) 413-3000
KCOONEY-PORTER@OBLON.COM
*BAR OTHER THAN VIRGINIA

| | | |
|---|---|---|
| Andrew P. Bridges, Esq. | Mitchell L. Stoltz, Esq. | |
| Kathleen Lu, Esq. | Corynne McSherry, Esq. | David Halperin, Esq. |
| FENWICK & WEST LLP | ELECTRONIC FRONTIER | 1530 P Street NW |
| 555 California Street, 112th Fl. |  FOUNDATION | Washington, DC 20005 |
| San Francisco, CA 94104 | 815 Eddy Street | |
| | San Francisco, CA 94109 | |

Re: *American Education Research Association, Inc. et al. v. Public.Resource.Org, Inc.*
Civil Action No.: 1:14-cv-00857-TSC
Our Ref: 431384US-332060-332060-69-L DMS

Counsel:

We reviewed Public Resource's Initial Disclosures served on Friday, November 14, 2014. We wish to add the matters noted below to the discussion topics for our telephone conference scheduled for this Thursday, November 21, 2014 at 11:00 am Eastern Time.

*Public Resource's Rule 26(a)(1)(A)(ii) Disclosures:*
*Documents That Public Resource May Use to Support its Claims or Defenses*

Public Resource identified in its Initial Disclosures the following categories of documents that it may use to support its claims or defenses:

1. Requests for Information and Notices of Proposed Rulemaking by the Office of Management and Budget and the Office of the Federal Register regarding incorporation by reference, communications with the Office of the Federal Register and the National Archives and Records on the question of incorporation by reference, communications and prepared statements for Pipeline and Hazardous Safety Administration workshop regarding incorporation by reference;

2. Documents reporting on or memorializing the standard development and/or lobbying activities of Plaintiff Organizations;

3. Documents relating to Public Resource's income and finances;

4. Document relating to Public Resource's processes for posting standards that various jurisdictions have incorporated into law; and



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 2

    5.  Documents relating to Public Resource's fair use of the 1999 Standard.

Public Resource's categories of documents are unduly broad, lack specificity and undermine the purpose of Fed. R. Civ. P. 26(a)(1). The purpose of the initial disclosure requirement is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26 Advisory Committee's Note (1993), *cited and discussed by*, *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D. Pa. 2004). The disclosure requirements should be applied with common sense, "to help focus the attention on the 'discovery that is needed, and facilitate preparation for trial or settlement.'" *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (quoting the Fed. R. Civ. P. 26 Advisory Committee's Note (1993)).

The Advisory Committee Notes to the 1993 Federal Rules of Civil Procedure amendments specifically address the Fed. R. Civ. P. 26(a)(1)(B) initial disclosure requirement. The Advisory Committee Notes explain that while "an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records . . . sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." Fed. R. Civ. P. 26 Advisory Committee's Note (1993).

Public Resource's Initial Disclosures fail to accelerate the exchange of basic information about this case and eliminate the paper work involved in requesting basic information. Public Resource's identification of potentially relevant documents consists of broad categories of documents that are not specifically tailored to the facts of this case. This is evidenced, for example, by Public Resource's inclusion of "communications and prepared statements for Pipeline and Hazardous Materials Safety Administration workshop" as a category of documents that Defendant may rely upon to support its claims or defenses.

Public Resource's broad categories of documents do not provide Plaintiffs with any useful information that would aid in the drafting of discovery requests. Further, if Plaintiffs served document requests tailored to Public Resource's above-identified categories, Defendant would likely object to the wording as being overly broad and unduly burdensome. Accordingly, Plaintiffs request that Public Resource supplement its Initial Disclosures to provide a more specific listing of the categories of documents that Public Resource may rely on in this action.

Plaintiffs also note that their Production Request No. 1 requires Public Resource to "[p]roduce each document, thing, and/or item of ESI that is identified in Public Resource's Mandatory Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)." As already mentioned in our letter



Andrew P. Bridges, Esq., Mitchell L. Stoltz, Esq.,
Kathleen Lu, Esq., Corynne McSherry, Esq., David Halperin, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 3

of Friday, November 14, 2014, Plaintiffs request that Public Resource produce the above-identified documents by the close of business on Friday, November 21, 2014.

    Very truly yours,

    OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, L.L.P.

    Jonathan Hudis

    Kathleen Cooney-Porter

JH/jh {11262083_1.DOCX}

cc:   American Educational Research Association, Inc.
      American Psychological Association, Inc.
      National Council on Measurement in Education, Inc.
      Katherine D. Cappaert, Esq.