# EXHIBIT L

Case No. 1:14-cv-00857-TSC-DAR

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

November 19, 2014

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

BY EMAIL

Jonathan Hudis
Kathleen Cooney-Porter
OBLON SPIVAK McCLELLAND MAIER &
NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
jhudis@oblon.com
kcooney-porter@oblon.com

      Re:    *American Education Research Association, Inc., et al. v. Public.Resource.Org, Inc.*, Case No.: 1:14-cv-00857-TSC (D.D.C.)

Dear Jonathan and Kathleen:

I respond to your letters of November 14, 2014 and November 18, 2014.

1. **Public Resource's General Objections**

Plaintiffs inappropriately and incorrectly assume that Public Resource waived some general objections in its discovery responses. Public Resource has not waived any general objections to date and does not plan on doing so.

2. **Public Resource's Privilege Objections**

Thank you for agreeing to omit from the privilege logs any communications with counsel of record since the filing of the complaint. Public Resource does not, however, agree to Plaintiffs' unilateral deadline of November 21, 2014. Public Resource plans to make provide privilege logs as it makes it rolling production.

3. **Public Resource's Responses to Interrogatories 1, 5, 6, and Requests for Production 1, 2, 3, 4, 5, 6, and 7**

Public Resource reiterates its plans to produce documents on a rolling basis as it identifies responsive and nonprivileged documents. Public Resource does not agree to the deadline of November 21, 2014.

Jonathan Hudis
Kathleen Cooney Porter
November 19, 2014
Page 2

### 4. Public Resource's Responses to Interrogatory 8 and Request for Production 9

Interrogatory 8 impermissibly encroaches on the work product protection as Public Resource made clear in its objection in its response. Public Resource also does not believe that parties ought to bother the Court on this issue, particularly at this early stage of discovery. We expect to discuss this issue further on tomorrow's call.

### 5. Difference between "post" and "publish"

This is a copyright case. Plaintiffs cannot force a misleading meaning onto the word "publish" that differs significantly from the legal definition in the Copyright Act. Based on the Copyright Act's definition, there are meaningful differences between "post" and "publish," and Public Resource will not alter its response to Admission Request No. 3.

### 6. Difference between "viewed" and "downloaded"

Plaintiffs' descriptions of the technical circumstances concerning what you term "viewed" and "downloaded" in the Internet context are factually incorrect. If necessary, the parties will conduct expert discovery on this issue at the appropriate stage. If you would like, we can discuss the technical workings of the Internet on tomorrow's call.

### 7. Public Resource's Response for Production 6 and 7

Public Resource disagrees with Plaintiffs' characterization of its responses as "unintelligible," particularly as Plaintiffs' inability to understand the responses appears to flow from confusion regarding Internet technology and how the terms "view" and "download" apply. We can discuss these requests in the same context on tomorrow's call.

### 8. Public Resource's Response to Request for Admission 1

Public Resource disagrees with Plaintiffs' position that a further response is required. Please provide during tomorrow's call your authority that Public Resource must admit to facts it has no personal knowledge of, particularly at this early stage of discovery.

### 9. Public Resource's Initial Disclosures

Public Resource disagrees with Plaintiffs' characterization of Public Resource's Initial Disclosures in its November 18 letter. Public Resource also does not agree to Plaintiff's unilateral deadline of November 21, 2014 for producing documents Public Resource identified in its disclosures. We are happy to discuss this issue tomorrow.

Yours very truly,

*Andrew P. Bridges*

APB:mra