**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/Counterclaimant. | Civil Action No. 1:14-cv-00857-TSC-DAR<br><br>**DECLARATION OF ANDREW P. BRIDGES IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S OPPOSITION TO PLAINTIFFS-COUNTERDEFENDANTS' AMENDED MOTION TO COMPEL (DKT. 27)** |

I, Andrew P. Bridges, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner in the law firm of Fenwick & West LLP and counsel of record for Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource"). I submit this declaration in support of Public Resource's Opposition to Plaintiffs-Counterdefendants' Amended Motion to Compel Discovery.

2. Plaintiffs' first set of written discovery requests in this matter (interrogatories, requests for production, and requests for admission, which counsel for Plaintiffs filed as Dkt. Nos. 27-2, 27-3, and 27-4) prompted several timely objections from Public Resource (which Plaintiffs filed as Dkt. Nos. 27-5, 27-6, and 27-7). Among these objections were that three interrogatories (Nos. 5, 6, and 7), three requests for production (Nos. 6, 7, and 8), and three requests for admission (Nos. 6, 7, and 8) were vague and ambiguous because the terms "viewed," "accessed," and "downloaded" had no clear meaning, particularly in the context in which Plaintiffs used them. Public Resource applied its own understanding of a normal

1

interpretation of these terms and responded accordingly. Some of the interrogatories and requests, including Request for Admission No. 3, used the term "published." "Publication" has a precise definition under the Copyright Act, and Public Resource applied that statutory definition in responding. Public Resource also objected to Interrogatory No. 8 (and related Request for Production No. 9) as improperly seeking premature contention facts while Defendants are still investigating their defenses.

      3.      The counsel for both parties discussed Plaintiffs' disagreements with Public Resource's written discovery responses by letter on November 10, November 13, November 14, and November 19, 2014. Those letters are on file with the Court as Dkt. Nos. 27-9, 27-10, 27-11, and 27-13. In those letters, Plaintiffs proposed definitions of "viewed," "accessed," and "downloaded" that were confusing and contradictory, and in some instances, were misleading because they misdescribed factual aspects of the Internet and of website functionality. I responded, pointing out these errors, and agreed to confer by phone on November 20 to attempt to clear up these matters.

      4.      On November 20, 2014, I conferred with Mr. Hudis, counsel for Plaintiffs, by phone. During that conference, I asked him what he meant by "viewed," "accessed," and "downloaded." He said "view" means "see it on my screen;" "access" means "pull it up;" "download" means "take a file and save it to a [user's] hard drive or wherever else a user stores things." He also later explained that "download" does not mean "to print." I asked what he meant by "pull it up." He said "type an address into the browser address bar and access a website through a web browser." I asked how that differed from "view." He said they are the same. These descriptions of the meanings of these terms differed from what Mr. Hudis had written in his letters on November 10 and November 14, 2014. I thus told Mr. Hudis that I

would discuss his proposed definitions with my client.

5. On November 21, 2014, Mr. Hudis sent a letter claiming that, during the call, we had agreed on definitions for the terms, which we had not, and asserting different definitions from the ones we had discussed on the phone. I responded to correct Mr. Hudis's mischaracterization of our conversation; since Plaintiffs had see-sawed on definitions between the telephone call and Mr. Hudis's letter, I offered new written definitions that were technologically precise and accurate and that differentiated between the terms. That correspondence is on file with the Court as Dkt. Nos. 27-14 and 27-15. Mr. Hudis wrote back on November 25, 2014, just before Thanksgiving, and accepted Public Resource's proposed definitions. That correspondence is on file with the Court as Dkt. No. 27-16.

6. Public Resource amended its written discovery responses based on the new definitions and served them exactly two weeks after the Thanksgiving holiday weekend. The amended interrogatory and document request responses are **Exhibits 1 and 2**. Since the new definitions did not change Public Resource's responses to the Requests for Admission, Public Resource did not amend those responses.

7. During our conference, I had informed Mr. Hudis that Public Resource would produce documents and a privilege log on a rolling basis. Public Resource has done so. **Exhibit 3** is Public Resource's first production letter.

8. I have learned that, on the morning Plaintiffs filed their motion to compel, Mr. Hudis phoned one of my co-counsel, Mitch Stoltz, and informed him that, after calling the Court's clerk, he had determined that a telephone conference with the Court (which the Scheduling Order and Judge Chutkan had initially directed) was not necessary before Plaintiffs re-filed their motion and that Mr. Hudis would thus proceed to do so. Mr. Hudis did not discuss

the substance of Plaintiffs motion with Mr. Stoltz.  Nor did he discuss it with me.

9. Instead, Mr. Hudis wrote to me on December 18, 2014, with questions regarding Public Resource's amended discovery responses.  I responded on December 22, 2014.  Those letters are **Exhibits 4 and 5**.

10. On December 30, 2014, Mr. Hudis informed Public Resource for the first time that he intended to raise additional discovery matters with the Court at the hearing on January 15, 2015, that he had not raised and that the parties had not conferred about before Plaintiffs filed their motion.  I addressed these matters by letter.  These letters are **Exhibits 6 and 7** to this declaration.

I declare under penalty of that the foregoing is true and correct.  Executed on January 5, 2015.

> */s/Andrew P. Bridges*
> Andrew P. Bridges