# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaimants. | Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED RESPONSES TO PLAINTIFFS-COUNTERDEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, THINGS, AND ELECTRONICALLY STORED INFORMATION (NOS. 1-9)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of Civil Procedure of this Court, Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource") hereby responds to Plaintiffs-Counterdefendants American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.'s (collectively "Plaintiffs") Requests for Production of Documents, Things, And, Electronically Stored Information, Set One (Nos. 1-9) dated October 1, 2014 as follows:

**GENERAL OBJECTIONS**

Public Resource makes the following General Objections to each of Plaintiffs' Requests:

1. Public Resource objects to the requests to the extent that they are overly broad, unduly burdensome, or oppressive, and to the extent they are inconsistent with, or purport to impose obligations on Public Resource beyond those set forth by the Federal Rules of Civil Procedure, particularly Rule 34(b)(2)(D)-(E), the Local Rules of the U.S. District Court for the

District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law, particularly to the extent that compliance would force Public Resource to incur a substantial expense that outweighs any likely benefit of the discovery. Public Resource's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiffs seek to impose.

2. Public Resource objects to each individual request to the extent that it seeks documents and information that are neither relevant to the Litigation nor reasonably calculated to lead to the discovery of admissible evidence. Such objections may be made applicable to requests in the short form "irrelevant."

3. Public Resource objects to the requests to the extent that they seek documents and information that are not in Public Resource's possession, custody, or control. Public Resource objects to the requests on the grounds that they seek to impose obligations on Public Resource that are unduly burdensome, especially to the extent that the requested materials are publicly available or otherwise equally available to Plaintiffs, or are burdensome to search for or obtain. Public Resource further objects to the extent that the requests are overbroad. To the extent that Public Resource agrees to produce any documents, Public Resource will produce only documents in its possession, custody, or control.

4. Public Resource objects to the extent that they seek documents and information that are protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privileges or protections. Public Resource will not produce such documents or information, and any inadvertent production is not a waiver of any applicable privilege or production.

5. Public Resource objects to the requests to the extent they purport to require Public Resource to provide more information than the rules and laws of the court require in claiming attorney-client privilege, work product protection, or other privileges or protections. Furthermore, Public Resource will neither produce nor log privileged communications made between Public Resource and outside counsel, or any documents protected by the work product

2

doctrine after commencement of the Litigation.  All such communications or other documents were intended to be confidential or privileged, and they have been treated as such.  In light of the voluminous nature of such communications, including them in Public Resource's privilege log would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6. Public Resource objects to the requests on the grounds that they seek documents and information that contain or reflect sensitive private, financial, or other non-public information of third parties.  Public Resource will not provide such documents or information until entry of an appropriate protective order.

7. Public Resource objects to the requests to the extent that they purport to require Public Resource to produce documents or communications containing any information received from a third party under a nondisclosure agreement or other confidentiality obligation, or to the extent they seek documents containing confidential information that would impinge on any right to privacy and free speech of individuals, including, but not limited to, rights conferred by the federal or California state constitutions.  Public Resource also objects to producing the contents of any part of any agreement between it and a third party, which, by its terms, is subject to confidentiality.  Public Resource will provide confidential information only after entry of an appropriate protective order, and only to the extent Public Resource can do so consistently with its legal and confidentiality obligations.

8. Public Resource objects to the requests, and each and every instruction and definition, to the extent that the scope of materials Plaintiffs seeks is not limited to a relevant and reasonable period of time.

9. Public Resource objects to each request to the extent it is vague, ambiguous, or fails to describe the requested documents with reasonable particularity, on the grounds that such request requires Public Resource to speculate as to the documents Plaintiffs seek.

10. Public Resource objects to each request to the extent that it is unreasonably cumulative and/or redundant of another document request.

