# EXHIBIT 7

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

January 5, 2015

ANDREW P. BRIDGES

EMAIL ABRIDGES@FENWICK.COM
Direct Dial (415) 875-2389

**VIA E-MAIL** [jhudis@oblon.com; kcooney-porter@oblon.com]

Jonathan Hudis
Kathleen Cooney-Porter
OBLON SPIVAK McCLELLAND MAIER &
NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314

      Re:    *American Education Research Association, Inc., et al. v. Public.Resource.Org, Inc.*, Case No.: 1:14-cv-00857-TSC (D.D.C.)

Dear Jonathan and Kathleen:

I respond to your letter of December 30, 2014.

      Your letter evidences significant confusion about how web servers function. Web servers, and specifically in this instance, Public Resource's web server, can record the requests they receive, including the protocol the request used, but they cannot record the user's activities on the user's own machine. Thus, while Public Resource has a record of requests for access (and whether those requests were successful), it has no record of what users chose to do on their own machines after they have obtained access.

      Your accusation that Public Resource is withholding information on user activity is completely baseless and appears to stem from your fundamental misunderstanding of (1) the difference between the server that acts as a website's host and the user-end machine that accesses the website and (2) the activity that takes place on each when a user browses the Web. Public Resource has responded properly to Interrogatory No. 5, which asked for "the number of visitors who viewed and/or accessed the 1999 Standards" on Public Resource's website. The number of successful requests Public Resource's web server recorded is the best answer Public Resource has.

      Your "suspicion" that Plaintiffs could obtain records of activity on *user* machines from *Public Resource*'s raw server logs is wildly wrong, based on your technological misunderstanding about how the Internet functions. I suggest you consult an expert in these matters before indulging such suspicions or speculating further.

      Furthermore, Public Resource has no obligation to provide documents that do not exist or information it does not have. I explained to you, as a courtesy, why Public Resource does not

Jonathan Hudis
Kathleen Cooney-Porter
January 5, 2015
Page 2

have information from before April 2013.  If your clients wish to take formal discovery on this matter, you may ask the question at deposition.

      Nor is it proper for Plaintiffs to seek free discovery by quizzing counsel for Public Resource about what activity users may have engaged in.  Your new questions are outside the bounds of Interrogatory No. 5.  If Plaintiffs want additional information, they must use the proper vehicle instead of posing questions to counsel.  Public Resource will respond appropriately to any new discovery requests on the topic.

      Yours very truly,

      FENWICK & WEST LLP

      *s/ Andrew P. Bridges*

      Andrew P. Bridges

APB:kl