**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | ) ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) |
| v. | ) ) ) |
| PUBLIC.RESOURCE.ORG, INC., | ) ) |
| Defendant/Counterclaimant. | ) ) |

Civil Action No. 1:14-cv-00857-TSC-DAR

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' AMENDED MOTION TO COMPEL DISCOVERY, PRIVILEGE LOG, AND FURTHER INITIAL DISCLOSURES**

**ORAL ARGUMENT REQUESTED**

Plaintiffs/Counterclaim Defendants, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), submit this Reply Memorandum in further support of their Amended Motion to Compel Discovery, Privilege Log, and Further Initial Disclosures (Dkt. No. 27).

**PRELIMINARY STATEMENT**

Defendant/Counterclaimaint's, Public.Resource.Org, Inc.'s ("Defendant" or "Public Resource") opposition papers evince a continued pattern of discovery obstruction and evasion. Defendant's failure to produce a single discovery document for almost three months (until after Plaintiffs filed their discovery motion) indeed constitutes Public Resource dragging its feet.

Public Resource blames its delays upon Plaintiffs' use (in its discovery questions) of common dictionary terms – such as "view," "access," "download" and "publish" – as being somehow misleading. The parties, however, agreed to Public Resource's definitions of all but one of these terms on November 25, 2014 (Dkt. No. 27-16). Even then, Public Resource took

another 2½ weeks to serve Amended Interrogatory Responses and Amended Production Responses (collectively, "Amended Discovery Responses," Hudis Reply Decl., ¶¶ 4-5, Exhs. S, T). These Amended Discovery Responses still fail to cure all of Defendant's inadequate discovery responses as noted in Plaintiffs' original discovery motion.

Public Resource also failed to produce a single discovery document until well over a month following the parties' November 25, 2014 agreement-upon-terms, and almost three months after Plaintiffs served their First Set of Interrogatories, First Production Requests, and First Admission Requests (collectively, "Plaintiffs' Discovery Requests") (Dkt. Nos. 27-2–27-4).

Public Resource's opposition papers moreover twist the facts regarding Plaintiffs' good faith efforts to resolve outstanding discovery issues. Except where absolutely necessary, Plaintiffs will not address in this Reply Public Resource's self-serving, undignified and untruthful ad hominem attacks on Plaintiffs' counsel.

Plaintiffs have made consistent good faith efforts to resolve the deficiencies in Public Resource's Discovery Responses (Dkt. Nos. 27-9, 27-11, 27-12, 27-14 and 27-16). On the other hand, Public Resource has consistently dragged its feet and engaged in dilatory tactics to delay discovery in this case. Accordingly, Plaintiffs respectfully request that Public Resource be directed to:

- Supplement (Again) its Response to Interrogatory No. 5;
- Produce Documents Relied Upon in Its Amended Response to Interrogatory No. 5;
- Produce Documents Responsive to Production Request No. 7;
- Produce materials responsive to Plaintiffs' Production Requests Nos. 1, 2, 5, and 9;
- Supplement its response to Plaintiffs' Interrogatory Nos. 6 and 8;
- Supplement its responses to Plaintiffs' Admission Requests Nos. 3 and 6; and
- Supplement its Initial Disclosures required under Fed. R. Civ. P. 26(a)(1)(a)(ii).

In order to reduce the number of discovery issues requiring resolution by the Court, Plaintiffs withdraw their motion with respect to Interrogatory No. 7, Admission Requests Nos. 6 and 7, Production Requests Nos. 3-4 and 8, and the requirement that Public Resource produce a privilege log.

Plaintiffs will take at face value Public Resource's claim that it does not have access to the third party information requested in Interrogatory No. 7, Admission Requests Nos. 6 and 7 or Production Request No. 8.   On December 29, 2014, Public Resource produced documents responsive to Production Requests Nos. 2-4, and produced a privilege log corresponding to this production on January 4, 2015.

