# EXHIBIT Y

Case No. 1:14-cv-00857-TSC-DAR



December 30, 2014
**Via E-Mail**

ATTORNEYS AT LAW

JONATHAN HUDIS
(703) 412-7047
JHUDIS@OBLON.COM

KATHLEEN COONEY-PORTER
(703) 413-3000
KCOONEY-PORTER@OBLON.COM
*BAR OTHER THAN VIRGINIA

Andrew P. Bridges, Esq.
FENWICK & WEST LLP
555 California Street, 112th Fl.
San Francisco, CA 94104

      Re:   *American Education Research Association, Inc. et al. v.*
            *Public.Resource.Org, Inc.*
            Civil Action No.: 1:14-cv-00857-TSC
            <u>Our Ref: 431384US-332060-332060-69-L DMS</u>

Dear Andrew:

We respond to your letter of December 22, 2014, pertaining to Public Resource's Amended Responses to Plaintiffs' Interrogatories and Production Requests (collectively, "Amended Responses")

    **1.** <u>**Numbering**</u>

Thank you for providing us with revised versions of Public Resource's Amended Responses with the proper numbering.

    **2.** <u>**Amended Responses to Interrogatory No. 5 and Production Request No. 7**</u>

In our letter of December 18, 2014, we were critical of Public Resource's Amended Response to Interrogatory No. 5 because it "simply lists the number of HTTP, FTP, and Rsync requests by month without providing any additional information or documentation regarding how those numbers were calculated or generated." The explanation provided in your letter of December 22, 2014 (quoting the interrogatory response) demonstrates that the stated methodology behind the calculation / generation of those numbers is at best incomplete, at worst unresponsive.

The numbers Public Resource provided do not distinguish between "views" and instances of "access," as the parties agreed to define these terms. Public Resource's effort to explain its calculation of HTTP requests answers a question that was not asked. Generically, an HTTP request is a message sent by the Internet user to a web server. The server, in turn, provides resources such as HTML files and other content, or performs other functions on behalf of the user, and returns a response message to the user. The response contains completion status information about the request and may also contain requested content in its message body.

When the visitors came upon the Public Resource Website(s) to which the 1999 Standards were posted or published, did the visitors simply "view" (see or examine) the content



Andrew P. Bridges, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 2

or further "access" it (by digitally retrieving or opening an electronic file or data)?  Public Resource's amended interrogatory response does not answer this question for the HTTP requests.  "FTP," a file transfer protocol, by its very name and definition "may" answer the view vs. access question, but since no explanation is provided we do not know for certain.

Rsync, as we understand, is a file copying tool used with Linux or Unix systems.  Rsync is noted for its delta-transfer algorithm, which reduces the amount of data sent over a network by sending only the differences between the source files and the existing files at the destination point. Rsync can be used for backups and mirroring, and as an improved copy command.  For example, do the rsync protocol requests provided in Public Resource's amended interrogatory response refer to partial or total copies of the 1999 Standards?  No explanation is provided.

We suspect that much of this guesswork could be avoided if Public Resource would provide the documentation from which it made the calculations in its amended interrogatory response.  Unfortunately, as noted in your December 22nd letter, Public Resource refuses to do so.  We will address this with Magistrate Judge Robinson within the context of our discovery motion.

Finally, we note your explanation that Public Resource does not have any server logs regarding visits to the Public Resource Website(s) at which the 1999 Standards were posted or published prior to April 2013.  A letter from counsel, however, is not evidence.  Public Resource's amended interrogatory response should have said that it does not have the requested information for the period July 2012 to April 2013.  This too will have to be discussed with Magistrate Judge Robinson.

    Very truly yours,

    OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, L.L.P.

    *Jonathan Hudis*
    Jonathan Hudis

    *Kathleen Cooney-Porter*
    Kathleen Cooney-Porter

JH/jh {11299299_1.DOCX }



Andrew P. Bridges, Esq.
Our Ref. 431384US-332060-332060-69-L DMS
Page 3


cc:     Mitchell L. Stoltz, Esq.
        Corynne McSherry, Esq.
        David Halperin, Esq.
        American Educational Research Association, Inc.
        American Psychological Association, Inc.
        National Council on Measurement in Education, Inc.
        Katherine D. Cappaert, Esq.