# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaimant. | Civil Action No. 1:14-cv-00857-TSC-DAR |

**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION TO CONSOLIDATE FOR THE PURPOSES OF DISCOVERY**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    A.     This Court has Broad Discretion to Consolidate Both Cases for the Purposes of Discovery. .................................................................................................................. 2

    B.     Consolidation for the Purposes of Discovery is Appropriate in this Instance. .................... 3

    C.     If Both Cases Are Consolidated for the Purpose of Discovery, the Court Should Revisit the Total Number of Depositions Allowed to Defendants. ................................................ 7

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blasko v. Washington Metropolitan Area Transit Authority*,
    243 F.R.D. 13 (D.D.C. 2007)..................................................................................3, 5, 6

*Clayton v. District of Columbia*,
    No. 13-1316 (RWR), 2014 WL 1395057 (D.D.C. April 10, 2014)..................................2, 3, 7

*Royer v. Fed. Bureau of Prisons*,
    292 F.R.D. 60 (D.D.C. 2013)...........................................................................................4

*Santucci v. Pignatello*,
    188 F.2d 643 (D.C. Cir. 1951) ........................................................................................3

**RULES**

Rule 42(a) of the Federal Rules of Civil Procedure...................................................................2, 3

Local Rule 7(m) ........................................................................................................................2

**INTRODUCTION**

Defendant-counterclaimant Public.Resource.Org, Inc. ("Public Resource") is a nonprofit organization dedicated to open access to government documents, laws, and regulations. It has digitized judicial opinions, the Code of Federal Regulations, and state codes. As part of its open access efforts, it regularly posts standards that the government has incorporated into law by reference.

Public Resource is a defendant before this Court in two separate lawsuits that involve substantially the same issues of law, and many of the same issues of fact. On August 6, 2013, plaintiffs American Society for Testing and Materials ("ASTM"), National Fire Protection Association ("NFPA"), and American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE") (collectively the "ASTM Plaintiffs") sued Public Resource for copyright infringement and trademark infringement, Case No. 1:13-cv-01215-TSC-DAR (the "ASTM Plaintiffs' case"). Nine months later, on May 23, 2014 plaintiffs American Educational Research Association ("AERA"), American Psychological Association ("APA"), and National Council on Measurement in Education ("NCME") (collectively the "AERA Plaintiffs") sued Public Resource, also for copyright infringement, Case No. 1:14-cv-00857-TSC-DAR (the "AERA Plaintiffs' case").

Both cases involve the same fundamental legal issues and stem from the same basic facts: Public Resource, a non-profit advocate for public access to the law, posted on the Internet standards that have been incorporated by reference into the law and that have the force of law. Plaintiffs in both cases claim exclusive copyright ownership over particular standards that the federal government has incorporated by reference into the law, and which Public Resource has then posted online for citizens to access. The fundamental legal issues for decision, such as

1

whether standards incorporated by reference into the law have the same non-copyright status as law, whether posting the standards to the public is therefore not a violation of copyright law, and whether Public Resource's actions in any event would constitute fair use, are the same in both cases. All six plaintiffs sue Public Resource in the same capacity, and the relief they seek is substantively identical.

Pursuant to Local Rule 7(m), on January 28, 2015 Public Resource conferred by phone with the ASTM Plaintiffs regarding this motion to consolidate for the purposes of discovery, and the ASTM Plaintiffs said they would not consent to the motion. Becker Decl. ¶ 2. The AERA Plaintiffs stated at the hearing on January 22 that they also oppose a motion to consolidate for the purposes of discovery. At the same time as this motion to consolidate, Public Resource files a motion to extend the discovery cutoff in the ASTM Plaintiffs' case to April 15, 2014. Given some of the discovery challenges in the AERA Plaintiffs' case, the same date would be appropriate.

## ARGUMENT

### A. This Court has Broad Discretion to Consolidate Both Cases for the Purposes of Discovery.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." By its terms, Rule 42(a) grants the Court the option to consolidate cases as it sees fit. "The court has broad discretion in deciding whether to consolidate actions before it that involve 'common question[s] of law or fact.'" *Clayton v. District of Columbia*, No. 13-1316 (RWR), 2014 WL 1395057 at *1 (D.D.C. April 10, 2014)

2

(citing *Biochem. Pharma., Inc. v. Emory Univ.*, 148 F.Supp.2d 11, 13 (D.D.C. 2001).  The Court's determination concerning consolidation can only be disturbed on appeal by a showing of abuse of discretion.  *See Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951) (upholding the district court's determination to consolidate cases under Rule 42(a)).

The broad discretion under Rule 42(a) includes the discretion to consolidate cases for the purposes of discovery only, leaving open without deciding the possibility of consolidation for the purposes of trial.  *See, e.g. Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13 (D.D.C. 2007) (consolidating two cases for the purposes of discovery, and leaving open the possibility of consolidation for trial at a later date).  Moreover, consolidation is not precluded simply because cases are at different stages of discovery.  *See Blasko* at 16 (citing *Monzo v. Am Airlines, Inc.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982) and 9 Fed. Prac. & Proc. § 2383).  Accordingly, this Court has discretion to consolidate the ASTM Plaintiffs' case and the AERA Plaintiffs' case for the purposes of discovery, if it determines that consolidation is appropriate.

### B. Consolidation for the Purposes of Discovery is Appropriate in this Instance.

When deciding whether to consolidate, courts are instructed to balance the benefits of consolidation with any potential harm.

> In considering whether to consolidate actions[] [t]he court should consider whether judicial efficiency is best served by consolidation.  The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause.  Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.

*Clayton v. District of Columbia*, No. 13-1316 (RWR), 2014 WL 1395057 at *1 (D.D.C. April 10, 2014) (quoting *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JARDJW, 2010 WL

3

4386911, at *2 (D.Kan. Oct. 29, 2010)) (quotation marks omitted).  A similar formulation states that courts should "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  *Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 61 (D.D.C. 2013) (quoting *Nat'l Ass'n of Mort. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F.Supp.2d 283, 286 (D.D.C. 2011)) (internal quotations omitted).

Here, the benefits from consolidating these two cases for the purposes of discovery in terms of efficiency and limiting burden on parties and witnesses would outweigh whatever minimal prejudice and confusion that might result.  Public Resource faces suit in the same capacity in both cases, and plaintiffs seek substantively identical relief (an injunction on posting standards that have been incorporated into the law).  Similarly, Public Resource seeks substantively identical declaratory judgment relief as to all plaintiffs in both cases.

Public Resource is a small non-profit, one-man operation, which depends upon pro bono representation in two separate lawsuits by six large, well-funded plaintiffs.  Public Resource and its counsel have strived to proceed diligently with discovery, but disparate requests and obligations in two uncoordinated cases have placed Public Resource in a difficult position.  If these cases are consolidated for the purposes of discovery, the coordination of dates, hearings, and obligations would ensure more organized and efficient dealings with both sets of plaintiffs.  Public Resource's non-profit status and pro-bono representation are especially important in this context.  Public Resource has limited funds for flying counsel to Washington D.C. for frequent court appearances and depositions, and the plaintiffs have indicated that they want depositions to

4

occur in numerous cities up and down the east coast.  Consolidation would help to limit the number of dates that counsel would need to fly cross-country.

"[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13 (D.D.C. 2007) (citing *Davis v. Buffalo Psychiatric Ctr.*, Nos. CIV-81-458E, CIV-82-218E, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988)).  Where, as here, many of the facts at issue and some of the parties that will be deposed  are common to both cases, consolidation for the purposes of discovery would ensure the most expeditious resolution and also benefit plaintiffs, defendant, and third parties alike.  Certain persons, such as Carl Malamud, will need to be deposed in both the AERA Plaintiffs' case and ASTM Plaintiffs' case, and the subjects they will most likely discuss will be identical except for particular details.  Consolidating the cases would eliminate redundant depositions.Consolidation for the purposes of discovery would also conserve the Court's time for the very same reason.  The purpose of consolidation is to advance judicial economy and efficiency and "relieve the parties[] and the [c]ourt of the burden of the burden of duplicative pleadings and [c]ourt orders." *Blasko* at 15 (citing *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002)).  The Court would avoid having to address similar or identical questions in both cases during multiple hearings.  Moreover, the Court would also avoid the possibility of inconsistent discovery rulings on common factual or legal questions that might otherwise lead to disparate results at summary judgment or trial.

Although plaintiffs for both cases oppose consolidation for the purposes of discovery, the plaintiffs will not suffer prejudice by consolidation.  In fact, plaintiffs appear to be coordinating their cases to some extent already.  As counsel for AERA revealed at the hearing on January

22nd when he addressed the ASTM Plaintiffs' concern with obtaining a deposition date for Carl Malamud, the AERA plaintiffs and ASTM plaintiffs are presently communicating with each other and sharing information about their respective cases.  Moreover, on January 26, just four days after the *AERA* Plaintiffs informed this Court that they opposed consolidation for the purposes of discovery on the grounds that the cases lacked sufficient commonalities, they served Public Resource with a request for production for all discovery responses, deposition transcripts, and exhibits from the *ASTM* Plaintiffs' case.  Becker Decl. ¶ 3, Exh. 1.  For this reason, consolidation of these cases for the purposes of discovery should not prejudice plaintiffs.

      Consolidation for the purposes of discovery is particularly appropriate in instances such as this where it is too early to determine whether the factors supporting consolidation for trial will outweigh any factors against consolidation, and where discovery is likely to clarify whether consolidation for trial would be beneficial.  *See Blasko* at 14, 16-17.  Although both cases share the potentially determinative legal question as to whether posting standards incorporated by reference into federal law does not violate copyright law, Public Resource has recently received documents from the ASTM Plaintiffs that suggest that the case may be determined on the grounds of lack of copyright ownership and standing.  Public Resource believes similar deficiencies may exist with regard to the AERA  Plaintiffs' copyrights, but it cannot be certain until it reviews documents that the AERA plaintiffs have yet to produce.  This is similar to the case *Blasko v. Washington Metropolitan Area Transit Authority*, where the court granted a motion to consolidate for the purposes of discovery but denied without prejudice a motion to consolidate for trial, recognizing that although many witnesses and facts were common between the two cases, the possibility of differences in the damages claims between the two plaintiffs might require distinct evidentiary support.  243 F.R.D. 13, 16-17 (D.D.C. 2007).

## C. If Both Cases Are Consolidated for the Purpose of Discovery, the Court Should Revisit the Total Number of Depositions Allowed to Defendants.

Consolidation does not alter the rights that are available to either plaintiffs or defendant. "[C]onsolidation is a purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *Clayton v. District of Columbia*, No. 13-1316 (RWR), 2014 WL 1395057 at *1 (D.D.C. April 10, 2014) (quoting *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002)) (quotation marks omitted). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)) (quotation marks omitted).

Although Public Resource believes that consolidation for the purpose of discovery will limit the need for duplicative depositions, Public Resource believes that it will nonetheless need to take more than ten depositions, considering the fact that both cases involve six plaintiff organizations with large staffs, as well as numerous third parties, and owing to the many individuals listed on plaintiffs' initial disclosures. In its motion to extend the discovery deadline in the ASTM Plaintiffs' case, Public Resource is also moving for leave to take more than ten depositions in that case. Defendants ask that the Court take this into account in light of the motion to extend discovery in the ASTM Plaintiffs' case. (It is not yet clear how many depositions the AERA Plaintiffs' case will need.) Consolidation of both cases for the purposes of discovery should promote efficiency by eliminating redundant depositions, but the Court should consider the overall number of depositions in light of the needs of both cases, and revisit the

7

question of the total number of depositions upon a determination of the motion for leave to take additional depositions.

## **CONCLUSION**

For the reasons above, Public Resource respectfully requests the Court consolidate both the ASTM Plaintiffs' case and the AERA Plaintiffs' case for the purposes of discovery and address the number of overall depositions upon a determination of the motion for leave to take additional depositions.

Date:  January 29, 2015					FENWICK & WEST LLP

*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Matthew B. Becker (*pro hac vice*)
mbecker@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: (650) 335-7930
Facsimile: (650) 938-5200

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

Corynne McSherry (*pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
PUBLIC.RESOURCE.ORG, INC.