## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC.;<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; and<br><br>NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>              Plaintiffs/<br>              Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>              Defendant/<br>              Counter-Plaintiff. | 1:14-cv-00857-TSC-DAR |

## <u>INTERVENORS' OPPOSITION TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION TO CONSOLIDATE FOR THE PURPOSES OF DISCOVERY</u>

Intervenors American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association ("NFPA") and American Society of Heating, Refrigeration and Air Conditioning Engineers ("ASHRAE") (collectively, the "Intervenors") respectfully submit this Opposition to the Defendant-Counterclaimant Public.Resource.Org, Inc.'s ("Public Resource") Motion to Consolidate for the Purpose of Discovery (the "Motion"). In the Motion, Public Resource seeks to consolidate discovery in this case with discovery in a case filed nine months earlier and captioned *American Society of Testing and Materials, et al. v. Public.Resource.Org, Inc.*, Case No. 1:13-cv-01215-TSC (the "Intervenors' case"). In support of this Opposition, Intervenors state as follows:

1

## I.     INTRODUCTION

On December 4, 2014, Judge Chutkan asked counsel for Public Resource if this case

should be consolidated with the Intervenors' case, and Public Resource's counsel responded as

follows:

> Your Honor, on behalf of Public Resource, we also do not want
> them consolidated.

1:13-cv-01215, Dkt. 61 at 4-5.

Inexplicably, less than two months later and on the eve of the close of fact discovery in

the Intervenors' case, Public Resource filed a motion to consolidate the discovery in the

Intervenors' case, which was set to close the following day, with the discovery in this case,

which appears to be in its infancy.  Given this flip-flop, the Court might have expected Public

Resource to explain how the circumstances changed so dramatically during the intervening

weeks.  However, Public Resource has not – and cannot – identify any recent developments that

could possibly explain its 180 degree turn on consolidation.  In fact, there is no sound basis for

consolidation.  Intervenors' case has been pending for nine months longer than the AERA case,

and discovery is significantly farther along in Intervenors' case.  And although there are some

(but not all) legal issues in common, the factual issues in the two cases do not significantly

overlap.  The only overlap identified by Public Resource is that its president, Carl Malamud, will

be deposed in both cases, but even for that deposition the factual allegations in the two cases are

distinct and there would be little if any redundancy in the depositions.

In fact, the motion to consolidate, especially when considered alongside Public

Resource's Motion for Extension of Discovery Period, Corresponding Modification of

Scheduling Order, and Leave to Take More than 10 Depositions filed in the Intervenors' case

(the "Motion to Extend Discovery"), is yet another attempt to prolong discovery and delay a

resolution on the merits in the Intervenors' case. Such a delay would significantly prejudice Intervenors' rights, and would create little if any efficiencies. Therefore, Public Resource cannot meet its burden of proving consolidation is appropriate, and the Motion should be denied.

## II.     FACTUAL BACKGROUND

Intervenors are standards development organizations ("SDOs") that provide a significant public benefit by developing private standards that governments at all levels occasionally incorporate into statutes and regulations at virtually no cost to taxpayers. On August 6, 2013, Intervenors sued Public Resource for copying hundreds of their standards and infringing their trademarks. Notably, none of these standards or trademarks is at issue in the AERA case.

The parties in the Intervenors' case engaged in extensive discovery up until the close of fact discovery on January 30, 2015.[1] Written discovery in this case is complete, *see* 1:13-cv-1215, Dkt. 71 at 2, and there are no discovery motions pending in this case. The only fact discovery yet to be completed by the Intervenors are the depositions of Carl Malamud, individually and the 30(b)(6) deposition of Public Resource. The Intervenors have noticed these depositions four times but, to this point, Mr. Malamud and Public Resource have refused to appear for any of the depositions as noticed.

On May 23, 2014, more than nine months after the Intervenors' case was filed, the American Educational Research Association ("AERA"), the American Psychological Association ("APA"), and the National Council on Measurement in Education ("NCME" (collectively the "AERA Plaintiffs"), filed this separate case for copyright infringement against Public Resource, Case No. 1:14-cv-00857-TSC-DAR (the "AERA Plaintiffs' case"). The copyrighted work-at-issue in the AERA Plaintiffs' case is not at-issue in the Intervenors' case. It

---

[1] Public Resource has also filed a Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More than 10 Depositions in the Intervenors case on January 29, 2015. The Intervenors are opposing that motion.

is the Intervenors' understanding that the AERA Plaintiffs' case is in the preliminary stages of

discovery, with significant written and oral discovery to come.  It is the Intervenors'

understanding that Public Resource has produced only 78 documents in the AERA Plaintiffs'

case to date.  Discovery remains open in this case, Dkt. 22, and it appears likely that discovery

might have to be extended beyond the current deadline of March 16, 2015, because the AERA

Plaintiffs currently have a motion to compel discovery that has not been decided.  Dkt. 25, 27.  It

is Intervenors' understanding that none of the parties' depositions have been noticed in the

AERA Plaintiffs' case at this time.

After engaging in discovery with the Intervenors for a full year and a half, on January 29,

2015, the eve of the fact discovery deadline in the Intervenors' case, Public Resource filed a

Motion to consolidate the two cases for the purposes of discovery even though the cases are at

different stages in the litigations and none of the hundreds of infringed works are involved in

both cases, and the only alleged overlapping discovery is the deposition of Mr. Malamud in his

individual capacity and as a corporate representative.

## III.   ARGUMENT

Federal Rule of Civil Procedure 42(a) provides courts with the discretion to consolidate

actions involving common questions of law or fact.  "The moving party bears the burden of

proof on a motion to consolidate."  *Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80 (3d

Cir. 2005); *Farahmand v. Rumsfeld*, No. Civ. A. 02-1236, 2002 WL 31630709 (E.D. Pa. Nov.

20, 2002) (same).

Courts engage in a balancing test to determine if consolidation is appropriate: "[C]ourts

weigh considerations of convenience and economy against considerations of confusion and

prejudice."  *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (citing *Stewart v.

O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002)).  Any interest in consolidating matters generally

dissipates when cases with similar legal or factual issues proceed to very different stages of the litigation, *see Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (denying motion to consolidate three cases where one had advanced beyond discovery, another had already completed "substantial discovery," in which the court had ruled on "various discovery disputes," and the last had not yet entered discovery), or where there are few, if any common issues of fact, *see Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc*, 5:12-cv-1766, 2013 WL 4805801, at *19 (N.D.N.Y. Sept. 9, 2013) (finding that movant failed to demonstrate that consolidation would occur in a proposed transferee forum when the movant identified only a few specific areas of overlapping evidence).  Thus, "[i]f the parties at issue, the procedural posture and the allegations in each case are different . . . consolidation is not appropriate." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002)).

Here, Public Resource has not provided any credible reason for consolidating discovery in these matters.  As described in greater detail below, this Court should not consolidate the Intervenors' and the AERA Plaintiffs' cases for at least three reasons: (1) there is little, if any, factual overlap between the two actions; (2) with the expiration of the fact discovery deadline the Intervenors' case has advanced to a very different stage of litigation compared to the AERA Plaintiffs' case; and (3) Public Resource's last-minute delaying tactics have already prolonged discovery in the ASTM case and prejudiced the Intervenors.

### A.  There is Little Overlap in Fact Discovery Between the Intervenors' Case and the AERA Plaintiffs' Case

As an initial matter, Public Resource's Motion to Consolidate should be denied because there is little, if any, overlap between the factual issues sought by the Plaintiffs in each case.  In particular, each case involves separate acts undertaken by Public Resource to unlawfully copy

and disseminate each Plaintiff's discrete copyrighted standards and each case seeks unique

discovery based on Public Resource's specific conduct.  For example, each of the Intervenors

seeks discovery regarding Public Resource's infringement of its particular copyrights and

trademarks; Public Resource's infringement of the AERA Plaintiffs' intellectual property is of no

relevance in the Intervenors case.  Similarly, Public Resource seeks unique discovery from each

Plaintiff in each case.  For example, Public Resource has made no attempt to identify any

common discovery that it seeks from the Intervenors that would be relevant in the AERA case

even though it noticed 20 depositions the day after the close of fact discovery.  *See* Ex. A.

Thus, Public Resource's argument that "consolidation for the purposes of discovery

would ensure the most expeditious resolution" because "many of the facts at issue and some of

the parties that will be deposed are common to both cases," Dkt. 33, at 5, is patently false.  The

only example of a duplicative testimony that Public Resource identifies is its 30(b)(6) deposition

and the deposition of its sole employee, Carl Malamud.  In fact, this is the *only* discovery that

could possibly have some limited overlap.  Even with respect to these depositions, there is little,

if any, overlap between the two cases, and any overlap is generally based on common legal

issues in each case, not facts.  As discussed above, the Intervenors' discovery is generally

focused on Mr. Malamud and Public Resource's infringement of the Intervenors' intellectual

property and does not concern the copying of the AERA Plaintiffs' works.

Although Public Resource now feigns concern about duplicative depositions, it claimed

to be willing and able to go forward with these depositions in the Intervenors' case as late as

January 12, 2015 without demanding that the deposition or other discovery be consolidated.  *See*

Ex. B.  However, weeks later, Mr. Malamud and Public Resource refused to appear for their

depositions unless they were consolidated with the AERA Plaintiffs' case.  *See* Ex. C.  Under

these circumstances, Public Resources' new-found concern about "redundant depositions," lacks credibility, and Public Resource's assertion that "[c]onsolidating the cases would eliminate redundant depositions," is not the reason it seeks consolidation. Dkt. 33, at 5.

Moreover, any minimal overlap in the deposition of Public Resource and its founder does not compel consolidation of discovery in these two cases, particularly where the Intervenors have otherwise completed fact discovery and are ready to depose Public Resource and Mr. Malamud now. Unlike Intervenors, the AERA Plaintiffs apparently are not yet prepared to depose Mr. Malamud or Public Resource at this time, having received only 78 documents from Public Resource to date and with a motion to compel still outstanding.

In sum, Public Resource completely failed to demonstrate that there will be significant overlap in fact discovery and that consolidation of discovery is warranted. Therefore, the Motion should be denied.

**B.      The Fact Discovery Deadline in the Intervenors' Case has Closed Whereas Discovery in the AERA Plaintiffs' Case is in its Infancy**

As mentioned above, any interest in consolidating matters generally dissipates when cases with similar legal or factual issues proceed to very different stages of the litigation. *See Stewart*, 225 F. Supp. 2d at 21. The Intervenors' and AERA Plaintiffs' cases are at starkly different points in the proceedings, which indicates that even if consolidation might have been beneficial at a much earlier stage, it is not appropriate at this late juncture in the Intervenors' case.

Fact discovery in the Intervenors' case closed on January 30, 2015, and any remaining fact discovery issues exist only due to last-minute ploys by Public Resource. Despite ample time to complete fact discovery, Public Resource filed a Motion to extend the fact discovery period on the eve of the deadline. Dkt. 71, Case No. 1:13-cv-01215-TSC-DAR. Regardless of the

7

outcome of that last-minute motion, the parties have agreed not to engage in further written
discovery, *see* 13-cv-1215 Dkt. 71 at 3 of 14, and none of the depositions noticed after the close
of fact discovery appear to have any relevance in the AERA Plaintiffs' case. *See* Ex B (noticing
20 depositions of employees of ASTM, NFPA and ASHRAE and several third-parties that have
no apparent connection to the AERA Plaintiffs' case). In addition, there are no outstanding
discovery motions in the Intervenors' case. To date, the parties in the Intervenors' case have
each produced hundreds of thousands of pages of documents. The only fact discovery that
remains for Intervenors is to depose Carl Malamud, Public Resource's sole employee and
30(b)(6) witness, who is the only overlapping fact witness between the Intervenors' and the
AERA Plaintiffs' cases. The only reason Mr. Malamud is yet to be deposed by Intervenors is
because he has repeatedly failed to appear for his depositions, which were first noticed prior to
the discovery deadline and then at dates proposed by Public Resource shortly after the close of
discovery. *See* Ex. C.

Conversely, discovery in the AERA Plaintiffs' case appears to be in its infancy. Public
Resource has only produced 78 documents in that case. The AERA Plaintiffs are unprepared to
depose Mr. Malamud due to the dearth of information they have received from Public Resource.
*Id.* Plus, the AERA Plaintiffs currently have a discovery motion pending before the Court and
further disputes are sure to follow given Public Resource's ominous reference to "the discovery
challenges in the AERA Plaintiffs' case." Mot. at 2. Thus, it seems highly unlikely that fact
discovery in the AERA Plaintiffs' case will be complete by the current deadline of March 16,
2015.

Given the close of fact discovery and the agreement not to serve any more additional
discovery in the Intervenors' case, there is no merit to Public Resource's claim in its Motion that

it will continue to deal with "disparate requests and obligations in two uncoordinated cases."

Dkt. 33, at 4.  But for Public Resource's last-minute delays and Mr. Malamud's repeated refusal

to appear at his noticed deposition, fact discovery would be complete in the Intervenors' case and

Public Resource would only be engaging in further discovery in this case.  Public Resource's

purported concerns about disparate rulings in the two cases is similarly misguided because the

cases already are pending before the same District Judge and Magistrate Judge, and the Court

already demonstrated that it can and will consolidate hearings in these cases when faced with

similar legal issues in both cases.  *See* Ex. D.

     In conclusion, in light of the procedural posture in the two cases, there is no risk of Public

Resource dealing with disparate discovery requests or legal obligations going forward.

### C.    Consolidating the Cases Would Reward Public Resource's Last-Minute Delay Tactics and Prejudice the Intervenors

     Public Resource's sudden interest in consolidation on the eve of the close of fact

discovery in the Intervenors' case should be seen for what it is – an attempt to delay the progress

of the Intervenors' case.  This is particularly obvious in light of Public Resource's objection to

consolidation less than two months earlier.

     Consolidating the Intervenors' and AERA Plaintiffs' cases will unfairly prejudice the

Intervenors, who brought this suit more than 18 months ago to stop Public Resource's massive

copyright and trademark infringement.  Intervenors are ready to move beyond fact discovery as

soon as Public Resource and Mr. Malamud appear for their depositions and want to bring their

case to a resolution as quickly as possible.

     On the other hand, Public Resource's Motion is a bid to delay Intervenors' case

indefinitely, by putting Intervenors' case on hold pending the completion of open-ended and

ongoing discovery from an entirely different case.  Given the nascent stage of discovery—and

especially of Public Resource's document production—in the AERA case, it may be months

before the AERA plaintiffs are prepared to take depositions of Mr. Malamud and Public

Resource.  The timing of this Motion itself indicates that the real motivation is delay, not any

supposed efficiency.  Rather than moving to consolidate the cases earlier or making a sincere

effort to complete fact discovery by the January 30, 2015 deadline, Public Resource waited until

the last moment to disrupt the schedule ordered by the Court and Intervenors' efforts to close fact

discovery and proceed to expert discovery.

### D.    Public Resource Failed to Meet Its Burden of Proving Consolidation Is Warranted

As mentioned above, Public Resource bears the burden of proof in connection with this

Motion, and it failed to carry its burden.  When Public Resource's argument is stripped of its

many vague assertions about judicial economy, it rests entirely on the assumption that

consolidation will always conserve judicial resources when the cases involve the same defendant

and the movant alleges that the cases involve similar factual issues.  However, Public Resource

completely ignores the different procedural postures of each action and the near complete

absence of factual overlap.  Moreover, it fails to provide any plausible reason why consolidation

is a better course of action, as opposed to allowing the two cases to progress separately under the

supervision of the same judge, which vitiates any concern about inconsistent rulings.

In support of its argument, Public Resource does not cite a single opinion granting a

motion to consolidate in which, as here, the cases involved were at very different stages of

litigation.  The principal opinion that Public Resource relies upon, for example, is easily

distinguishable from the current dispute.  *See Blasko v. Washington Metropolitan Area Transit

Authority*, 243 F.R.D. 13 (D.D.C. 2007).  In *Blasko*, consolidation of the cases at issue was

appropriate because both cases stemmed from a *single incident* in which a bus struck and killed

10

the two decedents.  *Id.* at 15.  Critically, the court found that consolidation would promote judicial efficiency largely because the two cases were only filed one and a half months apart and both were in the "nascent stages" of discovery when the court consolidated the cases.  *Id.* at 16. At the time of consolidation, the most discovery that any plaintiffs had completed was "exchang[ing] a number of discovery requests" with the common defendant.  *Id.*

Public Resource's reliance on *Blasko* ignores that the discovery deadline in the Intervenors' case has expired and fact discovery would already be complete but for Public Resource's last-minute delay tactics, while the AERA Plaintiffs' case remains in the "nascent stages" of discovery.  Because these two cases are at very different stages of litigation they are not aligned such that consolidation would fulfill the interests of convenience and judicial economy sufficient to warrant prejudicing the Intervenors.  *See Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (refusing to consolidate cases at very different stages of litigation).

## IV.   CONCLUSION

For all the foregoing reasons, Public Resource failed to carry its burden of proving that consolidation of discovery is appropriate, particularly when the discovery period has closed in the Intervenors' case.  Accordingly, the Intervenors respectfully request that the Court deny the Motion.

Dated: February 17, 2015      Respectfully submitted,

/s/ J. Kevin Fee

Michael F. Clayton (D.C. Bar: 335307)
J. Kevin Fee (D.C. Bar: 494016)
Jordana S. Rubel (D.C. Bar: 988423)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.739.5215
Email: mclayton@morganlewis.com
     jkfee@morganlewis.com
     echilds@morganlewis.com
     jrubel@morganlewis.com

*Counsel For American Society For Testing And Materials d/b/a/ ASTM International*

/s/ Anjan Choudhury

Anjan Choudhury (D.C. Bar: 497271)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Tel: 213.683.9100
Email:  Anjan.Choudhury@mto.com

Kelly M. Klaus
Jonathan H. Blavin
Michael J. Mongan
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  415.512.4000
Email: Kelly.Klaus@mto.com
     Jonathan.Blavin@mto.com
     Michael.Mongan@mto.com

*Counsel for National Fire Protection Association, Inc.*

/s/ Joseph R. Wetzel

Jeffrey S. Bucholtz (D.C. Bar: 452385)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200

12

Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

Kenneth L. Steinthal
Joseph R. Wetzel
King & Spalding LLP
101 Second Street, Ste. 2300
San Francisco, CA 94105
Tel: 415.318.1211
Email: ksteinthal@kslaw.com
          jwetzel@kslaw.com

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Protective Order was served this 17th day of February, 2015 via CM/ECF upon the following:

*Counsel for National Fire Protection Association, Inc.*

Jonathan H. Blavin (Jonathan.Blavin@mto.com)
Anjan Choudhury (Anjan.Choudhury@mto.com)
Kelly M. Klaus (Kelly.Klaus@mto.com)
Nathan M. Rehn (Thane.Rehn@mto.com)

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

Jeffrey S. Bucholtz (jbucholtz@kslaw.com)
Kenneth L. Steinthal (ksteinthal@kslaw.com)
Joseph R. Wetzel (jwetzel@kslaw.com)
Blake Cunningham (bcunningham@kslaw.com)

*Counsel for Public.Resource.Org, Inc.*

Andrew Bridges (abridges@fenwick.com)
Kathleen Lu (klu@fenwick.com)
David Halperin (davidhalperindc@gmail.com)
Mitchell L. Stoltz (mitch@eff.org)
Corynne McSherry (corynne@eff.org)
Joseph Gratz (jgratz@durietangri.com)
Mark Lemley (mlemley@durietangri.com)

/s/ J. Kevin Fee

14