## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,   ) ) ) ) ) | Civil Action No. 1:14-cv-00857-TSC-DAR |
|     ) | |
|   Plaintiffs/Counterclaim Defendants,   ) | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT-COUNTERCLAIMANT** |
|     ) | **PUBLIC.RESOURCE.ORG, INC.'S** |
| v.   ) | **MOTION TO CONSOLIDATE FOR DISCOVERY PURPOSES** |
|     ) | |
| PUBLIC.RESOURCE.ORG, INC.,   ) | |
|     ) | |
|   Defendant/Counterclaimant.   ) ) | |

Plaintiffs/Counterclaim Defendants, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, the "AERA Plaintiffs"), submit this Memorandum in Opposition to Defendant-Counterclaimant Public.Resource.Org, Inc.'s ("Public Resource") Motion to Consolidate for Discovery Purposes (Dkt. No. 33).

**PRELIMINARY STATEMENT**

The captioned case (the "AERA Case") should not be consolidated with *American Society for Testing Materials, et al. v. Public.Resource.Org, Inc.*, No. 13-cv-1215 (the "ASTM Case") for discovery purposes because the two litigations: (1) are at different stages of discovery, (2) involve vastly different witnesses and documentary evidence, and (3) concern different facts and causes of action. Additionally, consolidating the cases would unduly prejudice the AERA Plaintiffs by requiring them to: (1) take Public Resource's deposition with incomplete documentary discovery, (2) attend depositions on issues and causes of action unrelated to the

AERA Plaintiffs' case, and (3) participate in discovery disputes that are wholly unrelated to the AERA Plaintiffs' case.

At the hearing held January 22, 2015 on the AERA Plaintiffs' pending motion to compel discovery, in response to an inquiry from the Court, defense counsel expressed for the first time that Public Resource may want to consolidate the cases for discovery purposes (Hudis Decl., ¶ 5, Hrg. Tr. Exh. A, at p. 35).   Public Resource's professed position in favor of discovery consolidation was a revelation to the AERA Plaintiffs because, until that moment, the parties were in agreement that the cases should not be consolidated for any purpose (Hudis Decl., ¶¶ 6-7, Hrg. Tr. Exh. B at 4-5, and Joint LCvR 16.3 Report Exh. C at 2).   Following the January 22, 2015 hearing, Public Resource's counsel did not contact Plaintiffs regarding the filing of the present motion (Hudis Decl., ¶ 4).   Accordingly, in addition to the reasons discussed below, Defendant's motion should be denied as Public Resource failed to meet and confer with the AERA Plaintiffs in a good faith effort to narrow the scope of this dispute prior to filing its motion – as required by LCvR 7(m).

**FACTUAL BACKGROUND**

The AERA Plaintiffs are three nonprofit organizations that collaborated in the development of the 1999 edition of the Standards for Educational and Psychological Testing (the "1999 Standards") (Complaint in AERA Case, Dkt. No. 1 at ¶ 1).   The AERA Plaintiffs allege that Public Resource has infringed upon and has contributed to the infringement of their copyright in the 1999 Standards (Complaint in AERA Case, Dkt. No. 1 at ¶¶ 50-63).   Without permission, Public Resource created a digital reproduction of the 1999 Standards in its entirety, posted the digital copy of the 1999 Standards on Public Resource's website, and also posted the 1999 Standards on the website of the Internet Archive a/k/a Archive.org, thus encouraging others

to copy, distribute, and create derivative works from this work.  The AERA Plaintiffs filed the captioned action on May 23, 2014.  Fact discovery opened on September 26, 2014 (Hudis Decl., ¶ 2) and, according to the Initial Scheduling Order (Dkt. No. 22), is set to close on March 16, 2015 (Hudis Decl., ¶ 3).

Public Resource also is the defendant in the ASTM Case.  The American Society for Testing and Materials ("ASTM"), the National Fire Protection Association ("NFPA"), and the American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE") (collectively, the "ASTM Plaintiffs") allege that Public resource infringed their copyrights and trademarks.  Specifically, the ASTM Plaintiffs allege that Public Resource has "copied en masse [their] copyrighted standards in their entirety, posted them to its public website, and encouraged the public to copy, distribute, and create derivative works of those standards at will" (Complaint in ASTM Case, Dkt. No. 1 at ¶ 3).  In their Complaint, the ASTM Plaintiffs allege that Public Resource infringed in excess of 250 of their copyrighted works (Complaint in ASTM Case, Dkt. No. 1, Exhs. A-C).  Additionally, the ASTM Plaintiffs allege that "[i]n copying and rekeying Plaintiffs' Standards, Public Resource has also used in commerce a reproduction or copy of Plaintiffs' registered trademarks in connection with the sale, offer for sale, distribution or advertising of goods and services" (Complaint in ASTM Case, Dkt. No. 1 at ¶ 123).  The ASTM Case was filed on August 6, 2013, over nine months prior to the AERA Case.  Accordingly, the discovery period in the ASTM Case, while extended multiple times, closed on January 30, 2015.[1]

---

[1] On January 29, 2015, Public Resource filed a motion to extend discovery in the ASTM case until April 2015 (Motion for Extension of Discovery Period, ASTM Case, Dkt. No.71), but the Court has yet to rule on that motion.

**ARGUMENT**

I.     **The Court Should Deny Public Resource's Motion For Failure to Comply With LCvR 7(m)**

LCvR 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."  The purpose of this rule is "to encourage informal resolution . . . or at least to reduce or narrow the issues that courts will consider" and the rules "are not well served by [a party] making no effort to confer in the period reasonably prior to filing the motion." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs.*, 235 F.R.D. 521, 529 (D.D.C. 2006).  Where the moving party does not make a good faith effort to resolve the dispute, the court may deny the motion. *Id.* (denying defendants' motion to compel due to a failure to confer with opposing counsel prior to filing the motion).

Public Resource did not discuss with the AERA Plaintiffs' counsel its intent to file a motion to consolidate the AERA Case with the ASTM case, for discovery purposes, prior to filing (Hudis Decl., ¶ 4).  While Public Resource expressed interest in consolidation during the January 22, 2015 hearing on the AERA Plaintiffs' Motion to Compel Discovery (Hudis Decl, ¶ 5, Hrg. Tr. Exh. A at 35), Public Resource at that time was "only just contemplating that issue" (Hudis Decl., ¶ 5, Hrg. Tr. Exh. A at 39).  At no point after the hearing did Public Resource's counsel contact the AERA Plaintiffs' counsel to discuss consolidating the cases for discovery purposes (Hudis Decl., ¶ 4).  Because Public Resource failed to make a good faith effort to resolve this issue prior to filing the instant motion, it should be denied.

**II.     The Court Should Deny Public Resource's Motion to Consolidate the Two Cases for Discovery Purposes**

When deciding whether to consolidate cases, courts "consider whether judicial efficiency is best served by consolidation . . . weigh[ing] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Clayton v. Dist. of Columbia*, No. 13-cv-1316, 2014 U.S. Dist. LEXIS 50101, at *4-5 (D.D.C. Apr. 10, 2014) (quoting *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-cv-1063, 2010 U.S. Dist. LEXIS 116821, at *2 (D. Kan. Oct. 29, 2010)).   "If the parties at issue, the procedural posture and the allegations in each case are different . . . consolidation is not appropriate." *Blasko v. Wash. Metro Auth. Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007).

Judicial efficiency is not best served by consolidating the AERA Case with the ASTM Case because: (1) the two cases are at different stages of discovery, (2) the two cases have different causes of action, facts, evidence and witnesses, and (3) consolidation would unduly burden the AERA Plaintiffs.   The Court, therefore, should deny Public Resource's motion to consolidate the cases for discovery purposes.

**A.     The Two Cases are at Different Stages of Discovery**

The AERA Case and the ASTM Case should not be consolidated for discovery purposes because they are at different stages in the litigation and "judicial efficiency would not be served by their consolidation."  *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (denying a motion to consolidate the cases where the three cases were at different stages of litigation); *see also Aerotel, Ltd. v. Verizon Commc'ns, Inc.*, 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (finding that consolidation was not appropriate as it would significantly delay one of the actions).

Discovery opened in the AERA Case on September 26, 2014 and is currently set to close on March 16, 2015 (Hudis Decl., ¶¶ 2-3).  With a month left until the close of discovery, the

parties are still in the process of responding to written discovery requests.  Additionally, the AERA Plaintiffs' Amended Motion to Compel Discovery (Dkt. No. 27) is still pending, and Public Resource's responses to the AERA Plaintiffs' second sets of discovery requests are not due until March 2, 2015 (Hudis Decl., ¶ 13).  Because there are still outstanding unresolved discovery issues and written discovery requests, the AERA Plaintiffs are not currently in a position to depose Carl Malamud ("Malamud"), the founder, principal and anticipated Rule 30(b)(6) deponent of Public Resource.

In contrast, the ASTM case is in the advanced stages of discovery.  After two extensions, the discovery period in the ASTM case closed on January 30, 2015 (Minute Order September 17, 2014 in ASTM Case; Set/Reset/Deadlines/Hearing November 25, 2014).  While the deadline for discovery may be extended again (Motion for Extension of Discovery Period in ASTM Case, Dkt. No. 71), the AERA Plaintiffs believe that the ASTM Plaintiffs are currently ready to depose Malamud/Public Resource.  Accordingly, consolidating the cases for discovery would either result in a delay of the ASTM Case or require the AERA Plaintiffs to take Public Resource's deposition without having an opportunity to examine all of the relevant documentary discovery to which they are entitled.  Because the cases are at different stages of discovery, Public Resource's motion to consolidate them for discovery purposes should be denied.

### B. The Two Cases Have Different Witnesses and Documentary Evidence, Different Causes of Action, and Different Facts

Consolidation is not appropriate here because the two cases have different witnesses, documentary evidence, and causes of action, and do not arise from the same series of operative facts.  *Blasko v. Wash. Metro Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007).  While Public Resource is the defendant in both the AERA Case and the ASTM Case, that is the end of the similarities between the two cases.

The AERA Plaintiffs are three non-profit organizations that worked in conjunction to develop the 1999 Standards at issue in the AERA Case (Hudis Decl., ¶ 11).   The AERA Plaintiffs' initial disclosures reflect the three organizations' collaborative effort to create the 1999 Standards and name five individuals as people who may have discoverable information (Hudis Decl., ¶ 12, Plaintiffs' Initial Disclosures in AERA Case Exh. E). Three of the named individuals will be able to speak on behalf of each of the three non-profit organization Plaintiffs, AERA, APA, and NCME.   Accordingly, Plaintiffs expect that Public Resource will only have need to notice five depositions in the AERA case.

In the ASTM case, however, the ASTM Plaintiffs include three not-for-profit organizations that independently develop technical standards and codes (Complaint in ASTM Case, Dkt. No. 1 at ¶ 1).   The ASTM Plaintiffs allege that Public Resource infringed over 250 of their separately created and copyrighted works (Complaint in ASTM Case, Dkt. No. 1 at ¶¶ 143-145; Exhs. A-C).   The ASTM Plaintiffs also have identified sixteen individual witnesses who Public Resource may notice for deposition (Motion for Extension of Discovery Period in ASTM Case, Dkt. No. 71 at pp. 1-2).   There is no overlap between the ASTM Plaintiffs' sixteen witnesses and the AERA Plaintiffs' five witnesses.

Additionally, there is likely little to no overlap between the documentary evidence in the AERA case and the ASTM Case.  The AERA case involves Public Resource's infringement and contributory infringement of a single set of Standards intended to guide test developers and test users.  The ASTM Case involves several hundred sets of standards and codes relating to steel and other building materials, fire codes, electrical codes, and energy standards for buildings (Complaint in ASTM Case, Dkt. No. 1, Exhs. A-C).  To the extent that any of the ASTM Plaintiffs' copyrighted works are allegedly incorporated by reference, they are likely contained

in vastly differing legal authorities.  Further, as the two cases include completely different sets of copyrighted works, there will be little to no overlap of documentary evidence relating to Public Resource's purchasing and infringement of the respective works at issue.

Not only are the vast majority of the witnesses and documentary evidence different between the two cases, but the cases also involve different causes of action.  In the AERA Case, the AERA Plaintiffs allege that Public Resource directly and contributorily infringed the AERA Plaintiffs' copyrighted 1999 Standards (Complaint in AERA Case, Dkt. No. 1).  The ASTM Case involves allegations of copyright and contributory copyright infringement of hundreds of the ASTM Plaintiffs' standards and codes, and also includes allegations of trademark infringement under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125(A)(1), and common law trademark infringement (Complaint in ASTM Case, Dkt. No. 1 at ¶¶ 162-195).  These three additional causes of action are absent from the AERA Case.

Additionally, the facts and law underlying the copyright infringement allegations are different between the two cases.  The AERA Case involves Public Resource's infringement of Plaintiffs' copyrighted 1999 Standards (a single work).  The ASTM case, on the other hand, involves Public Resource's infringement of a mix of the ASTM Plaintiffs' copyrighted technical standards and codes (hundreds of works).  Public Resource asserts that, when copyrighted works are allegedly incorporated by reference into law, the works are no longer entitled to copyright protection.

Case law governing incorporation by reference and its effect on copyright protection, however, differs between standards and codes.  While there is decisional law on the effect of incorporation by reference on copyrighted codes, this case law explicitly disclaims any applicability to standards.  *See Veeck v. S. Bldg. Code Cong. Int'l*, 293 F.3d 791, 803-04 (5th Cir.

2002) (finding that the "wholesale adoption of a model code" resulted in the loss of its copyright but noting that the case did "not involve references to extrinsic standards" and that "[c]aselaw that derives from official incorporation of extrinsic standards is distinguishable in reasoning and result."). Therefore, while the copyright infringement allegations between the AERA Case and the ASTM Case may seem facially similar, the facts and law underlying the copyright causes of action in the two cases are very different.

Because the witnesses, documentary evidence, causes of action, and underlying facts and law are very different between the AERA Case and the ASTM Case, Public Resource's motion to consolidate for discovery purposes should be denied.

**C.  Consolidating the Cases Would be Unduly Burdensome to the AERA Plaintiffs**

Consolidation for discovery purposes is not appropriate here because to do so would be unduly burdensome to the AERA Plaintiffs. As discussed above, the AERA Case and the ASTM Case involve vastly different witnesses, documentary evidence, facts, and causes of action. This lack of overlap means that the content of the parties' discovery, including the deposition testimony of Malamud/Public Resource, as well as the subject(s) of pending and any additional discovery disputes, have been and will be entirely different.

These differences are readily apparent by reviewing the items at issue in the discovery motions that have been filed in each of the two cases. For example, in the ASTM Case, Public Resource moved to compel discovery relating to the ASTM Plaintiffs' licensing agreements (Public Resource's Motion to Compel Discovery in ASTM Case, Dkt. No. 41 at p. 4). There are no licensing agreements at issue in the AERA Case. In the ASTM Case, Public Resource and the ASTM Plaintiffs also have been at odds over the production of assignment agreements concerning the works at issue in the ASTM Case (Public Resource's Motion to Compel

Discovery in ASTM Case, Dkt. No. 41 at p. 6).   The AERA Plaintiffs do not foresee such a dispute regarding the production of assignment documents in the AERA Case.

In the AERA Case, the AERA Plaintiffs asked Public Resource to identify the number of times the 1999 Standards were viewed and/or accessed from Public Resource's website (Reply re Motion to Compel Discovery in AERA Case, Dkt. No. 30 at p. 4).   In response, Public Resource provided the AERA Plaintiffs with the number of recorded HyperText Transfer Protocol (HTTP) requests, File Transfer Protocol (FTP) requests, and Rsync (remote sync) protocol requests recorded on the Public.Org.Resource website from April 2013 until October 2014 (*Id*. at 7-8). Public Resource has failed to produce, however, the server logs relied upon to calculate these numbers.   Because there have been no motions to compel server logs, or similar documents, in the ASTM Case, it is the AERA Plaintiffs' belief that server logs are not at issue in the ASTM Case.

Public Resource attempts to draw upon its non-profit status, geographical location (California), and retention of *pro bono* counsel as factors supporting consolidation.   However, Public Resource grossly overstates its position in a seeming attempt to liken itself to an underfunded *pro se* defendant.   In the AERA Case and the ASTM Case, Public Resource is being represented by at least six lawyers from three different law firms (Hudis Decl., ¶ 8).   Public Resource also neglects to mention that one of Public Resource's lawyers is its local (Washington, D.C.) counsel, David Halperin, who is not only counsel-of-record but also is Public Resource's general, outside "Of Counsel" (Hudis Decl., ¶¶ 9, 10, Public Resource "About" page from its website Exh. D).

Additionally, the differences in 1) the number of individual witnesses in the AERA Case versus the ASTM Case, 5 versus 16; and 2) the number of copyrighted works at issue in each

case, 1 versus over 250, demonstrates that consolidating the two cases would unduly burden the AERA Plaintiffs.  The AERA Plaintiffs should not be required to participate in discovery disputes and scheduling battles wholly unrelated to the AERA Plaintiffs' case.  Public Resource's assertion that "consolidation would eliminate redundant depositions" (Dkt. No. 33, at p. 5) is false.  Even the deposition(s) of Malamud/Public Resource, the only overlapping witness(es) between the two cases, would seek, for the most part, vastly different information.

The AERA Plaintiffs should not be required to sit through hours of deposition testimony concerning over 250 works that are not at all related to the AERA Case.  The AERA Plaintiffs also should not have to participate in deposition testimony concerning the trademark infringement and unfair competition claims that are not at all involved in the AERA Case.  Consolidating the two cases would only force the AERA Plaintiffs, three non-profit organizations, to spend unnecessary time and bear needless financial burdens while gaining little benefit from the additional expenditure of resources.  Because consolidation of the AERA Case with the ASTM Case would unduly burden the AERA Plaintiffs, forcing them to expend unnecessary time and resources upon discovery issues wholly unrelated to their case, Public Resource's motion to consolidate discovery in the two cases should be denied.

//

//

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, Public Resource's motion to consolidate the AERA Case and

the ASTM Case for discovery purposes should be denied.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, LLP

Dated:   February 18, 2015          By:     */s/ Jonathan Hudis*_____
                                                      Jonathan Hudis (DC Bar # 418872)
                                                      Kathleen Cooney-Porter (DC Bar # 434526)
                                                      OBLON, McCLELLAND,
                                                       MAIER & NEUSTADT, LLP
                                                      1940 Duke Street
                                                      Alexandria, VA 22314
                                                      Tel. (703) 413-3000
                                                      Fax (703) 413-2220
                                                      E-Mail jhudis@oblon.com
                                                      E-Mail kcooney-porter@oblon.com

                                                      Attorneys for Plaintiffs

                                                      AMERICAN EDUCATIONAL RESEARCH
                                                       ASSOCIATION, INC.
                                                      AMERICAN PSYCHOLOGICAL
                                                       ASSOCIATION, INC.
                                                      NATIONAL COUNCIL ON
                                                       MEASUREMENT IN EDUCATION, INC.

JH/KCP/KDC/kdc {431384US, 11725624_1.DOCX}

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S MOTION TO CONSOLIDATE FOR DISCOVERY PURPOSES, DECLARATION OF JONATHAN HUDIS**, and a **PROPOSED ORDER** were filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
Matthew B. Becker
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com
mbecker@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
corynne@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis