# EXHIBIT C

1:14-cv-00857-TSC-DAR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN EDUCATIONAL RESEARCH )
ASSOCIATION, INC., AMERICAN )
PSYCHOLOGICAL ASSOCIATION, INC., )
and NATIONAL COUNCIL ON )
MEASUREMENT IN EDUCATION, INC., )   Civil Action No. 1:14-cv-00857-CRC
)
Plaintiffs/Counterclaim Defendants, )   **JOINT LCvR 16.3 REPORT**
)
v. )
)
PUBLIC.RESOURCE.ORG, INC., )
)
Defendant/Counterclaim Plaintiff. )
)

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's order of September 18, 2014, Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs"), and Defendant, Public.Resource.Org, Inc. ("Defendant" or "Public Resource"), by and through undersigned counsel, respectfully submit this Joint LCvR 16.3 Report.

**STATEMENT OF THE FACTS**

Plaintiffs allege that Defendant is infringing and contributing to the infringement of their copyrighted work, the 1999 "Standards for Educational and Psychological Testing" (the "Standards") by copying the Standards in its entirety, posting the Standards on Defendant's public website, and encouraging others to copy, distribute, and create derivative works from the Standards. Plaintiffs seek injunctive relief, costs and attorneys' fees under the Copyright Act, 17 U.S.C. §§ 106, 502 and 505.

Public Resource denies that Plaintiffs hold copyright in the Standards at issue. Public Resource maintains that because governments have incorporated the Standards at issue into law and the public has the right to read and speak the law, Public Resource cannot have infringed any copyrights held by Plaintiffs. Public Resource also asserts affirmative defenses to Plaintiffs' claims, and counterclaims for declaratory relief of non-infringement.

Plaintiffs dispute that governments have incorporated the Standards at issue into law.

Public Resource is currently litigating *American Society for Testing and Materials ("ASTM"), et al. v. Public.Resource.Org, Inc.*, No. 13-cv-01215, another case pending in this District. That case, involving claims of copyright and trademark infringement, is before Judge Tanya S. Chutkan, with fact discovery scheduled to close on December 5, 2014. The ASTM Case and this case do not meet this Court's standard for Related Cases, and the parties do not seek consolidation. However, the Court should be alerted to the other pending case.

**LCivR 16.3 Discussions:**

1. **Dispositive Motions**

The parties believe that their respective claims may be resolved through dispositive motions during or after discovery. No dispositive motions have been filed thus far.

Though not a dispositive motion, Plaintiffs have a pending motion to strike Public Resource's jury demand.

2. **Joinder of Parties, Amendment Of Pleadings And Narrowing Of Issues**

The parties do not anticipate joining any additional parties; however, the parties propose that any motion to join additional parties shall be filed by no later than **November 14, 2014**.

Any amendment of pleadings will be made as allowed by the applicable Federal Rules of Civil Procedure and by Order of the Court. The parties propose that any motion to amend pleadings shall be filed by no later than **November 14, 2014**.

The parties have not agreed to narrow any issues at this time.

### 3.     Assignment of a Magistrate Judge

The parties do not consent to the assignment of this matter to a magistrate judge on dispositive matters. The parties will consent to the Court's appointment of a magistrate judge for discovery purposes.

### 4.     Possibility of Settlement

The parties do not believe that settlement is a realistic possibility. At this time, no plans for mediation have been set.

### 5.     Alternative Dispute Resolution

The parties are aware of the Court's alternative dispute resolution ("ADR") procedures and have considered the factors listed in LCvR 16.3(c)(5). The parties do not believe that any ADR procedure is likely to resolve their dispute at this time.

### 6.     Time For Filing Dispositive Motions

The parties agree that the deadline for filing dispositive motions shall be 60 days after expert discovery closes. The parties also agree that oppositions to dispositive motions shall be due 30 days after their filing, with replies due 14 days thereafter.

### 7.     Initial Disclosures

The parties agree to serve initial disclosures, as required by Fed. R. Civ. P. 26(a)(1), on or before **November 14, 2014**. Since none of the parties have requested monetary relief, the parties

3

request that the Court dispense with the disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii).

**8.**     **Extent of Discovery**

The parties agree to a limit of 25 interrogatories per side and 10 depositions per side.

The parties propose a deadline for sending initial written discovery requests of **January 14, 2015**.

The parties anticipate that all answers to written factual discovery will be completed by **March 2, 2015**, unless motions to compel are needed.

The parties anticipate that all depositions for factual discovery will be completed by **March 16, 2015**, unless motions to compel are needed.

The parties propose a fact discovery deadline of **March 16, 2015**, subject to rulings on any motions to compel.

The parties agree that expert witness discovery will take place following factual discovery in accordance with the schedule below.

**9.**     **Experts**

The parties agree that expert discovery, to the extent necessary or desired by any of the parties, will commence after the close of factual discovery, and that:

    A.    Opening expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on issues for which the disclosing party bears the burden of proof shall be made no later than **30 days following the close of fact discovery**.

    B.    Any rebuttal expert disclosures or opening expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made no later than **30 days following opening expert disclosures**.

    C.    Any rebuttal disclosures or replies to rebuttals on issues for which the disclosing party bears the burden of proof shall be made no later than **14 days following the initial rebuttal expert disclosures**.

4

D. Any reply expert disclosures on issues for which the disclosing party does not bear the burden of proof shall be made no later than **14 days following final rebuttal expert disclosures**.

E. All expert depositions will be completed and expert discovery shall close **30 after the final rebuttal or reply disclosures**.

**10.    Class Actions**

This is not a class action.

**11.    Bifurcation**

At this time, the parties see no reason for bifurcation of the trial and/or discovery.

**12.    Pretrial Conference**

The parties propose that the court schedule a pretrial conference approximately 120 days after the Court's final ruling on the final dispositive motions or, if no dispositive motions are filed, approximately 90 days following the deadline to file dispositive motions.

**13.    Trial Date**

The parties request that the Court set a trial date at the pretrial conference.

**14.    Other Matters Appropriate for Inclusion in a Scheduling Order**

A. The parties anticipate submitting a stipulated protective order regarding the confidentiality of discovery material, as well as assertions of privilege and work product immunity.

B. The parties have discussed the preservation and disclosure of electronically stored information ("ESI"). The parties have agreed to exchange documents and ESI in the following format: single page TIFF images with associated multi-page OCR .txt file including page breaks, Summation .dii load file or Concordance load files (in the format requested by the Receiving Party), and metadata in an ASCII or UTF8 delimited .dat file. Metadata will be produced, and the parties will reach an

agreement on or before the date on which they exchange documents and ESI regarding

the types of documents and ESI for which metadata will be produced and the metadata

fields to be included. Documents and ESI that are not convertible to TIFF images (such

as database files, audio files, video files, etc.) as well as spreadsheets (e.g., Excel files)

will be produced in their native format with slip-sheets (TIFF image files) inserted into

the production identifying the files as having been produced as native files and including

the corresponding Bates numbers. A corresponding .txt file will also be produced for the

slip-sheet TIFF image files. Further, the parties may make original documents in native

form available for inspection for selection and ultimate production in the aforementioned

formats. The parties will bear the cost of collecting, reviewing, and producing their own

documents and ESI.

      C.     The parties agree to serve and accept service of discovery by e-mail, and

to serve and accept service of document production by FTP (with courtesy copies of

document production also sent on media disk).

//

//

//

//

//

//

//

//

//

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT,LLP

Dated: <u>October 9, 2014</u>                    <u>/s/ Jonathan Hudis</u>
                                        Jonathan Hudis (DC Bar # 418872)
                                        Kathleen Cooney-Porter (DC Bar # 434526)
                                        OBLON, SPIVAK, McCLELLAND,
                                         MAIER & NEUSTADT, LLP
                                        1940 Duke Street
                                        Alexandria, VA 22314
                                        Tel. (703) 413-3000
                                        Fax (703) 413-2220
                                        E-Mail jhudis@oblon.com
                                        E-Mail kcooney-porter@oblon.com

                                        *Attorneys for Plaintiffs-Counterclaim Defendants*
                                        AMERICAN EDUCATIONAL RESEARCH
                                         ASSOCIATION, INC.
                                        AMERICAN PSYCHOLOGICAL
                                         ASSOCIATION, INC.
                                        NATIONAL COUNCIL ON
                                         MEASUREMENT IN EDUCATION, INC.


                                        FENWICK & WEST LLP


Dated: <u>October 9, 2014</u>                    <u>/s/ Andrew P. Bridges</u>
                                        Andrew P. Bridges (admitted)
                                        abridges@fenwick.com
                                        555 California Street, 12th Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 875-2300
                                        Facsimile: (415) 281-1350

                                        David Halperin (D.C. Bar No. 426078)
                                        davidhalperindc@gmail.com
                                        1530 P Street NW
                                        Washington, DC 20005
                                        Telephone: (202) 905-3434

7

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (Pro Hac Vice)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Defendant-Counterclaimant*
PUBLIC.RESOURCE.ORG, INC.

{431384US, 11049903_1.DOCX}

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2014, the foregoing **JOINT LCvR 16.3 REPORT**

was filed using the CM/ECF system that sent notice of the filing of these documents to all

counsel of record, and was also served via e-mail to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 112th Floor
San Francisco, CA 94104
abridges@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
corynne@eff.org
Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis