UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION, INC., *et al.*,

    Plaintiffs/Counterclaim Defendants,

v.

PUBLIC.RESOURCE.ORG, INC.,

    Defendant/Counterclaim Plaintiff.

Civil Action No. 14-00857
TSC/DAR

**ORDER**

Plaintiffs' Amended Motion to Compel Discovery, Privilege Log, and Further Initial Disclosures (Document No. 27) is pending for determination by the undersigned. Upon consideration of the motion; Defendant/Counterclaim Plaintiff's opposition (Document No. 29); Plaintiffs/Counterclaim Defendant's reply (Document No. 30); the arguments of counsel on January 22, 2015 and again on March 19, 2015, and the entire record herein, the motion is determined as follows:

    (1) The motion is **DENIED AS MOOT** with respect to the discovery disputes resolved by the parties: Requests for Admission Nos. 7, 8; Interrogatory No. 7; and Requests for Production of Documents Nos. 3, 4, 6, 8 (*see* Reply at 9, 14-16).

    (2) With respect to the requests for production of documents which Public.Resource.Org, Inc., in the responses it served, agreed to produce (*see* Motion at 8, 16, 17, 19, 23), such documents shall be served by no later than June 3, 2015.

American Educational Research Association, Inc., *et al*. v. Public.Resource.Org, Inc.

(3) To the extent which Plaintiffs/Counterclaim Defendants request an order directing Public.Resource.Org., Inc. to supplement enumerated responses, said request is **DENIED**. All parties are reminded that it is incumbent upon each of them to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

(4) The request of Plaintiffs/ Counterclaim Defendants to compel an answer to their contention interrogatory, and to compel the production of the documents on which the answer is based (*see* Document No. 27 at 13-14), is **GRANTED**. *See*, *e.g.*, *Barnes v. Dist. of Columbia*, 283 F.R.D. 8, 12 (D.D.C. 2012) ("[T]his court does not prohibit contention interrogatories that ask a party to state 'all the facts upon which it bases a contention.'") (citation omitted); *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 1, 3 (D.D.C. 2011) ("'Contention interrogatories' that ask a party what it contends or to state all the facts upon which it bases a contention are perfectly legitimate.") (citation omitted).[1] Public.Resource.Org., Inc. shall serve its answer to the interrogatory, and produce the documents responsive to the request for production of documents, by no later than June 4, 2015.

(5) In all other respects, the motion is **DENIED**.

It is, this 20th day of May, 2015,

**SO ORDERED.**

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[1] Public.Resource.Org, Inc., relies principally on *Everett v. USAir Grp.*, *Inc.,* 165 F.R.D. 1 (D.D.C. 1995) for the proposition that its responses to these discovery requests should be deferred until "late in the discovery period [.]" Oppn at 9. However, the undersigned finds that the court in *Everett* did not state so sweeping a proposition, and that the holding that no response was required "at this time[]" was confined to the facts of that case. *See id*. at 3.