**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaimant. | Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **PUBLIC RESOURCE'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR FACT DISCOVERY** <br><br> Filed:           May 23, 2014 |

Plaintiffs have requested an extension of fact discovery for the purpose of taking a further deposition of Public Resource and Carl Malamud, beyond the nearly nine-hour-on-the-record deposition that they took on May 12. The basis for Plaintiffs' motion is that Public Resource might have been ordered to produce additional documents, due to Plaintiffs' then-pending motion to compel. The Court has now ruled on Plaintiffs' motion to compel, denying it in part but ordering Public Resource to produce certain documents (if they were not already produced), and to answer Plaintiffs' contention interrogatory. Because Public Resource had in fact already produced by the close of fact discovery all documents the Court's order required, and because Public Resource's responses to Plaintiffs' contention interrogatories are not the proper subject of deposition testimony, Plaintiffs' motion is moot and the Court should deny it.

On June 3rd and again on June 4th, Public Resource communicated with Plaintiffs in an attempt to resolve this issue and requested that Plaintiffs withdraw their motion as moot. Counsel for Plaintiffs, Katherine Cappaert, declined to withdraw Plaintiffs' motion.

1

## **STATEMENT OF POINTS AND AUTHORITIES**

Plaintiffs filed their motion for an extension of time for fact discovery at 6pm on May 18, 2015, the eve of the close of fact discovery. Dkt. No. 47. Plaintiffs filed this motion in anticipation that the Court would substantially grant their motion to compel (Dkt. No. 27). When meeting and conferring with Public Resource, Plaintiffs expressed particular interest in obtaining Public Resource's server logs containing private information about visitors to Public Resource's website. Two days after Plaintiffs filed their motion to extend fact discovery, the Court ruled on Plaintiffs' motion to compel, denying the majority of it, including the production of server logs, but granting Plaintiffs' motion as to two discrete elements.

First, the Court ordered Public Resource to produce certain documents that it had agreed to produce in the discovery responses it served on Plaintiffs. Dkt. No. 49 at 1. In fact, Public Resource had already produced these documents before the close of fact discovery, and so no additional production was necessary as a result of this element of the Court's order. Out of an abundance of caution, Public Resource made a small additional production to Plaintiffs that included two documents that have been publicly available on the Internet as well as a native PDF version of a document that Public Resource had already produced in tiff image format. These documents provide no information that was not already available to Plaintiffs at the time that they took Public Resource's deposition, and therefore this production by Public Resource is not a proper basis for Plaintiffs' request to extend discovery to seek additional deposition time. Plaintiffs' motion is moot as to this issue.

Second, the Court ordered Public Resource to answer Plaintiffs' contention interrogatory and to produce documents on which the answer is based. Dkt. No. 49 at 2. Again, before the close of fact discovery, Public Resource had produced those documents on which its answer to

the contention interrogatory rests (except where Plaintiffs already possessed those documents). The information in Public Resource's answer to the contention interrogatory is inextricably intertwined with attorney client privilege and attorney work product, and is therefore not the proper subject of a further deposition of Public Resource and Carl Malamud.  Plaintiffs' motion to extend fact discovery for the purpose of taking a further deposition of Public Resource and Carl Malamud is therefore moot as to this second issue as well.

   Furthermore, even if the Court were to determine that Plaintiffs' motion is not moot, Plaintiffs have not demonstrated good cause as to why the Court should change the scheduling order.  Federal Rule of Civil Procedure 16(b)(4) states: "A scheduling order may be modified only for good cause and with the judge's consent."  The "good cause" standard is primarily concerned with the diligence of the party seeking to amend the case schedule.  *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.,* No. 05–2115(CKK), 2007 WL 1589495, at *6 (D.D.C. June 1, 2007) *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.,* 630 F.3d 217 (D.C. Cir.2011) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).  Under the "good cause" standard, Plaintiffs have the burden of proving that they could not reasonably meet the existing deadlines despite a diligent attempt to do so.  *Saunders v. District of Columbia*, 279 F.R.D. 35, 38 (D.D.C. 2012) (citing *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.,* 630 F.3d 226 (D.C. Cir. 2011)).  "[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: ... that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the [movant's] diligent efforts to comply, because of matters which *could not have been reasonably foreseen or anticipated* at the time of the Rule 16 scheduling conference, ... and [ ] that [the movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that

[the movant] could not comply with that order ...." *St. Paul Mercury Ins*, 2007 WL 1589495, at *7 (quoting *DAG Enters., Inc. v. Exxon Mobil Corp.,* 226 F.R.D. 95, 106 (D.D.C. 2005)) (emphasis in original).

Plaintiffs were not diligent. Plaintiffs chose to take Public Resource's deposition in May, rather than requesting an extension of fact discovery before taking that deposition. On May 12, Plaintiffs took the joint Rule 30(b)(6) deposition of Public Resource and the deposition of Carl Malamud in his personal capacity. Plaintiffs had the opportunity to file a motion to extend fact discovery before taking the deposition of Public Resource and Carl Malamud, but instead Plaintiffs chose to go ahead with the deposition, and then they waited until the eve of the close of fact discovery to request an extension to the case schedule.

In addition to a lack of diligence, Plaintiffs' motion lacks good cause on a substantive basis. The basis of Plaintiffs' motion is not that they did not have enough time with Public Resource, or that Carl Malamud was unprepared or the deposition was otherwise unsatisfactory. Plaintiffs simply want a second bite at the apple. But Plaintiff's first bite was an exceptionally large bite. In a spirit of compromise, Public Resource permitted its deposition to extend beyond the ordinary seven-hour maximum directed by the Federal Rules of Civil Procedure; this deposition lasted over eight-and-a-half hours on the record (starting at nine-thirty in the morning, and ending shortly before eight o'clock at night). Beyond having already taken an exceptionally long deposition, Plaintiffs have nothing new to question Public Resource on at deposition as a result of the Court's order: the few documents that Public Resource produced after the close of fact discovery were already available to Plaintiffs beforehand, and there is little that Plaintiffs could ask concerning the contention interrogatory response that would not fall within attorney

client privilege or attorney work product protection.  Therefore there is no good cause to extend fact discovery to allow Plaintiffs to seek further deposition time with Public Resource.

Date: June 4, 2015					FENWICK & WEST LLP

						*/s/  Andrew P. Bridges*
						Andrew P. Bridges (admitted)
						abridges@fenwick.com
						Matthew B. Becker (pro hac vice)
						mbecker@fenwick.com
						555 California Street, 12th Floor
						San Francisco, CA 94104
						Telephone: (415) 875-2300
						Facsimile: (415) 281-1350

						David Halperin (D.C. Bar No. 426078)
						davidhalperindc@gmail.com
						1530 P Street NW
						Washington, DC 20005
						Telephone: (202) 905-3434

						Corynne McSherry (pro hac vice)
						corynne@eff.org
						Mitchell L. Stoltz (D.C. Bar No. 978149)
						mitch@eff.org
						ELECTRONIC FRONTIER FOUNDATION
						815 Eddy Street
						San Francisco, CA 94109
						Telephone: (415) 436-9333
						Facsimile: (415) 436-9993

						*Attorneys for Defendant-Counterclaimant*
						PUBLIC.RESOURCE.ORG, INC.