```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA


   AMERICAN EDUCATIONAL RESEARCH    ) Civil Action
   ASSOCIATION, INC., et al.,       ) No. 14-857 (TSC-DAR)
                                    )
                       Plaintiffs,  ) TELEPHONE STATUS
                                    ) CONFERENCE
   vs.                              )
                                    ) Washington, DC
   PUBLIC.RESOURCE.ORG, INC.,       ) Date:  June 11, 2015
                                    ) Time:  3:01 P.M.
                       Defendant.
   _____

           AUDIO TRANSCRIPTION OF TELEPHONE STATUS CONFERENCE
                              HELD BEFORE
           THE HONORABLE MAGISTRATE JUDGE DEBORAH A. ROBINSON
                     UNITED STATES MAGISTRATE JUDGE
   _____

                         A P P E A R A N C E S

   For the Plaintiffs:      Kathleen Cooney-Porter, Esq.
   (appeared via            Katherine Cappaert, Esq.
   telephonic               Oblon, McClelland,
   communications)          Maier & Neustadt, LLP
                            1940 Duke Street
                            Alexandria, Virginia  22314
                            703-413-3000
                                -and-
                            Jonathan Hudis, Esq.
                            Quarles & Brady LLP
                            1700 K Street, NW, Suite 825
                            Washington, DC  20006
                            202-372-9528


   Proceedings reported by FTR Gold audio recording, transcript
   produced by computer-aided transcription.
   _____

   Transcriber:             Annette M. Montalvo, CSR, RDR, CRR
                            Official Court Reporter
                            United States Courthouse, Room 6722
                            333 Constitution Avenue, NW
                            Washington, DC  20001
                            202-354-3111
```

```
 1    APPEARANCES (Cont.'d)

 2    For the Defendant:      Matthew B. Becker, Esq.
      (appeared via           Fenwick & West LLP
 3    telephonic              801 California Street
      communications)         Mountain View, California  94041
 4                                 -and-
                              David Elliot Halperin, Esq.
 5                            1530 P Street, NW
                              Washington, DC  20005
 6                            202-905-3434
                                   -and-
 7                            Mitchell L. Stoltz, Esq.
                              Electronic Frontier Foundation
 8                            815 Eddy Street
                              San Francisco, California  94109
 9                            415-436-933

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           (WHEREUPON, commencing at 3:01 p.m., the following
2   proceedings were had in open court via telephonic
3   communications, and the following was transcribed from an
4   FTR Gold audio recording, to wit:)
5           THE COURTROOM DEPUTY:  Civil action 14-857.
6   American Educational Research Association, Inc., et al., vs.
7   Public.Resource.Org, Inc.
8           Kathleen Cooney-Porter, Jonathan Hudis, and Kate
9   Cappaert representing the plaintiffs.
10          Matthew Becker, David Halperin, and Mitchell
11  Stoltz representing the defendant.
12          This is a telephone status conference.
13          I forgot to mention, because the judge was already
14  on the bench, Magistrate Judge Deborah Robinson is
15  presiding.
16          THE COURT:  Now, good afternoon to all of you.
17          PLAINTIFF ATTORNEYS (in chorus):  Good afternoon,
18  Your Honor.
19          DEFENDANT ATTORNEYS (in chorus):  Good afternoon,
20  Your Honor.
21          THE COURT:  I am pleased that you have taken the
22  opportunity to confer regarding the fact discovery which
23  remains.  The Court has, of course, reviewed the pending
24  motion to extend the date for fact discovery.  I have
25  reviewed the opposition to the motion.  I believe it is fair

1  to say that the Court's global concern is that none of the
2  parties have identified what discovery from the plaintiffs'
3  perspective remains to be completed, or for the defendant's
4  perspective, the basis upon which the Court should conclude
5  that fact discovery is over.
6        In the abstract, it may be that a request for a
7  continuance of three weeks would be one that the Court would
8  likely grant.  However, in this instance, given the length
9  of time that has already been consumed by the conduct of
10 fact discovery, and the absence of any indication of the
11 parameters of the remaining discovery that the plaintiffs
12 contemplate, I suggested that you confer in an effort to
13 articulate from the plaintiffs' perspective exactly what it
14 is that is needed.
15       I am happy to hear you now, or if you believe you
16 need a bit more time to confer, we can reconvene later today
17 or at some point tomorrow.
18       MR. HUDIS:  Your Honor, from plaintiffs'
19 perspective -- this is Jonathan Hudis.
20       THE COURT:  Mr. Hudis, good afternoon.
21       MR. HUDIS:  Good afternoon, Your Honor.
22       We are ready to go right now, and our need for
23 further discovery is very small indeed, and it will depend
24 upon the Court's ruling of Your Honor's order issued on May
25 20.

1           If you ruled in favor of defendant, then we have
2   no need for the discovery.  If you rule in our favor, then
3   what we need is the production of what we seek, and then a
4   very, very limited continued deposition of plaintiffs'
5   principal -- excuse me, defendant's principal Carl Malamud,
6   solely for the purpose of the document that would be
7   produced.
8           Now what this concerns, Your Honor, and this is a
9   document in general, and then very specifically, which we
10  have been seeking since the beginning of this case.
11          The basis of the case goes back to the fact that
12  plaintiff said defendant's principal, Mr. Malamud, took our
13  client's copyrighted material, digitized them from print to
14  digital form, and then took the PDF file of that digital
15  copy and put it up on the Internet, and we believe that's
16  copyright infringement.
17          During the period of time that the 1999 standards,
18  which is the copyrighted material in this case, was up on
19  Public.Resource's web site, it was accessed a number of
20  times.  And we asked in written discovery way back at the
21  beginning of the case what documentation was available to
22  show that.  And we asked that specifically in the
23  interrogatory question, we asked it in the document request.
24          After we filed the motion to compel back in mid
25  December, we received supplemental discovery responses that

1   included an interrogatory list of the number of accesses of
2   the 1999 standards for the almost two-year period of time
3   that they were up on Public.Resource's web site.  And this
4   is what we had argued before you back in January.  The
5   answer came back with HTTP requests and RTP requests --
6   excuse me, FTP requests and RSYNC requests.
7           We had asked for a further explanation of what
8   that meant in English.  Your Honor decided it was not worth
9   it for us to get further explanation on that by a
10  supplemental interrogatory answer so we asked that question
11  of Mr. Malamud himself, and he provided that definition.
12          So what he had in real time, to the extent that he
13  kept these records, was every time an access was made,
14  whether by what they call an HTTP request or an FTP request
15  or an RSYNC request, and in real time the identities of the
16  people who accessed it and from where and on what date and
17  what time was put into a log form as the accesses were made.
18  We asked for that.
19          Public.Resource said no, they were concerned about
20  the privacy concerns of the people who accessed the
21  material.  We said that there was a protective order in
22  place.  Public.Resource said that wasn't good enough.  We
23  asked whether we could receive that information on an
24  attorneys' eyes only basis.  Public.Resource said no, they
25  were not willing to give up the documentation.

1            We have been discussing this matter back and forth
2    with Public.Resource, not only before Your Honor, not only
3    before you in written motion practice, but all the way up
4    until today when we had a meet and confer at your court
5    clerk's request.
6            The arguments are still the same.  The answer that
7    we believe that Public.Resource will give you, Your Honor,
8    when it is their turn to speak, is that they have already
9    given us that report in the form of an interrogatory answer.
10   Well, we are entitled to see the business record
11   documentation, which clearly exists, to determine whether
12   the information that was given to us by way of interrogatory
13   answers is accurate, and to see the extent of the damage
14   that our clients have suffered by Public.Resource's
15   activities, notwithstanding that this is a case for a
16   permanent injunction and not for monetary relief.
17           We are entitled to give Judge Chutkan whatever
18   arguments may come from the extent of our damage, given the
19   number of accesses that were had of the document when it was
20   published not only on Public.Resource's web site but on
21   Internet Archive's web site, which they publish there as
22   well.  We have that documentation, we have had it for a long
23   time by way of third party discovery.  We do not understand
24   the reluctance of Public.Resource to fail to give us this
25   documentation.  If Your Honor is to clarify your order of

1    May 20 that this is something they agreed to provide to us
2    so they should have provided to us, then we would need just
3    a limited video deposition of Mr. Malamud to talk about that
4    document, and we are done.
5            THE COURT:  Mr. Hudis, you have acknowledged that
6    Public.Resource has served an answer to the interrogatory;
7    is that correct?
8            MR. HUDIS:  That is correct.
9            THE COURT:  What is your characterization of the
10   information included in the interrogatory answer?
11           MR. HUDIS:  Incomplete because they even say in
12   the interrogatory answer that they don't have complete
13   records from the time period in question.
14           We do not know if that interrogatory answer is
15   accurate at all.  Until we get that information, we, as
16   counsel, can make no value judgment whether for ourselves or
17   before the court whether the information is accurate.
18           THE COURT:  To what extent in the depositions,
19   which the plaintiffs have already taken, has this matter
20   been explored?
21           MR. HUDIS:  There's nothing to explore,
22   Your Honor.  We explored the interrogatory answer and the
23   basis from which it came.  Mr. Malamud testified he gave --
24   he got the information from the very record we are seeking.
25   So we are going round and round in a tautology.  Until we

1  find the records, we can't discuss it with him.  Until we
2  see the records, we can't decide the accuracy of the
3  interrogatory answer.
4          THE COURT:  What records have been produced in
5  response to your discovery request?
6          MR. HUDIS:  Generally or on this specific issue?
7          THE COURT:  With regard to this specific issue.
8  I'm sorry.
9          MR. HUDIS:  None.  Zero.  Just the interrogatory
10 answer.
11         THE COURT:  To what extent have you and counsel
12 for Public.Resource sought to resolve this dispute during
13 your meet and confer sessions?
14         MR. HUDIS:  Extensively, in writing, in motion
15 practice, before you at oral argument in court, discussed
16 outside of your courtroom in discussions, telephone
17 discussions, numerous times.
18         We are at a loggerheads, Your Honor, and, really,
19 it is for the Court's good graces to decide whether we are
20 entitled to this documentation or not.
21         THE COURT:  Very well.  Thank you, Mr. Hudis.
22         Mr. Becker or Mr. Halperin?
23         MR. BECKER:  Thank you, Your Honor.  Mr. Becker
24 for the defendant, Public.Resource.Org.
25         I think that what's being left out of this

1    discussion here is the fact that the plaintiffs have served
2    specific requests for production with regards to the server
3    logs, and Public.Resource has responded by saying that it
4    will not produce those server logs, and does not believe
5    that those server logs should be produced, be it due to the
6    constitutional rights of privacy and association and free
7    speech of its users.
8             Now, in Your Honor's order from May 20, if I may
9    read the order, it says:  With respect to a request for
10   production of documents, which Public.Resource.Org, Inc. in
11   the responses it served agreed to produce such documents,
12   shall be served no later than June 3, 2015.
13            Public.Resource did not agree to produce these
14   particular records.  The plaintiffs want these records, and
15   it is true that this has been a repeated source of
16   discussion, including at the hearing in January with respect
17   to the motion that Your Honor has ordered and has ruled on
18   on May 20.
19            The order does -- has denied plaintiffs' requests
20   for these particular server logs, but the plaintiffs are now
21   trying to seek it in a roundabout fashion by saying that
22   they think that it may be implicated by other responses.
23            It is not implicated by other responses.  I'd
24   simply like to note that plaintiffs have not provided an
25   adequate justification as to why they think that they would

1  need these server logs.
2          Now, Public.Resource has provided an interrogatory
3  response that details the number of accesses to the
4  Public.Resource servers regarding the document in question,
5  and that's a verified interrogatory response.
6          Plaintiffs have also had the opportunity to
7  question Public.Resource at length about this at the
8  deposition, discussing both the server log issues as well as
9  Public.Resource's interrogatory responses.
10         Plaintiffs' complaint that the interrogatory
11 response is incomplete as to earlier records regarding the
12 accesses to the Public.Resource web site cannot be helped
13 because that information no longer exists.  That was
14 information that wasn't kept prior to the filing of this
15 complaint, and once the complaint was filed, Public.Resource
16 diligently checked its records, but for a certain period
17 extending prior to the filing of this complaint,
18 Public.Resource did not have -- simply didn't have the
19 server logs and so, therefore, it is unable to produce that
20 information to plaintiffs.
21         Plaintiffs have said that they want server logs
22 simply to confirm that Public.Resource's statements are
23 accurate, but Public.Resource has made numerous statements
24 on the record with regards to these -- the particular access
25 numbers.  And there's simply no reason to lie about this.

```
 1    This is a -- it is a claim for an injunction, it is not a
 2    claim for damages.
 3              So the particular number of individuals or the
 4    number of accesses to the servers don't matter.  It is clear
 5    that the 1999 standards, as they existed on the
 6    Public.Resource web site, has been accessed, and that's
 7    clear from the statement that Public.Resource has made in
 8    deposition, it's also clear from the interrogatory
 9    responses.  It is clear they have been accessed numerous
10    times over multiple months and so there's simply -- there's
11    no basis for trying to override the important privacy rights
12    and rights of association and free speech that
13    Public.Resource's users have in their identities which would
14    be implicated in these server logs.
15              THE COURT:  Very well.  Thank you very much,
16    Mr. Halperin [sic.].
17              Mr. Hudis?
18              MR. HUDIS:  Yes.
19              THE COURT:  Do you wish a brief reply?
20              MR. HUDIS:  Yes.
21              With respect to the privacy concerns, Your Honor,
22    there's a protective order in this case.  We have our duties
23    as counsel not to use these documents in contravention of
24    that protective order, including the statements to which we
25    agreed, that we would not use this information for any other
```

1    purpose except this litigation.  And we know our ethical
2    duties to adhere to that mandate, which was signed off by
3    the Court.
4            The information clearly exists, the defendant
5    clearly has access to this information.  We have asked for
6    this, and as Mr. Becker acknowledges, we have discussed this
7    with counsel for defense numerous times.  We simply
8    disagree.  We do not believe that the interrogatory answer
9    is enough.  We are entitled to the documentation to
10   determine the interrogatory answers' adequacy and discuss
11   the implications of that document and to make it evidentiary
12   by way of a short deposition of Mr. Malamud, and then we are
13   finished.
14           Your Honor, we think that the privacy concerns of
15   defendant in their list of people who access their server,
16   where the copyrighted material was, is addressed with the
17   protective order.  We will keep this information and use it
18   as appropriate in litigation and for no other purpose.  We
19   believe we are entitled to this information, and we rest on
20   our arguments.
21           THE COURT:  Very well.  Thank you very much,
22   Mr. Hudis.
23           I am prepared to rule.  I believe we have lost
24   track of the status of the case.
25           On May 18, plaintiffs filed a motion to extend the

1  time for fact discovery.  The sole basis of the motion was
2  that the plaintiffs needed -- the plaintiffs required a
3  ruling by the Court on Document No. 27, the plaintiffs'
4  amended motion to compel before fact discovery could be
5  completed.
6        The Court did rule on the motion bearing Document
7  No. 27, and did so on May 20, in an order which now bears
8  Document No. 49.
9        The Court at that time addressed all of the issues
10 which were then presented in the motion to compel.  In
11 provision 2 of the May 20 order, the Court required that
12 Public.Resource produce the documents, which it agreed to
13 produce by June 30.
14       MR. HUDIS:  June 3, Your Honor.
15       THE COURT:  June 3, excuse me.
16       Fast forwarding past provision 3 and provision 4,
17 which have no immediate bearing on our hearing this
18 afternoon, the Court indicated that in all other respects
19 the motion to compel was denied.
20       The time for seeking reconsideration of the order
21 has passed, and to the extent that the only basis offered
22 for extending fact discovery is that there has been no
23 ruling on the motion to compel, the motion to extend fact
24 discovery would appear to be moot, even if the Court were to
25 use some term other than, quote, moot.  Analyzing it another

1   way, the only basis offered by plaintiffs' counsel this
2   afternoon for the need for further discovery has to do with
3   the documents which the Court did not order the defendant to
4   produce.  Extending discovery for the purpose of requiring
5   defendant to produce the document or to make a corporate
6   representative available to be deposed regarding the
7   document would essentially allow plaintiffs or afford
8   plaintiffs reconsideration of the order beyond the time for
9   seeking reconsideration, and where no ground for
10  reconsideration has been offered.
11          So for all of these reasons, the motion to extend
12  the deadline for fact discovery is denied.
13          Now, let's look at the scheduling order, please.
14  Document No. 22, entered by Judge Cooper in October 2014,
15  the date for the commencement of expert disclosures has, of
16  course, passed, but we need to -- so, therefore, we need to
17  adjust all of the dates which follow.
18          MR. HUDIS:  Your Honor, this is Jonathan Hudis.
19          We did have a motion to extend those dates, which
20  Your Honor granted.
21          THE COURT:  Is there any need to revisit the dates
22  this afternoon?
23          MR. HUDIS:  I just want to make sure that we are
24  all in agreement about the due dates for the cutoff of
25  various things.

1                  We, I believe, have agreed on that, and Mr. Becker
2      is on the phone and can check me on this.  I believe that
3      the date for expert disclosures is Monday.
4                  MR. BECKER:  That's my understanding as well.
5                  THE COURT:  Does there need to be any adjustment
6      to that date?
7                  MR. BECKER:  None from Public.Resource,
8      Your Honor.
9                  MR. HUDIS:  None from plaintiff.
10                 THE COURT:  Are you satisfied then that we need
11     not adjust any of the remaining dates?
12                 MR. HUDIS:  Looking for the dates that we all
13     agreed to.
14                 Matthew, do you remember what document number that
15     is?
16                 MR. BECKER:  Yes, that's Docket No. 42.  And I can
17     read the dates, if it would be helpful to you and the Court.
18                 MR. HUDIS:  Thank you.
19                 MR. BECKER:  The date for opening expert
20     disclosure is, of course, this Monday, June 15.  The date
21     for rebuttal expert disclosure is a month from now, July 15.
22                 The date for the reply to rebuttal disclosures are
23     due July 29, approximately a half a month later, and then
24     the final reply expert disclosures are due August 12, with
25     the close of discovery on September 11 and the post

1    discovery conference on September 15.
2            THE COURT:  So is everyone satisfied that those
3    dates can remain?
4            MR. BECKER:  Yes, Your Honor.
5            MR. HUDIS:  Yes, Your Honor.
6            THE COURT:  Very well.  We will ensure that the
7    deadlines, which appear on ECF, are updated accordingly.
8            Very well.  I thank all of you very much.  Our ECF
9    entry for today will indicate that we conducted a status
10   conference by telephone, that the Court denied the
11   plaintiffs' motion to extend the time for fact discovery,
12   and that the parties shall comply with the dates previously
13   set, which serve to modify the scheduling order of October
14   14, and we will find the appropriate document number for
15   that entry.
16           MR. HUDIS:  Your Honor, fact discovery has closed
17   as of May 18 then?
18           THE COURT:  That is correct.
19           MR. HUDIS:  Okay.
20           THE COURT:  Is there anything further, while we
21   are all together?
22           MR. HUDIS:  No, Your Honor, for plaintiffs.
23           THE COURT:  And for Public.Resource?
24           MR. BECKER:  No, Your Honor, nothing for
25   Public.Resource.

1             THE COURT:  Very well.  I thank all of you very
2  much.  Everyone have a good afternoon.
3             PLAINTIFF ATTORNEYS (in chorus):  Thank you,
4  Your Honor.
5             DEFENDANT ATTORNEYS (in chorus):  Thank you, Your
6  Honor.
7             THE COURT:  Thank you so much.
8             (WHEREUPON, the audio recording ended, and at 3:27
9  p.m. the proceedings were concluded.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1    UNITED STATES DISTRICT COURT )
                                  )  ss.
2    DISTRICT OF COLUMBIA         )
```

**REPORTER'S CERTIFICATE**

I, ANNETTE M. MONTALVO, do hereby certify that I received an FTR Gold audio recording of the proceedings aforesaid and transcribed said audio recording of the proceedings aforesaid, and that the preceding 18 pages is as true and complete a transcription as possible of the audio recording of the proceedings transcribed under my personal direction.

Dated this 6th day of July, 2015.

```
                              /s/Annette M. Montalvo
                              Annette M. Montalvo, CSR, RDR, CRR
                              Official Court Reporter
                              United States Courthouse
                              333 Constitution Avenue, NW
                              Room 6722
                              Washington, DC  20001
                              202-354-3111
```