**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:14-cv-00857-TSC-DAR

**JOINT REPORT ON PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Pursuant to the Court's Order of October 27, 2015, requesting that counsel jointly file their proposed schedules for summary judgment briefing, Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA"), and National Council on Measurement in Education, Inc. ("NCME") (collectively, the "*AERA* Plaintiffs"), and Defendant, Public.Resource.Org, Inc. ("Defendant" or "Public Resource") (collectively, "the Parties"), by and through undersigned counsel, respectfully submit this Joint Report on Proposed Summary Judgment Briefing Schedule.

<u>**PLAINTIFFS' STATEMENT AND PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE**</u>

The *AERA* Plaintiffs prosecuted this case diligently since filing their Complaint in May of 2014. Due to the AERA Plaintiffs' diligence, discovery in this case closed on September 11, 2015. Shortly after the close of discovery, the *AERA* Plaintiffs began negotiations in an attempt to agree to a reasonable summary judgment briefing schedule with Defendant. Public Resource, however, contends that the *AERA* Plaintiffs should have to wait until summary judgment briefing

is complete in *American Society for Testing and Materials d/b/a ASTM International et al. v. Public.Resource.Org*, Civil Action No. 1:13-cv-01215-TSC-DAR ("the *ASTM* case"), before briefing in this case can begin.  Defense counsel expressed concerns about the workload to be undertaken by briefing both cases simultaneously.  Defendant has since agreed to brief both cases at the same time, on a staggered schedule.  However, Defendant's proposed staggered schedule spans four months, far exceeding the 21-day briefing schedule provided by the Local Rules.

The three law firms representing Defendant should be able to litigate this case and the *ASTM* case on summary judgment simultaneously, without prejudicing the *AERA* Plaintiffs or the *ASTM* Plaintiffs by delaying summary judgment briefing.  This is especially true because the two cases include similar issues.  Since the issues this case and the *ASTM* case are similar, the briefing schedules in the two cases should be aligned so that the Court can hear arguments on the summary judgment motions in both cases simultaneously.

Thus, in order to align the briefing schedules in the two cases and accommodate Defendant's concern with concurrent summary judgment briefing, the *AERA* Plaintiffs proposed the below schedule to Defendant.  This schedule provides defense counsel with sufficient time for briefing by: (i) staggering the summary judgment briefing in this case and the *ASTM* case by at least two weeks, and (ii) providing extended time periods for opposition and reply briefs in each case.  Defendant, rejected this proposal, however, and continues to insist on either a briefing schedule where opening briefs in the *AERA* case will not be filed until after summary judgment in the *ASTM* case concludes, or a staggered briefing schedule that extends into mid-March.

As the *AERA* Plaintiffs have diligently prosecuted this case, the *AERA* Plaintiffs should not be prejudiced by waiting until four months after the close of discovery to begin summary judgment briefing, or by facing an unnecessarily long summary judgment briefing schedule because Defense counsel contends that the three law firms handling Public Resource's case cannot manage briefing in the two, similar, cases within a reasonable time frame.  Therefore, Plaintiffs respectfully request that the Court enter the below briefing schedule for summary judgment; and that a joint hearing be held on all summary judgment motions filed in this case and the *ASTM* case.

The *AERA* Plaintiffs' summary judgment briefing schedule below also includes dates for the filing of amicus briefs.  Plaintiffs expect that *amici* with views on the issues raised by the parties' summary judgment briefs will be requesting leave of Court to file briefs.  The parties have agreed that they will not oppose any amicus filing in support of either side.

|  | **Due Date** |
|---|---|
| Opening cross motions in the *ASTM* case | November 19, 2015 |
| Amicus briefs in the *ASTM* case | December 3, 2015 |
| Opening cross motions in the *AERA* case | December 3, 2015 |
| Amicus briefs in the *AERA* case | December 18, 2015 |
| Opposition briefs in the *ASTM* case | December 18, 2015 |
| Opposition briefs in the *AERA* case | January 4, 2016 |
| Reply briefs in the *ASTM* case | January 18, 2016 |
| Reply briefs in the *AERA* case | February 4, 2016 |

Plaintiffs' Proposed Order is attached as Exhibit A.

## DEFENDANT'S STATEMENT AND PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE

Public Resource humbly requests a summary judgment briefing schedule that takes into account the inequities of these two cases.  Public Resource is a one-person nonprofit simultaneously defending against six well-funded plaintiffs in two separate cases. Public Resource has pro bono representation, while the plaintiffs are collectively represented by five law firms.  Citing the complexity of the case and the number of issues and parties involved, the plaintiffs in the ASTM case demanded that Public Resource agree to increase the length of opening and opposition briefs in that case to 60 pages—additional briefing that Public Resource will have to respond to in limited time and with limited resources.

Public Resource, like the plaintiffs, is eager to proceed to summary judgment. However, fundamental fairness requires a briefing schedule that allows adequate time to respond to and advance the myriad issues at play in this case.  Accordingly, Public Resource has proposed dates that ensure the matter can be resolved expeditiously but with a fair opportunity for full development of the issues. The plaintiffs in the two cases, by contrast, have worked out a schedule that is convenient for them, but places significant and unfair burdens on the Public Resource.

Public Resource's pro bono counsel cannot prepare and respond to summary judgment briefing in both cases simultaneously.  Recognizing this, Public Resource reached out to counsel for plaintiffs in both cases at the start of October, with the hope of agreeing on a schedule without the intervention of the Court.

Unfortunately, this gesture of cooperation was taken by the plaintiffs as an opportunity for gamesmanship.  Public Resource originally proposed briefing the ASTM case in November and December, and then briefing the AERA case beginning in January, but the plaintiffs in the

AERA case rejected this proposal, stating that they did not want the ASTM case to be decided first.  Public Resource then offered to stipulate to a request for summary judgment hearings to be held jointly in both cases after the AERA case was fully briefed, but the plaintiffs in the AERA case rejected this offer as well (with counsel stating that the plaintiffs had "no substantive reason" why they could not wait until January, but that it was a matter of preference).

Public Resource then offered a third proposal, where the dates for both cases would be staggered to alternate between each case, but spacing the deadlines apart to allow Public Resource time to respond.  This schedule allowed one month for opening cross motions, one month for opposition motions, and two weeks for reply motions.  Public Resource offered this proposal on October 14, and the plaintiffs rejected the offer six days later, on October 20.  In that email, the plaintiffs instead offered their joint proposal, which is identical to the dates they list above.  When Public Resource said this proposal did not afford it enough time, counsel for the ASTM et al. plaintiffs cut off discussion and filed a motion with the Court.  Even after the plaintiffs filed their motion, Public Resource continued to try to reach a resolution, offering yet another proposed schedule that is two weeks shorter than the one it previously proposed.  The plaintiffs again rejected this proposal.

The plaintiffs' proposed schedule has overlapping deadlines that do not account for the fact that Public Resource must meet deadlines in both cases.  The plaintiffs' schedule offers only two weeks after opening cross motions in the ASTM case for Public Resource to draft and file the opening cross motions in the AERA case, and these two weeks coincide with Thanksgiving. Opposition briefs would then be due in the ASTM case just two weeks later (coinciding with Hanukkah), and opposition briefs in the AERA case would be due just over two weeks later on the Monday after New Year's Day (allowing no time to visit with family during any of the

winter holidays).  Reply briefs would then be due two weeks later, on Martin Luther King Jr. Day.  Under the D.C. District Local Civil Rules, parties are allowed at least 17 days between opening and opposition motions (14 days plus three days for service).  FED. R. CIV. P. 6(d); LCvR 7(b).  The schedule that the plaintiffs have proposed therefore does not even provide as much time as the Local Civil Rules provide between filing deadlines (not even accounting for the complexity of the issues and the increased length that the plaintiffs in the ASTM case have requested, which warrant additional time).

The plaintiffs are able to suggest these accelerated deadlines because their schedule gives them twice as much time to prepare and respond to filings as it provides to Public Resource, which has to fight battles on two fronts.  This problem could be eliminated by having the briefing for the ASTM case occur first, and then have the briefing for the AERA case commence once briefing in the ASTM case has concluded.  The merit of this approach is that no party would be acutely disadvantaged (the plaintiffs in the AERA case would actually benefit from being able to review Public Resource's motions in the ASTM case when preparing their opening motion).  The only standard at issue in the AERA case has been taken offline by Public Resource after agreement of the parties pending the outcome of that case, so there is no rush to reach a judgment, and counsel for the AERA plaintiffs, Mr. Hudis, stated on October 13 that there would be no substantive harm to them as a result of briefing their case after the ASTM case was fully briefed.[1]  Public Resource has previously offered to join the plaintiffs in requesting a joint

---

[1] The plaintiffs in the ASTM case would also not be prejudiced by any delay in the decision on the summary judgment motions, because those plaintiffs had discussed suing Public Resource and strategized this litigation for years prior to filing suit, showing that they did not consider there to be any urgency to this matter.  While the AERA plaintiffs have admitted that there is no substantive reason why they want their briefing to commence before January, the ASTM plaintiffs have refused to answer Public Resource's repeated inquiry as to why they believe that

summary judgment hearing in both cases, so that the ASTM case is not decided before the AERA case, and the plaintiffs appear to be in agreement on that point.[2]   According to the proposal, summary briefing could proceed as follows:

| Public Resource's Primary Proposal | Due Date |
|---|---|
| Opening cross motions in the *ASTM* case | November 12, 2015 |
| Amicus briefs in the *ASTM* case | November 19, 2015 |
| Opposition briefs in the *ASTM* case | December 10, 2015 |
| Reply briefs in the *ASTM* case | December 28, 2015 |
| Opening cross motions in the *AERA* case | January 28, 2016 |
| Amicus briefs in the *AERA* case | February 4, 2016 |
| Opposition briefs in the *AERA* case | February 25, 2016 |
| Reply briefs in the *AERA* case | March 10, 2016 |

Alternatively, Public Resource would also agree to a staggered schedule where the deadlines for each case alternate, thereby allowing for the briefing in both cases to conclude at a similar time in early 2016.  This alternative schedule is less optimal than the primary proposal listed above, because all six plaintiffs would benefit from having twice the amount of time that Public Resource has to read and respond to motions.  Nevertheless, Public Resource has made its peace with the fact that any schedule proposed will necessarily advantage the plaintiffs in one way or another, and it simply requests a schedule that gives it enough time to prepare and

---

summary judgment briefing cannot continue for just a month longer than the schedule they propose.

[2] Public Resource had initially offered to request a joint summary judgment hearing during a phone call with the plaintiffs on October 13.  When the plaintiffs responded to Public Resource seven days later on October 20 and rejected its proposed schedules, the counter-proposal that plaintiffs sent included a demand that "the AERA Plaintiffs only agree to this schedule on the condition that all parties agree to the request that the Court hold a joint summary judgment hearing for both cases after all summary judgment motions are fully briefed."

respond to briefs in both cases so that there is complete briefing available for the Court's decision.  This alternative proposed schedule is provided in case the Court finds it helpful:

| Public Resource's Alternative Proposal | Due Date |
|---|---|
| Opening cross motions in the *ASTM* case | November 12, 2015 |
| Amicus briefs in the *ASTM* case | November 19, 2015 |
| Opening cross motions in the *AERA* case | December 10, 2015 |
| Amicus briefs in the *AERA* case | December 17, 2015 |
| Opposition briefs in the *ASTM* case | January 14, 2016 |
| Opposition briefs in the *AERA* case | February 11, 2016 |
| Reply briefs in the *ASTM* case | February 25, 2016 |
| Reply briefs in the *AERA* case | March 10, 2016 |

Public Resource humbly requests that the Court consider the difference in resources between the parties, the significant challenges of sufficiently briefing the issues raised in this case, and counsel's personal interest in being able to visit with family over the winter holidays. Public Resource's proposed Order is attached as Exhibit B.

//

//

//

//

//

//

//

//

Respectfully submitted,

QUARLES & BRADY, LLP

Dated: October 30, 2015

*/s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
QUARLES & BRADY, LLP
1700 K Street NW, Suite 825
Washington, DC 20006
Tel. 202-372-9528
jonathan.hudis@quarles.com

Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, McCLELLAND,
  MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
kcooney-porter@oblon.com

*Attorneys for Plaintiffs-Counterclaim Defendants*
AMERICAN EDUCATIONAL RESEARCH
 ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
 ASSOCIATION, INC.
NATIONAL COUNCIL ON
 MEASUREMENT IN EDUCATION, INC.

FENWICK & WEST LLP

Dated: October 30, 2015

*/s/ Matthew B. Becker*
Andrew P. Bridges (admitted)
Matthew B. Becker (Pro Hac Vice)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
abridges@fenwick.com
mbecker@fenwick.com

David Halperin (D.C. Bar No. 426078)
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434
davidhalperindc@gmail.com

Mitchell L. Stoltz (D.C. Bar No. 978149)
Corynne McSherry (Pro Hac Vice)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
mitch@eff.org
corynne@eff.org

*Attorneys for Defendant-Counterclaimant*
PUBLIC.RESOURCE.ORG, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015 the foregoing **JOINT REPORT ON PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE** was filed using the CM/ECF system that sent notice of the filing of these documents to all counsel of record, and was also served via e-mail to:

Andrew P. Bridges
Matthew B. Becker
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
abridges@fenwick.com
mbecker@fenwick.com

David Halperin
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com

Mitchell L. Stoltz
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
corynne@eff.org

Counsel for Defendant
PUBLIC.RESOURCE.ORG, INC.

*/s/ Jonathan Hudis*
Jonathan Hudis