UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN EDUCATIONAL             .
RESEARCH ASSOCIATION, INC.,      .
et al.,                          .
                                 .  CA No. 13-1215   (TSC)
          Plaintiffs,            .  CA No. 14-0857
                                 .
     v.                          .
                                 .  Washington, D.C.
PUBLIC.RESOURCE.ORG, INC.,       .  Wednesday, November 4, 2015
                                 .  10:35 a.m.
          Defendant.             .
. . . . . . . . . . . . . . . .

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE


<u>APPEARANCES</u>

<u>For Plaintiffs 14-0857</u>          JONATHAN HUDIS, ESQ.
                                  Quarles & Brady, LLP
American Educational              1700 K Street, NW
Research Association, Inc:        Suite 825
                                  Washington, DC 20006
                                  (202) 372-9528

                                  KATHLEEN COONEY-PORTER, ESQ.
                                  Oblon, McClelland, Maier &
                                  Neustadt, LLP
                                  1940 Duke Street
                                  Alexandria, Virginia 22314
                                  (703) 413-3000


<u>For Plaintiffs 13-1215</u>          KELLY M. KLAUS, ESQ.
                                  Munger, Tolles & Olson, LLP
National Fire Protection          560 Mission Street
Agency:                           27th Floor
                                  San Francisco, California 94105
                                  (415) 512-4017


American Society for              J. KEVIN FEE, ESQ.
Testing and Materials:            JORDANA S. RUBEL, ESQ.
                                  Morgan, Lewis Bockius, LLP
                                  1111 Pennsylvania Avenue, NW
                                  Washington, DC 20004
                                  (202) 739-3000

American Society of Heating,  J. BLAKE CUNNINGHAM, ESQ.
Refrigerating, and Air-     King & Spalding, LLP
Conditioning Engineers:      100 N Tryon Street
                               Suite 3900
                               Charlotte, North Carolina 28202
                               (415) 318-1200


For Defendant                MATTHEW B. BECKER, ESQ.
Public.Resource.Org, Inc.:  Fenwick & West, LLP
                               801 California Street
                               Mountain View, California 94041
                               (650) 335-7930


                               DAVID E. HALPERIN, ESQ.
                               1530 P Street, NW
                               Washington, DC 20005
                               (202) 905-3434


Court Reporter:             BRYAN A. WAYNE, RPR, CRR
                               U.S. Courthouse, Room 4704-A
                               333 Constitution Avenue, NW
                               Washington, DC 20001
                               (202) 354-3186


Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

```
 1                      P R O C E E D I N G S
 2          THE DEPUTY CLERK:  Your Honor, these are civil cases
 3     14-857 and 13-1215, American Educational Research Association
 4     Incorporated, et al., versus Public.Resource.Org, Inc.  Counsel,
 5     please come forward and state your appearances for the record.
 6          MR. HUDIS:  Your Honor, in the 14-857 case, AERA,
 7     Jonathan Hudis for plaintiffs, and I'm here with my colleague,
 8     Kathleen Cooney-Porter, also for plaintiffs.
 9          THE COURT:  Good morning.
10          MR. BECKER:  Good morning, Your Honor.  Matthew Becker
11     for the defendant, and I'm here with David Halperin, also for
12     the defendant.
13          THE COURT:  Good morning.  Thank you.
14        All right.  I've had a chance to review the -- oh.
15          MR. KLAUS:  I'm sorry, Your Honor.  Should we
16     introduce ourselves?
17          THE COURT:  Yes, please.
18          MR. KLAUS:  In the 13-1215 case, I'm Kelly Klaus from
19     Munger, Tolles & Olson, and I'm here for the National Fire
20     Protection Association.
21          THE COURT:  Good morning, Mr. Klaus.
22          MR. FEE:  Good morning, Your Honor.  I'm Kevin Fee on
23     behalf of ASTM, and I'm joined by Jordana Rubel, who is standing
24     right behind me.
25          THE COURT:  Hello.  Good morning.
```

1           MR. CUNNINGHAM:  Good morning, Your Honor.

2   Blake Cunningham on behalf of ASHRAE.

3           THE COURT:  All right, everyone.  Sorry about that.

4       Okay.  So I've reviewed the joint report on proposed

5   summary briefing schedule, and I have some thoughts.  It appears

6   that -- well, if you have anything to add beyond what's in the

7   status report as to why you think you're entitled to the

8   schedule, but I kind of have my notion.  I can hear you.

9       Yes, Mr. Hudis.

10          MR. HUDIS:  So, Your Honor, on behalf of the

11  plaintiffs in the 14-857 case, we filed the case nine months

12  after the ASTM case.  We slogged through discovery, and we

13  finished before they did.  We had our final pretrial -- sorry --

14  post end-of-discovery conference before the other case.  So

15  we're ready to go.

16      We believe that our case is more streamlined, has a lot

17  less issues.  We believe that we should not have to sit on our

18  hands for a few months as Public Resource would like.  We are

19  agreeable to any staggered schedule Your Honor will order, so

20  long as we don't have to sit on our hands, and then have a

21  briefing schedule later.

22      We also don't want to risk that Your Honor is going to

23  decide these cases separately.  We've fought like the dickens

24  so that we could have all these summary judgment motions before

25  Your Honor and we could decide all of these issues at one time.

```
1              THE COURT:  I agree.
2              MR. HUDIS:  And that's what we have to say.
3              THE COURT:  Okay.
4              MR. BECKER:  Good morning, Your Honor.
5              THE COURT:  Good morning.
6              MR. BECKER:  Matthew Becker for the defendant.
7    It appears that Public Resource and the AERA plaintiffs can
8    agree that we should have a staggered schedule, and the AERA
9    plaintiffs have said that they would agree to any staggered
10   schedule.
11        If we could have a staggered schedule that would allow for
12   Public Resource to have adequate time to respond and fully brief
13   for motions for both cases, as well as, if possible, according
14   time for counsel to visit family on the holidays, that would be
15   greatly appreciated, Your Honor.
16             THE COURT:  All right.  I've reviewed both parties'
17   proposals, and I have come up with a schedule of my own that is
18   in between the two.
19        One of the things that I have started to prefer is, I don't
20   have a love of simultaneous briefing.  I find things can get
21   confusing.  I generally prefer sequential briefing.  I do think
22   that the proposal that plaintiffs have put forward is a two and
23   a half month long briefing schedule, which some of these
24   deadlines, by my calculation, provide for even less time than
25   the local rules, and I think given the holidays, it's too tight.
```

1    So I'm not going to issue that schedule.

2        On the other hand, defendants' proposed schedule is four

3    months long, also contemplates simultaneous briefing, which I

4    think is also a little long.  So I'm rejecting both suggested

5    schedules.  I don't think that plaintiffs have a particularly

6    compelling ground to compress a schedule in this case,

7    especially in light of the defendant's assertion that they have

8    taken down documents from the website that plaintiffs were

9    complaining of having up.  I see you standing up.

10              MR. FEE:  Your Honor, may I say something?

11              THE COURT:  Yes, absolutely.

12              MR. FEE:  They did the other way, of course, to make

13   the point that they took down the standard that was the issue in

14   the AERA case, but that is not true for the ATSM case.  Part of

15   the reason we're so anxious to get this thing teed up is, as

16   recently as the past month they've posted 14 or 15 new --

17              THE COURT:  I was going to ask you to articulate your

18   prejudice.

19              MR. FEE:  So that's our harm.  They're delaying this

20   forever and putting up more of our materials at the same time.

21              THE COURT:  All right.  Let me hear from defendants.

22   I did want to hear from you on the prejudice issue regarding the

23   delay, and if that's the case, you can't ask for a longer

24   schedule which gives you longer to allegedly violate their

25   copyright.

1          MR. BECKER:  Your Honor, most of the standards at

2    issue in this case have been posted years prior to when the case

3    was ever filed, and it appears that the plaintiffs in the ASTM

4    case had contemplated litigation for years prior to filing this

5    case.  There isn't any reason that it seems that they need to

6    have a resolution of the case immediately whereby an extension

7    of one month would --

8          THE COURT:  But they filed a case.  They filed a case,

9    and they're alleging harm, and the harm they're alleging is

10   having those documents up on a website.  To the extent that the

11   longer this case goes and the longer those documents are up

12   there, the greater the harm that they allege they're suffering.

13   I mean, that is prejudice, as prejudice can be articulated.

14       Now, in the joint status report, you said that you had

15   taken down some of the documents?

16         MR. BECKER:  Yes.  In agreement with the AERA

17   plaintiffs, that standard had been taken --

18         THE COURT:  What about the other ones?

19         MR. BECKER:  No.  There hadn't been any agreement with

20   the plaintiffs in the --

21         THE COURT:  Why can't you take them down during the

22   time for the briefing schedule?

23         MR. BECKER:  We have not contemplated that, Your Honor.

24         THE COURT:  Can you contemplate it now?

25         MR. BECKER:  I could contemplate it now, Your Honor.

1    As Your Honor is probably aware of the background of this case,

2    these are documents that have been incorporated by reference

3    into the law and are therefore themselves --

4            THE COURT:  That's the whole ball of wax.  I mean,

5    that's what the case is about, right?  We're going to decide

6    whether those documents have fallen into the public domain or

7    whatever the argument is.  But right now, the plaintiff's

8    argument is that the longer those documents are up there, the

9    greater the harm they are suffering, and if you've agreed to

10   pull some pending briefing, why can't you pull the others?

11   What's the problem?

12           MR. BECKER:  It would be possible to pull the other

13   standards if that is what Your Honor believes is necessary in

14   order to have a longer briefing schedule.

15           THE COURT:  I do.  All right.  Okay.

16           MR. HUDIS:  Your Honor, just so the record is clear,

17   the AERA plaintiffs, we agreed with Public Resource at the very

18   beginning of the case because we had asked on whom we would

19   serve a preliminary injunction motion.  So Mr. Becker's boss and

20   lead counsel, Andrew Bridges, called me and said, we want a full

21   hearing on the merits; we don't want a partial record based upon

22   a preliminary injunction motion.

23       So upon his and his client's agreement to take our one

24   standard down during the pendency of the case, we did not file a

25   preliminary injunction motion.  So I just want to make sure the

1    Court is not confused.

2         In the ASTM case, as of right now, all of their standards

3    are still up on Public Resource's website, and as I understand

4    from speaking with counsel, they're still being added.  Our only

5    concern, as I said before, is that we have a staggered schedule

6    and a joint hearing before Your Honor.

7         THE COURT:  Okay.  I can tell you right now we're

8    going to have a joint hearing, and I can tell you right now that

9    the schedule I'm proposing is only -- it's a 3.5 month briefing

10   schedule.  Plaintiffs have proposed a 2.5 month briefing

11   schedule, defendants have proposed a four-month briefing

12   schedule.  So this is not a huge amount of time difference.

13        All right.  I do find that defendants are going to need

14   some more time, the holidays and family obligations, plus they

15   just have fewer lawyers to respond.  So I do think that Public

16   Resource makes a strong case for giving it some more time.  So

17   I'm going to do that.

18        So my proposal is, it adapts the parties' six-briefs,

19   simultaneous cross-motions schedule, but it changes it to four

20   sequential briefs in each case.  So rather than describe it,

21   I've done a little chart, and I'm going to have my clerk give it

22   to you so you all can see the dates that we're talking about.

23   Look at it and let me know if this is doable.

24        (Counsel viewing document.)

25        MR. KLAUS:  I think I get from the time schedule is

1    the idea that one side would move first, the other side would

2    respond, and I suppose the question is who's on the blank there

3    on blank's motion for summary judgment.  Is it our motion and

4    their consolidated motion and opposition, or reverse?

5               THE COURT:  That's a good question.

6               MR. KLAUS:  If I'm understanding it correctly,

7    Your Honor, it's like a cross-appeal where there are four

8    briefs --

9               THE COURT:  Right.

10              MR. KLAUS:  -- which I think makes, quite frankly,

11   reducing the number of briefs that Your Honor is going to be

12   inundated with make a tremendous amount of --

13              THE COURT:  It does to me.

14        (Laughter)

15              MR. KLAUS:  But I think that notwithstanding the -- as

16   you said, there is a ball of wax.  It's a fairly defined ball of

17   wax, and so I think you'll see a lot of the same arguments and

18   cases more than once in the briefing.

19              THE COURT:  I think we would have plaintiffs' motion

20   first since that sort of seems to make logical sense to me.

21              MR. KLAUS:  Yes.

22              THE COURT:  Now, why don't we start filling in the

23   blanks here.  So plaintiffs' motion for summary judgment in the

24   ASTM case, when would you want that to be due?

25              MR. KLAUS:  We had suggested November 19, Your Honor,

1   and obviously, if our standards are coming down during the

2   pendency of the briefing, then I think all the time schedule

3   here makes a good amount of sense.  But November 19 would be

4   fine with us.

5          THE COURT:  Okay.

6      Defense?  What's your position on this?

7          MR. BECKER:  November 19 is fine, Your Honor.

8          THE COURT:  Okay.  That doesn't impose a deadline on

9   you.  So before we start putting in dates, does anybody have any

10  objections or questions or concerns about this proposed

11  schedule?

12         MR. HUDIS:  I guess, Your Honor, before we start

13  filling in the other dates, I think maybe we start with the

14  initial summary judgment motion in the AERA case, and then it

15  starts to get easier to fill in the rest of the dates.

16         THE COURT:  We could do that, because that was filed

17  -- is it because it was filed first?

18         MR. HUDIS:  No.  The ASTM was filed first.

19  We finished first.

20         THE COURT:  Oh, I see.

21         MR. KLAUS:  I had understood under your schedule,

22  Your Honor, that Mr. Hudis's opening motion would be filed the

23  same day as Public Resource's opposition to our motion.

24         THE COURT:  Right.  Right.

25         MR. KLAUS:  And we think that's exactly --

1       THE COURT:  Yeah.  That's what it's going to be.

2  So if the plaintiff's motion in ASTM would be filed November 19,

3  on December 19 -- that's a Saturday, so let's say the 18th?

4       MR. KLAUS:  Friday, or the Monday?

5       THE COURT:  We can do the Monday.

6       MR. KLAUS:  Let's do the Monday.

7       THE COURT:  So that's the 21st.  The defendant's

8  opposition to the motion for summary judgment and combined

9  cross-motion for summary judgment in the ASTM case would be due,

10  and then plaintiffs' motion for summary judgment in the AERA

11  case would also be due.  Okay?  Then a month later, which would

12  be January -- what's January 21?

13       MR. KLAUS:  That's a Thursday.

14       THE COURT:  So January 21, plaintiff's reply in

15  support of summary judgment and the combined opposition to the

16  cross-motion for summary judgment in the ASTM would be due, and

17  defendant's opposition to motion for summary judgment and

18  combined cross-motion for summary judgment in AERA would be due

19  as well.  Then two weeks after that, which would take us to

20  what, Ms. Moser?

21       THE DEPUTY CLERK:  February 4.

22       THE COURT:  Defendant's reply in support of a

23  cross-motion for summary judgment in the ASTM case would be due,

24  and that would give the defendant an additional two weeks.

25  All right?  So that's February 4.  And is that a weekday?

1          THE DEPUTY CLERK:  Thursday.

2          THE COURT:  Okay.  And then two weeks after that...

3          THE DEPUTY CLERK:  The 18th, which is also a Thursday.

4          THE COURT:  Okay.  February 18, plaintiff's reply in

5     support of the motion for summary judgment and combined

6     opposition to cross-motion for summary judgment in the AERA

7     case.  Two weeks after that...

8          THE DEPUTY CLERK:  March 3.

9          THE COURT:  And I'm going to issue an order with all

10    these.  Defendant's reply in support of the cross-motion for

11    summary judgment in the AERA case.

12        Then as far as the amicus briefs, those are due whenever

13    you all want them to be due, but they need to be obviously done

14    well before argument on motions.  Frankly, if they could be done

15    by March 3 as well, that would be great, but well before the

16    argument.  And then we have to decide a combined motions

17    argument dates.

18          MR. KLAUS:  If I could just add, on the amicus

19    briefs -- and I think this probably holds for both sides -- I

20    would imagine that each side would like at least one opportunity

21    in one of the rounds of briefing that we've got here if they're

22    going to take a shot at something that an amicus has said.

23          THE COURT:  Okay.  What do you suggest?

24          MR. KLAUS:  So it may be that slotting in the amici

25    briefs sometime in January may make the most sense.

```
 1              THE COURT:  Okay.  So amicus briefs in ASTM, can you
 2    give me a proposed date?
 3              MR. KLAUS:  I would propose, Your Honor, the 11th.
 4              THE COURT:  January 11?
 5              MR. KLAUS:  January 11.
 6              THE COURT:  All right.  And responses?
 7              MR. KLAUS:  I think the response should be folded in.
 8    By my lights, we'll have another brief to file on January 21.
 9              THE COURT:  So we just have that due then, too?
10              MR. KLAUS:  I would say that unless the parties think
11    they will need additional briefing, I would imagine that on the
12    amici point, there doesn't need to be a whole pile of opposition
13    briefs, provided we have page limits.
14              THE COURT:  Yeah, we're going to get to that.
15              MR. KLAUS:  Understood.  But I think within those,
16    given that each side will be having a final word after an amicus
17    brief is filed, unless there is something that is truly
18    extraordinary that justifies a separate opposition, those
19    arguments can probably be folded into the final brief.
20              THE COURT:  What's your position, Mr. Becker?  I think
21    that makes more sense.  I mean, I think you can address any
22    arguments the amici make in your oppositions.
23              MR. BECKER:  All right.
24              THE COURT:  And amicus briefs in AERA?
25              MR. HUDIS:  So, Your Honor, I'm just going on the
```

1    initial summary judgment motions.  There's a four-week gap.

2    Do you want to do a four-week gap so ours would be due like the

3    second week of February?

4              THE COURT:  So between the 4th and the 18th, you mean?

5              MR. HUDIS:  Yeah.

6              THE COURT:  Sure.  Give me a date.

7              MR. KLAUS:  How about the 11th?

8              MR. HUDIS:  February 11?

9              THE COURT:  Okay.

10             MR. HUDIS:  That's a Thursday.

11             THE COURT:  All right.  Great.

12        Now, ASTM had originally asked for extra pages, which was

13   made under the expectation of simultaneous cross-motions.  In

14   light of my sequential briefing schedule, how many pages do you

15   think you'll need?

16             MR. KLAUS:  We will need, I think, the 60 that we

17   asked for, because we've got three different plaintiff groups,

18   and while we are going to consolidate our arguments, our common

19   arguments, there are some issues that will be different for each

20   of us.  So we would still propose that the briefs be 60 pages.

21             THE COURT:  Okay.  I think that's right.  So opening

22   motions, 60 pages.

23             MR. HUDIS:  Is that both cases, Your Honor?

24             THE COURT:  Yeah, unless you can make your case.

25   Do you need more for your case?  I was going to say combined

1    oppositions on cross-motions would be 80 pages and opening briefs

2    60, but if you can make your case for more, I'll consider it.

3            MR. HUDIS:  On my opening brief, if you're going to

4    give us 60 pages, I'll take it.

5            THE COURT:  All right.  Don't feel the need to use all

6    the pages.

7            MR. HUDIS:  Of course not, but if we have room.

8            THE COURT:  Fine.  I don't want you to leave out an

9    argument that...  Okay, so opening motions would be 60 pages;

10   combined oppositions and cross-motions, 80 pages; combined

11   replies and oppositions, 50 pages; and replies, 30 pages.

12   Again, I'll put this all in the order.

13           MR. HUDIS:  So, Your Honor, the dates I have

14   running down the right-hand column are November 19, December 21,

15   January 21, February 4, February 18, March 3.  On the amicus,

16   January 11, February 11.

17           THE COURT:  That's right.

18           MR. HUDIS:  Thank you, Your Honor.

19           THE COURT:  That's what I have.

20       All right.  Who wants to -- well, okay, we got the opening

21   of the briefing.  Great.

22       Joint motion hearing.  It seems like that's what you're

23   asking for anyway, because I have a note to myself saying to get

24   the parties to agree to a joint motion hearing.  So that's the

25   easy one.  All right.  Do you want to set a date now since we

1    have you all here?

2              MR. KLAUS:  It's obviously a lot of briefing,

3    Your Honor, but we'd be happy to set a date now.

4              THE COURT:  I mean, obviously, if there's motions for

5    -- I don't even want to raise the issue of motions for extension

6    of time, but in an abundance of caution, let's set a date with

7    the understanding that we may have to push it.

8         Is that fine, Mr. Becker?

9              MR. BECKER:  Yes.  I don't know the schedule of

10   Andrew Bridges, the lead on this case, Your Honor, so I couldn't

11   necessarily say that if we --

12             THE COURT:  Well, I'm going to do this.  Let's pick a

13   motions-hearing date.  If there's some reason that's bad, confer

14   with the other side, come up with a mutually agreeable date, and

15   we'll set it.

16             MR. HUDIS:  So, Your Honor, the last date I have on

17   the schedule, the last brief would be March 3.

18             THE COURT:  Okay.

19             MR. HUDIS:  So if you want to put in some wiggle room

20   sometime during the week of the 21st?

21             THE COURT:  Is there a date you would both prefer?

22             MR. HUDIS:  What's your favorite day of the week?

23        (Laughter)

24             THE COURT:  I'm wide open that week, so Mr. Becker?

25             MR. HUDIS:  Tuesday the 22nd?

1        THE COURT:  Tuesday the 22nd, Mr. Becker?

2        MR. BECKER:  Yes, Your Honor.

3        THE COURT:  All right.  So why don't you check as

4   early as possible and find out if that is a good date for

5   Mr. Bridges.  As you heard, that's wide open for me, and it

6   sounds like it may be open for the other side.

7        So, motions hearing Tuesday, March 22.  Let's block off a

8   morning.

9        MR. HUDIS:  What time would you like to start,

10  Your Honor?

11        THE COURT:  9:30.

12        MR. HUDIS:  9:30.

13        THE COURT:  All right?

14        MR. HUDIS:  Very gracious, Your Honor.  Thank you.

15        THE COURT:  You're very welcome.  I'm glad all the

16  discovery issues are resolved and we're moving forward.

17        Mr. Becker?

18        MR. BECKER:  Your Honor, may I ask a question of the

19  Court?

20        THE COURT:  Yes.

21        MR. BECKER:  With regards to the standards in the ASTM

22  case, are you instructing that the standards in that case should

23  be taken down pending the outcome of this case?

24        THE COURT:  Well, there's no request for preliminary

25  injunction, and I'm not going to order that.  One of the reasons

that the plaintiffs articulated for wanting a more compressed
briefing schedule was this prejudice they were suffering because
these documents were up, and you had said in the joint status
report that -- let me just find it.  Hold on.

Right.  Where defendants state that the only standard at
issue in the AERA case has been taken off-line by Public
Resource after agreement of the parties pending the outcome of
that case, so there's no rush to reach a judgment.

Counsel for the plaintiffs pointed out that that was not
the case in the ASTM case and there had been some issues.
I don't want to order anything that doesn't have a preliminary
injunction.  You were asked if you would be willing to do it, at
least during the briefing schedule, and you agreed to do it
during the briefing schedule.  We can revisit the issue after
the briefing schedule.  Is that agreeable?

MR. BECKER:  Okay.  So in that case, Public Resource
would take the standards down during the briefing schedule.

THE COURT:  Yes.

MR. BECKER:  My understanding is that this would
include -- this would be the standards at issue in this
litigation but not any documents that the plaintiffs have not
filed suit over.  Is that...

THE COURT:  I don't have any jurisdiction over those.

MR. BECKER:  Thank you, Your Honor.

THE COURT:  Maybe not.  Yes?  I'm sorry.

1      MR. FEE:  On that last point, part of our concern is

2  they keep putting up new documents that we haven't made part of

3  this case yet.  Once this case is resolved, obviously, it's

4  going to deal indirectly with all those standards as well.

5      THE COURT:  It will.

6      MR. FEE:  So if we're going to stretch this thing out

7  for months and months, I do think that they should not be able

8  to keep up the standards that they've posted recently as well.

9      THE COURT:  I mean, there's no injunction, there's no

10  restraining order, but to the extent that you are engaging in

11  repetitive behavior, Mr. Becker, that's going to affect this

12  case, I can't order you to stop.

13      Well, I could tell you that if you're putting up similar

14  documents, you are giving plaintiffs an opportunity to come in

15  here and move for preliminary injunction and derail this and

16  have you stopped.  If you're willing to stop while at least the

17  briefing schedule is pending, then yes, you should do that.

18      MR. BECKER:  Thank you, Your Honor.

19      MR. KLAUS:  Was that an agreement by Mr. Becker?

20      THE COURT:  Yeah, let us have a cease-fire until the

21  motions argument.

22      MR. BECKER:  Okay, Your Honor.

23      MR. KLAUS:  Thank you, Your Honor.

24      THE COURT:  Thank you.  I'll see you all in March.

25           (Proceedings adjourned at 11:03 a.m.)

* * * * * *

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

*Bryan Wayne*
_____
BRYAN A. WAYNE