# EXHIBIT T

Case No. 1:14-cv-00857-TSC-DAR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., )<br><br>Plaintiffs/Counterdefendants, )<br><br>v. )<br><br>PUBLIC.RESOURCE.ORG, INC., )<br><br>Defendant/Counterclaimant. ) | Civil Action No. 1:14-cv-00857-TSC-DAR<br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED RESPONSES TO PLAINTIFFS-COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES (NOS 1-8)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of Civil Procedure of this Court, Defendant Public.Resource.Org, Inc. ("Public Resource") hereby responds to Plaintiffs' American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc., First Set of Interrogatories.

### GENERAL OBJECTIONS

1.     Public Resource objects to the interrogatories to the extent that they are overly broad, unduly burdensome, or oppressive, or to the extent they are inconsistent with, or purport to impose obligations on Public Resource beyond those set forth by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, the Federal Rules of Evidence, or any applicable regulations and case law, particularly to the extent that compliance would force Public Resource to incur a substantial expense that outweighs any likely benefit of the discovery. Public Resource's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiffs seek to impose.



PENGAD 800-631-6989   EXHIBIT   Malamud   29   5/12/15

2.     Public Resource objects to the interrogatories to the extent that they seek documents and information that are neither relevant to the Action nor reasonably calculated to lead to the discovery of admissible evidence. Public Resource objects to the interrogatories to the extent that they seek documents and information that are not in Public Resource's possession, custody or control. Public Resource objects to the interrogatories on the ground that they seek to impose obligations on Public Resource that are unduly burdensome, especially to the extent that requested information is publicly available or burdensome to search for or obtain. Public Resource further objects to the extent that the interrogatories are overbroad and that their number exceeds the number that the Federal Rules of Civil Procedure authorize.

3.     Public Resource objects to the interrogatories to the extent that they seek information that falls under the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privileges or protections. Public Resource will not provide such information, and any inadvertent production is not a waiver of any applicable privilege or protection.

4.     Public Resource objects to the interrogatories, and each and every instruction and definition, to the extent that Plaintiffs seek information that is not limited to a relevant and reasonable period of time.

5.     Public Resource objects to the interrogatories to the extent they are argumentative.

6.     Public Resource objects to the interrogatories to the extent they are cumulative and/or duplicative of any other of Plaintiffs' discovery requests.

7.     Public Resource objects to the definition of "Public Resource" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent that it purports to include any affiliates or other persons when such persons are acting outside of a capacity of representing Public Resource.

8.     Public Resource objects to the term "Public Resource Website" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent it fails

2

to identify which websites Plaintiffs consider "owned, controlled or operated" by Public
Resource, other than law.resource.org, public.resource.org, house.resource.org, and
bulk.resource.org.

9.      Public Resource objects to the definition of "communication" to the extent it
includes information protected by the attorney-client privilege, the attorney work product
doctrine, or any other applicable privilege or protection as provided by law. Public Resource
further objects to the definitions of this term as seeking to impose obligations broader than, or
inconsistent with, the Federal Rules, the Local Rules, and/or the law of this Circuit. Public
Resource will respond to the interrogatories using the ordinary meaning of "communications"
and the scope of this term given by Fed. R. Civ. P. 33 and 34.

10.     Public Resource objects to the definition of "identify" to the extent it seeks to
impose obligations broader than, or inconsistent with, the Federal Rules, the Local Rules, and/or
the law of this Circuit. Public Resource will respond to the interrogatories using the ordinary
meaning of "identify" and the scope of this term given by Fed. R. Civ. P. 33.

11.     Public Resource objects to the extent the requests are premature.  It reserves the
right to amend or supplement its responses as the Action proceeds.

12.     Public Resource's responses to these interrogatories are made without waiving, or
intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to
object, on the grounds of competency, privilege, relevance or materiality, or any other proper
grounds, to the use of any documents or other information for any purpose in whole or in part, in
any subsequent proceeding in this action or in any other action; (b) the right to object on any and
all grounds, at any time, to other requests for production, interrogatories, or other discovery
procedures involving or relating to the subject matter of the interrogatory to which Defendants
have responded here; and (c) the right at any time to revise, correct, add to, or clarify any of the
responses made here.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe how Public Resource obtained any printed version or versions of the 1999 Standards.

**RESPONSE TO INTERROGATORY NO. 1:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.

Subject to and without waiving the foregoing objections, Public Resource responds as follows:

Public Resource purchased a printed copy from "thebookgrove," a used book seller, on May 17, 2012.  Pursuant to Federal Rule of Civil Procedure 33(d), Public Resource will produce the invoice or invoices for such orders that are in its custody, possession, or control.  Public Resource believes that to the extent details such as dates, payment amounts, and product names are available, they may be derived from this invoice or invoices.

**INTERROGATORY NO. 2:**

Identify when the 1999 Standards were first and last posted or published to a Public Resource Website, and identify the particular Public Resource Website(s) to which the 1999 Standards were posted or published.

**RESPONSE TO INTERROGATORY NO. 2:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this request to the extent that it seeks information that is equally available to Plaintiffs

from other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available.

Subject to and without waiving the foregoing objections, Public Resource responds as follows:

The 1999 Standard was first posted to the law.resource.org website on July 11, 2012. On that date, the 1999 Standard was also posted by Public Resource on the Public Safety collection on the Internet Archive.

The 1999 Standard was last posted to a Public Resource Website on June 10, 2014.  The 1999 Standard was also removed from public view on the Internet Archive on that date.

**INTERROGATORY NO. 3:**

Identify and describe the process Public Resource used to digitize or convert to digital format the 1999 Standards from paper format, including any quality control measures Public Resource used to prevent the content of the 1999 Standards from being altered.

**RESPONSE TO INTERROGATORY NO. 3:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory and to the term "digitize" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Public Resource responds as follows:

Public Resource procures standards, including the 1999 Standard, as paper documents.  It then disassembles them, removing any spines, stuffing, staples, or other extraneous materials.  If necessary, it trims the documents to give them an even border.  It then scans the documents on a Xerox 4250 scanner at 300 or 400 dots per inch.  It names each file in a standard manner, including the standard setting organization, the standard number, and the date.  For example, one name is "aera.standards.1999.pdf."

Public Resource appends a cover sheet to each file consisting of the name of the standard setting organization, the date, the title, and (most importantly) the specific section of law that incorporates this specific standard into law.  This is an important part of the quality check process.  If Public Resource is unable to find a specific incorporation, it does nothing further with the standard and does not post it.

The scanning process produces files in PDF format.  The files are post-processed to optimize the scans and to generate Optical Character Recognition (OCR) on the text.  Public Resource then double-checks the IBR reference(s), puts a cover sheet on the files, and stamps metadata into the headers.  Public Resource then posts these files on its website as well as the Internet Archive using the HTTPS (secure HTTP) protocol.  Public Resource also makes the files available using FTP and Rsync.

**INTERROGATORY NO. 4:**

Identify all persons who and companies that participated on Public Resource's behalf (including Public Resource itself) in digitizing or converting a paper version of the 1999 Standards to digital format, and describe the nature of each person's and/or company's participation.

**RESPONSE TO INTERROGATORY NO. 4:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory as outside the scope of discovery to the extent it calls for information that is not within Public Resource's knowledge.  Public Resource objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information about entities other than Public Resource.  Public Resource objects to this interrogatory to the extent it calls for the disclosure of information that is protected by any individual's right of privacy.

Subject to and without waiving the foregoing objections, Public Resource responds as follows:

Public Resource incorporates by reference its response to Interrogatory No. 3.

Contact information for each entity is as follows:

Carl Malamud

Public.Resource.Org

1005 Gravenstein Hwy N

Sebastopol, CA 95472

**INTERROGATORY NO. 5:**

Identify and describe, by month and year starting from the date that the 1999 Standards were first posted on or published to a Public Resource Website or Public Resource Websites, the number of visitors who viewed and/or accessed the 1999 Standards on that website or those websites.

**RESPONSE TO INTERROGATORY NO. 5:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory and to the term "viewed and/or accessed" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed."  Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that exist within its possession, custody, and control from which the response to this interrogatory may be derived.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory and to the term "viewed and/or accessed" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "accessed" means "viewed."  Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "viewed" and "accessed," Public Resource responds as follows:

Public Resource recorded on the Public.Resource.org website the following number of HyperText Transfer Protocol (HTTP) requests for the filename "aera.standards.1999.pdf" for

each month and date below.  In calculating the number of HTTP requests, Public Resource counted each successful full retrieval request ("status code 200") as one request and all partial retrieval requests ("status code 206") within the same hour as one request (under the assumption that each set was one device making a series of partial retrieval requests that added up to one full retrieval).

| | |
|---|---|
| 2013-08: | 18 |
| 2013-09: | 58 |
| 2013-10: | 259 |
| 2013-11: | 260 |
| 2013-12: | 331 |
| 2014-01: | 564 |
| 2014-02: | 471 |
| 2014-03: | 536 |
| 2014-04: | 633 |
| 2014-05: | 741 |
| 2014-06: | 293 |
| 2014-07: | 69 |
| 2014-08: | 48 |
| 2014-09: | 30 |
| 2014-10: | 50 |

Public Resource recorded on the Public.Resource.org website the following number of File Transfer Protocol (FTP) requests for the filename "aera.standards.1999.pdf" for each month and date below.

| | |
|---|---|
| 2013-06: | 1 |
| 2013-07: | 2 |
| 2013-08: | 1 |
| 2013-09: | 3 |
| 2013-10: | 3 |
| 2013-11: | 4 |
| 2013-12: | 8 |
| 2014-03: | 6 |
| 2014-04: | 5 |
| 2014-05: | 4 |
| 2014-06: | 1 |
| 2014-08: | 1 |
| 2014-09: | 2 |
| 2014-10: | 1 |

Public Resource recorded on the Public.Resource.org website the following number of Rsync (remote sync) protocol requests for the filename "aera.standards.1999.pdf" for each month and date below.

    2013-04:    1
    2013-11:    1

On June 10, 2014, at Plaintiffs' request, Public Resource replaced on its website the document which had the filename "aera.standards.1999.pdf" with a stub document explaining this litigation.  Because the stub document has the same filename, retrievals of that document also appear in this set of records.

**INTERROGATORY NO. 6:**

Identify the number of times the 1999 Standards were downloaded from a Public Resource Website or Public Resources Websites, and identify the particular Public Resource Website(s) from which the 1999 Standards were downloaded.

**RESPONSE TO INTERROGATORY NO. 7:**

Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory and to the term "downloaded" as vague and ambiguous.  Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "downloaded" means "viewed."  Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, to the extent the information sought is available, Public Resource will produce and identify non-privileged documents that

exist within its possession, custody, and control from which the response to this interrogatory may be derived.

## AMENDED RESPONSE TO INTERROGATORY NO. 8:

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "downloaded" as vague and ambiguous. Public Resource objects to this interrogatory as seeking information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "downloaded" means "viewed." Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

Based on the parties' agreement on the definitions of "accessed," "viewed" and "downloaded," Public Resource responds as follows:

Subject to and without waiving the foregoing objections, to the best of its knowledge at this time, Public Resource has no information responsive to this request specific to the act of downloading (as opposed to the act of accessing, which Public Resource addresses in its response to Interrogatory No. 5). Public Resource's investigation is ongoing, and to the extent it

locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 7:**

Identify and describe all instances of which you are aware in which a third party, after downloading the 1999 Standards from a Public Resource Website, posted the 1999 Standards online to a website other than a Public Resource Website, made further reproductions of the 1999 Standards, or created derivative works based on the 1999 Standards.

**RESPONSE TO INTERROGATORY NO. 9:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "downloading" as vague and ambiguous. Public Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

Subject to and without waiving the foregoing objections, Public Resource responds that it is not aware of any information responsive to this interrogatory. Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

**AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Public Resource incorporates its general objections as if fully set forth here. Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law. Public Resource objects to this interrogatory and to the term "downloading" as vague and ambiguous. Public

Resource objects to this interrogatory to the extent that the scope of the information sought is not limited to a relevant and reasonable period of time.

   After conference, the parties agree as follows:

- "Accessed" means to digitally retrieve or open an electronic file or data.
- "View(ed)" means the act of seeing or examining.
- "Downloaded" means a user reproducing an electronic file by saving a reproduction of the file to a location on the user's device with the intent to facilitate permanent ready access until the user deletes the file. This definition of "download" includes use of functions such as "Save" and "Save As," but does not include printing physical hardcopies, taking screenshots, or cache reproductions such as "Temporary Internet files."

   Based on the parties' agreement on the definitions of "accessed," "viewed" and "downloaded," Public Resource responds as follows:

   Subject to and without waiving the foregoing objections, Public Resource responds that it is not aware of any information responsive to this interrogatory.  Public Resource's investigation is ongoing, and to the extent it locates any non-privileged documents from which responsive information may be derived, it will produce them pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 8:**

   State the factual and legal basis of each Affirmative and Other Defense to Plaintiffs' Complaint, as asserted in Public Resource's Counterclaim and Answer filed with the Court on July 14, 2014.

**RESPONSE TO INTERROGATORY NO. 11:**

   Public Resource incorporates its general objections as if fully set forth here.  Public Resource objects to this interrogatory to the extent it purports to impose upon Public Resource obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure, local rules, Court Orders for this proceeding, or any applicable regulations and case law.  Public Resource objects to this interrogatory to the extent it seeks disclosure of information that falls under the

work product doctrine.  Public Resource objects to this interrogatory because it is argumentative.
Public Resource objects to this interrogatory because it seeks information that is publicly
available, already known, or equally available to Plaintiffs.  Public Resource objects to this
interrogatory as it seeks "factual and legal basis" at an early stage of the litigation.


Date: December 15, 2014                              FENWICK & WEST LLP


                                                     /s/ Andrew P. Bridges
                                                     Andrew P. Bridges (admitted)
                                                     abridges@fenwick.com
                                                     555 California Street, 12th Floor
                                                     San Francisco, CA 94104
                                                     Telephone: (415) 875-2300
                                                     Facsimile: (415) 281-1350

                                                     David Halperin (D.C. Bar No. 426078)
                                                     davidhalperindc@gmail.com
                                                     1530 P Street NW
                                                     Washington, DC 20005
                                                     Telephone: (202) 905-3434

                                                     Corynne McSherry (pro hac vice)
                                                     corynne@eff.org
                                                     Mitchell L. Stoltz (D.C. Bar No. 978149)
                                                     mitch@eff.org
                                                     ELECTRONIC FRONTIER FOUNDATION
                                                     815 Eddy Street
                                                     San Francisco, CA 94109
                                                     Telephone: (415) 436-9333
                                                     Facsimile: (415) 436-9993

                                                     Attorneys for Defendant-Counterclaimant
                                                     PUBLIC.RESOURCE.ORG, INC.

## VERIFICATION

I, Carl Malamud, declare:

I am President of Public.Resource.Org, a nonprofit corporation organized and existing under the laws of California, which is the defendant in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED RESPONSES TO PLAINTIFF-COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES and know its contents. They are true, except as to those matters identified as on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December, 2014.

_____
Carl Malamud

15