**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,

Plaintiffs/Counterclaim Defendants,

v.

PUBLIC.RESOURCE.ORG, INC.,

Defendant/Counterclaimant.

Civil Action No. 1:14-cv-00857-TSC-DAR

**[PROPOSED] ORDER AND ENTRY OF A PERMANENT INJUNCTION**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for summary judgment and the entry of a permanent injunction.

This is an action by three non-profit organizations: the American Educational Research Association, Inc., the American Psychological Association, Inc., and the National Council on Measurement in Education, Inc. (collectively, "Plaintiffs"), creators of the work entitled "Standards for Educational and Psychological Testing" (1999 ed.) (the "Standards"). Pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, Plaintiffs seek injunctive relief against Public.Resource.Org, Inc. ("Defendant") for infringement and contributory infringement of Plaintiffs' copyright in the Standards. Defendant filed an answer and counterclaim asserting certain defenses and seeking declaratory relief.

Having reviewed the parties' submissions, the record and the applicable law,

**THE COURT FINDS** that Plaintiffs are the rightful owners of the copyright in the Standards, and that the copyright in said Standards is valid.

**THE COURT ALSO FINDS** that Defendant infringed Plaintiffs' copyright when it digitally copied Plaintiffs' Standards and unlawfully posted those electronic copies to the Internet.

**THE COURT FURTHER FINDS** that Defendant's actions encouraged others to engage in multiple of acts of copyright infringement, such that Defendant has engaged in contributory copyright infringement.

**THE COURT ADDITIONALLY FINDS** that Defendant's asserted defense of fair use and its other alleged defenses are without merit.

**THE COURT MOREOVER FINDS** that a permanent injunction is necessary. Plaintiffs have been, and will continue to be, irreparably harmed by Defendant's actions. The harm to Plaintiffs from the continued availability of their Standards on the Internet without restriction is not compensable through remedies available at law. On the other hand, Defendant will not suffer cognizable harm if it must terminate its infringement. The public interest will also be served from the entry of a permanent injunction.

**IT THEREFORE IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment and the entry of a Permanent Injunction is GRANTED; and it is further

**ORDERED** that, within 5 days of the date of this Order, Defendant remove all versions of Plaintiffs' Standards from Defendant's website, the Internet Archive, and any other website(s) within its possession, custody or control; and it is further

**ORDERED** that, within 5 days of the date of this Order, Defendant destroy all copies of Plaintiffs' Standards, and any predecessor, successor, modified or updated versions thereof, that were made by Defendant and/or its agents, servants, employees, and all those in active concert with Defendant.

**ORDERED** that, within 5 days of the date of this Order, Defendant shall provide a copy of this Court's Order to the Internet Archive, and request that the Internet Archive destroy all copies of Plaintiffs' Standards, and any predecessor, successor, modified, or updated versions thereof, that were provided to the Internet Archive by Defendant and/or its agents, servants, employees, and all those in active concert with Defendant; and it is further

**ORDERED** that Defendant, its officers, agents, servants, employees, and all those in active concert with it or in participation with it, be permanently restrained and enjoined from all further unauthorized reproduction, distribution and/or display of Plaintiffs' Standards, and any predecessor, successor, modified or updated versions thereof, by any means or method, now known or hereinafter developed, and from preparation of derivative works based upon any Standards published by Plaintiffs; and it is further

**ORDERED** that Defendant shall post this Order at the top of the home page of its website (www.law.resource.org) in 12-point type or larger within 5 days of the date of this Order, for a period of not less than two years; and it is further

**ORDERED** that Defendant shall file a Declaration under penalty of perjury stating that it has complied with the requirements set forth above within 10 days of the date of this Order.

**IT IS SO ORDERED:**

Dated: _________________, 201_ ____________________________________

Hon. Tanya S. Chutkan
United States District Judge

Submitted by

Jonathan Hudis (DC Bar # 418872)
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com

Kathleen Cooney-Porter (DC Bar # 434526)
OBLON, McCLELLAND, MAIER &
NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail kcooney-porter@oblon.com

Attorneys for Plaintiffs

AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION, INC.
AMERICAN PSYCHOLOGICAL
ASSOCIATION, INC.
NATIONAL COUNCIL ON
MEASUREMENT IN EDUCATION, INC.

Names and addresses of all attorneys
entitled to be notified of the entry of this Order:

For Plaintiffs:

Jonathan Hudis
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Jonathan.Hudis@quarles.com

Kathleen Cooney-Porter
OBLON, McCLELLAND, MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, VA 22314
kcooney-porter@oblon.com

For Defendants:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
abridges@fenwick.com

Matthew B. Becker (Pro Hac Vice)
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
mbecker@fenwick.com

Mitchell L. Stoltz (D.C. Bar No. 978149)
Corynne McSherry (Pro Hac Vice)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
mitch@eff.org
corynne@eff.org

David Halperin (D.C. Bar No. 426078)
1530 P Street NW
Washington, DC 20005
davidhalperindc@gmail.com