# EXHIBIT 62

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' OBJECTIONS AND ANSWERS TO DEFENDANT/COUNTERCLAIM-PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-10)** |

## **INTRODUCTION**

Pursuant to Fed.R.Civ.P. 33, Plaintiffs/Counterclaim-Defendants, AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. ("Plaintiffs"), provide the following objections and answers to Defendant/Counterclaim-Plaintiff's ("Defendant's") First Set of Interrogatories ("Defendant's Interrogatories").

These objections and answers are based upon the best relevant information presently available to Plaintiffs and are made without prejudice to the right of Plaintiffs to provide additional or modified objections and answers should better or further information or belief subsequently become available to Plaintiffs. These answers also are provided without prejudice to any right of Plaintiffs to offer evidence on their behalf or to object to the relevance, competence or admissibility on any ground of any evidence or witness offered by Defendant; and these answers do not constitute an admission of competence, or admissibility of evidence, or a waiver of objection on any grounds.

## GENERAL OBJECTIONS

Plaintiffs object to the Definitions and Instructions forming a part of Defendant's First Set of Interrogatories as overly broad, harassing, unduly burdensome and as imposing greater obligations than those required by the Federal Rules of Civil Procedure.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every Legal Authority that you know or believe to have incorporated, in whole or in part, either expressly or by reference, any part of the Works-At-Issue.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrases "every Legal Authority…" and "any part of the Works-At-Issue…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the phrase "incorporated, in whole or in part, either expressly or be reference …". To the extent that this Interrogatory is understood, Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Plaintiffs additionally object to this Interrogatory to the extent that it calls for information outside of Plaintiffs' possession, custody or control. Subject to, and without waiver of the foregoing objections, Defendant has identified, in ¶¶ 5, 6, 56, 83 and 84 of its Answer and Counterclaim(s), entities that Defendant believes have incorporated the 1999 Standards by reference. This Interrogatory calls for a legal conclusion pertaining to an issue on which the parties disagree. Further, a mere referral or listing of the 1999 Standards by an entity does not constitute incorporation by reference or incorporation into law. To the extent that Plaintiffs locate materials within their possession, custody or control that are responsive to this Interrogatory,

pursuant to Fed.R.Civ.P. 33(d), they will produce copies of same from which an answer to this Interrogatory may be derived.

**INTERROGATORY NO. 2:**

Identify every Legal Authority that you know or believe to have incorporated, in whole or in part, either expressly or by reference, any part of the 1999 Standard.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrases "every legal Authority…" and "any part of the 1999 Standard…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the phrase "incorporated, in whole or in part, either expressly or by reference …". Plaintiffs additionally object to this Interrogatory to the extent that it calls for information outside of Plaintiffs' possession, custody or control. Subject to, and without waiver of the foregoing objections, Defendant has identified, in ¶¶ 5, 6, 56, 83 and 84 of its Answer and Counterclaim(s), entities that Defendant believes have incorporated the 1999 Standards by reference. This Interrogatory calls for a legal conclusion pertaining to an issue on which the parties disagree. Further, a mere referral or listing of the 1999 Standards by an entity does not constitute incorporation by reference or incorporation into law. To the extent that Plaintiffs locate materials within their possession, custody or control that are responsive to this Interrogatory, pursuant to Fed.R.Civ.P. 33(d), they will produce copies of same from which an answer to this Interrogatory may be derived.

**INTERROGATORY NO. 3:**

Identify all Persons who have participated in, or have been members of, the Joint Committee(s).

**ANSWER:**

Plaintiffs object to Defendant's use of the term "participated …" and the phrase "all

3

Persons…" as overly broad, harassing and unduly burdensome. Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and without waiver of the foregoing objections, pursuant to Fed.R.Civ.P. 33(d), Plaintiffs refer Defendant to pp. v - vii of the Preface to the 1999 Standards, a copy of which Plaintiffs will produce and from which the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 4:**

Identify all Persons who participated in the development, creation, drafting, revision, editing, transmission, publication, distribution, display, or dissemination of the Works-At-Issue other than persons whom you have identified in ANSWER to Interrogatory No. 3.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrase "all Persons…" and the term "participated …" as overly broad, harassing, and unduly burdensome. Plaintiffs also object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and without waiver of the foregoing objections, pursuant to Fed.R.Civ.P. 33(d), Plaintiffs refer Defendant to pp. v - vii of the Preface to the 1999 Standards, a copy of which Plaintiffs will produce and from which the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 5:**

Identify all communications in which You, or anyone acting on Your behalf, Promoted the incorporation of any of the Works-At-Issue, in whole or in part, either expressly or by reference, in any Legal Authority.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrases "all communications…", "anyone acting on Your behalf…" and "any of the Works-At-Issue…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the phrase "incorporation … in whole or in part, either expressly or by reference ...". To the extent that this Interrogatory is understood, Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Plaintiffs additionally object to this Interrogatory to the extent that it calls for information outside of Plaintiffs' possession, custody or control. To the extent that Plaintiffs locate materials within their possession, custody or control that are responsive to this Interrogatory, pursuant to Fed.R.Civ.P. 33(d), they will produce copies of same from which an answer to this Interrogatory may be derived.

**INTERROGATORY NO. 6:**

Identify all Contributions that any Person made to the Standards Process of the Works-At-Issue.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrases "all Contributions…" and "any Person…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the terms "Contributions" and "Standards Process", particularly as defined by Defendant. To the extent this Interrogatory is understood, Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and

5

without waiver of the foregoing objections, activities associated with the 1999 Standards include development, creation, drafting, review, revision, editing, circulation of discussion drafts, publication, advertising, distribution and sales.

**INTERROGATORY NO. 7:**

Identify all means by which the general public may Access the Works-At-Issue.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrase "all means…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the term "Access", particularly as defined by Defendant. To the extent this Interrogatory is understood, Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and without waiver of the foregoing objections, members of the general public may purchase copies of the 1999 Standards for individual use. Plaintiff AERA occasionally provides promotional complementary print copies of the 1999 Standards primarily to students or professors.

**INTERROGATORY NO. 8:**

Identify all communications by You to the general public to identify or explain the means by which the general public may Access the Works-At-Issue.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrase "all communications by…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as it is unclear by its use of the term "Access", particularly as defined by Defendant. Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and

6

as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and without waiver of the foregoing objections, the availability of the 1999 Standards has been made known through print advertising, printed marketing materials, website promotion and at AERA, APA and NCME meetings and/or events.

**INTERROGATORY NO. 9:**

Identify all payments (including but not limited to payments for purchases or payments in the nature of a subvention) concerning the Works-At-Issue, any copies of the Works-At-Issue, or any licenses for or including a Work-At-Issue, by a federal, state, local, or municipal government entity or agency, including but not limited to the Work(s)-At-Issue, the amount paid, and the paying agency or entity.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrases "all payments…" and "any copies…" and "any licenses…" as overly broad, harassing and unduly burdensome. Plaintiffs also object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Plaintiffs further object to this Interrogatory as calling for the production of confidential and proprietary information. Subject to, and without waiver of the foregoing objections, pursuant to Fed.R.Civ.P. 33(d), Plaintiffs will produce summary sales records from which the answer to this Interrogatory may be derived, pursuant to the Protective Order issued by the Court. However, these summary sales records do not distinguish the types of persons who or entities that purchased the 1999 Standards.

**INTERROGATORY NO. 10:**

Identify all payments, donations, monetary contributions, or contributions-in-kind to the Joint Committee(s) by a federal, state, local, or municipal government entity or agency.

**ANSWER:**

Plaintiffs object to Defendant's use of the phrase "all payments, donations, monetary contributions, or contributions-in-kind…" as overly broad, harassing and unduly burdensome. Plaintiffs further object to this Interrogatory as irrelevant to the claims or defenses of any party in this action and as not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it inquires about any publications other than the 1999 Standards. Subject to, and without waiver of the foregoing objections, there are no such payments, donations, monetary contributions or contributions-in-kind responsive to this Interrogatory.

Dated: January 20, 2015

Respectfully submitted,

OBLON, McCLELLAND, MAIER &
 NEUSTADT, LLP

*/s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
Kathleen Cooney-Porter (DC Bar # 434526)
1940 Duke Street
Alexandria, VA 22314
Tel. (703) 413-3000
Fax (703) 413-2220
E-Mail jhudis@oblon.com
E-Mail kcooney-porter@oblon.com

*Attorneys for*
*Plaintiffs-Counterclaim Defendants*
AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION, INC., AMERICAN
PSYCHOLOGICAL ASSOCIATION, INC.,
NATIONAL COUNCIL ON MEASUREMENT IN
EDUCATION, INC.

{431384US, 11553761_1.DOCX}

## VERIFICATION

I, _Felice J. Levine_, state that I am the _Executive Director_ of Plaintiff, AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., that I have read the foregoing answers to Defendant's First Set of Interrogatories and that the answers are true and accurate to the best of my own knowledge, information and belief.

By: _____
[SIGNATURE]

Subscribed and sworn before me this __17__ day of __January__, 201_.

_____
Notary Public

9

## VERIFICATION

I, _MARIANNE ERNESTO_, state that I am the _DIRECTOR, TESTING & ASSESSMENT_ of Plaintiff, AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., that I have read the foregoing answers to Defendant's First Set of Interrogatories and that the answers are true and accurate to the best of my own knowledge, information and belief.

By: _[signature]_
[SIGNATURE]

Subscribed and sworn before me this _15th_ day of _January_, 2015.

_[signature]_
Notary Public

THERESA A. MCGREGOR
My Commission Expires
March 31, 2015

10

## VERIFICATION

I, _Lauress L. Wise II_, state that I am the _President_ of Plaintiff, NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., that I have read the foregoing answers to Defendant's First Set of Interrogatories and that the answers are true and accurate to the best of my own knowledge, information and belief.

By: _/s/ Lauress Wise_
[SIGNATURE]

Subscribed and sworn before me this _16th_ day of _January_, 2015.

_____
Notary Public

KEVIN JOSEPH BECKMAN
Commission # 2043513
Notary Public - California
Monterey County
My Comm. Expires Oct 16, 2017

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P. 5(B)(2)(E) and by agreement of the parties, I hereby certify that a true copy of the foregoing **PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' OBJECTIONS AND ANSWERS TO DEFENDANT/COUNTERCLAIM-PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-10)** was served on counsel for Defendant/Counterclaim-Defendant, this 20th day of January, 2015, by sending same via e-mail, to:

Andrew P. Bridges
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
abridges@fenwick.com

Corynne McSherry
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
corynne@eff.org
mitch@eff.org

David Halperin
1530 P Street, N.W.
Washington, D.C. 20005
davidhalperindc@gmail.com

*/s/ Jonathan Hudis*
Jonathan Hudis