# EXHIBIT 63

**Subject:** AERA, APA, NCME v. Public Resource - Discovery Issues Followup
**From:** Mitch Stoltz <mitch@eff.org>
**Date:** 3/17/15, 11:52 AM
**To:** Jonathan Hudis <JHudis@oblon.com>, Kathleen Cooney-Porter <KCooney-Porter@oblon.com>
**CC:** "Katherine D. Cappaert" <KCappaert@oblon.com>, Corynne McSherry <Corynne@eff.org>, Andrew Bridges <ABridges@fenwick.com>, Matthew Becker <mbecker@fenwick.com>

Dear Jonathan and Kathleen:

Thank you for your summary email of March 12, 2015 and your proposed joint statement on the status of discovery of March 16.

Public Resource concurs with the joint statement provided that the last sentence is changed. We propose to replace the last sentence with the following: "Plaintiffs have moved, with the consent and concurrence of Defendant, for an extension of the fact discovery deadline and subsequent deadlines. The requested extension will allow the parties time to resolve paper discovery issues and conduct depositions." Please see the attached draft and let us know if you concur.

We disagree with some of your characterizations of what we discussed in our call on March 12. Here are our recollections, as well as information we agreed to furnish:

1. **General Objections**

Public Resource continues to maintain that it has not waived any general objections to date and does not plan on doing so. This issue has been fully briefed and argued, and Magistrate Judge Robinson has yet to rule on it.

2. **Public Resource's Response to Interrogatory No. 12**

Public Resource will amend its response to this interrogatory to reflect that there was no time at which Public Resource was aware that the 1999 Standard was subject to copyright.

3. **Public Resource's Responses to Production Requests Nos. 10 through 13**

Public Resource consents to the disclosure of the transcripts and exhibits from the depositions of Carl Malamud and Public Resource taken in the ASTM case, so long as the ASTM Plaintiffs do not object and the AERA Plaintiffs purchase copies of the transcripts and exhibits from the court reporter. Public Resource will produce its responses to the ASTM Plaintiffs' discovery requests.

4. **Public Resource's Responses to Production Requests Nos. 14 and 16 through 19**

Public Resource will not produce server logs for the reasons already stated.

5. **Public Resource's Responses to Production Requests Nos. 20 and 21**

Public Resource will produce documents responsive to this request, to the extent any such documents exist.

In addition, the following memorializes the parties' discussion of Plaintiffs' discovery obligations on the March 12 call:

1. **Production of Documents Regarding Earlier Versions of Testing Standards**

As we explained on the call, Public Resource believes that documents related to earlier versions of the testing standards are relevant because copyright in the 1999 Standard, to the extent there is a copyright, extends only to the changes from

the 1985 edition of the standard. Similarly, the copyright in the 1985 Standards extends only to the changes from the 1979 edition, and the copyright in the 1979 edition extends only to the changes from the 1954 edition. Because the alleged copyright protection only covers changes to each new edition of the standard, Public Resource maintains that documents related to earlier versions of the standard is necessary to determine the scope of copyright protection in the 1999 Standard. Plaintiffs contend that documents related to earlier versions of the standard are irrelevant and their production would be unduly burdensome.

2. **Production of Sales Records of 1999 Standards**

Public Resource maintains that sales records of the 1999 Standard to government entities is relevant to its theory of indirect government subsidies, and believes that the privacy concerns implicated in records of sales to private individuals does not apply to government purchases. As such, Public Resource believes the production of Plaintiffs' sales records reflecting government purchases bears no relationship to the issue of Public Resource's privilege logs. Plaintiffs disagree, but promised to look into whether they can find documents related to exact purchasers of the 1999 Standard. Please inform us whether you have located such documents.

3. **Production of Communications with ASTM Plaintiffs**

Plaintiffs maintain that Public Resource is not entitled to discover its communications with the ASTM Plaintiffs on the basis of privilege, and maintained that they have entered into a common interest agreement with the ASTM Plaintiffs. Plaintiffs declined to tell Public Resource exactly when the agreement went into effect, but Public Resource maintains that it is entitled to communications that pre-date the agreement. You agreed to tell us by March 16 whether you will produce your communications with the ASTM Plaintiffs that pre-date the agreement.

4. **Plaintiffs' Privilege Log**

Thank you for sending us an updated privilege log. While we appreciate your efforts to make the log more legible, it is still unusable in its current form. The current privilege log is formatted to 11 x 17 inch paper. The log should be formatted to be printable on 8½ x 11 inch paper using a reasonable font size so that it can be submitted in filings to the Court if necessary. Moreover, some of the entries in the log are still cut off and only partially readable, such as the rows marked CW062949_01_00000204 and CW064015_01_00001230. Please provide a copy that is both readable and can be submitted to the Court in whole or part.

In addition, you agreed to provide us with a supplemental privilege log of redacted documents produced in your first two productions. Please produce that log by Friday, March 20.

5. **Production of Documents Related to Licensing of 1999 Standards**

Public Resource requested that you produce all documents related to the licensing of the 1999 Standards. As promised on our call, we are attaching documents you produced related to requests to translate the 1999 Standards into other languages. Based on these documents, we believe that AERA may have entered into, or considered entering into, some licensing agreements with third parties. Please let us know if your client is in possession of any such licensing agreements or documents pertaining to any such agreements, and if so, when we can expect to receive them.

6. **Plaintiffs' Responses to Public Resource's Requests for Production 12-17**

Although Plaintiffs stated in response to each of these requests that no responsive documents exist, on our call of March 12, you stated that documents responsive to some of these requests did in fact exist and have been produced.

    Best regards,
       Mitch

--
Mitch Stoltz
Staff Attorney, Electronic Frontier Foundation

415-436-9333 x142 * https://www.eff.org
815 Eddy Street, San Francisco, CA 94109

Attachments:

| | |
|---|---|
| Joint Report on Status of Discovery_Draft_3-16-15 Edited.docx | 33.2 KB |
| 460585__AERA_APA_NCME_0011462_460585_460585.pdf | 28.7 KB |
| 460620__AERA_APA_NCME_0011467_460620_460620.pdf | 55.6 KB |
| 460668__AERA_APA_NCME_0017104_460668_460668.pdf | 62.3 KB |
| 460697__AERA_APA_NCME_0011465_460697_460697.pdf | 25.1 KB |