# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | ) ) ) ) ) | Civil Action No. 1:14-cv-00857-TSC-DAR **PLAINTIFFS' OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S** |
| Plaintiffs/Counterclaim-Defendants, | ) ) | **EVIDENCE IN SUPPORT OF DEFENDANT-** |
| v. | ) ) | **COUNTERCLAIMANT'S MOTION FOR SUMMARY** |
| PUBLIC.RESOURCE.ORG,          INC., | ) ) | **JUDGMENT** |
| Defendant/Counterclaim-Plaintiff. | ) ) | |

Respectfully submitted,

Jonathan Hudis (DC Bar # 418872)
Nikia L. Gray (*pro hac vice*)
Jonathan P. Labukas (DC Bar # 998662)
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Nikia .Gray@quarles.com
E-Mail Jonathan.Labukas@quarles.com

Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.

# TABLE OF CONTENTS

I.   STANDARDS FOR ADMISSIBLE EVIDENCE IN RULING ON A MOTION FOR SUMMARY JUDGMENT ................................................................................................1

II.  OBJECTIONS TO THE DECLARATION OF CARL MALAMUD IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ...........................................2

III. OBJECTIONS TO THE CONSOLIDATED EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT .........................................19

IV.  CONCLUSION.................................................................................................................49

Exhibit 1:   Defendant-Counterclaimant Public.Resource.Org, Inc.'s Amended Initial
Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)

# TABLE OF AUTHORITIES

Cases

*Brooks v. Kerry,*

   37 F. Supp. 3d 187 (D.D.C. 2014) ........................................................................................2

*Elion v. Jackson,*

   544 F. Supp. 2d 1 (D.D.C. 2008) ............................................................................... Passim

*Gleklen v. Democratic Cong. Campaign Comm., Inc.,*

   199 F.3d 1365 (D.C. Cir. 2000) ........................................................................................1, 2

*Jones v. United States,*

   934 F. Supp. 284 (D.D.C. 2013) ..........................................................................................1

*Ozark Auto. Distributors, Inc. v. Nat'l Labor Relations Bd.,*

   779 F.3d 576 at n. 11 (D.C. Cir. 2015) ................................................................................1

*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,*

   608 F.3d 871 (D.C. Cir. 2010) ..............................................................................................1

*United States v. Foster,*

   986 F.2d 541 (D.C. Cir. 1993) ..............................................................................................1

*United States v. Hampton,*

   718 F.3d 978 (D.C. Cir. 2013) ..............................................................................................2

Rules

Fed. R. Civ. P. 26(a)(1)...................................................................................................... Passim

Fed. R. Civ. P. 26(a)(1)(A)(ii) ........................................................................................... Passim

Fed. R. Civ. P. 26(e) .......................................................................................................... Passim

Fed. R. Civ. P. 37(c) .......................................................................................................... Passim

Fed. R. Civ. P. 37(c)(1).......................................................................................................Passim

Fed. R. Civ. P. 56 ..................................................................................................................1

Fed. R. Civ. P. 56(c)(2)..........................................................................................................1

Fed. R. Evid. 1001 ............................................................................................................2

Fed. R. Evid. 1002 .................................................................................................... Passim

Fed. R. Evid. 1003 ............................................................................................................2

Fed. R. Evid. 401 ...................................................................................................... Passim

Fed. R. Evid. 402 ............................................................................................................1

Fed. R. Evid. 403 ..................................................................................................... 12, 18

Fed. R. Evid. 602 ................................................................................................. 5, 6, 9, 11

Fed. R. Evid. 701 ............................................................................................ 2, 11, 16, 17

Fed. R. Evid. 702 ............................................................................................ 2, 11, 16, 17

Fed. R. Evid. 801 ................................................................................................. 23, 28, 48

Fed. R. Evid. 802 ...................................................................................................... Passim

Fed. R. Evid. 803(6) ......................................................................................................23

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA") and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or the "Sponsoring Organizations") submit the following objections to the Declaration of Carl Malamud and various Consolidated Exhibits submitted in support of Defendant/Counterclaim-Plaintiff, Public.Resource.Org, Inc.'s ("Defendant" or "Public Resource")'s Motion for Summary Judgment.

## I.   STANDARDS FOR ADMISSIBLE EVIDENCE IN RULING ON A MOTION FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56 permits a party to "object that the material cited to support ... a fact *cannot be presented in a form that would be admissible in evidence*." Fed. R. Civ. P. 56(c)(2) (emphasis added). "At the summary judgment stage, a party is not required to produce evidence in a form that is admissible, but the evidence must be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted). Plaintiffs therefore limit their objections below to evidence that is not capable of being converted into in a form that would be admissible in evidence at trial.

Although the standard for relevant evidence is lenient, the evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* 608 F.3d 871, 897 (D.C. Cir. 2010). Under Federal Rule of Evidence 401, there are no degrees of relevancy. "Evidence is either relevant or it is not." *Ozark Auto. Distributors, Inc. v. Nat'l Labor Relations Bd.*, 779 F.3d 576, 584 at n. 11 (D.C. Cir. 2015) (citing *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993)). Irrelevant evidence is not admissible. Fed. R. Evid. 402. To the extent Defendant proffers evidence that

does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable, Plaintiffs object.

Statements that are *impermissible* hearsay are precluded from consideration by the Court on summary judgment. *Brooks v. Kerry*, 37 F. Supp. 3d 187, 201 (D.D.C. 2014); *see also Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000) (holding that "[v]erdicts cannot rest on inadmissible evidence" and "sheer hearsay ... therefore counts for nothing" at summary judgment).  To the extent that any testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted, and no plausible exceptions to the rule against hearsay apply, Plaintiffs object.

Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also United States v. Hampton*, 718 F.3d 978, 981–82 (D.C. Cir. 2013) (finding error when district court allowed FBI agent to testify as a lay witness in the form of an opinion without an applicable exception in Rule 701).  To the extent that Defendant proffers lay witness testimony that requires scientific, technical, or other specialized knowledge, Plaintiffs object.

The "best evidence rule" requires that contents of documents must be proved by producing the document itself. Fed. R. Evid. 1001, 1002, 1003.  To the extent that Defendant proffers testimony concerning the contents of a document but fails to admit the document, Plaintiffs object.

## II.   OBJECTIONS TO THE DECLARATION OF CARL MALAMUD IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. **Declaration of Carl Malamud:** I am over the age of 18 years and am fully competent to testify to the matters stated in this declaration.

2

**Plaintiffs' Objections:** No objection.


2. **Declaration of Carl Malamud:** This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein.

**Plaintiffs' Objections:** No objection.


3. **Declaration of Carl Malamud:** I am the President and sole employee of Public.Resource.Org, Inc. ("Public Resource"), which is a 501(c)(3) non-profit corporation headquartered in Sebastopol, California. I have worked at Public Resource since I founded the organization in 2007. It is my only source of employment.

**Plaintiffs' Objections:** No objection.


4. **Declaration of Carl Malamud:** Public Resource's core mission is to make the law and other government materials more widely available so that people, businesses, and organizations can easily read and discuss our laws and the operations of government. Attached to Public Resource's Consolidated Index of Exhibits as Exhibit 1 is a true and correct copy of Public Resource's Articles of Incorporation from our website at https://public.resource.org/public.resource.articles.html.

**Plaintiffs' Objections:** No objection.


5. **Declaration of Carl Malamud:** That mission grows out of my longtime professional commitment to improving public access to essential documents that shape our fundamental activities. In 1991, I convinced the Secretary-General of the International Telecommunication Union that the Blue Book, the specification for how telephone networks operate, should be freely available on the Internet. Working with Dr. Michael Schwartz, I transformed and posted the Blue Book into formats compatible with modern publication technologies and made it available on the Internet. The service was extremely popular, and the ITU today makes all of its standards documents freely available on the Internet. I wrote a book about this experience called "Exploring the Internet" (Prentice Hall, 1993).That book can be viewed and read at http://museum.media.org/eti/Exploring_the_Internet.pdf.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* The allegation that Public Resource previously posted publications with the permission of the Secretary-General of the International Telecommunications Union has no bearing on whether Public Resource directly and

contributorily infringed Plaintiffs' copyright in the "Standards for Educational and Psychological Testing (1999 ed.)" (the "1999 Standards"). This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

6. **Declaration of Carl Malamud:** I was privileged to be able to participate in the Internet Engineering Task Force, the standards body that has developed most of the standards that specify the functioning of the Internet, during the early 1990s, a period of very rapid development, both in the functionality of the Internet and its scope.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* That Carl Malamud participated in the Internet Engineering Task Force, as well as the background of the organization, have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

7. **Declaration of Carl Malamud:** In 1993, when the Internet was beginning to grow explosively, I created the first radio station on the Internet, operating as a nonprofit corporation called the Internet Multicasting Service. In addition to transmitting audio and video programming, the service also provided the first high-speed Internet link into the White House, using a temporary infrared connection from our studios in the National Press Building. The radio service, which I dubbed "Internet Talk Radio," became a member of the Public Radio Satellite System, received accreditation from the U.S. House and Senate Radio & Television Correspondents Galleries, sent out live audio from the floors of the House and Senate, streamed all National Press Club luncheons, and transmitted original programming. Many of those programs can still be listened to at http://museum.media.org/radio/.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Carl Malamud's background with an Internet radio station has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more

probable or less probable than it would be without the evidence.  *Fed. R. Evid. 802, Hearsay.*

Defendant relies on a website to prove the allegation that that the radio service, which Mr.

Malamud dubbed "Internet Talk Radio," became a member of the Public Radio Satellite System,

received accreditation from the U.S. House and Senate Radio & Television Correspondents

Galleries, sent out live audio from the floors of the House and Senate, streamed all National

Press Club luncheons, and transmitted original programming, and are still available. The

proffered testimony relies on an out-of-court statement that is offered to prove the truth of the

matter asserted.

8. **Declaration of Carl Malamud:** At the Internet Multicasting Service, I also put a number of important government databases online, including the Securities and Exchange Commission EDGAR database and the U.S. Patent database. When the SEC took the EDGAR service over from me, I loaned it computers and donated all of our source code so they could be up and running quickly. The SEC ran the system on our software for several years. On October 10, 1995, the Hon. Arthur Levitt, Chairman of the SEC, wrote to me thanking us for our efforts and calling the project an "extraordinary achievement."

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  The proffered testimony concerning

Carl Malamud's background in working with the Securities and Exchange Commission EDGAR

database has no bearing on whether Public Resource directly and contributorily infringed

Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make

the existence of any fact that is of consequence to the determination of this action more probable

or less probable than it would be without the evidence.  *Fed. R. Evid. 602, Lack of Personal*

*Knowledge*. The proffered testimony concerning whether the SEC ran a system on their software

is not based on the witness's personal knowledge of the matter and the proffering party has not

introduced sufficient evidence to show the witness has personal knowledge of this matter.  *Fed.*

*R. Evid. 802, Hearsay.*  Defendant relies on a letter from the former Chairman of the SEC to

prove the truth of the contents of the letter.  The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted.  *Fed. R. Evid. 1002, Best Evidence.* Defendant offers a summary and quotation from a letter without providing the original document as an exhibit.  However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

9. **Declaration of Carl Malamud:** After I started Public Resource in 2007, one of our first efforts was to place online the historical opinions of the U.S. Courts of Appeals, material that was not previously available on the Internet. Public Resource also converted all of the opinions in the first 40 volumes of the Federal Reporter as well as the Federal Cases into Hypertext Markup Language (HTML) and placed those online. These materials are now used by numerous websites that provide access to legal materials.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  That Public Resource previously posted historical opinions of the U.S. Courts of Appeals on the Internet has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.  *Fed. R. Evid. 602, Lack of Personal Knowledge.* The proffered testimony concerning whether numerous websites provide access to the legal  materials allegedly originally posted by Public Resource is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

10. **Declaration of Carl Malamud:** Public Resource maintains an archive of laws and other government authored materials on several domains under the public.resource.org website.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  The proffered testimony concerning the maintenance of an archive of laws and government materials has no bearing on whether

Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

11. **Declaration of Carl Malamud:** Public Resource has helped increase access to many other court documents. We scanned approximately 3 million pages of briefs submitted to the U.S. Court of Appeals for the Ninth Circuit dating back to the creation of that court and have placed those materials online. The materials may be downloaded from https://law.resource.org/pub/us/case/ca9/.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Whether Public Resource previously posted briefs submitted to the U.S. Court of Appeals for the Ninth Circuit has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

12. **Declaration of Carl Malamud:** Public Resource has conducted a number of other projects that have resulted in more government information being placed online. Using volunteers in Washington D.C. with the cooperation of the Archivist of the United States, we put approximately 6,000 government videos on YouTube and the Internet Archive for people to use with no restriction, a service we call FedFlix. It has had over 60 million views. The videos may be viewed at https://www.youtube.com/user/PublicResourceOrg and https://archive.org/details/FedFlix.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Whether Public Resource conducted previous projects in placing government videos on YouTube, including the name of the service and number of views, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this

action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 802, Hearsay.*   Defendant relies on a website to prove the truth of the allegation that Public Resource's service has over 60 million views.  The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted.

13. **Declaration of Carl Malamud:** Public Resource also placed over eight million Form 990 exempt non- profit organization returns obtained from the IRS on the Internet. As part of that posting, we conducted an intensive privacy audit which led to fundamental changes in how the IRS deals with privacy violations. Through a Freedom of Information Act request and litigation, we obtained release of high-quality versions of Form 990 filings, which the IRS had refused to make available. The court decision in that case (Public.Resource.Org v. United States Internal Revenue Service, No. 3:13-cv-02789- WHO, ECF No. 62 (N.D. Cal. January 29, 2015)) led to a recent announcement by the IRS that all e-file returns will be made available in bulk in 2016. I am pleased to be working with the IRS as a member of the test group for this service.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  Public Resource's posting of IRS 990 tax returns has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

14. **Declaration of Carl Malamud:** In 2007, I wrote a report addressed to Speaker of the House Nancy Pelosi suggesting that video from Congressional hearings should be more broadly available on the Internet. On January 5, 2011, Speaker John Boehner and Representative Darrell Issa wrote to me asking me to assist them in carrying out that task. In a little over a year, Public Resource was able to put over 14,000 hours of video from hearings on the Internet, to assist the House Committee on Oversight and Government Reform in posting a full archive of their committee video and, for the first time ever for congressional hearings, to provide closed-captioning of those videos based on the official transcripts. The letter from Speaker Boehner may be found at https://law.resource.org/rfcs/gov.house.20110105.pdf.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  Carl Malamud's correspondence with Congress has no bearing on whether Public Resource directly and contributorily infringed

Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 802, Hearsay.* Defendant relies on a letter from Speaker Boehner to prove the truth of the contents of the letter. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *Fed. R. Evid. 1002, Best Evidence.* Defendant offers a summary of a report and letter without providing the original documents as exhibits.  However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

15. **Declaration of Carl Malamud:** Also in 2008, I examined the issue of availability of state-mandated safety codes, such as building, electric, plumbing, and fire codes. At the time, none of those documents were available freely on the Internet. I made a detailed survey of state regulations and statutes, looking for direct and specific incorporation of particular model codes. Over the next few years, Public Resource posted many of the incorporated state safety codes for U.S. states.

**Plaintiffs' Objections:** *Fed. R. Evid. 602, Lack of Personal Knowledge.* Whether any state-mandated safety codes, such as building, electric, plumbing, and fire codes, were available freely on the Internet is not based on the witness's personal knowledge of the matter, and Public Resource has not introduced sufficient evidence to show Mr. Malamud has personal knowledge of this matter.

16. **Declaration of Carl Malamud:** Public Resource's process of posting these codes has been deliberate and careful and has grown in sophistication over time. First, we purchased paper copies of codes that are incorporated into law. Then, we scanned the documents, applied metadata and optical character recognition (OCR) to the PDF files, and placed a cover sheet on each document explaining that this was a posting of the law of a specific jurisdiction.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.*  Public Resource's alleged process of posting codes of third parties has no bearing on whether Public Resource directly and

contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

17. **Declaration of Carl Malamud:** Over time, we also began converting some of these standards into modern HTML format, including setting the tables, converting formulas to Mathematics Markup Language (MathML), and converting graphics to the Scalable Vector Graphics (SVG) format. Coding formulas in MathML makes them significantly more accessible to people who are visually impaired. Converting the graphics to SVG means they can be resized smoothly, and can be incorporated into graphic editing programs and word processing programs. Converting the documents into standard HTML means the documents can be more readily used on different platforms, such as tablets and smartphones.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Public Resource's alleged process of posting the standards of third parties has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

18. **Declaration of Carl Malamud:** In late 2008, I was asked by the Obama-Biden Transition Project to consult on the subject of how the Official Journals of Government could be made more readily available. Many of my recommendations were adopted, including removing the subscription fee from bulk access to the Federal Register. That led to a dramatic transformation of the Federal Register, which is now based on open source software that was developed by three volunteers in California and then adopted by the government. That system can be viewed at https://federalregister.gov/. A copy of my memorandum to the Obama Transition Project may be viewed at https://public.resource.org/change.gov/reboot.register.pdf.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Whether Mr. Malamud was asked to consult on the Obama-Biden Transition Project has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the

determination of this action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 602, Lack of Personal Knowledge.* Whether any of Carl Malamud's recommendations were adopted by the Obama-Biden Transition Project, and whether that led to an alleged "dramatic" transformation of the Federal Register, is not based on the witness's personal knowledge of the matter, and the Public Resource has not introduced sufficient evidence to show Mr. Malamud has personal knowledge of this matter. *Fed. R. Evid. 701, Improper Lay Opinion.* The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful to clearly understanding the witness's testimony or to determining any fact in issue. The proffered testimony concerning the cause of an alleged transformation of the Federal Register requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony. *Fed. R. Evid. 802, Hearsay.* Defendant relies on memorandum to the Obama Transition Project to prove the truth of the contents of the letter. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *Fed. R. Evid. 1002, Best Evidence.* Defendant offers a summary of his memorandum to the Obama Transition Project without providing the original document as an exhibit. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

19. **Declaration of Carl Malamud:** In 2011, I began to look seriously at the federal use of standards incorporated by reference into the Code of Federal Regulations. I was participating at the time as an appointed member of the Administrative Conference of the United States, and I carefully read materials such as the legislative history of the mechanism of incorporation by reference, the Code of Federal Regulations provisions for incorporation by reference, and cases such as the Veeck decision.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Whether Mr. Malamud participated as an appointed member of the Administrative Conference of the Untied States has no bearing on

whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999

Standards.  This evidence does not have the tendency to make the existence of any fact that is of

consequence to the determination of this action more probable or less probable than it would be

without the evidence. *Fed. R. Evid. 403, Prejudice.* The probative value of Carl Malamud's

alleged participation as an appointed member of the Administrative Conference of the United

States is outweighed by a danger of unfair prejudice or confusing the issues.  Mr. Malamud's

alleged appointment does not qualify Mr. Malamud as an expert witness in this action and does

not confer special expertise or authority to formulate legal conclusions in this matter.

20. **Declaration of Carl Malamud:** In 2012, I began a new initiative to make standards incorporated by reference into federal law available on the Internet. I examined the Code of Federal Regulations carefully and selected 73 standards that spanned a variety of agencies. I purchased physical copies of each of these standards. I created 25 paper replicas of each of these standards, and placed a cover sheet on each one indicating which section of the CFR incorporated the document.

**Plaintiffs' Objections:** No objection.

21. **Declaration of Carl Malamud:** To accompany the 73 standards, I also created a detailed cover memo, titled "Notice of Incorporation," which included letters addressed to seven senior government officials. The memo included a request for comments from each of the ten standards development organizations (SDOs) named in the document by May 1, 2012. The plaintiffs in this case were not among the ten SDOs named in the document. I packaged the 73 standards, the Notice of Incorporation, two posters, and other materials in 29-pound boxes and sent the boxes to the seven government officials and the ten SDOs. I sent the boxes by Federal Express on March 15, 2012. A copy of the Notice of Incorporation memo may be found at https://law.resource.org/pub/us/cfr/notice.sdo.20120315_to.pdf.

**Plaintiffs' Objections:** *Fed. R. Evid. 1002, Best Evidence.* Defendant offers the summary of a

memo without providing the original document as an exhibit.  However, under Federal Rules of

Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

22. **Declaration of Carl Malamud:** After sending the standards, I received acknowledgements from several government addressees, including personal notes from the Chairman of the Federal Trade Commission, the Archivist of the United States, and the Chairman of the House Committee on Oversight and Government Reform. I did not receive any response from the SDOs.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Whether Mr. Malamud received acknowledgments from several government addressees has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 802, Hearsay.* Defendant relies on writings from several government addressees to prove that the authors acknowledged Mr. Malamud's Notice of Incorporation. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *Fed. R. Evid. 1002, Best Evidence.* Defendant states that he received several notes from government addressees that acknowledged his Notice of Incorporation, but Defendant does not provide the original documents as exhibits. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

23. **Declaration of Carl Malamud:** On May 1, 2012, I posted the 73 documents on the Public Resource web site. I also began a process of examining the Code of Federal Regulations, the National Institute of Standards and Technology (NIST) database of Standards Incorporated by Reference (SIBR), and the Office of the Federal Register's incorporation by reference listings to put together a list of documents that are incorporated into the CFR. I then began the process of trying to procure these documents, many of which are unavailable for purchase from the SDOs and which I had to obtain on the used book market.

**Plaintiffs' Objections:** No objection.

24. **Declaration of Carl Malamud:** Every standard that I have posted on my website has been incorporated into law by a governmental authority. Public Resource does not impose any restrictions on the use of the standards. Public Resource has never

13

charged for access to the standards or other legal materials, and has never asserted any intellectual property rights in them. We do not require people to log in or register before accessing content from Public Resource.

**Plaintiffs' Objections:** No objection.

25. **Declaration of Carl Malamud:** Public Resource posted a PDF version of the 1999 Standards on its website. The PDF version accurately appeared as a scan of a physical version of the incorporated standard. Public Resource's regular practice is to perform OCR on the incorporated standards that it posts and to convert them further into standard Hypertext Markup Language (HTML) to make them still more accessible. I intended to do so for the 1999 Standards, but I suspended further work on the 1999 Standards when this lawsuit was filed. In May 2014, Plaintiffs sued Public Resource for posting on its website and the Internet Archive website the 1999 Standards. Subsequently, so as to ensure that this lawsuit would be decided on a full record, in June 2014 Public Resource agreed to take down the versions of the 1999 Standards that it had posted on its website and on the Internet Archive website, pending the resolution of this case

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Public Resource's alleged regular practice in performing OCR has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

26. **Declaration of Carl Malamud:** Public Resource has continued to develop techniques for making the documents that we post more usable, including double-keying and adding markup to HTML and SVG versions of the documents. Double-keying means having two separate typists copy the text of the incorporated standard; the results are then compared in order to eliminate any errors. We have also developed new markup techniques that increase the accessibility of the documents to people with visual impairments and print disabilities. We have also made significant advances in adding metadata to the documents, so each section, table, figure, and formula can be bookmarked and linked to, making internal navigation within the documents significantly friendlier for the user.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Public Resource's alleged development of techniques for making documents more usable has no bearing on whether Public

Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

27. **Declaration of Carl Malamud:** We have applied these markup techniques to a number of standards incorporated by reference, though not to the 1999 Standards. Public Resource's goal is to have the entire CFR, including all documents incorporated by reference, available in this new format so that users can seamlessly and transparently navigate the entire CFR. I believe this will be useful for employees of affected business enterprises, researchers and journalists covering public policy issues, government workers at the federal, state, and local levels who must interact with the code as part of their daily activities, and for interested citizens.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Except as applied to the 1999 Standards, Public Resource's markup techniques and Public Resource's corporate mission and goals have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

28. **Declaration of Carl Malamud:** We have made several examples of our new approach available on the Internet and submitted them as examples of how the law can be made better in formal comments to Notices of Proposed Rulemaking that propose to incorporate standards by reference.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Public Resource's posting of examples of its new approach to the Internet has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.

15

29. **<u>Declaration of Carl Malamud</u>:** Public Resource's website is structured for navigation by search engines and for bulk access. Data are organized by country (e.g., /pub/us/) then by type of data, such as standards incorporated by reference (/pub/us/cfr/ibr/).

**<u>Plaintiffs' Objections</u>:** *Fed. R. Evid. 701, Improper Lay Opinion.* The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue. The proffered testimony concerning the structure for navigation and organization of data requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony.

30. **<u>Declaration of Carl Malamud</u>:** Public Resource has one employee, myself, and three contractors who assist me in systems administration, conversion of graphics and formulas, and legal advice. Our core operating costs are under $500,000 per year, and we are funded entirely by donations, contributions and grants. Rather than adding staff, I have prioritized capital expenses, such as the purchase of the U.S. Court of Appeals backfile for $600,000 and he scanning of 3 million pages of Ninth Circuit briefs. Public Resource does not accept donations that are tied to the posting of specific standards or groups of standards. Public Resource's operating income is not based on the amount of traffic its websites receive. Though we are a small organization, we observe all current best practices of corporate governance and transparency. I am proud that we have been awarded the GuideStar Gold Seal for nonprofit transparency. A full repository of our financials and other disclosures is maintained at https://public.resource.org/about.

**<u>Plaintiffs' Objections</u>:** *Fed R. Evid. 401 & 402, Relevance.* Public Resource's operating costs, income, and corporate governance practices have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 802, Hearsay.* Defendant relies on its financials posted online to prove the truth of its statements regarding operating costs and income. The proffered testimony relies

on an out-of-court statement that is offered to prove the truth of the matter asserted. *Fed. R. Evid. 1002, Best Evidence.* Defendant offers a summary of its financials without providing the original document as an exhibit.  However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content.

31. **<u>Declaration of Carl Malamud</u>:** Public Resource has never sought benefit or compensation from its posting of the 1999 Standards. We have never used the 1999 Standards for marketing.

**<u>Plaintiffs' Objections</u>:** No objection.

32. **<u>Declaration of Carl Malamud</u>:** I pay a great deal of attention to quality control, including verifying the validity of the HTML, SVG, and MathML that I post. I respond immediately to any reports of errors from the public.

**<u>Plaintiffs' Objections</u>:** *Fed R. Evid. 401 & 402, Relevance.*  As noted in paragraph 27 in Carl Malamud's Declaration, Public Resource applied markup techniques, such as HTML and SVG to a number of standards incorporated by reference, *though not to the 1999 Standards*. Consequently, the alleged fact that Mr. Malamud pays a great deal of attention to quality control, including verifying the markup techniques to *other* standards incorporated by reference is not relevant in this action.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.  *Fed. R. Evid. 701, Improper Lay Opinion*. The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue.  The proffered testimony concerning verifying the validity of the HTML, SVG, and MathML requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony.

17

33. **Declaration of Carl Malamud:** To Public Resource's knowledge, the 2014 edition of the Standards For Educational and Psychological Testing has not been incorporated by reference into law. Public Resource posts only those standards that have become law. Consistent with this policy, Public Resource has no plans to post the 2014 Standards on the Internet.

**Plaintiffs' Objections:** No objection.

34. **Declaration of Carl Malamud:** My work at Public Resource, including the posting of standards incorporated by reference into federal and state law and my efforts to post briefs, opinions, regulations, statutes, and other materials that are edicts of government, are based on a long-held belief that the primary legal materials of our country must be available to all, especially those who lack the means to access the law in the status quo, because an informed citizenry is the key to the functioning of our democracy.

**Plaintiffs' Objections:** *Fed R. Evid. 401 & 402, Relevance.* Carl Malamud's belief that an informed citizenry is the key to the functioning of a democracy has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *Fed. R. Evid. 403, Prejudice.* The probative value of Carl Malamud's statements regarding his long-held beliefs is outweighed by a danger of unfair prejudice or confusing the issues. Mr. Malamud's belief system is not an element of any claim or defense in this case, which turns on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.

III.   **OBJECTIONS TO THE CONSOLIDATED EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Defendant's Exhibit No. 1:** Public Resource's Articles of Incorporation, at https://public.resource.org/public.resource.articles.html.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 2:** Excerpts of the deposition of Diane L. Schneider, dated April 23, 2015

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 3:** Excerpts of the deposition of Marianne Ernesto, dated April 29, 2015

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 4:** Excerpts of the deposition of Wayne Camara, dated May 1, 2015.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 5:** Excerpts of the deposition of Felice Levine, dated May 4, 2015

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 6:** Excerpts of the deposition of Lauress Wise, dated May 11, 2015

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 7:** Excerpts of the deposition of Carl Malamud, dated May 12, 2015

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 8:** Excerpts of the deposition of Kurt F. Geisinger, dated September 10, 2015

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 9:** Exhibit 43 from the deposition of Carl Malamud. Memorandum from C. Malamud dated June 12, 2014.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 10:** Exhibit 1064 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NOME_0031521–22.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 11:** Exhibit 1065 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004708–09.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 12:** Exhibit was marked as Exhibit 1068 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0014887–93.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 13:** Exhibit 1069 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031486–87.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 14:** Exhibit 1070 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031803-806.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 15:** Exhibit 1071 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031459-60.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 16:** Exhibit 1072 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004710.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 17:** Exhibit 1075 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031139-40.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 18:** Exhibit 1078 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031116-19.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 19:** Exhibit 1082 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004719-20.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 20:** Exhibit 1085 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031456-58.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 21:** Exhibit 1086 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004713-14.

**Plaintiffs' Objections:** No objection.


**Defendant's Exhibit No. 22:** Exhibit 1089 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031461-62.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 23:** Exhibit 1090 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031430-31.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 24:** Exhibit 1091 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004715-16.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 25:** Exhibit 1094 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004717-18.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 26:** Exhibit 1097 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031414-16.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 27:** Exhibit 1099 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0026988–89.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use

that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 27 (Exhibit 1099 to the deposition of Marianne Ernesto) as a possible item in its initial Rule 26(a) disclosures. Exhibit 27 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 27 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. It is a letter from P.R. Jeanneret, Ph.D. to Normal Abeles, Ph.D. at American Psychological Association, and it is not a record of regularly conducted activity. *See* Fed. R. Evid. 803(6). Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802.

**Defendant's Exhibit No. 28:** Exhibit 1104 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031478–79.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 29:** Exhibit 1105 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME0031885–92.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 30:** Exhibit 1112 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031463–65.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 31:** Exhibit 1114 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031523.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 32:** Exhibit 1116 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031518–20.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 33:** Exhibit 1121 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004820–23.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 34:** Exhibit 1157 in the deposition of Wayne Camara, produced by Plaintiffs bearing control number AERA_APA_NCME_0004946-56.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 35:** Exhibit 1197 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004519-20.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 36:** Exhibit 1198 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004542-43.

**Plaintiffs' Objections:** No objection.

**<u>Defendant's Exhibit No. 37</u>:** Exhibit 1200 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004546-48.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 38</u>:** Exhibit 1205 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004818.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 39</u>:** Exhibit 1207 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0031848.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 40</u>:** Exhibit 1208 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0005137.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 41</u>:** Exhibit 1211 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032527.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 42</u>:** Exhibit 1212 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032526.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 43</u>:** Exhibit 1214 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032520–23.

**<u>Plaintiffs' Objections</u>:** No objection.


**<u>Defendant's Exhibit No. 44</u>:** Exhibit 1217 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004706.

**<u>Plaintiffs' Objections</u>:** No objection.

**Defendant's Exhibit No. 45:** Exhibit 1218 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004746–55.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 46:** Exhibit 1219 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0013137–39.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 47:** Webpages from www.aera.net, Exhibit 1220 in the deposition of Felice Levine.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 48:** Webpages from www.aera.net, Exhibit 1221 in the deposition of Felice Levine.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 49:** Photograph, Exhibit 1222 in the deposition of Felice Levine.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 50:** Account statement, Exhibit 1263 in the deposition of Kurt Geisinger.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 51:** Expert Report of James R. Fruchterman, dated June 13, 2015.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 52:** "OCR Issues Draft Guide on Disparate Impact in Educational Testing," Society for Industrial and Organizational Psychology, October 1999, at http://www.siop.org/tip/backissues/tipocto99/22Camara.aspx

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 52, a print-out of an article entitled "OCR Issues Draft Guide on Disparate Impact in Educational Testing" dated October 1999 as a possible item in its initial Rule 26(a) disclosures. Exhibit 52 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P.

37(c)(1), Defendant is not allowed to use Exhibit 52 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, an online article, is an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802.

> **Defendant's Exhibit No. 53:** AERA Membership Benefits, at
> http://www.aera.net/Membership/MembershipBenefits/tabid/10224/Default.aspx;

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 53 as a possible item in its initial Rule 26(a) disclosures. Exhibit 53 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 53 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of AERA membership benefits, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 54:** American Psychological Association Member information at http://www.apa.org/membership/member/index.aspx?tab=4.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a

party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 54 as a possible item in its initial Rule 26(a) disclosures. Exhibit 54 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 54 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the American Psychological Association website on member information, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 55:** Matthew Bender/LexisNexis store sales link for the "District of Columbia Official Code" for $849.00, at http://www.lexisnexis.com/store/catalog/booktemplate/productdetail.jsp?pageName=relatedProducts&catId=364&prodId=prod19670410

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 55 as a possible item in its initial Rule 26(a) disclosures. Exhibit 55 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 55 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the LexisNexis website on the sale of the District of Columbia Official Code, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 56:** Matthew Bender/LexisNexis store sales link for the "Criminal Jury Instructions for the District of Columbia, Fifth Edition" for $186.00 at http://www.lexisnexis.com/store/catalog/booktemplate/productdetail.jsp?pageName=relatedProducts&skuId=SKU44095&catId=128&prodId=44095

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 56 as a possible item in its initial Rule 26(a) disclosures. Exhibit 56 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 56 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the LexisNexis website on the sale of the Criminal Jury Instructions for the District of Columbia, Fifth Edition, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 57:** Thomson Reuters/WestLaw sales link for "District of Columbia Rules of Court – District, 2015 ed. (Vol. 1, District of Columbia Court Rules)" for $182.00 at http://legalsolutions.thomsonreuters.com/law-products/Court-Rules/District-of-Columbia-Rules-of-Court---District-2016-ed-Vol-I-District-of-Columbia-Court-Rules/p/101765392.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 57 as a possible item in its initial Rule 26(a) disclosures. Exhibit 57 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 57 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Thomson Reuters website on the sale of the District of Columbia Rules of Court, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 58:** Barnes & Noble sales link for "Moby Dick" for $8.99 at http://www.barnesandnoble.com/w/moby-dick-melvilleherman/1110282307?ean=9781593080181#productInfoTabs

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner."

34

*Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 58 as a possible item in its initial Rule 26(a) disclosures. Exhibit 58 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 58 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Barnes & Noble website on the sale of Moby-Dick by Herman Melville, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 59:** Barnes & Noble sales link for "The Adventures of Tom Sawyer" for $6.25 at http://www.barnesandnoble.com/w/adventures-of-tom-sawyer-barnes-nobleclassics-series-mark-twain/1106017534?ean=9781593081393.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 59 as a possible item in its initial Rule 26(a) disclosures. Exhibit 59 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 59 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Barnes & Noble website on the sale of the Adventures of Tom Sawyer by Mark Twain, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 60:** Barnes & Noble website link for "Barnes & Noble Classics" at http://www.barnesandnoble.com/h/bnclassics/about.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 60 as a possible item in its initial Rule 26(a) disclosures. Exhibit 60 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 60 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Barnes & Noble website providing background on Barnes & Noble Classics, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 61:** Excerpts of the deposition of Christopher Butler, dated December 2, 2014.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 62:** Plaintiff's Objections and Answers to Defendant/Counterclaim Plaintiff's First Set of Interrogatories (Nos. 1-10), dated January 20, 2015.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 63:** Email correspondence from Mitch Stoltz to Jonathan Hudis et al., re: "AERA, APA, NCME v. Public Resource – Discovery Issues Followup," dated March 17, 2015.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner."

*Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 63 as a possible item in its initial Rule 26(a) disclosures. Exhibit 63 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 63 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, e-mail correspondence between counsel for Plaintiffs and counsel for Defendant regarding discovery issues, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 64:** Exhibit 1012 in the deposition of Diane Schneider, produced by Plaintiffs bearing control number AERA_APA_NCME_0013446-449.

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 65:** Federal Register "Incorporation by Reference", available at http://www.archives.gov/federal-register/cfr/ibr-locations.html.

**Plaintiffs' Objections:** No objection.

> **Defendant's Exhibit No. 66:** "Putting a Number on Federal Education Spending,"
> available at http://economix.blogs.nytimes.com/2013/02/27/putting-a-number-on-
> federaleducation-spending/?_r=0.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 66 as a possible item in its initial Rule 26(a) disclosures. Exhibit 66 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the

self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 66 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, an article entitled "Putting a Number on Federal Education Spending," has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 67:** U.S. Department of Education, Federal Pell Grant Program information, available at http://www2.ed.gov/programs/fpg/funding.html.

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 67 as a possible item in its initial Rule 26(a) disclosures. Exhibit 67 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 67 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the U.S. Department of Education website regarding the Federal Pell Grant Program funding status, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 68:** "Federal Programs: What are Title IV Programs?," available at http://federalstudentaid.ed.gov/site/front2back/programs/programs/fb_03_01_0030.htm

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner."

*Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 68 as a possible item in its initial Rule 26(a) disclosures. Exhibit 68 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 68 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Federal Student Aid website regarding Title IV federal student aid, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 69:** "For Profit Higher Education: The Failure to Safeguard the Federal Investment and Ensure Student Success," Executive Summary, available at https://www.help.senate.gov/imo/media/for_profit_report/ExecutiveSummary.pdf

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 69 as a possible item in its initial Rule 26(a) disclosures. Exhibit 69 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 69 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a document entitled "Executive Summary" from no identifiable author, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

44

**Defendant's Exhibit No. 70:** U.S. Department of Education, DCL ID: GEN-15-09, "Title IV Eligibility for Students Without a Valid High School Diploma Who Are Enrolled in Eligible Career Pathway Programs," dated May 22, 2015, available at https://ifap.ed.gov/dpcletters/GEN1509.html

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 70 as a possible item in its initial Rule 26(a) disclosures. Exhibit 70 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 70 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a print-out of the Federal Student Aid website regarding Title IV eligibility, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

> **Defendant's Exhibit No. 71**: "PROPRIETARY SCHOOLS: Stronger Department of Education Oversight Needed to Help Ensure Only Eligible Students Receive Federal Student Aid," available at http://www.gao.gov/new.items/d09600.pdf

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 71 as a possible

item in its initial Rule 26(a) disclosures. Exhibit 71 does not fall under any of the identified six

categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the

self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use

Exhibit 71 to support its Motion for Summary Judgment.

Moreover, the proffered exhibit, a report from the United States Government

Accountability Office has no bearing on whether Public Resource directly and contributorily

infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency

to make the existence of any fact that is of consequence to the determination of this action more

probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

**Defendant's Exhibit No. 72:** "Program Integrity Issues," Federal Register, available at:
https://www.federalregister.gov/articles/2010/10/29/2010-26531/program-integrity-issues#h-4

**Plaintiffs' Objections:** No objection.

**Defendant's Exhibit No. 73:** Internet Engineering Task Force Request for Comments 7231, "Hypertext Transfer Protocol (HTTP/1.1): Semantics and Content" § 4.3 (June 2014).

**Plaintiffs' Objections:** Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without

awaiting a discovery request, provide to the other parties . . . a copy—or a description by

category and location—of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody, or control and may use to support its

claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(e)

provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded

to an interrogatory, request for production, or request for admission [as part of formal

discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner."

*Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 73 as a possible item in its initial Rule 26(a) disclosures. Exhibit 73 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 73 to support its Motion for Summary Judgment.

The proffered exhibit, an article by the Internet Engineering Task Force, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402.

Moreover, the proffered exhibit, an article by the Internet Engineering Task Force, relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802.

**Defendant's Exhibit No. 74:** Brief of Amicus Curiae States of Ohio and Ten Other States and Territories Supporting Appellant Veeck Upon Rehearing En Banc, Case No. 99-40632, dated November 13, 2001.

**Plaintiffs' Objections:** No objection.

## IV.    CONCLUSION

WHEREFORE, Plaintiffs, American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. respectfully request that this Court sustain these evidentiary objections at the hearing on Defendant's Motion for Summary Judgment.

Respectfully submitted,

QUARLES & BRADY LLP

Dated: February 18, 2016        By:    */s/ Jonathan Hudis*
                                       Jonathan Hudis (DC Bar # 418872)
                                       Nikia L. Gray (*Pro Hac Vice*)
                                       Jonathan P. Labukas (DC Bar # 998662)
                                       1700 K Street NW, Suite 825
                                       Washington, DC 20006-3825
                                       Tel. (202) 372-9600
                                       Fax (202) 372-9599
                                       E-Mail Jonathan.Hudis@quarles.com
                                       E-Mail Nikia.Gray@quarles.com
                                       E-Mail Jonathan.Labukas@quarles.com

                                       Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | Case No. 1:14-cv-00857-TSC-DAR |
| | **DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** |
| Plaintiffs, | |
| v. | Filed:   May 23, 2014 |
| PUBLIC.RESOURCE.ORG, INC., | |
| Defendant. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Counterclaimant, | |
| v. | |
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | |
| Counterdefendants. | |

Defendant and Counterclaimant Public.Resource.Org, Inc. ("Public Resource") makes the following amended initial disclosures to Plaintiff American Educational Research Association, Inc. ("AERA"), Plaintiff American Psychological Association, Inc. ("APA"), and Plaintiff National Council on Measurement in Education, Inc. ("NCME") (collectively "Plaintiff Organizations" or "Plaintiffs") pursuant to Federal Rule of Civil Procedure 26(a)(1). Because Public Resource's investigation and discovery in this matter are ongoing, it reserves the right to supplement and amend this disclosure pursuant to Rule 26(e), to identify additional individuals, to produce additional information it acquires during the course of discovery, and to rely on such additional information as evidence in this action and include individuals not identified in these initial disclosures in Public Resource's list of trial witnesses. Public Resource makes these disclosures without waiver of, or prejudice to, any objection that Public Resource may have to the use at trial of any of the information disclosed in this document, this document itself, or any document or thing produced pursuant to Rule 26.

**I.      RULE 26(a)(1)(a)(i): INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PUBLIC RESOURCE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES**

| Name | Contact Information | Subject(s) |
|---|---|---|
| Carl Malamud, President and Founder of Public.Resource.Org | c/o Public Resource's counsel of record in this action | The public domain status of standards that any governmental entity has incorporated by reference into law ("Incorporated Standards") to which any Plaintiff Organization claims authorship; Public Resource's non-infringement of the 1999 Standards; the absence of contributory copyright infringement by Public Resource relating to the 1999 Standards; Public Resource's fair use of the 1999 Standards; Plaintiff Organizations' activities in lobbying for and promoting the incorporation by reference of standards to which they claim authorship into law; the absence of harm to Plaintiff Organizations as a result of Public Resource's posting of Incorporated Standards. |

| | | |
|---|---|---|
| Felice Levine, Executive Director, AERA | c/o Plaintiffs' counsel of record in this action | The availability and accessibility of the 1999 Standards for reading, study, commentary, evaluation, criticism, annotation, and comparison to other standards and documents by the public; the availability and accessibility of the 1985 and 2014 Standards to the public; Plaintiffs' lobbying activities and operations; lobbying by Plaintiffs for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by Plaintiffs for the incorporation or citation of any edition of the Standards into law or regulation; communication between the Plaintiffs and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards or any other edition of the Standards; any harms that Plaintiffs allege have occurred to them as a result of Public Resource's actions; Plaintiffs' knowledge of uses or potential uses of the 1999 Standards; Plaintiffs' communications about or with Public Resource or this litigation; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation; the restrictions or terms of access to the 1999 Standards for reading, study, commentary, evaluation, bookmarking, annotation, reproduction, or comparison by the public; all revenue Plaintiffs received from government entities in connection with the 1999 Standards; Plaintiffs' revenue in connection with the 1999 Standards; sales of the 1999 Standards by month and year; sales of the 1985 and 2014 Standards by month and year; all changes to the sale or development of the Standards that Plaintiffs have made because of the alleged activities of Public Resource; Plaintiffs' protocols, procedures, and history in granting licenses to the 1999 Standards; sale or licenses of the 1999 Standards by third parties; authorized dissemination of the 1999 Standards by third parties. |

| | | |
|---|---|---|
| Marianne Ernesto, Director for Testing and Assessment, APA | c/o Plaintiffs' counsel of record in this action | All elements of the chain of title of copyright ownership of the 1999 Standards; Plaintiffs' lack of ownership of copyright rights for the 1999 Standards in whole or in part; copyright authorship of the 1999 Standards; ownership of component parts of the 1999 Standards; assignment of copyright for component parts of the 1999 Standards; the authority (or lack thereof) of persons executing copyright assignment forms in favor of Plaintiffs to convey copyright rights for the 1999 Standards to Plaintiffs; evidence of authority for employees to assign copyrights in the 1999 Standards that they do not own individually to Plaintiffs; the availability and accessibility of the 1999 Standards for reading, study, commentary, evaluation, criticism, annotation, and comparison to other standards and documents by the public; the availability and accessibility of the 1985 and 2014 Standards; Plaintiffs' lobbying activities and operations; lobbying by Plaintiffs for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by Plaintiffs for the incorporation or citation of any edition of the Standards into law or regulation; communication between the Plaintiffs and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards or any other edition of the Standards; any harms that Plaintiffs allege have occurred to them as a result of Public Resource's actions; Plaintiffs' knowledge of uses or potential uses of the 1999 Standards; Plaintiffs' communications about or with Public Resource or this litigation; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation; Plaintiffs' preservation, collection, and production of documents in this litigation. |

4

| Lauress L. Wise, President, NCME | c/o Plaintiffs' counsel of record in this action | The availability and accessibility of the 1999 Standards for reading, study, commentary, evaluation, criticism, annotation, and comparison to other standards and documents by the public; Plaintiffs' lobbying activities and operations; lobbying by Plaintiffs for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by Plaintiffs for the incorporation or citation of any edition of the Standards into law or regulation; communication between the Plaintiffs and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards or any other edition of the Standards; any harms that Plaintiffs allege have occurred to them as a result of Public Resource's actions; any lost sales or licenses that Plaintiffs allege to have occurred as a result of Public Resource's actions; Plaintiffs' knowledge of uses or potential uses of the 1999 Standards; Plaintiffs' communications about or with Public Resource or this litigation; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |
| Diane L. Schneider, Senior Human Capital Consultant, PDRI | c/o Plaintiffs' counsel of record in this action | Development of the 1999 Standards; participation of government entities in the development of the 1999 Standards; participation of third parties in the development of the 1999 Standards; authorship of the 1999 Standards by third parties; authorship of the 1999 Standards by government entities; the nature of any original creative expression in the 1999 Standards; the nature of any creativity pertaining to the expressions in the 1999 Standards; the availability or unavailability of the 1985 Standards. |

| Wayne J. Camara, Senior Vice President, Research, ACT, Inc. | c/o Plaintiffs' counsel of record in this action | Development of the 1999 Standards; participation of government entities in the development of the 1999 Standards; participation of third parties in the development of the 1999 Standards; authorship of the 1999 Standards by third parties; authorship of the 1999 Standards by government entities; the nature of any original creative expression in the 1999 Standards; the nature of any creativity pertaining to the expressions in the 1999 Standards; the availability or unavailability of the 1985 Standards; any harms that Plaintiffs allege have occurred to them as a result of Public Resource's actions; any lost sales or licenses that Plaintiffs allege to have occurred as a result of Public Resource's actions; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |
| --- | --- | --- |
| Ellen Garrison, Senior Policy Advisor, APA | c/o Plaintiffs' counsel of record in this action | APA's lobbying activities and operations; lobbying by APA for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by APA for the incorporation or citation of any edition of the Standards into law or regulation; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of any edition of the Standards; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |

| Geoffrey Mumford, Director for Science and Government Relations, APA | c/o Plaintiffs' counsel of record in this action | APA's lobbying activities and operations; lobbying by APA for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by APA for the incorporation or citation of any edition of the Standards into law or regulation; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of any edition of the Standards; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |
|---|---|---|
| Patricia Kobor, Senior Science Policy Analyst, APA | c/o Plaintiffs' counsel of record in this action | APA's lobbying activities and operations; lobbying by APA for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by APA for the incorporation or citation of any edition of the Standards into law or regulation; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of any edition of the Standards; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |

| Heather Kelly, Senior Legislative and Federal Affairs Officer, APA | c/o Plaintiffs' counsel of record in this action | APA's lobbying activities and operations; lobbying by APA for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by APA for the incorporation or citation of any edition of the Standards into law or regulation; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of any edition of the Standards; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |
|---|---|---|
| Jennifer Smulson, Senior Legislative and Federal Affairs Officer, APA | c/o Plaintiffs' counsel of record in this action | APA's lobbying activities and operations; lobbying by APA for the incorporation or citation of the 1999 Standards into law or regulation; lobbying by APA for the incorporation or citation of any edition of the Standards into law or regulation; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of the 1999 Standards; communication between APA and government officials or employees concerning the benefits, creation, revision, approval, dissemination, distribution, availability, use, incorporation into laws or regulations, or citation of any edition of the Standards; the benefits to Plaintiffs from the incorporation or citation of the 1999 Standards into law or regulation. |

| | | |
|---|---|---|
| Other witnesses identified now or in the future in the Plaintiff Organizations' disclosures | See Plaintiff Organizations' disclosures | See also Plaintiff Organizations' disclosures. |

Public Resource's investigation, research, and analysis of the issues in this proceeding are ongoing.  If Public Resource identifies additional individuals likely to have discoverable information that it may use to support its claims or defenses, such as third parties in possession of information, it will supplement this disclosure pursuant to FED. R. CIV. P. 26(e).

## II.    RULE 26(a)(1)(a)(ii): DOCUMENTS THAT PUBLIC RESOURCE MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES

| Category | Location |
|---|---|
| Requests for Information and Notices of Proposed Rulemaking by the Office of Management and Budget and the Office of the Federal Register regarding incorporation by reference, communications with the Office of the Federal Register and the National Archives and Records Administration on the question of incorporation by reference, communications and prepared statements for Pipeline and Hazardous Materials Safety Administration workshop regarding incorporation by reference. | Public Resource |
| Documents reporting on or memorializing the lobbying activities of Plaintiff Organizations, including lobbying activities promoting the incorporation or citation of the 1999 Standards into law or regulation. | Public Resource |
| Documents reporting on or memorializing the standard development activities of Plaintiff Organizations, or standard development activities of third parties and government entities concerning the Standards for Educational and Psychological Testing. | Public Resource |
| Documents relating to Public Resource's income and finances. | Public Resource |

| Category | Location |
|---|---|
| Documents relating to Public Resource's processes for posting standards that various jurisdictions have incorporated into law. | Public Resource |
| Documents relating to Public Resource's fair use of the 1999 Standards. | Public Resource |

Public Resource's investigation, research, and analysis of the issues in this proceeding are ongoing. Public Resource expressly reserves the right to supplement its identification of categories of documents pursuant to FED R. CIV. P. 26(e) as its investigation continues. Public Resource will produce discoverable, non-privileged documents and things in its possession, custody, or control for inspection and copying pursuant to a proper inspection demand. Nothing in this initial disclosure is a representation that any particular document or thing is relevant to any issue in this action or that any particular document or thing exists or is in Public Resource's possession, custody, or control.

## III.    RULE 26(a)(1)(A)(iii): COMPUTATION OF DAMAGES CLAIMED BY PUBLIC RESOURCE

Public Resource does not seek damages at this time. Public Resource will seek attorneys' fees and costs of this action, in an amount to be determined based on discovery and expert testimony. Public Resource's investigation, research and analysis of the issues in this case are ongoing. Public Resource reserves the right to supplement its disclosures, under FED R. CIV. P. 26(e), as its investigation continues.

## IV.    RULE 26(a)(1)(A)(iv): INSURANCE AGREEMENTS

Public Resource does not maintain insurance that is available to satisfy part or all of any potential judgment, or to indemnify or reimburse payments made to satisfy a judgment.

Dated:  May 18, 2015

                                              */s/   Andrew Bridges*
                                              Andrew P. Bridges (admitted)
                                              abridges@fenwick.com
                                              Matthew B. Becker (pro hac vice)
                                              mbecker@fenwick.com
                                              FENWICK & WEST LLP
                                              555 California Street, 12th Floor
                                              San Francisco, CA 94104
                                              Telephone:  (415) 875-2300
                                              Facsimile:  (415) 281-1350

                                              David Halperin (D.C. Bar No. 426078)
                                              davidhalperindc@gmail.com
                                              1530 P Street NW
                                              Washington, DC 20005
                                              Telephone: (202) 905-3434

                                              Mitchell L. Stoltz (D.C. Bar No. 978149)
                                              mitch@eff.org
                                              Corynne McSherry (admitted)
                                              corynne@eff.org
                                              ELECTRONIC FRONTIER FOUNDATION
                                              815 Eddy Street
                                              San Francisco, CA 94109
                                              Telephone: (415) 436-9333
                                              Facsimile:  (415) 436-9993

                                              *Attorneys for Defendant-Counterclaimant*
                                              *Public.Resource.Org, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2015, a copy of the foregoing **DEFENDANT-**

**COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED INITIAL**

**DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** was served via e-mail to the

following counsel of record for Plaintiffs-Counterdefendants:

> Jonathan Hudis
> Kathleen Cooney-Porter
> OBLON, McCLELLAND, MAIER &
> NEUSTADT, LLP
> 1940 Duke Street
> Alexandria, VA 22314
> Telephone: (703) 413-3000
> Fax: (703) 413-2220
> Email: jhudis@oblon.com
> Email: kcooney-porter@oblon.com

_/s/ Matthew B. Becker_
Matthew B. Becker

12