**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br>       Plaintiffs, <br><br>       v. <br><br>PUBLIC.RESOURCE.ORG, <br><br>       Defendant. | Case No. 1:14-CV-00857-TSC-DAR <br><br>**DEFENDANT PUBLIC RESOURCE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANT PUBLIC RESOURCE'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [ECF NO. 89-64]** <br><br>Action Filed:   May 23, 2014 |

## TABLE OF CONTENTS

**Page**

I.  DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
    DECLARATION OF CARL MALAMUD IN SUPPORT OF
    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ...........................................1

II. DEFENDANTS RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE
    CONSOLIDATED EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION
    FOR SUMMARY JUDGMENT ......................................................................................30

III. CONCLUSION...............................................................................................................80

Defendant Public.Resource.Org, Inc. ("Defendant" or "Public Resource) responds to Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA") and National Council on Measurement in Education, Inc.'s ("NCME") (collectively, "Plaintiffs" or the "Sponsoring Organizations") Objections to the Declaration of Carl Malamud and various Consolidated Exhibits submitted in support of Defendant's Motion for Summary Judgment.

I.      **DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF CARL MALAMUD IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant responds to Plaintiffs' Objections to the Declaration of Carl Malamud as follows:

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 1. I am over the age of 18 years and am fully competent to testify to the matters stated in this declaration. | No objection. | |
| 2. This declaration is based on my personal knowledge. If called to do so, I would and could testify to the matters stated herein. | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 3. I am the President and sole employee of Public.Resource.Org, Inc. ("Public Resource"), which is a 501(c)(3) non-profit corporation headquartered in Sebastopol, California. I have worked at Public Resource since I founded the organization in 2007. It is my only source of employment. | No objection. | |
| 4. Declaration of Carl Malamud: Public Resource's core mission is to make the law and other government materials more widely available so that people, businesses, and organizations can easily read and discuss our laws and the operations of government. Attached to Public Resource's Consolidated Index of Exhibits as Exhibit 1 is a true and correct copy of Public Resource's Articles of Incorporation from our website at https://public.resource.org/public.resource.articles.html. | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 5. That mission grows out of my longtime professional commitment to improving public access to essential documents that shape our fundamental activities. In 1991, I convinced the Secretary-General of the International Telecommunication Union that the Blue Book, the specification for how telephone networks operate, should be freely available on the Internet. Working with Dr. Michael Schwartz, I transformed and posted the Blue Book into formats compatible with modern publication technologies and made it available on the Internet. The service was extremely popular, and the ITU today makes all of its standards documents freely available on the Internet. I wrote a book about this experience called "Exploring the Internet" (Prentice Hall, 1993).That book can be viewed and read at http://museum.media.org/eti/Exploring_the_Internet.pdf. | *Fed R. Evid. 401 & 402, Relevance*. The allegation that Public Resource previously posted publications with the permission of the Secretary-General of the International Telecommunications Union has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the "Standards for Educational and Psychological Testing (1999 ed.)" (the "1999 Standards"). This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Public Resource's history and mission are relevant because Plaintiffs have put the matter at issue by falsely claiming in their Motion for Summary Judgment that Mr. Malamud's description of his work with the International Telecommunication Union in his book Exploring the Internet: a Technical Travelogue indicated history of posting standards online without permission, when in fact that work was performed with the consent of the organization. Plaintiffs have put this fact at issue to malign Mr. Malamud's character and make him look like a serial infringer, when in fact it instead shows a dedication to working with organizations to make standards more accessible online. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 6. I was privileged to be able to participate in the Internet Engineering Task Force, the standards body that has developed most of the standards that specify the functioning of the Internet, during the early 1990s, a period of very rapid development, both in the functionality of the Internet and its scope. | *Fed R. Evid. 401 & 402, Relevance.* That Carl Malamud participated in the Internet Engineering Task Force, as well as the background of the organization, have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Public Resource's history and mission are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 7. In 1993, when the Internet was beginning to grow explosively, I created the first radio station on the Internet, operating as a nonprofit corporation called the Internet Multicasting Service. In addition to transmitting audio and video programming, the service also provided the first high-speed Internet link into the White House, using a temporary infrared connection from our studios in the National Press Building. The radio service, which I dubbed "Internet Talk Radio," became a member of the Public Radio Satellite System, received accreditation from the U.S. House and Senate Radio & Television Correspondents Galleries, sent out live audio from the floors of the House and Senate, streamed all National Press Club luncheons, and transmitted original programming. Many of those programs can still be listened to at http://museum.media.org/radio/. | *Fed R. Evid. 401 & 402, Relevance*. Carl Malamud's background with an Internet radio station has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Public Resource's history and mission are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
|  | *Fed. R. Evid. 802, Hearsay*. Defendant relies on a website to prove the allegation that that the radio service, which Mr. Malamud dubbed "Internet Talk Radio," became a member of the Public Radio Satellite System, received accreditation from the U.S. House and Senate Radio & Television Correspondents Galleries, sent out live audio from the floors of the House and Senate, streamed all National Press Club luncheons, and transmitted original programming, and are still available. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. | *Hearsay*. Public Resource does not rely on a website to prove the truth of the matters described in Plaintiffs' objection, but only states Mr. Malamud's personal knowledge of the existence of radio programs available at that website. In addition, radio programs from 1993 qualify as ancient documents under Federal Rule of Evidence 803(16). |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 8. At the Internet Multicasting Service, I also put a number of important government databases online, including the Securities and Exchange Commission EDGAR database and the U.S. Patent database. When the SEC took the EDGAR service over from me, I loaned it computers and donated all of our source code so they could be up and running quickly. The SEC ran the system on our software for several years. On October 10, 1995, the Hon. Arthur Levitt, Chairman of the SEC, wrote to me thanking us for our efforts and calling the project an "extraordinary achievement." | *Fed R. Evid. 401 & 402, Relevance*. The proffered testimony concerning Carl Malamud's background in working with the Securities and Exchange Commission EDGAR database has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
|  | *Fed. R. Evid. 602, Lack of Personal Knowledge*. The proffered testimony concerning whether the SEC ran a system on their software is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | *Personal Knowledge*. Mr. Malamud has personal knowledge of the relevant facts and may establish the foundation for his personal knowledge that the SEC used of his software for many years at trial. |
|  | *Fed. R. Evid. 802, Hearsay*. Defendant relies on a letter from the former Chairman of the SEC to prove the truth of the contents of the letter. The proffered testimony relies on an out-of-court statement that is offered to prove the truth | *Hearsay*. The Levitt letter is not offered merely for the truth of the matter asserted, because it is relevant to Mr. Malamud's understanding of his work. The letter is also from 1995 and is therefore an ancient document under Federal Rule of |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | of the matter asserted. | Evidence 803(16). |
| | *Fed. R. Evid. 1002, Best Evidence.* Defendant offers a summary and quotation from a letter without providing the original document as an exhibit. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence.* Mr. Malamud may provide the original at trial. In addition, Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible. |
| 9. After I started Public Resource in 2007, one of our first efforts was to place online the historical opinions of the U.S. Courts of Appeals, material that was not previously available on the Internet. Public Resource also converted all of the opinions in the first 40 volumes of the Federal Reporter as well as the Federal Cases into Hypertext Markup Language (HTML) and placed those online. These materials are now used by numerous websites that provide access to legal materials. | *Fed R. Evid. 401 & 402, Relevance.* That Public Resource previously posted historical opinions of the U.S. Courts of Appeals on the Internet has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 602, Lack of Personal Knowledge.* The proffered testimony concerning whether numerous websites provide access to the legal materials allegedly originally posted by Public | *Personal Knowledge.* Mr. Malamud has personal knowledge that numerous websites provide access to legal materials originally posted by Public Resource online. Mr. Malamud can testify as to his |

7

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | Resource is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | personal knowledge, if necessary, at trial. |
| 10. Public Resource maintains an archive of laws and other government authored materials on several domains under the public.resource.org website. | *Fed R. Evid. 401 & 402, Relevance*. The proffered testimony concerning the maintenance of an archive of laws and government materials has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 11. Public Resource has helped increase access to many other court documents. We scanned approximately 3 million pages of briefs submitted to the U.S. Court of Appeals for the Ninth Circuit dating back to the creation of that court and have placed those materials online. The materials may be downloaded from https://law.resource.org/pub/us/case/ca9/. | *Fed R. Evid. 401 & 402, Relevance*. Whether Public Resource previously posted briefs submitted to the U.S. Court of Appeals for the Ninth Circuit has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 12. Public Resource has conducted a number of other projects that have resulted in more government information being placed online. Using volunteers in Washington D.C. with the cooperation of the Archivist of the United States, we put approximately 6,000 government videos on YouTube and the Internet Archive for people to use with no restriction, a service we call FedFlix. It has had over 60 million views. The videos may be viewed at https://www.youtube.com/user/PublicResourceOrg and https://archive.org/details/FedFlix. | *Fed R. Evid. 401 & 402, Relevance*. Whether Public Resource conducted previous projects in placing government videos on YouTube, including the name of the service and number of views, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
|  | *Fed. R. Evid. 802, Hearsay*. Defendant relies on a website to prove the truth of the allegation that Public Resource's service has over 60 million views. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. | *Hearsay.*<br><br>*Not Hearsay*: Mr. Malamud does not introduce this evidence only for the truth of the matter asserted, but also to show his intent and the intent of Public Resource.<br><br>*Business Record*: Mr. Malamud relies on records that Public Resource obtained about the YouTube view counts, which are records of a regularly conducted activity, made at the time by someone with knowledge, in the course of a regularly conducted activity, as a regular practice. Mr. Malamud can testify to these facts at trial, if necessary. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | *Residual Exception*: This testimony is also admissible under the residual exception in Federal Rule of Evidence 807 because (1) YouTube view counts are trustworthy because they are used by YouTube to determine advertising revenue; (2) the view count is offered as evidence of the significance of Mr. Malamud's projects to make government records publicly accessible, which is relevant to the material facts of his intent in posting the 1999 Standards; (3) the view count is more probative on the point of how many people viewed the videos than any other evidence that is reasonably accessible; and (4) admitting this evidence will serve the purposes of the Federal Rules of Evidence and the interests of justice because it is relevant to Public Resource's defenses. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 13. Public Resource also placed over eight million Form 990 exempt non- profit organization returns obtained from the IRS on the Internet. As part of that posting, we conducted an intensive privacy audit which led to fundamental changes in how the IRS deals with privacy violations. Through a Freedom of Information Act request and litigation, we obtained release of high-quality versions of Form 990 filings, which the IRS had refused to make available. The court decision in that case (Public.Resource.Org v. United States Internal Revenue Service, No. 3:13-cv-02789- WHO, ECF No. 62 (N.D. Cal. January 29, 2015)) led to a recent announcement by the IRS that all e-file returns will be made available in bulk in 2016. I am pleased to be working with the IRS as a member of the test group for this service. | *Fed R. Evid. 401 & 402, Relevance.* Public Resource's posting of IRS 990 tax returns has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 14. In 2007, I wrote a report addressed to Speaker of the House Nancy Pelosi suggesting that video from Congressional hearings should be more broadly available on the Internet. On January 5, 2011, Speaker John Boehner and Representative Darrell Issa wrote to me asking me to assist them in carrying out that task. In a little over a year, Public Resource was able to put over 14,000 hours of video from hearings on the Internet, to assist the House Committee on Oversight and Government Reform in posting a full archive of their committee video and, for the first time ever for congressional hearings, to provide closed-captioning of those videos based on the official transcripts. The letter from Speaker Boehner may be found at https://law.resource.org/rfcs/gov.house.20110105.pdf. | *Fed R. Evid. 401 & 402, Relevance*. Carl Malamud's correspondence with Congress has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 802, Hearsay*. Defendant relies on a letter from Speaker Boehner to prove the truth of the contents of the letter. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. | *Hearsay*. The letter from Speaker Boehner and Rep. Issa is not offered for the truth of the matter asserted but to show Mr. Malamud's belief that he was asked to assist the federal government make information available to the public. |
| | *Fed. R. Evid. 1002, Best Evidence*. Defendant offers a summary of a report and letter without providing the original documents as exhibits. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence*: Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 15. Also in 2008, I examined the issue of availability of state-mandated safety codes, such as building, electric, plumbing, and fire codes. At the time, none of those documents were available freely on the Internet. I made a detailed survey of state regulations and statutes, looking for direct and specific incorporation of particular model codes. Over the next few years, Public Resource posted many of the incorporated state safety codes for U.S. states. | *Fed. R. Evid. 602, Lack of Personal Knowledge*. Whether any state-mandated safety codes, such as building, electric, plumbing, and fire codes, were available freely on the Internet is not based on the witness's personal knowledge of the matter, and Public Resource has not introduced sufficient evidence to show Mr. Malamud has personal knowledge of this matter. | *Personal Knowledge*: Mr. Malamud's testimony shows his personal knowledge of the lack of availability of state-mandated safety codes online in 2008. |
| 16. Public Resource's process of posting these codes has been deliberate and careful and has grown in sophistication over time. First, we purchased paper copies of codes that are incorporated into law. Then, we scanned the documents, applied metadata and optical character recognition (OCR) to the PDF files, and placed a cover sheet on each document explaining that this was a posting of the law of a specific jurisdiction. | *Fed R. Evid. 401 & 402, Relevance*. Public Resource's alleged process of posting codes of third parties has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 17. Over time, we also began converting some of these standards into modern HTML format, including setting the tables, converting formulas to Mathematics Markup Language (MathML), and converting graphics to the Scalable Vector Graphics (SVG) format. Coding formulas in MathML makes them significantly more accessible to people who are visually impaired. Converting the graphics to SVG means they can be resized smoothly, and can be incorporated into graphic editing programs and word processing programs. Converting the documents into standard HTML means the documents can be more readily used on different platforms, such as tablets and smartphones. | *Fed R. Evid. 401 & 402, Relevance*. Public Resource's alleged process of posting the standards of third parties has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 18. In late 2008, I was asked by the Obama-Biden Transition Project to consult on the subject of how the Official Journals of Government could be made more readily available. Many of my recommendations were adopted, including removing the subscription fee from bulk access to the Federal Register. That led to a dramatic transformation of the Federal Register, which is now based on open source software that was developed by three volunteers in California and then adopted by the government. That system can be viewed at https://federalregister.gov/. A copy of my memorandum to the Obama Transition Project may be viewed at https://public.resource.org/change.gov/reboot.register.pdf. | *Fed R. Evid. 401 & 402, Relevance.* Whether Mr. Malamud was asked to consult on the Obama-Biden Transition Project has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 602, Lack of Personal Knowledge.* Whether any of Carl Malamud's recommendations were adopted by the Obama-Biden Transition Project, and whether that led to an alleged "dramatic" transformation of the Federal Register, is not based on the witness's personal knowledge of the matter, and the Public Resource has not introduced sufficient evidence to show Mr. Malamud has personal knowledge of this matter. | *Personal Knowledge*: The testimony is based on Mr. Malamud's personal knowledge and he can testify to sufficient facts to show his personal knowledge at trial, if necessary. |
| | *Fed. R. Evid. 701, Improper Lay Opinion.* The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful to clearly understanding the witness's | *Lay Opinion*: Mr. Malamud's percipient knowledge of changes in the federal register and opinion on that transformation do not require scientific, technical, or specialized knowledge under Federal |

16

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | testimony or to determining any fact in issue. The proffered testimony concerning the cause of an alleged transformation of the Federal Register requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony. | Rule of Evidence 702. |
| | *Fed. R. Evid. 802, Hearsay*. Defendant relies on memorandum to the Obama Transition Project to prove the truth of the contents of the letter. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. | *Hearsay*. Public Resource does not rely on the memorandum solely for the truth of the matter asserted, because it also goes to Mr. Malamud's state of mind and intent in posting the 1999 Standards. |
| | *Fed. R. Evid. 1002, Best Evidence*. Defendant offers a summary of his memorandum to the Obama Transition Project without providing the original document as an exhibit. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence*: Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible. In addition, Mr. Malamud can introduce the original on request. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 19. In 2011, I began to look seriously at the federal use of standards incorporated by reference into the Code of Federal Regulations. I was participating at the time as an appointed member of the Administrative Conference of the United States, and I carefully read materials such as the legislative history of the mechanism of incorporation by reference, the Code of Federal Regulations provisions for incorporation by reference, and cases such as the Veeck decision. | *Fed R. Evid. 401 & 402, Relevance*. Whether Mr. Malamud participated as an appointed member of the Administrative Conference of the Untied States has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 403, Prejudice*. The probative value of Carl Malamud's alleged participation as an appointed member of the Administrative Conference of the United States is outweighed by a danger of unfair prejudice or confusing the issues. Mr. Malamud's alleged appointment does not qualify Mr. Malamud as an expert witness in this action and does not confer special expertise or authority to formulate legal conclusions in this matter. | *Prejudice*. There is no risk that the likelihood that the Court will be prejudiced by this testimony substantially outweighs its probative value. Indeed, the risk of any prejudice is non-existent and Plaintiffs' contention that Mr. Malamud does not have "special expertise or authority" is a non-sequitur; Public Resource has not argued that the Court should defer to Mr. Malamud's legal conclusions. |

18

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| 20. In 2012, I began a new initiative to make standards incorporated by reference into federal law available on the Internet. I examined the Code of Federal Regulations carefully and selected 73 standards that spanned a variety of agencies. I purchased physical copies of each of these standards. I created 25 paper replicas of each of these standards, and placed a cover sheet on each one indicating which section of the CFR incorporated the document. | No objection. | |
| 21. To accompany the 73 standards, I also created a detailed cover memo, titled "Notice of Incorporation," which included letters addressed to seven senior government officials. The memo included a request for comments from each of the ten standards development organizations (SDOs) named in the document by May 1, 2012. The plaintiffs in this case were not among the ten SDOs named in the document. I packaged the 73 standards, the Notice of Incorporation, two posters, and | *Fed. R. Evid. 1002, Best Evidence.* Defendant offers the summary of a memo without providing the original document as an exhibit. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence.* Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible.<br><br>In addition, Mr. Malamud can provide a copy of the challenged documents on request, as necessary. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| other materials in 29-pound boxes and sent the boxes to the seven government officials and the ten SDOs. I sent the boxes by Federal Express on March 15, 2012. A copy of the Notice of Incorporation memo may be found at https://law.resource.org/pub/us/cfr/notice.sdo.20120315_to.pdf. | | |
| 22. After sending the standards, I received acknowledgements from several government addressees, including personal notes from the Chairman of the Federal Trade Commission, the Archivist of the United States, and the Chairman of the House Committee on Oversight and Government Reform. I did not receive any response from the SDOs. | *Fed R. Evid. 401 & 402, Relevance.* Whether Mr. Malamud received acknowledgments from several government addressees has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 802, Hearsay.* Defendant relies on writings from several government addressees to prove that the authors acknowledged Mr. Malamud's Notice of Incorporation. The proffered testimony relies on an out-of-court statement that is offered to prove the truth | *Hearsay.* Public Resource does not offer this testimony for the truth of the matter asserted, but only to show Mr. Malamud and Public Resource's intent in posting the 1999 Standards. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | of the matter asserted. | |
| | *Fed. R. Evid. 1002, Best Evidence.* Defendant states that he received several notes from government addressees that acknowledged his Notice of Incorporation, but Defendant does not provide the original documents as exhibits. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence.* Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible. In addition, Mr. Malamud can provide a copy of the challenged documents on request, as necessary. |
| 23. On May 1, 2012, I posted the 73 documents on the Public Resource web site. I also began a process of examining the Code of Federal Regulations, the National Institute of Standards and Technology (NIST) database of Standards Incorporated by Reference (SIBR), and the Office of the Federal Register's incorporation by reference listings to put together a list of documents that are incorporated into the CFR. I then began the process of trying to procure these documents, many of which are unavailable for purchase from the SDOs and which I had to | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| obtain on the used book market. | | |
| 24. Every standard that I have posted on my website has been incorporated into law by a governmental authority. Public Resource does not impose any restrictions on the use of the standards. Public Resource has never charged for access to the standards or other legal materials, and has never asserted any intellectual property rights in them. We do not require people to log in or register before accessing content from Public Resource. | No objection. | |
| 25. Public Resource posted a PDF version of the 1999 Standards on its website. The PDF version accurately appeared as a scan of a physical version of the incorporated standard. Public Resource's regular practice is to perform OCR on the incorporated standards that it posts and to convert them further into standard Hypertext Markup Language (HTML) to make them still more accessible. I intended to do so for the 1999 Standards, but I | *Fed R. Evid. 401 & 402, Relevance.* Public Resource's alleged regular practice in performing OCR has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| suspended further work on the 1999 Standards when this lawsuit was filed. In May 2014, Plaintiffs sued Public Resource for posting on its website and the Internet Archive website the 1999 Standards. Subsequently, so as to ensure that this lawsuit would be decided on a full record, in June 2014 Public Resource agreed to take down the versions of the 1999 Standards that it had posted on its website and on the Internet Archive website, pending the resolution of this case | | |
| 26. Public Resource has continued to develop techniques for making the documents that we post more usable, including double-keying and adding markup to HTML and SVG versions of the documents. Double-keying means having two separate typists copy the text of the incorporated standard; the results are then compared in order to eliminate any errors. We have also developed new markup techniques that increase the accessibility of the documents to people with visual impairments and print disabilities. | *Fed R. Evid. 401 & 402, Relevance.* Public Resource's alleged development of techniques for making documents more usable has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| We have also made significant advances in adding metadata to the documents, so each section, table, figure, and formula can be bookmarked and linked to, making internal navigation within the documents significantly friendlier for the user. | | |
| 27. We have applied these markup techniques to a number of standards incorporated by reference, though not to the 1999 Standards. Public Resource's goal is to have the entire CFR, including all documents incorporated by reference, available in this new format so that users can seamlessly and transparently navigate the entire CFR. I believe this will be useful for employees of affected business enterprises, researchers and journalists covering public policy issues, government workers at the federal, state, and local levels who must interact with the code as part of their daily activities, and for interested citizens. | *Fed R. Evid. 401 & 402, Relevance.* Except as applied to the 1999 Standards, Public Resource's markup techniques and Public Resource's corporate mission and goals have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| 28. We have made several | *Fed R. Evid. 401 & 402, Relevance.* | *Relevance.* These facts concerning Mr. Malamud's |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| examples of our new approach available on the Internet and submitted them as examples of how the law can be made better in formal comments to Notices of Proposed Rulemaking that propose to incorporate standards by reference. | Public Resource's posting of examples of its new approach to the Internet has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| 29. Public Resource's website is structured for navigation by search engines and for bulk access. Data are organized by country (e.g., /pub/us/) then by type of data, such as standards incorporated by reference (/pub/us/cfr/ibr/). | *Fed. R. Evid. 701, Improper Lay Opinion.* The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue. The proffered testimony concerning the structure for navigation and organization of data requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony. | *Lay Opinion.* Mr. Malamud's opinion concerning the structure of Public Resource's website is rationally based on his perception of how he designed the Public Resource website and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. "Lay opinion testimony is admissible if 'the specialized knowledge at issue was gained though experience rather than though scientific or technical training,' so long as the witness testified 'based solely on personal experience with the case at issue.'" *Barnes v. D.C.*, 924 F. Supp. 2d 74, 83 (D.D.C. 2013) (admitting lay testimony of prisoner overdetention). Mr. Malamud's testimony is based on his personal knowledge of Public Resource's website. Therefore, it is admissible. |
| 30. Public Resource has one | *Fed R. Evid. 401 & 402, Relevance.* | *Relevance.* These facts concerning Mr. Malamud's |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| employee, myself, and three contractors who assist me in systems administration, conversion of graphics and formulas, and legal advice. Our core operating costs are under $500,000 per year, and we are funded entirely by donations, contributions and grants. Rather than adding staff, I have prioritized capital expenses, such as the purchase of the U.S. Court of Appeals backfile for $600,000 and the scanning of 3 million pages of Ninth Circuit briefs. Public Resource does not accept donations that are tied to the posting of specific standards or groups of standards. Public Resource's operating income is not based on the amount of traffic its websites receive. Though we are a small organization, we observe all current best practices of corporate governance and transparency. I am proud that we have been awarded the GuideStar Gold Seal for nonprofit transparency. A full repository of our financials and other disclosures is maintained at https://public.resource.org/about. | Public Resource's operating costs, income, and corporate governance practices have no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
|  | *Fed. R. Evid. 802, Hearsay*. Defendant relies on its financials posted online to prove the truth of its statements regarding operating costs and income. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. | *Hearsay*. Mr. Malamud does not rely on his financials to prove the truth of the matter asserted, to which he testifies based on his personal knowledge. |
|  | *Fed. R. Evid. 1002, Best Evidence*. Defendant offers a summary of its financials without providing the original document as an exhibit. However, under Federal Rules of Evidence 1002 and 1003, an original writing or duplicate is required to prove its content. | *Best Evidence*. Federal Rule of Evidence 1004(d) states: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if the writing, recording, or photograph is not closely related to a controlling issue." Mr. Malamud's testimony is not closely related to a controlling issue. Therefore, his testimony is admissible.<br><br>In addition, Mr. Malamud can provide a copy of |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | the challenged documents on request, as necessary. |
| 31. Public Resource has never sought benefit or compensation from its posting of the 1999 Standards. We have never used the 1999 Standards for marketing. | No objection. | |
| 32. I pay a great deal of attention to quality control, including verifying the validity of the HTML, SVG, and MathML that I post. I respond immediately to any reports of errors from the public. | *Fed R. Evid. 401 & 402, Relevance*. As noted in paragraph 27 in Carl Malamud's Declaration, Public Resource applied markup techniques, such as HTML and SVG to a number of standards incorporated by reference, though not to the 1999 Standards. Consequently, the alleged fact that Mr. Malamud pays a great deal of attention to quality control, including verifying the markup techniques to other standards incorporated by reference is not relevant in this action. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance*. These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 701, Improper Lay Opinion*. The proffered testimony is a lay opinion that is not rationally based on Mr. Malamud's perception and is not helpful | *Lay Opinion*. Mr. Malamud's opinion concerning his attention to quality control and responses to reports of errors is rationally based on his own conduct and is not based on scientific, technical, or |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | to clearly understanding the witness's testimony or to determining a fact in issue. The proffered testimony concerning verifying the validity of the HTML, SVG, and MathML requires scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702 regarding expert witness testimony. | other specialized knowledge within the scope of Rule 702. "Lay opinion testimony is admissible if 'the specialized knowledge at issue was gained though experience rather than though scientific or technical training,' so long as the witness testified 'based solely on personal experience with the case at issue.'" *Barnes v. D.C.*, 924 F. Supp. 2d 74, 83 (D.D.C. 2013) (admitting lay testimony of prisoner overdetention). Mr. Malamud's testimony is based on his personal knowledge of his quality control and response times to reports of errors. Therefore, it is admissible. |
| 33. To Public Resource's knowledge, the 2014 edition of the Standards For Educational and Psychological Testing has not been incorporated by reference into law. Public Resource posts only those standards that have become law. Consistent with this policy, Public Resource has no plans to post the 2014 Standards on the Internet. | No objection. | |
| 34. My work at Public Resource, including the posting of standards incorporated by reference into federal and state law and my efforts to post briefs, opinions, regulations, statutes, and other materials that are | *Fed R. Evid. 401 & 402, Relevance.* Carl Malamud's belief that an informed citizenry is the key to the functioning of a democracy has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' | *Relevance.* These facts concerning Mr. Malamud's experience making government information available to the public are relevant to (1) the purpose and character of Public Resource's use of the 1999 Standards, which is probative and consequential for Public Resource's fair use |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| edicts of government, are based on a long-held belief that the primary legal materials of our country must be available to all, especially those who lack the means to access the law in the status quo, because an informed citizenry is the key to the functioning of our democracy. | copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | defense; (2) Public Resource's intent in posting the 1999 Standards and maintaining its website, which is relevant to Plaintiffs' contributory infringement claim; and (3) balancing the hardships and the public interest factor in assessing Plaintiffs' demand for permanent injunctive relief. |
| | *Fed. R. Evid. 403, Prejudice.* The probative value of Carl Malamud's statements regarding his long-held beliefs is outweighed by a danger of unfair prejudice or confusing the issues. Mr. Malamud's belief system is not an element of any claim or defense in this case, which turns on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. | *Prejudice.* Plaintiffs' objection merely restates their relevance objection without identifying any potential unfair prejudice or confusion. There is nothing potentially prejudicial or confusing about this testimony. |

## II.   DEFENDANTS RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE CONSOLIDATED EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant responds to Plaintiffs' Objections to the Consolidated Exhibits In Support of Defendant's Motion for Summary

Judgment as follows:

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 1**: Public Resource's Articles of Incorporation, at https://public.resource.org/public.resource.articles.html. | No objection. | |
| **Defendant's Exhibit No. 2**: Excerpts of the deposition of Diane L. Schneider, dated April 23, 2015 | No objection. | |
| **Defendant's Exhibit No. 3**: Excerpts of the deposition of Marianne Ernesto, dated April 29, 2015 | No objection. | |
| **Defendant's Exhibit No. 4**: Excerpts of the deposition of Wayne Camara, dated May 1, 2015. | No objection. | |
| **Defendant's Exhibit No. 5**: Excerpts of the deposition of Felice Levine, dated May 4, 2015 | No objection. | |
| **Defendant's Exhibit No. 6**: Excerpts of the deposition of Lauress Wise, dated May 11, 2015 | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 7**: Excerpts of the deposition of Carl Malamud, dated May 12, 2015 | No objection. | |
| **Defendant's Exhibit No. 8**: Excerpts of the deposition of Kurt F. Geisinger, dated September 10, 2015 | No objection. | |
| **Defendant's Exhibit No. 9**: Exhibit 43 from the deposition of Carl Malamud. Memorandum from C. Malamud dated June 12, 2014. | No objection. | |
| **Defendant's Exhibit No. 10**: Exhibit 1064 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NOME_0031521–22. | No objection. | |
| **Defendant's Exhibit No. 11**: Exhibit 1065 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004708–09. | No objection. | |
| **Defendant's Exhibit No. 12**: Exhibit was marked as Exhibit 1068 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0014887–93. | No objection. | |

31

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 13**: Exhibit 1069 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031486–87. | No objection. | |
| **Defendant's Exhibit No. 14**: Exhibit 1070 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031803-806. | No objection. | |
| **Defendant's Exhibit No. 15**: Exhibit 1071 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031459-60. | No objection. | |
| **Defendant's Exhibit No. 16**: Exhibit 1072 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004710. | No objection. | |
| **Defendant's Exhibit No. 17**: Exhibit 1075 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031139-40. | No objection. | |
| **Defendant's Exhibit No. 18**: Exhibit 1078 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031116-19. | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 19**: Exhibit 1082 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004719-20. | No objection. | |
| **Defendant's Exhibit No. 20**: Exhibit 1085 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031456-58. | No objection. | |
| **Defendant's Exhibit No. 21**: Exhibit 1086 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004713-14. | No objection. | |
| **Defendant's Exhibit No. 22**: Exhibit 1089 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031461-62. | No objection. | |
| **Defendant's Exhibit No. 23**: Exhibit 1090 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031430-31. | No objection. | |
| **Defendant's Exhibit No. 24**: Exhibit 1091 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004715-16. | No objection. | |
| **Defendant's Exhibit No. 25**: Exhibit 1094 in the deposition of Marianne Ernesto, | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| produced by Plaintiffs bearing control number AERA_APA_NCME_0004717-18. | | |
| **Defendant's Exhibit No. 26**: Exhibit 1097 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031414-16. | No objection. | |
| **Defendant's Exhibit No. 27**: Exhibit 1099 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0026988–89. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that | Exhibit No. 27 is a letter from P.R. Jeanneret, Managing Principle of Jeanneret & Associates Inc., management consultants, to Norman Abeles, then the President of Plaintiffs American Psychological Association, dated July 11, 1997. The letter sets forth the author's request to provide additional revisions to the draft 1999 Standards and discusses the author's previous suggestions that were incorporated into the draft 1999 Standards.<br><br>Public Resource cited this exhibit in support of its dispute of Plaintiffs' Statement of Material Facts ¶ 15 that the "final language of the 1999 Standards was a product of the Joint Committee members.<br><br>Exhibit No. 27 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Adequate Disclosure*: On May 18, 2015, Public Resource served disclosures that identified six categories of documents under |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 27 (Exhibit 1099 to the deposition of Marianne Ernesto) as a possible item in its initial Rule 26(a) disclosures. Exhibit 27 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 27 to support its Motion for Summary Judgment. | Rule 26(a)(1)(A)(ii). The third category was: "Documents reporting on or memorializing the standard development activities of Plaintiff Organizations, or standard development activities of third parties and government entities concerning the Standards for Educational and Psychological Testing." The Exhibit memorializes standard development activities of Plaintiff Organizations and third parties concerning the Standards for Education and Psychological Testing. Therefore, it has been properly disclosed.

*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." Documents produced by Plaintiffs are not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclosure them under Rule 26(a).

*Made Available.* Under Federal Rule of Civil Procedure 26(e)(1)(A), Public Resource must supplement its disclosures only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Public Resource made the Exhibit known to Plaintiffs during a deposition. Therefore, Public Resource has not violated |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | Federal Rule of Civil Procedure 26 and exclusion under Federal Rule of Civil Procedure 37 is not warranted. |
| | | *Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a document that Plaintiffs produced in discovery and that Public Resource identified and used as an exhibit during a deposition of Plaintiffs' employee and designated corporate representative. Therefore, this exhibit should not be excluded. |
| | | *Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit relies on an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. It is a letter from P.R. Jeanneret, Ph.D. to Normal Abeles, Ph.D. at American Psychological Association, and it is not a record of regularly conducted activity. | *Hearsay.* |
| | | *Preliminary Question*. Public Resource introduces this exhibit to establish the relevance of Plaintiffs' failure to adduce a copyright assignment from P.R. Jeanneret. Therefore, this evidence goes to a preliminary question of admissibility under Federal Rule |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | *See* Fed. R. Evid. 803(6). Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802. | 104. The Court is not bound by the rules of evidence in determining preliminary questions. Fed. R. Ev. 104(a). *Business Record.* This exhibit qualifies as a business record under Federal Rule of Evidence 803(6). Plaintiffs have admitted that they solicited and recorded comments and suggestions for the revisions to the 1985 Standards. This documents was made and kept in the course of that regularly conducted activity. *Residual Exception.* The statements in Exhibit No. 27 that P.R. Jeanneret made suggestions for the text of the 1999 Standards that were incorporated by Plaintiffs have guarantees of trustworthiness because the declarant has no incentive to lie and Plaintiffs have admitted they solicited and relied upon comments from nonparties. The Exhibit is offered as evidence concerning Plaintiffs' ownership of a copyright interest in the 1999 Standards, which is a material fact. This letter is more probative on the fact of P.R. Jeanneret's authorship than any other evidence Public Resource can obtain through reasonable efforts. Admitting this evidence will serve the purposes of the Federal Rules of Evidence and the interests of justice by enabling the Court to better ascertain whether Plaintiffs can establish a copyright interest, and the nature of that interest, in the 1999 Standards. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | Finally, Plaintiffs have had notice of this Exhibit and a fair opportunity to meet it because it was in their custody, the subject of deposition testimony, and raised in Public Resource's Motion for Summary Judgment in advance of any hearing. |
| **Defendant's Exhibit No. 28**: Exhibit 1104 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031478–79. | No Objection. | |
| **Defendant's Exhibit No. 29**: Exhibit 1105 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME0031885–92. | No Objection. | |
| **Defendant's Exhibit No. 30**: Exhibit 1112 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031463–65. | No Objection. | |
| **Defendant's Exhibit No. 31**: Exhibit 1114 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0031523. | No Objection. | |
| **Defendant's Exhibit No. 32**: Exhibit 1116 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control | No Objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| number AERA_APA_NCME_003 1 5 1 8–20. | | |
| **Defendant's Exhibit No. 33**: Exhibit 1121 in the deposition of Marianne Ernesto, produced by Plaintiffs bearing control number AERA_APA_NCME_0004820–23. | No Objection. | |
| **Defendant's Exhibit No. 34**: Exhibit 1157 in the deposition of Wayne Camara, produced by Plaintiffs bearing control number AERA_APA_NCME_0004946-56. | No Objection. | |
| **Defendant's Exhibit No. 35**: Exhibit 1197 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004519-20. | No Objection. | |
| **Defendant's Exhibit No. 36**: Exhibit 1198 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004542-43. | No Objection. | |
| **Defendant's Exhibit No. 37**: Exhibit 1200 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004546-48. | No Objection. | |
| **Defendant's Exhibit No. 38**: Exhibit 1205 in the deposition of Felice Levine, produced by Plaintiffs bearing control | No Objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| number AERA_APA_NCME_0004818. | | |
| **Defendant's Exhibit No. 39**: Exhibit 1207 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0031848. | No Objection. | |
| **Defendant's Exhibit No. 40**: Exhibit 1208 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0005137. | No Objection. | |
| **Defendant's Exhibit No. 41**: Exhibit 1211 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032527. | No Objection. | |
| **Defendant's Exhibit No. 42**: Exhibit 1212 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032526. | No Objection. | |
| **Defendant's Exhibit No. 43**: Exhibit 1214 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0032520–23. | No Objection. | |
| **Defendant's Exhibit No. 44**: Exhibit 1217 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004706. | No Objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 45**: Exhibit 1218 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0004746–55. | No Objection. | |
| **Defendant's Exhibit No. 46**: Exhibit 1219 in the deposition of Felice Levine, produced by Plaintiffs bearing control number AERA_APA_NCME_0013137–39. | No Objection. | |
| **Defendant's Exhibit No. 47**: Webpages from www.aera.net, Exhibit 1220 in the deposition of Felice Levine. | No Objection. | |
| **Defendant's Exhibit No. 48**: Webpages from www.aera.net, Exhibit 1221 in the deposition of Felice Levine. | No Objection. | |
| **Defendant's Exhibit No. 49**: Photograph, Exhibit 1222 in the deposition of Felice Levine. | No Objection. | |
| **Defendant's Exhibit No. 50**: Account statement, Exhibit 1263 in the deposition of Kurt Geisinger. | No Objection. | |
| **Defendant's Exhibit No. 51**: Expert Report of James R. Fruchterman, dated June 13, 2015. | No Objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 52**: "OCR Issues Draft Guide on Disparate Impact in Educational Testing," Society for Industrial and Organizational Psychology, October 1999, at http://www.siop.org/tip/backissues/tipocto99/22Camara.aspx | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial | Exhibit No. 52 is a publicly available article authored by Wayne Camara, one of Plaintiffs' corporate designees and witnesses, and published by the Society for Industrial and Organizational Psychology. In the article, Mr. Camara discusses the Department of Education's Office of Civil Rights (OCR)'s release of a draft Resource Guide and Plaintiffs' efforts to delay the release until Plaintiffs released the 1999 Standards, so that the OCR could defer to the revised Standards. Public Resource relies on Exhibit No. 52 to show that Plaintiff AERA lobbied the federal government concerning the 1999 Standards and to impeach Mr. Camara's claims to the contrary. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 52; ECF No. 69-3, Public Resource's Statement of Disputed Facts ¶ 22.<br><br>Exhibit No. 52 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Adequate Disclosure*: On May 18, 2015, Public Resource served disclosures that identified six categories of documents under Rule 26(a)(1)(A)(ii). The second category was: "Documents reporting on or memorializing the lobbying activities of Plaintiff Organizations, including lobbying activities promoting the incorporation or |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 52, a print-out of an article entitled "OCR Issues Draft Guide on Disparate Impact in Educational Testing" dated October 1999 as a possible item in its initial Rule 26(a) disclosures. Exhibit 52 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P.37(c)(1), Defendant is not allowed to use Exhibit 52 to support its Motion for Summary Judgment. | citation of the 1999 Standards into law or regulation." The Exhibit is an article that reports on Plaintiffs' lobbying efforts. Therefore, it has been properly disclosed.<br><br>*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by Plaintiffs and available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a document that Plaintiffs' witness authored and that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | non-disclosure. |
| | Moreover, the proffered exhibit, an online article, is an out-of-court statement that is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802. Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802. | *Hearsay.*<br><br>*Prior Inconsistent Statement.* Under Federal Rule of Evidence 801(d)(1), a declarant's prior inconsistent statement is admissible. Exhibit 52 contains statements by Mr. Camara, including about a hearing held by the House of Representatives, that are inconsistent with his testimony that Plaintiffs did not lobby federal legislators. ECF No. 60-76, Camara Decl. ¶ 18.<br><br>*Opposing Party Statement.* Under Federal Rule of Evidence 801(d)(2), an opposing party's statement is not hearsay. Exhibit 52 is an article authored by Wayne Camara and published in October 1999. At the time, Mr. Camara was serving on Plaintiff APA's Council of Representatives. |
| **Defendant's Exhibit No. 53**: AERA Membership Benefits, at http://www.aera.net/Membership/Membership Benefits/tabid/10224/Default.aspx; | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." | Exhibit No. 53 is Plaintiff AERA's own webpage describing its membership benefits. Public Resource relies on this document to show that AERA has other means of generating revenue than sale of the 1999 Standards. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 66.<br><br>Exhibit No. 53 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 53 as a possible item in its initial Rule 26(a) disclosures. Exhibit 53 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a | *Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs would be unable to continue to develop the Standards if Public Resource prevails in this litigation.<br><br>*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by Plaintiffs and available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this exhibit under Rule 26(a).<br><br>*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of one of Plaintiffs' own websites that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 53 to support its Motion for Summary Judgment. | Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of AERA membership benefits, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | *Relevance*. Exhibit No. 53 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction. |
| **Defendant's Exhibit No. 54**: American Psychological Association Member information at http://www.apa.org/membership/member/index.aspx?tab=4. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description—by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure | Exhibit No. 54 is Plaintiff APA's own webpage describing its membership benefits. Public Resource relies on this document to show that APA has other means of generating revenue than sale of the 1999 Standards. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 66. Exhibit No. 54 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: *Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
|  | under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 54 as a possible item in its initial Rule 26(a) disclosures. Exhibit 54 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. | not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs would be unable to continue to develop the Standards if Public Resource prevails in this litigation.<br><br>*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by Plaintiffs and available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of one of Plaintiffs' own websites that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | 37(c)(1), Defendant is not allowed to use Exhibit 54 to support its Motion for Summary Judgment. | proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the American Psychological Association website on member information, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | *Relevance*. Exhibit No. 54 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction. |
| **Defendant's Exhibit No. 55**: Matthew Bender/LexisNexis store sales link for the "District of Columbia Official Code" for $849.00, at http://www.lexisnexis.com/store/catalog/booktemplate/productdetail.jsp?pageName=relatedProducts&catId=364&prodId=prod 19 670410 | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] | Exhibit No. 55 is a publicly available webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that they would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72.<br><br>Exhibit No. 55 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 55 as a possible item in its initial Rule 26(a) disclosures. Exhibit 55 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to | *Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this litigation.<br><br>*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | use Exhibit 55 to support its Motion for Summary Judgment. | finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure.<br><br>(Plaintiffs' objections concerning non-disclosure, moreover, are inconsistent with the fact that they adduced numerous publicly available documents that they did not previously disclose in their Reply, particularly websites showing library catalog entries. Under Plaintiffs' interpretation of Rule 26 and 37 here, those websites would have to be excluded.) |
| | Moreover, the proffered exhibit, a print-out of the LexisNexis website on the sale of the District of Columbia Official Code, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | *Relevance*. Exhibit No. 55 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that other commercial entities offer to sell information in the public domain. |
| **Defendant's Exhibit No. 56**: Matthew | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides | Exhibit No. 56 is a publicly available |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| Bender/LexisNexis store sales link for the "Criminal Jury Instructions for the District of Columbia, Fifth Edition" for $186.00 at http://www.lexisnexis.com/store/catalog/booktemplate/productdetail.jsp?pageName=relatedProducts&skuId=SKU44095&catId=128&prodId=44095 | that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. | webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that it would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72.<br><br>Exhibit No. 56 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this litigation.<br><br>*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 56 as a possible item in its initial Rule 26(a) disclosures. Exhibit 56 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 56 to support its Motion for Summary Judgment. | required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the LexisNexis website on the sale of the Criminal Jury Instructions for the District of Columbia, Fifth Edition, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would | *Relevance*. Exhibit No. 56 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that other commercial entities offer to sell information in the public domain. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 57**: Thomson Reuters/WestLaw sales link for "District of Columbia Rules of Court – District, 2015 ed. (Vol. 1, District of Columbia Court Rules)" for $182.00 at http://legalsolutions.thomsonreuters.com/law-products/Court-Rules/District-of-Columbia-Rules-of-Court---District-2016-ed-Vol-I-District-of-Columbia-Court-Rules/p/101765392. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or | Exhibit No. 57 is a publicly available webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that it would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72. Exhibit No. 57 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: *Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs' would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this litigation. *Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | reason for the failure is irrelevant. *Id.* Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 57 as a possible item in its initial Rule 26(a) disclosures. Exhibit 57 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 57 to support its Motion for Summary Judgment. | custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a). *Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded. *Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the Thomson Reuters website on the sale of the District of Columbia Rules of Court, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to | *Relevance.* Exhibit No. 56 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that other commercial entities offer to sell information in the public domain. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 58**: Barnes & Noble sales link for "Moby Dick" for $8.99 at http://www.barnesandnoble.com/w/ moby-dick-melvilleherman/1110282307? ean=9781593080181 #productInfoTabs | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." Elion v. Jackson, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless | Exhibit No. 58 is a publicly available webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that it would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72.<br><br>Exhibit No. 58 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs' would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this litigation.<br><br>*Possession*. Under Federal Rule of Civil |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 58 as a possible item in its initial Rule 26(a) disclosures. Exhibit 58 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 58 to support its Motion for Summary Judgment. | Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the Barnes & Noble website on the sale of Moby-Dick by Herman Melville, has no bearing on whether Public Resource directly and | *Relevance.* Exhibit No. 58 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | other commercial entities offer to sell information in the public domain. |
| **Defendant's Exhibit No. 59**: Barnes & Noble sales link for "The Adventures of Tom Sawyer" for $6.25 at http://www.barnesandnoble.com/w/adventures-of-tom-sawyerbarnes-nobleclassics-series-mark-twain/1106017534?ean=9781593081393. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or | Exhibit No. 59 is a publicly available webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that it would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72.<br><br>Exhibit No. 59 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their witnesses, that Plaintiffs' would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 59 as a possible item in its initial Rule 26(a) disclosures. Exhibit 59 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 59 to support its Motion for Summary Judgment. | litigation.<br><br>*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the Barnes & Noble website on | *Relevance.* Exhibit No. 59 is relevant to the market harm analysis under Public Resource's |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | the sale of the Adventures of Tom Sawyer by Mark Twain, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that other commercial entities offer to sell information in the public domain. |
| **Defendant's Exhibit No. 60**: Barnes & Noble website link for "Barnes & Noble Classics" at http://www.barnesandnoble.com/h/bnclassics/about. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 | Exhibit No. 60 is a publicly available webpage offering for sale a book that consists almost entirely of information in the public domain. Public Resource relies on this document to refute Plaintiffs' claims that it would not be able to earn revenue from the 1999 Standards if Public Resource prevailed in this litigation. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 68–72.<br><br>Exhibit No. 60 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not required to disclose documents that it may use for the purposes of impeachment. Public Resource relies on this evidence to impeach Plaintiffs' claims, and testimony of their |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 60 as a possible item in its initial Rule 26(a) disclosures. Exhibit 60 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 60 to support its Motion for Summary Judgment. | witnesses, that Plaintiffs' would be unable to continue to develop the Standards for lack of revenue if Public Resource prevails in this litigation.<br><br>*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | Moreover, the proffered exhibit, a print-out of the Barnes & Noble website providing background on Barnes & Noble Classics, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | *Relevance*. Exhibit No. 60 is relevant to the market harm analysis under Public Resource's fair use defense and the balance of hardships analysis under Plaintiffs' request for a permanent injunction because it shows that other commercial entities offer to sell information in the public domain. |
| **Defendant's Exhibit No. 61**: Excerpts of the deposition of Christopher Butler, dated December 2, 2014. | No objection. | |
| **Defendant's Exhibit No. 62**: Plaintiffs' Objections and Answers to Defendant/Counterclaim Plaintiffs' First Set of Interrogatories (Nos. 1-10), dated January 20, 2015. | No objection. | |
| **Defendant's Exhibit No. 63**: Email correspondence from Mitch Stoltz to Jonathan Hudis et al., re: "AERA, APA, NCME v. Public Resource – Discovery Issues Followup," dated March 17, 2015. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the | Exhibit No. 63 is an email between Public Resource's counsel and Plaintiffs' counsel regarding discovery disputes.

Exhibit No. 63 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 63 as a possible item in its initial Rule 26(a) | *Other Use*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is only required to disclose documents that it may use to support its claims and defenses. Public Resource relies on this Exhibit to support its objection to Plaintiffs introducing facts on topics into which it refused to allow discovery, namely editions of the Standards other than the 1999 edition.<br><br>*Made Available*. Under Federal Rule of Civil Procedure 26(e)(1), Public Resource was not required to disclose documents that it made available during discovery. Public Resource made this email available to Plaintiffs by sending it to their counsel during discovery. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of correspondence between counsel in this action. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | disclosures. Exhibit 63 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 63 to support its Motion for Summary Judgment. | proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, e-mail correspondence between counsel for Plaintiffs and counsel for Defendant regarding discovery issues, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | *Relevance*. The Exhibit is relevant to whether Plaintiffs may introduce evidence concerning editions of the Standards other than the 1999 Standards. |
| **Defendant's Exhibit No. 64**: Exhibit 1012 in the deposition of Diane Schneider, produced by Plaintiffs bearing control number AERA_APA_NCME_0013446-449. | No objection. | |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| **Defendant's Exhibit No. 65**: Federal Register "Incorporation by Reference", available at http://www.archives.gov/federal-register/cfr/ibr-locations.html. | No objection. | |
| **Defendant's Exhibit No. 66**: "Putting a Number on Federal Education Spending," available at http://economix.blogs.nytimes.com/2013/02/27/putting-a-number-on-federaleducation-spending/?_r=0. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a | Exhibit 66 is a publicly available article concerning the value of federal student aid in a given year. Public Resource relies on this exhibit to support its claim that failure to comply with the Standards may result in penalties. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33.

Exhibit No. 66 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:

*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).

*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.* <br><br> Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 66 as a possible item in its initial Rule 26(a) disclosures. Exhibit 66 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 66 to support its Motion for Summary Judgment. | harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a publicly available article discussing the context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded. <br><br> *Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, an article entitled "Putting a Number on Federal Education Spending," has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of | *Relevance.* This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 67**: U.S. Department of Education, Federal Pell Grant Program information, available at http://www2.ed.gov/programs/fpg/funding.html. | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless | Exhibit 67 is a publicly available article concerning federal student aid. Public Resource relies on this exhibit to support its claim that failure to comply with the Standards may result in penalties. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33.

Exhibit No. 67 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:

*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).

*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id*.<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 67 as a possible item in its initial Rule 26(a) disclosures. Exhibit 67 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 67 to support its Motion for Summary Judgment. | harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a publicly available article discussing the context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the U.S. Department of Education website regarding the Federal Pell Grant Program funding status, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of | *Relevance*. This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 68**: "Federal Programs: What are Title IV Programs?," available at http://federalstudentaid.ed.gov/site/front2back/programs/programs/fb_03_01_0030.htm | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. | Exhibit 68 is a publicly available article concerning federal student aid. Public Resource relies on this exhibit to support its claim that failure to comply with the Standards may result in penalties. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33.<br><br>Exhibit No. 68 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 68 as a possible item in its initial Rule 26(a) disclosures. Exhibit 68 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 68 to support its Motion for Summary Judgment. | from Public Resource's non-disclosure of a publicly available article discussing the context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the Federal Student Aid website regarding Title IV federal student aid, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more | *Relevance.* This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 69**: "For Profit Higher Education: The Failure to Safeguard the Federal Investment and Ensure Student Success," Executive Summary, available at https://www.help.senate.gov/imo/media/for_profit_report/ExecutiveSummary.pdf | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self- | Exhibit 69 is a publicly available document concerning federal student aid and for-profit universities. Public Resource relies on this exhibit to support its claim that failure to comply with the Standards may result in penalties. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33.

Exhibit No. 69 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:

*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).

*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | executing sanction, and the motive or reason for the failure is irrelevant. *Id.* | publicly available article discussing the context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded. |
| | Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 69 as a possible item in its initial Rule 26(a) disclosures. Exhibit 69 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 69 to support its Motion for Summary Judgment. | *Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a document entitled "Executive Summary" from no identifiable author, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would | *Relevance.* This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 33. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 70**: U.S. Department of Education, DCL ID: GEN-15-09, "Title IV Eligibility for Students Without a Valid High School Diploma Who Are Enrolled in Eligible Career Pathway Programs," dated May 22, 2015, available at https://ifap.ed.gov/dpcletters/GEN1509.html | Plaintiffs' Objections: Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, | Exhibit 70 is a publicly available document concerning federal student aid and for-profit universities. Public Resource relies on this exhibit to show a particular effect of the incorporation of the 1999 Standards into law. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 34. Exhibit No. 70 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons: *Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a). *Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a publicly available article discussing the |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 70 as a possible item in its initial Rule 26(a) disclosures. Exhibit 70 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 70 to support its Motion for Summary Judgment. | context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a print-out of the Federal Student Aid website regarding Title IV eligibility, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would | *Relevance.* This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 34. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | be without the evidence. *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 71**: "PROPRIETARY SCHOOLS: Stronger Department of Education Oversight Needed to Help Ensure Only Eligible Students Receive Federal Student Aid," available at http://www.gao.gov/new.items/d09600.pdf | Plaintiffs' Objections: Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, | Exhibit 71 is a publicly available document concerning federal student aid and for-profit universities. Public Resource relies on this exhibit to show a particular effect of the incorporation of the 1999 Standards into law. ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 34.<br><br>Exhibit No. 71 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:<br><br>*Possession.* Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by the government and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).<br><br>*Harmless.* Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a publicly available article discussing the |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 71 as a possible item in its initial Rule 26(a) disclosures. Exhibit 71 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 71 to support its Motion for Summary Judgment. | context in which the Standards have been incorporated by reference into law. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction.* Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |
| | Moreover, the proffered exhibit, a report from the United States Government Accountability Office has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. | *Relevance.* This Exhibit is relevant to whether the Standards are incorporated by reference into law and to the proper interpretation of the Copyright Act. *See* ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 34. |

75

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | *See* Fed. R. Evid. 401, 402. | |
| **Defendant's Exhibit No. 72**: "Program Integrity Issues," Federal Register, available at: https://www.federalregister.gov/articles/20 10/10/29/2010-26531/programintegrityissues#h-4 | No objection. | |
| **Defendant's Exhibit No. 73**: Internet Engineering Task Force Request for Comments 7231, "Hypertext Transfer Protocol (HTTP/1.1): Semantics and Content" § 4.3 (June 2014). | Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or | Exhibit No. 73 is a publicly available document describing how the internet works. Public Resource relies on this document to show that it "has no way of knowing whether any access to data resulted in a reproduction being made." ECF No. 69-2, Public Resource's Statement of Material Facts ¶ 100.

Exhibit No. 73 should not be excluded under Federal Rule of Civil Procedure 37 for the following reasons:

*Possession*. Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit was created by a nonparty and made available on a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a). |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id*.<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015, in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 73 as a possible item in its initial Rule 26(a) disclosures. Exhibit 73 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 73 to support its Motion for Summary Judgment. The proffered exhibit, an article by the Internet Engineering Task Force, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of | *Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a document that was publicly available and not from a source whose accuracy cannot reasonably be questioned. Therefore, this exhibit should not be excluded.<br><br>*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiffs can cure any reasonable harm they can identify from the non-disclosure. |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | consequence to the determination of this action more probable or less probable than it would be without the evidence. See Fed. R. Evid. 401, 402. | |
| | Moreover, the proffered exhibit, an article by the Internet Engineering Task Force, relies on an out-of-court statement that is offered to prove the truth of the matter asserted. See Fed. R. Evid. 801, 802. Statements that are impermissible hearsay are precluded from consideration by the Court on summary judgment. Because no exceptions to the rule against hearsay apply, the exhibit is not admissible to support Defendant's Motion for Summary Judgment. *See* Fed. R. Evid. 802. | *Hearsay.* The Court may take judicial notice of the facts stated in Exhibit 73 under Federal Rule of Evidence 201. Plaintiffs offer no authority for their contention that the Court cannot judicially notice facts accurately and readily determined by hearsay sources whose accuracy cannot reasonably be questioned.

Plaintiffs have not opposed Public Resource's Request for Judicial Notice. *See* ECF No. 69-7, Public Resource's Request for Judicial Notice. Therefore, the Court may judicially notice this document, regardless of the fact that it may contain hearsay statements.

The Internet Engineering Task Force is the standards development organization for the basic protocols that govern all communication via the Internet, and "Request for Comments" (RFC) is IETF's name for standards. Every computer and software program that uses the World Wide Web is by definition implementing RFC 7231 or its predecessor standards. Its contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b)(2). Thus, the court should take judicial notice, and whether |

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Reply |
|---|---|---|
| | | the document is hearsay is irrelevant. |
| **Defendant's Exhibit No. 74**: Brief of Amicus Curiae States of Ohio and Ten Other States and Territories Supporting Appellant Veeck Upon Rehearing En Banc, Case No. 99-40632, dated November 13, 2001. | No objection. | |

## III.    CONCLUSION

WHEREFORE, Public Resource respectfully requests that this Court deny Plaintiffs'

evidentiary objections at the hearing on the Parties' Cross-Motions for Summary Judgment.

Dated: March 3, 2016                         Respectfully submitted,


_/s/   Andrew P. Bridges_
Andrew P. Bridges (admitted)
abridges@fenwick.com
Sebastian E. Kaplan (admitted _pro hac vice_)
skaplan@fenwick.com
Matthew Becker (admitted _pro hac vice_)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    (415) 875-2300
Facsimile:     (415) 281-1350

Corynne McSherry (admitted _pro hac vice_)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:    (415) 436-9333
Facsimile:     (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

_Attorneys for Defendant-Counterclaimant_
Public.Resource.Org, Inc.