# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>     Plaintiffs,<br><br>  v.<br><br>PUBLIC.RESOURCE.ORG,<br><br>     Defendant. | Case No. 1:14-CV-00857-TSC-DAR<br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG'S OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL EVIDENCE**<br><br>Action Filed: May 23, 2014 |

**<u>[REDACTED VERSION]</u>**

# TABLE OF CONTENTS

**Page**

I.    OBJECTION TO PLAINTIFFS' UNAUTHORIZED RESPONSE TO PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS ....................................1

II.    STANDARDS FOR ADMISSIBLE EVIDENCE ON A MOTION FOR SUMMARY JUDGMENT ......................................................................................1

     A.    Irrelevant Evidence ..............................................................................2

     B.    Lack of Personal Knowledge/Foundation.............................................2

     C.    Improper Lay Testimony on Legal Conclusions or Expert Subject Matter .................................................................................................3

     D.    Hearsay ...............................................................................................4

     E.    Unauthenticated Documents ................................................................5

     F.    Secondary Evidence Rule ....................................................................5

III.    OBJECTIONS TO THE REPLY DECLARATIONS AND EXHIBITS FILED IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.....................................5

     A.    Expert Report of S. E. Phillips, Plaintiffs' Exhibit VVVVV.................5

         1.    Plaintiffs' improper designation of Dr. Phillips...........................6

         2.    Dr. Phillips improperly opines beyond the areas of her expertise and is unreliable under Federal Rule of Evidence 702...............7

             a.    Dr. Phillips lacks expertise necessary to opine on issues of copyright law, and her opinions on matters of law are inappropriate subjects for an expert report ......................................8

             b.    Dr. Phillips lacks expertise necessary to opine on screen reading software and the implementation of accommodations for people with visual disabilities ......................9

             c.    Dr. Phillips lacks expertise necessary to opine on financial harms and market substitution ........................................12

             d.    Dr. Phillips did not perform any expert analysis and is not well versed with the facts of the case ......................................14

**TABLE OF CONTENTS**
**(Continued)**

Page

B.     Reply Declaration of Wayne Camara In Further Support of Plaintiffs'
Motion For Summary Judgment-Permanent Injunction ........................................15

C.     Declaration of Nikia L. Gray In Further Support of Plaintiffs' Reply In
Support of Its Motion for Summary Judgment-Permanent Injunction .................25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
966 F.2d 443 (9th Cir. 1992) ................................................................. 9

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
69 F.3d 337 (9th Cir. 1995) .................................................................. 4

*Barthelemy v. Air Lines Pilots Ass'n*,
897 F.2d 999 (9th Cir. 1990) ................................................................ 2

*Blair Foods, Inc. v. Ranchers Cotton Oil*,
610 F.2d 665 (9th Cir. 1980) ................................................................ 4

*Blake v. Securitas Security Servs., Inc.*,
292 F.R.D. 15 (D.D.C. 2013) ................................................................ 6

*Block v. City of Los Angeles*,
253 F.3d 410 (9th Cir. 2001) ................................................................ 1

*Boyd v. City of Oakland*,
458 F. Supp. 2d 1015 (N.D. Cal. 2006) ................................................. 2

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
227 F.R.D. 313 (C.D. Cal. 2004) .......................................................... 4

*Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*,
285 F.3d 609 (7th Cir. 2002) ......................................................... 10, 12

*Elion v. Jackson*,
No. 1:05-cv-00992, 2006 WL 2583694 (D.D.C. Sept. 8, 2006) ............. 6

*Evangelista v. Inlandboatmen's Union of Pac.*,
777 F.2d 1390 (9th Cir. 1985) .............................................................. 3

*Express, LLC v. Fetish Grp., Inc.*,
464 F. Supp. 2d 965 (C.D. Cal. 2006) .................................................. 2

*Gable v. Nat'l Broad. Co.*,
727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) ................. 3

*In re Cypress Semiconductor Sec. Litig.*,
891 F. Supp. 1369 (N.D. Cal. 1995), *aff'd*, 113 F.3d 1240 (9th Cir. 1997) .............. 4

*Int'l Church of Foursquare Gospel v. City of San Leandro*,
902 F. Supp. 2d 1286 (N.D. Cal. 2012) ................................................ 4

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Kumho Tire Co. v. Carmichael,*
   526 U.S. 137 (1999) .................................................................................................4, 7

*LifeWise Master Funding v. Telebank,*
   374 F.3d 917 (10th Cir. 2004) .....................................................................................7

*Lujan v. Nat'l Wildlife Fed'n,*
   497 U.S. 871 (1990) .....................................................................................................4

*Meister v. Med. Eng'g Corp.,*
   267 F.3d 1123 (D.C. Cir. 2001) ..................................................................................8

*Orr v. Bank of America,*
   285 F.3d 764 (9th Cir. 2002) ...............................................................................1, 2, 4

*Pierce v. Kaiser Found. Hosp.,*
   No. 3:09-cv-03837-WHA, 2010 WL 4590930 (N.D. Cal. Nov. 4, 2010),
   *aff'd*, 470 F. App'x 649 (9th Cir. 2012) .....................................................................3

*Riggsbee v. Diversity Servs., Inc.,*
   637 F. Supp. 2d 39 (D.D.C. 2009) .............................................................................4

*Smith v. Hughes Aircraft Co.,*
   22 F.3d 1432 (9th Cir. 1993) .......................................................................................2

*Soremekun v. Thrifty Payless, Inc.,*
   509 F.3d 978 (9th Cir. 2007) .......................................................................................4

*U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.,*
   296 F. Supp. 2d 1322 (S.D. Ala. 2003) ......................................................................3

*U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,*
   608 F.3d 871 (D.C. Cir. 2010) ....................................................................................2

*U.S. v. Davis,*
   596 F.3d 852 (D.C. Cir. 2010) ....................................................................................2

*Uche-Uwakwe v. Shinseki,*
   972 F. Supp. 2d 1159 (C.D. Cal. 2013) ......................................................................2

*United States v. 87.98 Acres of Land More or Less in the County of Merced,*
   530 F.3d 899 (9th Cir. 2008) .......................................................................................3

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*United States v. Dibble*,
　429 F.2d 598 (9th Cir. 1970) ................................................................5

*United States v. Hampton*,
　718 F.3d 978 (D.C. Cir. 2013) ..............................................................3

*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*,
　254 F.3d 706 (8th Cir. 2001) ................................................................7

**RULES**

D.C. LCvR 7(h) .......................................................................................1

Fed. R. Civ. P. 37(c)(1) ...........................................................................6

Fed. R. Civ. P. 56 ...............................................................................2, 5

Fed. R. Civ. P. 56(c) ...........................................................................1, 2

Fed. R. Civ. P. 56(e) ................................................................................4

Fed. R. Evid. 101 ....................................................................................1

Fed. R. Evid. 402 ...........................................................................*passim*

Fed. R. Evid. 403 ...........................................................................*passim*

Fed. R. Evid. 602 ...........................................................................*passim*

Fed. R. Evid. 701 ...........................................................................*passim*

Fed. R. Evid. 702 ...........................................................................*passim*

Fed. R. Evid. 802 ...........................................................................*passim*

Fed. R. Evid. 901 ....................................................................................5

Fed. R. Evid. 1001 ..................................................................................5

Fed. R. Evid. 1002 ..................................................................................5

Fed. R. Evid. 1101 ..................................................................................1

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Defendant" or "Public Resource") hereby submits the following objections to Plaintiffs' supplemental declarations and evidence in support of Plaintiffs' Reply in Further Support of Its Motion for Summary Judgment and for Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment, ECF No. 89.

## I.    OBJECTION TO PLAINTIFFS' UNAUTHORIZED RESPONSE TO PUBLIC RESOURCE'S STATEMENT OF DISPUTED FACTS

As a threshold matter, Public Resource hereby objects to and moves to strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts (ECF No. 89-2) as outside the scope of documents permitted under LCvR 7(h), which allows only a Statement of Material Facts and a Statement of Disputed Facts.

## II.   STANDARDS FOR ADMISSIBLE EVIDENCE ON A MOTION FOR SUMMARY JUDGMENT

It is fundamental that trial courts "can only consider *admissible* evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis added); *see also* Fed. R. Civ. P. 56(c); Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Hearsay, documents that cannot be authenticated, out-of-context excerpts, and evidence with no foundation will not suffice, and are not to be considered by the court in ruling on motions for summary judgment or adjudication. *See Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (deciding that consideration of a declaration's facts not based on personal knowledge was an abuse of discretion because such facts were inadmissible). Much of the evidence on which Plaintiffs attempt to rely fails to meet the minimum threshold requirements of admissibility, as set forth below:

### A.     Irrelevant Evidence

Irrelevant evidence cannot be considered in summary judgment proceedings. *See* Fed. R. Evid. 402; *see also U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 608 F.3d 871, 897 (D.C. Cir. 2010) ("To be admitted, evidence must be relevant."); *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013) (sustaining objection that statement filed in support of motion for summary judgment was inadmissible for lack of relevance and foundation).

### B.     Lack of Personal Knowledge/Foundation

A fact witness may not testify to a matter unless the witness has personal knowledge of the matter. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *U.S. v. Davis*, 596 F.3d 852, 856 (D.C. Cir. 2010) ("The Rules also prohibit a witness from testifying unless he has personal knowledge of the subject of his testimony."); *Orr*, 285 F.3d at 774 , n.9; *Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations submitted in conjunction with summary judgment proceedings must . . . be based on personal knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006). A declarant must show personal knowledge and competency "affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature of participation in matter." *Id*.; *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their participation in the matters to which they swore . . ."). The fact that Public Resource does not

object to the witnesses' testimony that they have personal knowledge of the facts stated in their declarations and are competent to testify thereto does not in any way signal Public Resource's agreement with those assertions; Public Resource merely does not contend those statements about personal knowledge are inadmissible, but they may be wrong.

### C.      Improper Lay Testimony on Legal Conclusions or Expert Subject Matter

Legal conclusions and characterizations are not admissible evidence. *See Pierce v. Kaiser Found. Hosp.*, No. 3:09-cv-03837-WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010), *aff'd*, 470 F. App'x 649 (9th Cir. 2012) (excluding numerous declarant statements containing inadmissible legal conclusions). The Declarants, without any legal expertise, repeatedly purport to state legal conclusions or characterizations and the legal effects of documents supposedly relevant to this dispute. *See* Fed. R. Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible); *Pierce*, 2010 WL 4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion).

Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702; *see also United States v. Hampton*, 718 F.3d 978, 981–82 (D.C. Cir. 2013) (finding error when district court allowed FBI agent to testify as a lay witness in the form of an opinion without an applicable exception in Rule 701); *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary judgment). The "proponent of the expert bears the burden of demonstrating that the expert is qualified." *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) (citing *United States v. 87.98 Acres of Land More or Less in the*

3

*County of Merced,* 530 F.3d 899, 904-05 (9th Cir. 2008)). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (expert must have specialized knowledge).

One type of improper lay opinion is unsupported, speculative, and conclusory statements. These statements, as well as characterizations and arguments by opposing parties and their attorneys, are not evidence and do not raise a genuine issue of material fact sufficient to preclude summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit."). Rather, "[w]here the moving party will have the burden of proof at trial, it must *affirmatively demonstrate* that no reasonable trier of fact could find other than for the moving party." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (citing *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)) (emphasis added). *Cf. Orr*, 285 F.3d at 783 ("To defeat summary judgment, [one opposing summary judgment] 'must respond with more than mere hearsay and legal conclusions'"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### D.     Hearsay

Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995); *see also Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); *Riggsbee v. Diversity Servs., Inc.*, 637 F. Supp. 2d 39, 46 (D.D.C. 2009) ("on summary judgment, statements that are impermissible hearsay or that are not based on personal knowledge are precluded from consideration by the Court."); *In re Cypress*

4

*Semiconductor Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), *aff'd*, 113 F.3d 1240 (9th Cir. 1997).

### E.    Unauthenticated Documents

Authentication or identification is a prerequisite to admissibility of a document. Fed. R. Evid. 901. Under Rule 56, evidence in support of a motion for summary judgment is objectionable if it cannot be presented in a form that would be admissible. A document cannot be authenticated by one who does not have personal knowledge of its authenticity. The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery. *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). If the Plaintiffs are unable to show that they could authenticate a document at trial, then the document should not be considered in support of Plaintiffs' motion for summary judgment.

### F.    Secondary Evidence Rule

The "secondary evidence rule" requires that contents of documents must be proved by producing the document itself. Fed. R. Evid. 1001, 1002.

### III.    OBJECTIONS TO THE REPLY DECLARATIONS AND EXHIBITS FILED IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.    Expert Report of S. E. Phillips, Plaintiffs' Exhibit VVVVV

For the reasons stated below, Public Resource objects to and moves to strike Plaintiffs' use of the report of S. E. Phillips for the assertions for which it is cited in their combined Opposition and Reply Motion (ECF No. 89, pp. 34, 36–37) and Statement of Disputed Facts (ECF No. 89-1, p. 56). Public Resource additionally reserves the right to challenge Plaintiffs' proffering of Dr. Phillips as an expert at trial.

### 1.   Plaintiffs' improper designation of Dr. Phillips

As an initial matter, Dr. Phillips was proffered by Plaintiffs as a rebuttal expert responding to the expert report of Mr. Fruchterman. The majority of her report, however, does not address Mr. Fruchterman's opinions, but instead introduces information for which Plaintiffs bear the burden of proof. Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to properly disclose an expert may be precluded from using that expert's testimony or opinions as evidence for a motion, hearing, or trial. *See Blake v. Securitas Security Servs., Inc.*, 292 F.R.D. 15, 17–19 (D.D.C. 2013) (striking rebuttal expert testimony because expert should have instead been disclosed as affirmative expert, due to the content of the report). Where an affirmative expert is improperly disclosed as a rebuttal expert and the report is therefore untimely, "[t]he overwhelming weight of authority is that preclusion is *required* and *mandatory* absent some unusual or extenuating circumstances—that is, a substantial justification." *Id.* at 19 (citing *Elion v. Jackson*, No. 1:05-cv-00992, 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006))) (emphasis in original).

Mr. Fruchterman opined on the accessibility of the 1999 Standards for people with print disabilities. The paragraphs of Dr. Phillips' expert report that Plaintiffs cite include extensive discussion and opinions on issues that are only relevant to Plaintiffs' affirmative case, such as

███████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████

These assertions address issues central to Plaintiffs' affirmative case, yet they attempt

pass off their inclusion in the rebuttal report by tacking on statements such as ██████████████

██████████████████████████████ despite the fact that these opinions are irrelevant to

whether the 1999 Standards are accessible to people with print disabilities. *See, e.g.*, Pls. Ex.

VVVVV, ¶¶ 30, 32, and 34. At deposition, when Dr. Phillips was asked how the alleged harms

to Plaintiffs were relevant to the accessibility issues described in Mr. Fruchterman's report, Dr.

Phillips stated that the relevance was that "if there are no revenues to revise the Standards, there

will be no Standards for individuals who are blind or print disabled to access." Phillips Dep.

146:10–21. This is quite a stretch, and not relevant to Mr. Fruchterman's opinions about the

status quo for the 1999 Standards. Dr. Phillips' expert report was improperly designated and

should be excluded from the evidence considered at summary judgment, as Plaintiff's improper

designation was not substantially justified or harmless.

### 2. Dr. Phillips improperly opines beyond the areas of her expertise and is unreliable under Federal Rule of Evidence 702

An important part of a district court's "gatekeeping role" is "ensuring that the actual

testimony does not exceed the scope of the expert's expertise, which if not done can render

expert testimony unreliable under Rule 702, *Kumho Tire*, and related precedents." *Wheeling*

*Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001)

(finding trial court abused its discretion is allowing expert to opine outside his area of expertise);

*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (expert excluded for

lacking familiarity with methods to model damages). The party offering expert testimony must

establish by a preponderance of the evidence that the expert testimony is admissible and that the expert is qualified. *Meister v. Med. Eng'g Corp.,* 267 F.3d 1123, 1127 n. 9 (D.C. Cir. 2001).

Dr. Phillips is an expert in psychometrics and assessment law who counsels clients on how to design legally defensible tests in accordance with the Standards for Educational and Psychological Testing. Phillips Dep. 19:15–20:14, ████████████████████ In the few instances where she has testified as an expert witness, Dr. Phillips' role was to interpret relevant testing standards and apply them to existing tests. Phillips Dep. 105:13–21, ████████████ ████ Although Dr. Phillips may therefore be qualified to interpret and apply the 1999 Standards, her report addresses entirely different subjects, and she is not qualified to opine on the broad swath of matters contained in her report: ████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████ These subjects are addressed separately below.

> **a.    Dr. Phillips lacks expertise necessary to opine on issues of copyright law, and her opinions on matters of law are inappropriate subjects for an expert report**

In her report, Dr. Phillips' opines at length on legal issues, particularly ████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████

████████████ This is despite the fact that Dr. Phillips stated emphatically at deposition that she is not an expert on copyright law (Phillips Dep. 43:19–21; 126:24 ("I am not an expert in

copyright law")), that she is not an expert on the Chafee Amendment (Phillips Dep. 149:11–13), and professed ignorance as to the applications of fair use and admitted that she had excluded fair use from her analysis because it was beyond the scope of what Plaintiffs had asked her to consider (Phillips Dep. 150:21–152:01).

Even if she did have expertise in this area, Dr. Phillips' opinions on copyright law would still be improper: "matters of law for the court's determination . . . [a]re inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). Contrary to Federal Rule of Evidence 702, Dr. Phillips' opinions on copyright law, the Chafee Amendment, or any matter of law are expert opinions by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. Plaintiffs should be precluded from using Dr. Phillips' report at summary judgment for opinions on copyright law, the Chafee Amendment, or any matter of law.

> **b.      Dr. Phillips lacks expertise necessary to opine on screen reading software and the implementation of accommodations for people with visual disabilities**

Dr. Phillips admitted at deposition that she has never used any screen reader software and has not seen screen reader software in operation except for a single informal presentation in 2010. Phillips Dep. 67:19–72:21; 203:12–205:15. Dr. Phillips obtained what limited knowledge she has of screen reader software from reading the websites for a few screen reader products in preparation of her report, from the aforementioned informal presentation she witnessed in 2010, and allegedly from previous discussion with an individual named Dr. Claudia Flowers (a professor who works on disabilities issues who Dr. Phillips recommended to Plaintiffs as the

person they should retain as an expert to rebut Mr. Fruchterman, but who Plaintiffs did not

retain). Phillips Dep. 54:10–57:06. 

Perhaps Dr. Claudia Flowers or ▮▮▮▮▮▮▮▮ might have made

appropriate experts to respond to Mr. Fruchterman on these issues, but Dr. Phillips does not have

the requisite knowledge or experience to opine on screen reading software. To the extent that Dr.

Phillips has relied on the expertise and opinions of other individuals who were not timely

disclosed as experts, Dr. Phillips' opinions should be struck. *See Dura Automotive Systems of*

*Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 612–614 (7th Cir. 2002) (affirming district court's

decision to strike expert who relied on data models that went beyond his expertise).

Dr. Phillips opines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ but at deposition she professed ignorance as to the cost of developing

Braille or audio formats of the 1999 Standards, nor did she know the cost of producing Braille or

audio format editions for a typical novel, and she admitted that she has never inquired with an

organization that creates Braille formats of documents what the cost of that activity is. Phillips

Dep. 196:03–197:25. Dr. Phillips also callously declared at deposition that the paper copies of

the 1999 Standards were already accessible to people who are blind, because they could either

painstakingly attempt to scan the hundreds of pages from the bound volume for use with a screen

reader program, or they could have a sighted person read them aloud to them. Phillips Dep. 63:25–64–16. When asked what her basis was for making the statement that the 1999 Standards were already accessible to people who are blind, Dr. Phillips responded: "It doesn't require research. It's a fact." Phillips Dep. 66:12–67:05. Under Federal Rule of Evidence 702, an expert may only testify if the expert has specialized knowledge that will help the trier of fact to determine a fact in issue or understand the evidence, and if she has reliably applied reliable principles and methods to the facts of the case. Dr. Phillips' lacks specialized knowledge in this domain, and her decision to matter-of-factly deny Mr. Fruchterman's expert opinion without any research or analysis flouts the requirement under Rule 702 to reliably apply reliable principles and methods for the development of an expert opinion.

Similarly, although Dr. Phillips opines at length ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████

she has no knowledge of these verification procedures or the costs involved in implementing them beyond what she read on a few websites in preparation of her report. At deposition, Dr. Phillips confessed that she only knows "in a general way" about the process that organizations like Bookshare use to verify individuals' disabilities, and she does not know what is involved beyond what is stated on these organizations' websites. Phillips Dep. 198:20–202:05. Dr. Phillips also admitted that she has not inquired as to what costs are involved in implementing verification systems like these. Phillips Dep. 198:20–199:09. Under Federal Rule of Evidence 702, Dr. Phillips' opinions on the implementation and operation of accessibility technologies, as well as her knowledge of online disability screening procedures for the visually disabled are expert opinions by a witness who is not qualified as an expert by knowledge, skill, experience, training,

11

or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.  Dr. Phillips' knowledge of these issues is no greater than what any other person could learn from reading the materials cited in her report, and her opinions on these subjects should therefore be excluded from consideration at summary judgment.

   **c.**  **Dr. Phillips lacks expertise necessary to opine on financial harms and market substitution**

  Dr. Phillips is not an expert on economics, damages, or market substitution. At deposition, Dr. Phillips confirmed that the areas of expertise that she drew on for her report were "psychometrics and assessment law," and indicated that she did not draw on any other areas of expertise. Phillips Dep. 19:15–20:14. ███████████████████████████████████

████████████████████████████████████████████████ Dr. Phillips did not independently verify the statements in Dr. Geisinger's report. Phillips Dep. 129:07–130:04, 168:19–170:12. She therefore has no basis for adopting these as her own opinions. An expert may apply to her own domain of expertise the information provided by another disclosed expert, but may not testify to the truth of what the other expert has stated if it is outside of her own domain. *See Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 613–614 (7th Cir. 2002). Dr. Phillips readily admits that she did not view any of Plaintiffs' financial documents. Phillips Dep. 139:12–16; 169:01–02 ("I have made no independent inspection of the financial records."). Moreover, Dr. Phillips' misstates or misinterprets Dr. Geisinger's conclusions, such as where she credits Dr. Geisinger's report for her (mistaken) opinion ███████

██████████████████████████████████████████████████████████████

██████████████████████████████████ when in fact the budget for the 2014

Standards was set years before Public Resource posted the 1999 Standards. Phillips Dep. 158:09–168:18.

Dr. Phillips stated that the expertise she brings to bear on the question of financial harms is simply her familiarity with the Standards for Educational and Psychological Testing. Phillips Dep. 140:03–144:20. Dr. Phillips added that she could not say that she has any greater expertise in that regard than other employees of Plaintiffs, nor greater expertise than Wayne Camara, one of Plaintiffs' lay witnesses. Phillips Dep. 143:09–145:24. At deposition Dr. Phillips described her opinion that ███████████████████████████████████████ ████████████████████████████████████ as based not on expertise, but instead her opinion was based on "common sense" and said that rather than bringing any expertise to that question, she "think[s] it's basically a fact" and did not do any research on the question beyond reading the case materials provided to her by Plaintiffs' counsel. Phillips Dep. 181:10–183:04; 188:10–189:21. Using "common sense" under the guise of expertise is not the proper role of an expert witness. Under Federal Rule of Evidence 702 Dr. Phillips' opinions on financial harms to Plaintiffs are expert opinions by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.  Dr. Phillips' opinions on financial harms to Plaintiffs should therefore be excluded from consideration at summary judgment.

### d.      Dr. Phillips did not perform any expert analysis and is not well versed with the facts of the case

As a general matter, Dr. Phillips also does not show familiarity with the facts of the case, as she admitted she did not know that Public Resource pled fair use in its Answer and Counterclaim, even though Dr. Phillips' said that she read that document and despite the fact that fair use is an important alternative to the Chafee Amendment on which she opines. Phillips Dep. 154:08–23. This is also despite her own belief that ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

████ Dr. Phillips also did not do any research for her report beyond reviewing the information provided to her by Plaintiffs' counsel: she did not conduct any surveys (Phillips Dep. 99:06–17; 124:19–24;141:10–142:09; 178:14–20), she did not interview or speak to anyone other than Plaintiffs' counsel about the substance of this case ████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████ (Phillips Dep. 224:25–225:16), and she did not perform any studies (Phillips Dep. 99:06–10; 123:02–25; 140:24–141:09; 173:04–175:06).[1] Contrary to the requirements of Federal Rule of Evidence 702, Dr. Phillips' opinions are not based on sufficient facts or data and are not the product of reliable principles and methods, and should therefore be excluded from consideration at summary judgment.

---

[1] At deposition, when Dr. Phillips was asked if she performed any studies for the purposes of her expert report, she identified nothing other than reading the case material provided to her by Plaintiffs' counsel and the websites for a few screen reader programs. Familiarizing oneself with the case prior to writing a report for it could hardly be considered a "study" for an expert report.

**B.     Reply Declaration of Wayne Camara In Further Support of Plaintiffs' Motion For Summary Judgment-Permanent Injunction**

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I submit this Reply Declaration in further support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org, Inc.'s ("Defendant" or "Public Resource") Cross-Motion for Summary Judgment. Unless otherwise noted, I have knowledge of all facts set forth in this Declaration and I would, and could, testify competently thereto if called upon to do so. | *No objection.* |
| 2. I am currently the Senior Vice President, Research at ACT, Inc. ACT produces and publishes the ACT® college readiness assessment — a college admissions and placement test taken by millions of high school graduates every year. ACT also offers comprehensive assessment, research, information, and program management services to support education and workforce development. As the Senior Vice President of Research, I am responsible for all research and evidence related to the design, development, use, and validation of our assessments and programs. In my position, I serve on the Senior Leadership Team and manage over 110 researchers. | *No objection.* |
| 3. Prior to working at ACT, I worked at The College Board, where I held the positions of Vice President, Research and Development (July, 2000 – September, 2013), Executive Director, Office of Research and Development (March, 1997 – June, 2000), and Research Scientist (September, 1994 – February, 1997). | *No objection.* |
| 4. Before working at The College Board, I worked for the American Psychological Association, Inc. ("APA"), in the positions of Assistant Executive Director for Scientific | *No objection.* |

15

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Affairs and Executive Director of Science (1992-1994), Director, Scientific Affairs (February, 1989 – August, 1992), and Testing and Assessment Officer (November, 1987 – January, 1989). During my employment at APA, I served as the Project Director for the revision of the 1985 version of the *Standards for Educational and Psychological Testing*, the new product of which was published in 1999 (the "1999 Standards"). In 1997, I was elected to APA's Council of Representatives, and I served on the Council from 1997-2003. In April, 2012, I was elected to the Council of the American Educational Research Association, Inc. ("AERA"), serving from April, 2012 to April, 2015 as Vice President for Division D. I also was elected to the Board of Directors of National Council On Measurement In Education, Inc. ("NCME"), serving on the Board from 2002-2005 and 2009-2012, and served as NCME's President from 2010-2011. Additionally, I served on the Management Committee for the Standards from 2005-2015. | |
| 5. I have written extensively on the *Standards for Educational and Psychological Testing*, as well as other professional and technical guidelines which relate to educational and industrial testing and assessment, including journal articles, book chapters, and paper presentations at national conferences. | *No objection.* |
| 6. I was asked to rephrase several of the standards recited in the 1999 Standards, without changing their meaning. | *No objection.* |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 7. Standard 3.3, as recited in the 1999 Standards, states:<br><br>Those responsible for test development should include relevant subgroups in validity, reliability/precision, and other preliminary studies used when constructing the test. | *No objection.* |
| 8. One of the many ways in which Standard 3.3 could be rephrased without changing its meaning is as follows:<br><br>Studies collecting evidence for the interpretation and use of test scores, quantifying the inconsistency in examinee performance, and of other topics should be conducted during test construction by individuals and organizations who mandate, sponsor, prepare and design, and market tests so that study results will inform the discussion of the comparability of subgroup scores. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 9. Standard 4.4, as recited in the 1999 Standards, states:<br><br>If test developers prepare different versions of a test with some change to the test specifications, they should document the content and psychometric specifications of each version. The documentation should describe the impact of differences among versions on the validity of score interpretations for intended uses and on the precision and comparability of scores. | *No objection.* |
| 10. One of the many ways in which Standard 4.4 could be rephrased without changing its meaning is as follows: | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Changes or augmentations to assessments which impact content, constructs, or statistical properties of a test should be documented and made available to test users. Documentation should address any effect on the overall reliability of the test, the accuracy of scores, or the inferences which can be made from scores, as well as the extent that scores across different versions are comparable. | consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

19

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 11. Standard 5.2, as recited in the 1999 Standards, states:<br><br>The procedures for constructing scales used for reporting scores and the rationale for these procedures should be described clearly. | *No objection.* |
| 12. One of the many ways in which Standard 5.2 could be rephrased without changing its meaning is as follows:<br><br>Testing programs that use derived scale scores to enhance interpretation of assessment results must report the justification and procedures used to create the derived scores. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60- |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | 76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 13. Standard 5.3, as recited in the 1999 Standards, states:<br><br>If there is sound reason to believe that specific misinterpretation of a score scale are likely, test users should be explicitly cautioned. | *No objection.* |
| 14. One of the many ways in which Standard 5.3 could be rephrased without changing its meaning is as follows:<br><br>When inaccurate interpretations of reported scores by users can be anticipated, Test Publishers have the responsibility to articulate both the correct and the possible incorrect interpretations for users. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 15. I believe the forgoing exercise could be done with any of the standards recited in the 1999 Standards by a person who is sufficiently knowledgeable in psychometrics and/or educational testing as well as the meaning and import of the standards contained within the 1999 Standards. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in |

| Declaration of Wayne Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

### C.   Declaration of Nikia L. Gray In Further Support of Plaintiffs' Reply In Support of Its Motion for Summary Judgment-Permanent Injunction

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am an attorney with Quarles & Brady LLP, attorneys for Plaintiffs, American Educational Research Association, Inc., American Psychological Association, Inc. and National Council on Measurement in Education, Inc. Unless otherwise stated, I have knowledge of all facts set forth in this declaration, and I would, and could, testify competently thereto if called upon to do so. | *No Objection.* |
| 2. I submit this Declaration in support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment. | *No Objection.* |
| 3. Attached as **Exhibit VVV** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) on the WorldCat website. | FRE 403 Prejudice. This website printout includes results for all 69 different editions of the Standards for Educational and Psychological Testing, the majority of which are not the 1999 edition at issue in this litigation, and many of which are translations into foreign languages. Therefore this statement and the related exhibit is misleading and does not accurately portray instances in which the English version of the 1999 Standards may or may not be available in libraries. The probative value of the proffered exhibit is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and needlessly presenting cumulative evidence.<br><br>FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in libraries, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. To the extent that the exhibit contains records of the contents of individual third-party library catalogs that WorldCat ostensibly obtains information from, this constitutes hearsay within hearsay. |
| 4. Attached as **Exhibit WWW** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Arizona State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 5. Attached as **Exhibit XXX** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Baylor University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 6. Attached as **Exhibit YYY** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Boston College Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 7. Attached as **Exhibit ZZZ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Boston University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 8. Attached as **Exhibit AAAA** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the California State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 9. Attached as **Exhibit BBBB** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Columbia University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 10. Attached as **Exhibit CCCC** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Cornell University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 11. Attached as **Exhibit DDDD** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Dartmouth College Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 12. Attached as **Exhibit EEEE** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Duke University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 13. Attached as **Exhibit FFFF** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Emory University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 14. Attached as **Exhibit GGGG** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Florida Atlanta University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 15. Attached as **Exhibit HHHH** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Florida International University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 16. Attached as **Exhibit IIII** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the George Mason University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 17. Attached as **Exhibit JJJJ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the George Washington University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 18. Attached as **Exhibit KKKK** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Harvard University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 19. Attached as **Exhibit LLLL** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Indiana University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 20. Attached as **Exhibit MMMM** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Lehigh University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 21. Attached as **Exhibit NNNN** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Lewis and Clark College Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 22. Attached as **Exhibit OOOO** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Louisiana State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 23. Attached as **Exhibit PPPP** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Loyola Marymount University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 24. Attached as **Exhibit QQQQ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Marian University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 25. Attached as **Exhibit RRRR** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Northwestern University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 26. Attached as **Exhibit SSSS** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Oregon State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 27. Attached as **Exhibit TTTT** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Pepperdine University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 28. Attached as **Exhibit UUUU** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Purdue University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 29. Attached as **Exhibit VVVV** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Rutgers University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 30. Attached as **Exhibit WWWW** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the San Diego State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 31. Attached as **Exhibit XXXX** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Seattle Pacific University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 32. Attached as **Exhibit YYYY** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Southern Utah University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 33. Attached as **Exhibit ZZZZ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Stanford University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 34. Attached as **Exhibit AAAAA** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Suffolk University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 35. Attached as **Exhibit BBBBB** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Trinity International University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 36. Attached as **Exhibit CCCCC** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Alabama Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 37. Attached as **Exhibit DDDDD** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of California Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 38. Attached as **Exhibit EEEEE** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Chicago Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 39. Attached as **Exhibit FFFFF** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Connecticut Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 40. Attached as **Exhibit GGGGG** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Florida Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 41. Attached as **Exhibit HHHHH** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Maryland Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 42. Attached as **Exhibit IIII** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Miami Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 43. Attached as **Exhibit JJJJJ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Minnesota Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 44. Attached as **Exhibit KKKKK** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Mississippi Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 45. Attached as **Exhibit LLLLL** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Nevada Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 46. Attached as **Exhibit MMMMM** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of New Mexico Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 47. Attached as **Exhibit NNNNN** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of North Carolina Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 48. Attached as **Exhibit OOOOO** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Oregon Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 49. Attached as **Exhibit PPPPP** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Pittsburgh Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 50. Attached as **Exhibit QQQQQ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of South Carolina Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 51. Attached as **Exhibit RRRRR** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Washington Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br> FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 52. Attached as **Exhibit SSSSS** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Vanderbilt University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br> FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |
| 53. Attached as **Exhibit TTTTT** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Yale University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br> FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. |

42

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 54. Attached as **Exhibit UUUUU** is a true and correct copy of the Stipulation of Facts filed on January 15, 2016 in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.*, Case No. 1:15-cv-02594-MHC, N.D. Ga. | FRE 402 Relevance. Plaintiffs selectively quote portions of sentences from the Stipulation of Facts filed in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.* to make the statements sound as if they are relevant to issues in the present litigation with AERA et al., when in fact these statements are explicitly confined to only the *Code Revision Commission* case, and specifically concern only the Official Code of Georgia Annotated (abbreviated as "O.C.G.A."). Plaintiffs have no evidence, and there is no indication, that the same facts and statements that apply to Public Resource's posting of the Official Code of Georgia Annotated also apply to Public Resource's posting of the 1999 Standards. The proffered exhibit therefore is irrelevant and does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs selectively quote portions of sentences from the Stipulation of Facts filed in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.* to make the statements sound as if they are relevant to issues in the present litigation with AERA et al., when in fact these statements are explicitly confined to only the *Code Revision Commission* case, and specifically concern only the Official Code of Georgia Annotated (abbreviated as "O.C.G. A.").  Plaintiffs have no evidence, and there is no indication, that the same facts and statements that apply to Public Resource's posting of the Official Code of Georgia Annotated also apply to Public Resource's posting of the 1999 Standards. Moreover, Plaintiffs fail to inform the Court that this stipulation of facts concerns a different matter entirely, and that Plaintiffs' selective quotation omits the parts of the quoted sentences that limit the statements to the Official Code of Georgia Annotated. The probative value of the proffered exhibit is |

43

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. |
| 55. Attached as **Exhibit VVVVV** is a true and correct copy of the Expert Report of S. E. Phillips, Ph.D., J.D. Pursuant to Fed. R. Civ. P. 26(a)(2)(B). | *See* Public Resource's objections to the Expert Report of S. E. Phillips, above at section III.a. |
| 56. Attached as **Exhibit WWWWW** is a true and correct copy of the resume of S. E. Phillips, Ph.D., J.D. | *See* Public Resource's objections to the Expert Report of S. E. Phillips, above at section III.a. |
| 57. Attached as **Exhibit XXXXX** is a true and correct copy of the deposition transcript of Wayne J. Camara, Ph.D., taken on May 1, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. |
| 58. Attached as **Exhibit YYYYY** is a true and correct copy of the deposition transcript of Dianne L. Schneider, Ph.D., taken on April 23, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. |
| 59. Attached as **Exhibit ZZZZZ** is a true and correct copy of information from Bookshare's website. | FRE 402 Relevance. Plaintiffs introduce this exhibit to argue that Public Resource does not comply with the Chafee Amendment, but Public Resource does not claim to comply with the Chafee Amendment, and the Chafee Amendment is not the only provision in the Copyright Act through which an organization can provide accessible material to people who are print disabled. The proffered exhibit does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. <br><br> FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (the procedures used by Bookshare.org). This exhibit was used at deposition to ask Mr. Fruchterman |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | questions, but Mr. Fruchterman did not say that he wrote the content, and the exhibit does not fall into any hearsay exceptions. |
| 60. Attached as **Exhibit AAAAAA** is a true and correct copy of the deposition transcript of Marianne Ernesto, taken on April 29, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. |

Dated: March 3, 2016                    Respectfully submitted,

*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
Sebastian E. Kaplan (admitted *pro hac vice*)
skaplan@fenwick.com
Matthew Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    (415) 875-2300
Facsimile:    (415) 281-1350

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.