# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>　　　Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>　　　Defendant/Counterclaimant. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

Civil Action No. 1:14-cv-00857-TSC-DAR

**PLAINTIFFS' OPPOSITION TO THE MOTIONS EMBEDDED WITHIN DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG'S OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL EVIDENCE**
**[ECF No. 98-3 (Sealed)]**
**[ECF No. 99-4 (Redacted)]**

Jonathan Hudis (DC Bar # 418872)
Jonathan P. Labukas (DC Bar # 998662)
Nikia L. Gray (*pro hac vice*)
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Jonathan.Labukas@quarles.com
E-Mail Nikia.Gray@quarles.com

Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 3

I. DEFENDANT'S FAILURE TO MEET AND CONFER WARRANTS STRIKING OR DENYING THE EMBEDDED MOTIONS ........................................................ 3

II. DEFENDANT'S IMPROPER AND PROCEDURALLY DEFICIENT RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE FORCED PLAINTIFFS TO RESPOND IN KIND ................................................................ 5

III. DEFENDANT'S MOTION TO STRIKE THE PHILLIPS REPORT FOR THE ASSERTIONS FOR WHICH IT IS CITED IS AN UNTIMELY DISCOVERY MOTION FILED NEARLY EIGHT MONTHS AFTER THE REPORT WAS SERVED ON DEFENDANT ......................................................................................................... 8

IV. THE PHILLIPS REPORT AND THE OPINIONS EXPRESSED THEREIN ARE ADMISSIBLE ....................................................................................................... 9

   a. Legal Standard On Motions To Exclude Expert Opinions ................................... 10

   b. Dr. Phillips Is A Qualified Rebuttal Expert Whose Opinions Are Reliable .......... 11

   c. Defendant's Challenges To The Reliability And Methodology Relating To Dr. Phillips' Opinions Are Merely Objections To The Validity And Weight Of The Conclusions, Not The Admissibility Of Them ....................................................... 12

   d. The Phillips Report Is A Proper Rebuttal Expert Report ..................................... 14

   e. Dr. Phillips' Opinions Concerning The Facts Encompassing Defendant's Lack of Compliance With The Copyright Act And The Chafee Amendment Are Not Legal Conclusions ...................................................................................................... 15

   f. Dr. Phillips Is Familiar With The Facts Of The Case .......................................... 16

   g. Dr. Phillips Has Substantial Practical Experience And Is Able To Assist The Court In Understanding The Evidence And Deciding The Particular Issues In This Case ................................................................................................................. 17

CONCLUSION.................................................................................................................. 189

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott GmbH & Co. KG v. Yeda Research & Dev., Co.,*

  576 F. Supp. 2d 44 (D.D.C. 2008) ............................................................ 4

*Alexander v. FBI,*

  186 F.R.D. 197 (D.D.C. 1999) ................................................................. 5

*Ambrosini v. Labarraque,*

  101 F.3d 129 (D.C. Cir. 1996) ................................................................ 18

*Conlon v. Ryder Sys., Inc.,*

  2014 WL 5843421 (D.N.J. Nov. 12, 2014) ................................................. 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*

  509 U.S. 579 (1993) ................................................................. 10, 12, 13, 18

*Evans v. Washington Metro. Area Transit Auth.,*

  674 F. Supp. 2d 175 (D.D.C. 2009) ......................................................... 10

*Freeland v. Iridium World Commc'ns, Ltd.,*

  545 F. Supp. 2d 59 (D.D.C. 2008) ...................................................... 12, 13

*Glass v. Lahood,*

  786 F. Supp. 2d 189 (D.D.C. 2011) ........................................................... 6

*Groobert v. President & Directors of Georgetown College,*

  219 F. Supp. 2d 1 (D.D.C. 2002) ............................................................ 17

*Haskins v. First Am. Title Ins. Co.,*

  2013 WL 5410531 (D.N.J. Sept. 26, 2013) ................................................. 9

*Heller v. D.C.,*

  952 F. Supp. 2d 133 (D.D.C. 2013) ........................................................... 9

*In re Rezulin Products Liability Litigation,*

  309 F. Supp. 2d 531 (S.D.N.Y. 2004) ...................................................... 16

*In re Salem,*

   465 F.3d 767 (7th Cir. 2006) ................................................................... 11

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,*

   101 F.3d 145 (D.C.Cir.1996) .................................................................... 7

*Kumho Tire Co. v. Carmichael,*

   526 U.S. 137 (1999) ................................................................... 10, 11, 17

*Lawrence v. Lew,*

   2016 WL 154903 (D.D.C. Jan. 12, 2016) ................................................. 7

*McReynolds v. Sodexho Marriott Servs., Inc.,*

   349 F. Supp. 2d 30 (D.D.C. 2004) ......................................................... 12

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,*

   235 F.R.D. 521 (D.D.C. 2006) .................................................................. 4

*United States ex rel. K & R Ltd. P'ship v. Mass. Housing Fin. Agency,*

   456 F. Supp. 2d 46 (D.D.C. 2006) ........................................................... 9

*United States v. Brown,*

   415 F.3d 1257 (11th Cir. 2005) .............................................................. 11

*United States v. H & R Block, Inc.,*

   831 F. Supp. 2d 27 (D.D.C. 2011) .................................................... 10, 11

*United States v. Hankey,*

   203 F.3d 1160 (9th Cir.2000) ................................................................ 13

*United States v. Ramsey,*

   165 F.3d 980 (D.C. Cir. 1999) ............................................................... 17

*Window Specialists, Inc. v. Forney Enterprises, Inc.,*

   47 F. Supp. 3d 53 (D.D.C. 2014) ........................................................... 10

**Rules**

Civil Rule 7(h)(1) ................................................................................ 5, 6, 7

Civil Rule 7(m) ...................................................................................... *Passim*

Fed. R. Civ. P. 56.................................................................................................5, 7

Fed. R. Civ. P. 56(c)(1).......................................................................................5, 7

Fed. R. Civ. P. 56(e)(2)...........................................................................................7

Fed. R. Evid. 702....................................................................................10, 11, 18

Fed. R. Evid. 704(a)................................................................................................16

Plaintiffs, American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. (collectively, "Plaintiffs" or the "Sponsoring Organizations"), submit this Opposition to Defendant's Motions Embedded Within Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence.

## <u>INTRODUCTION</u>

On March 3, 2016, Defendant-Counterclaimant Public.Resource.Org, Inc. ("Defendant") filed, among other things, a document titled "Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence" [ECF No. 98-3 (Sealed), ECF No. 99-4 (Redacted)].   Embedded within that filing are two motions: (1) a brief motion to "strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts (ECF No. 89-2)" (*see* Objections at p. 1 (the "Motion to Strike Plaintiffs' Responses")); and (2) a more detailed motion to "strike Plaintiffs' use of the report of S.E. Phillips[1] for the assertions for which it is cited in their combined Opposition and Reply Motion (ECF No. 89, pp. 34, 36-37) and Statement of Disputed Facts (ECF No. 89-1, p. 56)" (*id.* at p. 5) (the "Motion to Strike the Phillips Report" and together with the Motion to Strike Plaintiffs' Responses, the "Embedded Motions").

As a preliminary and independent basis for denying or striking each of Defendant's Embedded Motions, Defendant's counsel failed to meet and confer with Plaintiffs' counsel regarding the issues presented in the Embedded Motions, as required by Local Civil Rule 7(m). Defendant's counsel certainly was aware of their obligation to meet and confer prior to filing any non-dispositive motion, having done so previously in this case.   Had Defendant's counsel fulfilled their obligations, the parties may have been able to resolve, or at least narrow, the issues

---

[1]   A copy of the Report of Dr. S.E. Phillips was filed under seal at ECF No. 90-5 (the "Phillips Report").

presented in the Embedded Motions.  Defendant's failure to meet and confer warrants striking or denying the Embedded Motions.

Over and above Defendant's failure to meet and confer as required by Local Civil Rule 7.1(m), the Embedded Motions lack merit.  As to the Motion to Strike Plaintiffs' Responses, many of Defendant's "responsive" statements are purely self-serving, unsupported, bare allegations, completely devoid of any factual record support.  Moreover, they are written to be, in essence, a continuation of Defendant's substantive brief and, therefore, an improper circumvention of the Court's page limits.  Indeed, in several instances, Defendant's responses to Plaintiffs' facts are merely "disputed" with no support to *any* specific citation in the record.

In other "responses" where Defendant does actually cite to record evidence, those citations do nothing to dispel or rebut a *material* fact.  Instead, they merely raise some metaphysical doubt as to *some* fact, though not one on which Plaintiffs' rely for purposes of their motion for summary judgment.  Given Defendant's pervasive, improper responses, Plaintiffs were compelled to address them in their Response to Public Resource's Statement of Disputed Facts and, accordingly, should be considered by the Court.

Defendant's Motion to Strike the Phillips Report is a meritless attempt to sequester from the Court's consideration any rebuttal expert opinions Defendant does not like.  Dr. Phillips is qualified to render opinions relevant to this case.  Further, what amounts to Defendant's objections to the reliability of Dr. Phillips' opinions, are merely objections to the *validity* of her conclusions.  In essence, Defendant distorts Dr. Phillips' Declaration and associated opinions to assert evidentiary objections because Defendant disagrees with the underlying facts upon which Dr. Phillips relies.

However, the factual bases underlying an expert's opinion go to the credibility of her testimony, not to the admissibility of the testimony.  Likewise, Defendant's disagreements with Dr. Phillips' methodology used to render her opinions goes to the weight of the proffered evidence, not its admissibility.  Accordingly, Public Resource fails to carry its burden requiring the harsh sanction of striking the Phillips Report.  Dr. Phillips' specialized experience, knowledge, and skill will, undoubtedly, assist the trier of fact.

<u>**ARGUMENT**</u>

I.    **DEFENDANT'S FAILURE TO MEET AND CONFER WARRANTS STRIKING OR DENYING THE EMBEDDED MOTIONS**

Defendant's Embedded Motions should be struck for failure to comply with Local Civil Rule 7(m).  Not only did Defendant improperly bury two standalone Motions within a larger set of evidentiary objections (in a document titled as such) in an attempt to "slip one past" Plaintiffs, Defendant made no attempt to comply with this Court's Local Rules prior to filing those Motions.  Local Civil Rule 7(m) states:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . *A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.*

LCvR 7(m) (emphasis added).

Defendant filed its Embedded Motions without ever having discussed them with Plaintiffs.  Defendant made ***no effort***, let alone a good faith effort, to meet and confer with Plaintiffs to resolve or narrow the areas of disagreement.  *See* Declaration of Jonathan Hudis, dated March 21, 2016 submitted herewith as Exhibit A ("Hudis Decl.") at ¶ 6.  Indeed, Defendant did not (and could not) include in its Embedded Motions Rule 7(m)'s required statement affirming that the meet and confer occurred and whether the motions were opposed.

3

*See* LCvR 7(m); *see generally* Embedded Motions.  Nor, notably, did Defendant include an argument that good cause existed for its failure to comply with Local Rule 7(m)'s requirements. *Id*.

Local Rule 7(m) is not an idle requirement that parties can ignore at leisure.  This Court repeatedly has made clear that the failure to meet and confer in good faith pursuant to Local Rule 7(m) warrants dismissal of a party's motion *ab initio*.  *See, e.g., Abbott GmbH & Co. KG v. Yeda Research & Dev., Co.,* 576 F. Supp. 2d 44, 47-49 (D.D.C. 2008) (denying motion to exclude evidence based on counsel's failure to discuss anticipated motion either in person or by telephone); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 235 F.R.D. 521, 529-30 (D.D.C. 2006) ("This Court finds that defendants the Atlanta Physicians' motion to compel must be denied because they failed to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive motion.").

Nor is the meet and confer requirement pro forma; Local Rule 7(m) requires a *good faith effort*.  *Abbott,* 576 F. Supp. 2d at 48-49 (holding that generally notifying the non-moving party of an intent to file a motion to exclude unspecified evidence and telephoning the nonmoving party twice the day the motion was filed was not a good faith effort).  As Defendant made ***no effort*** to meet and confer or any attempt to show that good cause warrants departure from the Court's rules, Defendant's Embedded Motions should be dismissed.

Defendant certainly is aware of its obligation to meet and confer prior to filing any non-dispositive motion; Defendant's counsel have met and conferred with Plaintiffs' counsel on prior motions, including its motion to strike the Declaration of Kurt Geisinger filed a mere month ago. *See* Hudis Decl. at ¶ 5.  Had Defendant's counsel done so again in this instance, the parties may have been able to resolve, or at least narrow, the issues presented in the Embedded Motions--the

stated purpose for the meet and confer requirement contemplated by Local Civil Rule 7(m). *Alexander v. FBI*, 186 F.R.D. 197, 199 (D.D.C. 1999) ("The entire purpose of the meet-and-confer rule is to force litigants to attempt to resolve, or a least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion.").

Defendant's choice to ignore the meet and confer requirement of Local Rule 7(m) has imposed an unnecessary and unfair burden on the Court and Plaintiffs.  This warrants, as is the practice of this Court, striking or denying Defendant's Embedded Motions in their entirety.

## II.   DEFENDANT'S IMPROPER AND PROCEDURALLY DEFICIENT RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE FORCED PLAINTIFFS TO RESPOND IN KIND

Defendant's request that the Court strike Plaintiffs' Response to Defendant's Statement of Disputed Facts is entirely meritless. [2]  Many of Defendant's "responses" to Plaintiffs' Statement of Material Facts are not proper responses to a statement of material fact.  Rather, they are argumentative and primarily based on self-serving, unsupported, bare allegations, completely devoid of any factual support and, therefore, fail to comply with Local Civil Rule 7(h)(1), Fed. R. Civ. P. 56, and settled caselaw.  Given that Defendant's responses were structured to be persuasive argument, largely unconnected to Plaintiffs' statements of material fact, Plaintiffs were compelled to reply by filing their Response to Defendant's Statement of Disputed Facts.

Local Civil Rule 7(h)(1) states in pertinent part:

An opposition to such a motion shall be accompanied by a separate concise statement of *genuine* issues setting forth all material facts as to which it is contended there exists a *genuine* issue necessary to be litigated, *which shall include references to the parts of the record relied on to support the statement*.

---

[2] Defendant has adopted the self-contradictory position that it is entitled to file two standalone motions in its objections to Plaintiffs' supplemental evidence, which is not contemplated under LCvR 7(h) or any other local rule; yet Plaintiffs' Response to Defendant's Statement of Disputed Facts should be stricken as being "outside the scope of documents permitted under LCvR 7(h)." Defendant's argument is disingenuous at best and should be disregarded by the Court.

LCvR 7(h)(1) (emphasis added); *see also* Fed. R. Civ. P. 56(c)(1).

Defendant was and is required to demonstrate that there are *genuine* disputes as to *material* facts through evidentiary citations that disclose these genuine disputes, or by showing that Plaintiffs did not submit admissible evidence regarding a material fact.  Instead of meeting this burden, the vast majority of Defendant's "responses" is entirely unresponsive to the particular facts asserted by Plaintiffs and constitute, in essence, a continuation of Defendant's substantive brief and improper circumvention of the Court's page limits.

For example, in response to paragraphs 47 and 51 of Plaintiffs' Statement of Material Facts, Defendant not only "disputes" the stated facts without citing to any *specific* record evidence, Defendant takes the opportunity to inject substantive legal argument into an otherwise factual issue.  *See* Defendant's Statement of Disputed Facts (ECF No. 69-3) ("Defendant's SDF") at 22-24, ¶ 47 and 51.

Moreover, Defendant's response to paragraph 47 is further deficient in that Defendant's cite generally to its "Memorandum of Points and Authorities," effectively asking the Court to sift through Defendant's pleading to defend it against summary judgment.[3]  *See Glass v. Lahood,* 786 F. Supp. 2d 189, 199 (D.D.C. 2011) *aff'd,* No. 11-5144, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011) ("As Glass is no doubt aware, legal memoranda are not evidence and cannot themselves create a factual dispute sufficient to defeat a motion for summary judgment.  Glass's attempt to broadly incorporate a multitude of unspecified facts set forth in a separate filing directly contradicts both the spirit and the letter of Local Civil Rule 7(h)(1), impermissibly shifts counsel's burden to locate and identify the relevant facts, and leaves this Court to guess as to

---

[3] Defendant repeats this same procedurally deficient type of response throughout Defendant's SDF.  *See, e.g.,* responses to ¶¶ 36, 37, 90, 96, 97, 99, and 100 (citing, generally, to "Public Resource's Motion to Strike the Declaration of Dr. Geisinger, Dkt 67.").

which of the many factual statements set forth in Glass's opposition memorandum are disputed and, if disputed, whether the dispute is genuine."); *see also Lawrence v. Lew,* No. 11-CV-1854 (KBJ), 2016 WL 154903, at *3 (D.D.C. Jan. 12, 2016) (citing *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 151 (D.C.Cir.1996) ("[T]he district court need not comb through the factual record to ferret out disputes of material fact.").  The fact that Defendant used its statement of disputed facts improperly to extend the legal arguments in its brief on summary judgment forced Plaintiffs to object to and provide a reply addressing those legal arguments for fear that the same would be waived.

Further, Defendant's remaining "responses," in many instances, merely assert that the Statement of Material Fact is "disputed" with no support to any specific citation in the record or citation to the record that does nothing to dispel or otherwise dispute a *material* fact.  For example, Defendant merely "disputes" paragraphs 18 and 19 of Plaintiffs' Material Facts, but does not cite to *any* record evidence to the contrary.  *See* Defendant's SDF at 7-8, ¶ 18-19.  In those instances, Plaintiffs' corresponding statement of material fact should be deemed undisputed for purposes of Plaintiffs' motion for summary judgment.  *See* Fed. R. Civ. P. 56(c)(1); Fed. R. Civ. P. 56(e)(2); *Conlon v. Ryder Sys., Inc.,* No. CIV. 12-6693 RBK/AMD, 2014 WL 5843421, at note 3 (D.N.J. Nov. 12, 2014) ("[W]here Plaintiff only relies on conclusory responsive statements, attacks the credibility of Defendants' affiants and declarants, or asserts denials unsupported by any evidence on the record, the Court will consider Defendants' facts undisputed.").

Again, Defendant's "responses" required that Plaintiffs respond and show to the Court that Defendant failed to meet its burden under Fed. R. Civ. P 56.  Accordingly, Defendant's Motion to Strike Plaintiffs' Responses should be denied.  Moreover, Plaintiffs respectfully

request that where Defendant's responsive statements do not comply with Local Civil Rule 7(h)(1), Fed. R. Civ. P. 56, and settled case law, the Court deem Plaintiffs' factual statements as undisputed.

## III. DEFENDANT'S MOTION TO STRIKE THE PHILLIPS REPORT FOR THE ASSERTIONS FOR WHICH IT IS CITED IS AN UNTIMELY DISCOVERY MOTION FILED NEARLY EIGHT MONTHS AFTER THE REPORT WAS SERVED ON DEFENDANT

At its core, Defendant's Motion to Strike the Phillips Report for the assertions for which it is cited in Plaintiffs' Opposition and Reply Motion and Statement of Disputed Facts is a "discovery" motion that seeks to strike only limited portions of the Phillips Report, which was disclosed to Defendant on July 15, 2015.  Pursuant to the Scheduling Order entered in this action, "[n]o discovery motions may be filed without leave of the Court.  In the event that a discovery dispute arises, the parties shall make a good faith effort to resolve or narrow the areas of disagreement."  Scheduling Order (Docket No. 22) at ¶ 3.[4]  Defendant did not seek leave of the Court to file the motion.  Additionally, as explained above, Defendant made no effort to resolve or narrow the areas of disagreement.

Moreover, Defendant's Motion is untimely.  Plaintiffs served the Phillips Report nearly *eight* months ago on July 15, 2015.  *See* Hudis Decl. at ¶ 3.  Over *five* months ago, Defendant deposed Dr. Phillips on September 22, 2015.  *Id.* at ¶ 4.  Shortly thereafter, Defendant affirmed during the September 29, 2015 post-discovery status conference before Magistrate-Judge Robinson that discovery was complete and there were "no disputes."  *See* September 29, 2015 Minute Entry.  Thus, almost half-a-year has elapsed since the time the motion should have been

---

[4] *See also* Scheduling Order entered in the Companion Case (*American Society for Testing and Materials, et al. v. Public.Resource.Org, Inc.*, Case No. 13-cv-01215 (the "ASTM Action")) (discussing adherence to Local Rule 7(m) and indicating that "[a]ny motion that does not comply with Local Rule 7(m) may be, *sua sponte*, denied by the Court") (Docket No. 30).  As the Court will recall, this action was consolidated with the ASTM Action for purposes of discovery.

brought.  Defendant cannot sit on its hands and represent to the Court that all is well – and still expect to be heard on an improperly filed motion – particularly where Defendant fails to explain or otherwise justify its unreasonable delay.  Defendant's improper motion, filed at this advanced stage of the case, is highly prejudicial to Plaintiffs.  Accordingly, Defendant's untimely delay in filing its motion should be deemed a waiver by Defendant and the Motion to Strike the Phillips Report should be disregarded in its entirety.

## IV.  THE PHILLIPS REPORT AND THE OPINIONS EXPRESSED THEREIN ARE ADMISSIBLE

The Phillips Report is admissible in support of Plaintiffs' Motion for Summary Judgment. Dr. Phillips provided a proper rebuttal report to Defendant's expert report of James Fruchterman (*see* ECF No. 70-50, the "Fruchterman Report") concerning the accessibility of the 1999 Standards for the blind and persons with print disabilities.  Dr. Phillips is an expert in the field of testing accommodations, including, without limitation, adaptations for persons who are blind or have print disabilities.  Her report provided opinions on the accessibility of the 1999 Standards for individuals with those disabilities - the same subject Mr. Fruchterman's report purports to address.  *See* Phillips Report at 30, 33-44, 46-55.  The Phillips Report properly explains or otherwise disproves Mr. Fruchterman's conclusions and methodologies.   Thus, Defendant's contention the Phillips report is an improperly designated affirmative expert report is without merit.  *See, e.g., Haskins v. First Am. Title Ins. Co.,* No. CIV.A. 10-5044 RMB, 2013 WL 5410531, at *3 (D.N.J. Sept. 26, 2013) (denying motion to strike, concluding that rebuttal report properly "repelled" expert opinions and explained why defendant was wrong).

Defendant's motion is merely an attempt to sequester from the Court's consideration rebuttal expert opinions Defendant does not like and should be denied in its entirety.

### a. *Legal Standard On Motions To Exclude Expert Opinions*

"Rejection of an expert's testimony is the exception rather than the rule." *Heller v. D.C.,* 952 F. Supp. 2d 133, 140 (D.D.C. 2013); *see also United States ex rel. K & R Ltd. P'ship v. Mass. Housing Fin. Agency,* 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (citations and quotations omitted) (denying motions to strike expert affidavit and demonstrative chart noting that "a motion to strike is an exceptional remedy that is generally disfavored..., and that the proponent of such a motion must shoulder a formidable burden.").  Significantly, "[t]he presumption under the Federal Rules is that expert testimony is admissible." *Evans v. Washington Metro. Area Transit Auth.*, 674 F. Supp. 2d 175, 178 (D.D.C. 2009) (*citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993)); *see also Window Specialists, Inc. v. Forney Enterprises, Inc.*, 47 F. Supp. 3d 53, 59 (D.D.C. 2014).

Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (noting that where the traditional *Daubert* factors do not apply, reliability concerns may focus on personal knowledge or experience).

A district court is granted broad latitude is deciding how to determine reliability and rendering the ultimate determination of reliability. *Kumho*, 526 U.S. at 141-42.  "Courts take a flexible approach to deciding Rule 702 motions and have broad discretion in determining

10

whether to admit or exclude expert testimony." *United States v. H & R Block, Inc.,* 831 F. Supp. 2d 27, 30 (D.D.C. 2011) (quotations omitted).

Importantly, where (as here) the judge and not a jury is the trier of fact, "[t]he Court's gatekeeper role is 'significantly diminished'" *Window Specialists, Inc.*, 47 F. Supp. at 59-60 (*quoting H & R Block, Inc*., 831 F. Supp. at 30). This is because "[w]here the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (citing *United States v. Brown*, 415 F.3d 1257, 1268–69 (11th Cir. 2005)).

An expert may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "[T]he text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 advisory committee notes, 2000 amendments. In light of these qualifications, courts assess whether a proffered expert has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *Kumho Tire Co.*, 526 U.S. at 156 (internal quotation marks omitted). Here, Dr. Phillips unquestionably possesses "sufficient specialized knowledge" to assist the Court in deciding the particular issues in this case.

### b. Dr. Phillips Is A Qualified Rebuttal Expert Whose Opinions Are Reliable

Dr. Phillips is an expert in the field of psychometrics and assessment law, which includes the development and evaluation of policies concerning testing accommodations, including, adaptations for persons who are blind or have print disabilities. *See* Phillips Report at ¶ 1. She has authored or contributed to authoring a number of articles regarding testing accommodation policy. *Id.* ¶ 13-16. For over 20 years, Dr. Phillips has been a member of Plaintiff NCME,

including serving on the NCME Newsletter Board where she has authored more than 30 columns on, among other things, testing accommodations.  *Id.* ¶ 17.  She has attended numerous NCME annual meetings. *See, e.g.,* September 22, 2015 Deposition of S.E. Phillips ("Phillips Dep.") at 34:12.  She has consulted and served as an expert witness in other actions regarding testing accommodations.  *See* Phillips Report at ¶¶ 18-21.  Each of the substantive issues upon which Dr. Phillips opines is sufficiently within her expertise to render those opinions valid and reliable. Defendant's significantly diminished, distorted view of Dr. Phillips' qualifications and expertise does nothing to dispel this fact.

### c. Defendant's Challenges To The Reliability And Methodology Relating To Dr. Phillips' Opinions Are Merely Objections To The Validity And Weight Of The Conclusions, Not The Admissibility Of Them

Defendant distorts the Phillips Report to assert evidentiary objections because Defendant disagrees with the underlying facts upon which Dr. Phillips relies.  However, the factual basis of an expert opinion goes to the credibility of the testimony, not its admissibility.  *Freeland v. Iridium World Commc'ns, Ltd.,* 545 F. Supp. 2d 59, 88 (D.D.C. 2008) ("Motorola may cross-examine Saunders about the factual basis of his opinions, but its disagreements with that factual basis does not affect the testimony's admissibility.").  Similarly, Defendant's disagreement with Dr. Phillips' methodology goes to the weight of the proffered evidence, not its admissibility.  *Id.* As *Daubert* instructs, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky, but admissible, evidence." *Daubert,* 509 U.S. at 595.

For example, Defendant asserts that Dr. Phillips' reliance on information provided by others as it relates to screen reading technologies requires the exclusion of her opinions on that issue.  First, Dr. Phillips' reliance on information supplied to her by Dr. Claudia Flowers and an

employee of Plaintiff APA in connection with rendering her opinions relating to screen reading software is permissible.[5] *See, e.g., McReynolds v. Sodexho Marriott Servs., Inc.,* 349 F. Supp. 2d 30, 37-38 (D.D.C. 2004) ("In sum, Siskin's analyses are sufficiently reliable, notwithstanding his reliance on his assistants, especially given the fact that collaboration, such as occurred here, is typical of experts . . . in his field."); *see also* Fed. R. Evid. § 703 ("[T]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."); *Daubert,* 509 U.S. at 595.

Thus, Dr. Phillips' consideration of facts and information provided by others is well within the scope of materials an expert is allowed to rely on under Fed. R. Evid. § 703.  In any event, Defendant's challenges to Dr. Phillips' reliance on information supplied to her by others merely goes to the weight of the opinion, not the admissibility of it.  *See Freeland,* 545 F. Supp. 2d at 88.

Further, Dr. Phillips *did* conduct an independent investigation of screen reading technology websites[6] and that, combined with her personal observation as having been part of a demonstration of certain screen reading software[7]  and review of relevant materials, including the facts of this case, support the reliability of her rebuttal opinions.  These factors, taken as a whole, comprise a solid foundation for the admissibility of Dr. Phillips' opinions.  *United States*

---

[5] *See* Phillips Report at ¶¶ 34, 36, 38-39, 47-48 (discussing screen reading technologies and addressing the Fruchterman Report's contentions regarding verification procedures relating to same).
[6] *See* Phillips Report at Exhibit B, ¶ 22.
[7] Phillips Dep. at 67:19-72:21.

*v. Hankey,* 203 F.3d 1160, 1169 (9th Cir.2000) (noting that with non-scientific experts, as Dr.

Phillips is in this case, "the *Daubert* factors (peer review, publication, potential error rate, etc.)

simply are not applicable" and "reliability depends heavily on the knowledge and experience of

the expert rather than the methodology or theory behind it.").  There is no basis for the Court to

strike the Phillips Report.

### d.   The Phillips Report Is A Proper Rebuttal Expert Report

Defendant mischaracterizes the Phillips Report to assert that Dr. Phillips is an improperly

identified rebuttal witness.  Specifically, Defendant contends that the Phillips Report contains

"extensive discussion and opinions on issues that are only relevant to Plaintiffs' affirmative

case," including discussion regarding that the 1999 Standards are copyrighted and that

Defendant's actions at issue in this case caused Plaintiffs harm.  *See* Embedded Motions at 8.

This is incorrect; the Phillips Report properly explains or otherwise disproves the Fruchterman

Report.  *See* Phillips Report at ¶¶ 29, 30, 32-35, 46-49, 51, and 53-54.

First, Defendant's argument concerning the nature of the copyright of the 1999 Standards

is a *non sequitur.*  That the 1999 Standards is a registered copyrighted work is not disputed; it is

an *admitted fact* and not an improperly designated affirmative expert opinion.  *See* Defendant's

SDF at ¶¶ 31, 40-42.  Defendant's dispute in this case, is whether that registration is valid - not

whether it exists - and Dr. Phillips does not opine on the former.

Second, Defendant mischaracterizes the nature of Dr. Phillips' references to the harm

caused by Defendant's conduct.  In each instance where Dr. Phillips references harm and cites to

the opinions of Dr. Kurt Geisinger, she does so to point out the glaring deficiencies in the

Fruchterman Report, which is the proper purpose of a rebuttal report.

Dr. Phillips is not adopting or "parroting back" the opinions of Dr. Geisinger that are relevant to Plaintiffs' affirmative case, as Defendant contends.  Rather, she is referencing these issues as a backdrop in her critique of the methodology employed in the Fruchterman Report and that bear upon Mr. Fruchterman's credibility. *See, e.g.,* Phillips Report at ¶¶ 30, 33-35, 46-47 (critiquing Mr. Fruchterman's methodology in omitting discussion of Defendant's failure to place restrictions on access to the 1999 Standards posted on its website); ¶ 48 (critiquing Mr. Fruchterman's methodology in omitting discussion of alternatives to sign-up procedures); and ¶ 51 (critiquing Mr. Fruchterman's methodology in omitting discussion of implementation of reasonable qualification criteria and verification procedures as his own company, Bookshare, employs).

A rebuttal expert is permitted, and in fact expected, to critique the methodology used by an expert, including, establishing that the methodology used ignores important pieces to the puzzle that bear on the ultimate conclusion.  That is what Dr. Phillips did here.  Thus, the Phillips Report is a proper rebuttal report that explains or otherwise disproves the Fruchterman Report.

### e. Dr. Phillips' Opinions Concerning The Facts Encompassing Defendant's Lack of Compliance With The Copyright Act And The Chafee Amendment Are Not Legal Conclusions

Defendant mischaracterizes Dr. Phillips' expert opinions as impermissibly opining on legal issues when, in reality, Dr. Phillips is merely providing proper expert analysis on factual questions.  Nowhere in her report does Dr. Phillips purport to challenge or explain the applicable rules of law or otherwise seek to impose legal conclusions on the Court.

Again, as a fundamental matter, Defendant's argument concerning the nature of the copyright in the 1999 Standards is misplaced.  *See generally* Embedded Motions at 8-9.  As explained above, the fact that the 1999 Standards is a copyrighted work is not in dispute; it is an

admitted fact. *See* Defendant's SDF at ¶¶ 31, 40-42.   Thus, in referencing that the 1999 Standards is copyrighted, Dr. Phillips' is stating a fact that Defendant does not even dispute, not making a legal conclusion.

Moreover, Dr. Phillips does not opine as a legal expert on the standards relating to the Copyright Act and/or the Chafee Amendment.   Where Dr. Phillips discusses the Copyright Act and/or the Chafee Amendment, it is in relation to background facts concerning to the nature of the accessibility of the Standards and to Defendant's lack of compliance with those requirements concerning the blind and print disabled individuals.   *See* Phillips Report at ¶¶ 29-30, 39, and 43. Indeed, each is cited or referenced by Dr. Phillips and followed by a discussion of the *facts* of the case as they relate to the Copyright Act and/or the Chafee Amendment and how those facts concern Defendant's lack of compliance with them.   *See In re Rezulin Products Liability Litigation,* 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) ("[F]actual conclusions on an ultimate issue to be decided by the jury are permissible.").

Thus, Dr. Phillips' opinions concern how the facts of the case relate to the ultimate issues to be decided by the Court - a proper subject for an expert opinion.   *See* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.").   Accordingly, Dr. Phillips' opinions are not improper legal opinions and do not usurp the province of this Court; they are well-founded, factually-based conclusions embracing the ultimate legal issues in this case.

### f.   Dr. Phillips Is Familiar With The Facts Of The Case

Defendant's assertion that Dr. Phillips is "not well versed with the facts of the case" is not supported by the evidence.   *See* Embedded Motions at 14.   Indeed, Dr. Phillips discusses, at length, the facts of the case as they relate to the opinions expressed in her Report.   *See generally,*

Phillips Report at ¶¶ 25-55. Defendant's argument is solely based on one instance where Dr. Phillips said she skimmed Defendant's Answer and Counterclaim and did not recall that Defendant pled Fair Use as an affirmative defense. *See* Motions at 14; Phillips Dep. 154:08-23. Based on this, Defendant concludes, wholesale, that she is ignorant of the facts of the case. That is ridiculous.[8] In fact, Fair Use was never discussed in the Fruchterman Report. Defendant, again, takes the contradictory position that the Phillips Report exceeded the scope of a proper rebuttal report, yet, at the same time, contends that the Phillips Report did not go far enough. This underscores that Defendant's Motion to Strike the Phillips Report is meritless. In any event, the consideration of Fair Use or alleged lack thereof, goes to the weight of the Phillips Report and not the admissibility of it.

> ### g. Dr. Phillips Has Substantial Practical Experience And Is Able To Assist The Court In Understanding The Evidence And Deciding The Particular Issues In This Case

Defendant ignores almost completely that personal experience is a reliable and valid basis for the admission of expert testimony. *See Kumho Tire*, 526 U.S. at 156 ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience."). Dr. Phillips' rebuttal opinions are based, properly, on the knowledge and experience she holds, rather than any formalistic methodology or theory. *See, e.g. United States v. Ramsey,* 165 F.3d 980 (D.C. Cir. 1999) (upholding admission of Drug Enforcement Administration agent's testimony regarding defendant's past criminal history because expert was testifying based on specialized knowledge); *Groobert v. President & Directors of Georgetown*

---

[8] As explained in Plaintiffs' opposition to Defendant's motion for summary judgment, Fair Use is not applicable here. *See* ECF No. 89 at 30-41 (discussing, among other things, that Defendant's activities merely supplanted Plaintiffs' original work and, moreover, the first copy of the Standards posted on Defendant's website was not enabled with Optical Character Recognition).

*College,* 219 F. Supp. 2d 1, 8 (D.D.C. 2002) (admitting expert's testimony based on his 12 years of experience in the field of stock photography, various speaking engagements and his continuous study of industry trends).

As discussed above, the presumption under the Federal Rules of Evidence is that expert testimony is admissible. *Daubert,* 509 U.S. at 588; *Ambrosini v. Labarraque,* 101 F.3d 129, 134 (D.C. Cir. 1996); Fed. R. Evid. 702 Advisory Committee Note (2000) ("A review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."). Thus, Dr. Phillips' knowledge and experience in field of accessibility, her review of the relevant facts in this case, and the application of her knowledge to the facts of the case to generate her proper rebuttal opinions to the Fruchterman Report, sufficiently satisfy the requirements of *Daubert*, *Kumho*, and Fed. R. Evid. 702--*i.e.* Dr. Phillips' "professional judgment obtained through long experience in the field" (*Heller,* 952 F. Supp. at 142)--and will assist the Court in understanding the evidence and deciding the particular issues in this case.

//

//

//

//

//

//

//

//

//

//

18

## CONCLUSION

Defendant's Embedded Motions are substantively meritless and, in any event, were filed in flagrant violation of the Court's local rules requiring, among other things, that counsel meet and confer prior to filing any non-dispositive motion.   Accordingly, Plaintiffs' respectfully request that the Court deny or strike Defendant's Embedded Motions in their entirety.

Respectfully submitted,

QUARLES & BRADY LLP

Dated: March 21, 2016

*/s/ Jonathan Hudis*

By:   Jonathan Hudis (DC Bar # 418872)
Jonathan P. Labukas (DC Bar # 998662)
Nikia L. Gray (*pro hac vice*)
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Jonathan.Labukas@quarles.com
E-Mail Nikia.Gray@quarles.com

Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.