## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:14-cv-00857-TSC-DAR

**PLAINTIFFS' RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL EVIDENCE**

Respectfully submitted,

Jonathan Hudis (DC Bar # 418872)
Nikia L. Gray (*pro hac vice*)
Jonathan P. Labukas (DC Bar # 998662)
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Nikia .Gray@quarles.com
E-Mail Jonathan.Labukas@quarles.com

Counsel for Plaintiffs American Educational
Research Association, Inc., American
Psychological Association, Inc., and
National Council on Measurement in
Education, Inc.

i

# TABLE OF CONTENTS

**Page**

I. THE STANDARD FOR EVIDENCE TO BE PROPERLY CONSIDERED ON SUMMARY JUDGMENT IS THAT THE EVIDENCE MUST BE CAPABLE OF BEING CONVERTED TO ADMISSIBLE EVIDENCE AT TRIAL..........................................................................................1

    A. The Standard for Relevance Is A Liberal One ..............................................................2

    B. The Standard for "Personal Knowledge" Is Much Broader than Defendant Suggests .....................................................................................................................2

    C. A Witness May Testify As to Opinions and Other Information Beyond Facts Known Personally to the Witness ...............................................................................3

    D. Hearsay May Be Considered on Summary Judgment Where There Are Applicable Hearsay Exceptions...............................................................................3

    E. Authenticity is Not Limited in the Fashion Recited by Defendant ...............................4

    F. Defendant Ignores the Numerous Exceptions to the Secondary Evidence Rule............4

II. PLAINTIFFS' RESPONSES TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS ...............5

    A. Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment .................................................................................................6

    B. Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment ...............................................................27

III. CONCLUSION .........................................................................................................111

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. Ameritech Servs., Inc.,*
231 F.3d 414 (7th Cir. 2000).................................................................Passim

*Allied Sys., Ltd. v. Teamsters Auto. Transp. Chauffeurs, Demonstrators & Helpers, Local 604, Affiliated with the Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,*
304 F.3d 785 (8th Cir. 2002)......................................................................3

*America v. Mills,*
654 F. Supp. 2d 28 (D.D.C. 2009) .............................................................4

*Barnett v. PA Consulting Grp., Inc.,*
35 F. Supp. 3d 11 (D.D.C. 2014) ...............................................................2

*Cook v. Spencer,*
688 F.2d 1017 (5th Cir. 1982).....................................................................2

*Covad Commc'ns Co. v. Revonet, Inc.,*
267 F.R.D. 14, 25 (D.D.C. 2010) ......................................................Passim

*Daubert v. Merrell Dow Pharm., Inc.,*
509 U.S. 579 (1993)......................................................................................2

*Doe v. Lee,*
220 F. Supp. 2d 1307 (M.D. Ala. 2002) ....................................................3

*Fraser v. Goodale,*
342 F.3d 1032 (9th Cir. 2003)...........................................................Passim

*Gleklen v. Democratic Cong. Campaign Comm., Inc.,*
199 F.3d 1365 (D.C. Cir. 2000).........................................................Passim

*Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,*
669 F. Supp. 2d 1084 (N.D. Cal. 2009) ............................................Passim

*Hines v. Consol. Rail Corp.,*
926 F.2d 262 (3d Cir. 1991)...............................................................Passim

*Jones v. United States,*
934 F. Supp. 2d 284 (D.D.C. 2013) ...................................................Passim

*Nelson v. United States,*
55 A.3d 389 (D.D.C. 2012)..........................................................................3

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.,*
69 F.Supp.3d 175 (D.D.C. 2014) .......................................................Passim

iii

*U.S. ex rel. El-Amin v. George Washington Univ.*,
  522 F. Supp. 2d 135 (D.D.C. 2007) ........................................................................................4

*Washington Cent. R. Co. v. Nat'l Mediation Bd.*,
  830 F. Supp. 1343 (E.D. Wash. 1993) ...............................................................................Passim

*Weinstein v. Dist. of Columbia Housing Auth.*,
  931 F. Supp. 2d 178, 186 (D.D.C. 2013) ...........................................................................Passim

**Rules**

Fed. R. Civ. P. 30(b)(6)..........................................................................................................Passim

Fed. R. Civ.P. 56...........................................................................................................................1, 3

Fed. R. Civ. P. 56(c)(2)..........................................................................................................Passim

Fed. R. Evid. 401 .............................................................................................................................2

Fed. R. Evid. 402 ...................................................................................................................Passim

Fed. R. Evid. 403 ...................................................................................................................Passim

Fed. R. Evid. 602 ...................................................................................................................Passim

Fed. R. Evid. 701 ...................................................................................................................Passim

Fed. R. Evid. 702 ...................................................................................................................Passim

Fed. R. Evid. 801(c) ........................................................................................................................3

Fed. R. Evid. 802 ...................................................................................................................Passim

Fed. R. Evid. 803(6) ...............................................................................................................Passim

Fed. R. Evid. 803(6)(D) ..................................................................................................................4

Fed. R. Evid. 803(8) ........................................................................................................................3

Fed. R. Evid. 803(17)..............................................................................................................Passim

Fed. R. Evid. 901 .............................................................................................................................4

Fed. R. Evid. 902 .............................................................................................................................4

Fed. R. Evid. 902(11) .....................................................................................................................4

Fed. R. Evid. 1003 ...........................................................................................................................4

Fed. R. Evid. 1004 ...........................................................................................................................4

Fed. R. Evid. 1005 ........................................................................................................................4

Fed. R. Evid. 1006 ........................................................................................................................4

Fed. R. Evid. 1007 ........................................................................................................................4

Fed. R. Evid. 1008 ........................................................................................................................4

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association , Inc. ("APA") and National Council on Measurement in Education, Inc. ("NCME") (collectively "Plaintiffs" or the "Sponsoring Organizations"), respectfully submit this response to Defendant-Counterclaimant Public.Resource.Org.'s Objections to Plaintiffs' Supplemental Evidence (Dkt. No. 98-5) (the "Supplemental Objections").   As a preliminary matter, Defendant's lengthy Supplemental Objections should be denied on the grounds that neither the Federal Rules of Civil Procedure nor the Local Rules provide for or permit the submission of such Supplemental Objections. Nevertheless, Plaintiffs submit the below responses to the Supplemental Objections out of an abundance of caution.

## I.   THE STANDARD FOR EVIDENCE TO BE PROPERLY CONSIDERED ON SUMMARY JUDGMENT IS THAT THE EVIDENCE MUST BE CAPABLE OF BEING CONVERTED TO ADMISSIBLE EVIDENCE AT TRIAL

Defendant's cumbersome Supplemental Objections, like their prior Objections (Dkt. 68-6), rely upon a mis-stated standard of admissibility at the summary judgment stage in an effort to distract the Court from the key material facts and legal principles, which establish that Plaintiffs are entitled to judgment as a matter of law.  Defendant's Supplemental Objections are primarily conclusory assertions that the Declarations submitted in opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Motion for Summary Judgment do not present admissible evidence.  In addition to being inaccurate as to the statements and documents to which it objects, Defendant relies upon an incorrect standard.

Rule 56 permits a party to "object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*."  Fed. R. Civ. P. 56(c)(2) (emphasis added). "At the summary judgment stage, a party is not required to produce evidence in a form that is admissible, but the evidence must be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

A.      **The Standard for Relevance Is A Liberal One.**

In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401; *Barnett v. PA Consulting Grp., Inc*., 35 F. Supp. 3d 11, 16 (D.D.C. 2014).  *See also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993) ("The Rule's basic standard of relevance thus is a liberal one.") Relevant facts are not limited to those facts necessary to prove the elements of a claim, but also include background facts, contextual facts, and other facts that are helpful to a determination of the issues.  *See* Fed. R. Evid. 401, Advisory Committee Note (1972) ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding. . . . A rule limiting admissibility to evidence directed to a controversial point would invite the exclusion of this helpful evidence, or at least the raising of endless questions over its admission."); *Cook v. Spencer,* 688 F.2d 1017, 1018 (5th Cir. 1982) ("Rule 401, Federal Rules of Evidence, defines such evidence as '... evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Such evidence need not bear on ultimate issues as disputed facts; and background evidence may be admitted in the judge's discretion.").

B.      **The Standard for "Personal Knowledge" Is Much Broader than Defendant Suggests.**

"Personal knowledge" is not limited to a person's first-hand experience, as Defendant argues with its objections.  Personal knowledge may be gained through a person's education or work experience. *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Personal knowledge also applies to information learned by a person through a review of documents or through industry experience.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal

knowledge can come from review of the contents of files and records."); *Allied Sys., Ltd. v. Teamsters Auto. Transp. Chauffeurs, Demonstrators & Helpers, Local 604, Affiliated with the Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 304 F.3d 785, 792 (8th Cir. 2002) ("Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience is a sufficient foundation for lay opinion testimony.").

As noted above, Rule 56 only permits objections that a fact "cannot be presented in a form that would be admissible in evidence."  Accordingly, a declarant's sworn testimony may be considered on summary judgment unless no basis for a witness's personal knowledge can be supplied at trial.

**C.    A Witness May Testify As to Opinions and Other Information Beyond Facts Known Personally to the Witness.**

Defendant's objections improperly seek to limit the scope of witness testimony.  For example, witnesses may testify regarding their opinions.  *Nelson v. United States,* 55 A.3d 389, 392 (D.C. 2012) ("[N]on-expert witnesses may also express opinions as long as those opinions are based on the witness' own observation of events and are helpful to the jury.") (quotations and citations omitted); *Great Am. Assur. Co.,* 669 F. Supp. 2d at 1089.  *See Weinstein v. Dist. of Columbia Housing Auth.,* 931 F. Supp. 2d 178, 186 (D.D.C. 2013) ("[I]f a corporate officer is noticed for deposition pursuant to Rule 30(b)(6), 'his sworn affidavit is admissible,' even if that declaration is not based on personal knowledge.") (citations omitted).

**D.    Hearsay May Be Considered on Summary Judgment Where There Are Applicable Hearsay Exceptions.**

Just as hearsay may be considered at trial, where an exception applies, it may also be considered on summary judgment where an exception would permit its admission at trial.  *Doe v. Lee,* 220 F. Supp. 2d 1307, 1311 (M.D. Ala. 2002) ("In addition, even though a document, deponent, or affiant refers to hearsay information, that information may be considered on summary judgment if it would be admissible at trial under an exception to the hearsay rule or as non-hearsay.").  Business records and public records are examples of documents that may be considered.  Fed. R. Evid. 803(6); Fed. R. Evid. 803(8).  Additionally, documents may be considered, regardless of whether an exception applies, when the

evidence is not offered to prove the truth of any out of court statements contained within the document. Fed. R. Evid. 801(c), Advisory Committee's Note. ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); *Lee,* 220 F. Supp. 2d at 1311.

**E.      Authenticity is Not Limited in the Fashion Recited by Defendant.**

Defendant seeks to limit the scope of authentication to one acceptable form of authentication. While authentication can be demonstrated in the manner recited by Defendant, it can also be established in other ways, including through testimony by a records custodian or through the submission of evidence that is self-authenticating.  *See* Fed. R. Evid. 803(6)(D), 901, 902. Additionally, as discussed above, Plaintiffs need not have authenticated documents upon which they rely in their summary judgment briefing, so long as the documents could be authenticated at trial.  *America v. Mills,* 654 F. Supp. 2d 28, 36 (D.D.C. 2009) ("To repeat, if it is possible to convert potential evidence into a form that would be admissible at trial—as it appears to be in this case—the Court may consider it at the summary judgment stage. The Court will not exclude the 2002 DRC Report from consideration at this point. Its admissibility, with or without the support of additional testimony, will be considered at trial.") (internal citations omitted).

**F.      Defendant Ignores the Numerous Exceptions to the Secondary Evidence Rule.**

Defendant's objections regarding the "secondary evidence rule" ignore all other recognized forms of admissible documents.  *See* Fed. R. Evid. 1003-1008; *U.S. ex rel. El-Amin v. George Washington Univ.,* 522 F. Supp. 2d 135, 145-46 (D.D.C. 2007) ("Because of the numerous avenues of escape from the mechanical application of the requirement of  the original, a party is rarely precluded from producing significant relevant evidence because of the best evidence rule.") (citation and quotation omitted). Evidence may be considered on summary judgment so long as any acceptable form could be supplied at trial.

## II.      PLAINTIFFS' RESPONSES TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS

Plaintiffs respectfully request that the Court overrule Defendant's cumbersome evidentiary objections based upon the foregoing standards and based upon Plaintiffs' responses to Defendant's Supplemental Objections set forth in the following chart:

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 1. I submit this Reply Declaration in further support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org, Inc.'s ("Defendant" or "Public Resource") Cross-Motion for Summary Judgment. Unless otherwise noted, I have knowledge of all facts set forth in this Declaration and I would, and could, testify competently thereto if called upon to do so. | *No objection.* | |
| 2. I am currently the Senior Vice President, Research at ACT, Inc. ACT produces and publishes the ACT® college readiness assessment — a college admissions and placement test taken by millions of high school graduates every year. ACT also offers comprehensive assessment, research, information, and program management services to support education and workforce development. As the Senior Vice President of Research, I am responsible for all research and evidence related to the design, development, use, and validation of our assessments and programs. In my position, I serve on the Senior Leadership Team and manage over 110 researchers. | *No objection.* | |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 3. Prior to working at ACT, I worked at The College Board, where I held the positions of Vice President, Research and Development (July, 2000 – September, 2013), Executive Director, Office of Research and Development (March, 1997 – June, 2000), and Research Scientist (September, 1994 – February, 1997). | *No objection.* | |
| 4. Before working at The College Board, I worked for the American Psychological Association, Inc. ("APA"), in the positions of Assistant Executive Director for Scientific Affairs and Executive Director of Science (1992-1994), Director, Scientific Affairs (February, 1989 – August, 1992), and Testing and Assessment Officer (November, 1987 – January, 1989). During my employment at APA, I served as the Project Director for the revision of the 1985 version of the *Standards for Educational and Psychological Testing*, the new product of which was published in 1999 (the "1999 Standards"). In 1997, I was elected to APA's Council of Representatives, and I served on the Council from 1997-2003. In April, 2012, I was elected to the Council of the American Educational Research Association, Inc. ("AERA"), serving from April, 2012 to April, 2015 as Vice President for Division D. I also was elected to the Board of Directors of National Council On Measurement In | *No objection.* | |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| Education, Inc. ("NCME"), serving on the Board from 2002-2005 and 2009-2012, and served as NCME's President from 2010-2011. Additionally, I served on the Management Committee for the Standards from 2005-2015. | | |
| 5. I have written extensively on the *Standards for Educational and Psychological Testing*, as well as other professional and technical guidelines which relate to educational and industrial testing and assessment, including journal articles, book chapters, and paper presentations at national conferences. | *No objection.* | |
| 6. I was asked to rephrase several of the standards recited in the 1999 Standards, without changing their meaning. | *No objection.* | |
| 7. Standard 3.3, as recited in the 1999 Standards, states:  Those responsible for test development should include relevant subgroups in validity, reliability/precision, and other preliminary studies used when constructing the test. | *No objection.* | |
| | | |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 8. One of the many ways in which Standard 3.3 could be rephrased without changing its meaning is as follows:

Studies collecting evidence for the interpretation and use of test scores, quantifying the inconsistency in examinee performance, and of other topics should be conducted during test construction by individuals and organizations who mandate, sponsor, prepare and design, and market tests so that study results will inform the discussion of the comparability of subgroup scores. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant.  In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  Defendant has introduced the issue of whether it is possible to phrase the individual standards recited in the 1999 Standards without changing their meaning.  Plaintiffs have argued, and still maintain, that Defendant has waived this affirmative defense because it was not included in Defendant's answer.  However, should the Court consider the defense, Dr. Camara's testimony is directly relevant to whether such rephrasing is possible.  In paragraph 6 of his declaration, Dr. Camara testifies that he was specifically asked to rephrase several of the standards in the 1999 Standards, without changing their meaning, and Defendant did not object to that paragraph. |
| | FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, | As set forth above, Dr. Camara's testimony is relevant.  Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. | judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 274 (3d Cir. 1991)).<br><br>Dr. Camara's testimony is rationally based upon his perception based upon his experience as set forth in paragraphs 1-5 of his declaration, as well as his personal experience outlined in his curriculum vitae attached as Exhibit 1 to his prior declaration, dated December 8, 2015 (Dkt. 60-76), and is helpful to the trier of fact. Dr. Camara's testimony in this paragraph is both helpful to clearly |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | understanding his testimony and to determining a fact in issue, as discussed above in response to Defendant's relevance objection.  Finally, this testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 and is admissible under at least FRE 602 and FRE 701.

 Defendant has not identified why this testimony is subject to FRE 702, rather than FRE 701.  This testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702; rather it is rationally based on Dr. Camara's perceptions and personal knowledge and thus falls under FRE 701.  Indeed, Defendant should be barred from making a FRE 702 objection when Defendant included topics in its 30(b)(6) notice on these issues and Dr. Camara was designated as a 30(b)(6) witness on such topics.  *See* Camara Dep. 43:19-21 ("Q  Do you understand you have been designated to testify as to Topics 15 and 16? A  Yes, I do."), Exhibit XXXXX to Gray Decl. (Dkt. 94-2).  Defendant's counsel could have, but strategically elected not to, ask him to rephrase the individual standards from the 1999 Standards during his deposition, and this testimony is, therefore, admissible.  *See Weinstein v. Dist. of Columbia Housing Auth.*, |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. | |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | 931 F. Supp. 2d 178, 185-87 (D.D.C. 2013) (in considering cross-motions for summary judgment, court admitted testimony in subsequent affidavits where party challenged affidavits as inconsistent with testimony during 30(b)(6) deposition); *Id.* at 185 ("Yet, '[i]t is often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition.'") (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).  As set forth above, this testimony is opinion testimony by a lay witness, which is admissible pursuant to FRE 701. |
| 9. Standard 4.4, as recited in the 1999 Standards, states:<br><br>If test developers prepare different versions of a test with some change to the test specifications, they should document the content and psychometric specifications of each version. The documentation should describe the impact of differences among versions on the validity of score interpretations for intended uses and on the precision and comparability of scores. | *No objection.* | |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 10. One of the many ways in which Standard 4.4 could be rephrased without changing its meaning is as follows:<br><br>Changes or augmentations to assessments which impact content, constructs, or statistical properties of a test should be documented and made available to test users. Documentation should address any effect on the overall reliability of the test, the accuracy of scores, or the inferences which can be made from scores, as well as the extent that scores across different versions are comparable. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant. In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence. Defendant has introduced the issue of whether it is possible to phrase the individual standards recited in the 1999 Standards without changing their meaning. Plaintiffs have argued, and still maintain, that Defendant has waived this affirmative defense because it was not included in Defendant's answer. However, should the Court consider the defense, Dr. Camara's testimony is directly relevant to whether such rephrasing is possible. In paragraph 6 of his declaration, Dr. Camara testifies that he was specifically asked to rephrase several of the standards in the 1999 Standards, without changing their meaning, and Defendant did not object to that paragraph. |
| | FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, | As set forth above, Dr. Camara's testimony is relevant. Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion. *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary |

13

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. | judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 274 (3d Cir. 1991)).<br><br>Dr. Camara's testimony is rationally based upon his perception based upon his experience as set forth in paragraphs 1-5 of his declaration, as well as his personal experience outlined in his curriculum vitae attached as Exhibit 1 to his prior declaration, dated December 8, 2015 (Dkt. 60-76), and is helpful to the trier of fact.  Dr. Camara's testimony in this paragraph is both helpful to clearly |

14

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | understanding his testimony and to determining a fact in issue, as discussed above in response to Defendant's relevance objection.  Finally, this testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 and is admissible under at least FRE 602 and FRE 701. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. | Defendant has not identified why this testimony is subject to FRE 702, rather than FRE 701.  This testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702; rather it is rationally based on Dr. Camara's perceptions and personal knowledge and thus falls under FRE 701.  Indeed, Defendant should be barred from making a FRE 702 objection when Defendant included topics in its 30(b)(6) notice on these issues and Dr. Camara was designated as a 30(b)(6) witness on such topics.  *See* Camara Dep. 43:19-21 ("Q  Do you understand you have been designated to testify as to Topics 15 and 16? A Yes, I do."), Exhibit XXXXX to Gray Decl. (Dkt. 94-2).  Defendant's counsel could have, but strategically elected not to, ask him to rephrase the individual standards from the 1999 Standards during his deposition, and this testimony is, therefore, admissible.  *See Weinstein v. Dist. of Columbia Housing Auth.*, |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | 931 F. Supp. 2d 178, 185-87 (D.D.C. 2013) (in considering cross-motions for summary judgment, court admitted testimony in subsequent affidavits where party challenged affidavits as inconsistent with testimony during 30(b)(6) deposition); *Id.* at 185 ("Yet, '[i]t is often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition.'") (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).  As set forth above, this testimony is opinion testimony by a lay witness, which is admissible pursuant to FRE 701. |
| 11. Standard 5.2, as recited in the 1999 Standards, states:<br><br>The procedures for constructing scales used for reporting scores and the rationale for these procedures should be described clearly. | *No objection.* | |
| 12. One of the many ways in which Standard 5.2 could be rephrased without changing its meaning is as follows:<br><br>Testing programs that use derived scale scores to enhance interpretation of assessment results | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant.  In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  Defendant has introduced the issue of whether it is possible to |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| must report the justification and procedures used to create the derived scores. | | phrase the individual standards recited in the 1999 Standards without changing their meaning.  Plaintiffs have argued, and still maintain, that Defendant has waived this affirmative defense because it was not included in Defendant's answer.  However, should the Court consider the defense, Dr. Camara's testimony is directly relevant to whether such rephrasing is possible.  In paragraph 6 of his declaration, Dr. Camara testifies that he was specifically asked to rephrase several of the standards in the 1999 Standards, without changing their meaning, and Defendant did not object to that paragraph. |
| | FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60- | As set forth above, Dr. Camara's testimony is relevant.  Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 274 (3d Cir. 1991)). |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | 76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. | Dr. Camara's testimony is rationally based upon his perception based upon his experience as set forth in paragraphs 1-5 of his declaration, as well as his personal experience outlined in his curriculum vitae attached as Exhibit 1 to his prior declaration, dated December 8, 2015 (Dkt. 60-76), and is helpful to the trier of fact. Dr. Camara's testimony in this paragraph is both helpful to clearly understanding his testimony and to determining a fact in issue, as discussed above in response to Defendant's relevance objection. Finally, this testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 and is |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | admissible under at least FRE 602 and FRE 701. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. | Defendant has not identified why this testimony is subject to FRE 702, rather than FRE 701.  This testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702; rather it is rationally based on Dr. Camara's perceptions and personal knowledge and thus falls under FRE 701.  Indeed, Defendant should be barred from making a FRE 702 objection when Defendant included topics in its 30(b)(6) notice on these issues and Dr. Camara was designated as a 30(b)(6) witness on such topics.  *See* Camara Dep. 43:19-21 ("Q  Do you understand you have been designated to testify as to Topics 15 and 16? A Yes, I do."), Exhibit XXXXX to Gray Decl. (Dkt. 94-2).  Defendant's counsel could have, but strategically elected not to, ask him to rephrase the individual standards from the 1999 Standards during his deposition, and this testimony is, therefore, admissible.  *See Weinstein v. Dist. of Columbia Housing Auth.*, 931 F. Supp. 2d 178, 185-87 (D.D.C. 2013) (in considering cross-motions for summary judgment, court admitted testimony in subsequent affidavits where party challenged affidavits as inconsistent with testimony during 30(b)(6) deposition); *Id.* at 185 ("Yet, '[i]t is |

19

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition.'") (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).  As set forth above, this testimony is opinion testimony by a lay witness, which is admissible pursuant to FRE 701. |
| 13. Standard 5.3, as recited in the 1999 Standards, states:\n\nIf there is sound reason to believe that specific misinterpretation  of  a  score scale are likely, test users should be explicitly cautioned. | *No objection.* | |
| 14. One of the many ways in which Standard 5.3 could be rephrased without changing its meaning is as follows:\n\nWhen inaccurate interpretations of reported scores by users can be anticipated, Test Publishers have the responsibility to articulate both the correct and the possible incorrect interpretations for users. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant.  In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  Defendant has introduced the issue of whether it is possible to phrase the individual standards recited in the 1999 Standards without changing their meaning.  Plaintiffs have argued, and still maintain, that Defendant has waived this affirmative defense because it was not |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | included in Defendant's answer.  However, should the Court consider the defense, Dr. Camara's testimony is directly relevant to whether such rephrasing is possible.  In paragraph 6 of his declaration, Dr. Camara testifies that he was specifically asked to rephrase several of the standards in the 1999 Standards, without changing their meaning, and Defendant did not object to that paragraph. |
| | FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the | As set forth above, Dr. Camara's testimony is relevant.  Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 274 (3d Cir. 1991)). |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. | |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. | Dr. Camara's testimony is rationally based upon his perception based upon his experience as set forth in paragraphs 1-5 of his declaration, as well as his personal experience outlined in his curriculum vitae attached as Exhibit 1 to his prior declaration, dated December 8, 2015 (Dkt. 60-76), and is helpful to the trier of fact.  Dr. Camara's testimony in this paragraph is both helpful to clearly understanding his testimony and to determining a fact in issue, as discussed above in response to Defendant's relevance objection.  Finally, this testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 and is admissible under at least FRE 602 and FRE |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by | Defendant has not identified why this testimony is subject to FRE 702, rather than FRE 701.  This testimony is not based on |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. | scientific, technical, or other specialized knowledge within the scope of FRE 702; rather it is rationally based on Dr. Camara's perceptions and personal knowledge and thus falls under FRE 701.  Indeed, Defendant should be barred from making a FRE 702 objection when Defendant included topics in its 30(b)(6) notice on these issues and Dr. Camara was designated as a 30(b)(6) witness on such topics.  *See* Camara Dep. 43:19-21 ("Q  Do you understand you have been designated to testify as to Topics 15 and 16? A Yes, I do."), Exhibit XXXXX to Gray Decl. (Dkt. 94-2).  Defendant's counsel could have, but strategically elected not to, ask him to rephrase the individual standards from the 1999 Standards during his deposition, and this testimony is, therefore, admissible.  *See Weinstein v. Dist. of Columbia Housing Auth.*, 931 F. Supp. 2d 178, 185-87 (D.D.C. 2013) (in considering cross-motions for summary judgment, court admitted testimony in subsequent affidavits where party challenged affidavits as inconsistent with testimony during 30(b)(6) deposition); *Id.* at 185 ("Yet, '[i]t is often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition.'") (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).  As set forth |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | above, this testimony is opinion testimony by a lay witness, which is admissible pursuant to FRE 701. |
| 15. I believe the forgoing exercise could be done with any of the standards recited in the 1999 Standards by a person who is sufficiently knowledgeable in psychometrics and/or educational testing as well as the meaning and import of the standards contained within the 1999 Standards. | FRE 402 Relevance. Mr. Camara has not been presented as an expert and his lay opinion is not relevant. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant.  In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  Defendant has introduced the issue of whether it is possible to phrase the individual standards recited in the 1999 Standards without changing their meaning.  Plaintiffs have argued, and still maintain, that Defendant has waived this affirmative defense because it was not included in Defendant's answer.  However, should the Court consider the defense, Dr. Camara's testimony is directly relevant to whether such rephrasing is possible.  In paragraph 6 of his declaration, Dr. Camara testifies that he was specifically asked to rephrase several of the standards in the 1999 Standards, without changing their meaning, and Defendant did not object to that paragraph. |
| | FRE 403 Prejudice. Plaintiffs assert that the 1999 Standards were written by "a select group of the leading minds in educational and psychological testing of their time" (ECF No. 60-1, Pls. Mem. at 1), and that the Joint | As set forth above, Dr. Camara's testimony is relevant.  Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion.  *Paleteria La Michoacana, Inc. v. Productos Lacteos* |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | Committee members that Plaintiffs credit with authorship of the 1999 Standards represent a diverse range of fields including "admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation." (Pls. Mem. at 5). Mr. Camara stated in his prior declaration in support of Plaintiffs' Motion for Summary Judgment that the Joint Committee members were "the leading authorities in psychological and educational assessments." (ECF No. 60-76, ¶ 11). Mr. Camara was not part of this elite group of experts. Plaintiffs have not demonstrated that Mr. Camara has the breadth of knowledge to evaluate whether his rephrasing of individual standards from the 1999 Standards is accurate and does not change the meaning of the standard, nor that he is qualified to know why the Joint Committee members or other authors chose the wording that they did (rather than wording that Mr. Camara now proposes). Therefore the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's | *Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 274 (3d Cir. 1991)).<br><br>Dr. Camara's testimony is rationally based upon his perception based upon his experience as set forth in paragraphs 1-5 of his declaration, as well as his personal experience |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. | outlined in his curriculum vitae attached as Exhibit 1 to his prior declaration, dated December 8, 2015 (Dkt. 60-76), and is helpful to the trier of fact.  Dr. Camara's testimony in this paragraph is both helpful to clearly understanding his testimony and to determining a fact in issue, as discussed above in response to Defendant's relevance objection.  Finally, this testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 and is admissible under at least FRE 602 and FRE |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. | Defendant has not identified why this testimony is subject to FRE 702, rather than FRE 701.  This testimony is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702; rather it is rationally based on Dr. Camara's perceptions and personal knowledge and thus falls under FRE 701.  Indeed, Defendant should be barred from making a FRE 702 objection when Defendant included topics in its 30(b)(6) notice on these issues and Dr. Camara was designated as a 30(b)(6) witness on such topics.  *See* Camara Dep. 43:19-21 ("Q  Do you understand you have been designated to testify as to Topics 15 and 16? A Yes, I do."), Exhibit XXXXX to Gray Decl. (Dkt. 94-2).  Defendant's counsel could have, but strategically elected not to, ask him to |

| Declaration of Wayne Camara In Further Support of Plaintiffs' Motion for Summary Judgment, and in Opposition to Public.Resource.Org's Cross-Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | rephrase the individual standards from the 1999 Standards during his deposition, and this testimony is, therefore, admissible. *See Weinstein v. Dist. of Columbia Housing Auth.*, 931 F. Supp. 2d 178, 185-87 (D.D.C. 2013) (in considering cross-motions for summary judgment, court admitted testimony in subsequent affidavits where party challenged affidavits as inconsistent with testimony during 30(b)(6) deposition); *Id.* at 185 ("Yet, '[i]t is often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition.'") (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010)).  As set forth above, this testimony is opinion testimony by a lay witness, which is admissible pursuant to FRE 701. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 1. I am an attorney with Quarles & Brady LLP, attorneys for Plaintiffs, American Educational Research Association, Inc., American | *No Objection*. | |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| Psychological Association, Inc. and National Council on Measurement in Education, Inc. Unless otherwise stated, I have knowledge of all facts set forth in this declaration, and I would, and could, testify competently thereto if called upon to do so. | | |
| 2. I submit this Declaration in support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment. | *No Objection*. | |
| 3. Attached as **Exhibit VVV** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) on the WorldCat website. | FRE 403 Prejudice. This website printout includes results for all 69 different editions of the Standards for Educational and Psychological Testing, the majority of which are not the 1999 edition at issue in this litigation, and many of which are translations into foreign languages. Therefore this statement and the related exhibit is misleading and does not accurately portray instances in which the English version of the 1999 Standards may or may not be available in libraries. The probative value of the proffered exhibit is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and needlessly presenting cumulative evidence. | This evidence is relevant.  In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence.  This evidence is relevant to whether copies of the *Standards for Educational and Psychological Testing* (1999) are available to the public in libraries.<br><br>The testimony is clear in context.  Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11- |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | 1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 274 (3d Cir. 1991)). |
| | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in libraries, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. To the extent that the exhibit contains records of the contents of individual third-party library catalogs that WorldCat ostensibly obtains information from, this constitutes hearsay within hearsay. | of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. These exceptions apply to both the WorldCat record, as well as included library catalogs. Therefore, to the extent there is hearsay within hearsay, the exhibit is admissible because hearsay exceptions apply at all pertinent levels. *See* FRE 805. |
| | | |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 4. Attached as **Exhibit WWW** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Arizona State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
|  | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 5. Attached as **Exhibit XXX** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Baylor University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 6. Attached as **Exhibit YYY** is a true and | FRE 602 Lack of Personal Knowledge. This | Defendant seeks to unduly restrict the bounds |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Boston College Library. | exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 7. Attached as **Exhibit ZZZ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Boston University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 8. Attached as **Exhibit AAAA** is a true and correct copy of the catalog record for | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. |

36

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| *Standards for Educational and Psychological Testing* (1999) at the California State University Library. | that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 9. Attached as **Exhibit BBBB** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Columbia University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | |
| 10. Attached as **Exhibit CCCC** is a true and correct copy of the catalog record for *Standards for Educational and Psychological* | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| *Testing* (1999) at the Cornell University Library. | a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 11. Attached as **Exhibit DDDD** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Dartmouth College Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray |

41

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 12. Attached as **Exhibit EEEE** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Duke University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 13. Attached as **Exhibit FFFF** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Emory University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient |

44

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | |
| 14. Attached as **Exhibit GGGG** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Florida Atlanta University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | *Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong.* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 15. Attached as **Exhibit HHHH** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Florida International University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue |

47

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 16. Attached as **Exhibit IIII** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the George Mason University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | evidence to show the witness has personal knowledge of this matter. | Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 17. Attached as **Exhibit JJJJ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the George Washington University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 18. Attached as **Exhibit KKKK** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Harvard University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | knowledge of this matter. | is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 19. Attached as **Exhibit LLLL** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Indiana University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 20. Attached as **Exhibit MMMM** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Lehigh University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the |

54

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 21. Attached as **Exhibit NNNN** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Lewis and Clark College Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 22. Attached as **Exhibit OOOO** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Louisiana State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 23. Attached as **Exhibit PPPP** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Loyola Marymount University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an | A hearsay exception applies because the |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 24. Attached as **Exhibit QQQQ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Marian University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 25. Attached as **Exhibit RRRR** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Northwestern University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove | A hearsay exception applies because the referenced catalog record is commonly relied |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | upon by the public or persons in particular occupations. *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 26. Attached as **Exhibit SSSS** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Oregon State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 27. Attached as **Exhibit TTTT** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Pepperdine University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | occupations. *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 28. Attached as **Exhibit UUUU** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Purdue University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am.* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | hearsay exception pursuant to FRE 807. |
| 29. Attached as **Exhibit VVVV** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Rutgers University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | have no means of curing that hearsay at trial. | this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 30. Attached as **Exhibit WWWW** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the San Diego State University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | |
| 31. Attached as **Exhibit XXXX** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Seattle Pacific University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 32. Attached as **Exhibit YYYY** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Southern Utah University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 33. Attached as **Exhibit ZZZZ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Stanford University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
|  | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 34. Attached as **Exhibit AAAAA** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Suffolk University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| | | |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 35. Attached as **Exhibit BBBBB** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Trinity International University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 36. Attached as **Exhibit CCCCC** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Alabama Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 37. Attached as **Exhibit DDDDD** is a true and | FRE 602 Lack of Personal Knowledge. This | Defendant seeks to unduly restrict the bounds |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of California Library. | exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 38. Attached as **Exhibit EEEEE** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Chicago Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 39. Attached as **Exhibit FFFFF** is a true and correct copy of the catalog record for | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| *Standards for Educational and Psychological Testing* (1999) at the University of Connecticut Library. | that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 40. Attached as **Exhibit GGGGG** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Florida Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 41. Attached as **Exhibit HHHHH** is a true and correct copy of the catalog record for *Standards for Educational and Psychological* | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| *Testing* (1999) at the University of Maryland Library. | a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 42. Attached as **Exhibit IIII** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Miami Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 43. Attached as **Exhibit JJJJJ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Minnesota | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| Library. | personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
|  | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 44. Attached as **Exhibit KKKKK** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Mississippi Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 45. Attached as **Exhibit LLLLL** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Nevada Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | *Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong.* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 46. Attached as **Exhibit MMMMM** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of New Mexico Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | of having personally prepared the copy of the record and/or reviewed the same.<br><br>A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | |
| 47. Attached as **Exhibit NNNNN** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of North Carolina Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | evidence to show the witness has personal knowledge of this matter. | Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 48. Attached as **Exhibit OOOOO** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Oregon Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 49. Attached as **Exhibit PPPPP** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Pittsburgh Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | knowledge of this matter. | is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also* |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 50. Attached as **Exhibit QQQQQ** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of South Carolina Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602.  Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 51. Attached as **Exhibit RRRRR** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the University of Washington Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6).  Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | Cir. 2003).  To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 52. Attached as **Exhibit SSSSS** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Vanderbilt University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents.  *Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").  Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record.  Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 53. Attached as **Exhibit TTTTT** is a true and correct copy of the catalog record for *Standards for Educational and Psychological Testing* (1999) at the Yale University Library. | FRE 602 Lack of Personal Knowledge. This exhibit is introduced to support the assertion that the 1999 Standards at issue are available in a particular library, but the witness has no personal knowledge to this effect and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. | Defendant seeks to unduly restrict the bounds of personal knowledge under FRE 602. Personal knowledge applies to information learned by a person through a review of documents. *Washington Cent. R. Co. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993) ("Personal knowledge, however, is not strictly limited to activities in which the declarant has personally participated. As a case |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | which plaintiff cites clearly demonstrates, personal knowledge can come from review of the contents of files and records."); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). Ms. Gray's declaration represents that the exhibit is a true and accurate copy o f the catalog record. Mr. Gray has personal knowledge of this fact sufficient to make the forgoing representation by virtue of having personally prepared the copy of the record and/or reviewed the same. |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. Statements within the exhibit are hearsay and Plaintiffs have no means of curing that hearsay at trial. | A hearsay exception applies because the referenced catalog record is commonly relied upon by the public or persons in particular occupations. *See* FRE 803(17). Additionally, this exhibit is a record of regularly conducted activity, and is subject to a hearsay exception pursuant to FRE 803(6). Exhibits do not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). To the extent necessary, Plaintiffs |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | will obtain a certification that complies with FRE 902(11) prior to trial. Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 54. Attached as **Exhibit UUUUU** is a true and correct copy of the Stipulation of Facts filed on January 15, 2016 in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.*, Case No. 1:15-cv-02594-MHC, N.D. Ga. | FRE 402 Relevance. Plaintiffs selectively quote portions of sentences from the Stipulation of Facts filed in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.* to make the statements sound as if they are relevant to issues in the present litigation with AERA et al., when in fact these statements are explicitly confined to only the *Code Revision Commission* case, and specifically concern only the Official Code of Georgia Annotated (abbreviated as "O.C.G.A."). Plaintiffs have no evidence, and there is no indication, that the same facts and statements that apply to Public Resource's posting of the Official Code of Georgia Annotated also apply to Public Resource's posting of the 1999 Standards. The proffered exhibit therefore is irrelevant and does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant. In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence. Exhibit UUUUU is a true and correct copy of the Stipulation of Facts filed on January 15, 2016 in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.*, Case No. 1:15-cv-02594-MHC, N.D. Ga. In that matter, Defendant has stipulated to certain facts relevant to this matter, including, without limitation, that by placing copyrighted material online, it is made available to the public at large and the public does access, download and further copy said material, a fact that is highly relevant to Plaintiffs' contributory infringement claim. Further, Exhibit UUUUU is a true and correct copy of the *complete* Stipulation of Facts filed on January 15, 2016 in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.*, Case No. 1:15-cv-02594-MHC, N.D. Ga. Accordingly, Plaintiffs have provided the full statements from the Stipulation of |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | FRE 403 Prejudice. Plaintiffs selectively quote portions of sentences from the Stipulation of Facts filed in *Code Revision Commission, et al. v. Public.Resource.Org, Inc.* to make the statements sound as if they are relevant to issues in the present litigation with AERA et al., when in fact these statements are explicitly confined to only the *Code Revision Commission* case, and specifically concern only the Official Code of Georgia Annotated (abbreviated as "O.C.G. A."). Plaintiffs have no evidence, and there is no indication, that the same facts and statements that apply to Public Resource's posting of the Official Code of Georgia Annotated also apply to Public Resource's posting of the 1999 Standards. Moreover, Plaintiffs fail to inform the Court that this stipulation of facts concerns a different matter entirely, and that Plaintiffs' selective quotation omits the parts of the quoted sentences that limit the statements to the Official Code of Georgia Annotated. The probative value of the proffered exhibit is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. | Facts and there is no risk of confusion, as asserted by Defendant.<br><br>The testimony is clear in context. Any risk of confusion to the Court is minimal, is outweighed by its probative value, and fails to warrant exclusion. *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F.Supp.3d 175, 211 n.11 (D.D.C. 2014) *reconsideration denied*, No. CV 11-1623(RC), 2015 WL 456400 (D.D.C. Feb. 3, 2015) (unnecessary to exclude evidence under Rule 403 at the summary judgment stage "because the prejudicial effect of the [evidence] at this stage of the proceedings is minimal at best") (citing *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000); *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 274 (3d Cir. 1991)). |
| | | |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 55. Attached as **Exhibit VVVVV** is a true and correct copy of the Expert Report of S. E. Phillips, Ph.D., J.D. Pursuant to Fed. R. Civ. P. 26(a)(2)(B). | *See* Public Resource's objections to the Expert Report of S. E. Phillips, above at section III.a. | *See* Plaintiff's Opposition to the Motions Embedded Within Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence [ECF No. 98-3 (Sealed)] [ECF No. 99-4 (Redacted)], filed contemporaneously herewith. |
| 56. Attached as **Exhibit WWWWW** is a true and correct copy of the resume of S. E. Phillips, Ph.D., J.D. | *See* Public Resource's objections to the Expert Report of S. E. Phillips, above at section III.a. | *See* Plaintiff's Opposition to the Motions Embedded Within Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence [ECF No. 98-3 (Sealed)] [ECF No. 99-4 (Redacted)], filed contemporaneously herewith. |
| 57. Attached as **Exhibit XXXXX** is a true and correct copy of the deposition transcript of Wayne J. Camara, Ph.D., taken on May 1, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. | At the summary judgment stage, parties are specifically permitted to cite to deposition transcripts.  Fed. R. Civ. P. 56(c)(1)(A).  The testimony does not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial."  *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  Here, Plaintiffs can provide this testimony in court at trial by presenting Dr. Camara as a witness. |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| 58. Attached as **Exhibit YYYYY** is a true and correct copy of the deposition transcript of Dianne L. Schneider, Ph.D., taken on April 23, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. | At the summary judgment stage, parties are specifically permitted to cite to deposition transcripts. Fed. R. Civ. P. 56(c)(1)(A). The testimony does not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Here, Plaintiffs can provide this testimony in court at trial by presenting Dr. Schneider as a witness. |
| 59. Attached as **Exhibit ZZZZZ** is a true and correct copy of information from Bookshare's website. | FRE 402 Relevance. Plaintiffs introduce this exhibit to argue that Public Resource does not comply with the Chafee Amendment, but Public Resource does not claim to comply with the Chafee Amendment, and the Chafee Amendment is not the only provision in the Copyright Act through which an organization can provide accessible material to people who are print disabled. The proffered exhibit does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. | This evidence is relevant. In order to be relevant, evidence need only have any tendency to make a fact of consequence in the litigation more or less probable than it would be without the evidence. Exhibit ZZZZZ is a printout from Bookshare.org, an online library for people with print disabilities offered by Mr. Fruchterman's company Benetech, and shows that Mr. Fruchterman is aware of the requirements of the Chafee Amendment and of how to provide access to printed material for the print disabled while also protecting the rights of copyright holders. As Mr. Fruchterman's expert report glaringly omits |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | any mention of such requirements and protections when discussing the "benefits" of Defendant's copying, Exhibit ZZZZZ is highly relevant to the credibility of Mr. Fruchterman and goes directly to the weight the Court should ascribe his opinions (none). |
| | FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted (the procedures used by Bookshare.org). This exhibit was used at deposition to ask Mr. Fruchterman questions, but Mr. Fruchterman did not say that he wrote the content, and the exhibit does not fall into any hearsay exceptions. | A hearsay exception applies because the referenced document is commonly relied upon by the public or persons in particular occupations.  *See* FRE 803(17).  Additionally, this exhibit is a business record pursuant to FRE 803.  If necessary, Plaintiffs will call Mr. Fruchterman as a custodian at trial.  Finally, this exhibit would be admissible pursuant to the residual hearsay exception pursuant to FRE 807. |
| 60. Attached as **Exhibit AAAAAA** is a true and correct copy of the deposition transcript of Marianne Ernesto, taken on April 29, 2015. | FRE 802 Hearsay. The proffered exhibit contains out-of-court statements offered to prove the truth of the matters asserted in the exhibit. | At the summary judgment stage, parties are specifically permitted to cite to deposition transcripts. Fed. R. Civ. P. 56(c)(1)(A).  The testimony does not have to be admissible in the form offered, but need only "be capable of being converted into admissible evidence at trial." *Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  Here, Plaintiffs can provide this testimony in court at trial by |

| Declaration of Nikia L. Gray In Support of Plaintiffs' Reply in Support of its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections | Plaintiffs' Response to Defendant's Objections |
|---|---|---|
| | | presenting Ms. Ernesto as a witness. |

## III.    CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court overrule Defendant's evidentiary objections and consider all of the evidence submitted by Plaintiffs in ruling on Plaintiffs' Motion for Summary Judgment and for Entry of a Permanent Injunction and in ruling on Defendant's Motion for Summary Judgment.

Respectfully submitted,

QUARLES & BRADY LLP

Dated: March 21, 2016

By:    */s/ Jonathan Hudis*
Jonathan Hudis (DC Bar # 418872)
Nikia L. Gray (*pro hac vice*)
Jonathan P. Labukas (DC Bar # 998662)
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Nikia.Gray@quarles.com
E-Mail Jonathan.Labukas@quarles.com

Counsel for Plaintiffs American
Educational Research Association, Inc.,
American Psychological Association,
Inc., and National Council on
Measurement in Education, Inc.

111