**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim-Plaintiff. | Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S EVIDENCE IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

**[REDACTED VERSION]**

Respectfully submitted,

Jonathan Hudis (DC Bar # 418872)
Nikia L. Gray (*pro hac vice*)
Jonathan P. Labukas (DC Bar # 998662)
QUARLES & BRADY LLP
1700 K Street NW, Suite 825
Washington, DC 20006-3825
Tel. (202) 372-9600
Fax (202) 372-9599
E-Mail Jonathan.Hudis@quarles.com
E-Mail Nikia .Gray@quarles.com
E-Mail Jonathan.Labukas@quarles.com

Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.

# TABLE OF AUTHORITIES

**Cases**

*Elion v. Jackson,*
  544 F. Supp. 2d 1 (D.D.C. 2008) ................................................................................... 6, 8

*Gilbert v. Napolitano,*
  670 F.3d 258 (D.C. Cir. 2012) ....................................................................................... 5, 6

*Harris v. Sec'y, U.S. Dep't of Veterans Affairs,*
  126 F.3d 339 (D.C. Cir. 1997) ........................................................................................... 5

*Kapche v. Holder,*
  677 F.3d 454 (D.C. Cir. 2012) ........................................................................................... 5

**Statutes**

17 U.S.C. §102(b) ................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 26(a)(1) ................................................................................................. 6, 7, 8

Fed. R. Civ. P. 26(a)(1)(A)(ii) ................................................................................................ 6

Fed. R. Civ. P. 26(e) ..................................................................................................... 6, 8

Fed. R. Civ. P. 37(c) ..................................................................................................... 6, 7, 8

Fed. R. Civ. P. 37(c)(1) ................................................................................................ 6, 7, 8

Fed. R. Civ. P. 8(c) ....................................................................................................... 4, 5, 6

Fed. R. Evid. 401, 402 ..................................................................................................Passim

Fed. R. Evid. 106 ..................................................................................................................... 4

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA") and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or the "Sponsoring Organizations") submit the following objections to the various exhibits submitted in support of Defendant/Counterclaim-Plaintiff, Public.Resource.Org, Inc.'s ("Defendant" or "Public Resource")'s Reply Memorandum in Support of its Motion for Summary Judgment.

## I. OBJECTIONS TO THE EXHIBITS IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

[redacted]







**Defendant's Exhibit No. 80:** A true and correct copy of excerpts of the deposition of Plaintiffs' expert S. E. Phillips, dated September 22, 2015.

**Plaintiffs' Objections:** To the extent that Defendant relies on the excerpts of the deposition of Plaintiffs' expert S. E. Phillips dated September 22, 2015 to argue that Dr. Phillips is not qualified as an expert with regard to certain expert testimony, Plaintiffs object. Federal Rule of Evidence 106 requires that when a party introduces part of a transcript, the adverse party may require the introduction of other portions or the full transcript when in fairness, it ought to be considered at the same time. The excerpts designated by Defendant do not address all of Dr. Phillips' knowledge, skill, experience, training, or education upon which Dr. Phillips relied in giving her expert testimony. Accordingly, pursuant to Fed. R. Evid. 106, Plaintiffs object to Exhibit 80 because Defendant fails to provide the full deposition transcript of S.E. Phillips and thus Defendant mischaracterizes her expert testimony and qualifications.

**Defendant's Exhibit No. 81:** A true and correct copy of Public Resource's Second Amended Responses to Plaintiffs' First Set of Interrogatories (No. 8), dated June 4, 2015.

**Plaintiffs' Objections:** To the extent that Defendant relies on its Second Amended Responses to Plaintiffs' First Set of Interrogatories in Exhibit 81 to support the proposition that it properly raised its affirmative defenses in compliance with Fed. R. Civ. P. 8(c), Plaintiffs object. Federal Rule of Civil Procedure 8(c) requires that a party "affirmatively state any avoidance or

affirmative defense" when responding to a pleading. "[I]t is well-settled that [a] party's failure to plead an affirmative defense ... generally results in the waiver of that defense and its exclusion from the case." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997) (internal quotation marks omitted; emphasis removed). Fed. R. Civ. P. 8(c) "gives the opposing party notice of the defense ... and permits the party to develop in discovery and to argue before the District Court various responses to the affirmative defense." *Id.*; *Kapche v. Holder*, 677 F.3d 454, 465 (D.C. Cir. 2012). A party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. *Gilbert v. Napolitano*, 670 F.3d 258, 261 (D.C. Cir. 2012).  Accordingly, Fed. R. Civ. P. 8(c) explicitly requires that a party affirmatively state any avoidance or affirmative defense in its *responsive pleading* or else it is waived.  As Defendant did not include the affirmative defenses of (1) the systems, processes, procedures bar of 17 U.S.C. §102(b), (2) the idea/expression merger doctrine, and (3) the *scenes a faire* doctrine in its Answer, they are therefore waived. (*See* Plaintiffs' Reply in Further Support of Their Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion For Summary Judgment [Dkt No. 89], pp. 8-18).

Plaintiffs further object to Defendant's attempt to circumvent the requirements of Fed. R. Civ. P. 8(c) by relying on its Second Amended Responses to Plaintiffs' First Set of Interrogatories as improper.  Defendant's Second Amended Responses were served on the last day of the twice-extended deadline for the close of fact discovery.  Fact discovery in this matter initially closed on March 16, 2015 [Dkt Nos. 49 & 53].  That deadline was extended to May 18, 2015, and then extended again to June 4, 2015 after the Court granted Plaintiff's Motion to Compel Defendant's Second Amended Responses to Plaintiff's First Set of Interrogatories, which was necessitated, among other things, by Defendant's initial refusal to answer

Interrogatory No. 8. *Id.* Plaintiffs object to the extent that Defendant now offers Exhibit 81 to disingenuously argue that Defendant provided Plaintiffs fair notice of its affirmative defenses asserted in its Second Amended Responses to Plaintiffs' First Set of Interrogatories. The affirmative defenses described in Exhibit 81 do not comply with Fed. R. Civ. P. 8(c), and the last day of the twice-extended discovery deadline does not provide Plaintiffs sufficient notice to develop in discovery and to argue before the Court various responses to Defendant's non-asserted affirmative defenses.

> **Defendant's Exhibit No. 82:** A true and correct copy of a webpage of the U.S. Department of Justice entitled "Accessibility of State and Local Government Websites to People with Disabilities," at http://www.ada.gov/websites2.htm.

**Plaintiffs' Objections:** Objection. Exhibit 82 is inadmissible under Fed. R. Civ. P. 26(a) and 37(c)(1). Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015 (*see* Plaintiffs' Objections to Defendant-Counterclaimant Public Resource.Org, Inc.'s Evidence in Support of Defendant-Counterclaimant's Motion for Summary Judgment [Dkt No. 89-64], Exhibit 1, pp. 55-67), in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 82 as a possible item in its initial Rule 26(a) disclosures. Exhibit 82 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 82 to support its Motion for Summary Judgment. Accordingly, Plaintiffs object to Defendant's attempt to introduce Exhibit 82.

Moreover, the proffered exhibit, a print-out of the U.S. Department of Justice webpage entitled "Accessibility of State and Local Government Websites to People with Disabilities," has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. Accordingly, Plaintiffs further object that Exhibit 82 is irrelevant.

> **Defendant's Exhibit No. 83:** A true and correct copy of the Report of the Advisory Commission on Accessible Instructional Materials in Postsecondary Education for Students with Disabilities, dated December 6, 2011 and published on the U.S. Department of Education website at http://www2.ed.gov/about/bdscomm/list/aim/meeting/aim-report.pdf.

**Plaintiffs' Objections:** Objection. Exhibit 83 is inadmissible under Rules 26(a) and 37(c)(1) of the Federal Rules of Civil Procedure. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by

category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*

Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015 (*see* Plaintiffs' Objections to Defendant-Counterclaimant Public Resource.Org, Inc.'s Evidence in Support of Defendant-Counterclaimant's Motion for Summary Judgment [Dkt No. 89-64], Exhibit 1, pp. 55-67), in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 83 as a possible item in its initial Rule 26(a) disclosures. Exhibit 83 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 83 to support its Motion for Summary Judgment. Accordingly, Plaintiffs object to Defendant's attempt to introduce Exhibit 83.

Moreover, the proffered exhibit, a print-out of a Report of the Advisory Commission on Accessible Instructional Materials in Postsecondary Education for Students with Disabilities, has

no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401, 402.  Accordingly, Plaintiffs further object that Exhibit 83 is irrelevant.

## II. CONCLUSION

WHEREFORE, Plaintiffs, American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. respectfully request that this Court sustain these evidentiary objections at the hearing on Defendant's Motion for Summary Judgment.

        Respectfully submitted,

        QUARLES & BRADY LLP

Dated: March 21, 2016        By:    */s/ Jonathan Hudis*
        Jonathan Hudis (DC Bar # 418872)
        Nikia L. Gray (*Pro Hac Vice*)
        Jonathan P. Labukas (DC Bar # 998662)
        1700 K Street NW, Suite 825
        Washington, DC 20006-3825
        Tel. (202) 372-9600
        Fax (202) 372-9599
        E-Mail Jonathan.Hudis@quarles.com
        E-Mail Nikia.Gray@quarles.com
        E-Mail Jonathan.Labukas@quarles.com

        Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.