# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | Civil Action No. 1:14-CV-00857-TSC-DAR |
| Plaintiffs/Counterclaim-Defendants, | **DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S REPLY TO ITS OBJECTIONS AND MOTIONS TO STRIKE PLAINTIFFS' SUPPLEMENTAL EVIDENCE** |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | Action Filed:   May 23, 2014 |
| Defendant/Counterclaim Plaintiff. | |

**[PUBLIC VERSION]**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................2

I.      PUBLIC RESOURCE'S OBJECTIONS DID NOT REQUIRE MEETING
AND CONFERRING, AND EVEN IF THEY DID, ANY FAILURE TO DO
SO WAS HARMLESS AND SHOULD NOT DELAY THE COURT FROM
ADDRESSING THE MERITS OF PUBLIC RESOURCE'S OBJECTIONS ...................2

II.     PLAINTIFFS HAVE NO LEGAL BASIS FOR THEIR OPPOSITION TO
PUBLIC RESOURCE'S OBJECTION TO PLAINTIFFS' UNAUTHORIZED
"RESPONSE" ......................................................................................................................5

III.    PUBLIC RESOURCE'S OBJECTION TO THE PHILLIPS REPORT IS NOT
A DISCOVERY MOTION, IT IS AN EVIDENTIARY OBJECTION, AND
WAS TIMELY FILED ........................................................................................................8

IV.    THE OPINIONS WITHIN THE PHILLIPS REPORT THAT PLAINTIFFS
RELY ON FOR THEIR SUMMARY JUDGMENT MOTION AND IN
OPPOSITION TO PUBLIC RESOURCE'S SUMMARY JUDGMENT
MOTION ARE INADMISSIBLE ......................................................................................10

       A.     The Phillips Report is Not a Proper Rebuttal Report Because It Does
Not Directly Contradict or Rebut the Contents of Public Resource's
Expert's Report ........................................................................................................10

       B.     Dr. Phillips is Not a Qualified Expert for the Issues That She Opines
On, and Her Opinions Are Not Reliable ..................................................................12

       C.     The Faults Concerning the Reliability and Methodology of Dr.
Phillips' Opinions, and the Facts Supporting Those Opinions, Preclude
Admissibility of Those Opinions .............................................................................14

       D.     Dr. Phillips Draws Numerous Legal Conclusions and Offers Them as
Her Expert Opinion .................................................................................................15

CONCLUSION..........................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aguilar v. Int'l Longshormen's Union Local No. 10*,
966 F.2d 443 (9th Cir. 1992) ...............................................................................................15

*Bluman v. Federal Election Commission*,
766 F.Supp.2d 1 (D.D.C. 2011) ............................................................................................3

*Bolger v. District of Columbia*,
248 F.R.D. 339 (D.D.C. 2008) ..............................................................................................4

*Caudle v. District of Columbia*,
263 F.R.D. 29 (D.D.C. 2009) .................................................................................................5

*Day v. Cornèr Bank (Overseas) Limited*,
789 F.Supp.2d 136 (D.D.C. 2011) .........................................................................................4

*Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*,
285 F.3d 609 (7th Cir. 2002) ...............................................................................................14

*Electronic Privacy Information Center v. U.S. Dept. of Homeland Security*,
811 F.Supp.2d 216 (D.D.C. 2011) .........................................................................................3

*Ghawanmeh v. Islamic Saudi Academy*,
268 F.R.D. 108 (D.D.C. 2011) ..............................................................................................4

*Glass Dimensions, Inc. v. State Street Bank & Trust Co.*,
290 F.R.D. 11 (D. Mass. 2013) ...........................................................................................10

*Hayes v. Sebelius*,
806 F.Supp.2d 141 (D.D.C. 2011) .........................................................................................4

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
498 F.Supp.2d 25 (D.D.C. 2007) ...........................................................................................4

*Withrow v. Spears*,
967 F.Supp.2d 982 (D.Del. 2013) ...................................................................................10, 11

**RULES**

Fed. R. Civ. P. 37 ...................................................................................................................9

Fed. R. Civ. P. 37(c)(1) ..........................................................................................................9

Fed. R. Civ. P. 56 ...................................................................................................................3

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

Fed. R. Civ. P. 56(c)(2)..........................................................................................2, 3, 8

LCvR 7(h)(1) ...............................................................................................................6

LCvR 7(m).............................................................................................................2, 3, 4, 5

LCvR 9.1....................................................................................................................3

**OTHER AUTHORITIES**

Chafee Amendment to the Copyright Act ...................................................11, 12, 15

Committee Notes on Rules—2010 Amendment.............................................................3

Defendant Public.Resource.Org, Inc. ("Defendant") replies to Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.'s (collectively, "Plaintiffs" or the "Sponsoring Organizations") opposition to Public Resource's Objections to Supplemental Evidence, which Plaintiffs have titled their "Opposition to Defendant's Motions Embedded Within Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence" (ECF No. 107, "Plfs. Opp. to Mtns.").

## INTRODUCTION

When filing its Reply in Support of Its Motion For Summary Judgment on March 3, 2016, Public Resource included Objections to Plaintiffs' Supplemental Evidence (ECF No. 98-3 and 99-4), objecting to the evidence and improper filing submitted by Plaintiffs in support of Plaintiffs' Reply in Further Support of Its Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion for Summary Judgment (ECF No. 89). Among Public Resource's Objections to Plaintiffs' Supplemental Evidence were objections to Plaintiffs' unauthorized Response to Public Resource's Statement of Disputed Facts (ECF No. 89-2) and Plaintiffs' reliance on parts of Dr. Phillips' expert report (the "Phillips Report", ECF No. 89-57 Ex. VVVVV), as well as objections to other evidence that Plaintiffs relied on in their summary judgment combined opposition and reply. Plaintiffs decided to respond with two separate filings, an "Opposition to Defendant's Motions Embedded Within Defendant-Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence" (ECF No. 107, "Plfs. Opp. to Mtns.") and "Plaintiffs' Responses to Defendant's Objections to Plaintiff's Supplemental Evidence" (ECF No. 108). Public Resource responds to the former filing, ECF No. 107, here.

As an initial matter, pursuant to Federal Rule of Civil Procedure 56(c)(2), Public Resource properly objected to Plaintiffs' unauthorized Response to Public Resource's Statement of Disputed Facts and Plaintiffs' reliance on parts the Phillips Report as evidence in their summary judgment filings,. Public Resource anticipated that Plaintiffs would file a response to its Objections to Plaintiffs' Supplemental Evidence, just as Plaintiffs had filed a response to Public Resource's previous objections to Plaintiffs' evidence, and therefore Plaintiffs' assertion that Public Resource "attempt[ed] to 'slip one past' Plaintiffs" by not separately meeting and conferring with them on these issues is untrue and uncalled for. ECF No. 107, Plfs. Opp. to Mtns. at 3. As detailed below, Plaintiffs' Response was unauthorized and their reliance on the Phillips Report is improper, and both should be struck from the record at summary judgment.

## ARGUMENT

### I.   PUBLIC RESOURCE'S OBJECTIONS DID NOT REQUIRE MEETING AND CONFERRING, AND EVEN IF THEY DID, ANY FAILURE TO DO SO WAS HARMLESS AND SHOULD NOT DELAY THE COURT FROM ADDRESSING THE MERITS OF PUBLIC RESOURCE'S OBJECTIONS

Public Resource was not required to meet and confer with Plaintiffs prior to submitting its Objections to Plaintiffs' Supplemental Evidence, which include objections to and requests to strike Plaintiffs' use of Dr. Phillips' expert report (the "Phillips Report", ECF No. 89-57 Ex. VVVVV) and Plaintiffs' unauthorized Response to Public Resource's Statement of Disputed Facts (ECF No. 89-2). Plaintiffs try to make much of a perceived procedural error, claiming that Public Resource should have met and conferred with Plaintiffs in compliance with Local Civil Rule 7(m) prior to filing its objections. However, objections like those that Public Resource filed are typically made without meeting and conferring. Objections to evidence at summary judgment are not discovery motions, nor are they non-dispositive motions unto themselves, they are contests to the filings by Plaintiffs and are part and parcel to the summary judgment process

(which itself is potentially dispositive), and therefore there is no need to comply with LCvR 7(m).  This is evident from Fed. R. Civ. P. 56(c)(2), concerning objections at summary judgment.

To the extent that Plaintiffs complain that by requesting alongside its objections that the Court should strike Plaintiffs' documents, that Public Resource thereby triggered a requirement to comply with LCvR 7(m), this is incorrect because under the current Federal Rules of Civil Procedure, an objection made at summary judgment functions as a motion to strike.  The Committee Notes on the 2010 changes to Federal Rule of Civil Procedure 56(c)(2) clarify that at summary judgment "a party may object that material cited to support a fact cannot be presented in a form that would be admissible evidence. . . .  There is no need to make a separate motion to strike."  Fed. R. Civ. P. 56(c)(2) and Committee Notes on Rules—2010 Amendment.  In acknowledgement of the notes for Rule 56, Public Resource did not file separate motions to strike the documents it objected to, but simply requested that the improper documents should be struck from the record, which is the necessary outcome of proper objections at summary judgment.

Moreover, as a component of the summary judgment briefing in this case, Public Resource's objections do not require compliance with LCvR 7(m) because they are not "non-dispositive motions."  In other instances where courts in this jurisdiction have considered filings that were not part of the discovery context but instead occurred at the inception of a case or were components of dispositive motions, those filings were not subject to LCvR 7(m).  *See*, *Bluman v. Federal Election Commission*, 766 F.Supp.2d 1, 3 n.1 (D.D.C. 2011) (filing application under Local Civil Rule 9.1 is not subject to LCvR 7(m)); *Electronic Privacy Information Center v. U.S. Dept. of Homeland Security*, 811 F.Supp.2d 216, 233 n. 10 (D.D.C. 2011) (requests for attorney's fees are not subject to LCvR 7(m)).

Even if the Court determines that Public Resource should have met and conferred with Plaintiffs prior to filing its objections and request to strike, the Court may choose to ignore non-compliance with LCvR 7(m).  *See, e.g.*, *Bolger v. District of Columbia*, 248 F.R.D. 339, 344 (D.D.C. 2008) (referring to the failure to follow LCvR 7(m) as a "technical violation" that should not result in denial of the plaintiff's motion).  In particular, the Court may ignore non-compliance with LCvR 7(m) where there is no evidence of prejudice to the opposing party.  *See Day v. Cornèr Bank (Overseas) Limited*, 789 F.Supp.2d 136, 144 (D.D.C. 2011).  The Court may also do so where it appears that no disputes would have been narrowed through meeting and conferring.  *See Hayes v. Sebelius*, 806 F.Supp.2d 141, 143–144 (D.D.C. 2011) (noting that it was evident that meeting and conferring would not have narrowed the disagreement because the opposing party proceeded to oppose the motion on nearly every ground); *see also United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 35 (D.D.C. 2007) (granting motion despite non-compliance with LCvR 7(m) where the court noted that meeting and conferring would have been futile because the motion was opposed, and there was no prejudice to opposing party); *Ghawanmeh v. Islamic Saudi Academy*, 268 F.R.D. 108, 111 (D.D.C. 2011) (plaintiff's failure to abide by LCvR 7(m) did not warrant denial of the motion, where it was clear the defendant would still oppose plaintiff's motion even if plaintiff re-filed after complying with LCvR 7(m), so denial of motion under LCvR 7(m) would only result in needless cost and delay).

Plaintiffs do not allege any prejudice in their Opposition as a result of Public Resource's non-compliance with LCvR 7(m).  Moreover, Plaintiffs oppose Public Resource's objections and requests to strike on substantive grounds, so compliance with LCvR 7(m) would not narrow the dispute.  In a good faith effort determine whether there was any way to narrow the disagreement

between Plaintiffs and Defendant on the substantive issues in its Objections, Public Resource reached out to Plaintiffs after receiving their Opposition and subsequently met and conferred on these issues.  Plaintiffs stated that there were no issues that were not already addressed in their Opposition that required discussion, and no further means to narrow the issues in dispute. Declaration of Matthew Becker in Support of Defendant Public Resource's Reply to Its Objections and Motions to Strike Plaintiffs' Supplemental Evidence ("Becker Decl.") ¶ 3. Additionally, when Public Resource had previously contacted Plaintiffs to meet and confer about its motion to strike the declaration of Plaintiffs' expert Dr. Geisinger, Plaintiffs' counsel informed Public Resource that they had anticipated Public Resource filing such a motion and stated simply that they would oppose it.  Becker Decl. ¶ 2.  This further suggests that Plaintiffs likely anticipated a motion to strike the Phillips Report, and that any meeting and conferring would have been met in a similarly perfunctory fashion.

If the Court does intend to deny Public Resource's objections and requests to strike Plaintiffs' Response and the Phillips Report on these grounds alone, Public Resource requests the opportunity to re-file in compliance with LCvR 7(m).  *See e.g. Caudle v. District of Columbia*, 263 F.R.D. 29, 31-32 (D.D.C. 2009) (noting that when plaintiff had filed motion without complying with LCvR 7(m), motion was denied without prejudice and plaintiff was allowed to re-file after meeting and conferring).

## II.     PLAINTIFFS HAVE NO LEGAL BASIS FOR THEIR OPPOSITION TO PUBLIC RESOURCE'S OBJECTION TO PLAINTIFFS' UNAUTHORIZED "RESPONSE"

The reason for Public Resource's objection to Plaintiffs' unauthorized Response to Public Resource's Statement of Disputed Facts (ECF No. 89-2) is straightforward and concise: there is no legal or procedural basis for Plaintiffs' unauthorized "Response", and it should therefore be

struck from the record.  Plaintiffs did not respond to this argument in their Opposition, and therefore concede the point.

For the avoidance of doubt, Local Civil Rule 7(h)(1) states in pertinent part:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.

The Rule plainly describes only a statement of material facts and a statement of disputed facts, with no mention of a subsequent "response" to the statement of disputed facts.  In their Opposition, Plaintiffs do not suggest any legal or procedural basis for filing their unauthorized Response, nor do they offer a different interpretation of LCvR 7(h)(1), nor do they cite any instance where a court has permitted an additional filing like this.  Moreover, when asked about this issue by telephone subsequent to filing their Opposition, Plaintiffs still could not identify a legal or procedural basis for filing their Response.  Becker Decl. ¶ 5.  Plaintiffs' procedurally baseless and improper filing should be struck from the record.

Instead of addressing this fundamental reason for Public Resource's objection to their Response, Plaintiffs make a different argument: they say that they so strenuously disagreed with Public Resource's Statement of Disputed Fact that they were "forced" to respond.  Plfs. Opp. to Mtns. at 5 and 7.  If Plaintiffs truly believed that the Court needed further briefing to discuss the standard in this jurisdiction for statements of disputed facts, the procedurally proper action would be for Plaintiffs to request leave of the Court to file a further response.  That would allow the Court an opportunity to determine if it believed that further briefing would be useful, while also

providing Public Resource with an opportunity to respond as well.[1]  Considering that much of

Plaintiffs' argument in their opposition centers around the claim that they are protecting the

Court from considering allegedly "deficient" statements by Public Resource, filing a request for

leave to file a further response would appear particularly appropriate, as the Court is best suited

to determine what additional assistance it would like.

Plaintiffs argue that one of the reasons they were "forced" to respond to Public

Resource's Statement of Disputed Facts is because they allege that Public Resource had used the

Statement of Disputed Facts as "a continuation of Defendant's substantive brief and improper

circumvention of the Court's page limits."  Plfs. Opp. to Mtns. at 6.  This argument is cynical

and not tenable.  Public Resource's brief is over twenty pages *below* the page limit provided by

the Court.  Therefore, Plaintiffs' insinuation that Public Resource had somehow intended to

circumvent the Court's order regarding the page limitation is not well conceived.  Moreover, the

content of Public Resource's Statement of Disputed Facts speaks for itself, and is plainly not an

extension of the substantive brief, and simply includes citations to that brief where appropriate

for the convenience of the Court.

On the contrary, Plaintiffs themselves have submitted summary judgment filings beyond

what is permitted by the Local Rules and by the Court's orders.  Plaintiffs' unauthorized

Response to Public Resource's Statement of Disputed Facts is an improper second bite at the

apple, in which they argue about the facts of the case as relevant to their summary judgment

motion a second time beyond what has been permitted.  Plaintiffs then took a third bite at the

apple with their Opposition to Public Resource's Objections, in which their argument does not

---

[1] Although Plaintiffs complain that Public Resource did not meet and confer with them prior to
filing its objections, Plaintiffs themselves did not notify Public Resource that they planned to file
this unauthorized Response.

address Public Resource's core point that their filing was legally baseless, but instead rehashes the same arguments they made in their unauthorized Response.  Plaintiffs' Response should be struck from the record.

### III. PUBLIC RESOURCE'S OBJECTION TO THE PHILLIPS REPORT IS NOT A DISCOVERY MOTION, IT IS AN EVIDENTIARY OBJECTION, AND WAS TIMELY FILED

Plaintiffs try to avoid addressing the faults in the Phillips Report by attempting to cast Public Resource's objections as a "discovery motion" that they say should have been filed previously.  This attempt fails because Public Resource's motion is both procedurally and substantively an evidentiary objection, based on the Federal Rule of Civil Procedure 56(c)(2), which could not have been filed until Plaintiffs submitted this improper evidence at summary judgment.

Once again, Plaintiffs do not cite any authority to support their position that Public Resource's evidentiary objection and request to strike the Phillips Report from the record at Summary Judgment is itself a discovery motion.  Nor could Plaintiffs cite any authority when asked about this when meeting and conferring by telephone, beyond stating that their argument is contained within their Opposition.  Becker Decl. ¶ 6.  Plaintiffs' claim is perplexing, because Public Resource is not requesting further discovery, but rather is requesting the exclusion of improper evidence, and it is standard practice for parties to object to expert testimony at the summary judgment stage.[2] Although Plaintiffs do not articulate the reason for their belief, it is possible that their confusion may owe to the fact that one of the bases for Public Resource's objection to Plaintiffs' use of the Phillips Report is the fact that the Report was improperly

---

[2] Plaintiffs also make the perplexing claim that this case was consolidated for the purposes of discovery with ASTM et al. v. Public.Resourc.Org, Case No. 13-cv-01215.  Plfs. Opp. to Mtns. at 8, fn. 4.  Magistrate Judge Robinson considered whether to consolidate these two cases for the purposes of discovery, but at the status hearing on March 19, 2015, at which counsel for Plaintiffs were present, Judge Robinson ultimately declined to consolidate the cases.

designated as a rebuttal expert report, and therefore Plaintiffs failed to comply with Fed. R. Civ. P. 37(c)(1).  Although the heading for Rule 37 is "Failure to Make Disclosures or Cooperate in Discovery; Sanctions," the subsection in question specifically contemplates being raised at hearing or trial (after the close of discovery).  Therefore a request for sanctions under Rule 37(c)(1) is not necessarily a discovery motion, and may be brought at later stages of litigation.

Plaintiffs' suggestion that Public Resource should have objected to this evidence and requested to strike these portions of the Phillips Report prior to the close of expert discovery on September 29th is similarly perplexing, because there would not have been cause to object at that time.  Public Resource could not object to Plaintiffs' use of improper expert testimony until Plaintiffs actually relied on it as evidence. For instance, Plaintiffs might not have chosen to rely on the Phillips expert report, just as they chose not to rely on the Geisinger expert report.  *See* Declaration of Kurt F. Geisinger in Support of Plaintiffs' Motion for Summary Judgment and Entry of a Permanent Injunction, ECF No. 60-88 (Plaintiffs submitted a declaration by their affirmative expert, Dr. Geisinger, that differed in material ways from the expert report submitted by Dr. Geisinger during discovery).

Notably, there are specific portions of the Phillips Report that are especially objectionable on these grounds, and Plaintiffs may have decided not to rely on them.  For instance, Plaintiffs might have recognized that they were on very weak footing if they cited to parts of Dr. Phillips' report where she opined that ███████████████████████ ██████ Public Resource would have been premature if it objected prior to summary judgment, and the Court might have dismissed any such objection or motion as unripe.  Moreover, if Public Resource brought these issues forward prior to knowing what sections of the Phillips Report Plaintiffs would cite to, Public Resource would have had to object to the entire report, not simply

the objectionable sections cited by Plaintiffs, and so the parties would have had to litigate issues even broader than those presently before the Court.

Finally, the decision to exclude expert testimony should properly be considered by the district court judge, not the magistrate judge at the discovery stage, because it is fundamentally a question about what evidence should be considered by the Court in its determination of the parties' motions for summary judgment.  Public Resource's objections are therefore properly filed before the Court at the summary judgment stage of this litigation.

## IV.   THE OPINIONS WITHIN THE PHILLIPS REPORT THAT PLAINTIFFS RELY ON FOR THEIR SUMMARY JUDGMENT MOTION AND IN OPPOSITION TO PUBLIC RESOURCE'S SUMMARY JUDGMENT MOTION ARE INADMISSIBLE

### A.   The Phillips Report is Not a Proper Rebuttal Report Because It Does Not Directly Contradict or Rebut the Contents of Public Resource's Expert's Report

An expert report that is submitted as a "rebuttal" report must directly contradict or rebut the contents of the opponent's expert report.  *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, 290 F.R.D. 11, 16–17 (D. Mass. 2013) (holding that a "rebuttal" expert report should have been served as an affirmative expert report, and therefore was untimely). "[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports."  *Withrow v. Spears*, 967 F.Supp.2d 982, 1002 (D.Del. 2013).  In *Withrow*, the court analyzed a situation similar to this one, where the defendants in that case served a reply report that did not contradict or rebut the contents of the plaintiff's rebuttal report, but instead the reply report addressed evidence and arguments that were allegedly ignored in the rebuttal report that it responded to.  The court in *Withrow* concluded that this was not a true rebuttal report, and that it should have been served as an affirmative report and therefore was not

timely.  *Id.* at 1102-1103.  Similarly, the Phillips Report addresses arguments and issues that Dr.

Phillips says Mr. Fruchterman did not consider, as opposed to directly addressing Mr.

Fruchterman's expert opinions from his report.

In their Opposition, Plaintiffs state that "[Dr. Phillips'] report provided opinions on the

accessibility of the 1999 Standards for individuals with [print] disabilities – the same subject Mr.

Fruchterman's report purports to address.  See Phillips Report at 30, 33-44, 46-55."[3] Plfs. Opp.

to Mtns. at 9.  Plaintiffs therefore fail to recognize one of the key faults of the Phillips Report:

nowhere in the report does Dr. Phillips address the *accessibility* of the 1999 Standards for

individuals with print disabilities, the issue that Mr. Fruchterman opines on in his report.  Dr.

Phillips instead opines at length about issues that are tangential to the fundamental question of

whether the 1999 Standards were accessible to people with print disabilities and whether Public

Resource made them accessible to this population, focusing her inquiry on ███████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████[4]

Plaintiffs argue that the Phillips Report is proper because it "explains or otherwise

disproves Mr. Fruchterman's conclusions and methodologies."  Plfs. Opp. to Mtns. at 9.  But this

is not so.  A simple comparison of the Fruchterman Report with the Phillips Report will show

that they address very different issues.  Mr. Fruchterman analyzes whether the 1999 Standards

are accessible to people who are blind or have print disabilities, and upon concluding that they

are not, Mr. Fruchterman assesses whether the versions of the 1999 Standards that Public

---

[3] Public Resource believes that Plaintiffs meant to cite to paragraph numbers for the Phillips
Report in this citation, not page numbers, because the report itself is only 25 pages long.
[4] As addressed below in Section IV.B., even if Dr. Phillips had opined on the accessibility of the
1999 Standards for individuals with print disabilities, her opinion would have been inadmissible
because she is not qualified to opine on this subject due to lack of experience or training.

Resource posted online would have been accessible to people who are blind or visually disabled at the time those files were still available online, concluding that they would be.  Dr. Phillips does not contest either of these conclusions in her report, nor does she contest the methodology that Mr. Fruchterman used to arrive at these conclusions.  Instead, her report addresses tangential disputes that are far removed from Mr. Fruchterman's conclusions or methodologies.  Her report says that ████████████████████████████████████████████████████
████████████████████████████████████████  *E.g.*, Phillips Report at ¶¶ 29, 30, 32, 34.  Her report ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████  *E.g.*, Phillips Report at ¶ 52.  But these issues have no bearing on Mr. Fruchterman's conclusions or methodologies, and their only relation to his report is Dr. Phillips' bare assertion that Mr. Fruchterman did not address them.

**B.    Dr. Phillips is Not a Qualified Expert for the Issues That She Opines On, and Her Opinions Are Not Reliable**

Another of the core problems with Plaintiffs' use of Dr. Phillips as an expert in this case is that she is an expert who is well versed in the 1999 and 2014 Standards, but she is not an expert with any direct knowledge, training, or experience regarding the accessibility of documents for people who are blind or have print disabilities.[5]  In Section IV.b. of their Opposition, Plaintiffs try to pass off Dr. Phillips as a qualified expert by addressing her

---

[5] In its Objections to Plaintiffs' Supplemental Evidence, Public Resource addresses Dr. Phillips' admitted lack of qualifications to opine on copyright law (pp. 8–9) or on financial harms and market substitution (pp. 12–13), but those arguments are not repeated here because they are fully developed in the prior filing, and because Dr. Phillips' opinions on those subject matters are plainly inappropriate for a rebuttal expert report.

credentials in "testing accommodations."  Plfs. Opp. to Mtns. at 11–12.  But there are two significant flaws here.

First, the term "testing accommodations" is not synonymous with "accessibility to people who are blind or visually disabled" – it is a far broader term that includes all kinds of accommodations that are made to students and individuals, such as cognitive (Attention-Deficit-Hyperactivity-Disorder, developmental disabilities, etc.) and linguistic considerations, and it does not mean that Dr. Phillips has any expertise specific to providing accessibility to people who are blind or visually disabled.  This much is evident from the fact that Dr. Phillips readily admits she has never used the screen reader technology she ostensibly opines on, and only saw some (unidentified) screen reader program in operation *once*, back in 2010.  Phillips Dep. 67:19–72:21; 203:12–205:15.

Second, Dr. Phillips does not herself implement these testing accommodations – she advises clients about legal concerns when those clients implement testing accommodations.  Dr. Phillips is therefore at least one step removed from the testing accommodations themselves.  This is why it is not necessary in her line of work for her to be more familiar with the actual methods and tools of assisting people who are blind or visually disabled.  She may not need to understand the technology or have used these tools in order to provide consulting advice on legal issues for clients, but she does need to have that knowledge or experience if she is to opine as an expert in court on the issues of accessibility by people who are blind or visually disabled.

Similarly, Plaintiffs try to excuse Dr. Phillips' lack of training and other credentials concerning accessibility by people who are blind or visually disabled, saying that Dr. Phillips' expert testimony is based on her "personal experience," as opposed to "any formalistic methodology or theory."  Plfs. Opp. to Mtns. at 17.  It is true that Dr. Phillips does not employ

any formal methodology or theory, though as stated Section IV.C. below, this omission is hardly

excusable.  But more importantly, Plaintiffs do not articulate what this "personal experience"

that Dr. Phillips employs actually is.  Are they referring to her one-time observation of screen

reader program six years ago?  The fact that she conversed with Dr. Flowers (not an expert in

this case) about screen readers at some unidentified time prior to being retained on this case?

Her visits to the websites of screen reader programs and websites like Bookshare?  A proper

expert should have more than a passing interaction with the subject matter that she ostensibly

opines on.

### C.    The Faults Concerning the Reliability and Methodology of Dr. Phillips' Opinions, and the Facts Supporting Those Opinions, Preclude Admissibility of Those Opinions

Plaintiffs say that Public Resource simply disagrees with the facts on which Dr. Phillips

relies in her report.  This is not so.  While the facts are dubious for the reasons addressed in

Public Resource's Objections, there is a more fundamental problem with Dr. Phillips'

methodology.  Dr. Phillips blindly relied on the opinions of Dr. Geisinger and the opinions of an

APA employee who has not been submitted as an expert in this case, and Dr. Phillips then

adopted these opinions and now claims that they are her own expert opinions.  Plaintiffs try to

pass this off as "collaboration," arguing that it is therefore excusable, but Dr. Phillips admits she

has never conversed or otherwise communicated with Dr. Geisinger in relation to this case, she

simply read his expert report and reiterated his conclusions as her own.  Similarly, the email

record from the APA employee shows emails from that employee to Plaintiffs' counsel, which

were then forwarded by counsel to Dr. Phillips, but not any communication between that APA

employee and Dr. Phillips.  This is not collaboration, it is blind reliance, and experts may not

rely on opinions that go beyond their expertise.  *See Dura Automotive Systems of Indiana, Inc. v.*

*CTS Corp.*, 285 F.3d 609, 612–614 (7th Cir. 2002).

Plaintiffs also try to lower the bar for Dr. Phillips by claiming that she is a "non-scientific expert[]," and therefore "the Daubert factors (peer review, publication, potential error rate, etc.) simply are not applicable and reliability depends heavily on the knowledge and experience of the expert rather than the methodology or theory behind it."  Plfs. Opp. to Mtns. at 14 (internal quotations omitted).  This gives short shrift to people who are blind and visually disabled, and the difficulties they face.  The question of "accessibility" is fundamentally a scientific one because it is falsifiable, replicable, and can be empirically determined.  Plaintiffs do not take the issue of accessibility by the blind and visually disabled seriously when they submit an expert who is not qualified by experience or training, and then argue that her lack of experience or training is excusable because Plaintiffs do not think the issue is scientifically rigorous enough to warrant submitting a fully-qualified.

## D.   Dr. Phillips Draws Numerous Legal Conclusions and Offers Them as Her Expert Opinion

As discussed in Public Resource's Objections to Plaintiffs' Supplemental Evidence at pp. 8–9, the Phillips Report impermissibly opines on numerous legal issues.  Given her background this is perhaps not surprising, because Dr. Phillips is trained in law, and advises her clients on legal compliance when implementing testing programs.  But matters of law are not appropriate subjects for expert testimony.  *Aguilar v. Int'l Longshormen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992).

The Phillips Report repeatedly attempts to explain and apply rules of law.  This is particularly clear when she discusses ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

██████████████████████.  Phillips Report at ¶¶ 30, 39–44, 46–55.  Expert opinions on matters of law like these are impermissible, and Plaintiffs should be precluded from using Dr. Phillips' testimony on matters of law at summary judgment.

## CONCLUSION

WHEREFORE, Public Resource respectfully requests that this Court sustain these objections for the reasons discussed above, and strike Plaintiffs' unauthorized Response and improper reliance on the Phillips Report from the record at summary judgment.

Dated: March 31, 2016                    Respectfully submitted,


                                         /s    Matthew Becker
                                         Andrew P. Bridges (admitted)
                                         abridges@fenwick.com
                                         Sebastian E. Kaplan (admitted *pro hac vice*)
                                         skaplan@fenwick.com
                                         Matthew Becker (admitted *pro hac vice*)
                                         mbecker@fenwick.com
                                         FENWICK & WEST LLP
                                         555 California Street, 12th Floor
                                         San Francisco, CA 94104
                                         Telephone:  (415) 875-2300
                                         Facsimile:   (415) 281-1350


                                         Corynne McSherry (admitted *pro hac vice*)
                                         corynne@eff.org
                                         Mitchell L. Stoltz (D.C. Bar No. 978149)
                                         mitch@eff.org
                                         ELECTRONIC FRONTIER FOUNDATION
                                         815 Eddy Street
                                         San Francisco, CA 94109
                                         Telephone:  (415) 436-9333
                                         Facsimile:   (415) 436-9993


                                         David Halperin (D.C. Bar No. 426078)
                                         davidhalperindc@gmail.com
                                         1530 P Street NW
                                         Washington, DC 20005
                                         Telephone:  (202) 905-3434


                                         *Attorneys for Defendant-Counterclaimant*
                                         Public.Resource.Org, Inc.