UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PUBLIC.RESOURCE.ORG,<br><br>　　　　　　　　　Defendant. | Case No. 1:14-CV-00857-TSC-DAR<br><br>**DECLARATION OF MATTHEW BECKER IN SUPPORT OF DEFENDANT PUBLIC RESOURCE'S REPLY TO ITS OBJECTIONS AND MOTIONS TO STRIKE PLAINTIFFS' SUPPLEMENTAL EVIDENCE**<br><br>Action Filed:   May 23, 2014 |

　　　I, Matthew Becker, declare pursuant to 28 U.S.C. § 1746 as follows:

　　　1.　　I am an attorney admitted to practice in the District of Columbia and am an associate with the law firm of Fenwick & West LLP, counsel of record for Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource"). Except where otherwise indicated, I have personal knowledge of the facts herein and could and would testify competently hereto.

　　　2.　　On January 19, 2016, I contacted Jonathan Hudis, counsel for Plaintiffs, to request to meet and confer regarding Public Resource's intent to file a motion to strike the Declaration of Kurt F. Geisinger submitted by Plaintiffs.  Mr. Hudis responded simply that Plaintiffs anticipated Public Resource would file such a motion, and that they would oppose it.

　　　3.　　On March 31st, I met and conferred by telephone with Jonathan Labukas, counsel for Plaintiffs, regarding Public Resource's Objections to Plaintiffs' Supplemental Evidence (ECF No. 98-3 and 99-4) and Plaintiffs' Opposition to the Motions Embedded Within Defendant-

Counterclaimant Public.Resource.Org's Objections to Plaintiffs' Supplemental Evidence (ECF No. 107), so as to narrow any issues of disagreement and determine if there were any issues the parties might be able to agree on, as well as clarify questions that Public Resource had concerning Plaintiffs' Opposition.

4. During that call, Plaintiffs' counsel informed me that Plaintiffs did not believe there to be any issues to address that were not already fully addressed in Plaintiffs' Opposition, ECF No. 107, and that there did not appear to be any means to narrow the issues in dispute.

5. Also during that call, I informed Plaintiffs that I was not aware of any legal or procedural basis for their filing of Plaintiffs' Response to Public Resource's Statement of Disputed Facts, and asked Plaintiffs' counsel if he could provide me with any authorities. Plaintiffs' counsel stated that Plaintiffs were compelled by disagreements with Public Resource's Statement of Disputed Facts, and could not identify any authority supporting Plaintiffs' decision to file that document, nor any instance where a court in the District of Columbia has permitted such a filing.

6. Also during that call, I informed Plaintiffs that I was not aware of any legal basis for Plaintiffs' assertion that Public Resource's objection to the Phillips Report constitutes a discovery motion, and alerted them to Federal Rule of Civil Procedure 56(c)(2), which permits objections to evidence at summary judgment. Plaintiffs' counsel could not identify any legal authority under which Public Resource's objections should be considered a discovery motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this March 31, 2016, at San Francisco, California.

/s/ Matthew Becker
Matthew Becker