# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | Civil Action No. 1:14-CV-00857-TSC-DAR<br><br>**DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSES TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed:   May 23, 2014 |

**[PUBLIC VERSION]**

Defendant-Counterclaimant Public.Resource.Org, Inc. ("Defendant") replies to Plaintiffs, American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. (collectively, "Plaintiffs" or the "Sponsoring Organizations"), Objections to Defendant-Counterclaimaint Public.Resource.Org, Inc.'s Evidence in Support of Its Reply Memorandum In Support of Its Motion for Summary Judgment, as follows.

**I.  OBJECTIONS TO THE EXHIBITS IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Response |
|---|---|---|
|  | | |





| Defendant's Evidence | Plaintiffs' Objections | Defendant's Response |
|---|---|---|
| ▇▇▇ | ▇▇▇ | ▇▇▇ |
| **Defendant's Exhibit No. 80:** A true and correct copy of excerpts of the deposition of Plaintiffs' expert S. E. Phillips, dated September 22, 2015. | To the extent that Defendant relies on the excerpts of the deposition of Plaintiffs' expert S. E. Phillips dated September 22, 2015 to argue that Dr. Phillips is not qualified as an expert with regard to certain expert testimony, Plaintiffs object. Federal Rule of Evidence 106 requires that when a party introduces part of a transcript, the adverse party may require the introduction of other portions or the full transcript when in fairness, it ought to be considered at the same time. The excerpts designated by Defendant do not address all of Dr. Phillips' knowledge, skill, experience, training, or education upon which Dr. Phillips relied in giving her expert testimony. Accordingly, pursuant to Fed. R. Evid. 106, Plaintiffs object to Exhibit 80 because Defendant fails to provide the full deposition transcript of S.E. Phillips and thus Defendant mischaracterizes her expert testimony and qualifications. | Exhibit 80 does not mischaracterize Dr. Phillips' expert testimony or qualifications. Plaintiffs can request the entire transcript, but failure to provide the entire transcript, when not requested to do so, is not evidentiary grounds to strike the exhibit. "[A]n adverse party may require the introduction. . . of any other part. . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Thus the onus is on the Plaintiff to request, not the defendant to produce without a formal request. Plaintiffs appear to have supplemented the record by filing additional portions of the deposition of S. E. Phillips with their Opposition, but if the Court requests Public Resource would gladly file the entire transcript for its consideration. |
| **Defendant's Exhibit No. 81:** A true and correct copy of | To the extent that Defendant relies on its Second Amended Responses to | This is not an evidentiary objection, this is an attempt |

4

| **Defendant's Evidence** | **Plaintiffs' Objections** | **Defendant's Response** |
|---|---|---|
| Public Resource's Second Amended Responses to Plaintiffs' First Set of Interrogatories (No. 8), dated June 4, 2015. | Plaintiffs' First Set of Interrogatories in Exhibit 81 to support the proposition that it properly raised its affirmative defenses in compliance with Fed. R. Civ. P. 8(c), Plaintiffs object.  Federal Rule of Civil Procedure 8(c) requires that a party "affirmatively state any avoidance or affirmative defense" when responding to a pleading.  "[I]t is well-settled that [a] party's failure to plead an affirmative defense ... generally results in the waiver of that defense and its exclusion from the case." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997) (internal quotation marks omitted; emphasis removed).  Fed. R. Civ. P. 8(c) "gives the opposing party notice of the defense ... and permits the party to develop in discovery and to argue before the District Court various responses to the affirmative defense." *Id.*; *Kapche v. Holder*, 677 F.3d 454, 465 (D.C. Cir. 2012).  A party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. *Gilbert v. Napolitano*, 670 F.3d 258, 261 (D.C. Cir. 2012).  Accordingly, Fed. R. Civ. P. 8(c) explicitly requires that a party affirmatively state any avoidance or affirmative defense in its *responsive pleading* or else it is waived.  As Defendant did not include the affirmative defenses of (1) the systems, processes, procedures bar of 17 U.S.C. §102(b), (2) the idea/expression merger doctrine, and (3) the scenes a faire doctrine in its Answer, they are therefore waived.  (*See* Plaintiffs' Reply in Further Support of Their | by Plaintiffs to extend and elaborate on their argument from pages 9–10 of Plaintiffs' Reply in Further Support of Its Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment, ECF No. 89. These issues are addressed in Public Resource's Reply in Support of Its Motion for Summary Judgment. |

5

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Response |
|---|---|---|
| | Motion for Summary Judgment and Permanent Injunction and Opposition to Defendant's Motion For Summary Judgment [Dkt No. 89], pp. 8-18). | |
| | Plaintiffs further object to Defendant's attempt to circumvent the requirements of Fed. R. Civ. P. 8(c) by relying on its Second Amended Responses to Plaintiffs' First Set of Interrogatories as improper. Defendant's Second Amended Responses were served on the last day of the twice-extended deadline for the close of fact discovery. Fact discovery in this matter initially closed on March 16, 2015 [Dkt Nos. 49 & 53]. That deadline was extended to May 18, 2015, and then extended again to June 4, 2015 after the Court granted Plaintiff's Motion to Compel Defendant's Second Amended Responses to Plaintiff's First Set of Interrogatories, which was necessitated, among other things, by Defendant's initial refusal to answer Interrogatory No. 8. *Id*. Plaintiffs object to the extent that Defendant now offers Exhibit 81 to disingenuously argue that Defendant provided Plaintiffs fair notice of its affirmative defenses asserted in its Second Amended Responses to Plaintiffs' First Set of Interrogatories. The affirmative defenses described in Exhibit 81 do not comply with Fed. R. Civ. P. 8(c), and the last day of the twice-extended discovery deadline does not provide Plaintiffs sufficient notice to develop in discovery and to argue before the Court various responses to Defendant's non-asserted affirmative defenses. | |

| **Defendant's Evidence** | **Plaintiffs' Objections** | **Defendant's Response** |
|---|---|---|
| **Defendant's Exhibit No. 82:** A true and correct copy of a webpage of the U.S. Department of Justice entitled "Accessibility of State and Local Government Websites to People with Disabilities," at http://www.ada.gov/websites2.htm. | Objection. Exhibit 82 is inadmissible under Fed. R. Civ. P. 26(a) and 37(c)(1). Fed. R. Civ. P. 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]— must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008). Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.*<br><br>Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015 ( *See* Plaintiffs' Objections to Defendant-Counterclaimant Public Resource.Org, Inc.'s Evidence in Support of Defendant- | The court may take judicial notice of adjudicative facts under Fed. R. Evid. 201, if it is "not subject to reasonable dispute" because it is 1) "generally known within the trial court's territorial jurisdiction" or 2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The existence of a government document on the government website can be accurately and readily determined from unquestionable sources (the government itself). The court may "take judicial notice on its own." Fed. R. Evid. 201(c)(1). Notice can occur at "any stage of the proceeding." Fed. R. Evid. 201(d).<br><br>Exhibit 82 is a publicly available webpage that consists entirely of information in the public domain, specifically a government document by the Department of Justice.<br><br>*Impeachment*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource is not requires to disclose documents that it may use for the purposes of impeachment.<br><br>*Possession*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public |

7

| **Defendant's Evidence** | **Plaintiffs' Objections** | **Defendant's Response** |
|---|---|---|
| | Counterclaimant's Motion for Summary Judgment [Dkt No. 89-64], Exhibit 1, pp. 55-67), in which Defendant identified six categories of documents that it may use to support its claims or defenses. However, Defendant failed to identify Exhibit 82 as a possible item in its initial Rule 26(a) disclosures. Exhibit 82 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures. As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 82 to support its Motion for Summary Judgment. Accordingly, Plaintiffs object to Defendant's attempt to introduce Exhibit 82.

Moreover, the proffered exhibit, a print-out of the U.S. Department of Justice webpage entitled "Accessibility of State and Local Government Websites to People with Disabilities," has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards. This evidence does not have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. Accordingly, Plaintiffs further object that Exhibit 82 is irrelevant. | Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a).

*Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded.

*Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to impose a lesser sanction of staying the proceedings so that Plaintiff can cure any reasonable harm they can identify from the non-disclosure.

This material is relevant because this evidence corroborates Public |

8

| **Defendant's Evidence** | **Plaintiffs' Objections** | **Defendant's Response** |
|---|---|---|
| | | Resource's argument that its activities constitute a transformative purpose because it provides access to the law to people who are blind or visually disabled, which is important because the internet is the medium through which most citizens receive and access information about the workings of the government. |
| **Defendant's Exhibit No. 83:** A true and correct copy of the Report of the Advisory Commission on Accessible Instructional Materials in Postsecondary Education for Students with Disabilities, dated December 6, 2011 and published on the U.S. Department of Education website at http://www2.ed.gov/about/bdscomm/list/aim/ meeting/aim-report.pdf. | Objection.  Exhibit 83 is inadmissible under Rules 26(a) and 37(c)(1) of the Federal Rules of Civil Procedure.  R. Civ. P. 26(a)(1)(A)(ii) [*sic*] provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) provides that parties "who [have made] a disclosure under Rule 26(a)—or who [have] responded to an interrogatory, request for production, or request for admission [as part of formal discovery]—must supplement or correct [their] disclosure or response . . . in a timely manner." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  Fed. R. Civ. P. 37(c) provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a | The court may take judicial notice of adjudicative facts under Fed. R. Evid. 201, if it is "not subject to reasonable dispute" because it is 1) "generally known within the trial court's territorial jurisdiction" or 2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The existence of a government document on the government website can be accurately and readily determined from unquestionable sources (the government itself). Notice can occur at "any stage of the proceeding."  Fed. R. Evid. 201(d). Exhibit 83 is a publicly available webpage that consists entirely of information in the public domain, specifically a government document. *Impeachment*: Under Federal Rule of Civil |

9

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Response |
|---|---|---|
| | hearing, or at a trial, unless the failure was substantially harmless. Fed. R. Civ. P. 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. *Id.* | Procedure 26(a)(1)(A)(ii), Public Resource is not requires to disclose documents that it may use for the purposes of impeachment. |
| | Defendant served its Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 18, 2015 ( *See* Plaintiffs' Objections to Defendant-Counterclaimant Public Resource.Org, Inc.'s Evidence in Support of Defendant-Counterclaimant's Motion for Summary Judgment [Dkt. No. 89-64], Exhibit 1, pp. 55-67), in which Defendant identified six categories of documents that it may use to support its claims or defenses.  However, Defendant failed to identify Exhibit 83 as a possible item in its initial Rule 26(a) disclosures.  Exhibit 83 does not fall under any of the identified six categories of documents in Defendant's Amended Initial Disclosures.  As a result, pursuant to the self-executing sanction provided in Fed. R. Civ. P. 37(c)(1), Defendant is not allowed to use Exhibit 83 to support its Motion for Summary Judgment. Accordingly, Plaintiffs object to Defendant's attempt to introduce Exhibit 83. | *Possession*: Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Public Resource was required to disclose documents that Public Resource "has in its possession, custody, or control." This Exhibit is a copy of a publicly accessible website, which was not in Public Resource's possession, custody, or control. Therefore, Public Resource was not required to disclose this Exhibit under Rule 26(a). |
| | | *Harmless*. Under Federal Rule of Civil Procedure 37(c)(1), undisclosed evidence is not excluded if the failure to disclose was harmless. Plaintiffs cannot identify any harm from Public Resource's non-disclosure of a nonparty website that was publicly available online. Therefore, this exhibit should not be excluded. |
| | Moreover, the proffered exhibit, a print-out of a Report of the Advisory Commission on Accessible Instructional Materials in Postsecondary Education for Students with Disabilities, has no bearing on whether Public Resource directly and contributorily infringed Plaintiffs' copyright in the 1999 Standards.  This evidence does not | *Lesser Sanction*. Under Federal Rule of Civil Procedure 37(c)(1), if and only if the Court finds this Exhibit should be excluded, Public Resource asks leave to move for the court to |

10

| Defendant's Evidence | Plaintiffs' Objections | Defendant's Response |
|---|---|---|
| | have the tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401, 402. Accordingly, Plaintiffs further object that Exhibit 83 is irrelevant. | impose a lesser sanction of staying the proceedings so that Plaintiff can cure any reasonable harm they can identify from the non-disclosure. This material is relevant because this source helps establish that educational institutions and government agencies have never relied on the Chafee Amendment alone to serve the needs to students with disabilities. Thus this demonstrates the policy of the government is for more accessibility beyond that statute, and the applicability of the fair use defense that Public Resource asserts. |

## II.     CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs' evidentiary objections at the hearing on the Parties' Cross-Motions for Summary Judgment.

Dated: March 31, 2016									Respectfully submitted,


									*/s     Matthew Becker*
									Andrew P. Bridges (admitted)
									abridges@fenwick.com
									Sebastian E. Kaplan (admitted *pro hac vice*)
									skaplan@fenwick.com
									Matthew Becker (admitted *pro hac vice*)
									mbecker@fenwick.com
									FENWICK & WEST LLP
									555 California Street, 12th Floor
									San Francisco, CA 94104
									Telephone:	(415) 875-2300
									Facsimile:	(415) 281-1350

									Corynne McSherry (admitted *pro hac vice*)
									corynne@eff.org
									Mitchell L. Stoltz (D.C. Bar No. 978149)
									mitch@eff.org
									ELECTRONIC FRONTIER FOUNDATION
									815 Eddy Street
									San Francisco, CA 94109
									Telephone:	(415) 436-9333
									Facsimile:	(415) 436-9993

									David Halperin (D.C. Bar No. 426078)
									davidhalperindc@gmail.com
									1530 P Street NW
									Washington, DC 20005
									Telephone: (202) 905-3434

									*Attorneys for Defendant-Counterclaimant*
									Public.Resource.Org, Inc.