UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant. | Case No. 14-cv-857 (TSC) (DAR) |

**ORDER**

On Jan. 21, 2016, Defendant Public Resource moved to strike the declaration of Plaintiff's expert Dr. Kurt Geisinger, Ph.D. (ECF No. 60-88).  The Geisinger Declaration is offered in support of Plaintiffs' economic arguments regarding the harm to their revenue and incentives if the court were to find that incorporation of their standards by reference into federal regulations revokes or destroys their copyrights, or Defendant was otherwise allowed to continue posting the standards on its website.  For the reasons stated herein, Defendant's motion is DENIED.

A district court has "'broad discretion in determining whether to admit or exclude expert testimony.'"  *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 895 (D.C. Cir. 2010) (quoting *United States v. Gatling*, 96 F.3d 1511, 1523 (D.C. Cir. 1996)).  Under the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), this court is "required to address two questions, first whether the expert's testimony is based on 'scientific knowledge,' and second, whether the testimony 'will assist the trier of fact to understand or determine a fact in issue.'"  *Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1126

1

(D.C. Cir. 2001) (quoting *Daubert*, 509 U.S. at 592). Trial courts "act as gatekeepers who may only admit expert testimony if it is both relevant and reliable," *Heller v. D.C.*, 952 F. Supp. 2d 133, 139 (D.D.C. 2013), though this role is "significantly diminished" at the summary judgment stage, *see Window Specialists, Inc. v. Forney Enters., Inc.*, 47 F. Supp. 3d 53, 60 (D.D.C. 2014).

In determining whether to strike an expert report, the court's focus is therefore whether the expert's assumptions "amount to 'rampant speculation' and should be excluded" or "merely represent a weak factual basis for his testimony" which could be appropriately challenged on cross examination at trial. *Boyar v. Korean Air Lines Co., Ltd.*, 954 F. Supp. 4, 7 (D.D.C. 1996). As the Court in *Daubert* instructed, "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 596.

Defendant argues that Dr. Geisinger is not qualified to opine on the economic impact of copyright infringement on standards developing organizations. Dr. Geisinger has almost four decades of experience as a professor and dean or chair of numerous university departments, has served on the boards of numerous testing and accreditation organizations, including Plaintiffs AERA and APA, and has served in editorial capacities for numerous testing and educational publications. While Defendant points out that Dr. Geisinger is not specifically trained in economics, the court finds that his extensive experience studying, working for, and chairing organizations similar to Plaintiffs' qualifies him to opine on how copyright infringement may impact Plaintiffs' revenue and how organizations like Plaintiffs' may be impacted by changes in revenue.

Defendant additionally argues that Dr. Geisinger failed to sufficiently consider certain explanations for the decline in revenue, compared data from different years incorrectly, and

failed to adequately support his conclusions regarding the impact of potential lost sales on Plaintiffs' revenues and business model.  However, Defendant could have retained its own rebuttal expert to perform their preferred economic analyses, but chose not to do so.  The court will not strike an expert report simply because the expert did not rely on the particular assumptions or data Defendant thought was necessary.  Such alleged deficiencies are more properly worked out and probed in "vigorous cross-examination [and] presentation of contrary evidence."  *Daubert*, 509 U.S. at 596.

Finally, Defendant points to several statements in the Geisinger Declaration that it claims were not included in the initial expert report and must be stricken for lack of notice.  However, the court notes that the contents of the Declaration are simply extensions or reaffirmations of Dr. Geisinger's expert report, and Defendant had an opportunity to probe the opinions and conclusions contained in the report at Dr. Geisinger's deposition.  There does not appear to be any unfair surprise or lack of notice here.

The court finds that Plaintiffs have sufficiently established that Dr. Geisinger has the experience necessary to be offered as an expert in this case, and the content of his testimony— applying his personal knowledge and experience to the effects of copyright infringement of Plaintiffs' 1999 Standards—may "help the trier of fact."  *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588.  The court therefore denies Defendant's motion to strike the Geisinger Declaration.

Date:  September 21, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge