UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim-Plaintiff. | Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER DATED FEBRUARY 2, 2017 AND, IN THE ALTERNATIVE, CONSENT MOTION FOR CONTINUANCE OF DEADLINES FOR A MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS, WITH STATEMENT OF POINTS AND AUTHORITIES** |

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA") and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs") move herein for Clarification of the Court's Order Dated February 2, 2017 (the "Order" - Dkt. No. 118) and, in the alternative, for Continuance of the Deadlines for File a Motion for Attorney's Fees and a Bill of Costs. Counsel for the parties have met and conferred pursuant to Local Rule 7(m), and counsel for Defendant has consented to the enlargement of time as requested herein.

### STATEMENT OF POINTS AND AUTHORITIES

Plaintiffs seek clarification as to whether the Order triggered the deadlines under Federal Rule of Civil Procedure 54(d) for filing motions for fees and costs, and, if so, to request a continuance of the deadlines until the matter has been fully and finally resolved and a final judgment has been entered by the Court. The potential deadlines for the motion for fees and costs are February 16 and February 23, respectively. In support of this Motion, Plaintiffs state as follows:

1

1. On February 2, 2017, this Court entered the Order granting in part and denying in part Plaintiffs' Motion for Summary Judgment. Specifically, the Court directed that:

> It is hereby ORDERED that Defendant is permanently enjoined from all unauthorized use, including through reproduction, display, distribution, or creation of derivative works, of the Standards for Educational and Psychological Testing, 1999 edition.
>
> Defendant is FURTHER ORDERED to remove all versions of this standard from its website and any other website within its possession, custody, or control within five days. [Dkt. 118]

2. The Copyright Act permits a party to seek recovery of costs and reasonable attorneys' fees if it prevails in an action under the Copyright Act. *See* 17 U.S.C. §505 ("[T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

3. Because Plaintiffs prevailed on summary judgment on Count 1, their claim of direct copyright infringement, and obtained a permanent injunction against Defendant for unauthorized use of Plaintiffs' copyrighted work, Plaintiffs would be permitted, pursuant to the Copyright Act, to seek their reasonable attorneys' fees and costs as to Count 1.

4. However, the Order only granted in part Plaintiffs' Motion for Summary Judgment and did not dispose of all claims in this action, leaving open Count 2 (contributory infringement) and Defendant's Counterclaim. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. ***Otherwise any order or other decision,*** however designated, ***that adjudicates fewer than all claims . . . . does not end the litigation as to any of the claims . . .*** and may be revised at any time before the entry of a judgment adjudicating all claims . . . .").

(emphasis added).

5. Rule 54(b) counsels that filing a motion for attorneys' fees and bill of costs on an order partially granting a motion for summary judgment is premature. However, a "judgment" is defined in Fed. R. Civ. P. 54(a) as "a decree and any order *from which an appeal lies*." (emphasis added). Pursuant to 28 U.S.C. § 1292(a)(1), an interlocutory order may be appealed from where it involves the "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . interlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . .").

6. In granting an injunction, the Order in this case could under one lens be viewed to meet the definitional requirement of a "judgment" under Fed. R. Civ. P. 54(a), triggering the various deadlines outlined in Fed. R. Civ. P. 54(d) to file a motion for attorneys' fees and bill of costs.

7. However, because the Order decided fewer than all claims and did not constitute a final judgment, thereby making Rule 54(d) relief premature until a final judgment is entered by the Court, Plaintiffs request confirmation from the Court that the Order is not a "judgment" that triggers the Rule 54(d) deadlines. Otherwise, Plaintiffs' motion for fees and bill of costs encourage piecemeal litigation, given that claims in the case remain outstanding, and would require the breaking out of time and costs spend on a single count within the Complaint.

8. Should the Court determine that the Order is a "judgment" as defined under Fed. R. Civ. P. 54(a) upon which Plaintiffs may file a motion for attorneys' fees and bill of costs pursuant to Fed. R. Civ. P. 54(d), Plaintiffs request that the deadlines pertaining to fees and costs

be continued until the matter has been fully and finally resolved and a final judgment has been entered by the Court.[1]

WHEREFORE, Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. respectfully request clarification from the Court confirming that the Order is not a judgment upon which Plaintiffs may seek attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d).  If the Court views the Order as a judgment upon which Plaintiffs may seek attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d), Plaintiffs respectfully request that the deadlines to file any motion for attorneys' fees and bill of costs be continued until the matter has been fully and finally resolved and a final judgment has been entered by the Court, and to grant such other relief that this Court deems just and appropriate.

                Respectfully submitted,

                QUARLES & BRADY LLP

Dated: February 10, 2017      By:   */s/ Jonathan Hudis*
                                                        Jonathan Hudis (DC Bar # 418872)
                                                        Nikia L. Gray (*Pro Hac Vice*)
                                                        Jonathan P. Labukas (DC Bar # 998662)
                                                         1700 K Street NW, Suite 825
                                                        Washington, DC 20006-3825
                                                        Tel. (202) 372-9600
                                                        Fax (202) 372-9599
                                                        E-Mail Jonathan.Hudis@quarles.com
                                                        E-Mail Nikia.Gray@quarles.com
                                                        E-Mail Jonathan.Labukas@quarles.com

                                                        Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.

---

[1] Defendant was cited in an article published by Law360 dated February 3, 2017, attached hereto as Exhibit A, as having "said [that Public.Resource.Org] planned to appeal the ruling" dated February 2, 2017.  *See* Exhibit A, ll. 21-23.