UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/Counterclaim-Plaintiff. | Civil Action No. 1:14-cv-00857-TSC-DAR <br><br> **STIPULATED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL** |

Plaintiffs, American Educational Research Association, Inc. ("AERA"), American Psychological Association, Inc. ("APA") and National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs") move herein to stay the proceedings pending resolution of Defendant's Appeal. Counsel for the parties have met and conferred pursuant to Local Rule 7(m), and counsel for Defendant has stipulated to the requested stay.

### STATEMENT OF POINTS AND AUTHORITIES

In the interests of efficiency and avoiding unnecessary expenditure of resources by the parties and the Court, Plaintiffs respectfully request the Court to enter an order staying the proceedings pending resolution of Defendant's Appeal.

### I.   PROCEDURAL BACKGROUND

1. On February 2, 2017, this Court entered the Order granting in part and denying in part Plaintiffs' Motion for Summary Judgment. Specifically, the Court directed that:

> It is hereby ORDERED that Defendant is permanently enjoined from all unauthorized use, including through reproduction, display, distribution, or creation of derivative works, of the Standards for Educational and Psychological Testing, 1999 edition.

1

> Defendant is FURTHER ORDERED to remove all versions of this standard from its website and any other website within its possession, custody, or control within five days.

[Dkt. 118; *see also* Dkt. 117 at 40 (holding Plaintiffs' copyright valid and directly infringed)]

2. The Order only granted in part Plaintiffs' Motion for Summary Judgment and did not dispose of all claims in this action, leaving open Count 2 (contributory infringement) and Defendant's Counterclaim for a declaration of no contributory infringement.

3. On February 10, 2017, Plaintiffs filed a Motion to Clarify the Court's Order and in the Alternative for a Continuance. [Dkt. 119] Plaintiffs sought clarification as to whether the Order triggered the deadlines under Federal Rule of Civil Procedure 54(d) for filing motions for fees and costs, and, if so, to request a continuance of the deadlines until the matter has been fully and finally resolved and a final judgment has been entered by the Court.

4. On February 13, 2017, the Court granted Plaintiffs' Motion to Clarify to the extent that Plaintiffs are not required to abide by the deadline for requesting attorney fees under Federal Rule 54(d). The Court further ordered the parties to file a joint status report by March 3, 2017 updating the Court as to Defendant's Compliance with the Court Order dated February 2, 2017 to remove the standards from its website and providing a jointly proposed schedule for moving forward with the litigation.

5. On February 17, 2017, Defendant filed a Notice of Appeal. [Dkt. 120] Pursuant to 28 U.S.C. 1292(a)(1), Defendant gave notice of its appeal of this Court's Order dated February 2, 2017 permanently enjoining Defendant and granting in part Plaintiffs' Motion for Summary Judgment and Entry of a Permanent Injunction.

## II. LEGAL ARGUMENT

As the Supreme Court recently has reaffirmed, the power of federal courts to grant stays

pending an appeal is "firmly embedded in our judicial system," "consonant with the historic procedures of federal . . . courts," and "a power as old as the judicial system of the nation." *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 25 (D.D.C. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1757, 173 L.Ed.2d 550 (2009)). "The ability to grant interim relief is accordingly not simply [a]n historic procedure for preserving rights during the pendency of an appeal, but also a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Nken v. Holder*, 556 U.S. 418, 427, 129 S. Ct. 1749, 1757, 173 L. Ed. 2d 550 (2009) (internal citations omitted).

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*, 144 F. Supp. 3d 115, 119 (D.D.C. 2015) (citing *Hussain v. Lewis*, 848 F.Supp.2d 1, 2 (D.D.C. 2012) (internal quotation marks omitted). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Seneca Nation of Indians*, 144 F. Supp. 3d at 119 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* (citing *Hisler v. Gallaudet Univ.*, 344 F.Supp.2d 29, 35 (D.D.C.2004)).

Absent a stay in this case, the parties will engage in protracted litigation in this Court that may be substantially affected by the D.C. Circuit's review of the Court's Order on Summary Judgment. Plaintiffs' second claim of contributory infringement and Defendant's counterclaim for declaratory relief necessarily involve factual and legal findings that are the same as those Defendant is expected to challenge on appeal, namely the Court's finding that Plaintiffs' copyright is valid and Defendant's posting of Plaintiffs' work to the internet was not fair use.

Allowing this case to proceed in this Court before the D.C. Circuit addresses these issues risks inconsistent judgments should these findings be modified on appeal. A stay pending the Defendant's Appeal is the best way to ensure orderly, efficient litigation with a foreseeable endpoint.

The issuance of a stay will not injure the other parties interested in the proceeding. Both parties consent to the issuance of a stay of these proceedings pending resolution of Defendant's Appeal. And lastly, the public interest will be served by granting a stay in this case because it will promote judicial efficiency and avoid unnecessary expenditure of resources by the parties and the Court. Consequently, this case should be stayed pending the resolution of Defendant's Appeal. If this case is stayed, Plaintiffs will inform the court immediately once a final order has been issued in Defendant's Appeal so that trial on the remaining claims can be quickly and efficiently set according to the Court's schedule.

### III. CONCLUSION

Based on the foregoing, Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. respectfully request the Court to enter an order staying the proceedings pending resolution of Defendant's Appeal, and to grant such other relief that this Court deems just and appropriate.

                Respectfully submitted,

                QUARLES & BRADY LLP

Dated: March 3, 2017        By:   */s/ Jonathan Hudis*
                Jonathan Hudis (DC Bar # 418872)
                Nikia L. Gray (DC Bar #1029008)
                Jonathan P. Labukas (DC Bar # 998662)
                1700 K Street NW, Suite 825
                Washington, DC 20006-3825
                Tel. (202) 372-9600
                Fax (202) 372-9599
                E-Mail Jonathan.Hudis@quarles.com
                E-Mail Nikia.Gray@quarles.com
                E-Mail Jonathan.Labukas@quarles.com

                Counsel for Plaintiffs American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc.