# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC.; <br><br> AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; and <br><br> NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br>           Plaintiffs/ Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>           Defendant/ Counter-Plaintiff. | Case No. 1:14-cv-00857-TSC |

## MOTION TO RETURN CASE TO THE COURT'S ACTIVE DOCKET AND TO ADOPT PROPOSED BRIEFING SCHEDULE TO ADDRESS THE REMANDED ISSUE

Plaintiffs move this Court to return this case to the Court's active docket, *see* Minute Order, July 6, 2017, and to enter a scheduling order on the copyright fair use issue remanded by the Court of Appeals.

This case is back before this Court on remand from the Court of Appeals, after this Court's decision in Plaintiffs' favor. *See American Society for Testing and Materials, et al. v. Public.Resource.Org, Inc.*, 896 F.3d 437, 448 (D.C. Cir. 2018) (mandate entered Sept. 7, 2018, Dkt. 185). Although Defendant raised several issues on appeal, the Court of Appeals reserved judgment on most of them or held them forfeit. *See, e.g.*, 896 F.3d 437, 441 (D.C. Cir. 2018) ("leaving for another day … whether standards retrain their copyright after they are incorporated by reference into law"); *id.* at 446 (Defendant forfeited argument that the standards were not validly copyrighted). Instead, noting the number of instances of copying, the number of

1

standards, and multiplicity of circumstances at issue in *American Society for Testing and Materials v. PublicResource.Org, Inc.*, No. 1-13-cv-01215 ("*ASTM*"), the Court of Appeals remanded that case and this one for a single purpose: "for the district court to further develop the factual record and weigh the [fair use] factors as applied to [Defendant's] use of each standard in the first instance." *Id.* at 448–49.

Significantly, the fair use issues presented *in this case* do not involve many of the complicating questions — stemming from multiple differing standards, methods and circumstances of incorporation in regulation, and instances of copying — that the Court of Appeals identified with respect to the fair use issues in the companion *ASTM* case. *See, e.g.*, *id.* at 449 (cautioning against "treating the standards interchangeably" in fair use analysis); *id.* at 452 (noting that Defendant's "copying must be considered standard by standard"). Indeed, the Court of Appeals never specifically addressed the fair use issue presented by *this* case, which involves one instance of defendant's wholesale copying of the entirety of a single work, rather than the myriad of separate standards at issue in *ASTM*, which the Court of Appeals felt would be better addressed by grouping the standards in some way.[1]

In any event, the Court of Appeals' remand order now requires the parties and this Court to address the fair use issue. In accordance with Local Rule 7(m), Plaintiffs have conferred with Defendant. Plaintiffs and Defendant agree that the next phase of this case should be decided on cross-filings in the nature of summary judgment briefing. There may, however, be disagreement

---

[1] As a practical matter, the Court of Appeals appears not to have separately considered the fair use issues *in this case* because this case and the *ASTM* case had been consolidated for argument in that court, and there was no separate briefing of the fair use factors as applied to this particular case.

about the scope of the next phase of proceedings in this Court, including whether discovery ought to be reopened.

Plaintiffs therefore propose a simultaneous briefing schedule, with opening cross-motions for summary judgment due 60 days after the Court's order setting the briefing schedule, amicus briefs due 30 days after the date opening cross-motions are filed, and opposition briefs due 45 days after opening cross-motions are filed, with argument to be set at this Court's convenience.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court return this case to the Court's active docket to address the issue on which the Court of Appeals remanded, and enter a scheduling order that adopts the deadlines set out above.

Dated: February 7, 2019       Respectfully submitted,

/s/ Clifton S. Elgarten
Clifton S. Elgarten (D.C. Bar # 366898)
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.624.2523
Email: celgarten@crowell.com

*Counsel for Plaintiffs*