# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., | Civil Action No. 1:14-cv-00857-TSC-DAR |
| Plaintiffs/Counterclaim-Defendants, | **PUBLIC RESOURCE'S OPPOSITION TO THE AERA PLAINTIFFS' MOTION TO ADOPT PROPOSED BRIEFING SCHEDULE [DKT. 130]; REQUEST FOR STATUS CONFERENCE** |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Defendant/Counterclaim-Plaintiff. | |

Defendant Public.Resource.Org, Inc. ("Public Resource") agrees with Plaintiffs that, under the Court of Appeals' mandate, this Court should restore the case to the active docket and enter a scheduling order. However, Plaintiffs' proposal ignores the core theme of the Court of Appeals' decision, which directed the parties to supplement the factual record. Public Resource therefore requests that the Court conduct a status conference to discuss the reopening of discovery in a focused manner and creation of a consolidated summary judgment briefing schedule that will allow the parties to satisfy the Court of Appeals' instructions. In accordance with Local Rule 7(m), Public Resource has met and conferred with Plaintiffs, who do not agree that further discovery is required by the D.C. Circuit's order, as they have stated in their motion [Dkt. 130].

On July 17, 2019, the Court of Appeals for the District of Columbia Circuit vacated the summary judgment and the permanent injunction that this Court granted.[1] *American Society for*

---

[1] On August 28, 2018 Public Resource began reposting the 1999 Standards for Educational and Psychological Testing.

*Testing and Materials v. Public.Resource.Org*, 896 F.3d 437 (D.C. Cir. 2018). Although the Court of Appeals stated that Public Resource presented "a serious constitutional concern with permitting private ownership of standards essential to understanding legal obligations," it ultimately focused solely on the question of fair use so as "to avoid 'pass[ing] on questions of constitutionality . . . unless such adjudication is unavoidable.'" *Id.* at 447 (quoting *Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105 (1944)).

The Court of Appeals ruled that this Court had misapplied the fair use standard, and it remanded the case for further proceedings on the question of whether Public Resource's posting of standards was a non-infringing fair use. The Court of Appeals specifically called for further development of the factual record, as Public Resource discusses below. The Court of Appeals deferred the "far thornier question" of whether standards that have been incorporated by reference necessarily enter the public domain, leaving that issue for consideration on a later appeal if necessary. *Id.* at 441, 447, 459. The Court of Appeals also declined to address the question of ownership generally, ruling only that Public Resource had not sufficiently argued below that the standards were works of the United States Government due to the participation of government employees in developing the standards. *Id.* at 446.

The Court of Appeals' opinion stressed the importance of a more detailed fair use analysis and called for further development of the factual record. The Court of Appeals stated that:

> though there is reason to believe "as a matter of law" that PRO's reproduction of certain standards "qualif[ies] as a fair use of the copyrighted work," *id.* (internal quotations and citations omitted), we ultimately think the better course is to remand the case for the district court to *further develop the factual record* and weigh the factors as applied to PRO's use of each standard in the first instance. As we have emphasized, the standards here and the modes of their incorporation vary too widely to conclusively tell goose apart from gander, and *the record is just too thin* to tell what went into the sauce. On remand, *the district court will need to develop a fuller record* regarding the nature of each of the

standards at issue, the way in which they are incorporated, and the manner and extent to which they were copied by PRO *in order to resolve this "mixed question of law and fact." Id.* This is not to say that the district court must analyze each standard individually. Instead, it might consider directing the parties, who poorly served the court by treating the standards interchangeably, to file briefs addressing whether the standards are susceptible to groupings that are relevant to the fair use analysis.

896 F.3d at 448-49 (emphasis added).

The Court of Appeals offered additional legal guidance regarding the specific fair use factors. Regarding the first factor, the Court of Appeals observed that, on the record, Public Resource's use appeared to be noncommercial and that

in various circumstances, courts have recognized that a secondary work "can be transformative in function or purpose without altering or actually adding to the original work." . . . Where an incorporated standard provides information essential to comprehending one's legal duties, for example, this factor would weigh heavily in favor of permitting a nonprofit seeking to inform the public about the law to reproduce in full the relevant portions of that particular standard. . . . By contrast, where knowing the content of an incorporated standard might help inform one's understanding of the law but is not essential to complying with any legal duty, the nature of PRO's use might be less transformative and its wholesale copying, in turn, less justified.

896 F.3d at 450. With respect to the second factor, the Court of Appeals noted that, "where the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law, this factor weighs heavily in favor of fair use." *Id.* at 452.

On the fourth factor, the Court of Appeals held:

PRO's use was not for "commercial purposes," and so the district court's inference cannot be sustained on the basis of undisputed evidence in the summary judgment record. That said, the SDOs are right to suggest that there may be some adverse impact on the market for the copyrighted works PRO reproduced on its website. *But it remains unclear from this record just how serious that impact is.*

*Id.* at 452-53 (emphasis added).

Taken together, the Court of Appeals' decision and remand order call for further development of the factual record. To provide the Court with all the relevant facts, including new

facts that have unfolded in the years since the earlier proceedings, Public Resource seeks further discovery relevant to its fair use defense.

Plaintiffs are correct that this case involves just one standard, the 1999 Standards for Educational and Psychological Testing ("1999 Standards"), unlike the many standards at issue in *American Society for Testing and Materials et al. v. Public.Resource.Org, Inc.*, Case No. 1:13-cv-01215-TSC-DAR ("*ASTM et al.*"). But just as in *ASTM et al.*, the factual record in this case requires further development. This is particularly necessary for the fourth fair use factor (the effect of the use on the potential market), which the Court of Appeals singled out as being insufficiently developed. 896 F.3d at 452-53. Because the full scope of financial information available at the close of discovery was included in the record on appeal, it seems impossible to satisfy the Court of Appeals' mandate by simply recharacterizing the same information already presented. Additional factual material is necessary. And focused fact discovery will not unfairly prejudice Plaintiffs, who waited over half a year before addressing with this Court the remand order issued in July 2018.

There is now information relevant to the fourth fair use factor that was not available at the close of fact discovery and which is necessary for the Court to make a sound decision. Plaintiffs took the 1999 Standards off sale in 2014, and only began offering it for sale once again at the close of fact discovery in mid-2015. Today, Plaintiffs should have three and a half years of sales data for the 1999 Standards—information that is necessary to determine the size of the market for the work, and what effect Public Resource's actions might have now that it has recently reposted the 1999 Standards. Similarly, the sales data of the 2014 Standards, which superseded the 1999 Standards, as well as any supplemental materials or services, will help

answer whether the 2014 Standards have supplanted the market for the 1999 Standards, an alternative explanation for sales trends besides Public Resource's posting of the standards.

Plaintiffs had previously chosen not to make the 1999 Standards available in an online reading room, but if that policy has changed, any data concerning the number of visitors to the online reading room will also be relevant to whether Public Resource's use could affect the potential market for the 1999 Standards, and whether those online reading rooms are "cannibalizing sales" of the standards at issue, a question the Court of Appeals raised explicitly with respect to the fourth fair use factor. 896 F.3d at 453. Finally, depositions of one or two current or former government employees involved in the legal incorporation of the 1999 Standards and coordination between Plaintiffs and government bodies, as well as related document discovery, is necessary to inform the Court regarding the way in which these standards were incorporated, which the Court of Appeals stated required further factual development. *See* 896 F.3d at 442 ("The process for incorporation by reference varies widely by jurisdiction."). It will also speak to the fourth fair use factor by helping to illuminate whether Plaintiffs anticipated incorporation, and therefore factored this government mandate into their predictions for sales of the standards.

**Public Resource's Proposal for Focused Discovery**

Following the guidance of the Court of Appeals, but mindful as well of the need to expedite resolution of this case, Public Resource requests the Court re-open discovery, focused on the following:

Fair Use

1.      Sales data updated to the present day, addressing:

        a.      The standards at issue;

    b       Later versions of the standards at issue; and

    c.      Supplemental materials and services such as guides and training relating to the versions at issue and later versions of the standards at issue.

2.       Deposition of a representative for the Plaintiffs under Fed. R. Civ. P. 30(b)(6), limited to questions about sales data;

3.       Information about usage of Plaintiffs' online reading rooms (if any) for the 1999 Standards.

4.       Document discovery regarding communications by or with government officials regarding incorporation into law of, or enforcement of, standards by government.

5.       Depositions of one or two key current or former government employees involved in the incorporation into law of the 1999 Standards and the coordination between Plaintiffs and government bodies regarding incorporation of standards into law.

<u>General</u>

Depositions of any declarants that the parties will rely on in summary judgment motions who were not previously deposed, or who will be providing declarations that address subject matters on which they were not previously deposed.

Public Resource believes that discovery in this case and in the *ASTM* case can be completed within 9 months, at which point the parties would submit renewed motions for summary judgment, focusing on three issues: (1) whether the Plaintiffs have met their burden to establish ownership of rights in the 1999 Standards; (2) if so, whether Public Resource's use of the standards is a lawful fair use; and, if not, (3) whether (and, if so, what) injunctive relief is appropriate. Public Resource notes that the Court of Appeals expressly decided to "leave for another day the question of whether the Constitution permits copyright to persist in works

incorporated by reference into law." 896 F.3d at 447. It did not address the questions of copyrightability under 17 U.S.C. § 102(b) and the merger doctrine, and the concurring opinion of Judge Katsas specifically stated that those issues "remain open in the unlikely event that disseminating 'the law' might be held not to be fair use." *Id.* at 459. Public Resource wishes to preserve those issues and related arguments that it previously addressed. It believes that the Court can focus on the fair use, ownership, and injunction issues in new cross-motions while allowing the parties to incorporate by reference their arguments on the other earlier issues; any further decision by the Court should maintain those earlier issues for review by the Court of Appeals.

**Public Resource's Proposal for Scheduling Summary Judgment Briefing**

As Plaintiffs correctly stated, the parties agree that the fair use questions are amenable to summary judgment. Although this case may not require as much additional discovery as the *ASTM et al.* case, owing to the fact that there is only one standard at issue, Public Resource suggests briefing both cases in parallel as a matter of judicial economy and to prevent conflicting decisions. The Court of Appeals suggested that the standards at issue in both cases should be grouped in some manner to allow for a more holistic determination by the Court, and allowing this case to proceed ahead of the *ASTM* case would make it difficult or impossible to factor the 1999 Standards into a categorization structure that also includes the standards in the other case, particularly if discovery has not yet concluded in the sister action. Although the facts of the cases may differ, most of the underlying legal principles and ultimate factors that the Court must weigh are identical. Similarly, if the Court of Appeals again faces these cases on a subsequent appeal, it will likely want to address them simultaneously and in consolidated fashion.

For these reasons, Public Resource suggests that the Court consolidate the summary judgment briefing for both the *AERA* and *ASTM* cases, or at the very least coordinate the briefing.

If the Court consolidates summary judgment briefing, Public Resource requests that opening cross-motions be filed 60 days after the close of discovery, with amicus briefs due 30 days after the date for opening cross-motions, opposition briefs due 45 days after opening cross-motions, and reply briefs due 14 days thereafter.

If the Court does not consolidate summary judgment briefing, Public Resource requests that the Court stagger briefing in the two cases using the same schedule that the Court set in the prior summary judgment briefing three years ago, with the opening motion by the ASTM Plaintiffs due 30 days after the close of discovery. Public Resource's joint opening and opposition brief in the *ASTM* case would be due 30 days later, and the AERA Plaintiffs' opening motion would be due that same day. Thirty days later, the ASTM Plaintiffs will file their joint reply and opposition, and Public Resource will file its joint opening and opposition brief in *AERA et al.* on that same day.  Fourteen days later, Public Resource will file its reply in *ASTM et al.* and a further 14 days thereafter the AERA Plaintiffs will file their joint opposition and reply. Public Resource's reply in *AERA et al.* will be due a final 14 days thereafter. Amicus briefs in each respective case will be due 14 days after Public Resource's joint opening/opposition brief in each case.

## CONCLUSION

For the foregoing reasons, Public Resource requests that the Court conduct a status conference to address these issues, reopen discovery on a limited basis, and set a briefing

schedule that will allow the parties to satisfy the Court of Appeals' requests concerning

development of the record and grouping of the standards at issue.

Dated:  February 14, 2019                    Respectfully submitted,


                                             /s/ Andrew P. Bridges
                                             Corynne McSherry (*pro hac vice*)
                                             corynne@eff.org
                                             Mitchell L. Stoltz (D.C. Bar No. 978149)
                                             mitch@eff.org
                                             ELECTRONIC FRONTIER FOUNDATION
                                             815 Eddy Street
                                             San Francisco, CA 94109
                                             Telephone:     (415) 436-9333
                                             Facsimile:     (415) 436-999

                                             Andrew P. Bridges (admitted)
                                             abridges@fenwick.com
                                             Matthew B. Becker (*pro hac vice*)
                                             mbecker@fenwick.com
                                             FENWICK & WEST LLP
                                             555 California Street, 12th Floor
                                             San Francisco, CA 94104
                                             Telephone:     (415) 875-2300
                                             Facsimile:     (415) 281-1350

                                             David Halperin (D.C. Bar No. 426078)
                                             davidhalperindc@gmail.com
                                             1530 P Street NW
                                             Washington, DC 20005
                                             Telephone:     (202) 905-3434

                                             *Attorneys for Defendant/Counterclaim-Plaintiff*
                                             *Public.Resource.Org, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with LCvR 5.3, I hereby certify that on February 14, 2019, I caused a true and correct copy of the foregoing Joint Status Report to be served on all counsel of record through the Courts CM/ECF.

*/s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
