**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC.;<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; and<br><br>NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>               Plaintiffs/<br>               Counter-Defendants,<br><br>v.<br><br>PUBLIC.RESOURCE.ORG, INC.,<br><br>               Defendant/<br>               Counter-Plaintiff. | Case No. 1:14-cv-00857-TSC |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**MOTION TO ADOPT PROPOSED BRIEFING SCHEDULE**

Plaintiffs are agreeable to updating the sales information for the 1999 Standards to make the record current. But Defendant has not made any showing that additional discovery, or the schedule it proposes, is necessary or appropriate to address the remand issues in this case. The Court should adopt the schedule proposed by Plaintiffs to address whether, in light of the Court of Appeals directions, Defendant has satisfied its burden of demonstrating fair use in this case. A status call to discuss all of this is unnecessary but of course agreeable to Plaintiffs if the Court thinks it will be helpful.

**A.      The Remand Issues In This Case Do Not Contemplate Additional Discovery**

This case involves a single instance of wholesale copying of a large volume published by Plaintiffs — the "1999 Standards" — containing, among other things, certain testing standards

DCACTIVE-48788134.1

that the Department of Education incorporated by reference in regulations establishing requirements for participating in certain federal education programs. The Court of Appeals has directed the parties and the Court to hone in on a single issue, whether Defendant's fair use defense is meritorious, on which point the Court of Appeals found this Court's prior analysis insufficient, and, in one respect (regarding commercial use) incorrect. *See Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 453 (D.C. Cir. 2018) ("*ASTM*"). The parties agree that the way to proceed to address the remand issues is through further briefing, attentive to the Court of Appeals' directions. There will be no trial. Neither is there occasion for a further round of discovery in this case.

The Court of Appeals explicitly identified its difficulty with this Court's earlier approach: In resolving issues concerning the numerous standards, methods of incorporation, and methods of Defendant's copying at issue in the ASTM case (and, we assume, in considering the copying at issue in this case in the opinion that covered the many ASTM case standards at issue), the Court of Appeals held that this Court had not given each individual standard and instance of copying the attention it deserved. "On remand, the district court will need to develop a fuller record regarding the nature of each of the standards at issue, the way in which they are incorporated, and the manner and extent to which they were copied by PRO ...." *Id*. at 449. Thus, the specifics of the incorporation, and the specifics of the copying — issues well known to the parties, but not fully developed in the parties' briefing — will need to be a focus of attention in further briefing. That will not be a complex task in this case, where only one instance of copying is at issue, and the record is already fully developed concerning the nature of the 1999 Standards, the copying, and the way particular standards were referenced in the federal regulations. Defendant does not suggest otherwise.

DCACTIVE-48788134.1

Defendant already had the full opportunity to investigate and take discovery related to these issues and the Court of Appeals did not direct or authorize a second bite at the discovery apple. All that the Court of Appeals did was give the parties a chance to develop the factual record and arguments before this Court with greater specificity to determine whether Defendant has met its burden of proving fair use.

Likewise, Defendant is not now entitled to address issues beyond the scope of the remand, which was limited to fair use — and any implications of the Court's ruling on that issue for the injunction ordered by the Court.[1]

The Court of Appeals also talked about developing a fuller record on "commercial purposes." Id. at 453.  In so doing, the Court of Appeals was not speaking about additional discovery — about which the Court of Appeals had no information — but rather requesting that there be focus on certain issues in the parties' remand briefing and in the Court's ultimate decisions. But even if additional discovery were permissible, Defendant has not shown a basis for it in this case. There are no disputes over the underlying facts.

**B.    Defendant's Specific Discovery Requests In This Case Lack Merit.**

Defendant has failed to demonstrate a need for discovery in this case with respect to its six specific requests.

1.    Defendant requests discovery of recent sales data. Public Resource's Opp'n to the AERA Pls.' Mot. to Adopt Proposed Briefing Schedule, Doc. # 131, at 6. Plaintiffs are willing to

---

[1]    Defendant tries hard to try to bootstrap the issue of copyright ownership back into the case. *See* Public Resource's Opposition, Doc. # 131, at 6–7. It is certainly not part of the remand ordered by the Court of Appeals, which was limited to Defendant's fair use defense. *See ASTM*, 896 F.3d at 441 (remanding "[b]ecause the district court erred in its application of both fair use doctrines" and "leaving for another day the far thornier question of whether standards retain their copyright after they are incorporated by reference into law"). But even holding aside the scope of the remand, any further argument on the point is barred. The only ownership issue raised on appeal concerned the possible involvement of government employees in the drafting of standards, and the Court held that Defendant had forfeited that issue by failing to adequately present it to this Court. *Id.* at 446.

DCACTIVE-48788134.1

provide Defendant with updated information on the 1999 Standards sales data within weeks. This is the only discovery request for which Defendant states a theory about why such the requested information may actually be useful. *Id.* at 4.

2.      Defendant also asks for a Rule 30(b)(6) deposition concerning sales data. *Id.* at 6. Defendant has not shown any need for a new deposition. Plaintiffs will endeavor to update the data for the 1999 Standards and provide it in the same format as has previously been used — subject to the same protective order and confidentiality — so that no deposition will be necessary, and the authenticity of the data can be stipulated to.

3.      In its *ASTM* opinion, the Court of Appeals said that "the SDOs, by their own admission, make copies of their standards freely available online in controlled reading rooms," and the Court of Appeals then explained how that might weigh in favor of a fair use defense. *ASTM*, 896 F.3d at 453. But, as Defendant concedes, the Court of Appeals' statement is in error as applied to Plaintiffs in this case because Plaintiffs have never maintained such reading rooms. Public Resource's Opp'n to the AERA Pls.' Mot. to Adopt Proposed Briefing Schedule, Doc. # 131, at 5. Defendant nonetheless asks for "[i]nformation about usage of Plaintiffs' online reading rooms (if any) for the 1999 Standards." *Id.* at 6. The simple answer is that Plaintiffs still do not maintain any online reading rooms for the 1999 Standards.

4 & 5.  Defendant also requests "document discovery regarding communications by or with government officials regarding incorporation into law of, or enforcement of, standards by government," plus the chance to depose "one or two key current or former government employees" about incorporating the 1999 Standards into law. *Id.* Such discovery on unnamed government officials is unnecessary and improper for a number of reasons.

DCACTIVE-48788134.1

First, nothing in the Court of Appeals' opinion suggests that Plaintiffs' communications with government officials are, or even could be, material to the fair use question that is the sole issue on remand. Discovery of those communications was part of Defendant's theory of loss of copyright, which is not an issue on remand.

Second, Defendant has already obtained that discovery from Plaintiffs. The record in this case already establishes the extent of Plaintiffs' communications with government officials about the 1999 Standards. *See, e.g.*, Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. and Entry of a Permanent Inj., Doc. # 60-1 at 8–10 (cataloguing Plaintiffs' communications with government officials about the 1999 Standards and citing numerous declarations addressing the same).

Third, as this Court is aware, taking discovery on government officials as part of third-party discovery is unusual, time-consuming and takes place only at the discretion of the government. It is especially unlikely to be allowed where it is plain that Defendant is fishing, and has offered no cogent theory why it needs to depose government officials. Federal-court litigants may not obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted a regulation withdrawing from agency employees the power to give testimony or produce documents. *See Houston Bus. J., Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996). The Department of Education (the relevant agency in this case) has such a regulation, one establishing a potentially lengthy process for obtaining agency testimony and records. *See* 34 C.F.R. § 8. It makes no sense to put this case on hold until Defendant completes that process, especially because the information Defendant seeks is already in the record and unrelated to the issue before this Court on remand.

6.     Finally, Defendant asks to depose Plaintiffs' declarants "who were not previously deposed, or who will be providing declarations that address subject matters on which they were

not previously deposed." Public Resource's Opp'n to the AERA Pls.' Mot. to Adopt Proposed Briefing Schedule, Doc. # 131, at 6. There is no need to address that issue now. At this time, Plaintiffs know of no such person. If it comes to pass that new declarants or declarations are required for summary judgment on which there has been no deposition before — which seems highly unlikely — the issue of additional depositions can be addressed then. There is no need to resolve it now when the underlying problem is totally speculative.

For the foregoing reasons, Plaintiffs respectfully request that this Court enter a scheduling order adopting the deadlines set out in Plaintiffs' motion to return this case to the Court's active docket. *See* Pls.' Mot. to Return Case to the Court's Active Docket and to Adopt Proposed Briefing Schedule to Address the Remanded Issue, Doc. # 130, at 3. If the Court believes a status conference is necessary to address the issues raised in Defendant's Opposition, Plaintiffs would of course be amenable to that.


Dated: February 21, 2019          Respectfully submitted,

                                  /s/ Clifton S. Elgarten
                                  Clifton S. Elgarten (D.C. Bar # 366898)
                                  Crowell & Moring LLP
                                  1001 Pennsylvania Ave., N.W.
                                  Washington, D.C. 20004
                                  Telephone: 202.624.2523
                                  Email: celgarten@crowell.com

                                  *Counsel for Plaintiffs*

DCACTIVE-48788134.1