**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC.; <br><br> AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; and <br><br> NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br><p style="text-align:center">Plaintiffs/ <br> Counter-Defendants,</p><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br><p style="text-align:center">Defendant/ <br> Counter-Plaintiff.</p> | Case No. 1:14-cv-00857-TSC |

**JOINT SCHEDULING SUBMISSION**

The Parties jointly submit their respective proposed schedules pursuant to the Court's February 26, 2019 Minute Order (the "Order").

The Parties agree that Defendant may take additional discovery in accordance with the Order and Defendant's February 14, 2009 submission to the Court (doc #131).  The Parties agree to have objections to written discovery requests due fifteen days after service, rather than the ordinary thirty days.  While the Parties disagree about when to brief the summary judgment motions, the Parties acknowledge that the Court may ultimately decide that it wishes to entertain argument on the motions at the same time as motions are argued in the *American Society for Testing and Materials v. Public.Resource.Org, Inc.* case, No. 1:13-cv-01215-TSC-DAR ("*ASTM*").

In addition, the Parties present their respective proposals for scheduling discovery and summary judgment briefing.

## PLAINTIFFS' SCHEDULING PROPOSAL

This case involves a single instance of copyright infringement by Defendant's online posting of the 1999 Standards for Educational and Psychological Testing.

Plaintiffs do not expect to take any discovery.

In its February 14, 2019 submission (doc. # 131), Defendant told the Court exactly what remand discovery it sought: (1) documents in the form of updated sales data and other items previously requested; (2) a Rule 30(b)(6) deposition on the updated sales data; and (3) depositions of unspecified government officials.

Given the very limited discovery at issue, and the fact that this case involves none of the complexity and factual and contextual variation associated with the *ASTM* case, discovery (and briefing) here certainly cannot require the same amount of time as in *ASTM*.  And given the narrow requests, it is unlikely there will be disputes.[1]  For those reasons, discovery here could easily be completed in 60 days.  Plaintiffs have stretched the deadlines to 90 days primarily to accommodate Defendant's desire to try to depose government officials.

With respect to summary judgment briefing, the Parties can conclude discovery and begin briefing within 120 days (or less) and Defendant's proposal to stretch this remand out for nearly a year is extreme.  This case involves a single instance of copying, incorporation only in Department of Education regulations, and involves none of the numerous fact patterns and

---

[1] As previously noted, the document requests will be easy to answer by virtue of the fact that, because Plaintiffs do not engage in the activities in question, there will be no responsive documents.  *See e.g*  Pls.' Reply to Def.'s Opposition, Doc. # 132, at 3 (Plaintiffs do not operate online reading rooms for the 1999 Standards).

groupings, variations among types of standards and types of incorporation, ownership and trademark issues, that will be at issue in the *ASTM* case.  It assuredly does not require the three separate rounds of summary judgment briefs that Defendant proposes.  Two rounds — simultaneous opening followed by response briefs, with limited pages — should be more than enough.

While the fair use issues here should be separately briefed, and be separately decided, the decision whether to hear argument concurrent with the *ASTM* case is a matter for the Court to decide in its discretion and convenience, to be determined later, based on the record.  It is, of course, up to the Court whether to decide the cases together.  However, Plaintiffs urge that the Court <u>not</u> decide the two cases in a single opinion because the result the last time was that the fair use issues in this case got entirely lost in the shuffle when the case reached the Court of Appeals.

With that in mind, Plaintiffs propose the following schedule on the understanding that all dates may be extended for good cause, and the parties will meet and agree to extend dates where good cause exists.

| <u>Event</u> | <u>Date</u> |
|---|---|
| Defendant may request Plaintiffs to update prior document production, or issue new requests, for documents or answers to the questions identified in Defendant' Opposition February 14, 2019 (doc. # 131). | April 1, 2019 (or 15 days from the date of this Court's order setting the schedule). |
| Plaintiffs shall state any objections to the request. | April 15, 2019 (or 30 days from the date of this Court's order) |
| Plaintiffs will provide responses. | May 1, 2019 (or 45 days from the date of this Court's order) |
| Rule 30(b)(6) deposition on updated sales data, if such deposition is necessary and cannot be addressed by alternative means. | May 1-May 15, 2019 (or 45–60 days from the date of this Court's order) |
| Defendant will depose any government witnesses, and discovery concludes. | Until June 15, 2019 (90 days from the date of the order) |

| | |
|---|---|
| The parties to simultaneously submit opening briefs addressing the fair use remand issues.<br><br>Response briefs. | July 15, 2019.  (120 days from the date of this Court's order.<br><br>August 15, 2019. |
| Defendant reserves the right to request, and the Court (of course) reserves the right, to hear, argument concurrent with the *ASTM* matter. | Hearing date to be set by the Court |

## PUBLIC RESOURCE'S PROPOSAL

To allow for document discovery, interrogatories, and depositions, including depositions of government officials that may take additional time to schedule, Public Resource proposes the following schedule:

| Event | Deadline |
|---|---|
| Deadline for serving additional document requests and interrogatories | May 16, 2019 |
| Deadline for substantial completion of document production | June 20, 2019 |
| Close of fact discovery | August 1, 2019 |

Public Resource requests a longer interval before the deadline for serving discovery requests to allow for follow up requests that may be required due to objections and responses to earlier rounds of discovery requests.  Public Resource will work diligently and in good faith to resolve any disagreements, but disputes may arise.[2]

---

[2] For example, while meeting and conferring on this joint filing, Plaintiffs argued that their document production will be limited because "Plaintiffs do not communicate with government officials to solicit incorporation in regulations or enforcement of 1999 Standards," and therefore no such documents exist.  Based on documents Plaintiffs filed in their prior summary judgment motion, Public Resource believes this is incorrect.  *See, e.g.*, Dkts. 60-53, 60-54, and 60-55 (letters to United States senators encouraging them to cosponsor a bill that "would require that

After the close of discovery, Public Resource urges the Court to consolidate briefing in this case with briefing in the *ASTM* case (with a short hiatus in this case).  If these cases return to the D.C. Circuit, both cases (and their respective standards) will be evaluated together; it is in the best interests of all parties and the Court to attempt to analyze and categorize all standards together when conducting the fair use analysis, rather than allowing one case to proceed ahead of the other.  If the Court chooses to consolidate, Public Resource proposes the following:

| Event | Deadline |
|---|---|
| Consolidated opening cross-motions for summary judgment | October 17, 2019 |
| Amicus briefs | November 14, 2019 |
| Consolidated opposition briefs | December 5, 2019 |
| Consolidated reply briefs | December 19, 2019 |

If the Court does not believe that consolidation for the purposes of summary judgment is appropriate, Public Resource requests a staggered briefing schedule, similar to the schedule for the first summary judgment briefing, to help ensure that it has an adequate opportunity to respond to each Plaintiff without overwhelming its pro bono resources.

| Event | Deadline |
|---|---|
| **[ASTM]** ASTM Plaintiffs' opening motion for summary judgment | October 17, 2019 |
| **[ASTM]** Public Resource's joint opening motion for summary judgment/opposition to ASTM Plaintiffs' motion | November 14, 2019 |
| **[AERA]** AERA Plaintiffs' opening motion for summary judgment | November 14, 2019 |

---

assessments meet *The Standards for Educational and Psychological Testing* (1999) . . . .) (italics in original).

| Event | Deadline |
|---|---|
| **[ASTM]** Amicus briefs due | December 5, 2019 |
| **[ASTM]** Plaintiffs' joint reply/opposition to Public Resource's motion for summary judgment | December 12, 2019 |
| **[AERA]** Public Resource's joint opening motion for summary judgment/opposition to AERA Plaintiffs' motion | December 12, 2019 |
| **[ASTM]** Public Resource's reply | December 30, 2019 |
| **[AERA]** Amicus briefs due | January 9, 2020 |
| **[AERA]** Plaintiffs' joint reply/opposition to Public Resource's motion for summary judgment | January 16, 2020 |
| **[AERA]** Public Resource's reply | January 30, 2020 |

Respectfully submitted,

/s/ Andrew P. Bridges                          /s/ Clifton S. Elgarten
Corynne McSherry (pro hac vice)                Clifton S. Elgarten (D.C. Bar # 366898)
corynne@eff.org                                celgarten@crowell.com
Mitchell L. Stoltz (D.C. Bar No. 978149)       Crowell & Moring LLP
mitch@eff.org                                  1001 Pennsylvania Ave., N.W.
Electronic Frontier Foundation                 Washington, D.C. 20004
815 Eddy Street                                Telephone: (202) 624-2523
San Francisco, CA  94109
Telephone: (415) 436-9333                      *Counsel for Plaintiffs*

Andrew P. Bridges (D.C. Bar No. AR0002)
abridges@fenwick.com
Matthews B. Becker (pro hac vice)
mbecker@fenwick.com
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: (415) 875-2300

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC  20005
Telephone: (202) 90-3434

*Attorneys for Defendant/Counterclaim-*
*Plaintiff Public.Resource.Org, Inc.*

Dated: March 12, 2019