# EXHIBIT C

Case No. 1:14-cv-00857-TSC-DAR

# BYLAWS OF PUBLIC.RESOURCE.ORG, INC.

## ARTICLE I: OFFICES OF PUBLIC.RESOURCE.ORG, INC.

**SECTION 1.1: PRINCIPAL OFFICE.** The principal office of Public.Resource.Org, Inc. shall be at 1005 Gravenstein Highway North, Sebastopol, CA 95472, or at such other place as the Board of trustees shall designate from time to time. The business of Public.Resource.Org, Inc. shall be transacted from the principal office, and the records of Public.Resource.Org, Inc. shall be kept there.

**SECTION 1.2: OTHER OFFICES.** Public.Resource.Org, Inc. may also have offices at such other places, within or without the State of California and within or without the United States, where it is qualified to do business, as its business may require, and as the Board of Trustees may, from time to time, designate.

## ARTICLE II: PURPOSES OF PUBLIC.RESOURCE.ORG, INC.

**SECTION 2.1. OBJECTIVES AND PURPOSES.** The objectives and purposes of Public.Resource.Org, Inc. shall be: to create, architect, design, implement, operate and maintain public works projects on the Internet for EDUCATIONAL, CHARITABLE, AND SCIENTIFIC PURPOSES to the benefit of the general public and the public interest; to increase and diffuse knowledge about the Internet in its broadest sense; to promote and facilitate the expansion, development, and growth of the public infrastructure of the Internet by any means consistent with the public interest through other activities, including, but not limited to, publications, meetings, conferences, training, educational seminars, and the issuance of grants and other financial support to educational institutions, foundations and other organizations exclusively for EDUCATIONAL, CHARITABLE, AND SCIENTIFIC PURPOSES.

## ARTICLE 3: BOARD OF TRUSTEES

**SECTION 3.1. NUMBER.** Public.Resource.Org, Inc. shall have at least 3 (three) trustees and no more than 5 (five) trustees and collectively they shall be known as the Board of Trustees. The maximum and minimum number may be changed by amendment of this bylaw, or by repeal of this bylaw and adoption of a new bylaw, as provided in these BYLAWS.

**SECTION 3.2. POWERS.** Subject to the provisions of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW and any limitations in the ARTICLES OF INCORPORATION and BYLAWS relating to action required or permitted to be taken or approved by the members of this corporation, the activities and affairs of this corporation shall be conducted and all corporate powers shall be exercised by or under the direction of the Board of Trustees.

**SECTION 3.3. DUTIES.** It shall be the duty of the trustees to:

a. Perform any and all duties imposed on them collectively or individually by law, by the ARTICLES OF INCORPORATION of this corporation, or by these BYLAWS;

b. Appoint and remove, employ and discharge, and, except as otherwise provided in these BYLAWS, prescribe the duties and fix the compensation, if any, of all officers, agents, and employees of the corporation;

c. Supervise all officers, agents, and employees of the corporation to assure that their duties are performed properly;

d. Meet at such times and places as required by these BYLAWS;

EXHIBIT
Malamud
17
5/12/15
PENGAD 800-631-6989

Case 1:14-cv-00857-TSC Document 34-61 Filed 12/04/15 Page 3 of 24

e. Register their addresses and URLs with the secretary of the corporation and notices of meetings mailed, emailed, or telegraphed to them at such addresses shall be valid notices thereof.

**SECTION 3.4. TERMS OF OFFICE.**   Each trustee shall hold office until the next annual meeting for election of the Board of Trustees as specified in these BYLAWS, and until his or her successor is elected and qualifies.

**SECTION 3.5. COMPENSATION.**   Trustees shall serve without compensation. They shall be allowed reasonable advancement or reimbursement of expenses incurred in the performance of their regular duties as specified in Section 3.3 of this Article. Trustees may not be compensated for rendering services to the corporation in any capacity other than trustee unless such other compensation is reasonable and is allowable under the provisions of Section 3.6 of this Article. Any payments to trustees shall be approved in advance in accordance with this corporation's conflict of interest policy, as set forth in Article 9 of these BYLAWS.

**SECTION 3.6. RESTRICTION REGARDING INTERESTED TRUSTEES.**   Notwithstanding any other provision of these BYLAWS, not more than forty-nine percent (49%) of the persons serving on the board may be interested persons. For purposes of this Section, "interested persons" means either:

a. Any person currently being compensated by the corporation for services rendered it within the previous twelve (12) months, whether as a full- or part-time officer or other employee, independent contractor, or otherwise, excluding any reasonable compensation paid to a trustee as trustee; or

b. Any brother, sister, ancestor, descendant, spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law, or father-in-law of any such person.

**SECTION 3.7. PLACE OF MEETINGS.**   Meetings shall be held at the principal office of Public.Resource.Org, Inc. unless otherwise provided by the board or at such place within or without the State of California and within or without the United States which has been designated from time to time by resolution of the Board of Trustees.

Any meeting, regular or special, may be held by conference telephone, Internet, or other communications channel. Participation in a meeting constitutes presence in person at that meeting if all of the following apply:

a. Each trustee participating in the meeting can communicate with all of the other trustees concurrently;

b. Each trustee is provided the means of participating in all matters before the board, including, without limitation, the capacity to propose, or to interpose an objection to, a specific action to be taken by the corporation; and

c. The corporation adopts and implements some means of verifying 1) that all persons participating in the meeting are trustees of the corporation or are otherwise entitled to participate in the meeting, and 2) that all actions of, or votes by, the board are taken and cast only by trustees and not by persons who are not trustees.

**SECTION 3.8. REGULAR AND ANNUAL MEETINGS .**   Regular meetings of trustees shall be called by the chairperson no less frequently than four times per year. The annual meeting of the Board of Trustees shall be called by the chairperson no less frequently and no more frequently than once per year.

**SECTION 3.9. SPECIAL MEETINGS.**   Special meetings of the Board of Trustees may be called by

the chairperson of the board, the president, the vice president, the secretary, or by any two trustees, and such meetings shall be held at the place, within or without the State of California and within or without the United States, designated by the person or persons calling the meeting, and in the absence of such designation, at the principal office of the corporation.

**SECTION 3.10. NOTICE OF MEETINGS.** Meetings of the board shall be held upon four days' notice by first-class mail or forty-eight (48) hours' notice delivered personally or by telephone, telegraph, telefax, or Internet. The notice shall be deemed to be delivered on its deposit in the mails or on its delivery to the telegraph company or other service provider. Such notices shall be addressed to each trustee at his or her address and URLs as shown on the books of the corporation.

**SECTION 3.11. CONTENTS OF NOTICE.** Notice of meetings not herein dispensed with shall specify the place, day, and hour of the meeting. The purpose of any board meeting need not be specified in the notice.

**SECTION 3.12. WAIVER OF NOTICE AND CONSENT TO HOLDING MEETINGS.** The transactions of any meeting of the board, however called and noticed or wherever held, are as valid as though the meeting had been duly held after proper call and notice, provided a quorum, as hereinafter defined, is present and provided that either before or after the meeting each trustee not present signs a waiver of notice, a consent to holding the meeting, or an approval of the minutes thereof. All such waivers, consents, or approvals shall be filed with the corporate records or made a part of the minutes of the meeting.

**SECTION 3.13. QUORUM FOR MEETINGS.** A quorum shall consist of the majority of the Board of Trustees.

Except as otherwise provided in these BYLAWS or in the ARTICLES OF INCORPORATION of this corporation, or by law, no business shall be considered by the board at any meeting at which a quorum, as hereinafter defined, is not present, and the only motion which the chair shall entertain at such meeting is a motion to adjourn. However, a majority of the trustees present at such meeting may adjourn from time to time until the time fixed for the next regular meeting of the board.

When a meeting is adjourned for lack of a quorum, it shall not be necessary to give any notice of the time and place of the adjourned meeting or of the business to be transacted at such meeting, other than by announcement at the meeting at which the adjournment is taken, except as provided in Section 3.10 of this Article.

The trustees present at a duly called and held meeting at which a quorum is initially present may continue to do business notwithstanding the loss of a quorum at the meeting due to a withdrawal of trustees from the meeting, provided that any action thereafter taken must be approved by at least a majority of the required quorum for such meeting or such greater percentage as may be required by law, or the ARTICLES OF INCORPORATION or BYLAWS of this corporation.

**SECTION 3.14. MAJORITY ACTION AS BOARD ACTION.** Every act or decision done or made by a majority of the trustees present at a meeting duly held at which a quorum is present is the act of the Board of Trustees, unless the ARTICLES OF INCORPORATION or BYLAWS of this corporation, or provisions of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW, particularly those provisions relating to appointment of committees (Section 5212), approval of contracts or transactions in which a trustee has a material financial interest ( Section 5233), and indemnification of trustees (Section 5238e), require a greater percentage or different voting rules for approval of a matter by the board.

**SECTION 3.15. CONDUCT OF MEETINGS.** Meetings of the Board of Trustees shall be presided over by the chairperson of the board, or, if no such person has been so designated or, in his or her absence, the president of the corporation or, in his or her absence, by the vice president of the corporation or, in the absence of each of these persons, by a chairperson chosen by a majority of the trustees present at the meeting. The secretary of the corporation shall act as secretary of all

meetings of the board, provided that, in his or her absence, the presiding officer shall appoint another person to act as secretary of the meeting.

Meetings shall be governed by Robert's Rules of Order Newly Revised, 10th Edition, as such rules may be revised from time to time, insofar as such rules are not inconsistent with or in conflict with these BYLAWS, with the ARTICLES OF INCORPORATION of this corporation, or with provisions of law.

**SECTION 3.16. ACTION BY UNANIMOUS WRITTEN CONSENT WITHOUT MEETING.** Any action required or permitted to be taken by the Board of Trustees under any provision of law may be taken without a meeting, if all members of the board shall individually or collectively consent in writing to such action. For the purposes of this Section only, "all members of the board" shall not include any "interested trustee" as defined in Section 5233 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW. Such written consent or consents shall be filed with the minutes of the proceedings of the board. Such action by written consent shall have the same force and effect as the unanimous vote of the trustees. Any certificate or other document filed under any provision of law which relates to action so taken shall state that the action was taken by unanimous written consent of the Board of Trustees without a meeting and that the BYLAWS of this corporation authorize the trustees to so act, and such statement shall be prima facie evidence of such authority.

The term "written consent" shall include electronic mail that has been cryptographically signed using a standard such as that documented in the Internet Engineering Task Force Request for Comment 2440 or other standards as the Board of Trustees shall designate from time to time.

**SECTION 3.17. VACANCIES.** Vacancies on the Board of Trustees shall exist on the death, resignation, or removal of any trustee, and whenever the number of authorized trustees is increased.

The Board of Trustees may declare vacant the office of a trustee who has been declared of unsound mind by a final order of court, or convicted of a felony, or been found by a final order or judgment of any court to have breached any duty under Section 5230 and following of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

If the corporation has fewer than fifty (50) members, trustees may be removed without cause by a majority of all members, or, if the corporation has fifty (50) or more members, by vote of a majority of the votes represented at a membership meeting at which a quorum is present.

If this corporation has no members, trustees may be removed without cause by a majority of the trustees then in office.

Any trustee may resign effective upon giving written notice to the chairperson of the board, the president, the secretary, or the Board of Trustees, unless the notice specifies a later time for the effectiveness of such resignation. No trustee may resign if the corporation would then be left without a duly elected trustee or trustees in charge of its affairs, except upon notice to the attorney general.

Vacancies on the board may be filled by approval of the board or, if the number of trustees then in office is less than a quorum, by the unanimous written consent of the trustees then in office, the affirmative vote of a majority of the trustees then in office at a meeting held pursuant to notice or waivers of notice complying with this Article of these BYLAWS, or a sole remaining trustee. If this corporation has members, however, vacancies created by the removal of a trustee may be filled only by the approval of the members. The members of this corporation may elect a trustee at any time to fill any vacancy not filled by the trustees.

A person elected to fill a vacancy as provided by this Section shall hold office until the next annual election of the Board of Trustees or until his or her death, resignation, or removal from office.

**SECTION 3.18. NONLIABILITY OF TRUSTEES.** The trustees shall not be personally liable for the debts, liabilities, or other obligations of the corporation.

**SECTION 3.19. INDEMNIFICATION BY CORPORATION OF TRUSTEES, OFFICERS, EMPLOYEES, AND OTHER AGENTS.** To the extent that a person who is, or was, a trustee, officer, employee, or other agent of this corporation has been successful on the merits in defense of any civil, criminal, administrative, or investigative proceeding brought to procure a judgment against such person by reason of the fact that he or she is, or was, an agent of the corporation, or has been successful in defense of any claim, issue, or matter, therein, such person shall be indemnified against expenses actually and reasonably incurred by the person in connection with such proceeding.

If such person either settles any such claim or sustains a judgment against him or her, then indemnification against expenses, judgments, fines, settlements, and other amounts reasonably incurred in connection with such proceedings shall be provided by this corporation but only to the extent allowed by, and in accordance with the requirements of, Section 5238 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

**SECTION 3.20. INSURANCE FOR CORPORATE AGENTS.** The Board of Trustees may adopt a resolution authorizing the purchase and maintenance of insurance on behalf of any agent of the corporation (including a trustee, officer, employee, or other agent of the corporation) against any liability other than for violating provisions of law relating to self-dealing (Section 5233 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW) asserted against or incurred by the agent in such capacity or arising out of the agent's status as such, whether or not the corporation would have the power to indemnify the agent against such liability under the provisions of Section 5238 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

## ARTICLE 4: OFFICERS

**SECTION 4.1. NUMBER OF OFFICERS.** The officers of the corporation shall be a president, a secretary, and a chief financial officer who shall be designated the treasurer. The corporation may also have, as determined by the Board of Trustees, a chairperson of the board, none or more vice presidents, assistant secretaries, assistant treasurers, or other officers. Any number of offices may be held by the same person except that neither the secretary nor the treasurer may serve as the president or chairperson of the board.

**SECTION 4.2. QUALIFICATION, ELECTION, AND TERM OF OFFICE.** Any person may serve as an officer of this corporation. Officers shall be elected by the Board of Trustees, at any time, and each officer shall hold office until he or she resigns, is removed, or is otherwise disqualified to serve, or until his or her successor shall be elected and qualified, whichever occurs first.

**SECTION 4.3. SUBORDINATE OFFICERS.** The Board of Trustees may appoint such other officers or agents as it may deem desirable, and such officers shall serve such terms, have such authority, and perform such duties as may be prescribed from time to time by the Board of Trustees.

**SECTION 4.4. REMOVAL AND RESIGNATION.** Any officer may be removed, either with or without cause, by the Board of Trustees, at any time. Any officer may resign at any time by giving written notice to the board of trustees or to the president or secretary of the corporation. Any such resignation shall take effect at the date of receipt of such notice or at any later date specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. The above provisions of this Section shall be superseded by any conflicting terms of a contract which has been approved or ratified by the Board of Trustees relating to the employment of any officer of the corporation.

**SECTION 4.5. VACANCIES.** Any vacancy caused by the death, resignation, removal, disqualification, or otherwise, of any officer shall be filled by the Board of Trustees. In the event of a vacancy in any office other than that of president, such vacancy may be filled temporarily by appointment by the president until such time as the board shall fill the vacancy. Vacancies occurring in offices of officers appointed at the discretion of the board may or may not be filled as the board shall determine.

**SECTION 4.6. DUTIES OF PRESIDENT.** The president shall be the chief executive officer of the corporation and shall, subject to the control of the Board of Trustees, supervise and control the affairs of the corporation and the activities of the officers. He or she shall perform all duties incident to his or her office and such other duties as may be required by law, by the ARTICLES OF INCORPORATION of this corporation, or by these BYLAWS, or which may be prescribed from time to time by the Board of Trustees. Unless another person is specifically appointed as chairperson of the Board of Trustees, he or she shall preside at all meetings of the Board of Trustees. If applicable, the president shall preside at all meetings of the members. Except as otherwise expressly provided by law, by the ARTICLES OF INCORPORATION, or by these BYLAWS, he or she shall, in the name of the corporation, execute such deeds, mortgages, bonds, contracts, checks, or other instruments which may from time to time be authorized by the Board of Trustees.

**SECTION 4.7. DUTIES OF VICE PRESIDENT.** In the absence of the president, or in the event of his or her inability or refusal to act, the vice president shall perform all the duties of the president, and when so acting shall have all the powers of, and be subject to all the restrictions on, the president. The vice president shall have other powers and perform such other duties as may be prescribed by law, by the ARTICLES OF INCORPORATION, or by these BYLAWS, or as may be prescribed by the Board of Trustees.

**SECTION 4.8. DUTIES OF SECRETARY.** The secretary shall:

a. Certify and keep at the principal office of the corporation the original, or a copy of these BYLAWS as amended or otherwise altered to date.

b. Keep at the principal office of the corporation or at such other place as the board may determine, a book of minutes of all meetings of the trustees, and, if applicable, meetings of committees of trustees and of members, recording therein the time and place of holding, whether regular or special, how called, how notice thereof was given, the names of those present or represented at the meeting, and the proceedings thereof.

c. See that all notices are duly given in accordance with the provisions of these BYLAWS or as required by law.

d. Be custodian of the records and of the seal of the corporation and see that the seal is affixed to all duly executed documents, the execution of which on behalf of the corporation under its seal is authorized by law or these BYLAWS.

e. Keep at the principal office of the corporation a membership book containing the name and address of each and any member, and, in the case where any membership has been terminated, the secretary shall record such fact in the membership book together with the date on which such membership ceased.

f. Exhibit at all reasonable times to any trustee of the corporation, or to his or her agent or attorney, on request therefor, the BYLAWS, the membership book, and the minutes of the proceedings of the trustees of the corporation.

g. In general, perform all duties incident to the office of secretary and such other duties as may be required by law, by the ARTICLES OF INCORPORATION of this corporation, or by these BYLAWS, or which may be assigned to him or her from time to time by the Board of Trustees.

**SECTION 4.9. DUTIES OF TREASURER.** Subject to the provisions of these BYLAWS in Article 6 relating to the "Execution of Instruments, Deposits, and Funds," the treasurer shall:

a. Have charge and custody of, and be responsible for, all funds and securities of the corporation, and deposit all such funds in the name of the corporation in such banks, trust companies, or other depositories as shall be selected by the Board of Trustees.

b. Receive, and give receipt for, monies due and payable to the corporation from any source whatsoever.

c. Disburse, or cause to be disbursed, the funds of the corporation as may be directed by the Board of Trustees, taking proper vouchers for such disbursements.

d. Keep and maintain adequate and correct accounts of the corporation's properties and business transactions, including accounts of its assets, liabilities, receipts, disbursements, gains and losses.

e. Exhibit at all reasonable times the books of account and financial records to any trustee of the corporation, or to his or her agent or attorney, on request therefor.

f. Render to the president and trustees, whenever requested, an account of any or all of his or her transactions as treasurer and of the financial condition of the corporation.

g. Prepare, or cause to be prepared, and certify, or cause to be certified, the financial statements to be included in any required reports.

h. In general, perform all duties incident to the office of treasurer and such other duties as may be required by law, by the **ARTICLES OF INCORPORATION** of the corporation, or by these **BYLAWS**, or which may be assigned to him or her from time to time by the Board of Trustees.

**SECTION 4.10. COMPENSATION.** The salaries of the officers, if any, shall be fixed from time to time by resolution of the Board of Trustees, and no officer shall be prevented from receiving such salary by reason of the fact that he or she is also a trustee of the corporation, provided, however, that such compensation paid a trustee for serving as an officer of this corporation shall only be allowed if permitted under the provisions of Article 3, Section 3.6, of these **BYLAWS**. In all cases, any salaries received by officers of this corporation shall be reasonable and given in return for services actually rendered for the corporation which relate to the performance of the charitable or public purposes of this corporation. All officer salaries shall be approved in advance in accordance with this corporation's conflict of interest policy, as set forth in Article 9 of these **BYLAWS**.

## ARTICLE 5: COMMITTEES

**SECTION 5.1. EXECUTIVE COMMITTEE OF THE BOARD.** The Board of Trustees may, by a majority vote of trustees, designate two or more of its members (who may also be serving as officers of this corporation) to constitute an executive committee of the board and delegate to such committee any of the powers and authority of the board in the management of the business and affairs of the corporation, except with respect to:

a. The approval of any action which, under law or the provisions of these **BYLAWS**, requires the approval of the members or of a majority of all of the members.

b. The filling of vacancies on the board or on any committee that has the authority of the board.

c. The fixing of compensation of the trustees for serving on the board or on any committee.

d. The amendment or repeal of **BYLAWS** or the adoption of new **BYLAWS**.

e. The amendment or repeal or any resolution of the board which by its express terms is not so amendable or repealable.

f. The appointment of committees of the board or the members thereof.

g. The expenditure of corporate funds to support a nominee for trustee after there are more people nominated for trustee than can be elected.

h. The approval of any transaction to which this corporation is a party and in which one or more of the trustees has a material financial interest, except as expressly provided in Section 5233 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

By a majority vote of its members then in office, the board may at any time revoke or modify any or all of the authority so delegated, increase or decrease but not below two the number of its members, and fill vacancies therein from the members of the board. The committee shall keep regular minutes of its proceedings, cause them to be filed with the corporate records, and report the same to the board from time to time as the board may require.

**SECTION 5.2. OTHER COMMITTEES.**   The corporation shall have such other committees as may from time to time be designated by resolution of the Board of Trustees. Such other committees may consist of persons who are not also members of the board. These additional committees shall act in an advisory capacity only to the board and shall be clearly titled as "advisory" committees.

**SECTION 5.3. MEETINGS AND ACTION OF COMMITTEES.**   Meetings and action of committees shall be governed by, noticed, held, and taken in accordance with the provisions of these BYLAWS concerning meetings of the Board of Trustees, with such changes in the context of such bylaw provisions as are necessary to substitute the committee and its members for the Board of Trustees and its members, except that the time for regular meetings of committees may be fixed by resolution of the Board of Trustees or by the committee. The time for special meetings of committees may also be fixed by the Board of Trustees. The Board of Trustees may also adopt rules and regulations pertaining to the conduct of meetings of committees to the extent that such rules and regulations are not inconsistent with the provisions of these BYLAWS.

**SECTION 5.4. AUDIT COMMITTEE.** The Board shall appoint an Audit Committee. The committee may be comprised of one or more persons and may include persons other than trustees of the corporation.

The membership of the Audit Committee shall not include the following persons:

a. The chairperson of the Board;

b. The treasurer of the corporation;

c. Any employee of the corporation; or

d. Any person with a material financial interest in any entity doing business with the corporation.

In the event that the Board appoints a Finance Committee, members of the Finance Committee must constitute less than one-half of the membership of the Audit Committee and the Chair of the Finance Committee shall not serve on the Audit Committee. The Audit Committee shall make recommendations to the Board of Trustees regarding the hiring and termination of an auditor, who shall be an independent certified public accountant, and may be authorized by the Board to negotiate the auditor's salary. The Audit Committee shall confer with the auditor to satisfy its members that the corporation's financial affairs are in order, and shall review and determine whether to accept the audit.

In the event that the auditor's firm provides non-audit services to the corporation, the Audit Committee shall ensure that the auditor's firm adheres to the standards for auditor independence set forth in the latest revision of the Government Auditing Standards published by the Comptroller General of the United States, or any standards promulgated by the Attorney General of California.

## ARTICLE 6: EXECUTION OF INSTRUMENTS, DEPOSITS, & FUNDS

**SECTION 6.1. EXECUTION OF INSTRUMENTS.** The Board of Trustees, except as otherwise provided in these BYLAWS, may by resolution authorize any officer or agent of the corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances. Unless so authorized, no officer, agent, or employee shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable monetarily for any purpose or in any amount.

**SECTION 6.2. CHECKS AND NOTES.** Except as otherwise specifically determined by resolution of the Board of Trustees, or as otherwise required by law, checks, drafts, promissory notes, orders for the payment of money, and other evidence of indebtedness of the corporation shall be signed by the treasurer or the president of the corporation.

**SECTION 6.3. DEPOSITS.** All funds of the corporation shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositories as the Board of Trustees may select.

**SECTION 6.4. GIFTS.** The Board of Trustees may accept on behalf of the corporation any contribution, gift, bequest, or devise for the charitable or public purposes of this corporation.

## ARTICLE 7: CORPORATE RECORDS, REPORTS, & SEAL

**SECTION 7.1. MAINTENANCE OF CORPORATE RECORDS.** The corporation shall keep at its principal office in the State of California:

a. Minutes of all meetings of trustees, committees of the board and, if this corporation has members, of all meetings of members, indicating the time and place of holding such meetings, whether regular or special, how called, the notice given, and the names of those present and the proceedings thereof;

b. Adequate and correct books and records of account, including accounts of its properties and business transactions and accounts of its assets, liabilities, receipts, disbursements, gains, and losses;

c. A record of its members indicating their names and addresses and, if applicable, the class of membership held by each member and the termination date of any membership;

d. A copy of the corporation's ARTICLES OF INCORPORATION and BYLAWS as amended to date, which shall be open to inspection by the members of the corporation at all reasonable times during office hours.

**SECTION 7.2. CORPORATE SEAL.** The Board of Trustees may adopt, use, and at will alter, a corporate seal. Such seal shall be kept at the principal office of the corporation. Failure to affix the seal to corporate instruments, however, shall not affect the validity of any such instrument.

**SECTION 7.3. TRUSTEES' INSPECTION RIGHTS.** Every trustee shall have the absolute right at any reasonable time to inspect and copy all books, records, and documents of every kind and to inspect the physical properties of the corporation.

**SECTION 7.4. MEMBERS' INSPECTION RIGHTS.** If this corporation has any members, then each and every member shall have the following inspection rights, for a purpose reasonably related to such person's interest as a member:

a. To inspect and copy the record of all members' names, addresses, and voting rights, at reasonable times, upon five business days' prior written demand on the corporation, which demand shall state the purpose for which the inspection rights are requested.

b. To obtain from the secretary of the corporation, upon written demand and payment of a

reasonable charge, an alphabetized list of the names, addresses, and voting rights of those members entitled to vote for the election of trustees as of the most recent record date for which the list has been compiled or as of the date specified by the member subsequent to the date of demand. The demand shall state the purpose for which the list is requested. The membership list shall be made available on or before the later of ten (10) business days after the demand is received or after the date specified therein as of which the list is to be compiled.

c. To inspect at any reasonable time the books, records, or minutes of proceedings of the members or of the board or committees of the board, upon written demand on the corporation by the member, for a purpose reasonably related to such person's interests as a member.

**SECTION 7.5. RIGHT TO COPY AND MAKE EXTRACTS.**  Any inspection under the provisions of this Article may be made in person or by agent or attorney and the right to inspection includes the right to copy and make extracts.

**SECTION 7.6. ANNUAL REPORT.**  The board shall cause an annual report to be furnished not later than one hundred and twenty (120) days after the close of the corporation's fiscal year to all trustees of the corporation and, if this corporation has members, to any member who requests it in writing, which report shall contain the following information in appropriate detail:

a. The assets and liabilities, including the trust funds, of the corporation as of the end of the fiscal year;

b. The principal changes in assets and liabilities, including trust funds, during the fiscal year;

c. The revenue or receipts of the corporation, both unrestricted and restricted to particular purposes, for the fiscal year;

d. The expenses or disbursements of the corporation, for both general and restricted purposes, during the fiscal year;

e. Any information required by Section 7.7 of this Article.

The annual report shall be accompanied by any report thereon of independent accountants, or, if there is no such report, the certificate of an authorized officer of the corporation that such statements were prepared without audit from the books and records of the corporation.

If this corporation has members, then, if this corporation receives Twenty-Five Thousand Dollars ($25,000), or more, in gross revenues or receipts during the fiscal year, this corporation shall automatically send the above annual report to all members, in such manner, at such time, and with such contents, including an accompanying report from independent accountants or certification of a corporate officer, as specified by the above provisions of this Section relating to the annual report.

**SECTION 7.7. ANNUAL STATEMENT OF SPECIFIC TRANSACTIONS TO MEMBERS.**  This corporation shall mail or deliver to all trustees and any and all members a statement within one hundred and twenty (120) days after the close of its fiscal year which briefly describes the amount and circumstances of any indemnification or transaction of the following kind:

Any transaction in which the corporation, or its parent or its subsidiary, was a party, and in which either of the following had a direct or indirect material financial interest:

a. Any trustee or officer of the corporation, or its parent or its subsidiary (a mere common trusteeship shall not be considered a material financial interest); or

b. Any holder of more than ten percent (10%) of the voting power of the corporation, its parent, or its subsidiary.

The above statement need only be provided with respect to a transaction during the previous fiscal year involving more than Fifty Thousand Dollars ($50,000) or which was one of a number of transactions with the same persons involving, in the aggregate, more than Fifty Thousand Dollars ($50,000).

Similarly, the statement need only be provided with respect to indemnifications or advances aggregating more than Ten Thousand Dollars ($10,000) paid during the previous fiscal year to any trustee or officer, except that no such statement need be made if such indemnification was approved by the members pursuant to Section 5238 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

Any statement required by this Section shall briefly describe the names of the interested persons involved in such transactions, stating each person's relationship to the corporation, the nature of such person's interest in the transaction, and, where practical, the amount of such interest, provided that in the case of a transaction with a partnership of which such person is a partner, only the interest of the partnership need be stated.

The annual report shall include the information required by this Section.

**SECTION 7.8. PREPARATION OF ANNUAL FINANCIAL STATEMENTS.** The corporation shall prepare annual financial statements using generally accepted accounting principles. Such statements shall be audited by an independent certified public accountant, in conformity with generally accepted accounting standards, under supervision of the Audit Committee established by these bylaws. The corporation shall make these financial statements available to the California Attorney General and members of the public for inspection no later than nine (9) months after the close of the fiscal year to which the statements relate.

## ARTICLE 8: FISCAL YEAR

**SECTION 8.1. FISCAL YEAR OF THE CORPORATION.** The fiscal year of the corporation shall be the calendar year. The calendar shall be the lawful official calender of the State of California or other calendar as the Board of Trustees shall designate from time to time.

## ARTICLE 9: CONFLICT OF INTEREST AND COMPENSATION APPROVAL POLICIES

**SECTION 9.1. PURPOSE OF CONFLICT OF INTEREST POLICY.** The purpose of this conflict of interest policy is to protect this tax-exempt corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an officer or trustee of the corporation or any "disqualified person" as defined in Section 4958 of the INTERNAL REVENUE CODE and as amplified by Section 53.4958-3 of the IRS REGULATIONS and which might result in a possible "excess benefit transaction" as defined in Section 4958(A) of the INTERNAL REVENUE CODE and as amplified by Section 53.4958 of the IRS REGULATIONS. This policy is intended to supplement but not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit and charitable organizations.

**SECTION 9.2. DEFINITIONS.**

a. Interested Person. Any trustee, principal officer, member of a committee with governing board delegated powers, or any other person who is a "disqualified person" as defined in Section 4958 of the INTERNAL REVENUE CODE and as amplified by Section 53.4958-3 of the IRS REGULATIONS, who has a direct or indirect financial interest, as defined below, is an interested person.

b. Financial Interest. A person has a financial interest if the person has, directly or indirectly,

through business, investment, or family:

    1. an ownership or investment interest in any entity with which the corporation has a transaction or arrangement,

    2. a compensation arrangement with the corporation or with any entity or individual with which the corporation has a transaction or arrangement, or

    3. a potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the corporation is negotiating a transaction or arrangement.

c. Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial.

d. A financial interest is not necessarily a conflict of interest. Under Section 9.3, paragraph B, a person who has a financial interest may have a conflict of interest only if the appropriate governing board or committee decides that a conflict of interest exists.

**SECTION 9.3. CONFLICT OF INTEREST AVOIDANCE PRODEDURES.**

a. Duty to Disclose. In connection with any actual or possible conflict of interest, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the trustees and members of committees with governing board delegated powers considering the proposed transaction or arrangement.

b. Determining Whether a Conflict of Interest Exists. After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the governing board or committee meeting while the determination of a conflict of interest is discussed and voted upon. The remaining board or committee members shall decide if a conflict of interest exists.

c. Procedures for Addressing the Conflict of Interest. An interested person may make a presentation at the governing board or committee meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or arrangement involving the possible conflict of interest.

The chairperson of the governing board or committee shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement. After exercising due diligence, the governing board or committee shall determine whether the corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.

If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the governing board or committee shall determine by a majority vote of the disinterested trustees whether the transaction or arrangement is in the corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination, it shall make its decision as to whether to enter into the transaction or arrangement.

d. Violations of the Conflicts of Interest Policy. If the governing board or committee has reasonable cause to believe a member has failed to disclose actual or possible conflicts of interest, it shall inform the member of the basis for such belief and afford the member an opportunity to explain the alleged failure to disclose.

If, after hearing the member's response and after making further investigation as warranted

by the circumstances, the governing board or committee determines the member has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary and corrective action.

**SECTION 9.4. RECORDS OF BOARD AND BOARD COMMITTEE PROCEEDINGS.** The minutes of meetings of the governing board and all committees with board delegated powers shall contain:

a. The names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the governing board's or committee's decision as to whether a conflict of interest in fact existed.

b. The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

**SECTION 9.5. COMPENSATION APPROVAL POLICIES.** A voting member of the governing board who receives compensation, directly or indirectly, from the corporation for services is precluded from voting on matters pertaining to that member's compensation.

A voting member of any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the corporation for services is precluded from voting on matters pertaining to that member's compensation.

No voting member of the governing board or any committee whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the corporation, either individually or collectively, is prohibited from providing information to any committee regarding compensation.

When approving compensation for trustees, officers and employees, contractors, and any other compensation contract or arrangement, in addition to complying with the conflict of interest requirements and policies contained in the preceding and following sections of this article as well as the preceding paragraphs of this section of this article, the board or a duly constituted compensation committee of the board shall also comply with the following additional requirements and procedures:

a. the terms of compensation shall be approved by the board or compensation committee prior to the first payment of compensation.

b. all members of the board or compensation committee who approve compensation arrangements must not have a conflict of interest with respect to the compensation arrangement as specified in IRS Regulation Section 53.4958-6(iii), which generally requires that each board member or committee member approving a compensation arrangement between this organization and a "disqualified person" (as defined in Section 4958 of the Internal Revenue Code and as amplified by Section 53.4958-3 of the **IRS REGULATIONS**):

    1. is not the person who is the subject of compensation arrangement, or a family member of such person;

    2. is not in an employment relationship subject to the direction or control of the person who is the subject of compensation arrangement

    3. does not receive compensation or other payments subject to approval by the person who is the subject of compensation arrangement

    4. has no material financial interest affected by the compensation arrangement; and

    5. does not approve a transaction providing economic benefits to the person who is the subject of the compensation arrangement, who in turn has approved or will approve a transaction providing benefits to the board or committee member.

c. the board or compensation committee shall obtain and rely upon appropriate data as to comparability prior to approving the terms of compensation. Appropriate data may include the following:

    1. compensation levels paid by similarly situated organizations, both taxable and tax-exempt, for functionally comparable positions. "Similarly situated" organizations are those of a similar size and purpose and with similar resources

    2. the availability of similar services in the geographic area of this organization

    3. current compensation surveys compiled by independent firms

    4. actual written offers from similar institutions competing for the services of the person who is the subject of the compensation arrangement.

As allowed by IRS Regulation 4958-6, if this organization has average annual gross receipts (including contributions) for its three prior tax years of less than $1 million, the board or compensation committee will have obtained and relied upon appropriate data as to comparability if it obtains and relies upon data on compensation paid by three comparable organizations in the same or similar communities for similar services.

d. the terms of compensation and the basis for approving them shall be recorded in written minutes of the meeting of the board or compensation committee that approved the compensation. Such documentation shall include:

    1. the terms of the compensation arrangement and the date it was approved

    2. the members of the board or compensation committee who were present during debate on the transaction, those who voted on it, and the votes cast by each board or committee member

    3. the comparability data obtained and relied upon and how the data was obtained.

    4. If the board or compensation committee determines that reasonable compensation for a specific position in this organization or for providing services under any other compensation arrangement with this organization is higher or lower than the range of comparability data obtained, the board or committee shall record in the minutes of the meeting the basis for its determination.

    5. If the board or committee makes adjustments to comparability data due to geographic area or other specific conditions, these adjustments and the reasons for them shall be recorded in the minutes of the board or committee meeting.

    6. any actions taken with respect to determining if a board or committee member had a conflict of interest with respect to the compensation arrangement, and if so, actions taken to make sure the member with the conflict of interest did not affect or participate in the approval of the transaction (for example, a notation in the records that after a finding of conflict of interest by a member, the member with the conflict of interest was asked to, and did, leave the meeting prior to a discussion of the compensation arrangement and a taking of the votes to approve the arrangement).

    7. The minutes of board or committee meetings at which compensation arrangements are approved must be prepared before the later of the date of the next board or committee meeting or 60 days after the final actions of the board or committee are taken with respect to the approval of the compensation arrangements. The minutes

must be reviewed and approved by the board and committee as reasonable, accurate, and complete within a reasonable period thereafter, normally prior to or at the next board or committee meeting following final action on the arrangement by the board or committee.

**SECTION 9.6. ANNUAL STATEMENTS.**   Each trustee, principal officer, and member of a committee with governing board delegated powers shall annually sign a statement which affirms such person:

    a.  has received a copy of the conflicts of interest policy,

    b.  has read and understands the policy,

    c.  has agreed to comply with the policy, and

    d.  understands the corporation is charitable and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

**SECTION 9.7. PERIODIC REVIEWS.**   To ensure the corporation operates in a manner consistent with charitable purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted. The periodic reviews shall, at a minimum, include the following subjects:

    a.  Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's-length bargaining.

    b.  Whether partnerships, joint ventures, and arrangements with management organizations conform to the corporation's written policies, are properly recorded, reflect reasonable investment or payments for goods and services, further charitable purposes, and do not result in inurement, impermissible private benefit, or in an excess benefit transaction.

**SECTION 9.8. USE OF OUTSIDE EXPERTS.**   When conducting the periodic reviews as provided for in Section 9.7, the corporation may, but need not, use outside advisors. If outside experts are used, their use shall not relieve the governing board of its responsibility for ensuring periodic reviews are conducted.

## ARTICLE 10: AMENDMENT OF BYLAWS

**SECTION 10.1. AMENDMENT .**   Subject to any provision of law applicable to the amendment of BYLAWS of public benefit nonprofit corporations, these BYLAWS, or any of them, may be altered, amended, or repealed and new BYLAWS adopted as follows:

    a.  Subject to the power of members to change or repeal these BYLAWS under Section 5150 of the CORPORATIONS CODE, by approval of the Board of Trustees unless the bylaw amendment would materially and adversely affect the rights of members as to voting or transfer, provided, however, if this corporation has admitted any members, then a bylaw specifying or changing the fixed number of trustees of the corporation, the maximum or minimum number of trustees, or changing from a fixed to variable board or vice versa, may not be adopted, amended, or repealed except as provided in subparagraph (b) of this Section; or

    b.  By approval of the members of this corporation.

## ARTICLE 11: AMENDMENT OF ARTICLES

**SECTION 11.1. AMENDMENT OF ARTICLES BEFORE ADMISSION OF MEMBERS.** Before any members have been admitted to the corporation, any amendment of the ARTICLES OF INCORPORATION may be adopted by approval of the Board of Trustees.

**SECTION 11.2. AMENDMENT OF ARTICLES AFTER ADMISSION OF MEMBERS.** After members have been admitted to the corporation, amendment of the ARTICLES OF INCORPORATION may be adopted by the approval of the Board of Trustees and by the approval of the members of this corporation.

**SECTION 11.3. CERTAIN AMENDMENTS.** Notwithstanding the above sections of this Article, this corporation shall not amend its ARTICLES OF INCORPORATION to alter any statement which appears in the original ARTICLES OF INCORPORATION of the names and addresses of the first trustees of this corporation, nor the name and address of its initial agent, except to correct an error in such statement or to delete such statement after the corporation has filed a "Statement by a Domestic Nonprofit Corporation" pursuant to Section 6210 of the CALIFORNIA NONPROFIT CORPORATION LAW.

## ARTICLE 12: PROHIBITION AGAINST SHARING CORPORATE PROFITS AND ASSETS

**SECTION 12.1. PROHIBITION AGAINST SHARING CORPORATE PROFITS AND ASSETS.** No member, trustee, officer, employee, or other person connected with this corporation, or any private individual, shall receive at any time any of the net earnings or pecuniary profit from the operations of the corporation, provided, however, that this provision shall not prevent payment to any such person of reasonable compensation for services performed for the corporation in effecting any of its public or charitable purposes, provided that such compensation is otherwise permitted by these BYLAWS and is fixed by resolution of the Board of Trustees; and no such person or persons shall be entitled to share in the distribution of, and shall not receive, any of the corporate assets on dissolution of the corporation. All members of the corporation shall be deemed to have expressly consented and agreed that on such dissolution or winding up of the affairs of the corporation, whether voluntarily or involuntarily, the assets of the corporation, after all debts have been satisfied, shall be distributed as required by the ARTICLES OF INCORPORATION of this corporation and not otherwise.

## ARTICLE 13: MEMBERS

**SECTION 13.1. DETERMINATION AND RIGHTS OF MEMBERS.** The corporation shall have only one class of members, who shall be collectively known as the COUNCIL OF PUBLIC ENGINEERS. No member shall hold more than one membership in the COUNCIL OF PUBLIC ENGINEERS. Except as expressly provided in or authorized by the ARTICLES OF INCORPORATION or BYLAWS of this corporation, all memberships shall have the same rights, privileges, restrictions, and conditions.

**SECTION 13.2. QUALIFICATIONS OF MEMBERS.** The qualifications for membership in the COUNCIL OF PUBLIC ENGINEERS are as follows: a demonstrated ability and record of achievement in the field of Internet engineering and a committment to the goals and purposes of Public.Resource.Org, Inc.

**SECTION 13.3. ADMISSION OF MEMBERS.** Applicants shall be admitted to membership in the COUNCIL OF PUBLIC ENGINEERS upon a vote of the majority of the members.

**SECTION 13.4. FEES, DUES, AND ASSESSMENTS.** Members of the COUNCIL OF PUBLIC ENGINEERS shall not be charged fees, dues, or assessments unless these BYLAWS are ammended to provide for such fees, dues, or assessments.

**SECTION 13.5. NUMBER OF MEMBERS.** There is no limit on the number of members the COUNCIL OF PUBLIC ENGINEERS may admit.

**SECTION 13.6. MEMBERSHIP BOOK.** The corporation shall keep a membership book containing the name and address of each member of the COUNCIL OF PUBLIC ENGINEERS.

Termination of the membership of any member shall be recorded in the book, together with the date of termination of such membership. Such book shall be kept at the corporation's principal office and shall be available for inspection by any trustee or member of the corporation during regular business hours.

The record of names and addresses of the members of the COUNCIL OF PUBLIC ENGINEERS shall constitute the membership list of this corporation and shall not be used, in whole or part, by any person for any purpose not reasonably related to a member's interest as a member.

**SECTION 13.7. NONLIABILITY OF MEMBERS.**  A member of the COUNCIL OF PUBLIC ENGINEERS is not, as such, personally liable for the debts, liabilities, or obligations of the corporation.

**SECTION 13.8. NONTRANSFERABILITY OF MEMBERSHIPS.**  No member may transfer a membership or any right arising therefrom. All rights of membership cease upon the member's death.

**SECTION 13.9. TERMINATION OF MEMBERSHIP.**

a.  Grounds for Termination. The membership of a member of the COUNCIL OF PUBLIC ENGINEERS shall terminate upon the occurrence of any of the following events:

    1.  Upon his or her notice of such termination delivered to the president or secretary of the corporation personally or by mail, such membership to terminate upon the date of delivery of the notice or date of deposit in the mail.

    2.  Upon a determination by the Board of Trustees that the member has engaged in conduct materially and seriously prejudicial to the interests or purposes of the corporation.

    3.  If this corporation has provided for the payment of dues by members, upon a failure to renew his or her membership by paying dues on or before their due date, such termination to be effective thirty (30) days after a written notification of delinquency is given personally or mailed or emailed to such member by the secretary of the corporation. A member may avoid such termination by paying the amount of delinquent dues within a thirty (30) day period following the member's receipt of the written notification of delinquency.

b.  Procedure for Expulsion. Following the determination that a member should be expelled under subparagraph (a)(2) of this section, the following procedure shall be implemented:

    1.  A notice shall be sent by first-class or registered mail to the last address of the member as shown on the corporation's records, setting forth the expulsion and the reasons therefor. Such notice shall be sent at least fifteen (15) days before the proposed effective date of the expulsion.

    2.  The member being expelled shall be given an opportunity to be heard, either orally or in writing, at a hearing to be held not less than five days before the effective date of the proposed expulsion. The hearing will be held by the Board of Trustees in accordance with the quorum and voting rules set forth in these BYLAWS applicable to the meetings of the board. The notice to the member of his or her proposed expulsion shall state the date, time, and place of the hearing on his or her proposed expulsion.

    3.  Following the hearing, the Board of Trustees shall decide whether or not the member should in fact be expelled, suspended, or sanctioned in some other way. The decision of the board shall be final.

    4.  If this corporation has provided for the payment of dues by members, any person expelled from the corporation shall receive a refund of dues already paid. The refund shall be prorated to return only the unaccrued balance remaining for the period of the

dues payment.

**SECTION 13.10. RIGHTS ON TERMINATION OF MEMBERSHIP.** All rights of a member in the corporation shall cease on termination of membership as herein provided.

**SECTION 13.11. AMENDMENTS RESULTING IN THE TERMINATION OF MEMBERSHIPS.** Notwithstanding any other provision of these BYLAWS, if any amendment of the ARTICLES OF INCORPORATION or of the BYLAWS of this corporation would result in the termination of all memberships or any class of memberships, then such amendment or amendments shall be effected only in accordance with the provisions of Section 5342 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

## ARTICLE 14: MEETINGS OF MEMBERS

**SECTION 14.1. PLACE OF MEETINGS.** Meetings of members of the COUNCIL OF PUBLIC ENGINEERS shall be held at the principal office of the corporation or at such other place or places within or without the State of California as may be designated from time to time by resolution of the Board of Trustees.

Any meeting, regular or special, may be held by conference telephone, Internet, or other communications channel. Participation in a meeting constitutes presence in person at that meeting if all of the conditions stated in Section 3.7 of Article 3 are met.

**SECTION 14.2. ANNUAL AND OTHER REGULAR MEETINGS.** The members of the COUNCIL OF PUBLIC ENGINEERS shall meet annually, for the purpose of electing trustees and transacting other business as may come before the meeting. Cumulative voting for the election of trustees shall not be permitted. The candidates receiving the highest number of votes up to the number of trustees to be elected shall be elected. Each voting member shall cast one vote, with voting being by ballot only. The annual meeting of members for the purpose of electing trustees shall be deemed a regular meeting and any reference in these BYLAWS to regular meetings of members refers to this annual meeting.

If the day fixed for the annual meeting or other regular meetings falls on a legal holiday, such meeting shall be held at the same hour and place on the next business day.

**SECTION 14.3. SPECIAL MEETINGS OF MEMBERS.**

  a. Persons Who May Call Special Meetings of Members. Special meetings of the members shall be called by the Board of Trustees, the chairperson of the board, or the president of the corporation. In addition, special meetings of the members for any lawful purpose may be called by five percent (5%) or more of the members of the COUNCIL OF PUBLIC ENGINEERS.

**SECTION 14.4. NOTICE OF MEETINGS.**

  a. Time of Notice. Whenever members are required or permitted to take action at a meeting, a written or electronic notice of the meeting shall be given by the secretary of the corporation not less than ten (10) nor more than ninety (90) days before the date of the meeting to each member who, on the record date for the notice of the meeting, is entitled to vote thereat, provided, however, that if notice is given by mail or email, and the notice is not mailed by first-class, registered, or certified mail, that notice shall be given twenty (20) days before the meeting.

  b. Manner of Giving Notice. Notice of a members' meeting or any report shall be given either personally or by mail or other means of written or electronic communication, addressed to the member at the address of such member appearing on the books of the corporation or given by the member to the corporation for the purpose of notice; or if no address appears

or is given, at the place where the principal office of the corporation is located or by publication of notice of the meeting at least once in a newspaper of general circulation in the county in which the principal office is located. Notice shall be deemed to have been given at the time when delivered personally or deposited in the mail or sent by telegram or other means of written or electronic communication.

c. Contents of Notice. Notice of a membership meeting shall state the place, date, and time of the meeting and in the case of a special meeting, the general nature of the business to be transacted, and no other business may be transacted, or in the case of a regular meeting, those matters which the board, at the time notice is given, intends to present for action by the members. Subject to any provision to the contrary contained in these BYLAWS, however, any proper matter may be presented at a regular meeting for such action. The notice of any meeting of members at which trustees are to be elected shall include the names of all those who are nominees at the time notice is given to members.

d. Notice of Meetings Called by Members. If a special meeting is called by members of the COUNCIL OF PUBLIC ENGINEERS as authorized by these BYLAWS, the request for the meeting shall be submitted in writing, specifying the general nature of the business proposed to be transacted and shall be delivered personally or sent by registered mail or by telegraph to the chairperson of the board, president, vice president, or secretary of the corporation. The officer receiving the request shall promptly cause notice to be given to the members entitled to vote that a meeting will be held, stating the date of the meeting. The date for such meeting shall be fixed by the board and shall not be less than thirty-five (35) nor more than ninety (90) days after the receipt of the request for the meeting by the officer. If the notice is not given within twenty (20) days after the receipt of the request, persons calling the meeting may give the notice themselves.

e. Waiver of Notice of Meetings. The transactions of any meeting of members of the COUNCIL OF PUBLIC ENGINEERS, however called and noticed, and wherever held, shall be as valid as though taken at a meeting duly held after regular call and notice, if a quorum is present either in person or by proxy, and if, either before or after the meeting, each of the persons entitled to vote, not present in person or by proxy, signs a written or electronic waiver of notice or a consent to the holding of the meeting or an approval of the minutes thereof. All such waivers, consents, and approvals shall be filed with the corporate records or made a part of the minutes of the meeting. Waiver of notices or consents need not specify either the business to be transacted or the purpose of any regular or special meeting of members, except that if action is taken or proposed to be taken for approval of any of the matters specified in subparagraph (f) of this section, the waiver of notice or consent shall state the general nature of the proposal.

f. Special Notice Rules for Approving Certain Proposals. If action is proposed to be taken or is taken with respect to the following proposals, such action shall be invalid unless unanimously approved by those entitled to vote or unless the general nature of the proposal is stated in the notice of meeting or in any written or electrnic waiver of notice:

   1. Removal of trustees without cause;

   2. Filling of vacancies on the board by members;

   3. Amending the ARTICLES OF INCORPORATION; and

   4. An election to voluntarily wind up and dissolve the corporation.

**SECTION 14.5. QUORUM FOR MEETINGS.**   A quorum shall consist of the majority of the voting members of the COUNCIL OF PUBLIC ENGINEERS attending in person, by proxy, or other means consistent with Section 14.1 of this Article.

The members present at a duly called and held meeting at which a quorum is initially present may continue to do business notwithstanding the loss of a quorum at the meeting due to a withdrawal of members from the meeting provided that any action taken after the loss of a quorum must be approved by at least a majority of the members required to constitute a quorum.

In the absence of a quorum, any meeting of the members may be adjourned from time to time by the vote of a majority of the votes represented in person or by proxy at the meeting, but no other business shall be transacted at such meeting.

When a meeting is adjourned for lack of a sufficient number of members at the meeting or otherwise, it shall not be necessary to give any notice of the time and place of the adjourned meeting or of the business to be transacted at such meeting other than by announcement at the meeting at which the adjournment is taken of the time and place of the adjourned meeting. However, if after the adjournment a new record date is fixed for notice or voting, a notice of the adjourned meeting shall be given to each member who, on the record date for notice of the meeting, is entitled to vote at the meeting. A meeting shall not be adjourned for more than forty-five (45) days.

Notwithstanding any other provision of this article, if this corporation authorizes members to conduct a meeting with a quorum of less than one-third (1/3) of the voting power, then, if less than one-third (1/3) of the voting power actually attends a regular meeting, in person or by proxy, no action may be taken on a matter unless the general nature of the matter was stated in the notice of the regular meeting.

**SECTION 14.6. MAJORITY ACTION AS MEMBERSHIP ACTION.** Every act or decision done or made by a majority of voting members present in person or by proxy at a duly held meeting at which a quorum is present is the act of the members, unless the law, the ARTICLES OF INCORPORATION of this corporation, or these BYLAWS require a greater number.

**SECTION 14.7. VOTING RIGHTS.** Each member of the COUNCIL OF PUBLIC ENGINEERS is entitled to one vote on each matter submitted to a vote by the members. Voting at duly held meetings shall be by voice vote. Election of trustees, however, shall be by ballot.

**SECTION 14.8. PROXY VOTING.** Members of the COUNCIL OF PUBLIC ENGINEERS entitled to vote shall be permitted to vote or act by proxy.

Members entitled to vote shall have the right to vote either in person or by a written or electronic proxy executed by such person or by his or her duly authorized agent and filed with the secretary of the corporation, provided, however, that no proxy shall be valid after eleven (11) months from the date of its execution unless otherwise provided in the proxy. In any case, however, the maximum term of any proxy shall be three years from the date of its execution. No proxy shall be irrevocable and may be revoked following the procedures given in Section 5613 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

All proxies shall state the general nature of the matter to be voted on and, in the case of a proxy given to vote for the election of trustees, shall list those persons who were nominees at the time the notice of the vote for election of trustees was given to the members. In any election of trustees, any proxy which is marked by a member "withhold" or otherwise marked in a manner indicating that the authority to vote for the election of trustees is withheld shall not be voted either for or against the election of a trustee.

Proxies shall afford an opportunity for the member to specify a choice between approval and disapproval for each matter or group of related matters intended, at the time the proxy is distributed, to be acted upon at the meeting for which the proxy is solicited. The proxy shall also provide that when the person solicited specifies a choice with respect to any such matter, the vote shall be cast in accordance therewith.

**SECTION 14.9. CONDUCT OF MEETINGS.** Meetings of members of the COUNCIL OF PUBLIC

Case 1:14-cv-00857-TSC   Document 66-81   Filed 12/22/15   Page 22 of 24

ENGINEERS shall be presided over by the chairperson of the board, or, if there is no chairperson, by the president of the corporation or, in his or her absence, by the vice president of the corporation or, in the absence of all of these persons, by a chairperson chosen by a majority of the voting members, present in person or by proxy. The secretary of the corporation shall act as secretary of all meetings of members, provided that, in his or her absence, the presiding officer shall appoint another person to act as secretary of the meeting.

Meetings shall be governed by Robert's Rules of Order Newly Revised, 10th Edition, as such rules may be revised from time to time, insofar as such rules are not inconsistent with or in conflict with these BYLAWS, with the ARTICLES OF INCORPORATION of this corporation, or with any provision of law.

**SECTION 14.10. ACTION BY WRITTEN BALLOT WITHOUT A MEETING.** Any action which may be taken at any regular or special meeting of members of the COUNCIL OF PUBLIC ENGINEERS may be taken without a meeting if the corporation distributes a written or electronic ballot to each member entitled to vote on the matter. The ballot shall set forth the proposed action, provide an opportunity to specify approval or disapproval of each proposal, provide that where the person solicited specifies a choice with respect to any such proposal the vote shall be cast in accordance therewith, and provide a reasonable time within which to return the ballot to the corporation. Ballots shall be mailed or emailed or delivered in the manner required for giving notice of meetings specified in Section 14.4 of this Article.

All written or electronic ballots shall also indicate the number of responses needed to meet the quorum requirement and, except for ballots soliciting votes for the election of trustees, shall state the percentage of approvals necessary to pass the measure submitted. The ballots must specify the time by which they must be received by the corporation in order to be counted.

Approval of action by written or electronic ballot shall be valid only when the number of votes cast by ballot within the time period specified equals or exceeds the quorum required to be present at a meeting authorizing the action, and the number of approvals equals or exceeds the number of votes that would be required to approve the action at a meeting at which the total number of votes cast was the same as the number of votes cast by ballot.

Trustees may be elected by written or electronic ballot. Such ballots for the election of trustees shall list the persons nominated at the time the ballots are mailed or emailed or delivered. If any such ballots are marked "withhold" or otherwise marked in a manner indicating that the authority to vote for the election of trustees is withheld, they shall not be counted as votes either for or against the election of a trustee.

A written or electronic ballot may not be revoked after its receipt by the corporation or its deposit in the mail, whichever occurs first.

**SECTION 14.11. REASONABLE NOMINATION AND ELECTION PROCEDURES.** This corporation shall make available to members reasonable nomination and election procedures with respect to the election of trustees by members. Such procedures shall be reasonable given the nature, size, and operations of the corporation, and shall include:

a. A reasonable means of nominating persons for election as trustees.

b. A reasonable opportunity for a nominee to communicate to the members the nominee's qualifications and the reasons for the nominee's candidacy.

c. A reasonable opportunity for all nominees to solicit votes.

d. A reasonable opportunity for all members to choose among the nominees. Upon the written request by any nominee for election to the board and the payment with such request of the reasonable costs of mailing (including postage), the corporation shall, within ten (10) business days after such request (provided payment has been made) mail or email to all

members or such portion of them that the nominee may reasonably specify, any material which the nominee shall furnish and which is reasonably related to the election, unless the corporation within five business days after the request allows the nominee, at the corporation's option, the right to do either of the following:

1. inspect and copy the record of all members' names, addresses, and voting rights, at reasonable times, upon five business days' prior written demand upon the corporation, which demand shall state the purpose for which the inspection rights are requested; or

2. obtain from the secretary, upon written demand and payment of a reasonable charge, a list of the names, addresses, and voting rights of those members entitled to vote for the election of trustees, as of the most recent record date for which it has been compiled or as of any date specified by the nominee subsequent to the date of demand.

The demand shall state the purpose for which the list is requested and the membership list shall be made available on or before the later of ten (10) business days after the demand is received or after the date specified therein as the date as of which the list is to be compiled.

If the corporation distributes any written or electronic election material soliciting votes for any nominee for trustee at the corporation's expense, it shall make available, at the corporation's expense, to each other nominee, in or with the same material, the same amount of space that is provided any other nominee, with equal prominence, to be used by the nominee for a purpose reasonably related to the election.

Generally, any person who is qualified to be elected to the Board of Trustees shall be nominated at the annual meeting of members of the COUNCIL OF PUBLIC ENGINEERS held for the purpose of electing trustees by any member present at the meeting in person or by proxy. However, if the corporation has five hundred (500) or more members of the COUNCIL OF PUBLIC ENGINEERS, any of the additional nomination procedures specified in subsections and of Section 5221 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW may be used to nominate persons for election to the Board of Trustees.

If this corporation has five thousand (5,000) or more members of the COUNCIL OF PUBLIC ENGINEERS, then the nomination and election procedures specified in Section 5522 of the CALIFORNIA NONPROFIT CORPORATION LAW shall be followed by this corporation in nominating and electing persons to the Board of Trustees.

### SECTION 14.12. ACTION BY UNANIMOUS WRITTEN CONSENT WITHOUT MEETING.

Except as otherwise provided in these BYLAWS, any action required or permitted to be taken by the members may be taken without a meeting, if all members shall individually or collectively consent in writing to the action. The written consent or consents shall be filed with the minutes of the proceedings of the members. The action by written consent shall have the same force and effect as the unanimous vote of the members.

### SECTION 14.13. RECORD DATE FOR MEETINGS.

The record date for purposes of determining the members entitled to notice, voting rights, written ballot rights, or any other right with respect to a meeting of members or any other lawful membership action, shall be fixed pursuant to Section 5611 of the CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION LAW.

### UNANIMOUS CONSENT OF THE BOARD OF TRUSTEES OF PUBLIC.RESOURCE.ORG, INC.

We, the undersigned, are all of the persons named as the initial trustees of Public.Resource.Org, Inc., a California nonprofit corporation, and, pursuant to the authority granted to the trustees by these BYLAWS to take action by unanimous written consent without a meeting, consent to, and hereby do, adopt the foregoing BYLAWS, consisting of 1 file, as the BYLAWS of this corporation.

Dated: _____

_____, Hal R. Varian, Trustee of Public.Resource.Org, Inc.

_____, Randy Bush, Trustee of Public.Resource.Org, Inc.

_____, Carl Malamud, Trustee of Public.Resource.Org, Inc.

## CERTIFICATION OF THE INCORPORATOR

This is to certify that the foregoing is a true and correct copy of the BYLAWS of Public.Resource.Org, Inc. and that such BYLAWS were duly adopted by the Board of Trustees of said corporation on the date set forth below.

Dated: _____

_____, Carl Malamud, Incorporator of Public.Resource.Org, Inc.

_____

*Last revised: Wed Apr 18 08:43:24 PDT 2007*

