# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC.,<br><br>          Plaintiffs,<br><br>    v.<br><br>PUBLIC.RESOURCE.ORG,<br><br>          Defendant. | Case No. 1:14-CV-00857-TSC-DAR<br><br>**DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION**<br><br>Action Filed:   May 23, 2014 |

**[PUBLIC REDACTED VERSION]**

# TABLE OF CONTENTS

**Page**

STANDARDS FOR ADMISSIBLE EVIDENCE IN RULING ON A MOTION FOR SUMMARY JUDGMENT ...................................................................................1

    A.      Irrelevant Evidence ...........................................................................1

    B.      Lack of Personal Knowledge/Foundation..............................................2

    C.      Improper Lay Testimony on Legal Conclusions or Expert Subject Matter..................................................................................................3

    D.      Hearsay ..............................................................................................4

    E.      Unauthenticated Documents .................................................................5

    F.      Secondary Evidence Rule .....................................................................5

OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT....................................................................5

II.      OBJECTIONS TO THE DECLARATION OF WAYNE J. CAMARA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION .........................................5

III.    OBJECTIONS TO THE DECLARATION OF MARIANNE ERNESTO IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION .........................................18

IV.   OBJECTIONS TO THE DECLARATION OF KURT F. GEISINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION .........................................38

V.     OBJECTIONS TO THE DECLARATION OF PLAINTIFFS' LEAD COUNSEL JONATHAN HUDIS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION...............................................................................................53

VI.   OBJECTIONS TO THE DECLARATION OF FELICE J. LEVINE IN SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION .........................................62

VII.  OBJECTIONS TO THE DECLARATION OF DIANNE L. SCHNEIDER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION .........................................80

**TABLE OF CONTENTS**
**(Continued)**

**Page**

VIII.   OBJECTIONS TO THE DECLARATION OF LAURESS L. WISE IN
        SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT
        AND ENTRY OF A PERMANENT INJUNCTION ........................................................83

CONCLUSION..........................................................................................................................95

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
  69 F.3d 337 (9th Cir. 1995) ............................................................4

*Barthelemy v. Air Lines Pilots Ass'n*,
  897 F.2d 999 (9th Cir. 1990) ..........................................................2

*Blair Foods, Inc. v. Ranchers Cotton Oil*,
  610 F.2d 665 (9th Cir. 1980) ..........................................................4

*Block v. City of Los Angeles*,
  253 F.3d 410 (9th Cir. 2001) ..........................................................1

*Boyd v. City of Oakland*,
  458 F. Supp. 2d 1015 (N.D. Cal. 2006) ..........................................2

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
  227 F.R.D. 313 (C.D. Cal. 2004) ....................................................4

*Evangelista v. Inlandboatmen's Union of Pac.*,
  777 F.2d 1390 (9th Cir. 1985) ........................................................3

*Express, LLC v. Fetish Group, Inc.*,
  464 F. Supp. 2d 965 (C.D. Cal. 2006) ............................................2

*Gable v. Nat'l Broad. Co.*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) ....................3

*In re Cypress Semiconductor, Inc. Sec. Litig.*,
  891 F. Supp. 1369 (N.D. Cal. 1995), *aff'd*, 113 F.3d 1240 (9th Cir. 1997) ............................4

*Int'l Church of Foursquare Gospel v. City of San Leandro*,
  902 F. Supp. 2d 1286 (N.D. Cal. 2012) ..........................................4

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)..........................................................................3

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990)..........................................................................4

*Orr v. Bank of America*,
  285 F.3d 764 (9th Cir. 2002) ...................................................1, 2, 4

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Pierce v. Kaiser Found. Hospitals*,
   CV 09-03837 WHA, 2010 WL 4590930 (N.D. Cal. Nov. 4, 2010),
   *aff'd*, 470 F. App'x 649 (9th Cir. 2012)......................................................................3

*Riggsbee v. Diversity Servs.*, Inc.,
   637 F.Supp.2d 39, 46 (D.D.C. 2009) ...........................................................................4

*Smith v. Hughes Aircraft Co.*,
   22 F.3d 1432 (9th Cir. 1993) ........................................................................................2

*Soremekun v. Thrifty Payless, Inc.*,
   509 F.3d 978, 984 (9th Cir. 2007) ................................................................................4

*U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*,
   296 F. Supp. 2d 1322, 1331 (S.D. Ala. 2003)..............................................................3

*U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*,
   608 F.3d 871 (D.C. Cir. 2010) .....................................................................................1

*U.S. v. Davis*,
   596 F.3d 852 (D.C. Cir. 2010) .....................................................................................2

*Uche-Uwakwe v. Shinseki*,
   972 F. Supp. 2d 1159 (C.D. Cal. 2013) .......................................................................2

*United States v. 87.98 Acres of Land More or Less in the County of Merced*,
   530 F.3d 899 (9th Cir. 2008) ........................................................................................3

*United States v. Dibble*,
   429 F.2d 598 (9th Cir. 1970) ........................................................................................5

*United States v. Hampton*,
   718 F.3d 978 (D.C. Cir. 2013) .....................................................................................3

**RULES**

Fed. R. Civ. P. 26(a) ..........................................................................................38, 80, 95

Fed.R.Civ.P. 30(b)(6)................................................................................................61, 80

Fed. R. Civ. P. 37 ..............................................................................................38, 80, 95

Fed. R. Civ. P. 56 ........................................................................................................2, 5

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

Fed. R. Civ. P. 56(c) ...................................................................................................1, 2

Fed. R. Civ. P. 56(e) .....................................................................................................4

Fed. R. Evid. 101 ..........................................................................................................1

Fed. R. Evid. 402 .................................................................................................. *passim*

Fed. R. Evid. 403 .................................................................................................. *passim*

Fed. R. Evid. 602 .................................................................................................. *passim*

Fed. R. Evid. 701 .................................................................................................. *passim*

Fed. R. Evid. 702 .................................................................................................. *passim*

Fed. R. Evid. 802 ...........................................................................................18, 80, 95

Fed. R. Evid. 901 ..........................................................................................................5

Fed. R. Evid. 1001 ........................................................................................................5

Fed. R. Evid. 1002 ................................................................................................ *passim*

Fed. R. Evid. 1101 ........................................................................................................1

Defendant-Counterclaimant Public.Resource.Org, Inc. hereby submits the following objections to the Declarations submitted in support of Plaintiffs' Renewed Motion for Summary Judgment and for Permanent Injunction, ECF No. 134.  Plaintiffs refiled numerous declarations and exhibits that had been filed in their earlier Motion for Summary Judgment [Dkt. 60].  For that reason, to avoid any risk of waiving its objections, Public Resource refiles its objections to evidence applicable to those submissions, below.[1]  ICE Exhibit citations refer to the exhibits listed in the Index of Consolidated Exhibits, Dkt. 70.

## STANDARDS FOR ADMISSIBLE EVIDENCE IN RULING ON A MOTION FOR SUMMARY JUDGMENT

It is fundamental that trial courts "can only consider *admissible* evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis added); *see also* Fed. R. Civ. P. 56(c); Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101).  Hearsay, documents that cannot be authenticated, out-of-context excerpts, and evidence with no foundation will not suffice, and are not to be considered by the court in ruling on motions for summary judgment or adjudication.  *See Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (deciding that consideration of a declaration's facts not based on personal knowledge was an abuse of discretion because such facts were inadmissible). Much of the evidence on which Plaintiffs attempt to rely fails to meet the minimum threshold requirements of admissibility, as set forth below:

### A.     Irrelevant Evidence

Irrelevant evidence cannot be considered in summary judgment proceedings.  *See* Fed. R. Evid. 402; *see also U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.,* 608 F.3d 871, 897

---

[1] These objections originally appeared at Dkt. 69-4.  Public Resource has excised any objections that concern documents that Plaintiffs did not refile.

(D.C. Cir. 2010) ("To be admitted, evidence must be relevant."); *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013) (sustaining objection that statement filed in support of motion for summary judgment was inadmissible for lack of relevance and foundation).

### B.      Lack of Personal Knowledge/Foundation

A fact witness may not testify to a matter unless the witness has personal knowledge of the matter.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *U.S. v. Davis*, 596 F.3d 852, 856 (D.C. Cir. 2010) ("The Rules also prohibit a witness from testifying unless he has personal knowledge of the subject of his testimony."); *Orr*, 285 F.3d at 774 & n.9; *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations submitted in conjunction with summary judgment proceedings must . . . be based on personal knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006).  A declarant must show personal knowledge and competency "affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature of participation in matter." *Id.*; see also *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their participation in the matters to which they swore"). The fact that Public Resource does not object to the witnesses' testimony that they have personal knowledge of the facts stated in their declarations and are competent to testify thereto does not in any way signal Public Resource's agreement with those assertions. Public Resource merely does not contend those statements are

inadmissible—but they may be wrong.

**C.    Improper Lay Testimony on Legal Conclusions or Expert Subject Matter**

Legal conclusions are not admissible evidence.  *See Pierce v. Kaiser Found. Hospitals*,

CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010), *aff'd*, 470 F. App'x 649

(9th Cir. 2012) (excluding numerous declarant statements containing inadmissible legal

conclusions).  The Declarants, without any legal expertise, repeatedly purport to state legal

conclusions and the legal effects of documents supposedly relevant to this dispute.  *See* Fed. R.

Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th

Cir. 1985) (lay opinion construing contract provisions is inadmissible); Pierce, 2010 WL

4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is

inadmissible legal conclusion).

Testimony requiring scientific, technical, or other specialized knowledge may be given

only by an expert witness with the requisite knowledge, skill, experience, training, or education,

and opinion testimony is not permitted of a lay person.  Fed. R. Evid. 701, 702; *see also United

States v. Hampton*, 718 F.3d 978, 981–82 (D.C. Cir. 2013) (finding error when district court

allowed FBI agent to testify as a lay witness in the form of an opinion without an applicable

exception in Rule 701); *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F.

Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary

judgment).  The "proponent of the expert bears the burden of demonstrating that the expert is

qualified."  *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010), *aff'd*, 438 F.

App'x 587 (9th Cir. 2011) (citing *United States v. 87.98 Acres of Land More or Less in the

County of Merced,* 530 F.3d 899, 904-05 (9th Cir. 2008)). *See also Kumho Tire Co. v.

Carmichael*, 526 U.S. 137, 147-48 (1999) (expert must have specialized knowledge).

One type of improper lay opinion is unsupported, speculative, and conclusory statements. These statements, as well as and claims of opposing parties and their attorneys, are not evidence and do not raise a genuine issue of material fact sufficient to preclude summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit."). Rather, "[w]here the moving party will have the burden of proof at trial, it must *affirmatively demonstrate* that no reasonable trier of fact could find other than for the moving party." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (citing *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)). *Cf. Orr*, 285 F.3d at 783 ("To defeat summary judgment, [one opposing summary judgment] must respond with more than mere hearsay and legal conclusions"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### D. Hearsay

Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." *Anheuser-Busch, Inc.  v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995); see also *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); *Riggsbee v. Diversity Servs.*, Inc., 637 F.Supp.2d 39, 46 (D.D.C. 2009) ("on summary judgment, statements that are impermissible hearsay or that are not based on personal knowledge are precluded from consideration by the Court."); *In re Cypress Semiconductor, Inc. Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay evidence cannot be considered in summary judgment proceedings), *aff'd*, 113 F.3d 1240 (9th Cir. 1997).

## E.      Unauthenticated Documents

Authentication or identification is a condition precedent to the admissibility of a document.  Fed. R. Evid. 901. Under Federal Rule of Civil Procedure 56, evidence in support of a motion for summary judgment is objectionable if it cannot be presented in a form that would be admissible. A document cannot be authenticated by one who does not have personal knowledge of its authenticity.  The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery. *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). If there Plaintiffs are unable to show that they could authenticate a document at trial, then the document should not be considered in support of Plaintiffs' motion for summary judgment.

## F.      Secondary Evidence Rule

The "secondary evidence rule" requires that contents of documents must be proved by producing the document itself.  Fed. R. Evid. 1001, 1002.

### OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## II.     OBJECTIONS TO THE DECLARATION OF WAYNE J. CAMARA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am the Senior Vice President, Research at ACT. My company produces and publishes the ACT® college readiness assessment — a college admissions and placement test taken [*sic by*] millions of high school graduates every year. ACT also offers comprehensive assessment, research, information, and program | *No Objection*. |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| management services to support education and workforce development. As the Senior Vice President of Research, I am responsible for all research and evidence related to the design, development, use, and validation of our assessments and programs. In my position, I serve on the Senior Leadership Team and manage over 110 researchers. | |
| 2. I submit this Declaration in support of the motion of the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or "Sponsoring Organizations") for summary judgment and the entry of a permanent injunction. | *No Objection.* |
| 3. Prior to working at ACT, I worked at The College Board, where I held the positions of Vice President, Research and Development (July, 2000 – September, 2013), Executive Director, Office of Research and Development (March, 1997 – June, 2000), and Research Scientist (September, 1994 – February, 1997). | *No Objection.* |
| 4. Before working at The College Board, I worked for APA in the positions of Assistant Executive Director for Scientific Affairs and Executive Director of Science (1992-1994), Director, Scientific Affairs (February, 1989 – August, 1992), and Testing and Assessment Officer (November, 1987 – January, 1989). During my time at APA, I also served as the Project Director for the revision of the 1985 edition of the *Standards for Educational and Psychological Testing* published in 1999 (the "1999 Standards"). In 1997, I was elected to APA's Council of Representatives, and I served on the Council from 1997-2003. In April, 2012, I was elected to the AERA Council, serving from April, 2012 to April, 2015 as Vice | *No Objection.* |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| President for Division D. I was also elected to NCME's Board of Directors, serving on the Board from 2002-2005 and 2009-2012, and served as NCME's President from 2010-2011. Additionally, I have served on the Management Committee for the Standards from 2005-2015. | |
| 5. My curriculum vitae is attached to this Declaration as Exhibit 1. | *No Objection.* |
| 6. I have written extensively on the Standards, as well as other professional and technical guidelines which relate to educational and industrial testing and assessment, including journal articles, book chapters, and paper presentations at national conferences. | *No Objection.* |
| 7. In 1954, APA prepared and published the "Technical Recommendations for Psychological Tests and Diagnostic Techniques." In 1955, AERA and NCME prepared and published a companion document entitled, "Technical Recommendations for Achievement Tests." Subsequently, a joint committee of the three organizations modified, revised, and consolidated the two documents into the first Joint Standards. Beginning with the 1966 revision, the Sponsoring Organizations collaborated in developing the "Joint Standards" (or simply, the "Standards"). Each subsequent revision of the Standards has been careful to note that it is a revision and update of the prior version. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to his employment with one of the Plaintiffs. |

7

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 8. Beginning in the mid-1950s, the Sponsoring Organizations formed and periodically reconstituted a committee of highly trained and experienced experts in psychological and educational assessment, charged with the initial development of the Technical Recommendations and then each subsequent revision of the (renamed) Standards. These committees were formed by the Sponsoring Organizations' Presidents (or their designees), who would meet and jointly agree on the membership. Often a chair or co-chairs of these committees were selected by joint agreement. Beginning with the 1966 version of the Standards, this committee became referred to as the "Joint Committee." | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony contains lay opinion that is not rationally based on the witness's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory. |
| 9. Financial and operational oversight for the Standards' revisions, promotion, distribution, and for the sale of the 1999 and 2014 Standards has been undertaken by a periodically reconstituted Management Committee, comprised of designees of the three Sponsoring Organizations. As noted above, I served on this Management Committee from 2005-2015. | FRE 602 Lack of Personal Knowledge. The proffered testimony concerning what occurred before 2005 is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 10. All members of the Joint Committee(s) and the Management Committee(s) are *unpaid* volunteers. The expenses associated with the ongoing development and publication of the Standards include travel and lodging expenses (for the Joint Committee and Management Committee members), support staff time, printing and shipment of bound volumes, and advertising costs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues, and it fails to acknowledge or discuss the expenses that a large number of unpaid volunteers and their employers bore in the drafting of the Standards. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 11. From the time of their initial creation to the present, the preparation of and periodic revisions to the Standards entail intensive labor and considerable cross-disciplinary expertise. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the |

8

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Each time the Standards are revised, the Sponsoring Organizations select and arrange for meetings of the leading authorities in psychological and educational assessments (known as the Joint Committee). During these meetings, certain Standards are combined, pared down, and/or augmented, others are deleted altogether, and some are created as whole new individual Standards. The 1999 version of the Standards is nearly 200 pages, took more than five years to complete, and is the result of work put in by the Joint Committee to generate a set of best practices on educational and psychological testing that are respected and relied upon by leaders in their fields. | witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 12. Draft revisions of the 1985 Standards, for what became the 1999 Standards, were widely distributed for public review and comment during the revision process. The Joint Committee received thousands of pages of comments and proposed text revisions from: the membership of the Sponsoring Organizations, scientific, professional, trade and advocacy groups, credentialing boards, state and federal government agencies, test publishers and developers, and academic institutions. While the Joint Committee reviewed and took under advisement these helpful comments, the final language of the 1999 Standards was a product of the Joint Committee members. When the 1985 Standards were revised, more than half the content of the 1999 Standards resulted from newly written prose of the Joint Committee. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. For example, the witness does not claim to have reviewed each submission personally, or to have supervised each member of the Joint Committee's review of the comments. Nor does the witness claim to have personal knowledge of whether prose written by other members of the Joint Committee was "newly written." 

FRE 701 Improper Lay Opinion. The proffered testimony contains lay opinion that is not rationally based on the witness's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory. 

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of numerous documents. |
| 13. The Standards originally were created as principles and guidelines – a set of best practices to improve professional practice in testing and assessment across multiple settings, including education and various areas of psychology. The Standards can and should be used as a recommended course of action in the sound and ethical development and use of tests, and also to evaluate the quality of tests and testing practices. Additionally, an essential component of responsible professional practice is maintaining technical competence. Many professional associations also have developed standards and principles of technical practice in assessment. The Sponsoring Organizations' | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. 

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

10

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Standards have been and still are used for this purpose. | |
| 14. The Standards, however, are not simply intended for members of the Sponsoring Organizations, AERA, APA, and NCME. The intended audience of the Standards is broad and cuts across audiences with varying backgrounds and different training. For example, the Standards also are intended to guide test developers, sponsors, publishers, and users by providing criteria for the evaluation of tests, testing practices, and the effects of test use. Test user standards refer to those standards that help test users decide how to choose certain tests, interpret scores, or make decisions based on tests results. Test users include clinical or industrial psychologists, research directors, school psychologists, counselors, employment supervisors, teachers, and various administrators who select or interpret tests for their organizations. There is no mechanism, however, to enforce compliance with the Standards on the part of the test developer or test user. The Standards, moreover, do not attempt to provide psychometric answers to policy or legal questions. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory and contains legal conclusions; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony on the goals, intent, and operation of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 15. The Standards promote the development of high quality tests and the sound use of results from such tests. Without such high quality | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| standards, tests might produce scores that are not defensible or accurate, not an adequate reflection of the characteristic they were intended to measure, and not fair to the person tested. Consequently, decisions about individuals made with such test scores would be no better, or even worse, than those made with no test score information at all. Thus, the Standards help to ensure that measures of student achievement are relevant, that admissions decisions are fair, that employment hiring and professional credentialing result in qualified individuals being selected, and patients with psychological needs are diagnosed properly and treated accordingly. Quality tests protect the public from harmful decision making and provide opportunities for education and employment that are fair to all who seek them. | and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 16. The Standards apply broadly to a wide range of standardized instruments and procedures that sample an individual's behavior, including tests, assessments, inventories, scales, and other testing vehicles. The Standards apply equally to standardized multiple-choice tests, performance assessments (including tests comprised of only open-ended essays), and hands-on assessments or simulations. The main exceptions are that the Standards do not apply to unstandardized questionnaires (*e.g.*, unstructured behavioral checklists or observational forms), teacher-made tests, and subjective decision processes (*e.g.*, a teacher's evaluation of students' classroom participation over the course of a semester). | FRE 402 Relevance. The proffered testimony concerning the types of testing the standards apply to does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony on the application of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 17. The Standards have been used as a source in developing testing guidelines for such activities as college admissions, personnel selection, test translations, test user qualifications, and computer-based testing. The Standards also have been widely cited to address technical, professional, and operational norms for all forms of assessments that are professionally developed and used in a variety of settings. The Standards additionally provide a valuable public service to state and federal governments as they voluntarily choose to use them. For instance, each testing company, when submitting proposals for testing administration, instead of relying on a patchwork of local, or even individual and proprietary, testing design and implementation criteria, may rely instead on the Sponsoring Organizations' Standards to afford the best guidance for testing and assessment practices. | FRE 402 Relevance. The proffered testimony concerning the use of the Standards does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence. |
| | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

13

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents. |
| 18. The Standards were not created or updated to serve as a legally binding document, in response to an expressed governmental or regulatory need, nor in response to any legislative action or judicial decision. However, the Standards have been cited in judicial decisions related to the proper use and evidence for assessment, as well as by state and federal legislators. These citations in judicial decisions and during legislative deliberations occurred without any lobbying by the Plaintiffs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the goals of the many authors of the Standards.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 19. The Sponsoring Organizations do not keep any of the revenues generated from the sales of the Standards. Rather, the income from these sales is used by the Sponsoring Organizations to offset their development and production costs and to generate funds for subsequent revisions. This allows the Sponsoring Organizations to develop up-to-date, high quality Standards that otherwise would not be developed due to the time and effort that goes into producing them. | FRE 403 Prejudice. The statement that the Plaintiffs do not "keep" any of the revenues, but use them for certain operating expenses, is incomplete and misleading, because Plaintiffs do keep the revenues but simply earmark them for particular purposes.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally |

14

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | based on the witness's perception, including because it is speculative; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 20. At one time, funding for the Standards revision process from third party sources (*e.g.*, governmental agencies, foundations, other associations interested in testing and assessment issues, etc.) was raised as a consideration. However, this option was not seriously explored as the potential conflicts of interest in doing so left the Sponsoring Organizations to conclude that the Standards revisions should be self-funding – that is, from the sale of prior editions of the Standards. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 802 Hearsay. The proffered testimony |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | relies on an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 21. In late 2013 and early 2014, the Sponsoring Organizations became aware that the 1999 Standards had been posted on the Internet without their authorization, and that psychology students were obtaining free copies from the posting source. Upon further investigation, the Sponsoring Organizations discovered that Public.Resource.Org, Inc. ("Public Resource") was the source of the online posting. Accompanying this Declaration as Exhibit MMM is a true copy of a thread of emails exchanged among Laurie Wise, Suzanne Lane, David Frisbie, Jerry Sroufe, Marianne Ernesto, Barbara Plake, and myself[2] sent between December 16, 2013 and February 4, 2014, discussing Public Resource's posting of the 1999 Standards on the Internet, and marked as Exhibit 1185 during my deposition.' | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory. <br><br>FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 22. Past harm to the Sponsoring Organizations from Public Resource's activities includes a lack of greater funding that otherwise would have been available for the update of the Sponsoring Organizations' Standards from the 1999 to the 2014 versions, due to the reduced volume of sales of the 1999 Standards. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is |

---

[2] Laurie Wise is the Immediate Past President of NCME and was serving as President of NCME at the time of the email, Suzanne Lane is a member of the Standards Management Committee: David Frisbie also is a member of the Standards Management Committee; Jerry Sroufe is the Director of Government Relations at AERA, Marianne Ernesto is the Director, Testing and Assessment, at APA, and Barbara Plake was Laurie Wise's co-chair of the Joint Committee for the revision of the 1999 Standards, which ultimately were published in 2014.

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| | conclusory. |
| 23. Should Public Resource's infringement be allowed to continue, the harm to the Sponsoring Organizations, and public at large who rely on the preparation and administration of valid, fair and reliable tests, includes: (i) uncontrolled publication of the 1999 Standards without any notice that those guidelines have been replaced by the 2014 Standards; (ii) future unquantifiable loss of revenue from sales of authorized copies of the 1999 Standards (with proper notice that they are no longer the current version) and the 2014 Standards; and (iii) lack of funding for future revisions of the 2014 Standards and beyond. | FRE 403 Prejudice. The 2014 Standards are not at issue in this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

| Declaration of Wayne J. Camara In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 24. Due to the small membership size of NCME, and the relative minor portion of the membership of AERA and APA who devote their careers to testing and assessment, it is highly unlikely that the members of the Sponsoring Organizations will vote for a dues increase to fund future Standards revision efforts if Public Resource successfully defends this case and is allowed to post the Standards online for the public to download or print for free. As a result, the Sponsoring Organizations would likely abandon their practice of periodically updating the Standards and there would be an absence of any authoritative and independent source of sound guidance relating to the development, use, and evaluation of psychological and educational tests. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

### III.   OBJECTIONS TO THE DECLARATION OF MARIANNE ERNESTO IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 1. I am the Director, Testing and Assessment, at the American Psychological Association, Inc. ("APA"). I have been employed with the APA since May 2001. I submit this Declaration in support of the motion of the American Educational Research Association, Inc. ("AERA"), the APA, and the National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or the "Sponsoring Organizations") for a summary judgment and the entry of a permanent injunction. | *No Objection.* |
| 2. In my role as Director, Testing and Assessment, I serve as APA's primary authority on all matters that relate to testing and assessment. This subject matter includes | *No Objection.* |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| educational testing, clinical assessment, forensic testing and employment testing. I advocate on behalf of APA in matters involving federal or state legislative, regulatory or other policy issues concerning testing and assessment. I coordinate APA's involvement in testing issues in matters such as governance, executive boards, and managerial bodies. I also manage APA's responses to internal, public, member and media inquiries regarding testing issues in a manner that is consistent with the *Standards for Educational and Psychological Testing* (the "Standards"). I advise, counsel and oversee the activities of the APA's Science Directorate (and in particular its Office of Testing and Assessment) on policy and governance issues related to testing and assessments. I further serve as staff liaison to the APA's Committee on Psychological Tests an Assessment ("CPTA"). Since 2001, I have served as APA's primary contact for information concerning the availability and interpretation of the Standards published in 1999, and more recently I have done so regarding the updated Standards published in 2014. | |
| 3. APA is a District of Columbia not-for-profit corporation. | *No Objection.* |
| 4. APA is the largest scientific and professional organization representing psychology in the United States. APA is the world's largest association of psychologists and counts a vast number of researchers, educators, clinicians, consultants and students among its members. APA's mission is to advance the creation, communication and application of psychological knowledge to benefit society and improve people's lives. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
|  | based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 5. In 1954, APA prepared and published the "Technical Recommendations for Psychological Tests and Diagnostic Techniques." It is my understanding that in 1955 AERA NCME prepared and published a companion document entitled, "Technical Recommendations for Achievement Tests." | FRE 402 Relevance. The witness's understanding of the facts is not relevant. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with the APA in May 2001. |
| 6. Subsequently, a joint committee of the three organizations modified, revised and consolidated the two documents into the first Joint Standards. Beginning with the 1966 revision, the three organizations (AERA, APA and NCME) collaborated in developing the "Joint Standards" (or simply, the "Standards"). Each subsequent revision of the Standards has been careful to cite the previous Standards and note that it is a revision and update of that document. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with the APA in May 2001. |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 7. Beginning in the mid-1950s, AERA, APA, and NCME formed and periodically reconstituted a committee of experts in psychological and educational assessment, charged with the initial development of the Technical Recommendations and then each subsequent revision of the (renamed) Standards. These committees were formed by the Plaintiffs' Presidents (or their designees), who would meet and jointly agree on the membership. Often a chair or co-chairs of these committees were selected by joint agreement. Beginning with the 1966 version of the Standards, this committee became referred to as the "Joint Committee." | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 8. Financial and operational oversight for the Standards' revisions, promotion, distribution, and for the sale of the 1999 and 2014 Standards has been undertaken by a periodically reconstituted Management Committee, comprised of designees of the three Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001. |
| 9. All members of the Joint Committee(s) and the Management Committee(s) are *unpaid* volunteers. The expenses associated with the ongoing development and publication of the Standards include travel and lodging expenses (for the Joint Committee and Management Committee members), support staff time, printing and shipment of bound volumes, and advertising costs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues, and it fails to acknowledge or discuss the expenses that a large number of unpaid volunteers and their employers bore in the drafting of the Standards.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001. |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 10. Many different fields of endeavor rely on assessments. The Sponsoring Organizations have ensured that the range of these fields of endeavor is represented in the Joint Committee's membership *e.g.*, admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation. Similarly, the Joint Committee's members, who are *unpaid volunteers*, represent expertise across major functional assessment areas *e.g.*, validity, equating, reliability, test development, scoring, reporting, interpretation, and large scale interpolation. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 11. From the time of their initial creation to the present, the preparation of and periodic revisions to the Standards entail intensive labor and considerable cross-disciplinary expertise. Each time the Standards are revised, the Sponsoring Organizations select and arrange for meetings of the leading authorities in psychological and educational assessments (known as the Joint Committee). During these meetings, certain Standards are combined, pared down and/or augmented, others are deleted altogether, and some are created as whole new individual Standards. The 1999 version of the Standards is nearly 200 pages and took more than five years to complete. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | document. |
| 12. The Standards, however, are not simply intended for members of the Sponsoring Organizations, AERA, APA, and NCME. The intended audience of the Standards is broad and cuts across audiences with varying backgrounds and different training. For example, the Standards also are intended to guide test developers, sponsors, publishers, and users by providing criteria for the evaluation of tests, testing practices, and the effects of test use. Test user standards refer to those standards that help test users decide how to choose certain tests, interpret scores, or make decisions based on tests results. Test users include clinical or industrial psychologists, research directors, school psychologists, counselors, employment supervisors, teachers, and various administrators who select or interpret tests for their organizations. There is no mechanism, however, to enforce compliance with the Standards on the part of the test developer or test user. The Standards, moreover, do not attempt to provide psychometric answers to policy or legal questions. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA in May 2001, or for the goals or intent of the Standards, which she did not author. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 702 Unreliable Expert Opinion. The proffered testimony on the goals, intent, and operation of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 13. The Standards apply broadly to a wide | FRE 402 Relevance. The proffered testimony |

23

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| range of standardized instruments and procedures that sample an individual's behavior, including tests, assessments, inventories, scales, and other testing vehicles. The Standards apply equally to standardized multiple-choice tests, performance assessments (including tests comprised of only open-ended essays), and hands-on assessments or simulations. The main exceptions are that the Standards do not apply to unstandardized questionnaires (*e.g.*, unstructured behavioral checklists or observational forms), teacher-made tests, and subjective decision processes (*e.g.*, a teacher's evaluation of students' classroom participation over the course of a semester). | concerning the types of testing the standards apply to does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence. |
| | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony on the application of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 14. The Standards have been used to develop testing guidelines for such activities as college | FRE 402 Relevance. The proffered testimony concerning the use of the Standards does not |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| admissions, personnel selection, test translations, test user qualifications, and computer-based testing. The Standards also have been widely cited to address technical, professional, and operational norms for all forms of assessments that are professionally developed and used in a variety of settings. The Standards additionally provide a valuable public service to state and federal governments as they voluntarily choose to use them. For instance, each testing company, when submitting proposals for testing administration, instead of relying on a patchwork of local, or even individual and proprietary, testing design and implementation criteria, may rely instead on the Sponsoring Organizations' Standards to afford the best guidance for testing and assessment practices. | have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.

FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents. |
| 15. The Standards were not created or updated to serve as a legally binding document, in response to an expressed governmental or regulatory need, nor in response to any legislative action or judicial decision. However, the Standards have been cited in judicial decisions related to the proper use and evidence for assessment, as well as by state and federal legislators. These citations in judicial decisions and during legislative deliberations occurred without any lobbying by the Plaintiffs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the goals of the many authors of the Standards.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception and is not |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 16. During the discovery phase of this litigation, APA located in its archives correspondence relating to APA's support for proposed legislation sought to be introduced in 2001 by Senator Paul Wellstone (D-MN) on Fairness and Accuracy in High Stakes Educational Decisions for Students – a suggested amendment to the Elementary and Secondary Education Act ("No Child Left Behind Act") 147 Cong. Rec. S. 4,644 (daily ed. May 9, 2001). | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 17. Accompanying this Declaration as Exhibit NN is a true copy of a signed correspondence between Ellen Garrison Ph.D. and Patricia Kobor of APA and Ms. Jill Morningstar, Legislative Assistant to U.S. Senator Paul Wellstone dated April 7, 2000, marked as Exhibit 1109 during my deposition. | *No Objection.* |
| 18. Accompanying this Declaration as Exhibit OO is a true copy of an unsigned correspondence between Ellen Garrison Ph.D. and Patricia Kobor of APA and Ms. Jill Morningstar, Legislative Assistant to U.S. Senator Paul Wellstone dated April 7, 2000, marked as Exhibit 1110 during my deposition. | *No Objection.* |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 19. Accompanying this Declaration as Exhibit PP is a true copy of a signed correspondence between Patricia Kobor and Ellen Garrison, Ph.D. of APA and Ms. Jill Morningstar, Legislative Assistant to U.S. Senator Paul Wellstone dated April 13, 2000, marked as Exhibit 1111 during my deposition. | *No Objection.* |
| 20. Accompanying this Declaration as Exhibit QQ is a true copy of an unsigned correspondence between Raymond D. Fowler, Ph.D. of APA and an unnamed Senator dated May 7, 2001, marked as Exhibit 1114 during my deposition. | *No Objection.* |
| 21. Accompanying this Declaration as Exhibit RR is a true copy of an unsigned correspondence between L. Michael Honaker, Ph.D. of APA and an unnamed Senator dated March 6, 2001, marked as Exhibit 1115 during my deposition. | *No Objection.* |
| 22. Accompanying this Declaration as Exhibit SS is a true copy of a document containing "Highlights of APA's Involvement in Educational Testing Provisions of the 'No Child Left Behind Act'" that also contains an unsigned correspondence to an unnamed Senator dated May 7, 2001, marked as Exhibit 1116 during my deposition. | *No Objection.* |
| 23. As noted above, many of these letters are unsigned and are not printed on APA letterhead. Therefore, in accordance with APA practices and protocols, it is likely that the unsigned letters (not printed on letterhead) were internal discussion drafts that were never sent. | FRE 403 Prejudice. The witness's belief as to what is "likely" is less probative than prejudicial, and risks confusing the issues and misleading the factfinder. <br><br> FRE 602 Lack of Personal Knowledge. The proffered testimony is explicitly speculative and is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to documents |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | created by other individuals, and documents created prior to her employment with APA in May 2001. ██████████████████████████████████████████████████████████████████████████████████████████████████ |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 24. Regarding the signed letters that were printed on APA letterhead, they relate to Senator Wellstone's proposed legislation that tests and assessments administered by the states are of high quality and used appropriately for the benefit of test administrators and test takers. These are goals that are consistent with APA policy as then reflected in the 1999 Standards. Even though Senator Wellstone's amendments sought, in part, to mandate states' compliance with the Standards, none of the Sponsoring Organizations actively advocated for this – and in any event Senator Wellstone's proposed amendment including this language was never enacted into law. Accompanying this Declaration as Exhibit TT is a true copy of 20 U.S.C. § 6301, which is the current version of the legislation Senator Wellstone sought to amend. | FRE 402 Relevance. The relevant issue is whether the APA lobbied in support of Senator Wellstone's proposed amendments mandating compliance with the 1999 Standards, not whether the proposed amendments were unsuccessful notwithstanding the APA's lobbying activity. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to documents created by other individuals, and documents created prior to her employment with APA in May 2001. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
|  | helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 25. APA's search of its records did not disclose any further communications with Congress relating to the Standards and, to the best of APA's knowledge, it has not engaged in communications with Congress regarding citation of the Standards in legislation since 2001. | FRE 403 Prejudice. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder, because it omits mention of other documents concerning APA's communication with Congress relating to the Standards that were discussed at deposition, as well as other communications with other policymakers. *See, e.g.* ICE Exs. ▮▮ 47–49 (Plaintiffs' briefing on the 2014 Standards at the Russell Senate Office Building on Capitol Hill on September 12, 2014).<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to documents created by other individuals.<br><br>██████████████████████████<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | scope of Rule 702. |
| 26. APA has not solicited any government agency to incorporate the Standards into the Code of Federal Regulations or other rules of Federal or State agencies. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to. Moreover, Plaintiffs refused to provide discovery concerning any edition of the Standards other than the 1999 Standards, and it would be unfairly prejudicial to allow them to introduce testimony on the 2014 Standards or other editions at summary judgment.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by APA in May 2001. ███████████ ███████████████████████████ ███████████████████████████ ███████████████<br><br>FRCP 26(a) and 37 Withheld Evidence. Plaintiffs refused to provide evidence or testimony concerning any edition of the Standards other than the 1999 Edition, and redacted documents that included data concerning the 1985 and 2014 editions of the Standards. *See* ICE Ex. 62 (Plaintiffs/counterclaim-defendants' Objections and Answers to Defendant/counterclaim-plaintiff's First Set of Interrogatories (Nos. 1–10) (objecting to production of documents concerning any publications other than the 1999 Standards and stating that such documents are irrelevant)); ICE Ex. 63 (correspondence PRO counsel identifying earlier versions and redactions as issues in discovery). Plaintiffs should not be allowed to now testify on matters they refused |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
|  | to allow discovery into. |
| 27. Rather, in the policymaking arena, APA believes the Standards should be treated as guidelines informing the enactment of legislation and regulations consistent with best practices in the development and use of test – to insure that they are valid, reliable and fair. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. This may, for instance, be APA's belief now, but was not APA's belief at the time it lobbied for the 1999 Standards to be mandated by law in 2001. |
| 28. Plaintiffs promote and sell copies of the Standards via referrals to the AERA website, at annual meetings, in public offerings to students, and to educational institution faculty. Advertisements promoting the Standards have appeared in meeting brochures, in scholarly journals, and in the hallways at professional meetings. Accompanying this Declaration as Exhibit UU is a true copy of an advertisement for the 1999 Standards that appeared in the December 1999 issue of APA's Journal of Educational Psychology. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues. Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in July 2015. ███████████████████████ |
| 29. Distribution of the Standards is closely monitored, by the Sponsoring Organizations. AERA, the designated publisher of the Standards, sometimes does provide promotional complementary print copies to students or professors. Except for these few complementary print copies, however, the Standards are not given away for free; and certainly they are not made available to the public by any of the three organizations for anyone to copy free of charge. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues.  Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in recent months ███████████████████████  FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by APA in May 2001, and the activities of the other Plaintiffs. |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 30. To date, the Sponsoring Organizations have never posted, or authorized the posting of, a digitized copy of the 1999 Standards on any publicly accessible website. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by APA in May 2001, and the activities of the other Plaintiffs. |
| 31. The Sponsoring Organizations do not keep any of the revenues generated from the sales of the Standards. Rather, the income from these sales is used by the Sponsoring Organizations to offset their development and production costs and to generate funds for subsequent revisions. This allows the Sponsoring Organizations to develop up-to-date, high quality Standards that otherwise would not be developed due to the time and effort that goes into producing them. | FRE 403 Prejudice. The statement that the Plaintiffs do not "keep" any of the revenues, but use them for certain operating expenses, is incomplete and misleading, because Plaintiffs do keep the revenues but simply earmark them for particular purposes.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by APA, and the activities of the other Plaintiffs.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony as to the effects and necessity of Plaintiffs' financing model is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 32. Without receiving at least some moderate income from the sales of the Standards to offset their production costs and to allow for further revisions, it is very likely that the Sponsoring Organizations would no longer undertake to periodically update them, and it is unknown who else would. | FRE 403 Prejudice. The 2014 Standards are not implicated by this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests without justification or basis that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards. The witness's statement is also speculative and risks confusing the issues in this case.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 33. Due to the relative minor portion of the membership of APA who devote their careers to testing and assessment, it is highly unlikely that the members of APA will vote for a dues increase to fund future Standards revision efforts if Public Resource successfully defends this case and is allowed to post the Standards online for the public to download or print for free. As a result, the Sponsoring Organizations would likely abandon their practice of periodically updating the Standards. | FRE 403 Prejudice. The 2014 Standards are not implicated by this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| 34. The Joint Committee that authored the 1999 Standards comprised 16 members. Except for Manfred Meier (who could not be located, nor could his heirs), work made-for-hire letters were signed by 13 Joint Committee Members, and posthumous assignments were signed by the heirs of 2 deceased Joint Committee Members, vesting ownership of the copyright to the 1999 Standards in the Sponsoring Organizations. Accompanying this Declaration as Exhibits VV-HHH are the 13 work made-for-hire letters signed by Eva Baker, Lloyd Bond, Daniel Goh, Bert Green, Edward Haertel, Jo-Ida Hansen, Suzanne Lane, Sharon Johnson-Lewis, Joseph Matarazzo, Pamela Moss, Esteban Olmedo, Diana Pullin, and Paul Sackett, marked as Exhibits 1065, 1069, 1071, 1072. 1075, 1078, 1082, 1085, 1086, 1089, 1090, 1091, and 1094 during my deposition. Accompanying this Declaration as Exhibits III and JJJ are the posthumous assignments signed by the heirs of Leonard S. Feldt and Charlie Spielberger, marked as exhibits 1070 and 1097 during my deposition. | FRE 403 Prejudice. The witness's testimony is misleading and confuses the issues. 17 individuals participated in the Joint Committee for the 1999 Standards, not 16. ███████████<br><br>Additionally, the witness fails to mention that hundreds of individuals, organizations, and other entities participated in the development of the 1999 Standards in collaboration with the Joint Committee members. *See* SMF ¶ 9., ██ ████████████████████████<br><br>Moreover, the witness's opinion as to the legal effect of these alleged "work-made-for-hire letters" and "posthumous assignments" is prejudicial.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | the case. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 35. Public Resource posted Plaintiffs' 1999 Standards to its website and the Internet Archive website without the permission or authorization of any of the Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 36. Past harm from Public Resource's infringing activities includes misuse of Plaintiffs' intellectual property without permission. | FRE 403 Prejudice. The witness's testimony is misleading and confuses the issues by alleging that Public Resource's activities were infringing, and suggesting that Public Resource should have obtained permission to use the 1999 Standards incorporated by reference and that Plaintiffs could be harmed by such use. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 37. Should Public Resource's infringement be allowed to continue, the harm to the Sponsoring Organizations, and public at large who rely on the preparation and administration of valid, fair and reliable tests, includes: (i) uncontrolled publication of the 1999 Standards without any notice that those guidelines have been replaced by the 2014 Standards; (ii) future unquantifiable loss of revenue from sales of authorized copies of the 1999 Standards (with proper notice that they are no longer the current version) and the 2014 Standards; and (iii) lack of funding for future revisions of the 2014 Standards and beyond. | FRE 403 Prejudice. The 2014 Standards are not at issue in this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of |

| Declaration of Marianne Ernesto In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public.Resource.Org, Inc.'s Objections |
|---|---|
| | reliable principles and methods to the facts of the case. |

## IV.   OBJECTIONS TO THE DECLARATION OF KURT F. GEISINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am currently Director of the Buros Center on Testing and W. C. Meierhenry Distinguished University Professor at the University of Nebraska-Lincoln. I submit this Declaration in support of the motion of the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or "Sponsoring Organizations") for summary judgment and the entry of a permanent injunction. | *No Objection.* |
| 2. My curriculum vitae is attached to this Declaration as Exhibit 1. | *No Objection.* |
| 3. I received my doctoral degree in Educational Psychology in 1977 from the Pennsylvania State University, after previously receiving my masters' degree in Psychology at the University of Georgia and my bachelor's degree from Davidson College (with honors). I also studied German, Psychology and other topics as an undergraduate at the Phillips Universität in Marburg, Germany and at Harvard University when I attended the Institute for Educational Management in 1995. | *No Objection.* |
| 4. From 2001 to 2006, I served as the Vice President of Academic Affairs and Professor of | *No Objection.* |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Psychology at the University of St. Thomas in Houston, Texas, where I was responsible for four academic schools, approximately 200 faculty members, and over 4,000 students. From 1997 to 2001, I served as Academic Vice President and Professor of Psychology at Le Moyne College. From 1992 to 1997 I served as Dean of the College of Arts and Sciences and Professor of Psychology at the State University of New York at Oswego. And, from 1977-1992 I served as a Professor of Psychology at Fordham University in New York City, where I served as department chair for the Department of Psychology and director of the Doctoral program in Psychometrics. | |
| 5. Over the past forty years, I have researched, studied, and taught psychometrics (psychometrics is the quantitative study of tests and measures in terms of the value, usefulness, and interpretation of the results of such measures). I also am a fellow, diplomate, and member of numerous professional societies involving educational and psychological testing, such as the APA (fellow), the American Association for Assessment Psychology (diplomate), the AERA (fellow), and the NCME, as well as other professional associations. I have represented the APA by serving on and chairing the Joint Committee on Testing Practices (which is separate from the APA committee responsible for the 1999 *Standards for Educational and Psychological Testing*) and have served on the APA's Committee on Psychological Testing and Assessment. In 2010, I was elected to serve two terms (2006-2008 and 2009-2011) as the representative on the Council of Representatives for the APA's Division of Evaluation, Measurement and Statistics. My second term was cut short by one year when I was elected to serve as a member-at-large on the APA's Board of Directors in 2010, a | *No Objection.* |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| position I held for a three-year term (2011-2013). | |
| 6. I have authored numerous publications about psychological and educational testing. I have worked at the Educational Testing Service ("ETS"), chaired its Technical Advisory Committee for the Graduate Record Examination ("GRE"), served on the Board of Directors for the GRE (a Board that I also chaired), and have been a member of the College Board, (formerly known as the College Entrance Examination Board) for which I served (2000-2002) on its SAT Committee. I recently concluded a four-year term (2011-2014) on the Advisory Research Committee for the College Board, serving the last two years as its chair. I currently serve on the Technical Advisory Committee for the Educational Records Bureau[3] and on Saudi Arabia's International Advisory Board for its National Center for Assessment and Evaluation. | *No Objection.* |
| 7. In 2010, I was elected to the Council (i.e., Board of Directors) for the International Test Commission—the primary international testing body. In 2012, I was also elected as its Treasurer and to serve on its Executive Council. I am the only American who serves on its Executive Council. | *No Objection.* |
| 8. I was asked to review and share my comments' [*sic*] chapters of the 1999 *Standards for Educational and Psychological Testing*, published jointly by the AERA, the APA, and the NCME (the "1999 Standards"). The Standards[4] embody the professionally accepted | FRE 402 Relevance / FRE 403 Prejudice. The testimony omits reference to any relevant timeframe, and witness's use of the term "Standards" without referencing a particular edition or relevant timeframe confuses the issues. |

[3] The Educational Record Bureau specializes in the development and use of tests and testing products for private and independent educational institutions at the p-12 levels.

[4] I use the term "*Standards" to refer to the Standards for Educational and Psychological Testing* as a whole, not a specific version of the Standards, *i.e.* 1999 or 2014.

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| practices for testing and measurement. One of the chapters I reviewed was based upon the testing of individuals with disabilities, an area in which I have engaged in research and have served as an expert witness in federal courts as well as state courts in New York, New Jersey, and California. | |
| 9. In addition to my 130 plus journal articles and book chapters, I have written, edited, or co-edited approximately 15 books and monographs. The vast majority of these publications deal with testing and measurement issues. For example, I have edited two books on the psychological testing of Hispanics and another I co-edited related to fairness in testing. I have also co-edited several books of reviews of published tests and measures. I was also Editor-in-Chief for the three-volume *Handbook of Testing and Assessment in Psychology* (published by the APA in 2013) and have been editor of the journal *Applied Measurement in Education* for the past 9 plus years. Taylor & Francis, in conjunction with the Buros Center for Testing publishes this journal. | *No Objection.* |
| 10. I also co-chaired a sub-committee of the APA's Joint Committee on Testing Practices and the overall committee itself that developed a document on the rights and responsibilities of test takers (1993-2001). This document has been endorsed by a number of professional associations related to proper test use, including the APA, the National Association of School Psychologists, the American Counseling Association, and the NCME. While chairing the Joint Committee on Testing Practices, the committee developed a book entitled *Assessing Individuals with Disabilities*, in which I wrote a chapter. I also served on a task force charged to illuminate issues related to the testing of individuals with disabilities as well as ethnic minorities. The task force wrote and edited a | *No Objection.* |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| book entitled *Test Interpretation and Diversity: Achieving Equity in Assessment*, which was published by the APA's publication unit in 1997. I had three chapters in that volume. | |
| 11. I additionally served on an APA task force (2007-2010) that considered the assessment and intervention of individuals with disabilities. The results of our work, Guidelines for the "Assessment of and Intervention with Individuals with Disabilities," was published in the *American Psychologist*, the premier publication of the APA (Geisinger et al., 2012) and endorsed as the policy of the APA by its governance. A reference for the *American Psychologist* article may be found on my curriculum vitae, which is attached as Exhibit 1. | *No Objection.* |
| 12. In the past two years (2014-2015), I have served on two task forces related to the use of measures in clinical psychology. One of these has written a policy, recently accepted by the APA's Board of Directors, that differentiates the use of tests and other measures, for screening and assessment, two highly related types of testing, but which differ in specificity and focus. Tests are usually standardized measures that are given to a number of people for a specific purpose. A bar examination would be an example of a test. Measures are other variables yielding typically quantitative values that are used to evaluate a person and include tests. A bathroom scale results in a measure (weight), but would not normally be considered as a test. | *No Objection.* |
| 13. During 2013-2014, I served on a committee of the Institute of Medicine (a component of the National Academy of Sciences) that evaluated the use of psychological and clinical neuropsychological measures by the Social Security Administration in determining | *No Objection.* |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| disability status. The final report, entitled *Psychological Testing in the Service of Disability Determination*, has been published by the National Academy of Sciences and is also available from the Institute of Medicine's website. | |
| 14. For approximately four years (2008-2012), I jointly represented three professional associations (the AERA, the APA, and the NCME) in developing the International Standards Organization's ("ISO") first standard on psychological testing. The results of the work of the committee that engaged in this activity was ISO Standard 10677. The standard is divided into two parts. The first establishes requirements and guidance for a client working with a service provider to carry out the assessment of an individual, a group, or an organization for work-related purposes. ISO 10667-1:2011 enables the client to base its decisions on sound assessment results. ISO 10667-1:2011 also specifies the responsibilities of a service provider in terms of the assessment methods and procedures that can be carried out for various work-related purposes made by or affecting individuals, groups or organizations. | *No Objection.* |
| 15. I also built or helped to build a number of testing measures. Specifically, I served as the primary consultant on a number of civil service examinations given in New York City for police officers, sergeants, lieutenants, and captains, fire fighters, fire lieutenants, fire captains, sanitation supervisors, and a variety of other civil service occupations over a period of at least a decade ending in 1992. I sometimes defended these measures in court. I also represented the Public Service Alliance of Canada against the Public Service of Canada in two cases related to their national testing efforts and assisted Disability Rights Advocates with regard to several testing disputes concerning | FRE 402 Relevance. The witness's prior experience as an expert on testing issues is not relevant to his opinions in this case, which concerns alleged harm to Plaintiffs. |

43

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| individuals with disabilities. *See* Exh. 1. | |
| 16. In recent years, my primary efforts have been to assure testing fairness for those with disabilities, language minorities, and ethnic minorities. | FRE 402 Relevance. The witness's prior experience with testing issues is not relevant to his opinions in this case, which concerns alleged harm to Plaintiffs. |
| 17. I first learned about the Standards for Educational and Psychological Testing while I was in my first or second year of graduate school. They are widely discussed in classes on testing and testing practice and treated with great respect. Some graduate programs and courses require that students purchase the Standards as part of their coursework and education. In teaching graduate classes on topics related to testing and associated with the Standards, I often refer to them, building the thoughts and approaches described in the Standards, as well as specific standards, into my lectures and classes. I expect students to purchase and read the Standards in a number of the classes I taught. When writing chapters and articles on such topics as test validity, test reliability, and test fairness—all topics I have discussed in writing—I frequently refer to the Standards to check my use of language, my interpretations, and to check that I am not omitting a topic of importance relevant to the specific publication. Also, when building tests, such as the Police and Fire Department Civil Service tests I helped construct for the City of New York, or when serving on technical advisory committees for the well-known SAT and GRE committees and boards, I refer to the Standards frequently. Usually, in meetings I attempt to express what I believed to be best practices, and then would "back up" my beliefs with quotes from the specific and relevant standards. Perhaps my greatest use of the Standards has occurred in my legal defense of specific tests or in my critique of particular uses of some tests, both of which I have engaged in | FRE 402 Relevance. The witness's prior experience as an expert on testing issues is not relevant to his opinions in this case, which concerns alleged harm to Plaintiffs.

FRE 403 Prejudice. The testimony omits reference to any relevant timeframe, and witness's use of the term "Standards" without referencing a particular edition or relevant timeframe confuses the issues. |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| during my career as an expert witness. | |
| 18. The ultimate advantages of the Standards in my opinion are that they are written and edited by first-rate professionals covering a number of the representative fields in which testing and assessment are primarily employed, they are thoroughly and publicly vetted by other professionals, and they are openly discussed during the revision process at many professional conferences. The resultant document becomes a living document of best practices. That the members of the committee drafting the Standards are generally extremely highly respected professionals in the field of testing and testing practice also provides the Standards great credibility. Given my experience over the last 10 years as Director of the Buros Center for Testing, thought of by many as the Consumer Reports of the testing industry, and my service as the co-editor of the Mental Measurements Yearbooks, where commercially available tests are evaluated, I can state categorically that the Standards serve as the primary basis for all test evaluations. The other editors of these Yearbooks and I refer to the Standards with great frequency to determine and assure ourselves that the comments made by reviewers are consistent with the Standards and that the reviews themselves are based upon principles supported by, and coherent with, the Standards. The Standards originally were created as principles and guidelines – a set of best practices to improve professional practice in testing and assessment across multiple settings, including education and various areas of psychology. The Standards can and should be used as a recommended course of action in the sound and ethical development and use of tests, and also to evaluate the quality of tests and testing practices. Additionally, an essential component of responsible professional practice is maintaining technical competence. Many | FRE 402 Relevance. The witness's prior experience as an expert on testing issues is not relevant to his opinions in this case, which concerns alleged harm to Plaintiffs.

FRE 403 Prejudice. The testimony omits reference to any relevant timeframe, and witness's use of the term "Standards" without referencing a particular edition or relevant timeframe confuses the issues.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| professional associations also have developed standards and principles of technical practice in assessment. The Sponsoring Organizations' Standards have been and still are used for this purpose. | |
| 19. The Standards, however, are not simply intended for members of the Sponsoring Organizations: AERA, APA, and NCME. The intended audience of the Standards is broad and cuts across audiences with varying backgrounds and different training. For example, the Standards also are intended to guide test developers, sponsors, publishers, and users by providing criteria for the evaluation of tests, testing practices, and the effects of test use. Test user-oriented standards refer to those standards that help test users decide how to choose certain tests, interpret scores, or make decisions based on test results. Test users include clinical or industrial psychologists, research directors, school psychologists, counselors, employment supervisors, teachers, and various administrators who select or interpret tests for their organizations. There is no mechanism, however, to enforce compliance with the Standards on the part of the test developer or test user. The Standards, moreover, do not attempt to provide psychometric answers to policy or legal questions. They do not themselves set requirements, but serve to distribute best practices and procedures. | FRE 403 Prejudice. The federal government requires compliance with the 1999 Standards through Title 34 Section 668.146 of the Code of Federal Regulations, and the witness's discussion of compliance mechanisms by other parties is irrelevant and confuses the issues. The testimony omits reference to any relevant timeframe, and witness's use of the term "Standards" without referencing a particular edition or relevant timeframe confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA, or for the goals or intent of the Standards, which she did not author.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 20. The Standards apply broadly to a wide range of standardized instruments and procedures that sample an individual's behavior, including tests, assessments, inventories, scales, and other testing vehicles. The Standards apply equally to standardized multiple-choice tests, performance assessments (including tests comprised of only open-ended essays), and hands-on assessments or simulations. The main exceptions are that the Standards do not apply to unstandardized questionnaires (*e.g.*, unstructured behavioral checklists or observational forms), teacher-made tests, and subjective decision processes (*e.g.*, a teacher's evaluation of students' classroom participation over the course of a semester). | FRE 402 Relevance. The proffered testimony concerning the types of testing the standards apply to does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.

FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 702 Unreliable Expert Opinion. The proffered testimony on the application of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 21. The Standards have been used to develop testing guidelines for such activities as college admissions, personnel selection, test translations, test user qualifications, and computer-based testing. The Standards also have been widely cited to address technical, professional, and operational norms for all forms of assessments that are professionally developed and used in a variety of settings. The Standards additionally provide a valuable public service to state and federal governments as they | FRE 402 Relevance. The proffered testimony concerning the use of the Standards does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.

FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| voluntarily choose to use them. For instance, each testing company, when submitting proposals for testing administration, instead of relying on a patchwork of local, or even individual and proprietary, testing design and implementation criteria, may rely instead on the Sponsoring Organizations' Standards to afford the best guidance for testing and assessment practices. | and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents. |
| 22. The Sponsoring Organizations do not keep any of the revenues generated from the sales of the Standards. Rather, the income from these sales is used by the Sponsoring Organizations to offset their development and production costs and to generate funds for subsequent revisions. This strategy allows the Sponsoring Organizations to develop up-to-date, high quality Standards that otherwise would not be developed due to the time and effort that goes into producing them. | FRE 403 Prejudice. The statement that the Plaintiffs do not "keep" any of the revenues, but use them for certain operating expenses, is incomplete and misleading, because Plaintiffs do keep the revenues but simply earmark them for particular purposes.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 702 Unreliable Expert Opinion. The proffered testimony concerning the business model used for sale and development of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 23. Without the sales revenue from prior Standards versions (because – if Public Resource succeeds in this litigation – this publication will be made freely available online), it is extremely unlikely that future | FRE 403 Prejudice. The 2014 Standards are not at issue in this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| updates to the Standards will be undertaken. This well-informed opinion is made because NCME is too small an organization to financially support periodic updates of the Standards, AERA does not have the budget for it, and an insufficient number of psychometricians are members of APA for it to justify the ongoing expenditures. Charging extra membership fees to fund ongoing updates to the Standards would never happen, because the governing bodies of AERA, APA and NCME would not vote for it. If these Sponsoring Organizations ceased updating the Standards, it is unlikely that other organizations would step in and continue the effort. Moreover, there are no other organizations with the expertise in their memberships to populate such a committee or task force. | that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case. <br><br> FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br> FRE 702 Unreliable Expert Opinion. The proffered testimony concerning the business model used for sale and development of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 24. There simply is no way for Plaintiffs to calculate with any degree of certainty the number of university/college professors, students, testing companies and others who would have purchased Plaintiffs' Standards but for their wholesale posting on Defendant's https://law.resource.org website and the Internet Archive http://archive.org website. | FRE 702 Unreliable Expert Opinion. The proffered testimony concerning the economic substitution effect of Public Resource's posting of the 1999 Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 25. In Fiscal Year ("FY") 2011 to FY 2012, as | FRE 403 Prejudice. The probative value of the |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| compared to FY 2011, the Sponsoring Organizations experienced a 34% drop in sales of the 1999 Standards. In FY 2013, sales of the 1999 Standards remained at their low level from the prior fiscal year (*See* F. Levine Declaration, ¶ 18, Exh. OOO). For a publication with the longevity of the 1999 Standards, one otherwise would expect to see a gradual decline in sales year-over-year; not the precipitous drop in sales experienced by the 1999 Standards in 2012 and 2013 - even considering that updated Standards were published in 2014. It is also clear that this drop did not occur due to the expected publication of the 2014 Standards, because they were actually due to be published more than a year earlier. Thus, one would have expected such a drop to occur perhaps in 2010 or 2011. | proffered testimony on sales is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder, because the witness's conclusions are both contrary to fact and mischaracterize the evidence. What the witness presents as sales data is actually gross revenue data. The witness fails to provide context as to the general decline in both sales and revenues for the 1999 Standards that began prior to Public Resource's posting of the 1999 Standards.  FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 702 Unreliable Expert Opinion. The proffered testimony concerning the sales of the 1999 Standards and the economic substitution effect of Public Resource's posting of the 1999 Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 26. Past harm from Public Resource's infringing activities includes misuse of Plaintiffs' intellectual property without permission, lost sales that cannot be totally accounted for – due to potentially infinite Internet distribution, especially by psychometrics students, and lack of funding that otherwise would have been available for the update of the Sponsoring Organizations' Standards from the 1999 to the 2014 versions. | FRE 403 Prejudice. The witness's statement regarding "potentially infinite Internet distribution" has no factual basis and invites speculation through unrealistic and bombastic terminology. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 27. Should Public Resource's infringement be allowed to continue, the harm to the Sponsoring Organizations, and public at large who rely on the preparation and administration of valid, fair and reliable tests, includes: (i) uncontrolled publication of the 1999 Standards without any | FRE 403 Prejudice. The 2014 Standards are not at issue in this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| notice that those guidelines have been replaced by the 2014 Standards; (ii) future unquantifiable loss of revenue from sales of authorized copies of the 1999 Standards (with proper notice that they are no longer the current version) and the 2014 Standards; and (iii) lack of funding for future revisions of the 2014 Standards and beyond. | Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

| Declaration of Kurt F. Geisinger In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 28. The harm caused to the public by publication of out-of-date Standards (not labeled as such) will be significant, because the testing and assessment fields are constantly changing, given updates in testing technology and ever-evolving collective thought on the validity, reliability and fairness of tests. Members of the public who would be harmed by discontinued updates of the Standards include psychometrics professors, students and professionals, as well as test developers, administrators and takers. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

## V.   OBJECTIONS TO THE DECLARATION OF PLAINTIFFS' LEAD COUNSEL JONATHAN HUDIS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am a partner with Quarles & Brady LLP, lead counsel to Plaintiffs, AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC. ("AERA"), AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. ("APA") and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. ("NCME") (collectively, "Plaintiffs") in the captioned action. I submit this Declaration in support of Plaintiffs' motion for summary judgment and entry of a permanent injunction against Defendant, Public.Resource.Org, Inc. | *No Objection.* |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| ("Defendant" or "Public Resource"). | |
| 2. Accompanying this Declaration as Exhibit A is a true copy of the transcript from the deposition of Carl Malamud ("Malamud"), taken in his personal capacity and as the Fed.R.Civ.P. 30(b)(6) representative of Defendant (see transcript, pp. 14-22), on May 12, 2015 (the "Malamud/Public Resource Deposition"). | Public Resource hereby preserves the objections that its counsel made at the time of the deposition. |
| 3. Accompanying this Declaration as Exhibit B is a true copy of the Articles of Incorporation of Public Resource, filed with the California Secretary of State on April 13, 2007, marked as Exhibit 16 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 4. Accompanying this Declaration as Exhibit C is a true copy of the Bylaws of Public Resource, having a "last revised" date of April 18, 2007 (see p. 23), marked as Exhibit 17 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 5. Accompanying this Declaration as Exhibit D are true copies of the home page and "About" page from Public Resource's website, https://public.resource.org, marked as Exhibits 19 and 20 during the Malamud/Public Resource Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 6. Accompanying this Declaration as Exhibit E is a true copy of a representative list of projects Malamud/Public Resource has been involved in and publications he has written as author or co-author, marked as Exhibit 15 during the Malamud/Public Resource Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 7. Accompanying this Declaration as Exhibit F is a true copy of a documented Kickstarter crowd-funding campaign launched by Public Resource in 2013, to obtain outside financial support for copying and posting third party | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| standards and codes to the https://public.resource.org website. These captured Kickstarter web pages were marked as Exhibit 27 during the Malamud/Public Resource Deposition. | |
| 8. Accompanying this Declaration as Exhibit G is a true copy of the "Geneva" chapter from Malamud's book entitled *Exploring the Internet: A Technical Travelogue*, published in 1993, marked as Exhibit 22 during the Malamud/Public Resource Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 9. Accompanying this Declaration as Exhibit H is a true copy of Malamud, C., *Liberating America's Secret, For-Pay Laws*, boingboing, March 19, 2012, marked as Exhibit 25 during the Malamud/Public Resource Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 10. Accompanying this Declaration as Exhibit I is a true copy of Garfield, B., *Making Laws More Public Transcript - On The Media*, interview of Carl Malamud, The Media, April 13, 2012, marked as Exhibit 24 during the Malamud/Public Resource Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 11. Accompanying this Declaration as Exhibit J to this Declaration is a true and accurate copy of "Public Safety Codes Incorporated by Law," appearing on Defendant's website at http://law.resource.org/pub/us/code/safety.html (last visited December 17, 2015). | *No Objection.* |
| 12. Accompanying this Declaration as Exhibit K to this Declaration is a true and accurate copy of "Public Safety Standards United States (Federal Government)," appearing on Defendant's website at http://law.resource.org/pub/us/cfr/manifest.us.html (last visited December 17, 2015). | *No Objection.* |
| 13. Accompanying this Declaration as Exhibit L to this Declaration is a true and accurate copy of | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 5-920-538, for the work "Safety standard for belt manlifts: ASME A90.1-2003." | Dkt. 69-4. |
| 14. Accompanying this Declaration as Exhibit M to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 5-181-138, for the work "Guidelines for the definition of onshore gas gathering lines." | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 15. Accompanying this Declaration as Exhibit N to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 427-109, for the work "Official methods of analysis of the Association of Official Analytical Chemists." | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 16. Accompanying this Declaration as Exhibit O to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 1-142-464, for the work "Classification in mental retardation." | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 17. Accompanying this Declaration as Exhibit P to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 2-953-680, for the work "Glazing manual." | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 18. Accompanying this Declaration as Exhibit Q to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 6-062-476, for the work "Mobile and locomotive cranes : ASME B30.5-2004." | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 19. Accompanying this Declaration as Exhibit R to this Declaration is a true and accurate copy of the Register of Copyrights' | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| online abstract for U.S. Copyright Registration No. TX 5-434-639, for the work "Drinking water system components: health effects: American national standard/NSF international standard for drinking water additives: ANSI/INSF 61-2001." | |
| 20. Accompanying this Declaration as Exhibit S to this Declaration is a true and accurate copy of the Register of Copyrights' online abstract for U.S. Copyright Registration No. TX 5-902-199, for the work "Minimum design loads for buildings and other structures." | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 21. Accompanying this Declaration as Exhibit T is a true copy of DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.'S AMENDED RESPONSES TO PLAINTIFFS' COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES (NOS 1-8), marked as Exhibit 29 during the Malamud/Public Resource Deposition. | Public Resource hereby preserves the objections made in its interrogatory responses. |
| 22. Accompanying this Declaration as Exhibit U is a true copy of Public Resource's receipt, dated May 17, 2015, for its purchase of Plaintiff's Standards for Educational and Psychological Testing (1999 ed.), marked as Exhibit 30 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 22. Accompanying this Declaration as Exhibit U is a true copy of Public Resource's receipt, dated May 17, 2015, for its purchase of Plaintiff's Standards for Educational and Psychological Testing (1999 ed.), marked as Exhibit 30 during the Malamud/Public Resource Deposition. | *No Objection.* |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 23. Accompanying this Declaration as Exhibit V is a true copy of Plaintiffs' Standards for Educational and Psychological Testing (1999 ed.), marked as Exhibit 31 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 24. Accompanying this Declaration as Exhibit W is a true copy of a letter and Freedom of Information Action ("FOIA") request dated July 14, 2009 from Public Resource to the General Counsel of the National Archives, requesting a copy of, *inter alia*, Plaintiffs' 1999 Standards for free or at reduced cost pursuant to a "fee waiver," marked as Exhibit 32 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 25. Accompanying this Declaration as Exhibit X is a true copy of letter dated August 3, 2009 from the National Archives to Public Resource, marked as Exhibit 33 during the Malamud/Public Resource Deposition, in which the National Archives denies Public Resource's FOIA request of Exhibit W above. | *No Objection.* |
| 27. Accompanying this Declaration as Exhibit Z is a true copy of the transcript from the deposition of James R. Fruchterman ("Fruchterman"), *Defendant's Expert*, taken on September 8, 2015 (the "Fruchterman Deposition"). | Public Resource hereby preserves the objections that its counsel made at the time of the deposition. |
| 28. Accompanying this Declaration as Exhibit AA is a true copy of the Fruchterman Expert Report, marked as part of Exhibit 64 during the Fruchterman Deposition. | *No Objection.* |
| 29. Accompanying this Declaration as Exhibit BB is a true copy of portions of the transcript from the deposition of Christopher Butler ("Butler"), Office Manager of the Internet Archive (see transcript at pp. 5, 7-8 and 28-30), taken on December 2, 2014 (the "Butler/Internet Archive Deposition"). | Public Resource hereby preserves the objections that its counsel made at the time of the deposition. |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 30. Accompanying this Declaration as Exhibit CC is a true copy of a Declaration of Internet Archive (C. Butler) and Stipulation of the Parties (the "Butler/Internet Archive Declaration") signed by Butler on January 20, 2015, subsequent to and as a supplementation of the Butler/Internet Archive Deposition. | *No Objection.* |
| 31. Accompanying this Declaration as Exhibit DD is a true copy of Internet Archive's Terms of Use dated March 10, 2001, marked as Exhibit 5 during the Butler/Internet Archive Deposition. | Plaintiffs did not refile this document.  Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 32. Accompanying this Declaration as Exhibit EE is a true copy of Internet Archive's Item History for gov.law.aera.standards 1999, marked as Exhibit 7 during the Butler/Internet Archive Deposition. | *No Objection.* |
| 33. Accompanying this Declaration as Exhibit FF is a true copy of Internet Archive's Logs pertaining to the Item History for gov.law.aera.standards.1999, marked as Exhibit 8 during the Butler/Internet Archive Deposition. | *No Objection.* |
| 34. Accompanying this Declaration collectively as Exhibit GG are a [*sic*] true copies of screen captures of Plaintiffs' 1999 Standards in the form that they were uploaded by Public Resource to the Internet Archive website, marked as Exhibit 6 during the Butler/Internet Archive Deposition. | FRE 403 Prejudice. The description of this document is misleading and risks confusing the issues because it is erroneous.  At deposition, the Rule 30(b)(6) representative of the Internet Archive identified these as screenshots of a details page depicting in part select pages from the 1999 Standards. ICE Ex. 61 (Butler Dep. 57:07–59:09). |
| 35. Accompanying this Declaration as Exhibit HH is a true copy of DEFENDANT PUBLIC.RESOURCE.ORG, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS, SET ONE (NOS. 1-8). | Public Resource hereby preserves the objections that it made in its responses to Plaintiffs' requests for admissions. |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 36. On December 15, 2014, Plaintiffs filed a motion to compel discovery of, *inter alia*, documentation verifying when Public Resource published or posted Plaintiffs' 1999 Standards to one of Public Resource's websites, as well documentation verifying the number of times Plaintiffs' 1999 Standards were viewed on, accessed from or downloaded from one of Public Resource's websites (i.e., Public Resource's Internet server logs). The parties' motion papers pertaining to Plaintiffs' discovery motion may [*sic*] found on the Court's docket at Dkt. Nos. 27, 29 and 30. Five months later, and without explanation, the Court (Robinson, M-J) denied these parts of Plaintiffs' discovery motion (Court Order, May 20, 2015, Dkt. No. 49). | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. Plaintiffs' motion was granted in part and denied in part after a full briefing and opportunity to argue before the Court. Plaintiffs had an opportunity to appeal the ruling and did not do so, and should not now attempt to cast doubt on the Court's ruling and sow speculation. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and wasting time. |
| 37. Accompanying this Declaration as Exhibit II is a true copy of Internet Archive's screen capture of its query results to determine from its records the download count for the item with the identifier gov.law.aera.standards.1999, marked as Exhibit 11 during the Butler/Internet Archive Deposition. | FRE 403 Prejudice. The Rule 30(b)(6) representative of the Internet Archive specified that "download" in this context referred to any access of the web address, not necessarily a download onto a hard drive or other medium, and such access could be from either human beings or from Internet crawling robots (automated programs like webcrawlers), or uploaders, or internal visits from Internet Archive processes or staff. ICE Ex. 61 (Butler Dep. 126:02–126:21). The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. |
| 38. Accompanying this Declaration as Exhibit JJ is a true copy of an e-mail dated December 16, 2013 from Mr. John Neikirk, Director of Publications of Plaintiff AERA, to Carl Malamud, requesting removal of Plaintiffs' 1999 Standards from Public Resource's https://law.resource.org website, marked as Exhibit 39 during the Malamud/Public Resource Deposition. | *No Objection*. |

| Declaration of Jonathan Hudis In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 39. Accompanying this Declaration as Exhibit KK is a true copy of a letter dated December 19, 2013 from Carl Malamud (on Public Resource stationery) refusing to remove Plaintiffs' 1999 Standards from Public Resource's https://law.resource.org website, marked as Exhibit 40 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 40. Accompanying this Declaration as Exhibit LL is a true copy of an e-mail dated June 10, 2014 from the undersigned to Carl Malamud regarding the initiation of this lawsuit, marked as Exhibit 42 during the Malamud/Public Resource Deposition. | *No Objection.* |
| 41. Accompanying this Declaration as Exhibit MM is a true copy of a memorandum on Public Resource letterhead, signed by Carl Malamud on June 12, 2014, undertaking to remove Plaintiffs' 1999 Standards from Public Resource's https://law.resource.org website and from the Internet Archive https://archive.org website pending the outcome of this litigation, marked as Exhibit 43 during the Malamud/Public Resource Deposition. | *No Objection.* |

VI.   **OBJECTIONS TO THE DECLARATION OF FELICE J. LEVINE IN SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION**

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am the Executive Director of the American Educational Research Association, Inc. ("AERA") I have been employed by the AERA since May 2002. I submit this Declaration in support of the motion of the AERA, the American. Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or "Sponsoring Organizations") for summary judgment and the entry of a permanent injunction. | *No Objection.* |
| 2. As set forth in the AERA Bylaws, the Executive Director is the chief executive officer of the Association. In that capacity, I am responsible for all programmatic, financial, administrative, staffing, and managerial responsibilities of the AERA. I also advise on and implement the policies that guide our organization. | *No Objection.* |
| 3. As publisher, the AERA has provided general oversight since November 1999 for the production, printing, sales, and marketing of the "Standards for Educational and Psychological Testing" (the "Standards"), and for the fiscal management of the revenue and expenditure of funds and resources of that publication. AERA was selected to serve as publisher by the Management Committee of the three Sponsoring Organizations. As the Executive Director of the AERA, I have administrative oversight over all of AERA's implementation of its responsibilities regarding the Standards | *No Objection.* |
| 4. AERA is a District, of Columbia not-for-profit corporation. | *No Objection.* |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 5. AERA is the major national scientific society for research on education and learning. AERA's mission is to advance knowledge about education, to encourage scholarly inquiry related to education, and to promote the use of research to improve education and serve the public good. | *No Objection.* |
| 6. In 1955, Plaintiffs AERA and NCME prepared and published a companion document to APA's "Technical Recommendations for Psychological Tests and Diagnostic Techniques" (published in 1954), entitled, "Technical Recommendations for Achievement Tests." Subsequently, a joint committee of the three organizations modified, revised, and consolidated the two documents into the first Joint Standards. Beginning with the 1966 revision, the Sponsoring Organizations collaborated in developing the "Joint Standards" (or simply, the "Standards"). Each subsequent revision of the Standards has been careful to note that it is a revision and update of the prior version. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with AERA in May 2002. |
| 7. Beginning in the mid-1950s, the Sponsoring Organizations formed and periodically reconstituted a committee of highly trained and experienced experts in psychological and educational assessment, charged with the initial development of the Technical Recommendations and then each subsequent revision of the (renamed) Standards. These committees were formed by the Sponsoring Organizations' Presidents (or their designees), who would meet and jointly agree on the membership. Often a chair or co-chairs of these committees were selected by joint agreement. Beginning with the 1966 version of the Standards, this committee became referred to as the "Joint Committee." | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with AERA in May 2002.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 8. Financial and operational oversight for the Standards' revisions, promotion, distribution, and for the sale of the 1999 and 2014 Standards has been undertaken by a periodically reconstituted Management Committee, comprised of the designees of the three Sponsoring Organizations. As Publisher of the 1999 and 2014 Standards, AERA works in consultation with the Management Committee to implement its managerial guidance. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with AERA in May 2002. |
| 9. All members of the Joint Committee(s) and the Management Committee(s) are *unpaid* volunteers. The expenses associated with the ongoing development and publication of the Standards include travel and lodging expenses (for the Joint Committee and Management Committee members), support staff time, production, printing and shipment of bound volumes, and advertising costs. For the 2014 Standards, the production, printing and shipment of bound volumes, and advertising costs, are paid for by the publisher, AERA. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues, and it fails to acknowledge or discuss the expenses that a large number of unpaid volunteers and their employers bore in the drafting of the Standards.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with AERA in May 2002. |
| 10. Many different fields of endeavor rely on assessments. The Sponsoring Organizations have ensured that the range of these fields of endeavor is represented in the Joint Committee's membership – *e.g.*, admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation. Similarly, the Joint Committee's members, who are *unpaid volunteers*, represent expertise across major functional assessment areas – *e.g.*, validity, equating, reliability, test development, scoring, reporting, interpretation, and large scale interpolation. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, |

64

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| | or other specialized knowledge within the scope of Rule 702. |
| 11. From the time of their initial creation to the present, the preparation of and periodic revisions to the Standards entail intensive labor and considerable cross-disciplinary expertise. Each time the Standards are revised, the Sponsoring Organizations select and arrange for extensive meetings of and work by the leading authorities in psychological and educational assessments (known as the Joint Committee). During these meetings, certain Standards are combined, pared down, and/or augmented, others are deleted altogether, and some are created as whole new individual Standards. The 1999 version of the Standards is nearly 200 pages, took more than five years to complete. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 12. The Standards were not created or updated to serve as a legally binding document, in response to an expressed governmental or regulatory need, nor in response to any legislative action or judicial decision. However, the Standards have been cited in judicial decisions related to the proper use and evidence for assessment, as well as by state and federal legislators. These citations in judicial decisions and during legislative deliberations occurred without any lobbying by the Plaintiffs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the goals of the many authors of the Standards. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | including because the proffered testimony is conclusory. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 13. AERA has not solicited any government agency to incorporate the Standards into the Code of Federal Regulations or other rules of Federal or State agencies. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to. Moreover, Plaintiffs refused to provide discovery concerning any edition of the Standards other than the 1999 Standards, and it would be unfairly prejudicial to allow them to introduce testimony on the 2014 Standards or other editions at summary judgment. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by AERA in May 2002. |
| | FRCP 26(a) and 37 Withheld Evidence. Plaintiffs refused to provide evidence or testimony concerning any edition of the Standards other than the 1999 Edition, and redacted documents that included data concerning the 1985 and 2014 editions of the Standards. *See* ICE Ex. 62 (Plaintiffs/counterclaim-defendants' Objections and Answers to Defendant/counterclaim-plaintiff's First Set of Interrogatories (Nos. 1–10) (objecting to production of documents concerning any publications other than the 1999 Standards and stating that such documents are irrelevant)); ICE Ex. Ex. 63 (correspondence PRO counsel identifying earlier versions and redactions as issues in discovery). Plaintiffs should not be |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | allowed to now testify on matters they refused to allow discovery into. |
| 14. Plaintiffs promote and sell copies of the Standards via referrals to the AERA website, at annual meetings, in public offerings to students, and to educational institution faculty. Advertisements promoting the Standards have appeared in meeting brochures, in scholarly journals, and in the hallways at professional meetings. Accompanying this Declaration as Exhibit NNN is a true copy of advertisements promoting the 1999 Standards, marked as Exhibit 1218 during my deposition. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues. Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in July 2015.▮ ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ █████████████████████ |
| 15. All copies of the Standards bear a copyright notice. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |
| | FRE 403 Prejudice. The testimony does not specify which editions of the Standards the witness is referring to, which confuses the issues. Plaintiffs refused to provide discovery concerning any edition of the Standards other than the 1999 Standards, and it would be unfairly prejudicial to allow them to introduce testimony on other editions of the Standards at summary judgment. |
| | FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 16. Distribution of the Standards is closely monitored by the Sponsoring Organizations. AERA, the designated publisher of the Standards, sometimes provides promotional complementary print copies to students or professors. Except for these few complementary print copies, however, the Standards are not given away for free; and certainly they are not made available to the public by any of the three organizations for anyone to copy free of charge. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards is referred to, which confuses the issues.  Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in recent months ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ ███████████████████ |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| To date, AERA has never posted, or authorized the posting of, a digitized copy of the 1999 Standards on any publicly accessible website. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by AERA in May 2002, and the activities of the other Plaintiffs. |
| 17. The 1999 Standards have been sold at retail prices ranging from $25.95 to $49.95 per copy. From 2000 to 2014, except for the near two-year period during which Public Resource posted unauthorized copies online and sales diminished significantly, income generated from sales of the 1999 Standards, on average, had been approximately in excess of $127,000 per year. | FRE 403 Prejudice. The "average" gross revenue that the witness describes fails to note the fluctuations in sales revenue during the first 12 years that the 1999 Standards were on sale, nor the general downward trend of sales revenue. Nor does the witness's testimony explain how she arrived at her calculations. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. <br><br> FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. <br><br> FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. <br><br> FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 18. Accompanying this Declaration as Exhibit OOO is a true copy of AERA's Statement of Revenue and Expenses for the Standards from FY2000 to December 31, 2013, marked as Exhibit 1211 during my deposition. | *No Objection*. |
| 19. After the 2014 Standards were published in the late summer of 2014, AERA for a time discontinued sales of the 1999 Standards. This was to encourage sales of the newly-revised edition – the 2014 Standards. Accompanying this Declaration as Exhibit PPP is a true copy of the publication page for the 1999 Standards on the AERA website as of May 4, 2015 showing that the 1999 Standards were not available for sale at that time, marked as Exhibit 1196 during my deposition. | FRE 403 Prejudice. At deposition, AERA's Rule 30(b)(6) witness ████████ ████████████████████████████████ ████████████████████████████████ ████████████████████ Plaintiffs should not now be allowed to introduce testimony on this subject, as the probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice. |
| 20. However, so long as purchasers are made aware that it is no longer the current edition, the 1999 Standards do have an enduring value for those in the testing and assessment profession who (i) need to know the state of best testing practices as they existed between 1999 and 2014, (ii) believe they still may be held accountable to the guidance of the 1999 Standards even now, and/or (iii) study the changes in best testing and assessment practices over time. For this reason, in the summer of 2015 AERA resumed sales of the 1999 Standards. Accompanying this Declaration as | FRE 403 Prejudice. Exhibit QQQ is dated "12/17/2015" and does not show that the 1999 Standards were available for sale as of the summer of 2015, and the testimony is therefore misleading.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Exhibit QQQ is a true copy of the publication page for the 1999 Standards on the AERA website as updated during the summer of 2015, showing that the 1999 Standards are available for sale. | based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 21. All revenue from the sale of the 1999 Standards above expenses is used to cover the publishing costs of the Standards and for the preparation of subsequent editions of the Standards. The Sponsoring Organizations do not distribute any proceeds from the sales of the Standards to the Sponsoring Organizations. Rather, the income from these sales is used by the Sponsoring Organizations to offset their development and production costs and to generate funds for subsequent revisions. This allows the Sponsoring Organizations to develop up-to-date, high quality Standards that otherwise would not be developed due to the time and effort that goes into producing them. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by AERA in May 2002, and the activities of the other Plaintiffs.

FRE 701 Improper Lay Opinion. The proffered testimony as to the effects and necessity of Plaintiffs' financing model is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other |

70

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 22. Without receiving revenue from the sales of the Standards to offset their preparation costs and to allow for further revisions, it is very likely that the Sponsoring Organizations would no longer undertake to periodically update them, and it is unknown who else would. | FRE 403 Prejudice. The 2014 Standards are not implicated by this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in this case.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The |

71

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 23. The Sponsoring Organizations decided on a model of self-funding of revisions of the Standards; that is, from the sale of prior editions of the Standards. Funding for the Standards revision process from third party sources (*e.g.*, governmental agencies, foundations, other associations interested in testing and assessment issues, etc.) was rejected because of the appearance or potential of conflicts of interest and the importance of users of the Standards being able to trust in their scientific integrity. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to any time period before she was employed by AERA in May 2002, and the activities of the other Plaintiffs. |
| | FRE 701 Improper Lay Opinion. The proffered testimony as to the effects and necessity of Plaintiffs' financing model is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 802 Hearsay. The proffered testimony relies on an out-of-court statement that is offered to prove the truth of the matter asserted. |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 24. Due to the relative minor portion of the membership of AERA who devote their careers to testing and assessment, it is highly unlikely that the members of AERA will vote for a dues increase to fund future Standards revision efforts if Public Resource successfully defends this case and is allowed to post the Standards online for the public to download or print for free. As a result, the Sponsoring Organizations would likely abandon their practice of periodically updating the Standards. | FRE 403 Prejudice. The 2014 Standards are not implicated by this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue. The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards. The witness's statement is also speculative and risks confusing the issues in this case.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

73

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 25. The Standards were registered with the U.S. Register of Copyrights under Registration Number TX 5-100-196, having an effective date of December 8, 1999. Accompanying this Declaration as Exhibit RRR is a true copy of the December 8, 1999 Copyright Certificate of Registration for the 1999 Standards. | *No Objection.* |
| 26. A supplementary copyright registration for the Standards was issued by the U.S. Register of Copyrights under Supplementary Registration Number TX 6-434-609, having an effective date of February 25, 2014. This Supplementary Registration was obtained to correct an error in the listing of copyright ownership in Registration Number TX 5-100-196. Accompanying as Exhibit SSS is a true copy of the February 25, 2014 Supplementary Copyright Certificate of Registration for the 1999 Standards. | Plaintiffs did not refile this document. Public Resource reserves its prior objections stated in Dkt. 69-4. |
| 27. The Joint Committee that authored the 1999 Standards comprised 16 members. | FRE 403 Prejudice. At deposition, Plaintiffs' Rule 30(b)(6) representative on the subject of copyright ownership and assignment stated ███████████████████████ ███████████████████████ Additionally, the witness fails to mention that hundreds of individuals, organizations, and other entities participated in the development of the 1999 Standards in collaboration with the Joint Committee members. *See* SMF ¶ 9.███ ████████████████████ The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder. FRE 602 Lack of Personal Knowledge. The witness was not hired until May 2002, years after the Joint Committee for the 1999 Standards completed its work. The proffered testimony is not based on the witness's |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 28. Accompanying this Declaration as Exhibit TTT is a true copy of the 1999 Standards. | *No Objection.* |
| 29. Public Resource posted Plaintiffs' 1999 Standards to its website and the Internet Archive website without the permission or authorization of any of the Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the activities of individuals at APA and NCME. |
| 30. The Sponsoring Organizations can only speculate on the number of electronic copies of the 1999 Standards that were made and distributed to others by the original Internet users who accessed the unauthorized copies that Public Resource posted to its site and the Internet Archive site. There simply is no way for the Sponsoring Organizations to calculate with any degree of certainty the number of university/college professors, students, testing companies and others who would have purchased Plaintiffs' Standards but for their wholesale posting on Defendant's https://law.resource.org website and the Internet Archive http://archive.org website. | FRE 403 Prejudice. Plaintiffs have the burden of proving infringement, and lacking evidence, cannot simply invite the Court to "speculate" as to the existence and number of downstream copies. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and wasting time. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

75

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 31. In December 2013, Plaintiff AERA requested in writing that Public Resource remove the 1999 Standards from its online postings. Accompanying this Declaration as Exhibit UUU is a true copy of a letter sent from John S. Neikirk, Director of Publications at AERA, to Carl Malamud of Public Resource regarding the posting of the 1999 Standards at https://law.resource.org/pub/us/cfr/ibr/001/aera.standards.1999.pdf, marked as Exhibit 1228 during my deposition. | *No Objection.* |
| 32. Had Public Resource not promised to remove the 1999 Standards from its law.resource.org website and the Internet Archive website while this lawsuit is pending, and followed through with, these promises, the Sponsoring Organizations seriously contemplated moving forward with a motion to preliminary [*sic*] enjoin Public Resource from maintaining the unauthorized postings of electronic copies of the 1999 Standards on the Internet, and delaying publication of the 2014 Standards. | FRE 402 Relevance. The proffered testimony does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. |
| 33. By June 2014, when Public Resource finally removed its online postings of the 1999 Standards, the damage already had been done. In Fiscal Year ("FY") 2011 to FY 2012, as compared to FY 2011, the Sponsoring | FRE 403 Prejudice. The probative value of the proffered testimony on sales is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder, because the witness's conclusions |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| Organizations experienced a 34% drop in sales of the 1999 Standards. In FY 2013, sales of the 1999 Standards remained at their low level from the prior fiscal year. | are both contrary to fact and mischaracterize the evidence. What the witness presents as sales data is actually gross revenue data. The witness fails to provide context as to the general decline in both sales and revenues for the 1999 Standards that began prior to Public Resource's posting of the 1999 Standards.  FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 702 Unreliable Expert Opinion. The proffered testimony concerning the sales of the 1999 Standards and harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 34. This is notable, given that Public Resource posted the Standards to the Internet in 2012-2013, and that the Sponsoring Organizations' updated Standards were not published until the summer of 2014. | FRE 403 Prejudice. The witness does not specify when precisely Public Resource posted the 1999 Standards, and invites speculation as to a connection between Public Resource's actions and the sales of the 1999 Standards, which were in decline prior to the posting of the 1999 Standards. The probative value of the proffered testimony on sales is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 35. Past harm from Public Resource's infringing activities includes lost sales that cannot be totally accounted for — due to potentially infinite Internet distribution; for example, by psychometrics students — and a lack of funding that otherwise would have been | FRE 403 Prejudice. The witness's statement regarding "potentially infinite Internet distribution" has no factual basis and invites speculation through unrealistic and bombastic terminology. The probative value of the proffered testimony is substantially |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| available for the update of the Sponsoring Organizations' Standards from the 1999 to the 2014 versions. | outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 36. Should Public Resource's infringement be allowed to continue, the harm to the Sponsoring Organizations, and public at large who rely on the preparation and administration of valid, fair and reliable tests, includes: (i) uncontrolled publication of the 1999 Standards without any notice that those guidelines have been replaced by the 2014 Standards; (ii) future unquantifiable loss of revenue from sales of authorized copies | FRE 403 Prejudice. The 2014 Standards are not at issue in this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards.  The witness's statement is also speculative and risks confusing the issues in |

| Declaration of Felice J. Levine In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| of the 1999 Standards (with proper notice that they are no longer the current version) and the 2014 Standards; and (iii) lack of funding for future revisions of the 2014 Standards and beyond. | this case.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony concerning harm attributed to Public Resource is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |

## VII. OBJECTIONS TO THE DECLARATION OF DIANNE L. SCHNEIDER IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Dianne L. Schneider In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am a Senior Human Capital Consultant at Personnel Decisions Research Institute | *No Objection.* |

| Declaration of Dianne L. Schneider In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| ("PDRI"). My work for PDRI includes providing consulting services, in areas such as performance management and career development, to a variety of public and private sector clients. I submit this Declaration in support of the motion of the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the National Council on Measurement in Education, Inc. ("NCME") (collectively, "Plaintiffs" or "Sponsoring Organizations") for summary judgment and the entry of a permanent injunction. | |
| 2. Prior to working at PDRI, from 1998 through 2012, I worked as a private consultant, providing consulting services for the APA and for Valtera, Inc. in the areas of leader, assessment and development, and psychological testing and assessment. Between 2009 and 2012, I worked as a consultant and a project coordinator for APA during the revision by the Joint Committee of the Sponsoring Organizations of the 1999 edition of the *Standards for Educational and Psychological Testing* (the "Standards") that were published in 2014. Prior to becoming a private consultant, from 1994 through 1998, I worked as a Testing and Assessment Officer at the APA. Prior to becoming a Testing and Assessment Officer, from 1992 to 1994, I worked as a Research Officer for APA. From 1993 through 1998, I also participated as a staff liaison for the Joint Committee during their revision of the 1985 edition of the Standards that were produced in published in 1999. | *No Objection.* |
| 3. My work for the revision of the 1985 Standards published in 1999, and my work for the revision of the 1999 Standards published in 2014, consisted of providing administrative | *No Objection.* |

| Declaration of Dianne L. Schneider In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| support to the project, such as arranging meeting logistics, taking notes and preparing minutes from the meetings, and managing committee correspondence including sending draft versions of the Standards for comment and compiling input from the public reviews. | |
| 4. Financial and operational oversight for the Standards' revisions, promotion, distribution, and for the sale of the 1999 and 2014 Standards has been undertaken by a periodically reconstituted Management Committee, comprised of the designees of the three Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 5. All members of the Joint Committee(s) and the Management Committee(s) are *unpaid* volunteers. The expenses associated with the ongoing development and publication of the Standards include travel and lodging expenses (for the Joint Committee and Management Committee members), support staff time, printing and shipment of bound volumes, and advertising costs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues, and it fails to acknowledge or discuss the expenses that a large number of unpaid volunteers and their employers bore in the drafting of the Standards. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 6. Draft revisions of the 1985 Standards, for what became the 1999 Standards, were widely distributed for public review and comment three times during this revision effort to gauge whether the testing community believed the revised drafts to be current and inclusive of the topics at issue. | *No Objection.* |
| 7. The Joint Committee received thousands of pages of comments and proposed text revisions from: the membership of the Sponsoring Organizations, scientific, professional, trade and advocacy groups, credentialing boards, state | FRE 602 Lack of Personal Knowledge. The proffered testimony as to the Joint Committee's use of submitted comments and language is not based on the witness's personal knowledge of the matter and the proffering |

| Declaration of Dianne L. Schneider In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| and federal government agencies, test publishers and developers, and academic institutions. While the Joint Committee reviewed and took under advisement these helpful comments, the final language of the 1999 Standards was a product of the Joint Committee members. | party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

## VIII.  OBJECTIONS TO THE DECLARATION OF LAURESS L. WISE IN SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND ENTRY OF A PERMANENT INJUNCTION

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 1. I am the Immediate Past President of the National Council on Measurement in Education, Inc. ("NCME"). I have been a member of this organization for approximately 30 years. I previously was the President of NCME from April 2014 through April 2015, and Vice President of this organization from April 2013 through April 2014. I submit this Declaration in support of the motion of the American Educational Research Association, Inc. ("AERA"), the American Psychological Association, Inc. ("APA"), and the NCME (collectively, "Plaintiffs" or "Sponsoring Organizations") for summary judgment and the entry of a permanent injunction. | *No Objection.* |
| 2. I also am a principal scientist with the Human Resources Research Organization ("HumRRO"), spending full time on research | *No Objection.* |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| and evaluation projects relating to educational measurement. I previously served as HumRRO CEO for 13 years, combining management and research activities and, before that, directed research and development for the Armed Services Vocational Aptitude Battery for the Department of Defense. Before that I spent 16 years as a researcher for the American Institutes for Research, rising to the position of Director of Research. I am also a member of both AERA and APA. | |
| 3. NCME is a District of Columbia not-for-profit corporation. | *No Objection.* |
| 4. NCME is a professional organization for individuals involved in assessment, evaluation, testing, and other aspects of educational measurement. NCME's members are involved in the construction and use of standardized tests; new forms of assessment, including performance-based assessment; program design; and program evaluation. | *No Objection.* |
| 5. In 1955, AERA and NCME prepared and published a companion document to APA's "Technical Recommendations for Psychological Tests and Diagnostic Techniques" (published in 1954), entitled "Technical Recommendations for Achievement Tests." | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 6. Subsequently, a joint committee of the three organizations modified, revised and consolidated the two documents into the first Joint Standards. Beginning with the 1966 revision, the Sponsoring Organizations collaborated in developing the "Joint Standards" (or simply, the "Standards"). Each subsequent revision of the Standards has been careful to note that it is a revision and update of that document | |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 7. Beginning in the mid-1950s, the Sponsoring Organizations formed and periodically reconstituted a committee of experts in psychological and educational assessment, charged with the initial development of the Technical Recommendations and then each subsequent revision of the (renamed) Standards. These committees were formed by the three organizations' Presidents (or their designees), who would meet and jointly agree on the membership. Often a chair or co-chairs of these committees were selected by joint agreement. Beginning with the 1966 version of the Standards, this committee became referred to as the "Joint Committee." For example, I was the co-chair of the Joint Committee for the 2014 edition of the Standards. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 8. Financial and operational oversight for the Standards' revisions, promotion, distribution, and for the sale of the 1999 and 2014 Standards has been undertaken by a periodically reconstituted Management Committee, comprised of designees of the three Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 9. All members of the Joint Committee(s) and the Management Committee(s) are unpaid volunteers. The expenses associated with the ongoing development and publication of the Standards include travel and lodging expenses (for the Joint Committee and Management Committee members), support staff time, printing and shipment of bound volumes, and advertising costs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues, and it fails to acknowledge or discuss the expenses that a large number of unpaid volunteers and their employers bore in the drafting of the Standards.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 10. Many different fields of endeavor rely on assessments. The Sponsoring Organizations have ensured that the range of these fields of | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The |

85

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| endeavor is represented in the Joint Committee's membership – *e.g.*, admissions, achievement, clinical counseling, educational, licensing-credentialing, employment, policy, and program evaluation. Similarly, the Joint Committee's members represent expertise across major functional assessment areas – *e.g.*, validity, equating, reliability, test development, scoring, reporting, interpretation, large scale interpolation and cognitive behavioral therapy. | proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 11. From the time of their initial creation to the present, the preparation and periodic revisions to the Standards entail intensive labor and considerable cross-disciplinary expertise. Each time the Standards are revised, the Sponsoring Organizations select and arrange for meetings of the leading authorities in psychological and educational assessments (known as the Joint Committee). During these meetings, certain Standards are combined, pared down, and/or augmented, others are deleted altogether, and some are created as whole new individual Standards. The 1999 version of the Standards is nearly 200 pages, and took more than five years to complete – resulting from work put in by the Joint Committee to generate a set of best practices on educational and psychological testing that are respected and relied upon by leaders in their fields. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 12. The Standards originally were created as principles and guidelines – a set of best practices in testing and assessment to improve professional practice in testing and assessment across multiple settings, including education and various areas of | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| psychology. The Standards can and should be used as a recommended course of action in the sound and ethical development and use of tests, and also to evaluate the quality of tests and testing practices. Additionally, an essential component of responsible professional practice is maintaining technical competence. Many professional associations also have developed standards and principles of technical practice in assessment. The Sponsoring Organizations' Standards have been and still are used for this purpose. | personal knowledge of this matter. <br><br> FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 13. The Standards, however, are not simply intended for members of the Sponsoring Organizations, AERA, APA, and NCME. The intended audience of the Standards is broad and cuts across audiences with varying backgrounds and different training. For example, the Standards also are intended to guide test developers, sponsors, publishers, and users by providing criteria for the evaluation of tests, testing practices, and the effects of test use. Test user standards refer to those standards that help test users decide how to choose certain tests, interpret scores, or make decisions based on tests results. Test users include clinical or industrial psychologists, research directors, school psychologists, counselors, employment supervisors, teachers, and various administrators who select or interpret tests for their organizations. There is no mechanism, however, to enforce compliance with the Standards on the part of the test developer or test user. The Standards, moreover, do not attempt to provide psychometric answers to policy or legal questions. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. <br><br> FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly for any time period prior to her employment with APA, or for the goals or intent of the Standards, which she did not author. <br><br> FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. <br><br> FRE 702 Unreliable Expert Opinion. The proffered testimony on the goals, intent, and operation of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |
| 14. The Standards promote the development of high quality tests and the sound use of results from such tests. Without such high quality standards, tests might produce scores that are not defensible or accurate, not an adequate reflection of the characteristic they were intended to measure, and not fair to the person tested. Consequently, decisions about individuals made with such test scores would be no better, or even worse, than those made with no test score information at all. Thus, the Standards help to ensure that measures of student achievement are relevant, that admissions decisions are fair, that employment hiring and professional credentialing result in qualified individuals being selected, and patients with psychological needs are diagnosed properly and treated accordingly. Quality tests protect the public from harmful decision making and provide opportunities for education and employment that are fair to all who seek them. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 15. The Standards apply broadly to a wide range of standardized instruments and procedures that sample an individual's behavior, including tests, assessments, inventories, scales, and other testing vehicles. The Standards apply equally to standardized multiple-choice tests, performance assessments (including tests comprised of only open-ended essays), and hands-on assessments or simulations. The main exceptions are that the | FRE 402 Relevance. The proffered testimony concerning the types of testing the standards apply to does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| Standards do not apply to unstandardized questionnaires (*e.g.*, unstructured behavioral checklists or observational forms), teacher-made tests, and subjective decision processes (*e.g.,* a teacher's evaluation of students' classroom participation over the course of a semester). | confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; and is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 702 Unreliable Expert Opinion. The proffered testimony on the application of the Standards is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of reliable principles and methods to the facts of the case. |
| 16. The Standards have been used to develop testing guidelines for such activities as college admissions, personnel selection, test translations, test user qualifications, and computer-based testing. The Standards also have been widely cited to address technical, professional, and operational norms for all forms of assessments that are professionally developed and used in a variety of settings. The Standards additionally provide a valuable public service to state and federal governments as they | FRE 402 Relevance. The proffered testimony concerning the use of the Standards does not have any tendency to make a fact of consequence in this litigation more or less probable than it would be without the evidence.<br><br>FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| voluntarily choose to use them. For instance, each testing company, when submitting proposals for testing administration, instead of relying on a patchwork of local, or even individual and proprietary, testing design and implementation criteria, may rely instead on the Sponsoring Organizations' Standards to afford the best guidance for testing and assessment practices. | and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of documents. |
| 17. The Standards were not created or updated to serve as a legally binding document, in response to an expressed governmental or regulatory need, nor in response to any legislative action or judicial decision. However, the Standards have been cited in judicial decisions related to the proper use and evidence for assessment, as well as by state and federal legislators. These citations in judicial decisions and during legislative deliberations occurred without any lobbying by the Plaintiffs. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to.<br><br>FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the goals of the many authors of the Standards.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception and is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory.<br><br>FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document. |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 18. NCME has never communicated with Congress for the purpose of encouraging the enactment of the Standards into law. | FRE 403 Prejudice. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder, because it omits mention of NCME's participation in a briefing on the Standards at Capitol Hill.  *See, e.g.* ICE Exs. ▮ and 47–49. |
| 19. Additionally, NCME has never solicited any government agency to incorporate the Standards into the Code of Federal Regulations or other rules of Federal or State agencies. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues as to which editions of the Standards and which years the witness is referring to. Moreover, Plaintiffs refused to provide discovery concerning any edition of the Standards other than the 1999 Standards, and it would be unfairly prejudicial to allow them to introduce testimony on the 2014 Standards or other editions at summary judgment. FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. FRCP 26(a) and 37 Withheld Evidence. Plaintiffs refused to provide evidence or testimony concerning any edition of the Standards other than the 1999 Edition, and redacted documents that included data concerning the 1985 and 2014 editions of the Standards. *See* ICE Ex. 62 (Plaintiffs/counterclaim-defendants' Objections and Answers to Defendant/counterclaim-plaintiff's First Set of Interrogatories (Nos. 1–10) (objecting to production of documents concerning any publications other than the 1999 Standards and stating that such documents are irrelevant)); ICE Ex. Ex. 63 (correspondence PRO counsel identifying earlier versions and redactions as issues in discovery). Plaintiffs should not be |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| | allowed to now testify on matters they refused to allow discovery into. |
| 20. In the policymaking arena, NCME believes the Standards should be treated as guidelines informing the enactment of legislation and regulations consistent with best practices in the development and use of tests – to insure that they are valid, reliable and fair. | FRE 403 Prejudice. The testimony omits any relevant timeframe, which confuses the issues. |
| 21. The Sponsoring Organizations promote and sell copies of the Standards via referrals to the AERA website, at annual meetings, in public offerings to students, and to educational institution faculty. Advertisements promoting the Standards have appeared in meeting brochures, in scholarly journals, and in the hallways at professional meetings. Accompanying this Declaration as Exhibit KKK is a true copy of advertisements for the 1999 Standards published in NCME's Journal of Educational Management. These advertisements were produced at Bates Nos. AERA_ APA_NCME_0031444-0031451. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards are referred to, which confuses the issues. Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in July ███████ ████████████████████████████ ████████████████████████████ ████████████████████████ |
| 22. Distribution of the Standards is closely monitored by the Sponsoring Organizations. AERA, the designated publisher of the Standards, sometimes does provide promotional complementary print copies to students or professors. Except for these few complementary print copies, however, the Standards are not given away for free; and certainly they are not made available to the public by any of the three organizations for anyone to copy free of charge. | FRE 403 Prejudice. The testimony omits any relevant timeframe and does not specify which editions of the Standards is referred to, which confuses the issues.  Plaintiffs ceased selling and promoting the 1999 Standards in 2014, and only resumed selling it in recent months ██████████████████████████████ ██████████████████████████████ ████████████████████████████  FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter, particularly as to the activities of the other Plaintiffs. |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
| 23. To date, NCME has never posted, or authorized the posting of, a digitized copy of the 1999 Standards on any publicly accessible website. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 24. Without receiving at least some moderate income from the sales of the Standards to offset their production costs and to allow for further revisions, it is very likely that the Sponsoring Organizations would no longer undertake to periodically update them, and it is unknown who else would. | FRE 403 Prejudice. The 2014 Standards are not implicated by this litigation, and Plaintiffs voluntarily stopped selling the 1999 Standards, the only edition at issue.  The witness's statement is misleading because it suggests without justification or basis that Public Resource's actions risk depriving Plaintiffs of income from the sale of the 2014 Standards. The witness's statement is also speculative and risks confusing the issues in this case. |
| | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| | FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory; or is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| | FRE 702 Unreliable Expert Opinion. The proffered testimony is an expert opinion by a witness who is not qualified as an expert by knowledge, skill, experience, training, or education. The testimony further will not help the trier of fact to understand the evidence or to determine a fact in issue; is not based on sufficient facts or data; is not the product of reliable principles and methods; and is not based on the expert's reliable application of |

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
|---|---|
|  | reliable principles and methods to the facts of the case. |
| 25. In late 2013 and early 2014, the Sponsoring Organizations became aware that the 1999 Standards had been posted on the Internet without their authorization, and that students were obtaining free copies from the posting source. Upon further investigation, the Sponsoring Organizations discovered that Public Resource was the source of the online posting. | FRE 602 Lack of Personal Knowledge. The proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory.<br><br>FRE 802 Hearsay. This testimony refers to an out-of-court statement that is offered to prove the truth of the matter asserted. |
| 26. Public Resource posted Plaintiffs' 1999 Standards to its website and the Internet Archive website without the permission or authorization of any of the Sponsoring Organizations. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter. |
| 27. Plaintiffs have been made aware that at least some of those users who obtained the 1999 Standards for free from Public Resource did so to avoid paying the modest sale price for authorized print copies. | FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.<br><br>FRE 701 Improper Lay Opinion. The proffered testimony is a lay opinion that is not rationally based on the witness's perception; is not helpful to clearly understanding the witness's testimony or to determining a fact in issue, including because the proffered testimony is conclusory.<br><br>FRE 802 Hearsay. The proffered testimony is an out-of-court statement that is offered to prove the truth of the matter asserted. |

94

| Declaration of Lauress L. Wise In Support of Plaintiffs' Motion for Summary Judgment | Defendant-Counterclaimant Public Resource's Objections |
| --- | --- |
| 28. Accompanying this Declaration as Exhibit LLL is a true copy of an e-mail dated March 5, 2014 from Gregory J. Cizek to me regarding a student not purchasing the 1999 Standards because "they [were] available for free online" at https://law.resource.org/pubtus/cfr/ibr/001/aera.standards.1999.pdf." This e-mail exchange was marked as Exhibit 1252 during my deposition. | FRE 403 Prejudice. The proffered exhibit is so heavily redacted that it is not possible to discern the full context of the email – only one sentence appears and even that sentence is partially redacted. The probative value of the proffered testimony is substantially outweighed by a danger of unfair prejudice or misleading the factfinder.

FRE 602 Lack of Personal Knowledge. The proffered testimony is not based on the witness's personal knowledge of the matter and the proffering party has not introduced sufficient evidence to show the witness has personal knowledge of this matter.

FRE 802 Hearsay. The proffered exhibit is an out-of-court statement that is offered to prove the truth of the matter asserted. The alleged statement by the student that is referred to in the email is hearsay-within-hearsay.

FRE 1002 Secondary Evidence. The proffered testimony is offered to prove the contents of a document.

FRCP 26(a) and 37 Withheld Evidence. Plaintiffs heavily redacted the proffered exhibit such that its content and context cannot properly be understood, and should not be allowed to now use it at summary judgment to suggest inferences based off what little content can be read. |

## CONCLUSION

Defendant-Counterclaimant Public.Resource.Org, Inc. respectfully requests that this

Court sustain these evidentiary objections at the hearing on Plaintiffs' Renewed Motion for

Summary Judgment and for Entry of a Permanent Injunction.

Dated: November 8, 2019

Respectfully submitted,

*/s/   Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
Armen N. Nercessian (pending *pro hac vice*)
anercessian@fenwick.com
Shannon E. Turner (pending *pro hac vice*)
sturner@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
CSRL 2nd Floor
Washington, DC 20005
Telephone: (202) 905-3434

Attorneys for Defendant-Counterclaimant
Public Resource, Inc.