# EXHIBIT 23



**PUBLIC.RESOURCE.ORG** ~ *A Nonprofit Corporation*

Public Works Projects for the Internet

**Prepared Statement**

Statement of Carl Malamud, Public.Resource.Org

Before the Legislative Counsel Committee, Oregon State Legislature

June 19, 2008

Senate President Courtney, Speaker Merkley, Honorable Members of the Legislative Counsel Committee. Thank you for the opportunity to appear before you today to discuss the issue of copyright and the Oregon Revised Statutes. My name is Carl Malamud and I am the President and CEO of Public.Resource.Org, a 501(c)(3) nonprofit corporation which makes government information more widely available.

I am not a lawyer, so I will not dwell on legalities such as what constitutes creative work and the long line of court decisions on that topic. Instead, I would like to address why I care so much whether or not the Oregon Revised Statutes can be copied and used without requesting prior permission or receiving express or implied consent.

Access to the law is a vital part of our democratic system. The law is our society's user manual. The cases and codes of the local, state, and federal governments are the rules by which we govern ourselves and those rules must be an open book if we are to be a nation of laws.

The question of access to the law is a question of democracy, but it is also about something else. Access to the law is also about money.

Government information is a fundamental economic resource. Our country has many lawyers, they spend a lot of money, and access to well-ordered databases of information is big business. Industry analysts estimate the market for access to primary American legal materials is worth $5 billion/year.

Democracy and money are thus the two issues at stake here. I would like to address each in turn.

### Who Uses the Law

For 20 years, I have been working to put large government databases on-line. Most of my work has been in Washington, D.C. where I was part of a group who persuaded the Securities and Exchange Commission to put the EDGAR database on the Internet. The primary argument we heard against making the database available for free on the Internet was that ordinary people simply didn't care about specialized information. Those who needed the data, a few professionals on Wall Street, were well-served by the existing commercial providers. Or so the theory went.

As we now know today, the investing public is better served when they have access to the information filed by public corporations. Transparency does not exist if the reports that are filed never see the light of day. Accountability in publicly-traded corporations is greatly enhanced when "ordinary" investors can access insider-trading filings, annual reports and quarterly reports, and executive compensation information.

Likewise, the law is better served when we can all read it. It is tempting to think that state and federal statutes are only of interest to practitioners, such as government lawyers and the lawyers from corporations and law firms they meet in court. But, the law governs us all, and a working knowledge of the law is a prerequisite for many professions:

- Realtors must have a basic understanding of property law to practice their profession effectively and honestly. Likewise, individual homeowners who rent out their property must understand the basic legal framework underlying the landlord-tenant relationship.

- Business executives are governed by a legal infrastructure that governs their behavior: privacy, what constitutes anticompetitive behavior, under what conditions employment may be granted or terminated, and the basics of a contract are working knowledge for any business manager.

- Doctors and other medical professionals are guided by a complex system of law and regulations governing treatment, privacy, and the byzantine system of logistics and finance underlying the insurance industry that they must deal with in their everyday work.

**Access to the Law as an Industry**

Oregon is not alone in asserting copyright over its statutes. While the vast majority of states make access to their state code free and unrestricted, a few do not. For example, the state of Mississippi puts the following notice prominently on its web page:

> "The Secretary of State's searchable Unannotated Mississippi Code is a link to information provided by LexisNexis Publishing, the official publisher of the Mississippi Code. For further information about the official Unannotated Mississippi Code or to report errors, contact LexisNexis at llp.webmaster@LEXISNEXIS.com. ... Pursuant to Section 1-1-9 Miss. Code Ann., the laws of Mississippi are copyrighted by the State of Mississippi. Users are advised to contact the Joint Committee on Compilation, Revision and Publication of Legislation of the Mississippi State Legislature for information regarding publication and distribution of the official Mississippi Code."
>
> http://www.sos.state.ms.us/ed_pubs/mscode/

The overwhelming legal opinion from experts such as William Patry, the author of the 7-volume treatise "Patry on Copyright" as well as the former copyright counsel to the U.S. House of Representatives, is that such a position is unsupported by law.

Why then is copyright asserted? The reasons are simple, and they are both about money:

- The state can derive revenue, either through direct sale of printed copies by the state, as Oregon does, or through a royalty arrangement with a commercial publisher.

- The commercial publisher gains a competitive advantage over others in the marketplace by being the original and official publisher of a particular database.

For the commercial publisher, one can easily see the desirability of having a monopoly on the law. But, does that really serve the business interests of the state? After observing for 20 years how the Internet affects countless businesses I submit to you that copyright is not a helpful business tool when it comes to state revenue. Countless

businesses have found that artificially restricting access to markets simply reduces the size of markets.  If the Oregon Revised Statutes were more widely published, more people would use them and that means more people would buy official editions.

How then, without copyright, can the state gain revenue if anybody can publish this data?  The answer is in the fact that the Legislative Counsel is in fact the official publisher and compiler of laws.  We have no objection to the Legislative Counsel selling an official certified copy of the Oregon Revised Statutes and we have no doubt that most practicing lawyers in Oregon would opt for such an official copy.  But, trying to protect that official copy through copyright and other barriers to distribution are simply not in the best interest of the state.

**Innovation**

One might argue that the state of Oregon does indeed provide public access to the public statutes through the web site of the Legislative Counsel.  Why is that not enough?  Why must this data be available for use without restriction?

The answer is in innovation.  We understand that a $30,000 license for use of the Oregon Revised Statutes is of no consequence to the large foreign multinationals that dominate the U.S. market for retail legal information.  But, for a solo practitioner who has a better idea on how to build a web site to navigate law and wishes to start a small business, $30,000 is a significant barrier to entry.  Likewise, a librarian in a public library who wants to build a better web site is prohibited from building a better web site.  And, of course, any law student at the University of Oregon or Willamette University should be able to download the Oregon Revised Statutes and create a better interface.

If the only providers of public data are a few government webmasters and their counterparts at the high-priced commercial services, the citizens of Oregon are not well-served.   Allowing public use under limited circumstances does not solve the barrier to entry problem.  Rather, if innovation is the aim, this public data must be clearly labeled such, allowing anybody to create a compilation and to distribute that compilation widely.

In this sense, the Oregon Revised Statutes play a broader role, part of the collective body of data known as "works of government."  It is clearly established that works of

government are part of the public domain.  Particularly central to that principle, of course, are the cases and codes of the states and the United States.  But, just as important are the other kinds of information that our government produces, including weather data, maps, and a host of other scientific, cultural, and economic information.

Works of the government are in the public domain because we understand that business builds on top of these works of government as infrastructure, just as they build business on top of our other infrastructures such as water, roads, and electricity.  One of the least-recognized but certainly most important roles of government is as an information provider, and one of the little heralded things that make our United States different from other countries is the remarkably effective role our government has played in providing that information infrastructure.

The fact that works of government are in the public domain is thus one of the foundations of our system of government, and this policy has been stated many times by the courts.  The Oregon Revised Statutes should not have copyright assertions because such assertions fly directly in the face of that long-standing public policy in favor of the public domain when it comes to works of government.

I appreciate the opportunity to appear before the Committee today and look forward to answering your questions.  Thank you.

---

*Public.Resource.Org is a 501(c)(3) nonprofit corporation based in Sebastopol, Calif. The organization works to make government more accessible by finding, distributing, and maintaining public domain information on the Internet.  Working in a joint venture with the National Technology Information Service, Public.Resource.Org has placed hundreds of government videos on the Internet Archive and YouTube.  As one of the leaders in the movement to create public legal materials on the Internet—a project known as "America's Operating System"—Public.Resource.Org maintains an archive of millions of pages of Government Printing Office documents and 50 years of Circuit Courts of Appeals decisions.  Carl Malamud, founder of Public.Resource.Org, is credited with creating the first radio station on the Internet and was responsible for placing the U.S. Securities and Exchange Commission (SEC) and Patent databases on-line.*