# EXHIBIT 24

# The New York Times

# The Law©?

No one owns the law, and no one should be able to copyright it.

By **The Editorial Board**

The editorial board represents the opinions of the board, its editor and the publisher. It is separate from the newsroom and the Op-Ed section.

June 25, 2019

No one owns the law, because the law belongs to everyone. It's a principle that seems so obvious that most people wouldn't give it a second thought. But that's what is at issue in Georgia v. Public.Resource.Org, a case about whether the State of Georgia can assert copyright in its annotated state code. This week, the Supreme Court agreed to hear the case in its next term.

Americans deserve free and easy access to public records of all kinds, including court documents. But access to the law is the most important of all: Democracy depends on it. Keeping the law free of copyright is the first step.

Yet the law is in disarray on the topic. The last time the Supreme Court ruled on the issue was in 1888, and it only addressed opinions written by judges. In the last century, a number of lower courts issued lofty proclamations on how the law belongs to the people and the people alone. Meanwhile, copyright laws passed in 1909 and 1976 explicitly excluded any "work of the United States government." But that exclusion applies only to the federal government.

So when the nonprofit organization Public.Resource.Org purchased, scanned and uploaded all 186 volumes of the annotated Georgia state code to its website, the state sued to take it down. The code was already available free online through the state's partnership with LexisNexis. As part of the deal, Georgia gave

LexisNexis exclusive rights to official "annotations" that elaborate on the law but aren't legally binding. LexisNexis allowed users to read the law free and it sold the annotated code for $404 per copy.

Public.Resource.Org is no stranger to litigation. For years, it has been embroiled in lawsuits over its publication of fire and electrical safety standards, air duct leakage standards, nonprofit tax returns and European Union baby pacifier regulations. The founder of Public.Resource.Org was once labeled a "rogue archivist." But if publishing building safety standards online is an act of roguery, it is time for the courts to take a hard look at what copyright is for.

Much of the litigation against Public.Resource.Org falls into an ever-expanding gray zone of the law, created by government outsourcing bits and pieces of its regulatory function to the private sector. Regulations for everything from student loan eligibility to food additives can use standards written by trade groups.

Courts have issued conflicting opinions on this premium tier of the law. In the Georgia case, an appeals court ruled that the annotations were "sufficiently law-like," partly because LexisNexis had created the annotations at the direction of the state. As a consequence, "the people are the ultimate authors of the annotations."

If the law is confused, it is in part thanks to the Supreme Court, which handed down two rulings on the subject in 1888. One stated that the law is in the public domain, and the other said that compiling the law with a table of contents, summaries and an index could be copyrightable. It's this latter case that the State of Georgia relies on.

The modern-day outsourcing of regulations to the private sector makes this issue all the more important to take up anew. If the law belongs to anyone, it belongs to the people. After a hundred or so years of confusion, the Supreme Court now has the chance to affirm this principle of self-governance.

*The Times is committed to publishing a diversity of letters to the editor. We'd like to hear what you think*

Case 1:14-cv-00857-TSC   Document 138-24   Filed 11/09/19   Page 4 of 4

*about this or any of our articles. Here are some tips. And here's our email: letters@nytimes.com.*

*Follow The New York Times Opinion section on Facebook, Twitter (@NYTopinion) and Instagram.*

A version of this article appears in print on June 26, 2019, Section A, Page 30 of the New York edition with the headline: The Law©?