# EXHIBIT 37

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC.; <br><br> AMERICAN PSYCHOLOGICAL ASSOCIATION, INC.; and <br><br> NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br>       Plaintiffs/ <br>      Counter- <br>      Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br>       Defendant/ <br>      Counter-Plaintiff. | Case No. 1:14-cv-00857-TSC <br><br> **PLAINTIFFS-COUNTERDEFENDANTS' RESPONSES TO PUBLIC.RESOURCE.ORG'S SECOND SET OF INTERROGATORIES** |

The American Educational Research Association, Inc., the American

Psychological Association, Inc., and the National Council on Measurement in

Education, Inc. (collectively "we") respond to Public.Resource.Org, Inc.'s ("PRO's")

Second Set of Interrogatories as follows.

Our responses reflect the current state of our knowledge, understanding, and

belief about the subjects of PRO's interrogatories. We reserve the right to supplement

our responses as our knowledge, understanding, and beliefs about the subjects of

PRO's interrogatories develop.



EXHIBIT
3066   1305
8·16·19

## INTERROGATORY NO. 11:

Identify each federal, state, or local law, statute, regulation, or ordinance into which you are aware or believe that the 1999 Standards has been incorporated, in whole or in part.

## RESPONSE:

We do not maintain any list of the federal, state, or local laws, statutes,

regulations, or ordinances incorporating the 1999 Standards. We are aware of

incorporation of portions of the 1999 Standards as identified by PRO in this case.

Because of this case, we are further aware of incorporation of portions of the 1999

Standards in 34 C.F.R. §§ 462.13, 668.146, and 668.148.

## INTERROGATORY NO. 12:

Identify with specificity all instances where, to your knowledge, an individual entity, business, or organization using or possessing a version of the 1999 Standards has obtained the document from the Public.Resource.Org website or Internet Archive website.

## RESPONSE:

Aside from information we have already made available to PRO (particularly

doc. ## 60-75 and 60-77), the only information we have about specific instances of

people obtaining copies of the 1999 Standards from the PRO website or the Internet

Archive website comes from disclosures PRO made earlier in this litigation. That

information shows that the 1999 Standards were accessed more than 5,000 times

through PRO's postings. That figure does not account for hard and digital copies

generated and disseminated by users downloading the 1999 Standards from the web.

2

**INTERROGATORY NO. 13:**

If you contend that the 1999 Standards does not need to be read in its entirety to fully understand or comply with any federal, state, or local law, statute, regulation, or ordinance into which the 1999 Standards has been incorporated, including but not limited to 34 C.F.R. § 668.146, identify what portions of the 1999 Standards you contend must be read to understand or comply with any and all such statutes, regulations or ordinances that incorporate the 1999 Standards, and describe with specificity the bases for such assertions and all supporting evidence.

**RESPONSE:**

At the outset, recall that the 1999 Standards publication consists of a preface, an introduction, a glossary, and an index, along with three substantive parts. Each of the three substantive parts consists of several chapters. And each chapter consists of two sections: a section of prefatory material, and a section prescribing actual standards for implementation (the "individual standards sections").

Moreover, whether and how any government entity that has incorporated any portion of the 1999 Standards would understand or adjudge compliance with any aspect of the 1999 Standards is not a determination that we can make.

With that in mind, we contend that the 1999 Standards need not be read in their entirety to fully understand or comply with 34 C.F.R. §§ 462.13, 668.146, and 668.148 ("the Regulations").

First, the Regulations expressly incorporate only parts of the 1999 Standards.

- 34 C.F.R. § 462.13 incorporates only the "standards for test construction and validity";

- 34 C.F.R. § 668.146 incorporates only those individual "standards for test construction" contained in the 1999 Standards; and

- 34 C.F.R. § 668.148 incorporates only the guidelines in the chapters of the 1999 Standards titled "Testing Individuals with Disabilities" and "Testing Individuals of Diverse Linguistic Backgrounds," along with "the basic principles of test construction and standards of reliability and validity."

Some of Part I of the 1999 Standards — which is titled "Test Construction, Evaluation, and Documentation," and includes chapters titled "Validity" and "Reliability and Errors of Measurement" — expressly concerns test construction, reliability, and validity. The rest of the 1999 Standards do not. Nothing in the preface, introduction, glossary, or index directly concerns test construction, reliability, or validity, either. Nor does any of that material relate to the chapters on "Testing Individuals with Disabilities" and "Testing Individuals of Diverse Linguistic Backgrounds." Thus, nothing about the Regulations requires familiarity with the preface, introduction, glossary, index, or any of Parts II or III of the 1999 Standards, except for the chapters titled "Testing Individuals with Disabilities" and "Testing Individuals of Diverse Linguistic Backgrounds."

Second, approximately half of the text in the substantive parts of the 1999 Standards is prefatory material. None of that is expressly incorporated into law by the Regulations, which incorporate only the actual, black-letter standards for test

4

construction, reliability, validity, and testing certain populations. One need not read the prefatory material in the 1999 Standards to understand or comply with the individual standards set out in the volume, although we believe that reviewing all of the 1999 Standards and relevant commentary may be helpful in understanding and applying them. Thus, one can fully understand and comply with the Regulations without having read any of the prefatory material in the 1999 Standards.

Third, the individual sections labelled "Standards" consist of actual standards (in bold) followed by comments. Many of the comments are not necessary for understanding or applying the individual standards to which they pertain. For instance, the last sentence of the comment to Standard 1.5 states that "Sometimes restrictions about privacy preclude obtaining [certain] population information." A person who does not read that language will not be appreciably less able to understand or comply with Standard 1.5. Thus, one can fully understand and comply with the Regulations without having read many of the comments in the individual standards sections, although we believe that reviewing the commentary may be helpful in understanding and applying any of them.

Fourth, we contend that the 1999 Standards can be restated and summarized, in whole or part, in many ways that would give readers information sufficient to allow them to understand and comply with the Regulations without reading the actual 1999 Standards. The ideas expressed in the 1999 Standards can be reformulated and restated in a variety of ways. Counsel has become aware, for example, that California's

5

DCACTIVE-50522372.3

State Personnel Board's Test Validation and Construction Unit has partially

summarized some of the 1999 Standards in its Merit Selection Manual, available at

http://www.spb.ca.gov/content/laws/selection_manual_appendixf.pdf. Beyond that,

we have no direct knowledge of how any government official may apply or interpret

any incorporated standards.

## INTERROGATORY NO. 14:

Identify what portions of the 1999 Standards that are incorporated into federal, state, or local law, statute, regulation, or ordinance that you contend are necessary to reproduce verbatim in order to describe accurately and precisely the statute, regulation, or ordinance's legal requirements or instructions, and describe with specificity the bases for such assertion and all supporting evidence.

## RESPONSE:

We contend that it is unnecessary to reproduce any of the 1999 Standards

verbatim. We contend that the ideas associated with the 1999 Standards are

susceptible of being summarized or restated in ways that communicate their essential

points.

## INTERROGATORY NO. 15:

Identify what portions of the 1999 Standards that are incorporated into federal, state, or local law, statute, regulation, or ordinance that you contend are *not* necessary to reproduce verbatim in order to describe accurately and precisely statute, regulation, or ordinance's legal requirements or instructions, and describe with specificity the bases for such assertions and all supporting evidence.

## RESPONSE:

We contend that there is no need to reproduce any part of the 1999 Standards

in order to comply with the law. We are of the view that all of the 1999 Standards are

6

susceptible of being restated or summarized in ways that communicate their essential

points.

## INTERROGATORY NO. 16:

For each portion of the 1999 Standards that are incorporated into federal, state,
or local law, statute, regulation, or ordinance that you assert is not necessary to
reproduce verbatim in order to describe accurately and precisely the statute,
regulation, or ordinance's legal requirements or instructions, describe with specificity
the bases for such assertion and all supporting evidence.

## RESPONSE:

Our response to Interrogatory No. 15 also responds to this interrogatory. The

partial summary of the 1999 Standards prepared by the California State Personnel

Board's Test Validation and Construction Unit is evidence that summarizing the 1999

Standards is possible.

## INTERROGATORY NO. 17:

Identify with specificity all evidence that Public Resource's actions have
harmed the actual or potential market for or value of the 1999 Standards.

## RESPONSE:

The only evidence we have that PRO's actions have harmed the actual or

potential market value of the 1999 Standards is the data PRO has provided us

showing that the 1999 Standards have been downloaded thousands of times from

PRO's website and from the Internet Archive, coupled with the fact that PRO's

posting of the 1999 Standards correlates with declining sales of the 1999 Standards.

Beyond that, however, as the District Court acknowledged, "the damage that [PRO]

causes is difficult if not impossible to quantify" (doc. # 89 at 57) because it is

7

impossible to know precisely how many people have obtained or accessed copies of

the 1999 Standards derived from PRO's website or the Internet Archive, and also

how many of those people would otherwise have purchased a copy of the 1999

Standards.

**INTERROGATORY NO. 18:**

Identify with specificity all evidence that Public Resource's actions have
harmed the actual or potential market for or value of the 2014 Standards.

**RESPONSE:**

At this time, we have no evidence of how PRO's actions have harmed the

actual or potential market for or value of the 2014 Standards.

**INTERROGATORY NO. 19:**

Identify all instances you are aware of concerning the enforcement of any
federal, state, or local law, statute, regulation, or ordinance that incorporates the 1999
Standards.

**RESPONSE:**

We are not aware of any specific instances concerning the enforcement of any

federal, state, or local law, statute, regulation, or ordinance that incorporates the 1999

Standards.

**INTERROGATORY NO. 20:**

Identify all instances you are aware of concerning the enforcement of the 1999
Standards.

**RESPONSE:**

DCACTIVE-50522372.3

We are not aware of any specific instances concerning the enforcement of the

1999 Standards.

Respectfully submitted,

Dated: July 3, 2019

/s/ Clifton S. Elgarten
Clifton S. Elgarten (D.D.C. No. 366898)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2523
Facsimile: (202) 628-5116
celgarten@crowell.com

*Counsel for Plaintiffs*

9

## VERIFICATION

I, Felice Levine, am Executive Director of the American Educational Research Association (AERA) and am authorized to make this verification on behalf of AERA and the other Plaintiffs-Counterdefendants in this case. I have read Plaintiffs-Counterdefendants' Responses to Public.Resource.Org's Second Set of Interrogatories. The responses were prepared with the assistance of counsel and Plaintiffs-Counterdefendants' employees. I understand that the responses are based on records and information currently available, and, to the extent that I do not have personal knowledge, I have relied on others to gather the responsive information. I declare under penalty of perjury that these responses are true and correct to the best of my knowledge.

Executed on July 3, 2019.

/s/ Felice Levine

DCACTIVE-50522372.3