IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG., INC., <br><br> Defendant-Counterclaimant. | Case No. 1:14-cv-00857 (TSC) |

**DECLARATION OF MATTHEW BECKER ON REPLY IN SUPPORT OF PUBLIC RESOURCE'S SECOND MOTION FOR SUMMARY JUDGMENT**

I, Matthew Becker, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice in the District of Columbia and am an associate with the law firm of Fenwick & West LLP, counsel of record for Defendant-Counterclaimant Public.Resource.Org, Inc. ("Public Resource"). Except where otherwise indicated, I have personal knowledge of the facts herein and could and would testify competently hereto.

2. Attached as **Exhibit 70**[1] is a true and correct copy of excerpts from the 2014 edition of the Standards for Educational and Psychological Testing ("2014 Standards"), so that the Court may compare it with portions of the 1999 edition of the Standards for Educational and Psychological Testing ("1999 Standards"), which Plaintiffs filed in full at Dkt. 134-4.

---

[1] Exhibit numbering is continued from my earlier declaration during this second round of summary judgment briefing, so as to avoid confusion.

3. From 2011 until October 8, 2019, the 1999 Standards were mandated under New York law under the Official Compilation of Codes, Rules and Regulations of the State of New York, Title 8, "Education Department," Chapter I, "Rules of the Board of Regents," Subpart 30-2, "Annual Professional Performance Reviews of Classroom Teachers and Building Principals." Specifically, the relevant sections were 8 CRR-NY 30-2.2(t); 30-2.4(c)(2)(i), (c)(3)(iii), and (c)(4)(ii); 30-2.5(c)(2)(i), (c)(3)(iii), and (c)(4)(iii); and 30-2.8(b)(2) and (c)(2). On October 8, 2019 the State of New York issued emergency rulemaking action amending the regulations that had previously incorporated the 1999 Standards at 8 CRR-NY 30-2 *et seq*. (Westlaw did not immediately update its records concerning this amendment, hence why it was not addressed in Public Resource's opening brief). After the emergency rulemaking action on October 8, 2019, the 1999 Standards are no longer mandated or referenced in the current regulations. Although the 2014 Standards are now referenced in the current regulations, Public Resource is not aware of any provision that mandates use of or compliance with the terms of the 2014 Standards under those regulations: it appears that the 2014 Standards are now defined as the "Testing Standards," but there is no other reference to that term in the regulations.

4. For ease of reference to the prior language in the New York Regulations, attached as **Exhibit 71** is a true and correct copy of the prior (2018) edition of 8 CRR-NY 30-2.2 as obtained from LexisNexis (with relevant language highlighted); attached as **Exhibit 72** is a true and correct copy of the prior (2018) edition of 8 CRR-NY 30-2.4 as obtained from LexisNexis (with relevant language highlighted); attached as **Exhibit 73** is a true and correct copy of the prior (2018) edition of 8 CRR-NY 30-2.5 as obtained from LexisNexis (with relevant language highlighted); and attached as **Exhibit 74** is a true and correct copy of the prior (2018) edition of 8 CRR-NY 30-2.8 as obtained from LexisNexis (with relevant language highlighted).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of December, 2019 at San Francisco, California.

                                                */s/ Matthew B. Becker*
                                                Matthew B. Becker