IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., <br><br> AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., <br><br> and <br><br> NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant-Counterclaimant. | Case No. 1:14-cv-00857 (TSC) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO STRIKE DEFENDANT'S UNAUTHORIZED REPLY**

1. On February 26, 2019, this Court entered a Minute Order directing the parties to meet and confer and file a joint proposed schedule for proceedings on remand from the D.C. Circuit. On March 12, 2019, the parties made a joint submission setting forth their respective briefing proposals. Dkt. 133. Plaintiffs emphasized that this case did not involve the many standards at issue in the more complex *ASTM* case, and therefore did not require extensive briefing. *Id.* at 3-4. Moreover, as the Court is aware, Defendant Public.Resource.Org, Inc's ("PRO's") position on remand (that its online publication of the 1999 Standards was fair use) is a mirror image response to Plaintiffs' position (that PRO's online publication was *not* fair use).

2. On May 17, 2019, the Court issued a Minute Order setting staggered summary judgment briefing deadlines that included an opportunity for Defendant to reply in support of its cross-motion, for a total of four party briefs, plus amicus briefs. On May 21, 2019, the Court issued an Amended Minute Scheduling Order that *deleted* the provision for a reply by Defendant, with all other briefing deadlines remaining the same. That Order provides:

> AMENDED MINUTE SCHEDULING ORDER: It is hereby ordered that the parties shall adhere to the following deadlines: . . . Plaintiffs' Motion for Summary Judgement due October 4, 2019; Defendant's Combined Response and Motion for Summary Judgment due November 8, 2019; Amicus Briefs due November 22, 2019; Plaintiffs' Combined Reply/Response due December 6, Signed by Tanya S. Chutkan on 5/21/19. (DJS)

3. Defendant did not ask the Court to amend the May 21 scheduling order, or subsequently seek leave to file a reply. Defendant nonetheless filed a Reply on December 20, 2019, 14 days after Plaintiffs' Reply and Opposition. Dkt. 145. That filing would be out of time under the 7 day limit applicable to a reply if there were no scheduling order. *See* LCvR 7(d). More importantly, it is not authorized by the May 21, 2019, Amended Scheduling Order.

4. The reply should be stricken as inconsistent with the Amended Scheduling Order. That scheduling order was the product of briefing requested by the Court, and reflected an appropriate approach given the limited issues on remand.[1] Although the Amended Scheduling Order has been in place since May 21, Defendant did not seek to modify that schedule to include an opportunity for it to file a reply. Therefore, the motion to strike should be granted. *See Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp. 2d 2, 9-11 (D.D.C. 2004) (striking excessive summary judgment cross-filings, including dueling replies and sur-replies, which "add[] confusion where clarity is needed, [and] waste[] judicial resources" given the limited issues left in the case, and setting a new schedule that provided for only one summary judgment motion, one response, and one reply).

---

[1] There is nothing odd about barring a reply brief on a cross-motion. A fair number of district courts bar such replies by local rule. *E.g.*, D.N.J. Civ. R. 7.1(d)(3) ("No reply papers shall be filed, unless permitted by the Court, relating to the following motions: Cross [motions] under L. Civ. R. 7.1(h) . . . ."); N.D.N.Y. L.R. 7.1(c) ("The cross-moving party may not reply in further support of its cross-motion without the Court's prior permission."); M.D. Fl. L.R. 3.01 ("No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave"); E.D. Pa. L.R. 7.1 (providing only for responses to motions, absent leave of the court); D.Nev. Bankr. L.R. 7056(d) ("Unless otherwise ordered, there is no reply to a countermotion [for summary judgment] . . . .").

Respectfully submitted,

s/Clifton S. Elgarten
John I. Stewart, Jr. (D.C. Bar No. 913905)
Clifton S. Elgarten (D.C. Bar No. 366898)
Amanda S. Berman (D.C. Bar No. 497860)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(202) 624-2500
celgarten@crowell.com

*Attorneys for Plaintiffs-Counterdefendants*

December 27, 2019