IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant-Counterclaimant. | Civil Action No.: 1:14-cv-00857-CRC |

**PUBLIC.RESOURCE.ORG'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE REPLY TO MOTION FOR SUMMARY JUDGMENT [DKT. 146]**

For four separate reasons the Court should deny Plaintiffs' motion to strike Public.Resource.Org, Inc.'s reply in support of its motion for summary judgment [Dkt. 146]. First, the Plaintiffs rest on a perverse interpretation of this Court's orders, apparently attempting to exploit an omission in the Court's May 21, 2019 amended scheduling minute order.  Second, the case law the Plaintiffs invoke supports denial of the Plaintiffs' own motion.  Third, the Plaintiffs seek to unjustly deny Public Resource an opportunity to reply to substantive new argument when there is no legitimate prejudice to Plaintiffs or injustice from the filing.  Fourth, and ironically enough, the Plaintiffs' motion itself fails to comply with LCvR 7(m) regarding pre-motion conferences.  The Plaintiffs never indicated to Public Resource that they were contemplating the motion they have brought, and their motion papers fail to include the mandatory reference to a pre-motion conference.

### 1. The Plaintiffs Seek to Deny Public Resource a Reply Based on a Hypertechnical and Erroneous Reading of this Court's Order.

Plaintiffs invoke the Court's May 21, 2019, amended scheduling minute order while ignoring its context in two different ways.  First, Plaintiffs ignore a predecessor order, on May 17, that established December 20, 2019, as the date for Public Resource to file its reply.  (Public Resource timely filed its reply on that date.)  The Court never vacated that order or indicated that it changed its mind about affording Public Resource a reply.

The Court's May 17, 2019 Minute Order stated:

> MINUTE ORDER: It is hereby ordered that the parties shall adhere to the following deadlines: Plaintiffs' Motion for Summary Judgment due October 4, 2019. Defendant's Combined Response and Motion for Summary Judgment due November 8, 2019. Amicus Briefs due November 22, 2019. Plaintiffs' Combined Reply/Response due December 6, 2019. Defendants' Reply due December 20, 2019. Signed by Judge Tanya S. Chutkan on 5/17/19. (DJS)

On May 21, the Court issued an Amended Minute Scheduling Order that (1) newly included discovery deadlines, (2) repeated some but not all deadlines on the summary judgment briefing, and (3) omitted any reference to Public Resource's reply on its summary judgment motion. The order did not vacate the deadline it had previously set for Public Resource's reply.  Here is the text of the amended order:

> AMENDED MINUTE SCHEDULING ORDER: It is hereby ordered that the parties shall adhere to the following deadlines: Additional Document Requests and Interrogatories due June 5, 2019; Plaintiffs' Objections due June 19, 2019; Plaintiffs' Responses due July 3, 2019; Depositions to occur on or before August 19, 2019; Close of Discovery August 19, 2019; Plaintiffs' Motion for Summary Judgment due October 4, 2019; Defendant's Combined Response and Motion for Summary Judgment due November 8, 2019; Amicus Briefs due November 22, 2019; Plaintiffs' Combined Reply/Response due December 6, Signed by Judge Tanya S. Chutkan on 5/21/19. (DJS)

The May 17 minute order established a deadline for Public Resource's reply, which Public Resource met.  This Court never vacated that date, and Plaintiffs do not explain why this Court would have chosen to deprive Public resource of the opportunity for reply.  Plaintiffs instead

focus only on the absence of an explicit deadline for Public Resource's reply in the May 21 order. But the addition of discovery dates appeared to be the reason for the Court's amended scheduling order. There was no indication that the Court intended to strip Public Resource of its right to reply, particularly when it provided Plaintiffs a date for their "Combined Reply/Response" (the reference to "response" acknowledging that Public Resource had an independent summary judgment motion to which the Plaintiffs were responding).[1]

Plaintiffs also ignore that on May 17, 2019, the Court issued identical minute orders setting identical summary judgment briefing dates in both this case and the related ASTM case; on May 21 it then issued amended scheduling minute orders in both cases, with new dates for discovery deadlines in both cases and with the same deadlines for summary judgment motions in both cases—except that the order in this case made no reference to the reply deadline. The Court's parallel orders in the related *ASTM* case shows that the Court did not intend to deny Public Resource a reply on its summary judgment motion. Both of those orders in the *ASTM* case were on the same dates as the orders in this case. *See American Soc'y of Testing & Mat'ls v. Public.Resource.Org, Inc.*, case no. 1:13-cv-01215-TSC, Minute Order (May 17, 2019) and Amended Minute Scheduling Order (May 21, 2019). The only reasonable interpretation of the Court's orders is that the Court intended to treat both cases identically and simply omitted the reply deadline from the amended scheduling minute order in this case.

---

[1] Plaintiffs' combined reply/response [Dkt. 143] likewise styles itself as a "Response to Defendant's Cross-Motion for Summary Judgment" in its title, acknowledging Public Resource's independent motion for summary judgment.

### 2. Plaintiffs' Sole Case Law Citation Justifies Denial of Their Motion.

The case law and reasoning on which Plaintiffs rely is not only contrary to their effort, it shows why Public Resource's Reply deserves consideration and serves the interests of the Court.

The case Plaintiffs cited in support of their motion to strike, *Canady v. Erbe Elektromedizin GmbH*, firmly urges this outcome. 307 F.Supp. 2d 2 (D.D.C. 2004). In *Canady*, the court denied a party's motion to strike an answer that was over six months late, because granting the motion to strike would "contravene the established policies disfavoring motions to strike, . . . and favoring the resolution of cases on their merits." 307 F.Supp. 2d at 8 (citation omitted).[2] The *Canady* court then struck all of *both* parties' summary judgment briefing because they had not followed the court's instructions, including by introducing new matter on reply and on sur-reply. *Id*. at 9-11. The court instructed them to *re-file* new summary judgment motions that addressed *all* arguments in the opening briefs. *Id*.

Here, as in *Canady*, Plaintiffs' motion appears to be a litigation tactic that seeks to prevent a full record on the merits. Plaintiffs *raised new matter* in their combined reply/response [Dkt. 143], including offering, for the first time in the present round of summary judgment briefing, the purported basis for their plea for permanent injunctive relief (pp. 22-25); addressing New York's incorporation of the 1999 Standards into its laws in conjunction with Plaintiffs' signed agreement with the New York Department of Education (pp. 16-18); asserting that use of their 2014 standards (now on the marketplace) will assist compliance with the 1999 Standards

---

[2] Public Resource filed its reply on the date instructed by the Court, December 20, 2019, two weeks after Plaintiffs' combined reply/response, and one week after the ordinary deadline under LCvR 7(d). Even if the Court did intend to make Public Resource file its reply after just one week (per LCvR 7(d)), *Canady* suggests that Public Resource's filing should be permitted because it furthers the interests of resolving this case on the merits and responding to Plaintiffs' new matter, and because Plaintiffs are not harmed by a one-week delay in filing the reply.

(p. 8); and addressing an amicus brief that arrived after Public Resource submitted its opening brief (pp. 4, 9, and 21).

The *Canady* court's reasoning—which recognizes the importance of minimizing unnecessary briefing while ensuring that new material on reply and sur-reply was adequately addressed—supports including Public Resource's reply in this record. To ensure a full record, and in the interest of justice, the Court should afford Public Resource the reply on the terms the Court set in its May 17 order and never vacated. Plaintiffs had *their* opportunity to reply in support of their own motion after receiving Public Resource's opposition.

### 3. Plaintiffs Cannot Identify Any Injustice or Prejudice from Public Resource's Reply, and They Seek to Thwart the Interest of Justice.

As Public Resource explained above, it filed its reply on the date that this Court set for its reply in its May 17 order and never vacated. Plaintiffs are trying to exploit a technical omission in the May 21 amended scheduling minute order as a tactical advantage. Rule 1, Fed.R.Civ.P., embodies a fundamental principle of procedural justice in American courts: The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id*.

This motion to strike flies in the face of that rule. Plaintiffs have not given any sound reason why Public Resource's reply brief, which accorded with the specific provision for it in the May 17 minute order, causes them injustice or prejudice. They cannot seriously argue injustice or prejudice, and they cannot excuse their own tactical maneuver in this motion.

### 4. Plaintiffs Failed to Comply with LCvR 7(m) Before Filing the Motion, and the Failure Justifies Summary Denial of the Motion.

"Those who live by the sword, die by the sword." Plaintiffs' motion is an unusual effort to trip an adversary up with a hypertechnical argument. But Plaintiffs have not minded their own clear obligations under the Local Rules before burdening Public Resource (a non-profit

5

organization with *pro bono* counsel) with this motion during Hanukkah and in the interval between Christmas and New Year's Day, and burdening this Court with the motion.

Plaintiffs never indicated to Public Resource that they were contemplating this motion to strike; they did not solicit Public Resource's view of the motion or make any effort to resolve it; and they failed to include the mandatory language about a pre-motion conference in their moving papers, each of which are required by LCvR 7(m).  (They merely asked Public Resource's counsel the basis for their reply filing, and Public Resource explained it.)

For all of the reasons that Public Resource has given, the Court should deny the motion.

Dated: December 27, 2019                                  Respectfully submitted,


                                                          /s/   *Andrew P. Bridges*

                                                          [counsel identification on next page]

Andrew P. Bridges (AR0002)
abridges@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
Armen N. Nercessian (pending *pro hac vice*)
anercessian@fenwick.com
Shannon E. Turner (pending *pro hac vice*)
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant*
Public.Resource.Org, Inc.