IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., <br><br> AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., <br><br> and <br><br> NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant-Counterclaimant. | Case No. 1:14-cv-00857 (TSC) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S UNAUTHORIZED REPLY**

Plaintiffs hereby reply in support of their motion to strike Defendant Public.Resource.Org Inc's ("PRO's") reply on its remand cross-motion.

1. Defendant's theory that the Court's May 21 Amended Minute Scheduling Order didn't replace the May 17 scheduling order doesn't make sense on the face of things. PRO's alternative theory that the failure to provide for a reply on the cross-motion was inadvertent is, of course, possible. Ultimately, only this Court knows whether it intentionally or unintentionally did not provide for such a reply.[1] But if there was a mistake in the Order, it was incumbent on Defendant to formally or informally clarify or amend the Order <u>before</u> filing a reply, which PRO could have done at any point in the seven months between the May 21 Order and filing their reply. PRO also could have asked Plaintiffs for consent to seek clarification or reply.

---

[1] PRO's argument about why a reply should be, or should have been, allowed is obviously a matter within the Court's discretion, based on the needs of the case. PRO asserts that a reply is appropriate because of "new issues" in Plaintiffs' Response/Reply. Doc. #174 at 4. Not so; there were no new exhibits and Plaintiffs responded to assertions by PRO and its amicus. Even now, Defendant does not request leave to reply.

2.   PRO says that *Canady v. Erbe Elektromedizin GmbH,* 307 F.Supp. 2d 2 (D.D.C. 2004), supports its own position rather than Plaintiffs' motion to strike. Doc. #147 at 4. But the language PRO quotes addressed an untimely motion to strike an *answer*, coupled with a motion for default judgment, which the court denied in the interests of resolving the remaining issues in the case. *See id*. at 8. The court *did,* however, strike several summary judgment filings—including competing replies and sur-replies—as unnecessary and piecemeal, and instead set a "streamlined briefing schedule" consisting of one motion, one response, and one reply. *Id.* at 11.

3.   Finally, PRO asserts that Plaintiffs did not fulfill the requirements of the local rules requiring consultation with opposing counsel and reporting of any opposition to the motion. But PRO admits that Plaintiffs did reach out to PRO to ask about the authority under which PRO purported to reply, and PRO conveyed in response that it believed the reply appropriate. *See* Doc. #147 at 5-6. Plaintiffs regret not reporting their inquiry and Defendants' opposition in their motion, as they should have under LCvR 7(m). But that does not change the fact that PRO's reply is not authorized by the May 21 scheduling order, and is out of time apart from that order.

Respectfully submitted,

s/Clifton S. Elgarten
John I. Stewart, Jr. (D.C. Bar No. 913905)
Clifton S. Elgarten (D.C. Bar No. 366898)
Amanda S. Berman (D.C. Bar No. 497860)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(202) 624-2500
celgarten@crowell.com

*Attorneys for Plaintiffs-Counterdefendants*

December 31, 2019