11. Public Resource objects to each request to the extent that it is compound, complex, or otherwise unintelligible.

12. Public Resource objects to each request to the extent that it calls for a legal conclusion in connection with the identification of potentially responsive documents. Public Resource's responses and/or production of documents pursuant to Plaintiffs' requests shall not be construed as agreement with or the provision of any legal conclusion concerning the meaning or application of any terms used in such requests.

13. Public Resource's statement that it will produce documents in response to any request for production is not a representation that any such documents exist, but rather that responsive, non-privileged documents will be produced if such documents are discovered in the course of a reasonably diligent search, consistent with the General Objections and based upon Public Resource's understanding of the request.

14. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each of Public Resource's objections and responses below as if fully stated there, Public Resource responds to each request subject to the following additional express reservation of rights:

    a) The right to object on any applicable ground to the admission into evidence or other use of any of the documents produced in response to any request at the trial of this matter, at any other proceeding in this matter or in any other action; and

    b) The right to object on any applicable ground at any time to any demand for further responses to any request or to any other discovery procedures involving or relating to the subject matter of any request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce each document, thing and/or item of ESI that is identified in Public Resource's answers to Plaintiffs' First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to interrogatories in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

Produce each document, thing and/or item of ESI that is identified in Public Resource's Mandatory Disclosures pursuant to Fed.R.Civ.P.26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public

Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents specifically identified in its responses to Rule 26(a) initial disclosures in this Litigation, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

Produce those documents, things and/or items of ESI regarding Public Resource obtaining a printed version or versions of the 1999 Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Public Resource incorporates here each of the General Objections.  Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections.  Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control.  Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources.  Public Resource objects to this request as unreasonably duplicative of other requests.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource obtaining a printed version or versions of the 1999 Standard, to the extent such

documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

Produce those documents, things and/or items of ESI regarding Public Resource digitizing or converting a paper version of the 1999 Standards to digital format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the Request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects to this request as unreasonably duplicative of other requests. Public Resource objects that the request is compound, complex, and unintelligible.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource digitizing or converting a paper version of the 1999 Standard to digital format, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

Produce those documents, things and/or items of ESI regarding Public Resource posting or publishing the 1999 Standards to a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad and unduly burdensome, including to the extent it is not limited to a reasonable time period or scope. Public Resource objects to the request it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public sources, including but not limited the Public Resource Website and the Internet Archive Website. Public Resource objects to the request to the extent it purports to require production of documents not in Public Resource's possession, custody, or control.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to Public Resource posting or publishing the 1999 Standard to a Public Resource Website, including the archived version of the Public Resource Website available on the Internet Archive Website, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

Produce those documents, things and/or items of ESI showing the number of times the 1999 Standards were downloaded from a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and

8

unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999 Standard was downloaded from the Public.Resource.Org website. Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total downloads from the Internet Archive are likewise not visible either.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO.6:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

After conference, the parties agree as follows:
- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "accessed," "viewed" and "downloaded," Public Resource responds as follows:

Subject to and without waiving the foregoing objections, to the best of its knowledge at this time, Public Resource has no documents responsive to this request specific to the act of downloading (as opposed to the act of accessing, which Public Resource addresses in its response to Plaintiffs' Interrogatory No. 5). Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents that refer to a third party downloading the 1999 Standard from the Public.Resource.Org website or the Internet Archive website after a reasonable search for documents in Public Resource's possession, custody, or control, it will produce those documents.

**REQUEST FOR PRODUCTION NO. 7:**

Produce those documents, things and/or items of ESI showing the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce a report specifying the numbers of times the 1999

Standard was viewed on or accessed from the Public.Resource.Org website. Because the Standard at issue was removed from public view on the Internet Archive, statistics as to the total views from the Internet Archive are likewise not visible either.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it. Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

After conference, the parties agree as follows:
- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "accessed," and "viewed" Public Resource responds as follows:

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource has provided a report specifying the numbers of times the 1999 Standard was accessed from the Public.Resource.Org website (*see* Public Resource's response to Plaintiffs' Interrogatory No. 5). To the best of its knowledge at this time, Public Resource has no

11

documents responsive to this request specific to the act of viewing (as opposed to the act of accessing). Public Resource's investigation is ongoing, and to the extent it locates any responsive non-privileged documents that refer to instances in which a third party viewed the 1999 Standard using the Public.Resource.org website after a reasonable search for documents in Public Resource's possession, custody, or control, it will produce such documents.

Furthermore, because the 1999 Standard at issue was removed from public view on the Internet Archive, Public Resource has no access to statistics from the Internet Archive website as to the total number of accesses or views the 1999 Standard received, but it is Public Resource's understanding that the Internet Archive has produced documents on this topic in response to Plaintiffs' subpoena.

**REQUEST FOR PRODUCTION NO. 8:**

Produce those documents, things and/or items of ESI regarding any instance of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted or published the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request to the extent that it assumes facts or legal conclusions not yet adjudicated.

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource will produce responsive, non-privileged documents that refer to

instances in which a third party, after downloading the 1999 Standard from a Public Resource Website, posted or published the 1999 Standard elsewhere online or created a derivative work, to the extent such documents exist and can be located after a reasonable search for documents in Public Resource's possession, custody, or control.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution. Public Resource objects to the request to the extent that it assumes facts or legal conclusions not yet adjudicated.

After conference, the parties agree as follows:
- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "accessed," "viewed" and "downloaded," Public Resource responds as follows:

Subject to and without waiving the foregoing objections, to the best of its knowledge at this time, Public Resource has no documents responsive to this request. Public Resource's investigation is ongoing, and to the extent that it locates any responsive non-privileged documents after a reasonable search for documents in Public Resource's possession, custody, or control that refer to instances in which a third party, after downloading the 1999 Standard from

13

the Public.Resource.org website or the Internet Archive website, posted or published the 1999 Standard elsewhere online or created a derivative work, it will produce such documents.

**REQUEST FOR PRODUCTION NO. 9:**

Produce those documents, things and/or items of ESI supporting and/or disputing each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Public Resource incorporates here each of the General Objections. Public Resource objects to the request as overbroad, oppressive, and unduly burdensome. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or protections. Public Resource objects to the request to the extent that it purports to require production of documents not in Public Resource's possession, custody, or control. Public Resource objects to the request as oppressive and unduly burdensome to the extent that it seeks documents that are equally available to Plaintiffs from public and other sources. Public Resource objects to the request to the extent that it purports to require production of documents that have not yet been created or are the subject of ongoing discovery by Public Resource. Public Resource objects that the request is compound, complex, and unintelligible. Public Resource objects to this request as unreasonably duplicative of each and every other request.

Subject to, and without waiving, the foregoing objections, and to the extent Public Resource understands the request, Public Resource responds that it will not produce any documents in response to this request, except to the extent such documents are responsive to other requests.

Date: December 15, 2014      FENWICK & WEST LLP

                */s/ Andrew P. Bridges*
                Andrew P. Bridges (admitted)
                abridges@fenwick.com
                555 California Street, 12th Floor
                San Francisco, CA 94104
                Telephone: (415) 875-2300
                Facsimile: (415) 281-1350

                David Halperin (D.C. Bar No. 426078)
                davidhalperindc@gmail.com
                1530 P Street NW
                Washington, DC 20005
                Telephone: (202) 905-3434

                Corynne McSherry (pro hac vice)
                corynne@eff.org
                Mitchell L. Stoltz (D.C. Bar No. 978149)
                mitch@eff.org
                ELECTRONIC FRONTIER FOUNDATION
                815 Eddy Street
                San Francisco, CA 94109
                Telephone: (415) 436-9333
                Facsimile: (415) 436-9993

                *Attorneys for Defendant-Counterclaimant*
                PUBLIC.RESOURCE.ORG, INC.