## ARGUMENT

I. **PUBLIC RESOURCE'S GENERAL DISCOVERY OBJECTIONS ARE IMPROPER, AND SHOULD THEREFORE RESULT IN A WAIVER OF THOSE OBJECTIONS**

By failing to address Plaintiffs' arguments regarding Public Resource's improper general discovery objections in its opposition papers, Public Resource concedes that its general discovery objections are improper.  *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("when a [party] … files a response to a motion … but fails to address certain arguments made by the [movant], the court may treat those arguments as conceded …..").  While Public Resource provided Plaintiffs with Amended Discovery Responses, Public Resource did not amend any of its responses to withdraw its improper General Objections to Plaintiffs' Discovery Requests (Hudis Reply Decl. ¶¶ 4-5, Exhs. S, T).

Public Resource's asserted "General Objections" are still "incorporated by reference" in scattershot fashion into each and every one of its discovery responses without identifying the specific infirmity(ies) of Plaintiffs' discovery request(s).  Public Resource then simply states that it does not waive its objections and will produce only those documents that are relevant and non-

privileged after reviewing its documents.  Courts have found that this "type of answer hides the

ball" and is "of no more usefulness to the plaintiffs or to the Court than the objections lodged in

the general section." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998),

*aff'd in part, rev'd in part, and remanded on other gnds.*, 351 F.3d 1166 (D.C. Cir. 2003).

Simply agreeing to produce relevant, non-privileged documents without withdrawing the

General Objections "serves only to obscure potentially discoverable information and provides no

mechanism for either [P]laintiffs or the Court to review [Public Resource's] decisions." *Id.*

(finding that because the defendant agreed to produce documents and did not lodge specific

objections to the discovery requests it had waived its right to object).

Because Public Resource's General Objections do not specifically address the alleged

drawback(s) of each discovery request, Plaintiffs' respectfully request that the Court find Public

Resource's so-called General Objections to have been waived.

## II.   SPECIFIC DISCOVERY REQUESTS TO WHICH PUBLIC RESOURCE STILL SHOULD BE DIRECTED TO RESPOND

### A.   Public Resource Should Be Directed to Supplement (Again) its Answer to Interrogatory No. 5, Produce Documents Relied Upon in Its Amended Response to Interrogatory No. 5, and Produce Documents Responsive to Production Request No. 7

INTERROGATORY NO. 5:

> Identify and describe, by month and year starting from the date that the 1999 Standards were first posted on or published to a Public Resource Website or Public Resource Websites, the number of visitors who viewed and/or accessed the 1999 Standards on that website or those websites.

(Dkt. No. 29-2)

AMENDED RESPONSE TO INTERROGATORY NO. 5:

> Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for

this proceeding, or any applicable regulations and case law.   Public Resource objects to this interrogatory and to the term "viewed and/or accessed" as vague and ambiguous.   Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed." Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.

- "View(ed)" means the act of seeing or examining.

- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "viewed" and "accessed," Public Resource responds as follows:

Public Resource recorded on the Public.Resource.org website the following number of HyperText Transfer Protocol (HTTP) requests for the filename "aera.standards.1999.pdf" for each month and date below. In calculating the number of HTTP requests, Public Resource counted each successful full retrieval request ("status code 200") as one request and all partial retrieval requests ("status code 206") within the same hour as one request (under the assumption that each set was one device making a series of partial retrieval requests that added up to one full retrieval).

            2013-08: 18
            2013-09: 58
            2013-10: 259
            2013-11: 260
            2013-12: 331
            2014-01: 564
            2014-02: 471
            2014-03: 536
            2014-04: 633
            2014-05: 741
            2014-06: 293
            2014-07: 69
            2014-08: 48
            2014-09: 30
            2014-10: 50

Public Resource recorded on the Public.Resource.org website the following number of File Transfer Protocol (FTP) requests for the filename "aera.standards.1999.pdf" for each month and date below.

> 2013-06: 1
> 2013-07: 2
> 2013-08: 1
> 2013-09: 3
> 2013-10: 3
> 2013-11: 4
> 2013-12: 8
> 2014-03: 6
> 2014-04: 5
> 2014-05: 4
> 2014-06: 1
> 2014-08: 1
> 2014-09: 2
> 2014-10: 1

Public Resource recorded on the Public.Resource.org website the following number of Rsync (remote sync) protocol requests for the filename "aera.standards.1999.pdf" for each month and date below.

> 2013-04: 1
> 2013-11: 1

On June 10, 2014, at Plaintiffs' request, Public Resource replaced on its website the document which had the filename "aera.standards.1999.pdf" with a stub document explaining this litigation. Because the stub document has the same filename, retrievals of that document also appear in this set of records.

(Hudis Reply Decl., ¶ 4, Exh. S).

PRODUCTION REQUEST NO. 7:

Produce those documents, things and/or items of ESI showing the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website.

(Dkt. No. 29-3)

AMENDED RESPONSE TO PRODUCTION REQUEST NO. 7:

Public Resource incorporates here each of the General Objections. Public Resource objects to the request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or protections. Public Resource objects to the

request to the extent it seeks information whose disclosure would impinge on any right of privacy or free speech or free association, including, but not limited to, rights conferred by the Constitution.  Public Resource objects to the request as overbroad and unduly burdensome to the extent it purports to require Public Resource to furnish website statistics not reasonably available to it.  Public Resource objects to the request to the extent that it assumes facts not yet adjudicated.

After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.

- "View(ed)" means the act of seeing or examining.

- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "accessed," and "viewed" Public Resource responds as follows:

Subject to, and without waiving, the foregoing objections, Public Resource responds as follows: Public Resource has provided a report specifying the numbers of times the 1999 Standard was accessed from the Public.Resource.Org website (*see* Public Resource's response to Plaintiffs' Interrogatory No. 5).  To the best of its knowledge at this time, Public Resource has no documents responsive to this request specific to the act of viewing (as opposed to the act of accessing).  Public Resource's investigation is ongoing, and to the extent it locates any responsive non-privileged documents that refer to instances in which a third party viewed the 1999 Standard using the Public.Resource.org website after a reasonable search for documents in Public Resource's possession, custody, or control, it will produce such documents.

Furthermore, because the 1999 Standard at issue was removed from public view on the Internet Archive, Public Resource has no access to statistics from the Internet Archive website as to the total number of accesses or views the 1999 Standard received, but it is Public Resource's understanding that the Internet Archive has produced documents on this topic in response to Plaintiffs' subpoena.

(Hudis Reply Decl., ¶ 5, Exh. T).

On December 15, 2014, two days after Plaintiffs' filed their initial Motion to Compel (Dkt. No. 25), Public Resource served its Amended Discovery Responses, which included an amended response to Interrogatory No. 5 (Hudis Reply Decl., ¶ 4, Exh. S).   In its amended

response to Interrogatory No. 5, Public Resource provided the number of recorded HyperText Transfer Protocol (HTTP) requests, File Transfer Protocol (FTP) requests, and Rsync (remote sync) protocol requests recorded on the Public.Resource.Org website from April 2013 until October 2014.

Each of these protocol requests allow for the transfer of data between computer systems. HTTP is a "request/response" protocol where a client sends a request to a server and the server returns a response message to the client containing information about the request as well as requested content (Hudis Reply Decl., ¶ 6, Exh. U).  FTP is a network protocol used to transfer files from one system to another over a TCP-based network, such as the Internet (Hudis Reply Decl., ¶ 7, Exh. V).  Rsync allows copies of a file to be kept on multiple computer systems at the same time, allowing for synchronization of the files between the two systems (Hudis Reply Decl., ¶ 8, Exh W).

This "techno-jargon" does not provide, *in plain English*, "the number of visitors who viewed and/or accessed the 1999 Standards on" Public Resource's Website(s) or state whether documentation will be provided showing "the number of times a digitized or digital version of the 1999 Standards were viewed on or accessed from a Public Resource Website" (as requested in Interrogatory No. 5 and Production Request No. 7).

In its amended response to Production Request No. 8 (Hudis Reply Decl., ¶ 5, Exh. T), Public Resource referred to its amended response to Interrogatory No. 5 as "a report specifying the number of times the 1999 Standard was accessed from the Public.Resource.Org website." (Hudis Reply Decl., ¶ 5, Exh. T at 11).  Public Resource, however, provided no documents to verify the number of HTTP, FTP, or Rsync requests listed in its amended response to

Interrogatory No. 5. Without supporting documentation, Plaintiffs are unable to verify the accuracy of Public Resource's reported numbers, much less what they mean.

Plaintiffs asked Public Resource for this information on multiple occasions (Hudis Reply Decl., ¶¶ 9, 10, Exhs. X, Y), but Public Resource refuses to provide Plaintiffs with the requested documentation (Hudis Reply Decl., ¶ 11, Exh. Z). Accordingly, Public Resource should be directed to provide a supplemental answer to Interrogatory No. 5, produce the materials relied on in responding to Interrogatory No. 5, and produce documents responsive to Production Request No. 7.

> **B.      Public Resource Should be Directed to Supplement Its Amended Responses to Discovery Requests Including the Word "Downloaded" or "Downloading" (Interrogatory No. 6 and Admission Request No. 6)**

Public Resource's Amended Discovery Responses include amended answers to Interrogatories Nos. 6 and 7. Public Resource did not amend its Responses to Admission Requests Nos. 6-8. Plaintiffs' Interrogatory No. 7, and Admission Requests Nos. 7 and 8, require Public Resource to provide information activities taken by third parties after downloading the Standards from a Public Resource website. Plaintiffs acknowledge that third party activities are outside the scope of Public Resource's knowledge and therefore withdraw this motion with respect to Interrogatory No. 7 and Admission Request Nos. 7 and 8.

However, Public Resource should be required to supplement its responses to Interrogatory No. 6 and Admission Request No. 6:

INTERROGATORY NO. 6 (Emphasis Added):

> Identify the number of times the 1999 Standards were **downloaded** from a Public Resource Website or Public Resources Websites, and identify the particular Public Resource Website(s) from which the 1999 Standards were downloaded.

(Dkt. No. 29-2).

AMENDED RESPONSE TO INTERROGATORY NO. 6 (Emphasis Added):

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "viewed and/or accessed" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed." Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.

- "View(ed)" means the act of seeing or examining.

- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "viewed" and "accessed," Public Resource responds as follows:

Subject to and without waiving the foregoing objections, to the best of its knowledge at this time, **Public Resource has no information responsive to this request specific to the act of downloading** (as opposed to the act of accessing, which Public Resource addresses in its response to Interrogatory No. 5). Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

(Hudis Reply Decl., ¶ 4, Exh. S).

REQUEST FOR ADMISSION NO. 6 (Emphasis Added):

Admit that visitors to a Public Resource Website have **downloaded** the 1999 Standards from that website.

(Dkt. No. 27-4).

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 6 (Emphasis Added):</u>

> Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this request as outside the scope of discovery to the extent it calls for information regarding the actions of visitors to Public Resource's website that is not within Public Resource's knowledge. **Public Resource objects to this request and to the term "downloaded" as vague and ambiguous**. To the extent Plaintiffs use "download" to mean intentionally saved as a file on a visitor's computer, Public Resource lacks knowledge as to whether visitors (other than counsel and the parties for the purposes of this litigation) engaged in such conduct.
>
> Subject to and without waiving the foregoing objections, Public Resource **admits that visitors to Public Resource's website have accessed** the 1999 Standard.

(Dkt. No. 27-7).

Both Interrogatory No. 6 and Admission Request No. 6 relate to Plaintiffs' Standards being downloaded from a Public Resource Website by third parties. Plaintiffs and Public Resource agreed to a definition of the term "download" (Dkt. No. 27-16).

In its amended response to Interrogatory No. 6, Public Resource states that it "has no information responsive to this request specific to the act of downloading." Public Resource, however, produced a spreadsheet that explicitly lists the number of times the Standards were "downloaded" from its website (Hudis Reply Decl., ¶ 12, Exh. AA). Public Resource's amended response to Interrogatory No. 6 is in direct conflict with its document production. Accordingly, Plaintiffs request that Public Resource supplement its response to Interrogatory No. 6.

Public Resource has not supplemented its response to Admission Request No. 6, despite agreeing to "provide amended written discovery responses based on [this] definition" (Dkt. No. 29-15). Accordingly, Public Resource should be directed to supplement its response to Admission Request No. 6.

**C.    Public Resource Should be Directed to Supplement Its Response to Request for Admission No. 3**

REQUEST FOR ADMISSION NO. 3 (Emphasis Added):

> Admit that Public Resource **published** the 1999 Standards, in their entirety, on a Public Resource Website.

(Dkt. No. 27-4.)

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

> Public Resource incorporates its general objections as if fully set forth here.  Public Resource denies the request.

(Dkt. No. 27-7.)

Public Resource continues to argue that the term "publication" should be defined by the Copyright Act and not the plain meaning of the word.  (Dkt. No. 29 at 6-7.)  Public Resource thus claims that the terms "post" and "publish" carry different meanings.  Relying on this argument, Public Resource refuses to amend its Response to Admission Request No. 3, thus refusing to admit that the Standards were "published" on a Public Resource website.  Public Resource does admit that the Standards were "posted" on a Public Resource website.

In his initial letter to Carl Malamud (Public Resource's President), John Neikirk, the Director of Publications at AERA, informed Mr. Malamud that the Standards were improperly "posted" on a Public Resource website and requested that Mr. Malamud remove the "posting" immediately (Hudis Reply Decl., ¶ 13, Exh. BB).  In response, Mr. Malamud acknowledged "the publication of the [Standards]" on a Public Resource Website and admitted responsibility for uploading the Standards.  (Hudis Reply Decl., Ex. CC.)

Public Resource cannot deny being aware of these communications as both of them were included multiple times in Public Resource's December 29, 2014 document production.  Public Resource's arguments about the meaning of the term "publish" do not change the facts.  Public

Resource already (in correspondence) acknowledged the publication of Plaintiffs' Standards on a Public Resource website. Plaintiffs therefore request that Public Resource be directed to supplement its response to Admission Request No. 3.

      **D.**      **Public Resource Should be Directed to Supplement Its Responses Regarding the Factual and Legal Bases of Its Affirmative and Other Defenses (Interrogatory No. 8 and Production Request No. 9)**

Interrogatory No. 8 and Production Request No. 9 relate to the factual and legal bases of each Affirmative and Other Defenses to Plaintiffs' Complaint asserted in Public Resource's Counterclaim and Answer (Dkt. Nos. 29-2, 29-3). Public Resource persistently refuses to respond to these discovery requests (Dkt. Nos. 27-10, 27-13, 29). In its opposition, Public Resource argues that Plaintiffs' contention interrogatories and production requests are premature – citing *Everett v. USAir Grp., Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) in support.

*Everett*, however, relying on *In re Convergent Techs.,* 108 F.R.D. 328, 336 (N. D. Cal. 1985), establishes a test for when contention interrogatories should be deferred and when early answers can be secured. *Everett*, 165 F.R.D. at 3. Postponing responses to contention interrogatories is improper when the proponent of the contention interrogatories demonstrates why they are necessary earlier in the proceeding. For example, when answering a few specific contention interrogatories will materially contribute to the goals of the Federal Rules of Civil Procedure the "responding party must answer those questions." *In re Convergent Techs.*, 108 F.R.D. at 339-40.

Fed. R. Civ. P. 1 provides for the "just, speedy, inexpensive determination of every action and proceeding." Fact discovery opened on September 25, 2014, after the parties' Fed. R. Civ. P. 26(f) meet-and-confer telephone discussion (Hudis Reply Decl., ¶ 2.) Fact discovery is set to close on March 16, 2014, just over two months from now (Hudis Reply Decl., ¶ 3.) Yet, Public Resource claims that discovery is still necessary to flesh out a number of its affirmative defenses

(Dkt. No. 29 at 9).   However, Public Resource chose not to serve Plaintiffs with any written discovery until December 15, 2014.  Plaintiffs' access to discovery and right to a just and speedy resolution of this case should not be hindered by Public Resource's continued delays.  Plaintiffs are entitled to know Public Resource's positions on, and support for, its Affirmative and Other Defenses so that Plaintiffs can take follow-up discovery.  Accordingly, Public Resource should be directed to respond to Plaintiffs' Interrogatory No. 8 and Production Request No. 9 – providing support for Defendant's asserted Affirmative and other Defenses.

**E.     Plaintiffs Withdraw that Part of Their Motion Seeking Supplemental Responses to Production Requests Nos. 6 and 7.  However, Documents Responsive to Production Request No. 7 Still Must be Produced.**

In their Amended Motion to Compel (Dkt. No. 27), Plaintiffs requested that Public Resource supplement its responses to Production Requests Nos. 6 and 7, as they were unintelligible.   Public Resource's Amended Responses to Production Requests Nos. 6 and 7 (Hudis Decl., ¶ 4, Exh. T) can now be understood.

As previously noted, Public Resource produced a spreadsheet that lists the number of times the Standards were "downloaded" (Hudis Reply Decl., ¶ 12, Exh. AA), which is responsive to Production Request No. 6.  On the other hand, as argued above, Public Resource still has not produced documents responsive to Production Request No. 7, and should be directed to do so.

**F.     Public Resource Should Be Directed to Produce All Documents Identified In Its Responses to Production Requests Nos. 1 and 5.**

Public Resource produced 78 documents on December 29, 2014 (Hudis Reply Decl., ¶ 15, Exh. DD (document production list)). These documents included materials sufficiently responsive to Plaintiffs' Production Requests Nos. 3 and 4.   Accordingly, Plaintiffs withdraw

their motion as to Production Requests Nos. 3 and 4.   Plaintiffs, however, have not provided sufficient information in response to Production Request Nos. 1 and 5.

Production Request No. 1 requests the production of all materials "identified in Public Resource's answers to Plaintiffs' First Set of Interrogatories" (Dkt. No. 27-2).   As discussed above, Public Resource has refused to provide Plaintiffs with the materials relied upon in responding to Interrogatory No. 5.   Public Resource should be directed to produce these materials.   Public Resource also provided an inaccurate response to Interrogatory No. 6.   To the extent additional materials exist referring to the number of times Plaintiffs' Standards were "downloaded" from a Public Resource Website, Defendant should be directed to produce these materials.

Production Request No. 5 requires the production of all materials "regarding Public Resource posting or publishing the 1999 Standards to a Public Resource Website" (Dkt. No. 27-2).   Public Resource has produced the Standards in the form that they were posted on the Public Resource Website.   Defendant, however, has provided no information regarding the process of posting the Standards.   In response to Interrogatory No. 3, Public Resource explains that the Standards (after scanning) are post-processed to optimize the scans and to generate Optical Character Recognition (OCR) on the text, and that metadata is stamped into the headers.   Public Resource's production does not include any materials relating to this post-processing of the Standards by Defendant.   Accordingly, Public Resource should be directed to produce these materials.

Public Resource, in its opposition, also states that "the bulk of its production" is complete (Dkt. No. 29 at 8.)   Defendant's production consisted of 78 documents totaling over 10,000

pages, with no explanation of which requests the documents were responsive to. *See*, Fed. R. Civ. P. 34(b)(2)(E).

Public Resource also plans to produce additional "production as necessary as it locates any further relevant and responsive documents." (Dkt. No. 29 at 5, 8). The purpose of discovery, however, is to prevent a "trial by ambush"[1]– where documents not produced during discovery will appear for the first time on Public Resource's exhibit list at trial or as an exhibit to motion papers during briefing on a dispositive motion.

Public Resource has had over three months to collect, review and produce responsive discovery materials. Public Resource should not be allowed to bombard Plaintiffs with additional discovery documents at the very end of fact discovery, after the completion of Defendant's deposition, for the first time at trial, or annexed to dispositive motion papers. Public Resource therefore should be directed to provide by a date-certain all relevant, non-privileged discovery materials.

Plaintiffs will take at face value Public Resource's claim that it does not have access to the third party documentation requested in Production Request No. 8. On this basis, Plaintiffs withdraw their motion with respect to this production request.

### III.   PUBLIC RESOURCE SHOULD BE DIRECTED TO SUPPLEMENT ITS INITIAL DISCLOSURES REQUIRED UNDER FED. R. CIV. P. 26(a)(1)(A)(ii), AND PRODUCE DOCUMENTS IDENTIFIED IN ITS INITIAL DISCLOSURES

Public Resource refuses to amend its overly broad and insufficiently specific Initial Disclosures of documents that are not tailored to this case. Public Resource also confuses its Initial Disclosure obligations with its discovery obligations. The purpose of the initial disclosure requirement is to "accelerate the exchange of basic information about the case and to eliminate

---

[1] *Rainer v. Am. Forest & Paper Ass'n*, 26 F. Supp. 2d 82, 95 D.D.C. (quoting *Ierardi v. Lorillard, Inc.*, 1991 U.S. Dist. LEXIS 11320 at *3 (E.D. Pa. Aug. 13, 1991) for the principle that "[t]he very purpose of discovery is to avoid trial by ambush.").

the paper work involved in requesting such information." Fed. R. Civ. P. 26 Advisory Committee's Note (1993). Public Resource's refusal to amend its initial disclosures is simply another example of Defendant's dilatory tactics to delay discovery.

Public Resource chooses to ignore that in this case, unlike in *Robinson v. Champaign Unit 4 Sch. Dist.*, Plaintiffs clearly explained how Public Resource's initial document disclosures are deficient. 412 F. App'x 873, 877 (7th Cir. 2011). Plaintiffs have repeatedly explained to Public Resource that its initial disclosure of documents it intends to rely upon is overly broad, not tailored to the facts of this case, and provides no basis for Plaintiff to propound additional discovery requests. Public Resource simply chooses to bury its head in the sand and obstinately refuses to amend its initial document disclosures.

Additionally, Plaintiffs' Production Request No. 2 requires Public Resource to produce the materials identified in its Initial Disclosures (Dkt. No. 27-3). Public Resource, despite having completed "the bulk of its production," (Dkt. No. 29 at 5, 8), has not produced any materials relating to the majority of document categories it claims will be relied upon in support of its claims or defenses. Public Resource's Initial Document Disclosures fail to accelerate the exchange of basic information in this case. Plaintiffs therefore request that Public Resource be directed to (i) supplement its Initial Document Disclosures, and (ii) produce the materials cited in its *amended* Initial Disclosures.

IV.    **PUBLIC RESOURCE'S CONTENTION THAT PLAINTIFFS' DISCOVERY MOTION ADDRESSES ISSUES NOT DISCUSSED WITH PUBLIC RESOURCE IS BASELESS AND UNTRUE**

Public Resource makes the baseless and untrue assertion that Plaintiffs' Motion addresses issues not previously discussed with defense counsel (Dkt. No. 29 at 11). This assertion is without merit. Plaintiffs spoke with Public Resource's counsel prior to filing their Initial Discovery Motion (Hudis Reply Decl., ¶ 16), and again before filing their Amended Discovery

Motion (Hudis Reply Decl., ¶ 17). During both of these conversations, Plaintiffs explained their position and asked when Public Resource was planning to amend its Discovery Responses.  On neither occasion did defense counsel state when amended discovery responses, if any, would be forthcoming or when discovery documents would be produced (Hudis Reply Decl., ¶¶ 16-18, Exh. EE).

Public Resource's supplemental discovery responses and document production did not appear until after Plaintiff moved to compel discovery (Hudis Reply Decl., ¶¶ 4, 5, 19).  Even now, Public Resource has failed to cure the deficiencies in many of its Discovery Responses. Public Resource's assertion that Plaintiffs failed to comply with their meet-and-confer obligations prior to filing their discovery motion is unfounded.  Rather, Defendant's unsupported arguments are mere attempts to misdirect the Court's attention away from Public Resource's dilatory conduct.

//

//

//

//

//

//

//

//

//

//

//

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel discovery, privilege log, and further initial disclosures, to the extent it has not been withdrawn due to subsequent events, should be granted.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT,LLP

Dated:   January 12, 2015          By:      /s/ Jonathan Hudis
                                              Jonathan Hudis (DC Bar # 418872)
                                              Kathleen Cooney-Porter (DC Bar # 434526)
                                              OBLON, SPIVAK, McCLELLAND,
                                                MAIER & NEUSTADT, LLP
                                              1940 Duke Street
                                              Alexandria, VA 22314
                                              Tel. (703) 413-3000
                                              Fax (703) 413-2220
                                              E-Mail jhudis@oblon.com
                                              E-Mail kcooney-porter@oblon.com

                                              Attorneys for Plaintiffs

                                              AMERICAN EDUCATIONAL RESEARCH
                                                ASSOCIATION, INC.
                                              AMERICAN PSYCHOLOGICAL
                                                ASSOCIATION, INC.
                                              NATIONAL COUNCIL ON
                                                MEASUREMENT IN EDUCATION, INC.

JH/KCP/KDC/kdc {431184US, 11520324_1.DOCX}

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' AMENDED MOTION TO COMPEL DISCOVERY, PRIVILEGE LOG, AND FURTHER INITIAL DISCLOSURES** in support, and a **REVISED PROPOSED ORDER** were filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
corynne@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis